**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law  |  EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>    Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF FVP'S MOTION TO VACATE THE AUTOMATIC STAY AND TO DISMISS THE CHAPTER 11 CASE WITH PREJUDICE**

**PRELIMINARY STATEMENT**

This is a two-party dispute masquerading as a Chapter 11 reorganization. The Debtor, Avrumi "Josh" Lubin, owes FVP a final Florida judgment entered on a jury's verdict that he committed fraud — $7.5 million in principal on the fraud count alone, and more than $8.84 million with interest and costs. After losing at trial, the Debtor mounted a relentless campaign to avoid paying: three separate appeals, serial emergency stay motions, and a barrage of pro se filings so abusive that the Florida trial court twice struck his filings, held him in contempt, and issued a

vexatious-litigant show-cause order under Fla. Stat. § 68.093, and the Florida Fourth District Court of Appeal ordered him to show cause why it should not bar him from representing himself. When those efforts failed and a judicial sale of his assets loomed, the Debtor filed this petition — pro se, the day before the sale — and immediately declared the sales "stayed."

The petition is a litigation tactic, not a reorganization. The Debtor swore under penalty of perjury that he owns between $10 million and $50 million in assets, owes between $10 million and $50 million, has fewer than fifty creditors — essentially FVP and two affiliated Franklin Capital entities (Franklin Capital Funding, LLC and Franklin Capital Group, LLC) — and that his debts are not consumer debts. He filed no schedules, no statement of financial affairs, and none of the documents Rule 1007 requires; the Clerk has already issued an Order to Show Cause to dismiss. A debtor with eight figures of assets and a handful of creditors does not need the collective machinery of Chapter 11 — he needs only to stop one creditor's lawful collection. That is the paradigm of bad faith. FVP respectfully asks the Court to vacate the stay, dismiss the case with prejudice, bar a refile, and grant prospective relief so the Debtor cannot do this again.

**STATEMENT OF FACTS**

FVP respectfully refers the Court to the accompanying Certification of Jennifer Mara, Esq. and the exhibits thereto for the relevant facts, which are incorporated here by reference.

**LEGAL ARGUMENT**

**I.      THE COURT SHOULD ENTER AN ORDER PROVIDING FOR THE ISSUANCE OF THE SUBPOENA**

Section 362(d)(1) directs that the court "shall grant relief from the stay … for cause." 11 U.S.C. § 362(d)(1). "Cause" is not defined and is determined case-by-case on the totality of the circumstances. A debtor's bad faith in filing is itself cause to terminate the stay;

2

indeed, "facts that would justify dismissal of a bankruptcy case also generally constitute cause for granting relief from the stay under § 362(d)(1)." In re Schaffer, 597 B.R. 777, 785 (Bankr. E.D. Pa. 2019). Because, as shown below, this petition was filed in bad faith, the same facts establish cause to vacate the stay and permit FVP to complete its judicial sales and enforce its judgment.

## II.   THE CASE SHOULD BE DISMISSED FOR CAUSE AS A BAD-FAITH FILING UNDER § 1112(b).

A Chapter 11 petition must be filed in good faith, and a bad-faith filing is "cause" for dismissal under § 1112(b). *In re SGL Carbon Corp.,* 200 F.3d 154, 160-62 (3d Cir. 1999); *In re Forever Green Athletic Fields, Inc.,* 804 F.3d 328, 333-34 (3d Cir. 2015) (bad faith is an independent basis for dismissal). The inquiry is a totality-of-the-circumstances test focused on "(1) whether the petition serves a valid bankruptcy purpose … and (2) whether the petition is filed merely to obtain a tactical litigation advantage." *In re Integrated Telecom Express, Inc.,* 384 F.3d 108, 119-20 (3d Cir. 2004). Once a movant places good faith in issue, the burden shifts to the debtor to prove good faith by a preponderance of the evidence. *In re 15375 Memorial Corp. v. BEPCO, L.P.,* 589 F.3d 605, 618 (3d Cir. 2009).

Every hallmark of a bad-faith, two-party filing is present. A petition filed by a debtor with no genuine reorganizational purpose, on the eve of a forced sale, to thwart a single creditor, is the textbook case. In re Mondelli, 558 F. App'x 260, 263-64 (3d Cir. 2014) (filing on the morning of a scheduled sheriff's sale, after state-court stay efforts failed, is bad faith); *In re SB Props., Inc.*, 185 B.R. 206, 210 (Bankr. E.D. Pa. 1995); *In re Walden Ridge Dev., LLC,* 292 B.R. 58 (Bankr. D.N.J. 2003); *In re LTL Mgmt., LLC,* 652 B.R. 433 (Bankr. D.N.J. 2023). Here: (a) the timing — filed the day before the June 26 sale and weeks before the July 24 sale, after every state-court avenue to stop enforcement was exhausted; (b) the purpose — the Debtor immediately declared

the sales "stayed," confirming the filing was a collection-defense weapon; (c) no valid bankruptcy purpose — the Debtor swears he holds $10–50 million in assets against a handful of creditors, so there is nothing to reorganize and no broad creditor body to protect; and (d) the incomplete, careless petition — no schedules or statement of financial affairs, already drawing the Clerk's dismissal Order to Show Cause, an independent ground under § 1112(b)(4)(F). The Debtor's adjudicated history of abusive filings (two orders striking his pro se filings, a contempt order, a § 68.093 vexatious-litigant show-cause, and the Fourth DCA's sanctions show-cause) removes any doubt about purpose.

