**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law  |  EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**[PROPOSED] ORDER (I) VACATING THE AUTOMATIC STAY; (II) DISMISSING THE CASE WITH PREJUDICE; (III) BARRING RE-FILING; (IV) GRANTING PROSPECTIVE AND IN REM RELIEF; AND (V) WAIVING THE FED. R. BANKR. P. 4001(a)(3) STAY**

The relief set forth on the following pages, numbered two (2) and three (3), is hereby

**ORDERED**.

**Recitals.**

THIS MATTER having been opened to the Court by FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC ("FVP") on their motion (the "Motion") for orders vacating the automatic stay, dismissing this case with prejudice, barring re-filing, and granting prospective and in rem relief; and the Court having considered the Certification of Jennifer Mara, Esq. and the Memorandum of Law, and any opposition; and the Court having found that (a) the petition was filed in bad faith within the meaning of *In re SGL Carbon Corp.*, 200 F.3d 154 (3d Cir. 1999), serving no valid bankruptcy purpose and filed to obtain a tactical litigation advantage on the eve of judicial sales; (b) the Debtor swore to assets and liabilities each exceeding $10 million and fewer than fifty creditors, yet filed none of the documents required by Fed. R. Bankr. P. 1007; and (c) bad faith constitutes cause under both 11 U.S.C. § 362(d)(1) and § 1112(b); and good cause appearing;

**IT IS ORDERED:**

1.   The automatic stay under 11 U.S.C. § 362(a) is VACATED for cause under § 362(d)(1) to permit FVP to commence, continue, and complete all enforcement of its Florida final judgment in *FVP v. Lubin*, No. CACE-22-005125, including the judicial and private sales of the Debtor's membership and other interests.

2.   The 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3) is WAIVED, and this Order is effective immediately upon entry.

3.   This Chapter 11 case is DISMISSED WITH PREJUDICE for cause under 11 U.S.C. § 1112(b).

4.   Pursuant to 11 U.S.C. §§ 105(a) and 349(a), the Debtor — and any person or entity

acting in concert with or at the direction of the Debtor — is BARRED from filing any petition under title 11 for two (2) years from the date of this Order, and thereafter may file only upon prior leave of this Court obtained on motion and notice to FVP.

5. Pursuant to 11 U.S.C. § 105(a) and § 362(d), should any bankruptcy case be filed by or against the Debtor within that two-year period, the automatic stay shall NOT apply to, and shall not enjoin, FVP's enforcement against the Debtor's membership interests (including in Spin Capital, LLC, Teton Funding, LLC, Teton Life, LLC, and JL Special Investments, LLC) or other property subject to FVP's judgment, without further order of this Court.

6. To the extent the Debtor holds any interest in real property, the Court finds the petition was part of a scheme to delay, hinder, or defraud creditors, and GRANTS in rem relief under 11 U.S.C. § 362(d)(4); when recorded in compliance with applicable state law, this Order shall be binding in any other case under title 11 purporting to affect such real property for the period provided by § 362(d)(4).

7. The Clerk's June 25, 2026 Order to Show Cause is resolved by this Order.

8. This Court retains jurisdiction to enforce this Order.

_____
HON. EAMONN J. O'HAGAN
UNITED STATES BANKRUPTCY JUDGE

3