**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law  |  EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11

## U.S.C. § 523(a)

Plaintiffs FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, "FVP"), by and through their local counsel, Baldassare & Mara, LLC, and counsel *pro hac vice* (admission pending), as and for their Complaint against defendant-debtor Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), allege:

## NATURE OF THE ACTION

1.      This is an adversary proceeding under Fed. R. Bankr. P. 7001(6) to determine that FVP's judgment debt against the Debtor — entered on a jury verdict that the Debtor committed fraud — is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

## PARTIES, JURISDICTION, AND VENUE

2.      FVP are the judgment creditors of the Debtor and creditors and parties in interest in the above-captioned Chapter 11 case.

3.      The Debtor is the above-captioned Chapter 11 debtor, residing at 1460 Arboretum Parkway, Lakewood, New Jersey 08701.

4.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409. FVP consents to the entry of final orders and judgment by this Court.

5.      This Complaint is timely filed within sixty (60) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), as required by Fed. R. Bankr. P. 4007(c). [Confirm § 341 date and conform.]

## FACTUAL ALLEGATIONS

6.      FVP and the Debtor were parties to litigation in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled FVP Opportunity Fund III, L.P., et al. v. Karma of Palm Beach, Inc., et al., No. CACE-22-005125 (the "Florida Action").

7.      FVP's operative pleading asserted, among other claims, fraudulent misrepresentation against the Debtor. The claims were tried to a jury beginning September 24, 2025.

8.    On October 1, 2025, the jury returned a verdict against the Debtor and in favor of FVP on the fraud claims, including Count I (fraudulent misrepresentation), Count II, and Count IV.

9.    To find for FVP on fraudulent misrepresentation, the jury necessarily found that the Debtor made a false statement of material fact, knowing it was false, with the intent to induce FVP to rely on it, and that FVP justifiably relied to its detriment and was damaged.

10.    The Florida court thereafter entered Final Judgment for FVP and against the Debtor, awarding $7,500,000 in principal on Count I (fraudulent misrepresentation), together with additional amounts; with statutory interest and costs the judgment debt exceeds $8.84 million (the "Judgment Debt"). The Final Judgment is final.

11.    The Judgment Debt is a debt for money, property, or services obtained by the Debtor's false representations and actual fraud, and for willful and malicious injury to FVP and its property.

## COUNT I — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

12.    FVP repeats the foregoing allegations.

13.    Section 523(a)(2)(A) excepts from discharge any debt for money or property obtained by false pretenses, a false representation, or actual fraud. The Judgment Debt is such a debt.

14.    The jury's verdict and the resulting Final Judgment establish each element of fraud and are entitled to collateral-estoppel (issue-preclusive) effect in this proceeding. *Grogan v. Garner*, 498 U.S. 279 (1991); *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997); *In re Leonelli-Spina*, 426 F. App'x 122 (3d Cir. 2011). Applying New Jersey issue-preclusion law, the fraud issue was

3

identical, actually litigated to a jury verdict, essential to the Final Judgment, and decided against the Debtor, who had a full and fair opportunity to defend. *In re Chen*, 227 B.R. 614 (D.N.J. 1998).

15.     The Judgment Debt, including interest, costs, and any fees and punitive amounts that are part of the judgment, is therefore non-dischargeable under § 523(a)(2)(A).

### COUNT II — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

16.     FVP repeats the foregoing allegations.

17.     To the extent the Debtor's fraud caused willful and malicious injury to FVP and its property, the Judgment Debt is independently excepted from discharge under § 523(a)(6). *See In re Barr*, 606 B.R. 210 (Bankr. D.N.J. 2019).

### PRAYER FOR RELIEF

WHEREFORE, FVP respectfully requests a judgment: (a) determining that the Judgment Debt, including all interest, costs, fees, and punitive amounts, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6); (b) awarding FVP its costs and, to the extent permitted, attorneys' fees; and (c) granting such other relief as is just.

Respectfully,

**BALDASSARE & MARA, LLC**

Dated: July 2, 2026

By:     */s/ Jennifer Mara*
        Jennifer Mara, Esq.

        Jerrell Breslin, Esq.
        (*pro hac vice* application pending)