**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law  |  EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

### <u>CERTIFICATION OF JENNIFER MARA, ESQ. IN SUPPORT OF THE MOTION</u>

**JENNIFER MARA, ESQ.** of full age, hereby certifies as follows under penalty of perjury pursuant to 28 U.S.C. § 1746 and D.N.J. LBR 7007-1:

1.   I am attorney-at-law of the State of New Jersey and a member of the bar of this Court, and I am local counsel of record for FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC ("FVP") in this case. I make this certification in support of FVP's Motion. The facts stated are within my personal knowledge or are established by the public records and court orders attached as exhibits, of which the Court may take judicial notice under Fed. R. Evid. 201.

2.   FVP holds a final money judgment against the Debtor, Avrumi "Josh" Lubin, entered on a jury verdict for fraud. On October 1, 2025, a jury in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida (No. CACE-22-005125), returned a verdict against the Debtor, and Final Judgment was thereafter entered in FVP's favor, including $7,500,000 in principal on Count I (fraudulent misrepresentation). A true copy of the certified Final Judgment is attached as **Exhibit A**.

3.   With statutory interest and costs, the judgment debt exceeds $8.84 million; writs of garnishment issued January 29, 2026 state an amount due of $8,841,219.72. A true copy of the writ/record is attached as **Exhibit B**.

4.   FVP has pursued post-judgment enforcement in the Florida court, including proceedings supplementary impleading entities in which the Debtor holds interests (including Spin Capital, LLC, Teton Funding, LLC, Teton Life, LLC, and JL Special Investments, LLC), charging orders, and judicial/private sales of the Debtor's membership interests. The Florida docket is attached as **Exhibit C**.

5.   The Debtor has waged a sustained campaign of vexatious, repetitive filings to obstruct enforcement, and two courts have already sanctioned that conduct:

   a.   the Florida court entered an Order Striking Pro Se Filings on September 23, 2025 (**Exhibit D**), and a Second Order Striking Pro Se Filings on January 22, 2026 (Exhibit E);

   b.   the Florida court entered an Order of Contempt against the Debtor on February 23, 2026 (**Exhibit F**), and an Order to Show Cause under Florida's vexatious-litigant statute, Fla. Stat. § 68.093, on March 20, 2026 (**Exhibit G**); and

   c.   on June 26, 2026, the Florida Fourth District Court of Appeal — where the

Debtor has taken three separate appeals (Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833) — denied his emergency stay motions and ordered him to show cause why it should not impose sanctions, including barring him from self-representation, for abuse of the judicial process (**Exhibit H**).

6. The Debtor filed this Chapter 11 petition pro se on June 25, 2026 — the day before a judicial sale of his interest in Spin Capital, LLC scheduled for June 26, 2026, and weeks before a noticed July 24, 2026 sale of his interest in JL Special Investments, LLC. A copy of the notice of sale is attached as **Exhibit K**.

7. In the petition, the Debtor swore under penalty of perjury that his assets are between $10,000,001 and $50,000,000, that his liabilities are between $10,000,001 and $50,000,000, that he has only 1–49 creditors, and that his debts are business (not consumer) debts. A copy of the petition is attached as **Exhibit I**. The petition and creditor matrix list essentially two creditor groups — FVP and the affiliated Franklin Capital entities (Franklin Capital Funding, LLC, a Delaware limited liability company, and Franklin Capital Group, LLC, a Michigan limited liability company).

8. The Debtor filed no schedules, statement of financial affairs, or other documents required by Fed. R. Bankr. P. 1007. On June 25, 2026, the Clerk issued an Order to Show Cause why the case should not be dismissed for that failure, returnable July 16, 2026. A copy is attached as **Exhibit J**.

9. Immediately upon filing, the Debtor circulated written notices to FVP's counsel and others asserting that the automatic stay barred the June 26 sale and the July 24 sale — confirming that the petition's purpose was to stop FVP's enforcement.

10. The exhibits referenced above are true copies of the documents they purport to be. I

3

respectfully request that the Court grant the Motion in its entirety.

I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully,

**BALDASSARE & MARA, LLC**

Dated: July 2, 2026

By:    */s/ Jennifer Mara*
Jennifer Mara, Esq.

Jerrell Breslin, Esq.
(*pro hac vice* admission pending)