**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: jmara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

### MEMORANDUM OF LAW IN SUPPORT OF FVP'S SUPPLEMENTAL MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### PRELIMINARY STATEMENT

This supplemental motion arises from a directive of the Fourth District. After the debtor and debtor-in-possession, Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), filed a suggestion of bankruptcy, the Fourth District, by order dated July 2, 2026, directed the parties within fourteen days to request that this Court "issue an order stating whether this appeal should be stayed pursuant to 11 U.S.C. § 362(a) or any other provision of the United States Bankruptcy Code," and to file a

copy of any resulting order with the Fourth District within five days of its issuance. *Lubin v. FVP Opportunity Fund III* at 1.

The FVP Parties acknowledge that, under controlling authority, the automatic stay applies to these appeals. Each appeal continues the litigation that FVP originally brought against the Debtor, and the stay applies to appeals in proceedings "originally brought against the debtor," regardless of whether the Debtor is the appellant or the appellee. *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448–49 (3d Cir. 1982); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1992). That the Debtor is the sole appellant does not change the result.

The applicability of the stay is not the end of the inquiry, however. Only this Court may grant relief from the stay, and it "shall" do so "for cause." 11 U.S.C. § 362; *In re Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997). Cause exists here. The appeals are prosecuted by the Debtor; permitting them to be decided in the forum where they are already pending—one of them fully briefed—will not prejudice the estate and can only clarify or reduce FVP's claim. The Third Circuit has lifted the stay in precisely this situation to allow a pending state-court appeal to be resolved where the parties had already briefed it. *In re Wilson*, 116 F.3d 87 (3d Cir. 1997). The FVP Parties therefore ask the Court to lift the stay to permit the appeals to proceed and, in the alternative, to enter a comfort order confirming the stay's applicability for the Fourth District's benefit.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. 28 U.S.C. § 1334; 28 U.S.C. § 157; *FVP v. Lubin*, Motion for Comfort Order at 1. A motion "to terminate, annul, or modify the automatic stay" is a core proceeding. 28 U.S.C. § 157. Relief from the automatic stay is governed by 11 U.S.C. § 362(d), and the determination of the stay's applicability is within this

Court's competence concurrently with the Fourth District.  11 U.S.C. § 362; *In re Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997).

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### I.     THE BROWARD COUNTY JUDGMENT AND ENFORCEMENT PROCEEDINGS

The appeals arise out of litigation commenced in the Circuit Court for Broward County, Florida (lower tribunal No. 062022CA005125AXXXCE), in which FVP Opportunity Fund III, L.P. obtained a final judgment against the Debtor. *Lubin v. FVP Opportunity Fund III* at 1; *FVP v. Lubin*, Motion for Comfort Order at 1.  To enforce that judgment, FVP pursued proceedings supplementary that culminated in the entry of charging orders on June 11, 2026, against the Debtor's membership interests in JL Special Investments, LLC, and Teton Life, LLC. *FVP v. Lubin*, Motion for Comfort Order at 1.  The charging orders reach only the Debtor's interests in those limited liability companies, and not the separate assets or rights of the companies themselves.

### II.    THE PENDING APPEALS

Three appeals arising from that litigation are pending before the Fourth District, in each of which the Debtor is the sole appellant and FVP is the appellee. First, Appeal No. 4D2025-3564 is an appeal from the final judgment. Second, Appeal No. 4D2026-1512 challenges the charging orders and the Debtor's interest in the limited liability companies; that appeal is fully briefed and awaits decision. Third, Appeal No. 4D2026-1833—captioned *Avrumi Lubin a/k/a Josh Lubin, Appellant, v. FVP Opportunity Fund III, L.P.*, Appellee, and arising from the same lower tribunal No. 062022CA005125AXXXCE—likewise concerns the charging orders and the Debtor's interest in the limited liability companies; that appeal is awaiting the filing of the record on appeal.  *FVP v. Lubin*, Motion for Comfort Order at 1; *Lubin v. FVP Opportunity Fund III* at 1.

Because the Debtor is the only appellant, none of the appeals seeks recovery from the Debtor or the estate; each is the Debtor's own effort to overturn the judgment and charging orders entered against him.

### III.     THE CHAPTER 11 CASE AND THE FOURTH DISTRICT'S ORDERS

The Debtor commenced this case by filing a Chapter 11 petition, and the case is pending before this Court as Case No. 26-17342-EJO.  *FVP v. Lubin*, Motion for Comfort Order at 1.  A suggestion of bankruptcy was filed in the Fourth District.  *Lubin v. FVP Opportunity Fund III* at 1.  The Fourth District then entered its July 2, 2026, order directing the parties, within fourteen days, to obtain a determination from this Court as to whether the appeals should be stayed, to file a notice of compliance, and to file a copy of any order this Court enters within five days of its issuance.  *Lubin v. FVP Opportunity Fund III* at 1.   The Debtor's position on the relief requested in this motion is presently unknown to the FVP Parties.

