FILED
JEANNE A. NAUGHTON, CLERK
JUN 21 2026
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, New Jersey 08701 · (718) 570-3790
josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan · Dkt. 13 Hearing: July 23, 2026 at 2:00 p.m., by Zoom**

## DEBTOR'S SHORT SUPPLEMENTAL STATEMENT IN FURTHER SUPPORT OF HIS OBJECTION TO DKT. 13 (NO NEW RELIEF REQUESTED)

1. This Short Supplemental Statement is filed together with, and is incorporated into, the Debtor's Objection to the FVP Parties' Motion to Vacate the Automatic Stay and Dismiss With Prejudice (Dkt. 13). It does not replace the Objection, assert a cross-motion, request new relief, ask this Court to vacate or revise a Florida order, or ask this Court to determine who ultimately owns the Auto Wholesale of Boca registry proceeds. It supplies a narrow clarification of the record relevant to whether the extraordinary dismissal, refiling-bar, and amount-based relief requested at Dkt. 13 should issue at the outset of this first bankruptcy case.

2. The August 12 bankruptcy ruling left termination and ultimate rights undecided. On August 12, 2025, the Auto Wholesale of Boca bankruptcy court corrected its prior view, stating that, based on the information then before it, the court's earlier view "was incorrect." It further ruled: "This Court cannot and will not decide whether the Common Interest Agreement was terminated and, ultimately, whether Mr. Lubin holds the rights of Hi Bar relating to the Net Proceeds." (AWB Dkt. 952 at 6-7; Debtor's Ex. E.) The court denied distribution and encouraged the parties to obtain a ruling from another court of competent jurisdiction or present an agreement and agreed order. (*Id.* at 9.) That order did not adjudicate ownership in the Debtor's favor; it confirms that the issue remained unresolved as of August 12. The same order also rejected the reply's waiver argument: "Contrary to the argument presented in the reply [Dkt. No. 951], neither Spin nor Mr. Lubin were required to oppose the relief granted in the Sale Order," explaining that "Hi Bar's rights in the Net Proceeds were preserved by the Sale Order and the Limiting Language." (*Id.* at 8 n.3.)

3. The joint parties then characterized the August 14 Broward order more broadly than the later oral record. In the renewed AWB motion, filed jointly by the FVP Parties, Franklin, and Hi Bar, they represented that the August 14 order had "fully resolv[ed] the issues raised by Lubin," including termination and the Debtor's interest in the Net Proceeds. (AWB Dkt. 954 ¶ 4; Debtor's Ex. F.) The entered written August 14 order remains in place; no amended written order has been located, and the October 23, 2025 order denied the motion for reconsideration and/or clarification. (Debtor's Ex. Q.) The Debtor does not ask this Court to disregard those entered orders.

4. The later Broward hearing record nevertheless limits the purpose the state court described. On September 3, the court stated of paragraph 8's termination language: "It was not meant to be a finding, but it was the background"; directed that "the Court finds that" be changed to "the Court notes that"; and explained: "It's not a finding. I didn't have to make that finding to do that because what I did find was that you had no rights or standing to interfere—"; the Debtor then completed the overlapping exchange: "—the settlement." (Sept. 3 Tr. 18:11-21, 19:10-24, 21:14-24; Debtor's Ex. O.) On September 10, while denying clarification, the court stated that it "in no way was trying to . . . resolve a separate claim" and acted "strictly for purposes of determining who has standing" and who could enter the settlement for the AWB proceeds. (Sept. 10 Tr. 13:20-14:14; Debtor's Ex. P.) The entered order states that it is entered "for the reasons stated on the record at the August 13, 2025 hearing (court reporter present), which are incorporated herein by reference" (Aug. 14 Order at 4; AWB Dkt. 954 Ex. A, within Debtor's Ex. F), and counsel for the Franklin parties told the court: "The transcript is incorporated into the order." (Sept. 10 Tr. 12:23-24; Debtor's Ex. P.) These statements do not establish that the Debtor owns the proceeds or erase the adverse standing ruling. They show that the scope and preclusive effect of the record remain materially disputed and should not be expanded at this threshold stage into a conclusive adjudication of every underlying claim or ownership issue. Under Florida law, collateral estoppel applies only if, among other requirements, the identical issue was actually litigated and was a critical and necessary part of

1

the prior determination. *Lucky Nation, LLC v. Al-Maghazchi*, 186 So. 3d 12, 14 (Fla. 4th DCA 2016). The proponent bears the burden of showing with certainty that the issue was actually considered and determined, and doubts are resolved in favor of the party opposing estoppel. *Williams v. Cadlerock Joint Venture LP*, 14 So. 3d 292, 294 & n.3 (Fla. 4th DCA 2009). A determination the rendering judge described as unnecessary—"I didn't have to make that finding" (Sept. 3 Tr. 18:18-19; Debtor's Ex. O)—does not satisfy the "critical and necessary" requirement for issue preclusion as to termination.

5. The division and crediting of the $2,107,548.61 also remain record questions. The executed Settlement Agreement states in §§ 4(b)(1), 5, and 15 that separate FVP-Franklin agreements govern the division of the registry deposit. (Debtor's Ex. M.) FVP counsel likewise stated that Franklin would "share the FVP proceeds" under a separate agreement and described a FVP-Franklin common-interest "blanket agreement" applicable to those funds. (Aug. 13 Tr. 26:3-5, 44:21-45:5; Debtor's Ex. H.) Those materials do not by themselves establish an improper recovery. On August 27, 2025, the AWB court directed disbursement of the $2,107,548.61 plus accrued interest (if any) to Schwartz Breslin PLLC, counsel for the FVP Parties, "to be further disbursed according to the settlement approved by the State Court Order." (AWB Dkt. 965 ¶ 2; Debtor's Ex. G.) These facts reinforce the Objection's narrower request (¶ 17): before granting relief keyed to the size or status of the FVP claim, require one sworn payoff, allocation, and credit accounting.

6. Clarification of Objection ¶ 21. The Debtor does not contend that pleading alter-ego liability and later distinguishing Hi Bar's legal capacity are literal factual opposites. They concern different questions — liability on one hand and authority or standing concerning a particular settlement and fund on the other. The point is that identity, capacity, ownership, allocation, and credits cannot fairly be compressed into one unquestioned premise supporting dismissal with prejudice and a two-year bar before schedules, the § 341 meeting, and claims administration.

7. For these limited reasons, and for the reasons stated in the Objection filed with this Statement, the Debtor respectfully asks the Court to grant only the relief already requested in the Objection and reflected in the existing proposed orders, including denial of Dkt. 13. No new or independent relief is requested.

**Dated: July 21, 2026**

_____

Avrumi Lubin a/k/a Josh Lubin
Debtor and Debtor-in-Possession, Pro Se