FILED
JEANNE A. NAUGHTON, CLERK

JUN 21 2026

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY D. Chacon_____DEPUTY

# UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY

### Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, New Jersey 08701 · (718) 570-3796 · josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan · Hearing Dates: Dkt. 13 (Motion to Vacate) — July 23, 2026 at 2:00 p.m., by Zoom; Dkt. 33 (Supplemental Motion for Stay Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

## DECLARATION OF AVRUMI LUBIN PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF THE DEBTOR'S OBJECTION TO DKT. 13 AND DKT. 33

I, Avrumi Lubin, also known as Josh Lubin, declare under penalty of perjury under the laws of the United States of America as follows. I am the Debtor in the above-captioned case, and I am proceeding pro se. The facts stated in this Declaration are within my personal knowledge, or, where expressly stated, are based on my information and belief; if called to testify, I could and would testify competently to them. This Declaration is submitted in support of my Objection to the FVP Parties' Motion to Vacate the Automatic Stay and to Dismiss the Case With Prejudice (Dkt. 13) and their Supplemental Motion (Dkt. 33).

### The petition and my pro se status

1. I filed the voluntary petition commencing this Chapter 11 case on June 25, 2026. This is the first bankruptcy case of any kind that I have ever filed, whether individually or, to my knowledge, on behalf of any entity I control. I paid the full filing fee at the time of filing.

2. I am not represented by counsel in this case and am appearing pro se. I intend to retain counsel for the estate as its resources permit. I am discharging my duties as debtor-in-possession diligently and personally in the meantime.

### The noticed private sales

3. I filed the petition on June 25, 2026 because my principal assets were noticed to be sold at creditor-conducted private sales that would have placed them beyond the reach of the estate and its creditors. A private sale of my membership interests in Spin Capital, LLC and Teton Funding, LLC was noticed for June 26, 2026—the day after I filed. That notice is Movants' Ex. K (Dkt. 15-10). A separate sale of my JL Special Investments, LLC membership interest is noticed for July 24, 2026. A true and correct copy of the July 24 notice I received or obtained is attached to the Objection as Debtor's Exhibit C. Both documents are captioned "NOTICE OF PRIVATE SALE."

### My assets and interests

4. My principal assets are my membership interests in a group of limited-liability companies. I hold a one-hundred-percent (100%), single-member interest in Spin Capital, LLC, a New Jersey limited-liability company. I hold a one-hundred-percent (100%), single-member interest in Teton Funding, LLC, a Delaware limited-liability company. I hold a one-hundred-percent (100%), single-member interest in JL Special Investments, LLC, a Delaware limited-liability company. I make these three statements from my personal knowledge as the sole member of each of those companies.

5. I also hold a membership interest in Teton Life, LLC, a Delaware limited-liability company. Teton Life is a multi-member company, and I am not its only member. Per the company's executed amended and restated operating agreement, I hold a 50% membership interest of record, together with a contractual right to a revised 55% interest under an executed letter agreement dated August 13, 2025 that is conditioned on a payment I have not confirmed occurred; ownership and control of the company are subject to dispute. This is the same description I provided in my periodic report on Official Form 426, filed July 16, 2026.

6. I also hold a one-hundred-percent (100%), single-member interest in Teton Funding Group, LLC, as reflected in my periodic report on Official Form 426, filed July 16, 2026.

7. I understand that what the automatic stay preserves, and what the noticed private sales would convey, are my membership interests in these companies — not the companies' own assets or claims, which the companies hold in their own names. For example, I understand that Spin Capital, LLC holds a New York money judgment in *Spin Capital, LLC v. Bridgelink Engineering, LLC* that was affirmed on appeal, together with a merchant-cash-advance portfolio; that judgment is Spin Capital's asset, and my interest in it is the interest of a member in his company, realized through the value of my membership interest, rather than direct ownership of the underlying judgment.

8. The estate owns my membership interests and any claims validly assigned directly to me; certain additional litigation and recovery rights are disputed as between me, Spin Capital, and other asserted claimants, and may materially affect the value of my membership interests. Among the disputed rights are rights I understand to arise under a January 28, 2022 Common Interest and Joint Litigation Agreement between Spin Capital, LLC and Hi Bar Capital, LLC, and a related claim concerning the $2,107,548.61 released from the federal court registry in the *Auto Wholesale of Boca* bankruptcy on August 27, 2025. It is my understanding and belief that I, or Spin Capital, hold or are entitled to administer these rights: Spin Capital is the party to the January 28, 2022 agreement, and Spin Capital executed an Absolute Assignment of those rights to me personally on March 17, 2025, which is signed and notarized; whether that assignment remains effective is itself an open question. To be precise about what belongs where: the estate owns my membership interests and any claims directly assigned to me personally; claims owned by Spin Capital or another non-debtor entity remain that entity's property, and bear on the estate only through the value of my membership interests. The ownership and allocation of these litigation rights — as between me and Spin Capital — is disputed and has not been adjudicated on the merits, and I do not swear to a resolution of that question here. I do not ask this Court to decide these ownership questions in connection with the pending motions; I state them to show that these are disputes bearing on estate value that should not be irreversibly transferred or impaired before ownership and standing are resolved.

**My post-petition compliance**

9. I have substantially addressed, and continue to address, the post-petition requirements identified to date, as described in ¶¶ 10–15 below. The meeting of creditors under 11 U.S.C. § 341 is scheduled for July 22, 2026.

