## UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan

### INDEX OF DEBTOR'S EXHIBITS A–N

*(accompanying the Declaration of Avrumi Lubin in support of the Debtor's Objection to Dkt. 13 and Dkt. 33)*

| Ex. | Document | Date | Principally cited at (Objection ¶) | Binder pages |
|---|---|---|---|---|
| A | Order Imposing Charging Orders, Authorizing Foreclosure, Establishing Sale Procedures (Broward, Haimes, J.) | 5/15/2026 | ¶¶ 9, 15–16, 22 | 3–11 |
| B | Final Default Judgment Against Teton Funding, LLC (Broward) | 6/4/2026 | ¶¶ 9, 16 | 13–19 |
| C | Notice of Private Sale — JL Special Investments, LLC (sale date 7/24/2026) | 6/23/2026 (cert.) | ¶¶ 3, 6, 26, 30 | 21–24 |
| D | Agreed Order on Motion to Amend Judgment (Haimes, J.) | 12/16/2025 | ¶¶ 16–17 | 26–33 |
| E | AWB Dkt. 952 — Order Denying Joint Motion to Distribute Registry Funds (Bankr. S.D. Fla.) | 8/12/2025 | ¶¶ 5, 8, 21 | 35–43 |
| F | AWB Dkt. 954 — Expedited Joint Motion re Auction Proceeds, with Ex. A | 8/14/2025 | ¶¶ 5, 21 | 45–56 |
| G | AWB Dkt. 965 — Order Granting Registry Disbursement of $2,107,548.61 | 8/27/2025 | ¶¶ 8, 17, 21 | 58–60 |
| H | Hearing Transcript (Broward, Haimes, J.) — EXCERPT (Tr. 15:13–16:1, 25:5–14, 43:11–44:5, 45:7–8 + cover & cert.) | 8/13/2025 | ¶¶ 5, 7, 21 | 62–74 |
| I | Hearing Transcript (Broward, Haimes, J.) — EXCERPT (Tr. 9:7–11:12 + certification) | 6/2/2026 | ¶ 17 | 76–83 |
| J | Fourth Amended Complaint — EXCERPT (caption; ¶¶ 36, 38; closing pages) | 9/25/2024 | ¶ 21 | 85–92 |
| K | Hearing Transcript (Broward) — EXCERPT (Tr. 21:7–12 + certification) | 5/13/2026 | ¶ 15 | 94–99 |
| L | Absolute Assignment of Interests and Rights — Spin Capital, LLC to Avrumi Lubin (signed, notarized) (previously filed publicly in the AWB bankruptcy, Bankr. S.D. Fla., at Dkt. 950-5) | 3/17/2025 | ¶ 5; Decl. ¶ 8 | 101–102 |
| M | Settlement Agreement (FVP Parties / Franklin Parties / Hi Bar Parties) — complete executed agreement with counterpart signature pages | July 2025 | ¶¶ 7–8, 20 | 104–115 |
| N | 4DCA Order in Appeal No. 4D2026-1833 (Lubin v. FVP) — directs the parties to obtain a stay-status order from this Court; companion to the July 1, 2026 order (Dkt. 34-1) | 7/2/2026 | ¶¶ 6, 25; Decl. ¶¶ 13, 20 | 117–118 |

*Exhibits H, I, J, and K are filed as excerpts — cover page, the pages containing the passages cited in the Objection, and the reporter's certification or closing pages only. Complete copies are available to the Court and to all parties on request. Exhibit J's complete pleading is also of record as the movants' filing at Dkt. 15. Exhibit M is the complete executed Settlement Agreement, submitted as a public exhibit; the "Highly Confidential" legend appearing on its face is addressed in the Objection at ¶ 7.*

FILED

JEANNE A. NAUGHTON, CLERK

JUN 21 2026

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT A

Order Imposing Charging Orders, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale — Broward Cty. Cir. Ct. No. CACE-22-005125 (May 15, 2026) (Filing #248282220)

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE22005125</u>  DIVISION: <u>07</u>  JUDGE: <u>Haimes, David A (07)</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER IMPOSING CHARGING ORDERS, REQUIRING TURNOVER OF FINANCIAL INFORMATION, ENJOINING TRANSFERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING PROCEDURES FOR PRIVATE OR JUDICIAL SALE

THIS CAUSE came before the Court on May 13, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. ( *"Judgment Creditors"* ) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq., the court file, Defendant Lubin's Emergency Objection, the applicable law, and argument of the parties, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.

2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of **May 5, 2026**, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.

3. The Judgment Debtor owns transferable interests in the following two limited liability companies (collectively, the *"Subject LLCs"*):

   a.      Spin Capital, LLC, a New Jersey limited liability company [#0450354731]; and

   b.      Teton Funding, LLC, a Delaware limited liability company [#10397373].

4. The Subject LLCs are single-member limited liability companies wholly owned and controlled

by Avrumi Lubin, and no other person holds any membership interest in the Subject LLCs.

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.

6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.

7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.

8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.

9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.

10. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

**A.      CHARGING ORDERS**

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1.          Spin Capital, LLC, a New Jersey Limited Liability Company [#0450354731]; and

2.          Teton Funding, LLC, a Delaware Limited Liability Company [#10397373].

The charging orders shall constitute liens upon the transferable interests and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

**B.      REDIRECTION OF DISTRIBUTIONS**

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLCs shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

**C.      MANDATORY TURNOVER OF FINANCIAL INFORMATION**

Upon receipt of any financial information from any of the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall

SA.039

immediately provide copies thereof to Judgment Creditors.

Within ten (10) days of entry of this Order, the Judgment Debtor shall produce:

    a. All operating agreements and any amendments thereto;

    b. Membership ledgers and certificates;

    c. Organizational documents (articles of organization, certificates of formation); and

    d. All records reflecting ownership interests, equity structure, or current economic arrangements involving the Subject LLCs.

## D.    INJUNCTION AGAINST TRANSFERS

Avrumi Lubin, the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and all persons and entities acting in concert with any of them are immediately and permanently enjoined, pending further order of this Court, from:

    a. Transferring, assigning, pledging, hypothecating, concealing, dissipating, encumbering, or otherwise disposing of any transferable interests, assets, distributions, or proceeds associated with the Subject LLCs;

    b. Opening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order; and

    c. Taking any action designed to diminish the value of the transferable interests or to frustrate the collection of the Final Judgment.

Any attempted transfer made after service of the Motion for Charging Orders shall be void ab initio as against the Judgment Creditors. Violations of this injunction shall be subject to civil contempt, sanctions, and any other remedies available at law or equity.

## E.    FORECLOSURE OF TRANSFERABLE INTERESTS

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLCs are hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLCs. The charging order lien is deemed to have attached as of **May 5, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

## F.    PRIVATE SALE PROCEDURES

**1.**    **Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLCs, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

**2.**    **Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by

Case Number: CACE22005125

either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

(i)        Avrumi Lubin, the Judgment Debtor;

(ii)        The registered agent of each Subject LLC;

(iii)        Any person or entity known to hold an interest in a Subject LLC; and

(iv)        Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

3.        **Content of Notice.**  The notice of sale shall include:

(i)        A description of the transferable interests to be sold, including the name and jurisdiction of formation of each Subject LLC;

(ii)        The proposed date, time, and method of sale;

(iii)        The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

(iv)        The outstanding balance of the Final Judgment as of the date of the notice;

(v)        Instructions for any interested party to submit a qualified competing bid; and

(vi)        A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

4.        **Public Advertisement.**  The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report of sale.

5.        **Commercial Reasonableness Standard.**  The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

6.        **Due Diligence Access.**  To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

7.        **Credit Bid.**  The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

**8.** **Conduct of Sale; Auctioneer/Administrator Designation.** The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

**9.** **Right of Redemption.** The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

**10.** **Report of Sale.** Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i)      The name and address of the purchaser;

(ii)      The purchase price and the form of consideration (cash or credit bid);

(iii)      A description of the marketing efforts undertaken;

(iv)      The costs and expenses of the sale; and

(v)      The net proceeds (if any) applied to the outstanding judgment balance.

**11.** **Objection Period.** Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

**12.** **Confirmation of Sale and Transfer of Interests.** Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

**13.** **Application of Proceeds.** The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

**14.** **Tax Disclosure Requirement.** Because the Subject LLCs are single-member limited liability companies that may be taxed as disregarded entities or pass-through entities for federal and state income tax purposes, a purchaser of the transferable interests may succeed to the Judgment Debtor's tax position, including responsibility for allocations of income, gain, loss, deduction, or credit

SA.042

arising from operations of the Subject LLCs that were generated before or as of the date of transfer. Accordingly:

(i)   Within fifteen (15) days of entry of this Order, the Judgment Debtor and each Subject LLC shall prepare and deliver to the Judgment Creditors' counsel a written tax disclosure statement setting forth: (a) the adjusted tax basis of each Subject LLC's assets as of the most recent practicable date; (b) any pending or expected federal or state tax assessments, deficiencies, or audits; (c) the amount of any unrealized built-in gain or loss in the Subject LLCs' assets; and (d) any accrued but undistributed taxable income allocable to the Judgment Debtor's interest;

(ii)   Judgment Creditors shall provide prospective purchasers with access to the tax disclosure statement as part of the due diligence materials described in paragraph 6 of this Section;

(iii)   The notice of sale shall contain a written advisement that prospective purchasers should consult independent tax counsel prior to bidding, as the acquisition of an economic interest in a pass-through entity may result in the allocation of taxable income without a corresponding cash distribution; and

(iv)   Failure by the Judgment Debtor or the Subject LLCs to timely provide the tax disclosure statement may constitute contempt of court. Nothing in this paragraph shall limit the Judgment Creditors' right to proceed with the sale upon the Judgment Debtor's non-compliance, provided that the notice of sale discloses the Judgment Debtor's failure to produce the required tax information.

## G.   ALTERNATIVE JUDICIAL SALE

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

## H.   COOPERATION REQUIREMENT

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Provide access to all books and records of the Subject LLCs to facilitate due diligence by prospective purchasers; and

c. Take all steps necessary to cause each Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate may constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

Case Number: CACE22005125

**I.    RECEIVER**

The Court reserves jurisdiction to appoint a receiver over the Subject LLCs and/or their assets if necessary to enforce this Order, prevent the diversion of assets, or preserve the value of the transferable interests pending sale. The cost of any such receivership shall be assessed against the Judgment Debtor, Avrumi Lubin, and added to the outstanding judgment balance.

**J.    RESERVATION OF JURISDICTION**

The Court reserves jurisdiction to:

a. Enforce this Order and any order confirming a sale;

b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

c. Compel compliance by the Judgment Debtor, the Subject LLCs, or any third party;

d. Determine the commercial reasonableness of any private sale upon objection;

e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

f. Award attorneys' fees, costs, and sanctions; and

g. Grant any additional relief necessary to aid full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 15th day of May, 2026.

CACE22005125 05-15-2026 7:46 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : a.karten@yahoo.com
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com

Case Number: CACE22005125

Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com

Case Number: CACE22005125

Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com
barry jay glickman , E-mail : flservice@zeklaw.com
barry jay glickman , E-mail : bglickman@zeklaw.com

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT B

Final Default Judgment Against Teton Funding, LLC — Broward Cty. Cir. Ct. No. CACE-22-005125 (June 4, 2026) (Filing #249692011)

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE22005125**  DIVISION: **07**  JUDGE: **Haimes, David A (07)**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## FINAL DEFAULT JUDGMENT FOR PLAINTIFF

THIS CAUSE came before the Court for hearing on June 3, 2026, upon Plaintiffs' Motion for Entry of Default and Default Final Judgment against Impleaded Defendant TETON FUNDING, LLC, a Delaware Limited Liability Company ("Teton" or "Impleaded Defendant"). The Court, having considered the Motion, the entire record in this proceeding, and having been advised in the premises, and Judgment Debtor AVRUMI "JOSH" LUBIN being present at the hearing, and Teton Funding, LLC failing to appear by counsel or otherwise notwithstanding due and proper notice of today's hearing, hereby grants the motion based on the following:

1. This Court has jurisdiction over the subject matter of this proceeding and over the persons of all parties, including Impleaded Defendant Teton Funding, LLC. Venue is proper in Broward County, Florida.

2. On October 10, 2025, this Court entered a Final Judgment against Judgment Debtor AVRUMI "JOSH" LUBIN ("Lubin") in the amount of $8,841,219.72, plus interest accruing at the statutory rate from October 3, 2025, in favor of Plaintiffs/Judgment Creditors FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing LLC (collectively, "FVP" or "Judgment Creditors") (the "Final Judgment").

3. The Final Judgment remains unpaid and unsatisfied.

4. A Writ of Execution was duly issued on December 8, 2025, and has been returned unsatisfied.

5. On May 5, 2026, this Court entered an Order Granting Plaintiffs' Motion for Proceedings Supplementary and to Implead Teton Funding, LLC, finding that all statutory prerequisites of §56.29, Florida Statutes, had been satisfied. The Court's Order directed that a Notice to Appear issue to Teton Funding, LLC, directed to its registered agent, VCORP Agent Services, 108 W. 13th Street, Suite 100, Wilmington, Delaware 19801.

6. On May 6, 2026, Teton Funding, LLC was duly served with: (a) the Court's Order Granting Proceedings Supplementary and to Implead Teton Funding, LLC; (b) the Notice to Appear; and (c) Plaintiffs' First Set of Interrogatories, all directed to Teton Funding, LLC's registered agent, VCORP Agent Services, in Wilmington, Delaware, in compliance with Chapter 48, Florida Statutes. See Filing #248072750.

7. The Notice to Appear expressly directed Teton Funding, LLC to serve an affidavit upon Judgment Creditors' counsel no later than seven (7) business days after receipt of the Notice, i.e., on or before May 13, 2026, as required by §56.29, Florida Statutes. The affidavit was required to include all factual and legal defenses to the application of Teton's property toward the satisfaction of the Final Judgment, and to identify any claim of ownership or right in the property described in the Notice to Appear.

8. Teton Funding, LLC failed to file or serve any affidavit, response, pleading, or other paper of any kind by May 13, 2026, or at any time thereafter. Teton Funding, LLC has not appeared in this proceeding by counsel or otherwise.

9. On May 19, 2026, Judgment Creditors filed their Motion for Entry of Default and Default Final Judgment against Teton Funding, LLC, which was served upon Teton Funding, LLC's registered agent by mail.

10. This matter was noticed for hearing on June 3, 2026. Judgment Debtor Avrumi "Josh" Lubin was present at the hearing. Teton Funding, LLC failed to appear by counsel or otherwise, notwithstanding proper notice of today's hearing.

11. Teton Funding, LLC is a Delaware limited liability company. Upon the evidence presented in this proceeding, including the record and matters judicially established by Teton's default, Teton Funding, LLC is owned and controlled by Judgment Debtor Avrumi Lubin, its sole member. Lubin exercises complete dominion and control over the finances, operations, and assets of Teton Funding, LLC, including by paying personal expenses from Teton's accounts, commingling personal and entity funds, and failing to observe corporate formalities. A default conclusively establishes liability and Plaintiffs' entitlement to liquidated damages. Bowman v. Kingsland Dev. Inc., 432 So. 2d 660 (Fla. 5th DCA 1983)

12. At all times material hereto, Teton Funding, LLC was and is the mere instrumentality and alter ego of Lubin, such that the fiction of its separate corporate existence should be disregarded. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114 (Fla. 1984). Lubin uses Teton Funding, LLC to hold assets for his personal benefit and to shield those assets from the claims of the Judgment Creditors.

13. Teton Funding, LLC holds or controls assets that are, in equity, the property of Lubin and are subject to execution, including but not limited to: bank and deposit accounts; accounts receivable and revenue streams; investment accounts; and proceeds from litigation in which Teton Funding, LLC is a party — all as described in the Court's May 5, 2026 Order.

14. Transfers of property from Lubin, or from entities owned or controlled by Lubin, to or through

Teton Funding, LLC were made with actual intent to hinder, delay, and defraud the Judgment Creditors, in violation of §726.105(1)(a), Florida Statutes, and are avoidable on that basis. The following badges of fraud, set forth in §726.105(2), are present: (a) the transfers were made to an insider; (b) Lubin retained control of the transferred assets; (c) the transfers were made after this suit was filed and after the Final Judgment was entered; (d) no reasonably equivalent value was received; and (e) the transfers were concealed from the Judgment Creditors.

15. In the alternative, such transfers are avoidable as constructively fraudulent under §§726.105(1)(b) and 726.106, Florida Statutes, because they were made without reasonably equivalent value at a time when Lubin was insolvent, or the transfers rendered him insolvent, as evidenced by the wholly unsatisfied Final Judgment of $8,841,219.72.

16. Such transfers also constitute fraudulent asset conversions under §222.30, Florida Statutes, in that non-exempt assets were transferred into the name of an entity controlled by Lubin with the intent to place them beyond the reach of the Judgment Creditors.

17. By virtue of Teton Funding, LLC's failure to appear, failure to file the affidavit required by §56.29, Florida Statutes, and failure to raise any factual or legal defense, Teton Funding, LLC is in default. The allegations of the Judgment Creditors' Motion for Proceedings Supplementary and the matters deemed admitted by virtue of Teton's failure to respond establish, by default, that Teton Funding, LLC is the alter ego and mere instrumentality of Lubin, that its assets are subject to execution, and that the Judgment Creditors are entitled to a final judgment against Teton Funding, LLC.

18. Pursuant to §56.29(9), Florida Statutes, the Court is authorized to enter a money judgment against an impleaded defendant, irrespective of whether such defendant has retained the property. The outstanding balance of the Final Judgment, inclusive of accrued interest at the statutory rate from October 3, 2025, constitutes the measure of damages for which Teton Funding, LLC is liable.

19. The entry of final judgment against Teton Funding, LLC for the full outstanding amount of the Final Judgment is supported by the record, consistent with applicable law, and necessary to afford the Judgment Creditors the most complete relief available under §56.29. See Pollizzi v. Paulshock, 52 So. 3d 786, 789 (Fla. 5th DCA 2010) (§56.29 "must be given a liberal construction in order to afford a judgment creditor the most complete relief possible").

Based on the foregoing, the Court hereby concludes as a matter of law that:

20. All statutory prerequisites for the entry of a final default judgment against Impleaded Defendant Teton Funding, LLC under §56.29, Florida Statutes, have been satisfied.

21. Service of the Notice to Appear upon Teton Funding, LLC's registered agent on May 6, 2026, constituted proper and sufficient service pursuant to §56.29(2) and Chapter 48, Florida Statutes.

22. Teton Funding, LLC's failure to file the required affidavit within seven business days of service of the Notice to Appear, failure to raise any factual or legal defense, and failure to appear at

today's hearing constitute a default under §56.29, Florida Statutes, and Florida Rule of Civil Procedure 1.500.

23. By operation of such default, all factual allegations of the Judgment Creditors' Motion for Proceedings Supplementary are deemed admitted, including: (i) that Teton Funding, LLC is the alter ego and mere instrumentality of Lubin; (ii) that Teton holds assets that are the property of Lubin subject to execution; and (iii) that transfers to and through Teton Funding, LLC constituted fraudulent transfers under Chapter 726 and §222.30, Florida Statutes.

24. Pursuant to §56.29(9), Florida Statutes, the Court may enter a money judgment against Teton Funding, LLC, as an impleaded defendant, for the outstanding balance of the Final Judgment.

25. The Judgment Creditors are entitled to an award of taxable costs against Teton Funding, LLC pursuant to §56.29(8), Florida Statutes.

