**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

**In re: AVRUMI LUBIN a/k/a Josh Lubin · Case No. 26-17342-EJO · Chapter 11**

# DEBTOR'S EXHIBIT O

### September 3, 2025 Certified Broward Hearing Transcript - Excerpt

Cover, transcript pages 17-21, and reporter's certification

*Complete certified transcript available promptly upon request.*

FILED

JEANNE A. NAUGHTON, CLERK

JUN 21 2026

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY_____DEPUTY

*1*

```
         IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
                 IN AND FOR BROWARD COUNTY, FLORIDA
                      CASE NO. CACE-22-005125


FVP OPPORTUNITY FUND, III, LP, a
Delaware limited partnership, et
al.,

          Plaintiffs,

     -vs-


KARMA OF BROWARD, INC., A Florida    CONSOLIDATED CASE
corporation, et al.,                 NO.:
                                     CACE-22-006401
          Defendants.
_____/


HI BAR CAPITAL, LLC, a New York
Limited liability company,

          Plaintiff,

v.

KARMA OF PALM BEACH, INC.,
A Florida corporation, et al.,

          Defendants.
_____/



        ZOOM HEARING BEFORE THE HONORABLE JUDGE HAIMES

              Wednesday, September 3, 2025

                   8:45 AM - 9:45 AM


     Reported By:
     KIMBERLY SULLIVAN, CR
     Notary Public, State of Florida
     BAILEY ENTIN REPORTING, LLC
     Fort Lauderdale Office
     Phone - 954-745-9511
```

MR. BRESLIN:  Judge, I think this is highly inappropriate.  Mr. Leto is not here.  Mr. Leto testified.  He submitted the termination letter to Your Honor.

THE COURT:  Yeah, and the ruling was that with respect to the settlement that was in the bankruptcy court --

MR. LUBIN:  I don't object to that.  I don't object to the settlement.  Just take the correct order for the agreement was terminated.

THE COURT:  I won't say the Court finds that. I'm just going to say that the Court notes.

MR. LUBIN:  Yes.

THE COURT:  It was not meant to be a finding, but it was the background.  So the only thing that I'm going to correct is on paragraph 8 instead, of "the Court finds that" -- "the Court notes that." All right?  It's not a finding.  I didn't have to make that finding to do that because what I did find was that you had no rights or standing to interfere --

(Simultaneous speakers.)

MR. LUBIN:  -- the settlement.

THE COURT:  All right.

MR. LUBIN:  So I can basically have a new

attorney?  I can get the transcript for this hearing?  And Your Honor is correcting it; that the Court notes that information?  It's not a finding?

THE COURT:  Yes.

MR. LUBIN:  Yes.

THE COURT:  The bottom line is that I'm not sure how it would affect anything else because --

(Simultaneous speakers.)

MR. LUBIN:  -- litigating it.

THE COURT:  What was presented before me is who was the proper party to be able to enter into that settlement, and I found that.

MR. LUBIN:  Right.  I don't object.  No problem.

THE COURT:  If you look at the order and the judge.  All right?  The order and the judge.

MR. LUBIN:  It would prevent me from suing Hi Bar if Your Honor already made a finding that --

THE COURT:  Yeah.

MR. LUBIN:  -- the agreement was termination.

THE COURT:  I had no issues with you suing Hi Bar or whatnot.  That was separate.

But as far as for the purposes of the bankruptcy proceedings and the Court making a determination, the Court's determination -- and I

think it's clear in paragraph 11.

MR. LUBIN: That I don't have any right to object to a settlement. No problem.

But you're correcting paragraph 8 that the Court notes?

MR. KASEN: Your Honor, if I may, Michael Kasen, withdrawing attorney for Mr. Lubin.

Attached to the motion for clarification and also previously emailed to Your Honor's judicial assistant was a draft of the suggested order that corrected this particular language and other language that was similarly inserted into the order that we felt wasn't part of the record and may create future problems for Mr. Lubin related to his ultimate rights.

Not necessarily related to the funds that were held by the bankruptcy court and Mr. Lubin's ability to object to the settlement, but specifically towards to -- that may bar Mr. Lubin from taking other actions at other times.

So if Your Honor wants to take a look at the motion for clarification, there should be attached to that motion a draft order.

And the issue really arises because Mr. Breslin submitted the order to Your Honor without running it

by opposing counsel, which, as noted in both the letter to your judicial assistant and in the motion for clarification, it is contrary to Florida rules.

Had that not happened, we wouldn't be here because we would have been able to work out the language that actually reflected Your Honor's ruling rather than the language that Mr. Breslin single-handedly decided to insert into the order.

MR. BRESLIN:  Judge, number one, that's --

MR. LUBIN:  Jerry, it's not --

MR. BRESLIN:  -- wholly inappropriate.

Mr. Lubin, do not interrupt me.

THE COURT:  Stop.  I am cutting you all off. So I'm going to do a separate order.  I'm just going to do a quick motion.

The order on the motion for clarification, it's denied, except I want to clarify paragraph 8, all right?  But the Court's ruling -- order and adjudged remains the same.

MR. LUBIN:  Your Honor, can you tell me how it's going to --

THE COURT:  I will look at it again.  I'm going to look at your motion, and I'm just going to address it then, but the motion for clarification is otherwise denied.

Hearing before Judge Haimes                    FVP OPPORTUNTY FUND III, LP, a Delaware limited partnership v. HI BAR CAPITAL LL

C E R T I F I C A T E

- - -

I, KIMBERLY SULLIVAN, Court Reporter, State of Florida at Large, certify that I was authorized to and did report the foregoing proceedings and that the transcript is a true and complete record of my notes.

Dated this 3rd day of September, 2025.

_____

KIMBERLY SULLIVAN, CR