**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

**In re: AVRUMI LUBIN a/k/a Josh Lubin · Case No. 26-17342-EJO · Chapter 11**

# DEBTOR'S EXHIBIT P

### September 10, 2025 Certified Broward Hearing Transcript - Excerpt

Cover, transcript pages 6-14, and reporter's certification

*Complete certified transcript available promptly upon request.*

FILED

JEANNE A. NAUGHTON, CLERK

JUN 2 1 2026

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

*1*

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

Case No. CACE-22-005125

FVP OPPORTUNITY FUND III, LP, A DELAWARE
LIMITED PARTNERSHIP; FVP INVESTMENTS, LLC,
A DELAWARE LIMITED LIABILITY COMPANY; AND
FVP SERVICING LLC, DELAWARE LIMITED
LIABILITY COMPANY,

                Plaintiffs,
vs.
KARMA OF BROWARD, INC.,
a Florida corporation, et al.,

                Defendants.
_____/
HI BAR CAPITAL, LLC, a New York
limited liability company, et al.,
                Plaintiff,
V                              Case No. CACE-22-06401
KARMA OF PALM BEACH, INC.,
a Florida corporation, et al.,
_____/


                Judge David Haimes
                Via Zoom
                September 10, 2025
                8:45 a.m. to 9:35 a.m.


        MOTION TO VOLUNTARILY DISMISS CASE



                Reported By:
        Cheryl L. Jenkins, RPR, RMR

MR. DORSEY:  And Mr. Lubin's prior counsel moved to withdraw.

THE COURT:  But it's Mr. Lubin that filed the motion for clarification, not Spin, is that correct?

MR. LETO:  That's my understanding, your Honor.  Mr. Lubin --

THE COURT:  And so Mr. Lubin -- I know you represent Mr. Lubin, Mr. Casey, but he's not the party to the common interest agreement between Hi Bar and Spin.  He has a separate agreement with Spin.

MR. CASEY:  Yes, your Honor.

THE COURT:  And Spin has filed nothing, as far as I can tell.

MR. CASEY:  Correct.

THE COURT:  And you don't represent Spin, correct?

MR. CASEY:  Correct, your Honor, but I believe if there was a finding in Spin's favor, as to the common interest agreement, then his assignment from Spin to himself would be valid, as I understand it.  It's a complicated series of events.  However, he does believe that he has an interest in the proceeds.

In fact, if there is litigation on the common interest agreement, and I believe your Honor opined

-- I'm still getting caught up to speed, but I believe your Honor opined that you would not be making findings as to the common interest agreement, and that does appear in an order, the order from about a month ago, nearly.  I have it here, Paragraph 8, the August 14th order that your Honor entered to endorse the settlement agreement, Paragraph 8 does make a finding as to determination of the common interest agreement, which would preclude Mr. Lubin from litigating that matter separately in New York, as I understand it.

THE COURT:  Right.

Now you were not here last time, Mr. Leto, so I'll give you the first opportunity to respond.

MR. LETO:  Yes, your Honor.  I think that the order that your Honor entered is expressly in line with what your Honor stated at the hearing.  Your Honor reviewed the common interest agreement, the terms, and the termination notice, and I believe the phrase that your Honor used was it couldn't be any more clear that it's being terminated as a matter of right by Hi Bar based upon the letter from April of 2024.

So I believe that the order is, again, in line with precisely what the Court ruled at the initial motion, and should not be clar -- does not need any further clarification of fact at this point.

THE COURT:  All right.  So the order at issue is August 14th.  It's the order on the joint motion to endorse settlement, and this is what I was trying to figure out, it's not part of the ordered and adjudged, all right, because the ordered and adjudged is -- and that's clear, that I granted the joint motion to endorse the settlement agreement, and that the Court contemplates that this order shall be filed of record in the Bankruptcy Court to inform the Bankruptcy Court that the dispute between Avrumi Lubin and Hi Bar regarding the relative rights and the net proceeds in the Court registry has been resolved by a court of competent jurisdiction, and that would be here.

And so in order to get there -- and then you put -- and I put in there that the Court finds that Avrumi Lubin has no rights or standing to interfere with the Hi Bar settlement based on the plain language of the common interest agreement.

The Court further finds that the common interest agreement was terminated by Hi Bar on April 3rd, 2024, and the Court further notes that Avrumi Lubin took no action to refute Hi Bar's contractually permitted termination until the FVP parties, Franklin parties, and Hi Bar parties came to a settlement agreement.

And then when I went back and looked at

Page 9

that, I mean, the termination wasn't even as to Mr. Lubin. The termination was as to Spin, correct?

MR. LETO:  That's right, because Mr. Lubin is not a party to the common interest agreement.

THE COURT:  All right, and so I'm not sure -- and I know, Mr. Casey, you're saying that because he had a separate assignment from Spin, he had the right to -- but any objection would have to be standing in the shoes of Spin, that's to be asserted in Spin's rights.

MR. CASEY:  Perhaps as to the ability to endorse that settlement, your Honor, but the process with which a determination as to the termination of the common interest agreement, which has a forum selection clause of New York, it was not noticed, there was no evidentiary hearing.

It'd be very difficult for Mr. Lubin to bring in a declaratory action regarding the validity of the common interest agreement with this order, and we would certainly take issue with the process if we were -- I wasn't present, but counsel was just there to -- as to the endorsement of the settlement.  So that would be the issue that Mr. Lubin has with the order, coupled with Paragraph 11, where your Honor reviews the common interest agreement, the termination letter, and applicable law, and then determines that Avrumi Lubin does not have any

interest in the net proceeds.

