UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**AVRUMI LUBIN**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com
Debtor Pro Se

| In Re: | Case No.:  26-17342-EJO |
|---|---|
| AVRUMI LUBIN a/k/a Josh Lubin, | Chapter:  11 |
| Debtor. | Hearing Date:  August 6, 2026 |
|  | Judge:  Hon. Eamonn J. O'Hagan |

**ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT
PENDING FLORIDA APPEALS TO PROCEED TO DECISION**

The relief set forth on the following pages, numbered two (2) through two (2), is hereby ORDERED.

1

THIS MATTER having come before the Court on the supplemental motion of the FVP Parties (Dkt. 33) for relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833, now pending before the Florida Fourth District Court of Appeal, to proceed; and the Debtor having opposed relief from the automatic stay, and having submitted this form of order solely in the alternative should the Court determine to grant limited relief notwithstanding that opposition; and in response to the Fourth District's orders of July 1, 2026 (Dkt. 34-1, as to Nos. 4D2026-1512 and 4D2025-3564) and July 2, 2026 (Debtor's Ex. N, as to No. 4D2026-1833) directing the parties to obtain an order stating whether those appeals are stayed under 11 U.S.C. § 362(a); and the Court having considered the papers and any argument, and good cause appearing;

**IT IS HEREBY ORDERED** that:

1. The automatic stay of 11 U.S.C. § 362(a) is modified for the sole and limited purpose of permitting Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 (the "Appeals") to proceed to decision before the Florida Fourth District Court of Appeal.

2. This modification authorizes the prosecution, briefing, argument, and adjudication of the Appeals, and entry of the Fourth District's mandate, and nothing more. It does not authorize, and the automatic stay continues to bar, any enforcement, execution, levy, garnishment, charging-order foreclosure, sale, transfer, collection, or proceedings supplementary against the Debtor or property of the estate, including the Debtor's limited-liability-company membership interests and any other property subject to any judgment held by the FVP Parties.

3. Except as expressly modified in Paragraph 1, the automatic stay of 11 U.S.C. § 362(a) remains fully in effect in all respects, including as to any act to enforce, collect upon, or realize upon any judgment against the Debtor or property of the estate.

4. This Order makes no finding as to the merits of the Appeals, the validity, amount, priority, or extent of any claim or judgment of the FVP Parties, the existence of cause to dismiss or convert this case, the good or bad faith of the Debtor or of this filing, or the dischargeability of any debt. Nothing herein shall be construed as such a finding or as having any preclusive or evidentiary effect in this case or in any other proceeding.

5. This Order is entered without prejudice to all rights, claims, defenses, and objections of the Debtor and the estate, including without limitation all defenses in Adversary Proceeding No. 26-01315 (Bankr. D.N.J.) and all objections to the FVP Parties' motion to dismiss and for stay relief (Dkt. 13).

6. The fourteen-day stay of this Order under Fed. R. Bankr. P. 4001(a)(4) shall apply; this Order shall not become effective until the expiration of that period.

7. The Debtor shall file a copy of this Order with the Florida Fourth District Court of Appeal within five (5) days of its entry, in compliance with the Fourth District's July 1, 2026 order (Dkt. 34-1) and July 2, 2026 order (Debtor's Ex. N).

8. This Court retains jurisdiction to interpret and enforce this Order.