UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
**AVRUMI LUBIN**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com
Debtor Pro Se

| In Re: | Case No.: 26-17342-EJO |
|---|---|
| AVRUMI LUBIN a/k/a Josh Lubin, | Chapter: 11 |
| Debtor. | Hearing Date: August 6, 2026 |
| | Judge: Hon. Eamonn J. O'Hagan |

**ORDER DENYING RELIEF FROM THE AUTOMATIC STAY AND CONFIRMING THE STAY'S APPLICATION TO PENDING FLORIDA APPEALS**

The relief set forth on the following pages, numbered two (2) through two (2), is hereby ORDERED.

THIS MATTER having come before the Court on the supplemental motion of the FVP Parties (Dkt. 33), which requests relief from the automatic stay under 11 U.S.C. § 362(d)(1) as to Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833, now pending before the Florida Fourth District Court of Appeal, or, in the alternative, an order confirming the status of the automatic stay as to those appeals; and in response to the Fourth District's orders of July 1, 2026 (Dkt. 34-1, as to Nos. 4D2026-1512 and 4D2025-3564) and July 2, 2026 (Debtor's Ex. N, as to No. 4D2026-1833) directing the parties to obtain an order stating whether those appeals are stayed under 11 U.S.C. § 362(a); and the Debtor having opposed relief from the automatic stay and requested entry of this order; and the movants having represented that such a comfort order "merely identif[ies] and reiterate[s] what has already occurred by operation of law" (Dkt. 33-1 at 7); and good cause appearing;

**IT IS HEREBY ORDERED** that:

1. To the extent the supplemental motion (Dkt. 33) requests relief from the automatic stay under 11 U.S.C. § 362(d)(1), that request is DENIED. The Court grants only the alternative relief that Dkt. 33 requests — an order confirming the status of the automatic stay as to Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 (the "Appeals").

2. The automatic stay of 11 U.S.C. § 362(a) arose upon the filing of the Debtor's petition on June 25, 2026, and remains in effect.

3. By operation of 11 U.S.C. § 362(a), the automatic stay applies to the continuation of the Appeals, as proceedings that were commenced against the Debtor before the commencement of this case, regardless of which party has taken the appeal.

4. This Order neither grants any affirmative relief from the stay nor modifies or lifts it, and it authorizes no enforcement, execution, sale, collection, or other act against the Debtor or property of the estate.

5. This Order makes no finding, and shall have no preclusive or evidentiary effect, as to the merits of the Appeals, the validity, amount, priority, or extent of any claim or judgment of the FVP Parties, the existence of cause to dismiss or convert this case, the good or bad faith of the Debtor or of this filing, or the dischargeability of any debt. This paragraph does not limit the Court's determination that the automatic stay applies to the Appeals, which is entered for the benefit of the Florida Fourth District Court of Appeal and the parties.

6. This Order is entered without prejudice to all rights, claims, defenses, and objections of the Debtor and the estate, including in Adversary Proceeding No. 26-01315 and as to the FVP Parties' motion at Dkt. 13, and without prejudice to the Debtor's right to seek relief from the stay as to any appeal upon retention of counsel or otherwise.

7. The Debtor shall file a copy of this Order with the Florida Fourth District Court of Appeal within five (5) days of its entry, in compliance with the Fourth District's July 1, 2026 order (Dkt. 34-1) and July 2, 2026 order (Debtor's Ex. N).