UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 26-17342-EJO |
| AVRUMI LUBIN, | . | 402 East State Street<br>Trenton, NJ 08608 |
| Debtor. | . | |
| | . | July 16, 2026<br>11:19 a.m. |

TRANSCRIPT OF ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR RE: FAILURE TO FILE MISSING DOCUMENTS; DEBTOR'S APPLICATION FOR EXTENSION OF TIME
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | AVRUMI LUBIN, PRO SE<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By: RACHEL WOLF, ESQ.<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102 |
| Audio Operator: | Michelle Fogleman |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES (Cont'd):

For FVP Investments LLC, et al.:

Schwartz Breslin PLLC
By: JERRELL "JERRY" BRESLIN, ESQ.
The DuPont Building
Suite 700
169 East Flagler Street
Miami, FL 33131

Baldassare & Mara, LLC
By: JENNIFER MARA, ESQ.
75 Livingston Avenue
Suite 101
Roseland, NJ 07068

Law Office of Alan I. Karten, PLLC
By: ALAN IRA KARTEN, ESQ.
321 Anderson Pond Road
Aiken, SC 29803

\- - -

THE COURT: Okay. So, on the 11 o'clock calendar we'll take Numbers 76 and 77, Avrumi Lubin, Case Number 26-17342.

We'll take appearances, please, starting with the debtor, Mr. Lubin.

MR. LUBIN: Good morning, Your Honor. Josh Lubin on behalf of myself individually.

MS. WOLF: Good morning, Your Honor. Rachel Wolf, representing the United States Trustee.

MR. BRESLIN: Good morning, Your Honor. My name is Jerry Breslin. I represent the creditor, the FVP parties. I have been admitted pro hac. Jennifer Mara is the counsel of record in New Jersey, who is also present. Also present is Alan Karten, Esquire, who's another attorney for the FVP parties and who's been prosecuting the collection matter in Florida.

MS. MARA: Good morning, Your Honor.

THE COURT: So, we're here on the order to show cause, why the case should not be dismissed for failure to file missing documents. We also have a application by the debtor to extend time to comply. So, Mr. Lubin, I'll hear from you first, please, sir.

MR. LUBIN: Okay. So, I put together some notes. I'm trying to pull it up. Okay. Basically, I'm dealing with this litigation for multiple years now. And there was a

foreclosure order, which under New Jersey and Florida law, would be illegal.

I brought it up to the judge, and he said, take it up with the Appellate Division. And it was under my personal membership interest on an LLC, which put me in a position. I called a bunch of attorneys. I had to file this a day before the sale, because the judge in Florida said, take it up with the appeal.

And the time I take it up with the appeal the (indiscernible) membership interest and concern executing on all my claims that I own as a creditor, that my company owns as a creditor, so, it got filed with me not being prepared whatsoever.

I have been working on putting together the schedules. I spent the last few days putting together. In the event -- I met with six attorneys through New Jersey already. It seems like everybody knows each other. I'm used to litigating in New York and other states.

But -- and I still don't have an attorney yet. The one or two people that are willing to take on the case, the other lawyers say not to, you need some -- I need a full service firm. It's a big mess. And I'm trying to get this on guardrails.

So, like, I asked for more time because I wasn't prepared. I had to file last minute, and I'm trying to -- I

would want a -- what's it called? A court investigator got appointed right away to investigate me, investigate everyone. It's -- I forgot the -- it's a neutral party, but that's something that I'm going to file a motion for on Monday as well.

THE COURT: Can I ask you to just pause right there, Mr. Lubin?

MR. LUBIN: Yeah.

THE COURT: So, this is -- what's before the Court right now is just an order to show cause in terms of why the case should not be dismissed for failure to file missing documents.

Am I correct to understand that you're asking for four days to comply? My understanding from your application is that you're asking for July 20th to comply. Is that --

MR. LUBIN: I think I'm going to need more time. I was sitting at a lawyer's office yesterday. I got some -- I got the 426 form filed this morning. I'm asking for four days, but first, I need counsel in place immediately, and I've been spending a lot of time doing my best to get that executed. It's a complicated situation, so, I can't handle this myself pro se.

