**AVRUMI LUBIN**
Debtor Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11<br>Hearing Date: August 13, 2026 at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
|---|---|

### CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION

I, Avrumi Lubin, certify under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge and the identified court and official public records:

1. I am the Chapter 11 Debtor and Debtor-in-Possession and appear pro se.

2. On July 2, 2026, the FVP Parties filed Dkt. 17, an application to admit Jerrell A. Breslin, Esq. pro hac vice. Dkt. 17 selected August 6, 2026 as its return date. Mr. Breslin's personally signed certification, Dkt. 17-3, is attached as Exhibit A.

3. Dkt. 21 states that, on July 6, local counsel mailed me the three FVP Notices of Appearance, the pro hac vice application, and the proposed order. Dkt. 21 does not identify either supporting certification, Dkt. 17-2 or Dkt. 17-3, among the documents mailed. The docket set July 9 as the objection deadline, and Dkt. 27 was entered July 10. Dkt. 21 is attached as Exhibit C. The Bankruptcy Court's official filing instructions state that pro hac vice applications proceed on seven days' notice and that the seven-day objection deadline calculates automatically. A dated printout is attached as Exhibit J.

4. D.N.J. LBR 9010-1(b)(2)(A) requires the certified statement to disclose each bar in which the applicant is a member in good standing 'and the year of admission.' Paragraph 2 of Dkt. 17-3 identifies Florida Bar No. 269573 but gives no year of admission or readmission to The Florida Bar. The 1981 date in that paragraph is expressly associated with the United States District Court for the Southern District of Florida, not The Florida Bar.

5. D.N.J. LBR 9010-1(b)(2)(C) separately requires disclosure of 'whether discipline has ever been imposed.' Paragraph 4 of Dkt. 17-3 states that no proceeding is pending and that Mr. Breslin was not then, and had not been during the preceding five years, suspended or disbarred. It does not answer the separate lifetime question.

6. Official records establish that discipline had previously been imposed. The Florida Bar's official profile lists Mr. Breslin as presently in good standing and states 'Admitted: 04/16/2012' (Exhibit F). The United States District Court for the Southern District of Florida suspended him in Administrative Order 1998-34 (Exhibit G) and reinstated him in Administrative Order 2012-95 (Exhibit H). I do not contend that the old discipline or later reinstatement automatically decides present eligibility. My point is that the mandatory lifetime question required a complete answer before the Court exercised its discretion.

7. Local counsel's supporting certification, Dkt. 17-2, states that local counsel would sign the FVP Parties' pleadings and would ensure Mr. Breslin's compliance with the governing pro hac vice rule. Dkt. 17-2 is attached as Exhibit B.

8. Dkt. 27 states: 'Only an attorney at law of this Court may sign and file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders.' A complete copy is attached as Exhibit D.

9. D.N.J. LBR 9010-1(b)(3) states that local counsel must file the Local Form Notice of Appearance. Subsection (b)(4) states that '[o]nly local counsel, and not the attorney admitted pro hac vice, may sign and file papers, and receive notices and service of papers.'

10. On July 17, 2026, Dkt. 42 was filed. It is a Local Form Notice of Appearance personally signed 's/ Jerrell Breslin.' It states that 'the undersigned enters an appearance' for 'FVP Servicing LLC, et al' and requests that all Rule 2002 notices and all documents and pleadings of any nature be served on him. A complete copy is attached as Exhibit E.

11. Dkt. 17-3 paragraph 9 represented that, if admission were granted, 'all notices, orders and pleadings may be served upon' Jennifer Mara's law firm. Dkt. 42 later requested service on Mr. Breslin of every Rule 2002 notice and 'all documents and pleadings of any nature.'

12. The Bankruptcy Court's official pro hac vice resource page reproduces the local-counsel-only filing, appearance, notice, and service rules. Its footnote also states that registered pro hac vice attorneys may receive limited e-filing access and Notices of Electronic Filing on a case-by-case basis. A dated printout is attached as Exhibit I.

13. I have located no local-counsel filing or Court order authorizing Mr. Breslin himself to sign the Notice of Appearance, enter an independent appearance, or request service of every paper through Dkt. 42. The Motion does not dispute any limited access the Court actually granted.

14. Paragraph 5 of Dkt. 17-3 identifies Mr. Breslin as lead counsel expected to assist this Court by outlining the multi-forum history and the FVP Parties' allegations of bad faith. Dkt. 13 seeks dismissal with prejudice, a two-year refiling bar, and other prospective relief. That makes strict compliance with the Court's admission conditions material.

15. This Motion does not attribute Jennifer Mara's certifications at Dkts. 13-1 and 15 to Mr. Breslin and does not ask the Court to decide those motions through this admission dispute. My merits objection is separately docketed at Dkt. 44.

16. Local counsel remains counsel of record and has not withdrawn. Corrective relief concerning Mr. Breslin's pro hac vice status therefore will not leave the FVP Parties unrepresented.

17. I respectfully request the relief stated in the Notice and proposed Order.

I certify under penalty of perjury that the foregoing is true and correct.

_____

**AVRUMI LUBIN**
Dated: July 22, 2026