### III.    DISMISSAL SHOULD BE WITH PREJUDICE, WITH A TWO-YEAR BAR TO RE-FILING AND A GATEKEEPING CONDITION.

Dismissal "does not bar the debtor from" refiling "unless the court, for cause, orders otherwise." 11 U.S.C. § 349(a). Bad faith is such cause, and warrants dismissal with prejudice. *In re JER/Jameson Mezz Borrower II, LLC,* 461 B.R. 293, 302-03 (Bankr. D. Del. 2011) (eve-of-foreclosure, no valid purpose; dismissed with prejudice); *In re Y.J. Sons & Co.,* 212 B.R. 793 (D.N.J. 1997) (affirming dismissal with prejudice as a sanction for bad faith).

Courts throughout the Circuit derive from §§ 105(a) and 349(a) the power to bar bad-faith filers for longer than the 180 days specified in § 109(g), commonly one to two years, coupled with a requirement of leave of court before any further filing. *In re LeGree,* 285 B.R. 615, 621 (Bankr. E.D. Pa. 2002) (one-year bar, then only with leave*); In re Reppert,* 643 B.R. 828 (Bankr. W.D. Pa. 2022) (two-year bar); *In re Sun*, 673 B.R. 608, 615 (Bankr. D.N.J. 2025) (two-year bar under § 105(a)). The Third Circuit has approved time-limited filing injunctions issued with a dismissal order, holding only that an indefinite bar without explanation is an abuse of discretion. In *re Ross*, 858 F.3d 779, 784 (3d Cir. 2017). And this Court has barred a vexatious pro se Chapter 11 debtor

4

— one with serial appeals and repeated defiance of court orders — from filing without prior approval while simultaneously granting secured creditors stay relief. *In re Mo*, 650 B.R. 193 (Bankr. D.N.J. 2023). The § 109(g)(1) 180-day bar applies as a statutory floor; §§ 105(a) and 349(a) supply the appropriate two-year bar and gatekeeping condition here.

## IV.    THE COURT SHOULD GRANT PROSPECTIVE RELIEF SO A RE-FILE CANNOT FREEZE FVP'S ENFORCEMENT.

To prevent a repeat of this abuse, FVP seeks prospective relief providing that the automatic stay will not impede its enforcement in any subsequent case. As to any real property, § 362(d)(4) authorizes in rem relief where the filing was "part of a scheme to delay, hinder, or defraud creditors" involving multiple filings or transfers; once recorded, such an order binds the property for two years regardless of any future filing. 11 U.S.C. § 362(d)(4); *In re Gray,* 558 F. App'x 163, 166 (3d Cir. 2014); *In re City of Pittsburgh Prop. Dev., Inc.,* 580 B.R. 130, 134 (Bankr. W.D. Pa. 2018); *Rothman v. SN Servicing Corp.,* 2024 WL 2860897 (D.N.J. June 6, 2024).

Because the assets FVP is selling are the Debtor's limited-liability-company membership interests — personal property, not real property, see In re Stroup, 521 B.R. 84, 90 (Bankr. M.D. Pa. 2014) — § 362(d)(4) does not by its terms reach them. But independent of § 362(d)(4), the Court has power under §§ 105(a) and 362(d) to grant prospective stay relief as to specified property: "The prospective order does not interfere with the right of the debtor to file a bankruptcy, but does protect the creditor from multiple delays and removes the incentive of the debtor to act in an abusive manner." *In re Stoltzfus*, 2009 WL 2872860, at *5 (Bankr. E.D. Pa. 2009); *accord Mazza v. Branch Banking & Tr. Co.,* 2015 WL 5729262 (E.D. Pa. 2015). FVP requests such an order as to the Debtor's membership interests and other property subject to its enforcement, and in rem relief under § 362(d)(4) as to any real property of the Debtor.

5

**V.      COMBINED RELIEF IS PROPER, AND THE 14-DAY STAY SHOULD BE WAIVED.**

This Court routinely resolves stay relief and dismissal in a single motion on the same bad-faith record. *In re Walden Ridge Dev., LLC,* 292 B.R. 58 (Bankr. D.N.J. 2003); *In re Schaffer,* 597 B.R. at 785. Given the Debtor's demonstrated readiness to use the stay as a sword the instant it arises, FVP requests that the Court waive the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) so that stay relief is effective immediately upon entry.

**VI.      EXPEDIATED CONSIDERATION IS WARRANTED**

A noticed July 24, 2026 sale of the Debtor's JL Special Investments, LLC interest, the Debtor's proven willingness to file on the eve of sales, and the pending Clerk's dismissal Order to Show Cause all warrant expedited consideration under D.N.J. LBR 9013-2(c) and Fed. R. Bankr. P. 9006(c)(1), as set forth in FVP's accompanying Application for Order Shortening Time.

**CONCLUSION**

For the foregoing reasons, FVP respectfully requests that the Court vacate the automatic stay for cause; dismiss this case with prejudice; bar the Debtor from refiling for two years and thereafter only on leave of court; grant prospective and in rem relief as set forth above; waive the Rule 4001(a)(3) 14-day stay; and grant such other relief as is just.

Respectfully,

**BALDASSARE & MARA, LLC**

Dated: July 2, 2026

By:      */s/ Jennifer Mara*
Jennifer Mara, Esq.

Jerrell Breslin, Esq.
(*pro hac vice* admission pending)