### RELIEF REQUESTED

The FVP Parties request entry of an order (i) granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 to proceed to resolution before the Fourth District; and (ii) in the alternative, determining and confirming the applicability and scope of the automatic stay as to those appeals for the benefit of the Fourth District. (11 U.S.C. § 362)

### ARGUMENT

### I.     THE AUTOMATIC STAY APPLIES TO THE APPEALS, SO RELIEF UNDER SECTION 362(D) IS THE PROPER VEHICLE

Whether the stay reaches an appeal is fixed by looking at the underlying proceeding "at its inception": the stay reaches "all appeals in proceedings that were originally brought against the

debtor, regardless of whether the debtor is the appellant or appellee." *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448–49 (3d Cir. 1982).   The dispositive question is whether the proceeding was "originally brought against the debtor." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1992).   Each appeal here continues litigation FVP brought against the Debtor, and the charging-order appeals reach the Debtor's membership interests—property of the estate.   11 U.S.C. § 362; 11 U.S.C. § 362.   The stay therefore applies. Because only this Court may grant relief from an operative stay (11 U.S.C.A. § 362 (West); *Matter of Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997)), the FVP Parties proceed under Section 362(d).

II.   **CAUSE EXISTS UNDER SECTION 362(D)(1) TO LIFT THE STAY AND ALLOW THE APPEALS TO BE RESOLVED**

Section 362(d)(1) directs that the court "shall" grant relief from the stay "for cause."   11 U.S.C. § 362.   The Code does not define "cause," leaving courts to determine it "based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87 (3d Cir. 1997); *In re SCO Grp., Inc.*, 395 B.R. 852 (Bankr. D. Del. 2007).   There is "no rigid test"; courts weigh the policies underlying the stay against the competing interests of the debtor and the movant.   *In re Cont'l Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993).   The movant bears an initial burden to establish a prima facie case of cause, which the party opposing relief must then rebut.   *In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992); *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990).

Courts in this Circuit apply an equitable balancing test to decide whether to lift the stay to allow pending litigation to continue in another forum, weighing: (1) whether great prejudice to the estate or the debtor will result; (2) whether the hardship to the movant from maintaining the stay considerably outweighs the hardship to the debtor; and (3) the movant's probability of success on the merits. *In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992); *In re Cont'l Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993).   Courts also consider the factors catalogued in *In re Sonnax*

5

*Indus.*, Inc., 907 F.2d 1280 (2d Cir. 1990), including whether relief would resolve the issues, the lack of connection with or interference with the bankruptcy case, the interests of judicial economy and the expeditious resolution of litigation, and whether the parties are ready to proceed in the other forum. *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990). The legislative history confirms that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result." *In re SCO Grp., Inc.*, 395 B.R. 852 (Bankr. D. Del. 2007); *In re Wilson*, 116 F.3d 87 (3d Cir. 1997).

Each consideration favors relief. First, lifting the stay will not prejudice the estate or interfere with the reorganization. The appeals are prosecuted by the Debtor, not against him; FVP seeks no recovery from the estate through them. Where "neither prejudice to the bankruptcy estate nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay." *In re Cont'l Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993). Resolving the appeals will only "expedite the resolution of" FVP's claim—"by eliminating it if [the Debtor] prevails on appeal, or by rendering it final and nondischargeable" if FVP prevails. *In re Wilson*, 116 F.3d 87 (3d Cir. 1997).

Second, the balance of hardships favors FVP. Maintaining the stay leaves FVP's judgment and charging orders in indefinite limbo, while the appeals—one of them fully briefed—can be resolved promptly in the forum that already has them. The Third Circuit found no great prejudice, and cause to lift the stay, precisely because a pending appeal "can be resolved more quickly in state court on appeal than in the bankruptcy proceedings, as the parties have already filed briefs on appeal." *In re Wilson*, 116 F.3d 87 (3d Cir. 1997). Relief will leave the parties to the appellate forum and relieve this Court of matters that may be handled elsewhere. *In re Wilson*, 116 F.3d 87 (3d Cir. 1997).

Third, judicial economy strongly favors resolution in the Fourth District, which is positioned to decide appeals already pending—and, as to Appeal No. 4D2026-1512, fully briefed—rather than requiring this Court to absorb Florida appellate matters. *In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992); *In re SCO Grp., Inc.*, 395 B.R. 852 (Bankr. D. Del. 2007). Finally, the probability-of-success showing required of the movant is "very slight,"(*In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992)) and it is easily met here: FVP already holds the final judgment and the charging orders from which the Debtor appeals.

Because the Debtor's position on this motion is not yet known, the FVP Parties note that the initial burden to show cause rests on the movant; if the motion is unopposed, relief is appropriate on the showing made. *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990); *In re Rexene Prods. Co.*, 141 B.R. 574 (Bankr. D. Del. 1992).

### III.   IN THE ALTERNATIVE, THE COURT SHOULD ENTER A COMFORT ORDER CONFIRMING THE STAY'S APPLICABILITY

Should the Court decline to lift the stay, it should enter a comfort order confirming the stay's applicability for the Fourth District's benefit, as that court requested. Bankruptcy courts routinely enter such orders under Section 105(a) to "be of service to the State court," and a comfort order "merely identif[ies] and reiterate[s] what has already occurred by operation of law." *In re Hill*, 364 B.R. 826 (Bankr. M.D. Fla. 2007); *In re Dervaes*, 81 B.R. 127 (Bankr. S.D. Fla. 1987). Determining the stay's applicability is within this Court's competence concurrently with the Fourth District, and a comfort order does not enjoin that court. *In re Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997).

## CONCLUSION

For the foregoing reasons, the FVP Parties respectfully request that the Court enter an order granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 to proceed to resolution before the Fourth District; in the alternative, entering a comfort order confirming the applicability and scope of the automatic stay as to those appeals; and granting such other and further relief as the Court deems just and proper.

Respectfully,

**BALDASSARE & MARA, LLC**

Dated: July 13, 2026

By:  */s/ Jennifer Mara*
Jennifer Mara, Esq.

Jerrell Breslin, Esq. (*pro hac vice*)