10. On July 7, 2026 — within the period allowed by Fed. R. Bankr. P. 1007(c) — I filed an application to extend my deadline to file schedules and my statement of financial affairs. The Court heard that application on July 16, 2026 and granted it, extending my deadline to July 23, 2026. I am completing my schedules and statement of financial affairs under that extended deadline.

11. The U.S. Trustee held my initial debtor interview on July 10, 2026. I produced my documents to the U.S. Trustee the same day, July 10, 2026. I filed my periodic report under Fed. R. Bankr. P. 2015.3 (Official Form 426) on July 16, 2026, with an entity report for each of the five entities in which I hold a substantial or controlling interest within the meaning of Fed. R. Bankr. P. 2015.3, a supporting statement, and an organizational chart.

12. The U.S. Trustee raised a follow-up question about insurance coverage on July 14, 2026, and I responded the same day. On July 17, 2026, I submitted the notice-party change requests requested by the Office of the United States Trustee to the insurance carrier — through its online portal and by signed written requests to the carrier's agents — and I provided confirmation of those submissions to the U.S. Trustee's office by email the same day. I will provide the carrier's completed endorsement when I receive it.

13. On July 15, 2026, I filed notices of compliance in the Florida Fourth District Court of Appeal, within the fourteen-day period that court directed. The Fourth District entered two orders directing this compliance: a July 1, 2026 order in Appeal No. 4D2026-1512 (traveling with No. 4D2025-3564), which the movants filed at Dkt. 34-1, and a materially identical July 2, 2026 order in Appeal No. 4D2026-1833, a true copy of which is attached to the Objection as Exhibit N. My notices advised the Fourth District that the request contemplated by those orders is pending before this Court (Dkt. 33; Dkt. 34), reserved my rights to oppose the requested stay relief, and confirmed that I will file any resulting order of this Court with the Fourth District within five days of its issuance.

14. The status of my three Fourth District appeals is as follows, from my personal knowledge. In No. 4D2026-1512, I filed my initial brief and appendix on June 8, 2026. In No. 4D2025-3564, I filed my initial brief on June 19, 2026; the movants' answer brief has not been filed, and on July 17, 2026 the movants' appellate counsel emailed me requesting my consent to a thirty-day extension of the answer-brief deadline, citing his own scheduling commitments. In No. 4D2026-1833, briefing remains open. Prosecuting three appeals at once, without counsel, while completing my schedules and preparing for the § 341 meeting, would impose a substantial burden on me and on the opening administration of this case. In roughly three weeks I have contacted or met with six law firms in an effort to retain counsel; one respected bankruptcy firm could not take the case now for capacity reasons and referred me to another attorney, who told me he does not have the bandwidth at present; another quoted a substantial six-figure retainer. My efforts to retain counsel continue.

15. On July 7, 2026, I requested limited CM/ECF electronic-filing access in this case. That request was denied on July 14, 2026. Because of that denial, I am filing this Objection and the accompanying papers conventionally, and I have served them by electronic mail on the parties currently receiving electronic notice in this case — the FVP Parties and Franklin Capital Funding, LLC through their appearing counsel, and the United States Trustee (see Dkt. 43). I respectfully ask the Court to deem that service sufficient under the shortened-time circumstances, or to permit me promptly to complete any additional service the Court directs.

16. I attended the trial in the Broward action. No attorney or party representative appeared for Hi Bar Capital, LLC at the trial; the verdict form submitted to the jury contained no standalone question on Hi Bar's liability; and I am aware of no judgment entered against Hi Bar in that action.

**Authentication of exhibits**

17. The documents attached to the Objection as the Debtor's Exhibits A through N, identified in the accompanying Exhibit Index, are true and correct copies, or excerpts as specifically identified in the exhibit index, of the documents they purport to be. I obtained them from the dockets and records of the respective courts and proceedings, or they were served on or provided to me in those proceedings.

18. Exhibit H consists of excerpts from the certified transcript of the August 13, 2025 hearing before the Honorable David A. Haimes in the Broward action, No. CACE-22-005125 — specifically the transcript cover page, transcript pages 14–16, 24–26, and 42–46, and the court reporter's certification page. These are true and correct copies of those pages of the certified transcript. The complete certified transcript is available, and I will file it promptly at the Court's request.

19. Exhibit M is a true and correct copy of the executed Settlement Agreement among the FVP Parties, the Franklin Parties, and the Hi Bar Parties, including its counterpart signature pages. I received a copy of this Settlement Agreement in connection with the Broward action. I am not a party or signatory to the Settlement Agreement. I have never signed any protective order or confidentiality agreement concerning it, and I am not aware of any court order sealing the Settlement Agreement or directing that it be kept confidential. The copy attached as Exhibit M bears a "Highly Confidential" legend on its pages; that legend is the parties' own designation and, to my knowledge, does not reflect any court order.

20. Exhibit N is a true and correct copy of the July 2, 2026 order of the Florida Fourth District Court of Appeal in Appeal No. 4D2026-1833, which I received as a party to that appeal. It directs the same fourteen-day request and five-day filing obligations as the July 1, 2026 order the movants filed at Dkt. 34-1, which applies to Appeal Nos. 4D2026-1512 and 4D2025-3564.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 21, 2026.

_____ Avrumi Lubin a/k/a Josh Lubin Debtor Pro Se