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

26. FINAL JUDGMENT IS ENTERED in favor of Plaintiffs/Judgment Creditors FVP OPPORTUNITY FUND III, LP, FVP INVESTMENTS, LLC, and FVP SERVICING LLC, and against Impleaded Defendant TETON FUNDING, LLC, a Delaware Limited Liability Company, for the full outstanding balance of the Final Judgment previously entered against Judgment Debtor AVRUMI "JOSH" LUBIN, in the principal amount of: $8,841,219.72 plus interest accruing thereon at the Florida statutory rate from October 3, 2025, for which sum let execution issue forthwith.

27. TETON FUNDING, LLC is hereby DETERMINED to be the alter ego and mere instrumentality of Judgment Debtor Avrumi "Josh" Lubin. The separate legal existence of Teton Funding, LLC is hereby disregarded for purposes of these proceedings supplementary and execution upon the Final Judgment.

28. All assets held by, in the name of, or traceable to TETON FUNDING, LLC, including but not limited to: (a) all deposit accounts, checking, savings, and money market accounts; (b) all accounts receivable, revenue streams, and business income; (c) all investment accounts, brokerage accounts, and cryptocurrency holdings; (d) all personal property, equipment, and inventory; and (e) all proceeds from any litigation in which Teton Funding, LLC is a party, ARE HEREBY ORDERED applied toward the satisfaction of the Final Judgment.

29. Any and all transfers of property from Lubin, or from Spin Capital, LLC, a New Jersey Limited Liability Company or any entity owned or controlled by Lubin, to or through Teton Funding, LLC, ARE HEREBY AVOIDED AND SET ASIDE as fraudulent transfers pursuant to §§726.105 and 726.106, Florida Statutes, and §222.30, Florida Statutes, to the extent necessary to satisfy the Final Judgment.

30. TETON FUNDING, LLC and all persons and entities acting in concert with it, including Judgment Debtor Avrumi Lubin, ARE HEREBY PERMANENTLY ENJOINED from transferring, encumbering, dissipating, pledging, or otherwise disposing of any assets of Teton

Case Number: CACE22005125

Funding, LLC pending full satisfaction of this Final Default Judgment.

31. The Judgment Creditors are entitled to their taxable costs of this proceeding, to be established by affidavit or motion filed within thirty (30) days of this Order, pursuant to §56.29(8), Florida Statutes.

32. This Court retains jurisdiction over the parties and the subject matter of these proceedings supplementary to enforce this Final Default Judgment and to enter such further orders as may be necessary or appropriate to effect satisfaction of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>4th day of June, 2026</u>.

CACE22005125 06-04-2026 5:37 PM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan I Karten , E-mail : a.karten@yahoo.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com
Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com

Case Number: CACE22005125

Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : assistant@blfmiami.com

Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT C

Notice of Private Sale of Transferable Interest (JL Special Investments, LLC) — sale date July 24, 2026 (Filing #250959313)

Filing # 250959313 E-Filed 06/23/2026 08:48:32 AM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, L.P.,   CASE NO: CACE-2022-005125
Et.al.
  **Plaintiffs,**

v.

AVRUMI LUBIN, et al.
  **Defendants,**

_____/

### NOTICE OF PRIVATE SALE OF TRANSFERABLE INTERESTS
### AND NOTICE OF PRIVATE SALE CONDUCTED BY ZOOM

PLEASE TAKE NOTICE that pursuant to the Court's Order Imposing Charging Orders, Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale entered on June 11, 2026 (the "Charging Order"), the undersigned, attorney for the Judgment Creditors, shall conduct a private sale of the transferable interests owned by Judgment Debtor AVRUMI LUBIN in the following limited liability company:

1. JL SPECIAL INVESTMENTS, LLC – A Delaware Limited Liability Company [#6426979]

The sale is being conducted pursuant to Section 605.0503, Florida Statutes, and the Court's Charging Order foreclosing the transferable interests of Avrumi Lubin in JL Special Investments, LLC.

DATE OF PRIVATE SALE: July 24, 2026
TIME OF PRIVATE SALE: 10:00 A.M.
LOCATION OF SALE: Conducted remotely via Zoom videoconference.

Alan Karten, Esq. is inviting you to a scheduled Zoom meeting.
Join Zoom Meeting
https://us02web.zoom.us/j/83334799768?pwd=WANiE5e5XLX6O0lDb3euTa
Og2L83YS.1

Page **1** of **4**

Meeting ID: 833 3479 9768
Passcode: 573412

The sale shall be conducted by Judgment Creditors' counsel, Alan I. Karten, Esq., as authorized by the Charging Order.

DESCRIPTION OF INTERESTS TO BE SOLD

The sale shall include the membership interest of the Judgment Debtor Avrumi Lubin in JL SPECIAL INVESTMENTS, LLC – A Delaware Limited Liability Company [#6426979]

The interests are being sold subject to the Court's Charging Order and any further orders entered by this Court.

OUTSTANDING JUDGMENT

As of the date of this Notice, the outstanding balance due under the Final Judgment, including accrued post-judgment interest, attorneys' fees, and costs, exceeds $4,513.427.80

METHOD OF SALE

The private sale shall be conducted in a commercially reasonable manner by Zoom videoconference and may proceed by:

(a) live oral bidding;
(b) sealed competing bids submitted in advance;
(c) credit bid by Judgment Creditors;
(d) negotiated sale; or
(e) any combination thereof.

The Judgment Creditors reserve the right to adjourn or continue the sale without further court order.

RIGHT TO CREDIT BID

Pursuant to the Charging Order, the Judgment Creditors may credit bid all or any portion of the outstanding Final Judgment, including accrued interest, attorneys' fees, and costs, without payment of cash.

QUALIFIED BIDDERS

Any prospective purchaser seeking to participate in the sale must provide the following no later than five (5) business days before the sale.

1. Written notice of intent to bid;
2. Proof of financial ability to close;
3. Contact information for bidder and counsel;
4. Executed confidentiality agreement, if requested;

The Judgment Creditors reserve the right to reject any bid not made in good faith or not commercially reasonable.

DUE DILIGENCE

Prospective bidders may request due diligence materials by contacting:

Alan I. Karten, Esq. - Email: alankartenlaw@gmail.com.

Access to due diligence materials may require execution of a confidentiality agreement.

RIGHT OF REDEMPTION

Pursuant to the Charging Order, Avrumi Lubin may redeem the transferable interests at any time before consummation of the sale by paying in full:

(a) the outstanding Final Judgment;
(b) accrued post-judgment interest;
(c) attorneys' fees and costs; and
(d) all reasonable expenses of the sale.

TAX NOTICE

The transferable interests involve single-member limited liability companies that may be treated as pass-through or disregarded entities for federal and state tax purposes. Prospective purchasers are advised to consult independent tax counsel prior to bidding, as the acquisition of the transferable interests may result in the allocation of taxable income without corresponding cash distributions.

NOTICE TO CREDITORS AND OTHER CLAIMANTS

Any person or entity claiming an interest in the transferable interests or asserting a lien thereon must provide written notice of such claim to the undersigned counsel prior to the sale date.

REPORT OF SALE

A Report of Sale shall be filed with the Court following consummation of the sale in accordance with the Charging Order.

Dated: May 19, 2026.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2026, I electronically filed this Notice of Private Sale with the Clerk of Court using the Florida E-Filing Portal in compliance with Rule 2.516(a).

Respectfully submitted,
Law Office of Alan I. Karten, PLLC
321 Anderson Pond Road
Aiken, South Carolina 29803
Telephone: (305) 490-2767
alankartenlaw@gmail.com

**___/S/ Alan I. Karten___**
Alan I. Karten, Esq.
Attorney for FVP
Florida Bar No. 200263

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT D

Agreed Order on Motion to Amend Judgment (Haimes, J.) — December 16, 2025 (Filing #237832049)

Filing # 237851514 E-Filed 12/16/2025 02:40:30 PM

## IN THE FOURTH DISTRICT COURT OF APPEAL
## STATE OFFLORIDA

AVRUMI LUBIN,

Appellant,

v.

FVP OPPORTUNITY FUND III, LP;
FVP INVESTMENTS, LLC; FVP
SERVICING, LLC; FRANKLIN CAPITAL
FUNDING, LLC; FRANKLIN CAPITAL
GROUP, LLC; FRANKLIN CAPITAL
MANAGEMENT, LLC; YISROEL
HERBST; MORDECHAI HERBST;
and HI BAR CAPITAL, LLC,

Appellees.

CASE NO. 4D2025-3564
LT No. CACE-22-005125

## NOTICE OF FILING
## TRIAL COURT'S ORDER DENYING POST TRIAL MOTION
### [RESOLVING THE COURT'S DECEMBER 9TH ABATEMENT ORDER]

Appellees, FVP Opportunity Fund III, LP, FVP Investments, LLC, and

FVP Servicing, LLC (collectively, the FVP Parties) hereby notice the filing of

the trial court's "Agreed Order on Motion to Amend Judgment" (attached),

which disposes of the motion tolling rendition that was pending in the trial

court, and thus resolves the basis for this Court's December 9th abatement

order.

This appeal is due to be recommenced.

CASE NO. 4D2025-3564
LT No. CACE-22-005125

Elliot B. Kula
Florida Bar No. 003794
Elaine D. Walter
Florida Bar No. 873381
KULA & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 221
Miami, Florida 33181
Telephone: (305) 354-3858
Facsimile: (305) 354-3822
eservice@kulalegal.com
elliot@kulalegal.com
elaine@kulalegal.com
*Counsel for Appellees, FVP Opportunity Fund III, LP,
FVP Investments, LLC, and FVP Servicing, LLC*

By: /s/ Elliot B. Kula
Elliot B. Kula

By: /s/ Elaine D. Walter
Elaine D. Walter

**CERTIFICATE OF SERVICE**

I certify that December 16, 2025, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516, this Notice of Filing was e-filed and served via the Florida courts ePortal on all counsel of record:

Stanley Q. Casey, Esq.
LAW OFFICES OF STANLEY Q. CASEY PLLC
1300 Washington Ave., # 618
Miami Beach, Florida 33139
scasey@sqcaseylaw.com
*Counsel for Appellant Avrumi Lubin*

Matthew Leto, Esq.
LETO LAW
201 South Biscayne Blvd., Ste 201
Miami, Florida 33131
mleto@letolawfirm.com
*Counsel for Appellees, the Hi Bar Parties*

2

CASE NO. 4D2025-3564
LT No. CACE-22-005125

Patrick Dorsey, Esq.
SHRAIBERG PAGE, PA.
2385 NW Executive Center D., #300
Boca Raton, Florida 33301
PDorsey@slp.law
*Counsel for Appellees, the Franklin Parties*

Jerry Breslin, Esq.
Jonathan Noah Schwartz, Esq.
SCHWARTZ | BRESLIN PLLC
The Dupont Building
169 East Flagler St., Ste. 700
Miami, Florida 33131
jb@jsjb.law
js@jsjb.law
*Co-Counsel for Appellees, the FVP Parties*

/s/ Elliot B. Kula
    Elliot B. Kula

3

CASE NO. 4D2025-3564
LT No. CACE-22-005125

# ATTACHMENT

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE22005125</u>   DIVISION: <u>07</u>   JUDGE: <u>Haimes, David A (07)</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

**<u>AGREED ORDER ON MOTION TO AMEND JUDGMENT</u>**

THIS MATTER came before the Court for hearing on December 16, 2025 on Defendant Avrumi "Josh" Lubin's Motion for Setoff under Fla. R. Civ. P. 1.530(g)  – Motion to Alter or Amend Judgment. The Court, having reviewed the motion, the record, and applicable Florida law, and after hearing the argument of counsel and the Court being otherwise fully advised in the premises, the Court finds:

1. Under Florida's statutory satisfaction scheme, payments toward a judgment are credited and publicly recorded through partial satisfactions, not by serial amendment or reduction of the judgment amount. Under §55.141, Florida Statutes, payments toward a judgment must be credited through Satisfaction(s) of Judgment filed by the judgment creditor, and a judgment is not reduced, amended, or discharged unless and until a satisfaction is recorded. Partial payments toward a judgment are credited with a partial satisfaction of the final judgment. *Earl W. Johnston Roofing, LLC v. Hernandez*, 296 So. 3d 925, 932 (Fla. 4th DCA 2020).

2. Judgment Creditors, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, "FVP Parties"), prior to the entry of this order have filed a Notice of Setoff and a Partial Satisfaction of Judgment as to the judgment entered against Defendant Avrumi "Josh" Lubin and Defendant Yoel Getter.

3. Defendant Avrumi "Josh" Lubin moved *ore tenus*, and is entitled to know, the source of the payments received by the FVP Parties to date to satisfy the judgment. Accordingly, the FVP Parties are ordered, over their objection, to provide the payment information and source of payments regarding recovery or settlement payments received in this litigation that make up the setoff amount. Counsel for Defendant Avrumi "Josh" Lubin shall maintain all such information as confidential and shall not reveal any such information to any third person or entity.

Accordingly, it is

Case Number: CACE22005125

ORDERED AND ADJUDGED:

1. **Defendant Avrumi "Josh" Lubin's Motion to Alter or Amend Judgment is DENIED without prejudice. The Final Judgment shall remain fully intact.**

2. Defendant Avrumi "Josh" Lubin's Motion for Setoff is moot based on the Notice of Setoff and Partial Satisfaction of Judgment filed by the FVP Parties.

3. The FVP Parties are directed to file an amended notice of setoff and amended notice of partial satisfaction to reflect any future settlement payments or judgment payments received by the FVP Parties from any other Defendant in this action.

4. This order is without prejudice to Defendant Avrumi "Josh" Lubin's rights to seek modifications of any setoff amount or partial satisfaction filed of record on proper motion.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 16th day of December, 2025.

CACE22005125 12-16-2025 11:25 AM

CACE22005125 12-16-2025 11:25 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan I Karten , E-mail : a.karten@yahoo.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Amanda Klopp , E-mail : jeanette.martinezgoldberg@akerman.com
Amanda Klopp , E-mail : luke.bovat@akerman.com
Amanda Klopp , E-mail : amanda.klopp@akerman.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Avrumi Lubin , E-mail : josh@spincapital.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com

Case Number: CACE22005125

Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
Charles Gourlis , E-mail : kzelaya@letolawfirm.com
Charles Gourlis , E-mail : pleadings@letolawfirm.com
David B Marks , E-mail : brett.marks@akerman.com
David B Marks , E-mail : charlene.cerda@akerman.com
David W Langley , E-mail : emily@flalawyer.com
David W Langley , E-mail : dave@flalawyer.com
David W Langley , E-mail : jessica@flalawyer.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Ethan J Strauss , E-mail : ethan@floridajusticefirm.com
Ethan J Strauss , E-mail : Ethan.HYRW@case.tinygnomes.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan E Kanov , E-mail : jekanov@mdwcg.com
Jonathan E Kanov , E-mail : kafriday@mdwcg.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Keith Lee , E-mail : klee@feenixpartners.com
Kristin Zankl , E-mail : kzankl@att.net
Legal Assistant , E-mail : receptionwlg300@gmail.com
Luke T Jacobs , E-mail : ljacobs@weillawfirm.net
Luke T Jacobs , E-mail : service@weillawfirm.net
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : 1820123420@filings.docketbird.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael Bernstein , E-mail : assistant@blfmiami.com

Case Number: CACE22005125

Michael James McMullen , E-mail : Michael@FloridaJusticeFirm.com
Michael James McMullen , E-mail : McMullen.ZCKM@case.tinygnomes.com
Nelly Pena , E-mail : janet.mcmurray@fmglaw.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard H Bergman , E-mail : rbergman@bj-law.com
Richard H Bergman , E-mail : irojas@bj-law.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Robert M Klein , E-mail : janet.mcmurray@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Steven Harry Meyer , E-mail : ross@professionalparas.com
Steven Harry Meyer , E-mail : steven@thefirm.legal
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT E

Order Denying Joint Motion to Distribute Registry Funds — In re Auto Wholesale of Boca, No. 22-15627-EPK (Bankr. S.D. Fla.), Dkt. 952 (Aug. 12, 2025)



**ORDERED in the Southern District of Florida on August 12, 2025.**

Erik P. Kimball
Chief United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                   Case No. 22-15627-EPK
                                                         Chapter 7
AUTO WHOLESALE OF BOCA, LLC,

Debtor.

_____/

### ORDER DENYING EXPEDITED JOINT MOTION

This is the Court's ruling on the *Expedited Joint Motion (I) To Enforce Sale Order and
(II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [Dkt. No. 931;
the "Joint Motion"]. The Court also considered the limited objection filed by Avrumi Lubin
[Dkt. No. 950] and the reply [Dkt. No. 951].

The debtor in this case, Auto Wholesale of Boca, LLC, filed a voluntary chapter 11
petition on July 22, 2022. Dkt. No. 1. The debtor claimed to be a wholesale dealer of exotic
and luxury vehicles. It had a number of vehicles in its possession at the time.

Two days after the debtor filed this case, creditors filed an adversary proceeding
against the debtor claiming that vehicles in the debtor's possession were not actually the

debtor's property and were subject to liens granted by another entity. Adv. Proc. No. 22-01218-EPK (the "Adversary Proceeding"). Other creditors made similar claims by adversary proceeding and by motion. *See, e.g.,* Adv. Proc. No. 22-01424-EPK; Dkt. Nos. 13, 72, 114, 127, 141, 252, 268, 356, 576, 578, 680. Eventually, the Adversary Proceeding came to include several parties claiming interests in vehicles held by the debtor. Dkt. No. 145, Adv. Proc. No. 22-01218 (Amended Complaint).

About 9 months after this case was filed, on May 1, 2023, the Court converted this case to chapter 7. Dkt. No. 584. By then it was clear that for at least a few years prior to this bankruptcy the debtor's business consisted almost entirely of lending money to another entity which is also a debtor before this Court. Tr. of Oral Ruling, Dkt. No. 610. When the Court converted this case, the debtor remained in possession of a number of vehicles, but the debtor had very weak and probably no claim to ownership of most of those vehicles. In its ruling, the Court stated: "It would not surprise me if the debtor in the end can claim no ownership at all." Tr. of Oral Ruling, Dkt. No. 610 at 20.

When the chapter 7 trustee took control of the debtor on May 2, 2023, he was mindful of the competing claims to the vehicles in his possession and the debtor's tenuous ownership of those vehicles. The trustee determined that the best approach would be to propose an auction sale of the vehicles, with the bankruptcy estate to obtain a small portion of the proceeds, and the lion's share of the net sale proceeds to be set aside so that parties claiming interests in the vehicles could address their disputes in another forum.

Within a week of his appointment, the trustee filed a motion to auction a number of vehicles in the estate's possession. Dkt. No. 618. The sale was to be free and clear of all liens and other interests under 11 U.S.C. § 363(f). The trustee asked the Court to approve a minimum amount to be retained by the estate for the benefit of unsecured creditors, in the form of a surcharge under 11 U.S.C. § 506(c).

Through the Adversary Proceeding and various motions for turnover, all parties claiming interests in the vehicles were before the Court. Several parties objected to the trustee's sale motion. *E.g.*, Dkt. Nos. 623, 630, 631, 632, 638, 639, 640, 641, 642, 644, 676, 678. After an initial hearing, the Court granted the sale motion in part, authorizing the trustee to retain the auctioneer, and set further hearings to consider how the net sale proceeds would be distributed and other concerns. Dkt. No. 634.