I understand your Honor is just making a finding as to the ability to endorse the settlement, but there are -- when you couple that with the prior paragraphs, making a finding on the termination, it'd be very difficult for Mr. Lubin to have his day in Court with respect to the common interest agreement.

THE COURT:  I mean, if you look at the plain language of the common interest agreement and everything that was presented -- but I can clarify, is there any objection that the Court's findings are limited to the issues raised for purposes of granting the joint motion to endorse settlement?

MR. BRESLIN:  Well, Judge, if I may be heard?

We had a hearing on this, your Honor, and Mr. Lubin's attorney was there, and evidence was presented, Judge, and I sent a transcript to your Honor, and your Honor very clearly examined the termination notice that Mr. Leto sent to Spin, and your Honor made a finding regarding that.

And your Honor went on to say in the transcript, and I said that to you in the letter, I could read it to you, it said -- I'll just read it, I'll just read what you said, it said, I'm going to grant the joint

motion to approve settlement, and based on just the plain language in the common interest and general litigation agreement, based on the April 3rd, 2024 letter terminating that agreement, and the rights under Paragraph 3 of that agreement, which is the only basis that Mr. Lubin could have to even raise any right to any of these proceeds, I do not see how Mr. Lubin has any right to stand in and contest the settlement.

Certainly, he may have claims against Hi Bar, and against Mr. Leto and whatnot, but that has nothing to do with the settlement for the proceeds of the Bankruptcy Court. So based on all that, I'm granting the joint motion for settlement, and you went on to state that the order should include your comments made at the hearing.

So what I did, Judge, is I put in the order exactly, precisely what your Honor ruled. Your Honor reviewed the termination notice and made a ruling. It was put in the order, and then, of course, I'm personally attacked for somehow trying to sneak something into an order when your Honor precisely ruled on that exact issue, and you took evidence on it.

So I understand that Mr. Lubin is not happy with the ruling. Your Honor made very clear that he could bring any actions he wants against Hi Bar or anybody else,

anywhere else he wants, but what your Honor, I would hope, would confine yourself to is the pleadings in this case.

So in this case there was never any issues raised. It was Mr. Lubin that tried to interfere with the parties' settlement, that has already gone over to the Bankruptcy Court. The Bankruptcy Court has already ruled, and the matter is concluded.

So this is, we're trying to -- they're asking you to revisit issues that have been ruled upon, and have been acted upon by the federal court.

So I would absolutely object, Judge. The record is clear. If Mr. Lubin wants to sue Hi Bar in New York, they could argue in New York that it wasn't properly framed here, but they're asking you to litigate it. They're asking you to make a declaratory judgment, and I just think it's inappropriate, Judge, and we object.

THE COURT: All right.

MR. DORSEY: Judge, this is Mr. Dorsey for the Franklin parties.

I'd just add that the order explicitly says, for the reasons stated on the record, which are incorporated by reference. The transcript is incorporated into the order.

So to the extent Mr. Lubin is arguing, well,

we want the order to reflect what your Honor ruled at the hearing, the transcript is part of the order, and so if Mr. Lubin wants to file an action in another forum, he can introduce the transcript and say this is what I think it means, but there's no need to move for clarification here.

MR. CASEY:  Your Honor, if I may, I don't believe the transcript makes a finding as to the termination of the common interest agreement.  It's simply saying that Mr. Lubin does not -- is not the named party to be endorsing the settlement, as I understand it.  So he will not be able to litigate the common interest agreement when there's a finding from your Honor that the termination letter was valid and he has no interest.

THE COURT:  Well, the common interest agreement is between Hi Bar and Spin.

So, in any event, I think you all are fighting over nothing, except I think we're trying to split hairs here.

I don't know what the claims are in New York, and I in no way was trying to -- trying to resolve a separate claim that Mr. Lubin may have against Hi Bar or Spin or whatnot elsewhere.  It was strictly for purposes of determining who has standing, who has the right to enter into a settlement for the proceeds

in the Bankruptcy Court, and that's the determination I made.

So you have the transcript.  I don't think I need to clarify that.  To the extent it is, it's clarified in the transcripts we've had that this Court was not trying to say that Mr. Lubin has no claims against Hi Bar. I have no idea what his issues are there.

That being said, I was just saying that he had no right to stand in and contest the settlement or the funds that were in the Bankruptcy Court.

MR. BRESLIN:  Thank you, Judge.

THE COURT:  That's just the easiest thing to do, the motion for clarification is denied, but you have a record, Mr. Lubin.  Good luck, I guess in New York.

MR. CASEY:  All right.  Thank you.

MR. LETO:  Thank you, your Honor.

MR. DORSEY:  Thank you.


(Thereupon, the hearing was concluded.)

CERTIFICATION

STATE OF FLORIDA          :

COUNTY OF MIAMI-DADE   :


            I, Cheryl L. Jenkins, RPR, RMR, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were taken before me at the date and place as stated in the caption hereto on page 1; that the foregoing computer-aided transcription is a true record of my stenographic notes taken at said proceedings.

            WITNESS my hand this 11th day of September, 2025.


                        _____

                        CHERYL L. JENKINS, RPR, RMR
                        Court Reporter and Notary Public
                     in and for the State of Florida at Large
                        Commission #HH 170910
                        December 27, 2025