In the event that I can't get -- there's due process issues over here in regards to getting counsel, and in the event that I have to be pro se, I'm going to have to hire

people to handle this. This is -- it's a very big mess.

And, yeah, I asked for four days. I'll put together to the best of my ability, but, like, I want everything to be fully transparent and accurate.

THE COURT: I mean, that's the date that you asked for. And based on --

MR. LUBIN: Yeah.

THE COURT: -- what you're describing, it didn't sound like that's what you had in mind in terms of the time table for when you would be able to do this.

MR. LUBIN: I've been busy with it 12 hours a day, but, I don't know -- I'm not that organized and that's not, like, my best skills when it comes to those type of things. But, I did send over some information to the U.S. Trustee.

I'm really trying to get an attorney. If the week comes where, like, attorneys don't feel comfortable taking on this case until some orders are vacated in Florida, then I'm going to have to figure this out pro se. But, I'm really focused on first trying to get an attorney, and it's a little bit complicated.

THE COURT: All right. Ms. Wolf, I'd like to hear from you next, please, in terms of what your office's view is of this. I have to say that, I think this is my first time on an order to show cause for failure to file missing documents that we had this much participation. So, I assume that there's

some additional wrinkles here, and I'd like to hear about them.

MS. WOLF: Your Honor, Rachel Wolf, for the U.S. Trustee. The debtor has provided some documentation, including some bank statements and some tax returns. However, the debtor is asserting that because he doesn't own any property and his businesses are not operating, no insurance is necessary. So, we don't have proof of insurance for the debtor.

It's unclear exactly where he resides. The petition was filed in New Jersey, but, the debtor informed us he resides in New York.

I also reached out to the receiver in the Spin Capital case, which is pending in New York State. There's a lot here, Your Honor.

The 341 meeting is scheduled for July 22nd, which is next week, and it's unclear whether the debtor will be able to provide schedules. It'll be difficult to conduct a meeting without schedules in front of me.

But, the debtor has been cooperative to the best of his ability being a pro se in this case. Thank you.

THE COURT: Thank you, Ms. Wolf. Mr. Breslin?

MR. BRESLIN: Yes. Thank you, Your Honor. Judge, as you said, we're here today on the order to show cause for dismissal regarding the filing of paperwork.

Your Honor has scheduled a week from today our merits motion for relief from stay, where we have asked Your Honor to

dismiss the bankruptcy petition on the merits, and you had scheduled that for a hearing at two o'clock in one week. We would ask that Your Honor take up our merits motion at that time.

We have no interest in having any type of technical dismissal just on some documents, because it's our position, as is outlined in our papers, and I'm sure Your Honor hasn't looked at them for today, but, this is a last-minute filing on a jury verdict for fraud in Florida that we'll take up next week.

So, all of our papers are keyed up for a merits hearing on our motion for relief from stay, and I would ask that Your Honor take it all up at that time, so Your Honor can hear the merits and exactly why this case should be dismissed on the merits. Thank you.

THE COURT: What is the return date on that?

MR. BRESLIN: The 23rd, 2 p.m. In one week on the 23rd we have the -- our motion for relief from stay and further relief, where we've outlined all of the factual reasons why this was a last minute tactic and there should be a dismissal.

And we're asking that the Court not permit a redo, because we will -- as we will explain next week, this is a -- this has been an ongoing tactic for some time with Mr. Lubin. The birth of AI has caused quite a bit of problems for the plaintiffs in Florida, and now the creditor in this case,

Judge.

But, like I said, we'll take that up next week. It's outlined in great detail with exhibits, and Your Honor has scheduled that for a hearing, and we look forward to that hearing.

THE COURT: Okay. Thank you for that. And just for everyone's benefit, including Mr. Lubin, we don't need to go address into any of the substantive issues related to the stay relief motion. I don't need Mr. Lubin to respond to anything. None of that is before me. I have not reviewed the pleadings yet.

I have formed, you know, no opinions or conclusions, because I'm not familiar with it yet. I am only dealing with the order to show cause and the missing documents. So, all party's rights are reserved.