Over a period of several weeks, the trustee negotiated with all parties claiming liens on and interests in the vehicles. The trustee swiftly concluded terms acceptable to those parties and favorable to the bankruptcy estate. Only six weeks after his appointment, at the final hearing on the sale motion, the trustee presented an order approving the auction sale of the vehicles. Dkt. No. 694 (the "Sale Order").

Among other things, the Court authorized the trustee to sell certain vehicles free and clear of liens pursuant to 11 U.S.C. § 363(f). The trustee retained an agreed portion of the sale proceeds for the benefit of creditors. The remaining net proceeds from the sale were held pending adjudication by another court having competent jurisdiction or agreement of the parties claiming liens on or interests in the vehicles. The Sale Order included the following provision (the "Limiting Language"): "Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds." The Sale Order was later clarified but its primary terms were not changed. Dkt. No. 738.

After the auction sale, the trustee sought direction on where to deposit the proceeds from the sale less expenses and less the funds to be retained by the trustee for the benefit of creditors (the "Net Proceeds"). Dkt. No. 727. The trustee asked the Court to permit the Net Proceeds to be deposited in the registry of the Court "pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in

the Net Proceeds or consensual resolution as to their disposition." The Court granted that request and the Net Proceeds were accepted into the Court's registry. Dkt. No. 749. The Court later clarified that the Net Proceeds were subject to the Court's jurisdiction "for purposes of any disputes that may arise out of the Auction or its conduct, the condition of the Vehicles, or out of any alleged actions or omissions by the Trustee's Court-approved Auctioneer." Dkt. No. 807. No such claims were presented. Other than for this limited purpose, the trustee waived any interest in the Net Proceeds and the Court approved that waiver. Dkt. Nos. 694 and 738.

The trustee filed a final account on May 15, 2025. Dkt. No. 909. This case is fully administered. The only reason this case has not been closed is that the Net Proceeds remain in the registry of the Court. Because of this, the Court *sua sponte* entered its *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury and Setting Hearing Thereon*. Dkt. No. 911 (the "Order to Show Cause"). In the Order to Show Cause, the Court paraphrased the Limiting Language, making it clear that only certain parties may seek release of the Net Proceeds. The Court set a hearing on more than two months' notice and directed such parties to attend the hearing and present an agreement with regard to release of the Net Proceeds. The Court is aware that the relevant parties are litigating their disputes in another forum. The Court intended to give those parties sufficient time to provide joint instructions for release of the Net Proceeds according to their agreement, or to arrange for the funds to be lodged with an escrow agent or placed in the registry of the court where their litigation is pending.

In the Order to Show Cause, the Court did not invite motions from parties claiming an interest in the Net Proceeds. The Court made it clear that it did not intend to rule on any issue relating to any party's right in the Net Proceeds. In spite of this, a flurry of motions were filed including the Joint Motion now before the Court. Dkt. Nos. 925, 931, 938. The

Court initially denied all of those motions. Dkt. No. 941. However, the Court later vacated the denial of the Joint Motion and reset the Joint Motion for hearing. Dkt. Nos. 944, 945.

The following parties filed the Joint Motion: Franklin Capital Funding, LLC, Franklin Capital Group, LLC, Franklin Capital Management, LLC, FVP Opportunity Fund III, LP, FVP Investments, LLC, FVP Servicing, LLC, and Hi Bar Capital, LLC (together, the "Movants"). They ask the Court to direct the Clerk to release the Net Proceeds from the registry of the Court and disburse them to counsel for the FVP entities, Schwartz Breslin PLLC, "there to be further disbursed in accordance with the agreement between the Movants." In other words, the Movants have reached an agreement regarding application of the Net Proceeds among themselves, which they intend to effectuate if the Net Proceeds are released.

No one disputes that the Movants are, in name, the sole remaining parties that may seek release of the Net Proceeds consistent with the Limiting Language in the Sale Order. However, in his response to the Joint Motion, Mr. Lubin argues that he is the assignee of all claims of Hi Bar to the Net Proceeds. Mr. Lubin objects to release of the Net Proceeds as requested in the Joint Motion as he believes the Movants will not honor the assignment of Hi Bar's claims to him. Mr. Lubin does not object to release of the Net Proceeds to the trust account of FVP's counsel, but only if the funds are held subject to entry of an order of another court having competent jurisdiction.

In support of his argument that he holds Hi Bar's claims, Mr. Lubin points to two documents: a Common Interest and Joint Litigation Agreement dated January 28, 2022 between Spin Capital, LLC and Hi Bar (the "Common Interest Agreement"); and an Absolute Assignment of Interests and Rights dated March 17, 2025 between Spin and Mr. Lubin (the

"Absolute Assignment"). Dkt. Nos. 950-1 and 950-5.[1] In the Common Interest Agreement, Hi Bar assigned a number of claims to Spin including, specifically, Hi Bar's claims in this bankruptcy case and in the Adversary Proceeding, subject to termination and re-assignment back to Hi Bar. In the Absolute Assignment, Spin assigned all of its rights obtained under the Common Interest Agreement to Mr. Lubin.

At all relevant times during this bankruptcy case Mr. Lubin controlled Spin. Indeed, Mr. Lubin signed the Absolute Assignment as "Manager and Managing Member" of Spin. In his response to the Joint Motion, Mr. Lubin acknowledges his virtual identity with Spin for purposes of this case. Mr. Lubin states that, consistent with the Common Interest Agreement, he hired, paid, and directed the attorneys for Hi Bar who participated in this bankruptcy case and in the Adversary Proceeding. Mr. Lubin had full knowledge of the Adversary Proceeding and this bankruptcy case, including the sale process, through counsel that he controlled. In a prior order, the Court found that Mr. Lubin had notice of the sale motion, the final hearing on the sale motion, and the Sale Order. Dkt. No. 944. Mr. Lubin's response here supports those findings.

The Court previously stated that because Mr. Lubin is bound by all terms of the Sale Order including the Limiting Language, which does not reference him personally, that Mr. Lubin is not permitted to seek any relief in connection with release of the Net Proceeds. Dkt. No. 944. Based on the information now before the Court, the Court's view was incorrect.

Mr. Lubin claims to hold the rights of Hi Bar with regard to the Net Proceeds. He points to the Common Interest Agreement as the basis for his position. Hi Bar argues that

---

[1] Mr. Lubin also references an Authority to Represent executed August 1, 2023 among Hi Bar, individuals associated with Hi Bar, Mr. Lubin, and Leto Law Firm. Dkt. No. 950-3. That document relates to litigation in another bankruptcy case pending before this Court and does not appear to have anything to do with this bankruptcy case or the Adversary Proceeding. In any case, it is not necessary for the Court to address the Authority to Represent in this Order.

the Common Interest Agreement was terminated by written notice on April 3, 2024[2] and, in addition, that Mr. Lubin's refusal to pay legal fees was a breach of the agreement supporting termination. *See* Dkt. 925-1 at 74. Hi Bar thus claims that Mr. Lubin has no right to object to the Joint Motion. Mr. Lubin argues that the written notice was not effective to terminate the Common Interest Agreement according to its terms, and that his refusal to pay legal fees did not result in a breach of the entire agreement. Mr. Lubin argues that Hi Bar has no right to join in the Joint Motion.

As the Court has previously ruled, at this time the Court has no subject matter jurisdiction over any substantive disputes relating to the Net Proceeds. The Court retained jurisdiction over the Net Proceeds only to the extent of any claims relating to or arising from the sale process. No such claims were presented. Beyond that, the bankruptcy estate waived any interest in the Net Proceeds. The Net Proceeds remain in the registry of this Court solely as an accommodation to parties who are litigating their relative rights in another forum. The outcome of the disputes among the Movants and Mr. Lubin will have no impact on administration of this fully administered chapter 7 case. Even under the most liberal component of this Court's subject matter jurisdiction, meaning "related to" jurisdiction under 28 U.S.C. § 1334(b), this Court lacks the power to rule on these disputes. *See British Am. Ins. Co. Ltd. v. Fullerton (In re British Am. Ins. Co. Ltd.)*, 600 B.R. 890, 893-897 (Bankr. S.D. Fla. 2019) (discussing federal bankruptcy jurisdiction generally). This Court cannot and will not decide whether the Common Interest Agreement was terminated and, ultimately, whether Mr. Lubin holds the rights of Hi Bar relating to the Net Proceeds.

This Court of course has jurisdiction to interpret and enforce its own Sale Order. But the question whether Mr. Lubin is the ultimate assignee of Hi Bar is not one that may be

---

[2] This date is well after the entry of the Sale Order. Even under Hi Bar's view, Spin held Hi Bar's rights to the Net Proceeds at the time the Court entered the Sale Order.

determined by the Court merely enforcing the Sale Order. If Mr. Lubin is correct, at the time the Court entered the Sale Order Spin controlled Hi Bar's claims in this matter and Mr. Lubin controlled Spin. In Mr. Lubin's view, immediately upon entry of the Sale Order, Spin could direct counsel for Hi Bar to join in asking this Court to release the Net Proceeds.[3] Mr. Lubin alleges that Spin later assigned its rights to him personally. If this is true, then Mr. Lubin is the correct party to join with FVP and Franklin in the Joint Motion, not Hi Bar. Hi Bar argues that Mr. Lubin has no such right. The Court cannot resolve this dispute merely by considering the history of this bankruptcy case and the Sale Order.

Even if this Court had subject matter jurisdiction over the present dispute between Hi Bar and Mr. Lubin, the Court would abstain from the matter under 28 U.S.C. § 1334(c). Particularly in light of the procedural context of this case, which is fully administered, comity requires that this Court give way to the state court where these questions are more appropriately addressed.

The Movants are engaged in litigation before the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida regarding their relative rights to the Net Proceeds. Case No. CACE-22-005125 (the "Broward Action"). Based on a transcript of a recent hearing, Mr. Lubin is now active in the Broward Action. Dkt. No. 950-2. It appears that the court in the Broward Action has jurisdiction over the relevant disputes and can

---

[3] Contrary to the argument presented in the reply [Dkt. No. 951], neither Spin nor Mr. Lubin were required to oppose the relief granted in the Sale Order. Hi Bar's rights in the Net Proceeds were preserved by the Sale Order and the Limiting Language. According to Mr. Lubin, Spin held an assignment of Hi Bar's claims and had the ability to direct Hi Bar's actions, so Spin did not waive any rights by not participating in the sale hearings. Spin did not assign its rights in Hi Bar's claims to Mr. Lubin until much later, so Mr. Lubin had no need to participate individually at the time of the sale. For the same reason, the limitation in paragraph D of the Sale Order regarding Mr. Lubin's ability to seek relief relating to the Net Proceeds cannot prevent Mr. Lubin from later acquiring the rights of Hi Bar via Spin. Mr. Lubin is not now seeking to modify the Sale Order. If Mr. Lubin is correct, then he has the benefit of the Sale Order and the Limiting Language, as he holds the rights of Hi Bar.

determine which of the Movants and Mr. Lubin have rights in the Net Proceeds.  The Court encourages the parties to seek appropriate rulings in the Broward Action.

The Court will hold the hearing on the Order to Show Cause at 10:00 a.m. on August 27, 2025 as originally scheduled, and the Order to Show Cause remains in full force and effect.  The parties are strongly discouraged from filing additional motions and responses.

In light of the foregoing, the Court **ORDERS and ADJUDGES** as follows:

1.      The *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [Dkt. No. 931] is DENIED.

2.      This Court cannot and will not rule on the dispute between Avrumi Lubin and Hi Bar Capital, LLC regarding their relative rights in the Net Proceeds held in the registry of this Court.  The parties are encouraged to obtain a ruling from another court having competent jurisdiction or to present an agreement and a form of agreed order as directed in the Order to Show Cause.

3.      The hearing on the *Expedited Joint Motion (I) To Enforce Sale Order and (II) To Order Distribution of Auction Proceeds to Counsel for the FVP Parties* [Dkt. No. 931] set for August 13, 2025 is CANCELED.

###

Copy Furnished To:

Jerrell Breslin, Esq.

*Jerrell Breslin, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT F

Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP
Parties — AWB Dkt. 954 (Aug. 14, 2025), with Exhibit A

Case 22-15627-EPK Doc 954 Filed 08/14/25 Page 1 of 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,          Case No. 22-15627-EPK

       Debtor.                          Chapter 7

_____/

### *EXPEDITED* JOINT MOTION TO ORDER DISTRIBUTION OF AUCTION PROCEEDS TO COUNSEL FOR THE FVP PARTIES PURSUANT TO STATE COURT ORDER

**\*\* Expedited Hearing Requested \*\***

**The Court has scheduled a show cause hearing on August 27, 2205, regarding auction proceeds held in the registry. A court of competent jurisdiction has recently determined that Avrumi "Josh" Lubin, who previously objected to the release of the funds, lacks authority to do so.**

**The movants, whose initial request for the release of the funds was denied due to the Lubin objection, therefore renew their request and request that this motion be heard on or before August 27, 2025.**

This motion is being filed jointly by the following parties: (1) Franklin Capital Funding, LLC, Franklin Capital Group, LLC and Franklin Capital Management, LLC (jointly and severally, "Franklin" or the "Franklin Parties"), (2) FVP Opportunity Fund III, LP, FVP Investments, LLC and FVP Servicing, LLC (jointly and severally, "FVP" or the "FVP Parties"), and (3) Hi Bar Capital, LLC ("Hi Bar"). Franklin, FVP and Hi Bar (together, the "Movants"), pursuant to 11 U.S.C. § 105(a) and the inherent authority of the Court, respectfully request that the Court interpret and enforce the *Order Granting in Part Expedited Motion to Authorize Sale* (the "Sale Order") as set forth hereinbelow. ECF No. 694.

{2425/000/00549705}

Case 22-15027-EPK Doc 954 Filed 08/19/25 Page 2 of 12

1.    By prior motion (the "Initial Motion"), the Movants sought to have the Net Proceeds released to the escrow account of counsel for the FVP Parties. ECF No. 931.[1]

2.    Lubin objected to the Initial Motion and asserted an interest in the Net Proceeds based on a common interest agreement with Hi Bar. ECF No. 950.

3.    After review, the Court determined that it lacked subject matter jurisdiction to resolve the issues raised by Lubin and referred the parties to a court of competent jurisdiction. ECF No. 952.

4.    On August 14, 2025, the Circuit Court of Broward County, Florida (the "State Court") entered an order fully resolving the issues raised by Lubin (the "State Court Order"). The State Court Order finds *inter alia* that the common interest agreement was terminated, that Lubin lacks any ability to interfere with the Movants' settlement agreement, and that Lubin lacks any interest in the Net Proceeds.

5.    A copy of the State Court Order is attached as EXHIBIT "A".

6.    Accordingly, nothing precludes the Court from enforcing the Sale Order and ordering the distribution of the Net Proceeds to the trust account of counsel for the FVP Parties. *See* Sale Order ¶ 8.

---

[1]    Capitalized terms shall have the meanings ascribed to them in the Initial Motion unless otherwise defined herein.

{2425/000/00549705}

WHEREFORE, the Movants respectfully request the entry of an order (1) interpreting and enforcing the Sale Order, (2) directing that the auction proceeds in the registry of the Court be disbursed to the trust account of counsel for the FVP Parties, Schwartz Breslin PLLC, there to be further disbursed in accordance with the settlement agreement between the Movants, and (3) grant such other relief the Court deems appropriate.

**SHRAIBERG PAGE, P.A.**
Attorneys for Franklin
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:  /s/ Patrick R. Dorsey
     Patrick R. Dorsey, Esq.
     Fla. Bar. No. 0085841

Schwartz Breslin PLLC
Attorneys for FVP
The DuPont Building
169 East Flagler Street, #700
Miami, Florida 33131
Phone: (305) 577-4626
By:    s/ Jerrell Breslin
Jerrell Breslin, Esq.
Fla Bar No: 269573

**LETO LAW FIRM**
Attorneys for Hi Bar
201 South Biscayne Blvd., Sute. 201
Miami, Florida 33131
Telephone: (305) 341-3155
Facsimile:  (305) 397-1168

By:     /s/ Matthew P. Leto
        MATTHEW P. LETO
        FBN: 14504

{2425/000/00549705}

Case 22-13627-EPK   Doc 954   Filed 08/14/25   Page 4 of 12

## ATTORNEY CERTIFICATION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing on August 14, 2025.

By:   /s/ Patrick R. Dorsey
      Patrick R. Dorsey, Esq.
      Fla. Bar. No. 0085841

{2425/000/00549705}

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE22005125</u>  DIVISION: <u>07</u>   JUDGE: <u>Haimes, David A (07)</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER ON JOINT MOTION TO ENDORSE SETTLEMENT

THIS CAUSE came before the Court for hearing on August 13, 2025, on the *Joint Motion to Endorse Settlement Agreement* filed (the "Motion") jointly by: (1) Plaintiffs, FVP Opportunity Fund III, LP, FVP Investments, LLC, and FVP Servicing, LLC (jointly and severally, the "FVP Parties"); (2) Defendants/Cross-Plaintiffs, Franklin Capital Funding, LLC, Franklin Capital Group, LLC, and Franklin Capital Management, LLC (jointly and severally, the "Franklin Parties"); and (3) Defendants, Yisroel Herbst, Mordechai Herbst, and Hi Bar Capital, LLC (jointly and severally, the "Hi Bar Parties"). Present at the hearing were counsel for the FVP Parties, Franklin Parties, and Hi Bar Parties, together with: (1) David Langley, Esq., counsel for Defendant Avrumi "Josh" Lubin ("Avrumi Lubin") and (2) Micheal J. Kasen, Esq, who the Court admitted pro hac vice as co–counsel for Avrumi Lubin prior to the hearing and who participated via Zoom at the hearing in support of the objections filed and otherwise raised by Avrumi Lubin. Other attorneys listened to the hearing regarding the Motion on Zoom but did not participate therein.

After reviewing the Motion and other relevant documents, including the Common Interest and Joint Litigation Agreement ("Common Interest Agreement") between Hi Bar Capital, LLC ("Hi Bar") and Spin Capital, LLC ("Spin"), and the letter terminating that agreement dated April 3, 2024, and after hearing the arguments of counsel for all parties, the Court makes the following findings of fact and conclusions of law:

1. Beginning in the fall of 2022, the FVP Parties, Franklin Parties, and Hi Bar Parties were each parties in Adversary Proceeding No. 22-01218-EPK, which was pending in the United States

Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Bankruptcy Court"). The parties in the adversary proceeding were litigating their respective claims to vehicles removed from the Karma of Palm Beach, Inc. lot by other Defendants in this action, and which were claimed as part of the bankruptcy estate *In re: Auto Wholesale of Boca, LLC,* Case No: 22-15627-EPK, a bankruptcy case which was also pending in the Bankruptcy Court. That bankruptcy case proceeded to a two-day evidentiary hearing in March 2023, after which the Bankruptcy Court converted the case to a Chapter 7. *See* Case No: 22-15627-EPK – [ECF No. 584].

2. On June 23, 2023, pursuant to an agreement between the FVP Parties, Franklin Parties, Hi Bar Parties and the Chapter 7 Trustee, and at the Chapter 7 Trustee's request, the Bankruptcy Court endorsed said agreement, ordered the vehicles sold, and directed that the Net Proceeds from the sale be held as and distributed as follows:

> 8. The proceeds of the Auction, net of the Buyer's Premium, Expenses and Carveout (such net proceeds shall be referred to herein as the "Net Proceeds"), shall be held pending adjudication by a court of competent jurisdiction as to the validity, priority and extent of property interests asserted in the Net Proceeds or consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein. Only (i) parties to the Adversary Proceeding Complaint, or (ii) parties that have appeared in the main bankruptcy case and asserted an interest in the Vehicles, may make a claim against the Net Proceeds.