Does anyone else wish to be heard on the order to show cause?

(No audible response)

THE COURT: Okay. Mr. Lubin --

MR. LUBIN: I just want to make a statement. I do -- Rachel, I do have personal insurance. I have a $10 million umbrella policy, and you asked me for the companies. The companies don't have insurance, but, if I need to get insurance for them, I'll get insurance for them. Yeah.

THE COURT: All right. Well, I think it's -- it's

encouraging that you're working with Ms. Wolf. She's very responsive. And, you know, you can discuss those issues with her off line.

In light of the fact that, you know, you've requested July 20th, and the return date on Mr. Breslin's motion is three days later, I think it makes sense for us to carry this, the order to show cause, to July 23rd.

I'm not going to dismiss this case today. I'm giving you three more days than you requested in your pleading. Depending on what happens on the merits of the motion, you know, that could potentially affect, you know, what's actually in play.

But, I think in light of the fact that we have a return date coming on a motion on July 23rd, it makes sense. We'll just carry this order to show cause to Thursday, July 23rd, so that it can be addressed at the same time we address the other matters in this case.

MR. LUBIN: Okay. Regarding the schedule --

MR. BRESLIN: Thank you, Your Honor.

MR. LUBIN: Your Honor, me personally, I'm not talking about my entities, I own them 100 percent. I'm not trying -- I'm trying to separate myself from -- I'm not sure that there's that much that has to be listed on these schedules.

I personally don't really have that many creditors.

Yeah, there's a $14 million -- I'm not getting into any merits on there. I don't believe that -- yeah, I know merits are not today. But, I personally don't have that many things, any assets, and my abilities -- first, I have look at this. It could be the 23rd is no problem.

Now, I have to -- I'm trying to get counsel to figure out if I need to put these schedules together. There's over $100 million in claims between my companies I have as a creditor. So, I have to -- and a lot of that, I've been in a big hornet's nest. So, it's --

THE COURT: Mr. Lubin, let me just stop you there. So, I have adjourned this order to show cause for three days longer than you requested.

MR. LUBIN: The 23rd. And hopefully, let's see what I can get done by then.

THE COURT: If on July 23rd when we're back, if this case is still continuing and you have not complied by filing the missing documents, you can make whatever arguments you want or make any other requests that you want.

But, this is not the time for, you know, you to be having a back and forth with the Court as to the contents of hypothetical schedules and how much time you think you might have. You've requested additional time. The Court has granted it, and we will be back on July 23rd.

MR. LUBIN: That's perfect. Okay. Thank you.

MR. BRESLIN: Thank you, Your Honor.

THE COURT: So, with respect to Number 76 on the calendar, the order to show cause will be -- the minutes will reflect it's adjourned to July 23rd, 2026. And with respect to Number 77 on the calendar, the Court's minutes will reflect that the extension was granted.

LAW CLERK: Judge, would you like the parties to appear (indiscernible) --

MR. LUBIN: Thank you, Your Honor.

MS. MARA: Thank you, Judge.

LAW CLERK: -- (indiscernible).

MR. KARTEN: Thank you, Your Honor.

MR. LUBIN: July 23rd, right?

LAW CLERK: These are 11 o'clock matters.

THE COURT: Right.

LAW CLERK: So it's (indiscernible) --

MR. LUBIN: (indiscernible)

LAW CLERK: -- (indiscernible) have to move it to 2 or (indiscernible).

THE COURT: Okay. So, Ms. Patterson, my law clerk, has wisely chimed in. I think that with respect to the 23rd, we should have everything -- we'll deal with everything at two o'clock, rather than on the 11 a.m. calendar, so we can address, you know, everything all at the same time.

So, the order to show cause will be adjourned 'til

July 23rd for the 2 p.m. calendar, not the 11 a.m. calendar, and we'll deal with everything at 2 p.m.

MR. KARTEN: Thank you, Your Honor.

THE COURT: Thank you.

* * * * *

**C E R T I F I C A T I O N**

I, KIM WEBER, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Kim Weber

KIM WEBER

J&J COURT TRANSCRIBERS, INC. DATE: July 21, 2026