> 9. The Trustee, as the duly appointed chapter 7 trustee of the bankruptcy estate of Auto Wholesale of Boca, LLC, hereby waives all Liens and Interests, including any lien, ownership interest, property interest, security interest, or any other claim (as such term is defined in 11 U.S.C. § 101(5)) or interest of any kind whatsoever in the Net Proceeds and Vehicles. For the avoidance of doubt, the waiver includes any allegation that Auto Wholesale of Boca, LLC was a good faith purchaser of the Vehicles in the ordinary course under Fla. Stat. §§ 671.201(9) and 679.320(1).

> 10. The waiver of the Liens and Interests by the Trustee, as set forth in the preceding paragraph, is binding on Auto Wholesale of Boca, LLC in any future controversy, litigation, or any other dispute arising from or concerning the Net Proceeds. Auto Wholesale of Boca, LLC does not possess any Liens or Interests in the Net Proceeds, including any lien, security interest, or ownership or property interest whatsoever.

[See *Order Granting in Part Expedited Motion to Authorize Sale* [ECF. 618]  at [ECF. 694] at ¶ ¶ 6, 8 and 10]. (the "Bankruptcy Court Sale Order"). The terms "Adversary Proceeding" and "Net Proceeds" shall have the meanings ascribed to them in the Bankruptcy Court Sale Order.

Case 22-13027-EPK   Doc 954   Filed 08/19/25   Page 6 of 12

Case Number: CACE22005125

3. Thus, per the Bankruptcy Court Sale Order, the Net Proceeds were to be held in the registry of the Bankruptcy Court pending the occurrence of either: (i) adjudication by a court of competent jurisdiction as to the validity, priority and extent of interests in the Net Proceeds, or (ii) "consensual resolution between and among the parties whom have appeared in the main bankruptcy case or the Adversary Proceeding and asserted interests therein."

4. On July 26, 2025, the FVP Parties, Franklin Parties, and Hi Bar Parties entered into the consensual resolution (the "Settlement Agreement") contemplated by Bankruptcy Court Sale Order and filed a motion for the Bankruptcy Court to release the Net Proceeds pursuant to the consensual resolution. In response, Avrumi Lubin filed objections in the Bankruptcy Court and argued that Avrumi Lubin was the assignee of Hi Bar's rights and that Hi Bar had no authority to enter into the Settlement Agreement. In support of Avrumi Lubin's argument, he filed of record the Common Interest Agreement and an assignment of Spin's rights to Avrumi Lubin.

5. The Bankruptcy Court initially denied the FVP Parties', Franklin Parties', and Hi Bar Parties' joint motion for release of the funds, and after reconsideration, ultimately denied such motion, on the basis that it lacked subject matter jurisdiction to consider the dispute raised by Lubin regarding the enforceability and termination of the Common Interest Agreement.

6. In doing so the Bankruptcy Court specifically referred the dispute between Avrumi Lubin and Hi Bar to this Court as the court with jurisdiction to "determine which of the Movants and Mr. Lubin have rights in the Net Proceeds. The Court encourages the parties to seek appropriate rulings in the Broward Action." See *Order Denying Expedited Joint Motion*, [ECF. 952] at p 9.

7. This Court reviewed the Common Interest Agreement as well as a termination letter issued by the attorney for Hi Bar on April 3, 2024 and heard detailed argument by counsel for Avrumi Lubin, the Hi Bar Parties, FVP Parties and Franklin Parties.

8. This Court finds that Avrumi Lubin has no rights or standing to interfere with the Hi Bar settlement based on the plain language of the Common Interest Agreement. The Court further finds that the Common Interest Agreement was terminated by Hi Bar on April 3, 2024. The Court further notes that Avrumi Lubin took no action to refute Hi Bar's contractually permitted termination until the FVP Parties, Franklin Parties, and Hi Bar Parties came to a Settlement Agreement.

9. The Court finds that Hi Bar had the power and authority to enter into the Settlement Agreement with the FVP Parties and Franklin Parties. Avrumi Lubin, on the other hand, has no right or standing to object to the Settlement Agreement.

Accordingly, and for the reasons stated on the record at the August 13, 2025 hearing (court reporter present), which are incorporated herein by reference, it is hereby:

**ORDERED AND ADJUDGED** as follows:

10. This Court is the court of competent jurisdiction to resolve the dispute between Hi Bar and Avrumi Lubin as contemplated by the *Order Denying Expedited Motion* [ECF. 952] issued by the Bankruptcy Court.

11. This Court has reviewed the Common Interest Agreement, the termination letter and applicable law and has determined that neither Avrumi Lubin, nor any of this affiliated entities, have any rights to the Net Proceeds as that term is defined in the *Bankruptcy Court Sale Order* [ECF. 694] and *Order Denying Expedited Joint Motion*, [ECF. 952].

12. The Joint Motion to Endorse Settlement Agreement filed by the FVP Parties, Franklin Parties, and Hi Bar Parties is hereby **GRANTED** in its entirety.

13. Pursuant to the Settlement Agreement between the FVP Parties, Franklin Parties, and Hi Bar Parties, as stated to this Court on the record, the Net Proceeds should be distributed to the trust account of counsel for the FVP Parties.

14. This Court contemplates that this Order shall be filed of record in the Bankruptcy Court to inform the Bankruptcy Court that the dispute between Avrumi Lubin and Hi Bar regarding their relative rights in the Net Proceeds in the court registry has been resolved by a court of competent jurisdiction.

15. The FVP Parties, Franklin Parties, and Hi Bar Parties shall serve a copy of the Settlement Agreement on counsel for Avrumi Lubin and the Farache Defendants within five (5) days of this order.

16. The *ore tenus* motion to stay the effect of this order made by counsel for Avrumi Lubin is **DENIED**. As time is of the essence, this order shall have immediate effect and is binding unless vacated by court order or stayed by an appropriate court of appellate jurisdiction.

17. This Court retains jurisdiction to enforce this order as required.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>14th day of August, 2025</u>.

CACE22005125 08-14-2025 3:31 PM

CACE22005125 08-14-2025 3:31 PM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Amanda Klopp , E-mail : jeanette.martinezgoldberg@akerman.com
Amanda Klopp , E-mail : luke.bovat@akerman.com
Amanda Klopp , E-mail : amanda.klopp@akerman.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Avrumi Lubin , E-mail : josh@spincapital.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Bridgette N. Thornton, Esq. , E-mail : freelancethornton@gmail.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
Charles Gourlis , E-mail : kzelaya@letolawfirm.com
Charles Gourlis , E-mail : pleadings@letolawfirm.com
David B Marks , E-mail : brett.marks@akerman.com
David B Marks , E-mail : charlene.cerda@akerman.com
David W Langley , E-mail : emily@flalawyer.com
David W Langley , E-mail : dave@flalawyer.com
David W Langley , E-mail : jessica@flalawyer.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com

Case Number: CACE22005125

Elliot B Kula , E-mail : elliot@kulalegal.com
Ethan J Strauss , E-mail : ethan@floridajusticefirm.com
Ethan J Strauss , E-mail : Ethan.HYRW@case.tinygnomes.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel L. Wiegert, Esq. , E-mail : Joel.Wiegert@KutakRock.com
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan E Kanov , E-mail : jekanov@mdwcg.com
Jonathan E Kanov , E-mail : kafriday@mdwcg.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Keith Lee , E-mail : klee@feenixpartners.com
Kristin Zankl , E-mail : kzankl@att.net
Legal Assistant , E-mail : receptionwlg300@gmail.com
Luke T Jacobs , E-mail : service@wdpalaw.com
Luke T Jacobs , E-mail : ljacobs@wdpalaw.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Michael James McMullen , E-mail : Michael@FloridaJusticeFirm.com
Michael James McMullen , E-mail : McMullen.ZCKM@case.tinygnomes.com
Nelly Pena , E-mail : janet.mcmurray@fmglaw.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Robert M Klein , E-mail : janet.mcmurray@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Salvatore Fazio , E-mail : salfaziolaw@gmail.com
Salvatore Fazio , E-mail : sfazio@500law.com
Salvatore Fazio , E-mail : docketing@500law.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com

Case Number: CACE22005125

Steven Harry Meyer , E-mail : ross@professionalparas.com
Steven Harry Meyer , E-mail : steven@thefirm.legal
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT G

Order Granting Joint Motion — Registry Disbursement of $2,107,548.61 — AWB Dkt. 965
(Aug. 27, 2025)



**ORDERED in the Southern District of Florida on August 27, 2025.**

Erik P. Kimball
**Chief United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

AUTO WHOLESALE OF BOCA, LLC,                    Case No. 22-15627-EPK

Debtor.                                          Chapter 7

_____/

**ORDER (I) GRANTING EXPEDITED JOINT MOTION TO ORDER
DISTRIBUTION OF AUCTION PROCEEDS TO COUNSEL
FOR THE FVP PARTIES PURSUANT TO STATE COURT ORDER,
AND (II) DISCHARGING ORDER TO SHOW CAUSE**

THIS MATTER came before the Court for hearing on August 27, 2025 on the

*Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP*

*Parties Pursuant to State Court Order* (Dkt. No. 954, the "Motion"), and the *Order to Show*

*Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States*

*Treasury* (Dkt. No. 911). In the Motion, Franklin Capital Funding, LLC; Franklin Capital

Group, LLC; Franklin Capital Management, LLC; FVP Opportunity Fund III, LP; FVP Investments, LLC; FVP Servicing, LLC; and Hi Bar Capital, LLC (together, the "Movants") ask the Court to direct, pursuant to a settlement among the Movants, the release of certain funds held in the registry of the Court.

The history of this matter is set forth in detail in the Court's *Order Denying Expedited Joint Motion* (Dkt. No. 952), which is incorporated here in full. Capitalized terms have the meanings given in that order. The Court ruled that it could not and would not rule on the dispute between Avrumi Lubin and Hi Bar Capital, LLC regarding their relative rights in the Net Proceeds held in the registry of this Court. The Court encouraged the parties to obtain a ruling from another court having competent jurisdiction. They have done so.

In its *Order on Joint Motion to Endorse Settlement* entered on August 14, 2025 in Case No. CACE-22-005125 (Dkt. No. 954 Ex. A, the "State Court Order"), the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ruled, among other things, that neither Avrumi Lubin nor any of his affiliated entities have any rights to the Net Proceeds and that the Net Proceeds should be distributed to the trust account of counsel for certain of the Movants consistent with the settlement approved by that court. Following the State Court Order, the Movants are the only parties who may seek release of the Net Proceeds consistent with the Sale Order.

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    The *Expedited Joint Motion to Order Distribution of Auction Proceeds to Counsel for the FVP Parties Pursuant to State Court Order* (Dkt. No. 954) is GRANTED as provided herein.

2.    The Clerk is DIRECTED to disburse the Net Proceeds currently held in the registry of the Court, in the amount of $2,107,548.61 plus accrued interest (if any), to the

order of the law firm Schwartz Breslin PLLC, to be further disbursed according to the settlement approved by the State Court Order.

3.      Schwartz Breslin PLLC must contact the Financial Section to obtain the AO 213P form required for disbursement.

4.      Any and all objections are OVERRULED.

5.      The *Order to Show Cause Why Certain Funds Held by the Clerk Should Not Escheat to the United States Treasury* (Dkt. No. 911) is DISCHARGED.

###

Copy to:

Patrick Dorsey, Esq.

*Attorney Patrick Dorsey is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service with the Clerk.*

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT H

Hearing Transcript — Broward Cty. Cir. Ct. No. CACE-22-005125 (Haimes, J.), August 13, 2025 — EXCERPT: cover, transcript pages 14–16, 24–26, and 42–46 (containing Tr. 15:13–16:1, 25:5–14, 43:11–44:5, and 45:7–8), and reporter certification only; complete certified transcript available to the Court and all parties on request

Page 1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

Case No. CACE-22-005125

FVP OPPORTUNITY FUND III, LP, A DELAWARE
LIMITED PARTNERSHIP; FVP INVESTMENTS, LLC,
A DELAWARE LIMITED LIABILITY COMPANY; AND
FVP SERVICING LLC, DELAWARE LIMITED
LIABILITY COMPANY,

                Plaintiffs,
vs.
KARMA OF BROWARD, INC.,
a Florida corporation, et al.,

                Defendants.
_____/
HI BAR CAPITAL, LLC, a New York
limited liability company, et al.,
                Plaintiff,
V                              Case No. CACE-22-06401
KARMA OF PALM BEACH, INC.,
a Florida corporation, et al.,
_____/

                Judge David Haimes
                Broward County Courthouse
                201 Southeast Sixth Street,
                17150
                Fort Lauderdale, Florida 33301
                August 13, 2025
                1:30 p.m. to 4:50 p.m.

            ALL PENDING MOTIONS and
          MOTION FOR SUMMARY JUDGMENT

                Reported By:
          Cheryl L. Jenkins, RPR, RMR

Page 14

agreement are FVP, Franklin, and Hi Bar.

So what is Mr. Lubin's objection?

Hi Bar signed the settlement agreement. So we have a -- we've entered into an agreement with Hi Bar, it's signed, sealed, and it's in effect.

So Mr. Lubin objects because he says that, I entered into an agreement years ago with Hi Bar, where I agreed with Hi Bar that I would fund some of the litigation, and in return for that, I would be entitled to some of the proceeds. So they have what's called a common interest agreement. Their common interest agreement was more or less an assignment of claims in various lawsuits to which Spin would be entitled to some proceeds if there was a recovery.

So a year ago Mr. Leto notified Mr. Lubin that that agreement is breached, that's the common interest agreement. So he gave them a notice of breach. Since that time Hi Bar has been paying their own bills. So to the extent that there ever was an agreement, it has been terminated.

Let's assume for the moment that it was never terminated. If it was never terminated, Judge, Mr. Lubin does not have rights under that agreement to substitute in as a partner. Mr. Lubin -- the only rights Mr. Lubin has under that agreement is to sue Hi Bar, and

Page 15

that's our position, and that's the position that I made in the joint motion.

So we have an agreement. We have a settlement agreement. We want your Honor to endorse the settlement agreement so we can go back to Judge Kimball and say that this agreement has been endorsed, but Mr. Lubin objects to it because he says that our agreement breaches his agreement.

Well, the legal issue here is when Hi Bar signed that settlement agreement with FVP and Franklin, did they have the power to do so? And they did, of course they did. They had the power to sign that agreement. The only question is -- and even if it breached the prior agreement, they still have the power to enter into the agreement, and that gives Lubin a cause of action.

Why is that relevant? Because if you look at the common interest agreement, if Lubin, if there's a default under the common interest agreement, then Lubin would have to bring an action in New York, because the sole jurisdiction under that agreement is in New York. He would have had to have, a year ago, when he was noticed of the termination, brought an action in New York to try to somehow get an order from a New York court that would be honored by your Honor to give him some rights here.

But, Judge, the case is here, Hi Bar is the

Page 16

party.  Josh Lubin is not the party.  Josh Lubin is trying to say that I want to substitute in and become Hi Bar, but that's just an absurd ask, legally and factually, because what's he saying, I want to become Hi Bar?  We're suing Hi Bar for 7.5 million.  We've settled that.  So what is it, is Mr. Lubin saying, well, I want to become Hi Bar, but if there's a judgment against me for 7.5 million, I'm going to personally pay it?  He's not saying any of that.  So what it is, it's just, it's obstructionism.

So he has no legal grounds to prevent your Honor from endorsing the settlement agreement, because Hi Bar is Hi Bar.  They're their own company.

THE COURT:  Well, I understand your argument.  All right.

MR. BRESLIN:  They're --

THE COURT:  Let me do this, I take it everybody else is in agreement, correct, except for Mr. Lubin?

MR. LETO:  Yes, your Honor.  I also just want to add one more thing, if we can, Hi Bar.

THE COURT:  Go ahead.

MR. LETO:  If I can?

The only other thing I wanted to add is, Mr. Lubin also has literally no claim in this case.  In his pleadings, there's not a single pleading that he filed

Page 24

MR. LANGLEY:  I didn't understand that all pending motions included something filed yesterday after 5:00, Judge, but --

THE COURT:  No.

MR. LANGLEY:  -- I can --

THE COURT:  Again, you keep saying something after 5:00.  I was looking at the joint motion, and that's what I read, was the joint motion filed July 27th.

MR. LANGLEY:  That wasn't set for today, to my understanding but, Judge --

THE COURT:  Why would it not be?

MR. LANGLEY:  The simple resolution, we don't have an objection -- the urgency that they're claiming is Judge Kimball wants the money out of the bankruptcy court.  We're fine with the money coming to the state court registry or to Mr. Breslin's trust account. We just don't want it dispersed from there until you decide on a common interest agreement.

Mr. Leto says --

THE COURT:  Well, I may be deciding that in about 15 minutes, right?

MR. LANGLEY:  Well, your Honor --

MR. KASEN:  One more thing that I'd like to raise is that they're asking, the joint parties are asking for an endorsement of the settlement agreements, the terms

Page 25

of which haven't been disclosed to anybody.

I'm not exactly sure how your Honor can endorse a settlement agreement without knowing the terms of that --

THE COURT:  Wouldn't the bankruptcy -- you'd have to let the bankruptcy court know, right?  Unless it's not -- is it confidential?

MR. BRESLIN:  Judge, the agreement is not confidential.  The agreement has resolved the issue between Hi Bar and Franklin, and we've notified the bankruptcy court that the matter is resolved, and we're notifying your Honor that the matter is resolved.  I'm happy to supply a copy of the settlement agreement to your Honor, but that's never been an issue.

Mr. Lubin is saying, Mr. Lubin is not --

THE COURT:  Hang on.

So as far as the percentages of the 2 million plus that's in the bankruptcy, you're not willing to put that on the record as to what each has?

MR. BRESLIN:  Well, it's --

THE COURT:  Is it supposed to be confidential?

MR. BRESLIN:  Well, the settlement agreement is, 100 percent of the money in the bankruptcy court is going to the FVP parties.

Page 26

THE COURT:  Okay, and then what does Franklin and Hi Bar get out of it?

MR. BRESLIN:  Franklin, we have a separate agreement with Franklin, and they share the FVP proceeds, and what Hi Bar is getting is there's a release of claims against the individual members.

Don't forget, Judge, we're suing Yisroel Herbst for $7.5 million, just like we're suing Mr. Lubin for $7.5 million.

THE COURT:  Okay.

MR. BRESLIN:  So there's a release of Mr. Herbst, and there are other terms and conditions in there.

THE COURT:  All right, and as far as Franklin goes?

MR. BRESLIN:  Franklin gets its share of the bankruptcy proceeds pursuant to a separate agreement with FVP.

THE COURT:  Okay.

MR. KASEN:  Your Honor, what the parties are intending to do here is cut off any rights that Lubin may have to those funds, and (inaudible) them beyond his reach by cutting Hi Bar out of that --

THE COURT:  No, I understand that, but -- of course that's what they're trying to do, and the question

Page 42

would respectfully request a stay of the order for 30 days to --

THE COURT:  All right.

MR. LANGLEY:  -- give us a chance --

MR. BRESLIN:  Judge, Judge, then we have to try the case.  You know, then we have --

MR. LETO:  Is he posting a bond?  I mean, it's --

MR. BRESLIN:  Judge, I vigorously --

THE COURT:  Hang on, hang on, hang on.  All right.

MR. BRESLIN:  If they want to take an appeal --

THE COURT:  It's an ore tenus motion to stay, that's denied.

MR. BRESLIN:  Thank you.

THE COURT:  All right.  If they want to take it on appeal, my guess is they're going to have to post a supersedeas bond.

MR. DORSEY:  Judge, this is Mr. Dorsey for the Franklin parties.  Just one point of clarification.

Judge Kimball has been very clear, he thinks he lacks subject matter jurisdiction to determine any facet of this dispute.

Can the order granting the motion instruct

Page 43

the bankruptcy court to release the funds to Mr. Breslin's escrow account?

THE COURT:  I can't order the bankruptcy court to do that.

What I can order is that, I do make a ruling that Mr. Lubin does not have an interest for the reasons stated on the record, does not have an interest.

MR. BRESLIN:  Thank you.

MR. DORSEY:  Thank you, Judge.

MR. BRESLIN:  That's plenty.

MR. KASEN:  Your Honor, I would ask -- if that's your Honor's ruling, I respect that.

I would ask that the Court is of that ruling require the full text of this particular settlement agreement and any related settlement agreements be made public, or at least provided to Mr. Lubin.

MR. LANGLEY:  Judge --

MR. LETO:  Under what authority?  Discovery closed, like, weeks ago.

MR. LANGLEY:  We filed a notice to produce at the last hearing on behalf of Lubin.  At the same hearing --

THE COURT:  All right.  Is there an objection to turning over the settlement agreement?  I don't even know, is it titled confidential or not?

Page 44

MR. LETO:  There's no confidential --

MR. BRESLIN:  I have no objection.  I think he's entitled to see it.

THE COURT:  All right.  So Mr. Kasen, your client will get a copy of the settlement.

MR. KASEN:  And all related settlement agreements, because the (inaudible) --

THE COURT:  Well --

MR. KASEN:  -- one settlement agreement that puts all the money to FVP, then there are separate settlement agreements between the FVP parties and the Franklin parties, and separate settlement agreements then between the FVP parties and Hi Bar parties.

MR. LETO:  There's only one agreement with Hi Bar, your Honor.

THE COURT:  All right.  I guess the starting point will be the settlement agreement between the three parties, which includes Hi Bar.  If there's a separate settlement agreement, I have no -- first of all, is there an objection to turning that over?

MR. BRESLIN:  Judge, the Franklin parties and FVP have a common interest agreement, and in that common interest agreement is a blanket agreement.  So that would apply to any of these funds.

MR. LANGLEY:  But FVP --

THE COURT:  And is that confidential?

MR. BRESLIN:  Well, it's stated as confidential.  No one has ever moved to produce it.

THE COURT:  All right.  I would defer that one for another day then.

MR. BRESLIN:  Right, thank you.

MR. LETO:  We'll provide the Hi Bar settlement.

THE COURT:  All right.

MR. BENNARDINI:  Can the Farache --

MR. LANGLEY:  Thank you, Judge.

MR. BENNARDINI:  Can the Farache defendants get a copy of that, too, please, Judge?

MR. LETO:  I will send it to you.

MR. BENNARDINI:  Thank you.

MR. BRESLIN:  I'm glad that was the easy one, Judge.

(Laughter.)

THE COURT:  Yeah, I jinxed myself.

MR. BRESLIN:  Let's move on to the tougher ones.

THE COURT:  All right.  So that takes care of the -- well, that takes care of the trial then as well, as long as --

MR. BRESLIN:  It takes care of --

Page 46

THE COURT:  No, I'm sorry, the first trial.

MR. BRESLIN:  -- a lot of it.

MR. DORSEY:  Most of it.

THE COURT:  There's still some issues though?

MR. BRESLIN:  Right, there's still the remaining claims against Mr. Lubin.  There is a default against Mr. Getter (phonetic).  So, and there's cross-claims by Franklin against Mr. Lubin.  So, the first trial is --

THE COURT:  And so that would not --

MR. BRESLIN:  -- trimmed down dramatically.

THE COURT:  So that one could not be done at the same time as the Farache defendants?

MR. BRESLIN:  There are -- it would be very difficult to try them at the same time.  They're completely separate issues, Judge, and that's why they were separated in the first place, and the exhibits in reference to Mr. Lubin's liability has nothing to do with the Farache liability.  It is just, it's apples and oranges, Judge.

And we have the --

THE COURT:  So let me ask you, if you're releasing all claims to Hi Bar as part of the settlement --

Page 139

CERTIFICATION

STATE OF FLORIDA          :

COUNTY OF MIAMI-DADE   :


I, Cheryl L. Jenkins, RPR, RMR, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were taken before me at the date and place as stated in the caption hereto on page 1; that the foregoing computer-aided transcription is a true record of my stenographic notes taken at said proceedings.

WITNESS my hand this 18th day of August, 2025.


_____

CHERYL L. JENKINS, RPR, RMR

Court Reporter and Notary Public
in and for the State of Florida at Large
Commission #HH 170910
December 27, 2025

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT I

Hearing Transcript — Broward Cty. Cir. Ct. No. CACE-22-005125 (Haimes, J.), June 2, 2026 — EXCERPT: cover, pages containing Tr. 9:7–11:12, and reporter certification only; complete transcript available on request

# FVP vs. Lubin

## June 2, 2026



**YM Legal Services**
**954-334-1092**
**info@ymlegalservices.com**
**www.ymlegalservices.com**

8

for the cars that were seized and sold, and some other things, other assets that were recovered. So, Mr. Karten, can you give Mr. Lubin just, it can be a quick summary that starts with the judgment amount.

MR. KARTEN:  We gave him that.

THE COURT:  And as --

MR. KARTEN:  He didn't --

THE COURT:  -- the credits out the credits.  All right. So, Mr. Lubin, what else are you looking for?

MR. LUBIN:  I want to -- but Your Honor just mentioned, we -- $4 million. They purported in their own motions, in this case, that there was $15 million in collateral.  Let's say that was overvalued and it's really a lot less, the numbers don't add up.

THE COURT:  Just because the collateral might have been valued at some, it's the money you get in hand --

MR. LUBIN:  Correct.

THE COURT:  -- and there was an amount of money that was recovered in the bankruptcy case, and that's where I think that credit's coming from.  Is that correct, Mr. Karten?

MR. LUBIN:  Part of it.

MR. KARTEN:  That's correct.

MR. LUBIN:  Right. So, I'm saying it could be that number of his own, but $4 million from $15, plus they

got settlements from other people.  Your Honor said that anyone that they collected from would get applied towards me, so I want basically --

THE COURT:  Mr. Karten, have you applied everything you've recovered from others and given credit to Mr. Lubin?

MR. KARTEN:  We have not only that, but we gave him the accounting, I'm reading it right now of --

MR. LUBIN:  What accounting?  You just gave me a number.

THE COURT:  All right. Mr. Karten, can you share that on the screen?

MR. KARTEN:  I believe so.  Let me see.  I'm not really good at this, but I'll be happy.

MR. LUBIN:  Your Honor, I got no accounting. I don't know what he is talking about.

MR. KARTEN:  Is it up there?

THE COURT:  Yes.

MR. KARTEN:  All right.  So, --

THE COURT:  Can you make that a little bit bigger.

MR. KARTEN:  I certainly, I hope so.

THE COURT:  At the bottom, hit that plus sign.

MR. KARTEN:  The bottom plus signs.  I'm not very good at this.

10

MR. LUBIN:  Okay. Right off the bat, I already see correct numbers. He write $3.1 million from settlements, plus I know there's a $2.2 million wire public in the Court that FVP received.  That would equal right there $5.2 million, so your numbers already are off.

THE COURT:  All right.

MR. LUBIN:  Plus, these other numbers -- these numbers don't add up.  I can prove from the records.

THE COURT:  Well, when he's ready to pay it off. You can have a set-off hearing.

MR. LUBIN:  That's fine.

MR. KARTEN:  He can have a set-off hearing.

THE COURT:  So right now, what do you think, Mr. Lubin?

MR. LUBIN:  They're lying about the numbers. I mean, I don't mean to be so blunt.

THE COURT:  Figure out what numbers you think it is and then pay them the difference. You know, write them a check.

MR. LUBIN:  I understand, but I don't have the money.

THE COURT:  The purpose is of today, you want to stay their enforcement proceedings?

MR. LUBIN:  Sir, on target -- on limited

11

enforcement proceedings just to slow things down and

prevent irreversible harm and hopefully I can have an

attorney in the next couple of weeks.

THE COURT: I've heard that all before, Mr. Lubin.

I know it's not what you want to hear, but they're

going to --

MR. LUBIN: Also, can I get this document.

THE COURT: -- try and turn over every rock to

find whatever money they can to pay off their judgment.

And so, it is what it is. I'm going to deny the Motion

to Stay. That being said, if you're challenging any of

the numbers, set it down for a set-off hearing. Okay?

MR. LUBIN: Can Your Honor order that I'm entitled

to this document that they're providing and how they

got to these numbers?

MR. KARTEN: Josh, I will give you this document.

THE COURT: Yes, just so we have a Court order.

MR. KARTEN: No problem. I'll send it to you

right now.

THE COURT: So, Mr. Karten, I'm ordering you to

send this over to him, to Mr. Lubin, today.

MR. KARTEN: I'm going to send it right now.

THE COURT: All right.

MR. LUBIN: Am I able to get --

THE COURT: But the Motion to Stay is denied. I

guess I will see you again tomorrow. All right. You all have a great day. I have about 60 jurors sitting outside. So, I've got to -- as far as the stay, Mr. Lubin, I know it's moving fast, and you don't want your companies to get foreclosed on, but the other option is to pay them the money and then hopefully win on appeal, and then you get your money back.

MR. KARTEN: For the record, I just sent it to Mr. Lubin.

MR. LUBIN: If I win on appeal and they foreclose on my entities, which there's a question if it's legal because, Your Honor, they're applying Florida law to corporations that are not Florida corporations. That's not --

THE COURT: -- We'll see what happens. But if I'm wrong and you get your money back, the flip side is if I stay it and then you're wrong and, you know, I get affirmed on appeal and then they go to collect and now the money is gone, then they lose out.

MR. LUBIN: I'm not asking -- Your Honor, I'm not asking for a stay on the money judgment. I'm asking for a stay on the foreclosure proceeding that Your Honor specifically mentioned.

THE COURT: Yeah, but --

MR. KARTEN: That's part of the money judgment.

14

REPORTER CERTIFICATE

STATE OF FLORIDA

BROWARD COUNTY


    I, JENILEE SALYERS, do hereby certify that I was
authorized to and did report the foregoing proceedings;
and that the transcript is a true and correct
transcription of my notes of the proceedings.

    I further certify that I am not a relative, employee,
attorney or counsel of any of the parties, nor am I a
relative or counsel connected with the action, nor am I
financially interested in the action.


    Dated this 8th day of June 2026



_____

_Jenilee Slayers_

JENILEE SALYERS

Notary Public, State of Florida

**A**

a.m 1:20 13:13
a/k/a 1:13
able 11:24
above-entitled 1:17
account 7:2
accounting 4:4 4:11,13,18,19 4:20 5:7 6:1,13 6:16,17 9:8,9 9:15
action 14:12,13
add 8:14 10:9
affirmed 12:18
ahead 6:10
Aiken 2:9
al 1:7,10 3:4,4,5
Alan 2:7,12 3:7
alankartenlaw... 2:11
amount 8:4,18
Anderson 2:8
appeal 3:20 12:6 12:10,18
appearances 2:1 3:4,5
Appellate 3:20 3:22
applied 9:2,4
applying 12:12
arguments 13:3
asking 12:20,21 12:21
assets 8:2
attorney 3:16,25 11:3 14:11
authorized 14:7
Avrumi 1:13 3:5

**B**

back 12:7,16
bankruptcy 8:19
basically 9:3
bat 10:1
behalf 2:3,6 3:6,7 3:11,12

believe 4:8 9:13
better 7:20
bid 5:6
bigger 9:21
bit 7:9 9:20
blunt 10:17
bottom 9:23,24
breaking 7:4
brief 3:24
broke 6:15
BROWARD 1:2 14:4
Bye 13:12

**C**

CACE-22-0051... 1:3
CACE-22-5125 3:3
can't 6:5,6,9 7:12 7:13,22
capital 5:5
cars 8:1
case 1:3 3:3 8:12 8:19 13:5
cause 1:17
certainly 9:22
CERTIFICATE 14:1
certify 14:6,10
challenging 11:11
chance 4:16
check 10:20
CIRCUIT 1:1,1
CLERK 7:15
CMS 4:22
coincide 5:20
collateral 8:13,15
collect 12:18
collected 9:2
coming 8:20
commencing 1:20
companies 12:5
concluded 13:13
connected 14:12

continue 5:15
corporations 12:13,13
correct 5:21 8:17 8:21,23 10:2 14:8
counsel 2:1 14:11 14:12
COUNTY 1:2 14:4
couple 5:3 11:3
Court 1:1,24 3:2 3:9,11,13,18,22 4:7,9,11,14,15 4:16,25 5:20,24 6:3,6,9,12,18 6:21,23 7:1,3,5 7:6,7,9,12,13 7:14,16,18,19 7:21,22,25 8:6 8:8,15,18 9:4 9:11,18,20,23 10:4,7,10,14,18 10:23 11:4,8,17 11:17,20,23,25 12:15,24 13:1,2 13:3,9
create 5:4
credit 5:6 9:6
credit's 8:20
Creditors 1:8
credits 8:8,8
cut 7:8
cutting 7:18

**D**

damage 5:5
Dated 14:15
dates 5:20
David 1:5,18
day 1:19 5:22 12:2 13:4,10 14:15
Debtor 1:14
default 5:15
DEFENDANT 2:3

Defendant/Jud... 1:14
Defendants 1:11
denied 4:1 11:25 13:6
deny 11:10
didn't 8:7
difference 10:19
different 7:25 13:4
Division 1:4
document 4:22 11:7,14,16
documents 4:15 5:9
doesn't 4:5 13:2
doing 13:7
don't 5:19 6:1,4 6:14,19 8:14 9:16 10:9,17,21 12:4

**E**

either 6:9
Emergency 3:19
employee 14:10
enforcement 3:19 10:24 11:1
entities 5:5 12:11
entitled 4:24 11:13
equal 10:5
ESQUIRE 2:12
et 1:7,10 3:3,4,5
extension 3:23

**F**

far 12:3 13:4
fast 12:4
Figure 10:18
file 4:21,22
filed 3:21
financially 14:13
find 11:9
fine 10:12
finish 4:17
finished 3:24
first 3:5 4:13

flip 12:16
Florida 1:2,25 12:12,13 14:3 14:19
focus 4:13
foreclose 12:10
foreclosed 12:5
foreclosure 4:14 5:4,15 12:22
foreclosures 13:4
foregoing 14:7
Fund 1:7 3:3
further 4:25 14:10
FVP 1:7 3:3 4:4 10:4

**G**

getting 3:16
give 8:3 11:16
given 9:5
go 4:2 6:10 12:18
going 4:2,18 7:5 11:6,10,22 13:5 13:7
good 3:9,10 7:21 9:14,25 13:9
grant 4:4
granted 4:11 5:7 5:10
great 12:2 13:10
guess 12:1

**H**

Haimes 1:5,18
half 4:1
hand 8:16
Hang 4:9
happens 12:15
happy 9:14
harm 11:2
hate 6:2
he's 10:10
hear 6:3,5,7,8,9 6:11,12 7:12,13 7:17 11:5 13:3
heard 11:4
hearing 1:17 3:20

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT J

Fourth Amended Complaint — FVP v. Lubin, No. CACE-22-005125 (Sept. 25, 2024) (Filing #207710056) — EXCERPT: caption, veil-piercing allegations (¶¶ 36, 38), and closing pages only; complete pleading available on request (also filed by the movants at Dkt. 15)

Filing # 207710056 E-Filed 09/25/2024 10:36:24 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-05125

FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership; FVP INVESTMENTS, LLC, a Delaware limited liability company; and FVP SERVICING, LLC, a Delaware limited liability company,

     Plaintiffs,

vs.

KARMA OF BROWARD, INC., a Florida corporation; KARMA OF PALM BEACH, INC., a Florida corporation; SCOTT ZANKL, an individual; KRISTEN ZANKL, an individual; MOSHE FARACHE, an individual; LISA FARACHE; AUTO WHOLESALE OF BOCA, LLC, A Florida limited liability company; 1001 CLINT MOORE, LLC, a Florida limited liability company; MMS ULTIMATE SERVICES, INC., a Florida profit corporation; HI BAR CAPITAL, LLC, a New York limited liability company; YISROEL HERBST; an Individual; SPIN CAPITAL, LLC., a New York limited liability company; AVRUMI LUBIN a/k/a JOSH LUBIN, an individual; YOEL GETTER, an individual; GRANER LAW GROUP, P.A., a Florida profit corporation d/b/a GRANER PLATZEK & ALLISON, P.A.; THOMAS U. GRANER, an individual; VANTIFF LLC, a Florida limited liability company; MILLCO-ATWATER, LLC, an Illinois limited liability company; and FRANKLIN CAPITAL FUNDING, LLC, a Delaware limited liability company;

     Defendants.

_____/

## FOURTH AMENDED COMPLAINT

### JURY TRIAL DEMANDED IN COUNTS I THROUGH XIX AND XXVIII

COME NOW the Plaintiffs, FVP Opportunity Fund III, LP, a Delaware limited partnership (the "FVP Fund"), FVP Investments LLC, a Delaware limited liability company ("FVP Investments"), and FVP Servicing, LLC, a Delaware limited liability company ("FVP Servicing") (collectively, the FVP Fund, FVP Investments, and FVP Servicing are the "Plaintiffs" or the "FVP Parties"), by and through their undersigned counsel, and sue the Defendants, Karma of Broward, Inc., a Florida corporation ("Karma of Broward" or "KB"); Karma of Palm Beach, Inc., a Florida

Page 1 of 92

corporation ("Karma of Palm Beach" or "KPB") (collectively, Karma of Broward and Karma of Palm Beach are the "Karma Entities"); Scott Zankl, an individual ("Scott Zankl" or "Zankl"); Kristen Zankl, an individual ("Kristen Zankl"); Moshe Farache, an individual ("Moshe Farache"); Lisa Farache, an individual ("Lisa Farache"); Auto Wholesale of Boca, LLC, a Florida limited liability company ("AWB"); 1001 Clint Moore, LLC, a Florida limited liability company ("1001 Clint Moore"); MMS Ultimate Services, Inc., a Florida profit corporation ("MMS"); Hi Bar Capital, LLC, a New York limited liability company ("Hi Bar"); Yisroel Herbst, an individual ("Herbst"); Spin Bar Capital, LLC, a New York limited liability company ("Spin"); Avrumi Lubin a/k/a Josh Lubin, an individual ("Lubin" or "Josh Lubin"); Yoel Getter, aka Yisroel Getter, an individual ("Getter" or "Yoel Getter" or "Joel"); Graner Law Group, PA, a Florida profit corporation d/b/a Graner Platzek & Allison, P.A. (the "Graner Law Group"); Thomas U. Graner, an individual ("Graner"); Vantiff LLC, a Florida limited liability company ("Vantiff"); and Millco-Atwater, LLC, an Illinois limited liability company ("Millco-Atwater") .

For the purposes of this Fourth Amended Complaint collectively, Moshe Farache, Lisa Farache, 1001 Clint Moore, MMS, Hi Bar, Lubin, Getter, the Graner Law Group, and Graner are the "Part I Defendants". The FVP Parties sue the Part I Defendants for monetary damages and equitable relief, and demand a trial by jury on Counts I through XIX of this Fourth Amended Complaint.

In Part II of this Fourth Amended Complaint, the FVP Parties sue the Karma Entities, Scott Zankl, Kristen Zankl, Hi Bar, and Franklin (collectively, the "Part II Defendants") for foreclosure of security interests and contract claims.

In Part III of this Fourth Amended Complaint, the FVP Parties sue Vantiff and Millco-Atwater to recover fraudulent transfers under Florida's Uniform Fraudulent Transfer Act.

### Amendments to the Third Amended Complaint

This Fourth Amended Complaint keeps the numbering of the Counts in the Third Amended Complaint ("TAC") to avoid confusion, and adds claims against newly added party Defendant Yoel Getter in Counts I, II, III, and IV. Parties have been dropped in Counts V, VI, VII, VIII, and XIX. The counts against the remaining Defendants plead the same causes of action in the same numbered counts as the TAC with additional ultimate facts and Exhibits as to certain Defendants. The counts that have been dismissed or on which judgments having been entered are so indicated.

25.     At all times material hereto, Defendant Spin was and is a New York limited liability company ("Spin") doing business in Broward County, Florida, and is otherwise *sui juris*. Defendant Spin is named as a party Defendant as one of the alter egos of Defendant Lubin which engaged in illegal activity in Broward County, Florida.

26.     At all times material hereto, Defendant Herbst was and is an individual residing in the State of New York who intentionally did business in, and directed business to, Broward County, Florida and committed torts and engaged in illegal activity within Broward County, Florida and is otherwise *sui juris*.

27.     At all times material hereto, Defendant Getter was and is an individual residing in the State of New York who intentionally did business in, and directed business to, Broward County, Florida and committed torts and engaged in illegal activity within Broward County, Florida and is otherwise *sui juris*.

28.     At all times material hereto, Defendant Lubin was and is an individual residing in the State of New York and in Miami-Dade County, Florida who intentionally did business in, and directed business to, Broward County, Florida and committed torts and engaged in illegal activity within Broward County, Florida and is otherwise *sui juris*.

29.     At all times material hereto, non-party Steven Zakharyayev ("Zakharyayev") was and is an individual licensed to practice law in the State of Florida and in the state of New York, and having a principal office in New York, New York, and is otherwise *sui juris*.

30.     At all times material hereto, the Graner Law Group was and is a Florida profit corporation with its principal place of business in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*.

31.     At all times material hereto, Graner was and is an individual licensed to practice law in the State of Florida and having a principal office in Palm Beach County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*.

32.     At all times material hereto, Defendant Franklin, upon information and belief, was the servicing agent or assignee of that certain debt now held by Franklin, as pled herein. Franklin Capital Funding was f/k/a Wing Lake Partners, f/k/a Franklin Capital Group, and is a Delaware limited liability company doing business in Broward County, Florida and is otherwise *sui juris*.

**C.     *The Fraudulent Transfer Defendants.***

33.     At all times material hereto, Defendant Vantiff was and is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida, and doing business in Broward County, Florida, and is otherwise *sui juris*. Final Judgment has been entered against Vantiff on the Third Amended Complaint and this Complaint recites those claims and those claims are included only for the purposes of reopening the claims after appeal if required.

34.     At all times material hereto, Defendant Millco-Atwater was and is an Illinois limited liability company with its principal place of business in Chicago, Illinois, and doing business in Broward County, Florida, and is otherwise *sui juris*.

### PIERCING THE CORPORATE VEIL OF HI BAR
### THROUGH THE ACTS OF ITS PRINCIPALS AND OWNERS HERBST, GETTER, AND LUBIN

35.     Defendant Herbst, at all times material hereto, was the controlling owner of the membership interests of Hi Bar, and acted for Hi Bar in his individual capacity; and for the acts and conduct alleged herein, the acts of Hi Bar and the acts of Herbst were identical.

36.     Defendant Lubin, at all times material hereto, also acted for Hi Bar in his individual capacity with the authorization and consent of Herbst and Hi Bar, and for the acts and conduct alleged herein, the acts of Hi Bar and the acts of Lubin were identical.

37.     Defendant Getter, at all times material hereto, also acted for Hi Bar in his individual capacity with the authorization and consent of Herbst and Hi Bar, held himself out as the authorized decision maker for Hi Bar and for the acts and conduct alleged herein, the acts of Hi Bar and the acts of Getter were identical.

38.     Lubin, at all times material hereto, held himself out as the authorized decision maker for Hi Bar to the principals and representatives of the Karma Entities.

39.     Lubin testified at deposition that Getter was a primary decision maker at Hi Bar.

40.     Herbst testified at deposition that both Getter and Lubin had authority to act for Hi Bar with the full knowledge and consent of Herbst.

41.     At all times outlined in this Complaint, all acts and statements of Lubin alleged in this Complaint, alleged as being done under the guise of acting for, and on behalf of, Hi Bar or Spin, were done or made after consultation with, and with the consent and prompting of, Getter and Herbst. All acts and statements of Lubin alleged in this Complaint were done or said for Lubin, Getter, and Herbst, personally and individually, in addition to Hi Bar or Spin, and were done for an illegal and illicit

purpose.

42.    The corporate identity of Hi Bar was used by Lubin, Getter, and Herbst, to accomplish some ulterior purpose, to evade some statute, or to accomplish some fraud, and was used as part of the enticement to the FVP Parties to fund the FVP Loan to Zankl and the Karma Entities, while Herbst, Lubin, Getter, and Hi Bar plotted and schemed to receive the loan proceeds as well as the beneficial interest of the inventory purchased with, or secured by, the Plaintiffs' FVP Loan.

43.    At all material times outlined in this Complaint, Lubin, and only Lubin, spoke for and represented himself to Zankl to be the owner and controller of Hi Bar. This was done intentionally to attempt to shield Herbst and Getter from civil and criminal liability who were aware of and promoted and assisted Lubin's actions and statements.

44.    At all times during the pendency of this action until the filing of this Complaint, including during the AWB Bankruptcy, Lubin has continued to do hold himself out to all parties and attorneys as the person controlling Hi Bar together with Herbst. *See, e.g.,* **Exhibits HH, NN and RR**.

45.    Defendants Lubin, Getter, and Herbst together used Hi Bar for fraudulent and/or misleading purposes, particularly to creditors and in particular to the FVP Parties as creditors. At all times outlined in this Complaint, the FVP Parties were defrauded creditors.

46.    Defendant Lubin together with Defendant Herbst and Defendant Getter, dominated and controlled Hi Bar to such an extent that Hi Bar's independent existence was not sufficiently maintained and was, in fact, non-existent, and Defendant Lubin was, in fact, an alter ego of Hi Bar.

47.    Defendant Herbst together with Defendant Lubin and Defendant Getter, dominated and controlled Hi Bar to such an extent that Hi Bar's independent existence was not sufficiently maintained and was, in fact, non-existent, and Defendant Herbst was, in fact, an alter ego of Hi Bar

48.    Defendant Getter together with Defendant Herbst and Defendant Lubin, dominated and controlled Hi Bar to such an extent that Hi Bar's independent existence was not sufficiently maintained and was, in fact, non-existent, and Defendant Getter was, in fact, an alter ego of Hi Bar.

49.    The corporate form of Hi Bar was used fraudulently and/or for an improper purpose by Defendant Lubin and Defendant Herbst in a manner that harmed and caused injury and damages to the FVP Parties.

**PIERCING THE CORPORATE VEIL OF SPIN
THROUGH THE ACTS OF ITS PRINCIPAL AND OWNER LUBIN**

KPB — Millco-Atwater Transfers above defined and pled in this Count XXX.

603.   At the time of the transfers, the FVP Parties were a "creditor" of KPB as defined under Florida's Uniform Fraudulent Transfer Act.

604.   The transfers were in violation of Fla. Stat. § 726.105 (1)(b) as all of the above KPB — Millco-Atwater Transfers were made by KPB without KPB receiving a reasonably equivalent value in exchange for the transfer or obligation, and KPB:

a. was engaged or was about to engage in a business or a transaction for which the remaining assets of KPB were unreasonably small in relation to the business or transaction; or

b. intended to incur, or believed or reasonably should have believed that KPB would incur, debts beyond its ability to pay as they became due.

c. KPB received no equivalent value for the transfers, and in fact no value at all. Likewise, the FVP Parties received no value.

605.   And, or alternatively, in violation of Fla. Stat. § 726.106 (1) at the time the above KPB — Millco-Atwater Transfers were made, the FVP Parties had a claim that arose with KPB before the transfers were made and KPB made the transfers without receiving a reasonably equivalent value in exchange for the transfers or obligations and KPB was insolvent at the time or became insolvent as a result of the transfers or obligations.

606.   As a result, the above transfers to Millco-Atwater constitute "transfers" within the meaning of Florida's Uniform Fraudulent Transfer Act.

607.   Accordingly, the KPB transfers to Millco-Atwater are avoidable and recoverable by the FVP Parties pursuant to Chapter 726 of the Florida Statutes.

608.   The FVP Parties seek all remedies available under Section 726.108 of the Florida Statutes, including:

(a)   avoidance of the KPB — Millco-Atwater Transfers or obligations to the extent necessary to satisfy the FVP Parties' claim;

(b)   an attachment or other provisional remedy against the assets transferred or other property of Millco-Atwater in accordance with applicable law;

(c)   and, subject to applicable principles of equity and in accordance with applicable

rules of civil procedure, on proper motion:

1. an injunction against further disposition by KPB or Millco-Atwater, or both, of the assets transferred or of other property;

2. appointment of a receiver to take charge of the assets transferred, or of other property of Millco-Atwater; and/or

3. any other relief the circumstances may require.

609. The FVP Parties demand all remedies under Florida's Uniform Fraudulent Transfer Act against Millco-Atwater who is the recipient of the fraudulently transferred funds, including, without limitation, judgment against Millco-Atwater for the amount transferred plus prejudgment interest.

610. The FVP Parties reserve the right to amend this Fourth Amended Complaint to name other transferees of Millco-Atwater or under proceedings supplementary under Florida's Uniform Fraudulent Transfer Act.

WHEREFORE, the FVP Parties demand judgment against Millco-Atwater setting aside and avoiding the transfers described above, to the extent necessary to satisfy the creditor's claims, judgment for an attachment or other provisional remedy against the asset transferred or judgment against other property or funds of Millco-Atwater in the amount of the funds transferred plus prejudgment interest and for injunctive relief if properly raised by motion, or other relief as the Court deems appropriate.

<u>Certificate of Service</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Courts and served via email through the Florida Courts eFiling Portal in accordance with Rule 2.516 of the Florida Rules of Judicial Administration upon all counsel of record.

On September 25, 2024.

Respectfully jointly submitted,

**Schwartz | Breslin PLLC**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@JSJB.LAW**
**Secondary Email: JB@JSJB.LAW**

**s/ Jerry Breslin**

Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@JSJB.Law
Schwartz | Breslin, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

**/s/ Jonathan Noah Schwartz, Esq.**

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Email: JS@JSJB.Law
Schwartz | Breslin, Attorneys at Law

**COHEN & MCMULLEN, P.A.**

**/s/ Bradford Cohen, Esq.**

**/s/ Michael J. McMullen, Esq.**

1132 SE 3rd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 523-7774
Facsimile: (954) 523-2656

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT K

Hearing Transcript — Broward Cty. Cir. Ct. No. CACE-22-005125, May 13, 2026
(charging/foreclosure hearing) — EXCERPT: cover, pages containing Tr. 21:7–12, and reporter
certification only; complete transcript available on request

IN THE CIRCUIT COURT
OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA


CASE NUMBER:  CACE-2022-005125
JUDGE:  DAVID A. HAIMES


FVP OPPORTUNITY FUND III, LP,

                    Plaintiffs,
v.

AVRUMI LUBIN, et al.,

                    Defendants.
_____/


                          Location of Court:
                          Broward County Courthouse
                          201 S.E. Sixth Street
                          Courtroom WW17150
                          Fort Lauderdale, Florida 33301
                          Wednesday, May 13, 2026
                          9:40 a.m. - 10:07 a.m.


        The above entitled case came on for Hearing

before the Honorable David A. Haimes, one of the

Judges of the above-styled Court, via Zoom

proceedings, pursuant to Notice.

MR. KARTEN:  I didn't say you're a fraudster --

THE COURT:  We'll see what happens with any criminal investigations, but I'm granting the motion, it would include foreclosure, foreclose on the charging lien.

MR. LUBIN:  I don't own an interest in Spin Capital anymore?

THE COURT:  Well, you still own Spin Capital, but any money or any asset, any financial interest in that will now be used to satisfy the judgment against you since you are a sole member.  You're the only member.

MR. LUBIN:  So if money comes in it has to get turned over --

THE COURT:  Correct.

MR. LUBIN:  Into -- you don't own the actual company, right?

THE COURT:  Well, if you win your appeal you'll get your money back, all right.

MR. LUBIN:  Hold on a second --

MR. KARTEN:  Your Honor, just to be clear, you're granting it as to the two, not to the one that I withdrew, the Delaware corporation?

THE COURT:  Correct.  Yes.

MR. KARTEN:  And you are granting --

THE COURT:  The foreclosure of the two where there's evidence --

MR. KARTEN:  Right.

THE COURT:  -- the declaration established that he is a sole member of the LLC.

MR. KARTEN:  And I uploaded a proposed order, not for signature, because I wanted all the procedural safeguards that Mr. Lubin is entitled to on the foreclosure, including Notice of Publication, public sale, et cetera, et cetera.

MR. LUBIN:  So there's a lien against the member interest at the moment?  Explain it to me.

THE COURT:  Your membership interest, your sole membership interest, okay, because you are the sole owner.

MR. LUBIN:  And basically they can end up doing -- selling the corporation?

MR. KARTEN:  Selling your interest.

THE COURT:  They can just sell your interest in the corporation.  The corporation will still exist.  They're just allowed to collect whatever --

MR. LUBIN:  Any money that comes,

22

distributions and stuff like that.  That part I understand.

THE COURT:  Whatever they've been able to establish that this is really your money, and they have a judgment against you, and so --

MR. LUBIN:  Spin Capital?

THE COURT:  Unless it's established that it's not your money, but they've established this is your money.  And so, look --

MR. LUBIN:  That part I'm not concerned about.

THE COURT:  You either need to work something out and pay off that judgment or they're going to keep collecting.  I've told you that.

MR. LUBIN:  I want to mention something, Your Honor.  Alan claims that they're owed $4 million out of the $8.8 million, which I have evidence that there's $15 million in cars prior to, plus there's 2 point something million I know that they got from a bankruptcy.  He's telling me to put up a $2 million bond.  I want to have the opportunity to put them under oath and ask them how much money they collected because I believe they collected more than the judgment amount.

CERTIFICATE

STATE OF FLORIDA        )
                        )
COUNTY OF BROWARD        )


         I, Gary R. Schwartz, Shorthand Reporter and Notary Public in and for the State of Florida at large,

         DO HEREBY CERTIFY that the foregoing hearing was taken before me at the time and place therein designated; and the foregoing Pages 1 through 27, inclusive, are a true and correct record of the proceedings.

         I FURTHER CERTIFY that I am not a relative or employee of any of the parties, nor relative or employee of such attorney or counsel, or financially interested in the foregoing action.

         WITNESS MY HAND AND SEAL this 14th day of May, 2026, in the City of Fort Lauderdale, County of Broward, State of Florida.


                              *Gary Schwartz*
                              Gary R. Schwartz
                              Notary Public State of Florida
                              Commission Number HH503363
                              Commission Expires: 06/29/2028

$15  22:19 23:6 24:9
$2  22:22
$4  22:18 23:19
$88  22:18
0503  13:15,17,18,19 (4)
08701  2:11
06292028  28:23
10th  11:4
14th  4:22 28:17
able  7:24 22:3
about  17:24 19:23 22:11 24:8,13 (5)
above  18
abovestyled  20
absolutely  8:14 23:7
accordingly  26:6
account  10:10 18:6
accountant  19:4
accounting  23:16 24:20,24 25:2 (4)
accounts  10:14
acting  6:18
action  28:16
actual  20:17
actually  6:6,7 15:14 17:3,19 (5)
address  5:18 26:6
addressed  13:14
adverse  4:17
advise  26:3
affidavit  16:8 18:5 19:18 23:5 (4)
again  18:13
against  14:3,20 20:12 21:13 22:5 26:8 (6)
ago  13:10 18:2
agreed  6:25
agreements  9:9,10
agrees  6:4
ahead  5:7 24:25
ai  18:24,25
aid  6:3,9
aiken  2:6
aka  2:10
al 9  3:5
alan  2:4,5 3:13 15:8,10 17:17 22:17 26:18 27:1 (9)
alan's  8:18
alankartenlaw@gmailcom 2:6

allowed  21:23
also  3:8 5:4 16:19 18:18 (4)
always  23:23
am 9,9  4:13 6:18 8:9 27:5 28:13 (7)
amount  14:5 22:25 23:9
amounts  12:7
anderson  2:321
another  4:2 10:7 11:1 23:8 (4)
answer  15:25
answers  6:23
anybody  24:6
anymore  20:8 25:13
anything  6:8 11:21
anytime  12:10
anyway  19:11
apologize  13:18
appeal  20:19 25:22,23
appearances  2:1 3:11
appearing  2:2,8
application  3:7 10:6 11:13 13:21,25 19:12 (6)
applied  24:6
apply  25:20
arboretum  2:1460
are  3:6 11:18 12:20 15:1 16:9,11 19:23,24 20:12 21:1,16 28:11 (12)
ascertain  6:19
ask  16:17 22:23 23:5 24:22 (4)
asked  9:8
asking  6:22 12:11 23:10
asset  20:10
assets  18:4
attorney  5:3,6,7 28:15 (4)
attorneys  4:17
august  4:22
authority  23:4
avrumi 9  2:10 7:20
aware  5:24
babysit  11:5
back  7:10,25 20:20 25:22,24 (5)
backwards  13:17
balance  23:17
bank  7:11,24 9:3 10:10,14 18:5 (6)
bankruptcy  22:21 26:1,4,5

(4)
banks  9:23
basically  21:18
basis  5:8
because  4:7 5:1 6:5,16 11:21,24 14:13 15:22 19:17 21:8,16 22:24 25:7,15 26:21 (15)
before  19 28:9
behalf  2:2,8 3:13,16,17 (5)
being  11:17
believe  9:13 13:4 22:24
best  27:3
better  3:9 5:15,20 6:23 (4)
bit  12:9
bond  22:22
both  5:16 14:14
breslin  23:8,20
broader  12:10
broward  2,14 28:3,19 (4)
busy  8:17
buy  26:19
cace2022005125 2022
cace20225125  3:4
calling  19:25
came  18
can  3:11 7:2,6 9:21 10:25 13:14 16:6,19 17:8 18:8,18,25 21:18,21 23:4,16,23 25:10,12,17,19 26:1,11,13,19 (25)
can't  4:1 10:25 11:21,21 19:19 24:11,22 26:3 (8)
cancel  7:6
canceled  11:3
capital  11:23,25 12:2 15:7 17:1 20:8,10 22:6 25:25 (9)
care  11:8
carolina  2:6
cars  22:19
case 18  3:3,5 4:13 14:24 23:9 (6)
cause  4:12,19,23,24 13:14 (5)
certain  7:10
certificate  28:1
certify  28:8,13
cetera  21:11,12
challenged  17:10
chance  7:5
charging  3:7 11:14 12:22,24

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT L

Absolute Assignment of Interests and Rights — Spin Capital, LLC to Avrumi Lubin, executed
March 17, 2025 (signed and notarized)

## <u>ABSOLUTE ASSIGNMENT OF INTERESTS AND RIGHTS</u>

This ABSOLUTE ASSIGNMENT is entered into this __17__ day of __MARCH__, 20__25__, is between SPIN CAPITAL, LLC, a New Jersey limited liability company (hereinafter "SPIN") and AVRUMI LUBIN a/k/a JOSH LUBIN, an individual, and/or his assigns (hereinafter "LUBIN"), together, hereinafter called the "Parties".

<u>RECITALS</u>

WHEREAS, SPIN is the current and sole owner of that certain rights, title and interest under that certain Common Interest And Joint Litigation Agreement dated January 28, 2022 between SPIN and Hi-Bar Capital, LLC (hereinafter "JLA"), including any and all claims, rights or actions SPIN may have (whether known or unknown, contingent, collateral or otherwise) to SPIN as of the date hereof) against any third party arising in connection with, or otherwise related to the JLA and the underlying claims contemplated under the JLA (altogether "Rights");

WHEREAS, Lubin is a person desirous of acquiring the Rights from SPIN and asserting such rights in an action captioned *Hi Bar Capital, LLC v. Karma of Palm Beach Inc., et al.*, in The Circuit Court of The Seventeenth Judicial Circuit, Broward County, Florida (the "Florida Court"), as Case No. 22-006401 (the "FL Litigation") and in the United States Bankruptcy Court for the Southern District of Florida, Case No. 22-15627-EPK (the "Bankruptcy Case") and in the Bankruptcy Case, Adversary Case No. 22-01218-EPK (the "Adversary Proceeding," collectively with the Bankruptcy Case, the "Bankruptcy Proceedings") or any other action or court proceeding anywhere deemed necessary by Lubin to assert such rights.

NOW THEREFORE, that SPIN, for and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration to SPIN, in hand and paid for by Lubin, the receipt and sufficiency whereof is hereby acknowledged and bestows upon SPIN a benefit which is material and acknowledged as such by SPIN, has GRANTED to, bargained, transferred, sold, conveyed, and assigned over exclusively to Lubin any and all rights, title, interest, possession, privileges or any other interests of any kind, whatsoever, SPIN may possess in the JLA, or any derivative thereof, along with any rights or privileges SPIN may have under, in law or equity.

SPIN has agreed and contemplated the contents of this Assignment and has given up his rights in a bargained for exchange as contained herein and has done so willfully, freely without duress or coercion and has acted with a reasonable understanding of the consequences of surrendering said rights and interests.

SPIN GRANTS any and all rights, powers, interests, privileges, whether executory or not, available or not, and conveys such ability to Lubin to use, deploy, exercise, commence, or otherwise perform as if SPIN was executing it itself, in the complete and sole discretion of Lubin, without reserve.

SPIN represents and warrants that it owns or otherwise is seized of all ownership interests, in law or equity, of any and all interests, or any derivative thereof, in the JLA and has full right and privilege to dispose of such in any manner it deems appropriate and proper, in its sole discretion. Further, SPIN represents and warrants that no other person, party or parties have, possess, maintain or otherwise maintains a valid claim or interest, recorded or unrecorded, in the JLA or any and all rights, privileges or claims which SPIN may personally have by virtue of said ownership thereof, other than such claims, interests or rights which have already been previously disclosed to Lubin or are a matter of public record.

SPIN has entered into this Assignment voluntarily and in good faith with the full intent that this Assignment be binding between the Parties. SPIN has been advised to seek review of this Assignment with competent legal counsel and has either pursued or waived such right. This Assignment shall be governed by New York law and subject thereto. Any portion hereof not compliant is to be severed without effect on any remainder.

In any and all events, interpretation should be given to this instrument to accomplish the intent to perform a complete assignment from SPIN to Lubin of any and all rights, title, interest, possession, privileges or any other interests of any kind, whatsoever, SPIN may possess in the JLA, and no other.

It is the intention of the Parties that this arrangement is to be confidential and does not require recordation in any public record to be binding, obligatory and effective between the Parties as to the Parties themselves, to the fullest extent permitted under law and SPIN waives any challenge or contest as to the intent of this instrument. No third-party witness or official is necessary to witness or otherwise authenticate this instrument for it to be binding upon and between the Parties.

**EXECUTED AS OF THE DATE LISTED ABOVE**

FOR SPIN CAPITAL, LLC, a New Jersey limited liability company:

/s/_____
By: Arvumi Lubin,
    Its Manager and Managing Member

EFFECT IS TO BE GIVEN TO THIS INSTRUMENT TO ACCOMPLISH THE INTENT OF THE PARTIES AND ANY OMISSION, DEFECT, ERROR, MISAPPLICATION OR LEGAL DEFICIENCY OF ANY KIND SHOULD BE INTERPRETED TO GIVE LEGAL EFFECT TO THE INTENTION OF THE PARTIES UNDER THIS INSTRUMENT WHICH IS TO GRANT TO, TRANSFER, SALE, CONVEY, OR OTHERWISE ASSIGN OVER EXCLUSIVELY TO LUBIN ANY AND ALL RIGHTS, TITLE, INTEREST, POSSESSION, PRIVILEGES OR ANY OTHER INTERESTS OF ANY KIND, WHATSOEVER, SPIN MAY POSSESS IN THE JLA, OR ANY DERIVATIVE THEREOF, ALONG WITH ANY RIGHTS OR PRIVILEGES SPIN MAY HAVE UNDER, IN LAW OR EQUITY.

**NOTORIAL ACKNOWLEDGEMENT**

State/Country of _NEW YORK_ }
County/Province of _NEW YORK_ }
City/Municipality of _____ }

The foregoing instrument is acknowledged before me on this _17_ day of _MARCH_, 20_25_ by Arvumi Lubin, the duly authorized person for SPIN CAPITAL, LLC, who is [ ] personally known to me or [ ] who has/have produced a valid [ ] drivers license or [ ] state issued identification card as identification and had physically appeared before me.

Witness my signature and official seal in the aforesaid state and county.

/s/_____                                    [SEAL]
Notary Public

My Comm. Expires:_____

BRET SABLOSKY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6362623
Qualified in New York County
Commission Expires August 7, 2025

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor · Case No. 26-17342-EJO · Chapter 11

# DEBTOR'S EXHIBIT M

Settlement Agreement among the FVP Parties, the Franklin Parties, and the Hi Bar Parties (Hi Bar Capital, LLC; Yisroel Herbst; Mordechai Herbst), executed July 2025 — complete executed agreement with counterpart signature pages; submitted as a public exhibit (see Objection ¶¶ 7–8)

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement" or "Settlement Agreement") is made and entered by, between, and among:

1. FVP Opportunity Fund III, LP, a Delaware limited partnership; FVP Investments, LLC, a Delaware limited liability company; and FVP Servicing, LLC, a Delaware limited liability company (jointly and severally, "FVP" or the "FVP Parties")

2. Franklin Capital Funding, LLC, Franklin Capital Group, LLC and Franklin Capital Management, LLC (jointly and severally, the "Franklin Parties"), and

3. Hi Bar Capital, LLC, a New York Limited Liability Company ("Hi Bar"); Yisroel Herbst, an individual; and Mordechai Herbst, an individual (jointly and severally. the "Hi Bar Parties").

(each a "Party" and collectively, the "Parties"), in connection with matters that arise from the prosecution and defense of claims in the following lawsuits and bankruptcy cases:

1. *FVP Opportunity Fund III, LP, et al. v Karma of Palm Beach, Inc, et al.,* Case No.: CACE-22-05125, which case which case has been consolidated with Case No.: CACE-22-0641 (together, the "State Court Litigation"), which State Court Litigation is pending in the Circuit Court of Broward County, Florida (the "State Court");

2. *In re: Excell Auto Group, Inc,* Case 22-12790-EPK (the "Excell Bankruptcy Case"), which bankruptcy case is currently pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

3. *In re Auto Wholesale of Boca, LLC,* Case No. 22-15627-EPK (the "AWB Bankruptcy Case"), which bankruptcy case is currently pending in the Bankruptcy Court; and

4. Adversary Proceeding No.: 22-01218-EPK, which adversary proceeding was pending in the AWB Bankruptcy case before the Bankruptcy Court, but has since been dismissed (the "Adversary Proceeding").

### Recitals

WHEREAS, in the State Court Litigation, the FVP Parties have alleged debts that are secured by security interests in property of Karma of Broward, Inc. ("Karma Broward") and Karma of Palm Beach, Inc., ("Karma Palm Beach"), Scott Zankl or Kristen Zankl, (referred to jointly and severally as the "Karma Parties"), including proceeds therefrom;

WHEREAS, in the State Court Litigation, the Franklin Parties have alleged debts that are secured by security interests in property of the Karma Parties or Excell Auto Group, Inc. ("Excell"), including proceeds therefrom;

WHEREAS, in the State Court Litigation, the Hi Bar Parties have alleged debts that are secured by security interests in property of Excell, Karma Broward or Karma Palm Beach, including proceeds therefrom;

WHEREAS, without limiting the foregoing recitals, the FVP Parties, Franklin Parties and Hi Bar Parties each assert security interests in: (a) proceeds, in the approximate amount $2,107,548.61, of a group of automobiles that were auctioned by the chapter 7 trustee in the AWB Bankruptcy Case, Michael Bakst (the "AWB Trustee"), in or around July 2023 and thereafter

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

escrowed in the registry of the Bankruptcy Court (the "Bankruptcy Court Registry Deposit"); and (b) the proceeds from the sale of a 2021 Ferrari Roma, VIN# …3662, and a 2021 Lamborghini Urus VIN# …2270, which were assets of Ed Brown, Karma Broward or Karma Palm Beach, and are claimed by the FVP Parties, Franklin Parties and Hi Bar Parties, but are not a part of the AWB Bankruptcy Case, in the amount of $444,039.50, which proceeds are currently escrowed in the trust account of Leto Law Firm, counsel for the Hi Bar Parties (the "Karma Asset Collateral Fund");

WHEREAS, the Bankruptcy Court entered an order in the AWB Bankruptcy Case, *inter alia*, authorizing the sale of vehicles by the AWB Trustee and limiting the persons who could claim an interest in the Bankruptcy Court Registry Deposit, and the Parties believe that they (but no other third party) may claim any part of the Bankruptcy Court Registry Deposit pursuant to such order;

WHEREAS, the FVP Parties and Franklin Parties have also brought various tort and related claims against the Hi Bar Parties in the State Court Litigation;

WHEREAS, by this Agreement and as set forth hereinbelow, the Parties desire to compromise and settle their claims against each other in the State Court Litigation and AWB Bankruptcy Case to *inter alia* limit any further litigation expenses that have been incurred and will be incurred in the prosecution and defense of the claims should they proceed to jury trial in the State Court Litigation as currently scheduled;

WHEREAS, no Party hereto has submitted or will submit losses or damages related to the subject matter of the State Court litigation whereby the recipient thereof is or may be entitled to a right of subrogation for any losses or damages paid or payable to a Party or Parties which could expose any Party to this Agreement to separate claims,

WHEREAS, without admission of fault or liability, the Parties hereby memorialize their intentions to resolve the State Court Litigation and any claims to the Bankruptcy Court Registry Deposit in the AWB Bankruptcy Case as defined in this Agreement.

NOW, THEREFORE, in consideration of the covenants and mutual promises contained in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### Terms

1.    **Recitals**. The above Recitals are true and correct and are incorporated into and made a part of this Settlement Agreement by this reference.

2.    **Persons Excluded as Parties**. For the avoidance of doubt: (a) Josh "Avrumi" Lubin, in his individual capacity ("Lubin"), (b) Spin Capital, LLC ("Spin") and (c) Yoel Getter ("Getter") are expressly excluded as Parties under this Agreement and, without limitation, shall not receive any releases pursuant thereto.

3.    **Effective Date**. Subject to ¶ 5 hereinbelow, this Settlement Agreement shall become effective and binding upon the Parties on the date that the last Party executes this Settlement Agreement (the "Effective Date").

4.    **Settlement Terms**.

   a)    There are no cash payments from one Party to any other Party, or cash recoveries received by any Party from another Party, under the terms of this

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

Settlement Agreement. Rather, this Settlement Agreement involves the releases of claims to the Bankruptcy Court Registry Deposit and Karma Asset Collateral Fund, as set forth hereinbelow.

b) By this Settlement Agreement the Parties release and abandon certain claims as follows:

1. The Hi Bar Parties release and abandon any claims that they now have or ever had to the Bankruptcy Court Registry Deposit and shall stipulate that the FVP Parties and Franklin Parties have the right to receive the Bankruptcy Court Registry Deposit, upon such terms as may be separately agreed to by the FVP Parties and Franklin Parties.

2. The Hi Bar Parties, within five (5) days of an order being entered releasing the Bankruptcy Court Registry Deposit to FVP (as more fully set forth in ¶ 5 hereinbelow), shall file a UCC–3 Amendment terminating that certain UCC financing statement filed January 25, 2022 bearing filing number – 202109624865 – with the Florida Secretary of State Secured Transaction Registry, which amendment shall be effective *nunc pro tunc* to January 25, 2022, abandoning and terminating any claims, right, title or interest to (including the release of any security interest in) the collateral defined therein held by any party named in the filing.

3. The FVP Parties release and abandon any claims that they now have or ever have had to the Karma Asset Collateral Fund, and upon entry of an Order releasing the Bankruptcy Court Registry Deposit to FVP and the receipt of FVP of such funds (as more fully set forth in ¶ 5 hereinbelow), the Hi Bar Parties shall be entitled to the Karma Asset Collateral Fund.

4. The Franklin Parties release and abandon any claims that they now have or ever have had to the Karma Asset Collateral Fund, and upon entry of an Order releasing the Bankruptcy Court Registry Deposit to FVP and the receipt of FVP of such funds (as more fully set forth in ¶ 5 hereinbelow), the Hi Bar Parties shall be entitled to the Karma Asset Collateral Fund.

5. **Bankruptcy Court Approval and Receipt of Bankruptcy Court Registry Deposit as Condition Precedent.** This Agreement is expressly conditioned upon: (1) the entry of an order by the Bankruptcy Court in the AWB Bankruptcy Case ordering the release of the Bankruptcy Court Registry Deposit to the FVP Parties without holdback, claim or deduction, except as otherwise provided in this paragraph (the "Approval Order"), and (2) the actual receipt by the FVP Parties of the Bankruptcy Court Registry Deposit pursuant to the instructions in the Approval Order. This Agreement shall not be effective until such time as both of the conditions in the foregoing sentence are satisfied. Should the Bankruptcy Court decline to enter the Approval Order in a form reasonably acceptable to the Parties, this Agreement shall be null and void ab initio and have no effect. For the avoidance of doubt, the Bankruptcy Court Registry Deposit shall be released to the FVP Parties subject to any other agreements between the FVP Parties and Franklin Parties regarding the division of the Bankruptcy Court Registry Deposit between such Parties.

6. **Cooperation.** The Parties shall reasonably cooperate with one another in good faith to obtain any necessary court orders, approvals, or other judicial relief required to effectuate the

Page **3** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

purposes of this Agreement, which shall include, without limitation, entry of the Approval Order, the introduction of deposition testimony in the State Court Litigation, or testimony necessary to authenticate the business records of Hi Bar or other evidence in the State Court Litigation. Each Party shall reasonably and timely provide all documents, declarations, affidavits, signatures, and other support reasonably requested by the other Party in connection with any motion, application, or proceeding, and shall take all reasonable steps to avoid delay. The Parties shall coordinate in advance and use their best efforts to meet all applicable court deadlines, including any expedited or time-sensitive requirements imposed by law, rule, or court order. In the event of any disagreement as to the form or content of materials to be submitted to the court, the Parties shall promptly confer in good faith to resolve such disagreements and shall not unreasonably withhold consent. Time is of the essence and of the utmost urgency with respect to this cooperation obligation.

7.    **Representations, Duty to Defend and Hold Harmless.** The Hi Bar Parties have represented, and on which representation the FVP Parties and Franklin Parties have materially relied upon to enter into this Settlement Agreement, that: (a) the "Common Interest and Joint Litigation Agreement" (the "Spin Common Interest Agreement") entered into by and between Hi Bar and Spin, has been breached and terminated pursuant to the terms therein, (b) that Spin has been duly notified by the Hi Bar Parties pursuant to the terms therein, (c) that the Hi Bar Parties have no duties or obligations under the Spin Common Interest Agreement, and (d) that the Hi Bar Parties have the right and authority to enter into this Settlement Agreement with the FVP Parties and Franklin Parties. The Hi Bar Parties acknowledge that Lubin and Spin have both pled and alleged in various court documents in various courts, that they, or their assignees, continue to have rights under the Spin Common Interest Agreement. The FVP Parties and Franklin Parties have materially relied upon the Hi Bar Parties' representation that the Spin Common Interest Agreement has been terminated, and but—for this representation—the FVP Parties and Franklin Parties would not have entered into this Settlement Agreement. Accordingly, the Hi Bar Parties agree to defend and hold the FVP Parties and Franklin Parties harmless from any and all claims brought against the FVP Parties and Franklin Parties by Lubin and Spin or any assignee making claims against the FVP Parties and Franklin Parties arising from or relating to the Spin Common Interest Agreement. This obligation of the Hi Bar Parties to defend and hold the FVP Parties and Franklin Parties harmless is intended to permit the Hi Bar Parties to retain counsel of its choosing and thereafter pay all attorney's fees, costs, expenses and recovery of any such claims in the manner of their choosing so long as the FVP Parties and Franklin Parties remain unharmed. For the avoidance of doubt, the Hi Bar Parties' obligation under this provision is only triggered in the event Lubin and Spin or any assignee files a claim seeking damages against FVP and/or the Franklin Parties arising from this Settlement Agreement or the settlement described herein.

8.    **Assignments of Rights.** By this Settlement Agreement, and by a separate assignment of rights to be submitted to the Hi Bar Parties, the Hi Bar Parties shall assign to the FVP Parties all rights, title and interests, liens, financing statements, judgments or other things of values, in and to, or arising from: (1) the Hi Bar Revenue Purchase Agreement executed on or about October 27, 2021 identified in Composite Exhibit A to the Fourth Amended Complaint; (2) the "December 19 Settlement Agreement" identified in Composite Exhibit A to the Fourth Amended Complaint; (3) *Hi Bar Capital LLC v. Excell Auto Group, Inc*. et al, Supreme Court of the State of New York, County of Kings, Index No. 502846/2022, including, without limitation, the rights under a CPLR 3215(i) Stipulation of Settlement entered in that case. Nothing in this paragraph shall infer that the FVP Parties will assume any obligations of the Hi Bar Parties,

Page **4** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

including, without limitation, attorneys' fees in the trial court or appellate court, which shall at all times remain the obligations of the Hi Bar Parties. In the event that the FVP Parties collect on the judgment entered in *Hi Bar Capital LLC v. Excell Auto Group, Inc.* et al, Supreme Court of the State of New York, County of Kings, Index No. 502846/2022, the FVP Parties shall transfer 10% of any such proceeds (net of all collection costs incurred by the FVP Parties in connection therewith) to Hi Bar or its nominee. The FVP Parties have no obligations to take any action with the rights assigned and whether to take any action or no action is in the sole discretion of the FVP Parties. Moreover, in the event the FVP Parties enter into any agreement that vacates or otherwise satisfies the judgment, it shall not agree to any such provision that would obligate or expose Hi Bar to any prevailing party fees or costs. Should that occur, and only in the event of such an occurrence, FVP shall be responsible for any such prevailing party fees and costs. In addition, the FVP Parties agree to defend and hold the Hi Bar Parties harmless from any and all claims brought against the Hi Bar Parties arising out of any action taken by the FVP Parties with respect to the assignment and the related assigned rights and interests described herein after the assignment. This obligation of the FVP Parties to defend and hold the Hi Bar Parties harmless is intended to permit the FVP Parties to retain counsel of its choosing and thereafter pay all attorney's fees, costs, expenses and recovery of any such claims in the manner of their choosing so long as the Hi Bar Parties remain unharmed.

9. **Limited Releases.**

   a. <u>Intent of Limited Releases</u>. It is the intent of this Settlement Agreement that the Yisroel Herbst and Mordechai Herbst be dropped as parties in the State Court Litigation and released of all liability alleged by the FVP Parties and Franklin Parties in the State Court Litigation, while all claims of the FVP Parties and Franklin Parties against Lubin, Spin and Getter, including those claims which seek to pierce the corporate veil of Hi Bar with respect to such persons, remain unaffected and proceed to trial. The Parties acknowledge and agree that Hi Bar may be a necessary party to the claims made against Lubin, Spin and Getter in the State Court Litigation. Accordingly, the intent of this Agreement is for Yisroel Herbst and Mordechai Herbst to be dismissed as parties to the State Court Litigation with prejudice, with each of the Parties to bear its own attorneys' fees and costs in connection with such dismissals. Notwithstanding the foregoing, the Hi Bar Parties acknowledge and agree that both the FVP Parties and Franklin Parties shall prosecute all operative claims in the State Court Litigation against Hi Bar, as a necessary party of interest, in order to afford complete relief so as to pierce the corporate veil of Hi Bar to seek judgments against Lubin, Spin and Getter.

   b. <u>Filing of Documents in State Court Litigation</u>. To the extent that this Settlement Agreement is not filed of record, and to the extent that any issue is raised by the Court or non-Parties in the State Court Litigation requiring certain terms of this Settlement Agreement to be filed of record, the FVP Parties and the Franklin Parties agree to file a document in the State Court Litigation indicating that Hi Bar is remaining in the case as a necessary party of interest necessary to adjudicate the FVP Parties' and the Franklin Parties' claims against Lubin, Spin and Getter, by piercing the corporate veil of Hi

Page **5** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

Bar as pled in the in the Fourth Amended Complaint and Franklin Counterclaims and Crossclaims against Hi Bar. Nonetheless, the FVP Parties and Franklin Parties will not seek to collect from Hi Bar, Yisroel Herbst or Mordechai Herbst any judgment that is obtained in the State Court Litigation against Lubin, Spin and/or Getter that pierces the corporate veil of Hi Bar. Furthermore, neither the FVP Parties nor Franklin Parties shall request a standalone verdict against Hi Bar on any verdict form and will notify the State Court that it is only the FVP Parties and Franklin Parties that have raised affirmative claims in the State Court Litigation against Hi Bar, and therefore only the FVP Parties and Franklin Parties have standing to seek to include Hi Bar on any verdict form if any other non-Parties in the State Court Litigation request to include Hi Bar on any verdict form which seeks a standalone judgment against Hi Bar.

c.  Definition of "Claims". As used in ¶¶ 9 (including all subparagraphs) and 10 of this Agreement, the term "Claims" shall mean any and all claims, counterclaims, actions, demands, debts, liabilities, damages, agreements, covenants, suits, contracts, obligations, liabilities, accounts, costs (including attorneys' fees and costs), offsets, rights, actions, and causes of action, whether arising at law or in equity, whether presently accrued or to accrue hereafter, whether fixed or contingent, whether liquidated or unliquidated, whether direct, indirect or derivative.

d.  Mutual Limited Releases. Effective upon (1) entry of the Approval Order by the Bankruptcy Court, and (2) the actual receipt of the FVP Parties of the Bankruptcy Court Registry Deposit pursuant to the instructions in the Approval Order, the FVP Parties and Franklin Parties, together with the their attorneys, jointly and severally, on the one hand, and the Hi Bar Parties, together with their attorneys, jointly and severally, on the other hand, shall not assert or cause to be asserted, forever release and acquit, forever discharge and waive, and shall forever be deemed to have released, acquitted, discharged and waived, any and all Claims from the beginning of time through the Effective Date that arise from or relate to the State Court Litigation, AWB Bankruptcy Case or Excell Bankruptcy Case; provided, however, that: (a) the foregoing releases shall not alter, nullify or otherwise modify the ability of the FVP Parties and Franklin Parties to pierce the corporate veil of Hi Bar so as to impose liability against Lubin, Spin or Getter, (b) for the avoidance of doubt, the FVP Parties and Franklin Parties shall not seek to collect from Hi Bar any liability resulting from any judgment piercing the corporate veil of Hi Bar so as to impose liability on Lubin, Spin or Getter, and (c) for the further avoidance of doubt, the foregoing releases shall not apply to Claims arising from or relating to merchant cash advance or similar transactions entered into with persons other than Excell and the Karma Parties. Within seven (7) days of the foregoing releases becoming effective: (1) FVP Parties shall voluntarily dismiss Yisroel Herbst from Counts I, II, III and IV and shall voluntarily dismiss Counts V, VI, VII and VIII of the Fourth Amended Complaint in the State Court Litigation with prejudice, with each Party to bear its own

Page **6** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

attorneys' fees and costs, and (2) the Franklin Parties shall voluntarily dismiss Yisroel Herbst from the Counts 4, 5, 6, 9, 10, and 18, and shall voluntarily dismiss Mordechai Herbst from Count 5, and shall voluntarily dismiss Counts 11, 12 and 13 of the Franklin Parties Counterclaims and Crossclaims in the State Court Litigation with prejudice, with each Party to bear its own attorneys fees' and costs.

e.  No Preclusive Effect. To the extent that any judgment is entered against Lubin, Spin and Getter, which imposes liability by piercing the corporate veil of Hi Bar, the FVP Parties and Franklin parties agree and stipulate that this judgment will not have any res judicata or collateral estoppel effect against the Hi Bar Parties in any other litigation and shall not raise any such argument.

f.  No Third-Party Beneficiaries. To the extent that judgments are obtained against Lubin, Spin and Getter through piercing the corporate veil of Hi Bar, then Hi Bar—and only Hi Bar—shall be released from liability under those judgments. Accordingly, the parties acknowledge and agree that Hi Bar need not appear to defend any of the remaining claims made by the FVP Parties or Franklin Parties in the State Court Litigation. Nothing in this Settlement Agreement is intended to, nor shall, limit or restrict the FVP Parties and Franklin Parties from introducing any and all evidence against Lubin, Spin or Getter. Nothing in this Settlement Agreement shall be deemed to grant Lubin, Spin or Getter any rights under this Settlement Agreement as a third-party beneficiary or otherwise, and the obligations of the FVP Parties and the Franklin Parties under this Settlement Agreement are enforceable only by the Hi Bar Parties.

10.  **Express Exclusions.** Nothing in this Settlement Agreement shall be deemed to release or affect any Claims that are held by any Party against Lubin, Spin or Getter. Without limiting the foregoing sentence, this Agreement shall not affect any Claims asserted (or that can be asserted) against Lubin, Spin or Getter: (1) in the State Court Litigation, Excell Bankruptcy Case or AWB Bankruptcy Case, or (2) asserted by Franklin in the Circuit Court for Oakland County, Michigan, Case No. 2022-193300-CB (the "Michigan Litigation"). Additionally, the releases set forth in ¶ 9 (including its subparagraphs) hereinabove are limited releases, and, as such, do not release any Party from Claims that do not arise from or relate to the State Court Litigation, AWB Bankruptcy Case or Excell Bankruptcy Case.

11.  **Franklin Parties' Proofs of Claim and Involvement in Bankruptcy Cases.** The Franklin Parties have filed proofs of claim in the Excell Bankruptcy Case and AWB Bankruptcy Case (together, the "Proofs of Claim"). For the avoidance of doubt, nothing in this Settlement Agreement shall be deemed to release or otherwise affect the Proofs of Claim, or any ability of the Franklin Parties to appear and be heard as parties in interest regarding any issue in the Excell Bankruptcy Case and/or AWB Bankruptcy Case, including any adversary proceedings to such bankruptcy cases. Additionally, certain of the Franklin Parties and Hi Bar Parties are named defendants in Adv. Prov. No. 23–01132–EPK, an adversary proceeding pending in the Excell Bankruptcy Case before the Bankruptcy Court (the "Excell Adversary Proceeding"). For the avoidance of doubt, nothing in this Settlement Agreement shall be deemed to alter or affect in any way the ability of the Franklin Parties and Hi Bar Parties to litigate the Excell Adversary

Page **7** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

Proceeding, including the ability of such Parties to respond to discovery, testify at trial and take factual or legal positions. To the extent any provision of this Settlement Agreement is deemed to conflict with this paragraph, this paragraph shall control.

12.     **Default.** In the event a Party fails to timely perform any obligation in this Agreement, any other Party shall provide the non-performing Party with written notice of the default via email or U.S. mail and an opportunity to cure. The Parties agree and acknowledge that notice to counsel at the addresses or email addresses set forth in this Agreement is adequate notice thereof. The defaulting Party shall have seven days to cure the default from the date of their counsel's receipt the notice of default. If the default is not cured after the expiration of said cure period, then the defaulting party shall be in default under this Agreement.

**13.**     **Advice of Counsel.** In entering into this Settlement Agreement, each of the Parties represents that they it relied upon, or had the opportunity to rely upon, the advice of an attorney of their own choice, and the terms of this Settlement Agreement have been completely read and that those terms are fully understood and voluntarily accepted.

14.     **Rule of Construction.** The term "or" is not exclusive.

15.     **Merger, Integration and Amendment**. The Parties acknowledge that, subject to the provisions of this paragraph, this Settlement Agreement contains the entire agreement of the Parties regarding the settlement defined herein. The Parties further agree that this Settlement Agreement may not be amended or modified except by a subsequent, written agreement executed by all of the Parties. Notwithstanding the foregoing, nothing in this Settlement Agreement shall alter, nullify, or otherwise affect any other agreements between the FVP Parties and Franklin Parties regarding the subject matter of this Settlement Agreement, including the division of the Bankruptcy Court Registry Deposit—any such agreements shall remain in full force and effect and, in the event of a dispute between the FVP Parties and Franklin Parties, such agreements (a) must be read in conjunction with this Settlement Agreement and (b) will govern the division of the Bankruptcy Court Registry Deposit between the FVP Parties and Franklin Parties.

16.     **Severability.** The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, void, invalid or unenforceable, such illegal, void, invalid or unenforceable provision shall be severed from the Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

17.     **Attorneys' Fees, Costs, and Expenses**. The Parties are responsible for their respective attorney's fees and costs up to the time of the Effective Date. Without limiting the foregoing sentence, any dismissals of claims or dropping of Parties pursuant to this Settlement Agreement shall be with each Party to bear its own attorneys' fees and costs. Either Party shall be entitled to recover its reasonable attorneys' fees and costs incurred in enforcing this Agreement from any non-prevailing party against whom enforcement is sought. Notwithstanding the foregoing, nothing in this Settlement Agreement shall alter, nullify, or otherwise affect any other agreements between the FVP Parties and Franklin Parties regarding the subject matter of this paragraph—such other agreements between the FVP Parties and Franklin Parties shall control.

18.     **Further Assurances and Documents.** Each Party agrees to execute and deliver such further documents, instruments, assignments, and assurances, and to take such further actions, as may be reasonably necessary or appropriate to carry out the terms, intent, and purposes of this

Page **8** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

Settlement Agreement and to effectuate the settlement contemplated herein. This includes, without limitation, the prompt execution and delivery of all documents, instruments, assignments, releases, declarations, stipulations, consents, or other documents or instruments identified or required under this Agreement, or reasonably requested by any Party or the court, including any court-approved orders, dismissal forms, or releases. Each Party shall act in good faith and without unreasonable delay in fulfilling this obligation. The obligations in this paragraph shall survive the execution of this Agreement and are continuing in nature to the extent required to give full effect to the settlement.

19.    **Applicable Law and Venue**. This Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, exclusive of its conflicts of laws principles. The venue for any claims, controversies, and/or disputes arising out of or relating to any part of this Settlement Agreement, or any breach thereof, shall be in the Circuit Court of Broward County, Florida. The parties shall also request that the Court in the State Court Litigation retain jurisdiction to enforce the terms of this Agreement.

20.    **No Third-Party Beneficiaries**. This Settlement Agreement is solely for the benefit of, and shall be binding upon and enforceable by, the signatory Parties hereto. No third party, and specifically, without limitation, Lubin, Spin or Getter, shall have any rights whatsoever under this Settlement Agreement, whether as a third-party beneficiary or otherwise, and any such rights are hereby expressly and irrevocably disclaimed. The Parties expressly acknowledge and agree that no person or entity who is not a signatory to this Settlement Agreement shall have any legal or equitable right, remedy, or claim under or in respect of any provision of this Settlement Agreement whether to enforce this Settlement Agreement or otherwise.

21.    **No Assignment**. No Party shall be permitted to assign its respective interest in this Settlement Agreement to any third party without the prior, written consent of the other Parties. The Hi Bar Parties represent that they have full authority to enter into this Settlement Agreement and that any and all rights of Lubin or Spin under the Common Interest Agreement entered into between Hi Bar and Spin have been terminated.

22.    **Notice**. Any Notice required by this Settlement Agreement shall be provided by U.S. Mail and by E-mail as follows:

| | |
|---|---|
| FVP Opportunity Fund III, LP<br>FVP Investments, LLC<br>FVP Servicing, LLC | Jerry Breslin, Esq.<br>Schwartz \| Breslin PLLC<br>The Dupont Building<br>169 East Flagler Street, Suite 700<br>Miami, FL 33131<br>E-mail: JB@JSJB.LAW |
| Franklin Parties | Patrick Dorsey, Esq.<br>Shraiberg Page P.A.<br>2385 N.W. Executive Center Dr.<br>Suite 300<br>Boca Raton, FL 33431<br>E-mail: PDorsey@slp.law |
| Hi Bar Parties | Matthew Leto, Esq<br>Leto Law Firm<br>201 South Biscayne Blvd. Suite 2700 |

Page **9** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

Miami, FL 33131
E-mail: Mleto@letolawfirm.com

23.    **Counterparts**.  This Agreement may be electronically signed and executed, and that any electronic signatures appearing on this Agreement or such other documents or are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility.  This Agreement may be signed and executed in one or more counterparts (including by electronic means such as facsimile, scanned email signature, electronic signature, pdf, Adobe Sign or DocuSign or similar programs), each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.  The submission or delivery of this document and any other documents to be delivered in connection herewith shall not constitute an agreement or an offer to enter into an agreement and no contract or binding agreement shall exist unless and until such time as all counterparts of this Agreement have been executed and delivered via hard copy or email.

24.    **Jury Waiver**. The Parties waive all rights to any trial by jury in any action or proceeding arising out of or relating to this Settlement Agreement.

25.    **Time is Critical and Of the Essence**. The Parties acknowledge and agree that time is critical and of the essence to this Settlement Agreement and the meeting of the conditions precedent outlined in Section 5 of this Settlement Agreement.

*Intentionally Left Blank, Signature Pages to Follow*

Page **10** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed as of the date set forth opposite the respective signature and names of each.

Dated: 20/07/25 _____

_____
Keith Lee (Jul 20, 2025 10:25 EDT)
Keith Lee, CEO
FVP Opportunity Fund, III, LP,
a Delaware limited partnership

Dated: 20/07/25 _____

_____
Keith Lee (Jul 20, 2025 10:25 EDT)
Keith Lee, CEO
FVP Investments, LLC,
a Delaware limited liability company

Dated: 20/07/25 _____

_____
Keith Lee (Jul 20, 2025 10:25 EDT)
Keith Lee, CEO
FVP Servicing, LLC,
a Delaware limited liability company

Dated: _____

_____
Shaya Baum
Franklin Capital Funding, LLC and Franklin Capital Group, LLC

Dated: 21/07/25 _____

_____
Yisroel Herbst (Jul 21, 2025 12:28 EDT)
Yisroel Herbst Manager
Hi Bar Capital LLC, a New York Limited Liability Company

Dated: 21/07/25 _____

_____
Yisroel Herbst (Jul 21, 2025 12:28 EDT)
Yisroel Herbst

Dated: 21/07/25 _____

_____
Mordechai Herbst (Jul 21, 2025 11:55 EDT)
Mordecai Herbst

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed as of the date set forth opposite the respective signature and names of each.

Dated: _____

_____
Keith Lee, CEO
FVP Opportunity Fund, III, LP,
a Delaware limited partnership

Dated: _____

_____
Keith Lee, CEO
FVP Investments, LLC,
a Delaware limited liability company

Dated: _____

_____
Keith Lee, CEO
FVP Servicing, LLC,
a Delaware limited liability company

Dated: _____21/07/25_____

*Shaya Baum*
Shaya Baum (Jul 21, 2025 14:07 EDT)
_____
Shaya Baum
Franklin Capital Funding, LLC and Franklin Capital Group, LLC

Dated: _____

_____
Yisroel Herbst Manager
Hi Bar Capital LLC, a New York Limited Liability Company

Dated: _____

_____
Yisroel Herbst

Dated: _____

_____
Mordecai Herbst

Page **11** of **11**

HIGHLY CONFIDENTIAL - NOT FOR RELEASET TO ANYONE OTHER THAN NAMED RECIPIENT

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL  33401**

July 2, 2026

| | |
|---|---|
| AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Appellant(s),<br>v.<br><br>FVP OPPORTUNITY FUND III, L.P.,<br>Appellee(s). | **CASE NO. - 4D2026-1833**<br>L.T. No. - 062022CA005125AXXXCE |

**BY ORDER OF THE COURT:**

A suggestion of bankruptcy having been filed, it is

ORDERED that the parties shall, within fourteen (14) days from the date of this order, request that the United States Bankruptcy Court issue an order stating whether this appeal should be stayed pursuant to 11 U.S.C. § 362(a) or any other provision of the United States Bankruptcy Code. *See, e.g., In re Hill*, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007) ("Comfort orders serve a valuable purpose. The orders are entered primarily for a third party's benefit, often to help a sister state court attempting to determine whether it can proceed with a pending action, such as a foreclosure."). Upon the filing of the request in the United States Bankruptcy Court, the parties shall file a notice of compliance with this Court. Further, should the United States Bankruptcy Court enter an order on the parties' request, the parties shall file a copy of the order with this Court within five (5) days of issuance of that order.

Served:
Jerrell A Breslin
Broward Clerk
Patrick Richard Dorsey
Alan Ira Karten
Elliot Burt Kula
Avrumi Lubin
Jonathan Schwartz

HB

**I HEREBY CERTIFY** that the foregoing is a true copy of the court's order.

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**
4D2026-1833 July 2, 2026

