AVRUMI LUBIN
Debtor Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In re: | Case No. 26-17342-EJO |
|--------|------------------------|
| | Chapter 11 |
| *AVRUMI LUBIN a/k/a Josh Lubin,* | Hearing: August 13, 2026 at 10:00 a.m. |
| | Judge: Hon. Eamonn J. O'Hagan |
| Debtor. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO RECONSIDER THE ORDER ADMITTING COUNSEL *PRO HAC VICE* (DKT. 27), TO ENFORCE THE LOCAL-COUNSEL CONDITIONS, AND FOR RELATED RELIEF

### PRELIMINARY STATEMENT

This Motion presents two objective, record-based defects in the *pro hac vice* admission of Jerrell A. Breslin, Esq. First, his certification (Dkt. 17-3) did not supply The Florida Bar admission year and did not answer whether discipline has ever been imposed, both of which D.N.J. LBR 9010-1(b)(2) commands. Second, after the admission order entered, a Notice of Appearance bearing Mr. Breslin's personal signature was filed at Dkt. 42; it purports to enter an appearance and requests service of all Rule 2002 notices and all pleadings—functions that Dkt. 27 and LBR 9010-1(b)(3)-(4) reserve to local counsel.

The issue is not whether decades-old, since-remediated discipline makes Mr. Breslin automatically ineligible; it does not. The issue is whether counsel may remain admitted on a certification that omits mandatory disclosures, when a paper bearing his personal signature was later filed that is facially inconsistent with an express condition of admission. The Debtor asks the Court to require a complete, corrected certification and sworn explanation, to enforce Dkt. 27 and treat Dkt. 42 as ineffective pending a compliant local-counsel filing, to reopen the objection period, and—only if the defects are not cured—to consider conditioning, suspending, or vacating the admission. The relief is graduated and gives Mr. Breslin the process the law requires.

### I. THE COURT MAY RECONSIDER ITS INTERLOCUTORY ADMISSION ORDER, AND THE DEBTOR HAS STANDING.

A bankruptcy court possesses inherent authority to reconsider its interlocutory orders while the litigation continues, and "no strict time limit" constrains that authority so long as the court retains jurisdiction. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 310-11 (3d Cir. 2018). An order admitting counsel *pro hac vice* in an ongoing Chapter 11 case is such an interlocutory order. This Motion is nonetheless prompt: it follows within days of Dkt. 42 and within fourteen days of Dkt. 27, so it raises no timeliness concern under any standard. The Court may, in its

discretion, use the Rule 9023 / Rule 59(e) standard as a guide and reconsider an interlocutory order to correct a clear error of law or fact or to prevent manifest injustice. *See id.* at 311. No rule fixes a jurisdictional deadline for reconsidering an interlocutory admission order.

The Debtor has standing to seek this relief. A Chapter 11 debtor is a "party in interest" who "may raise and may appear and be heard on any issue" in the case. 11 U.S.C. § 1109(b). The local rule underscores the point by requiring that a *pro hac vice* application be noticed to the debtor. LBR 9010-1(b)(1).

## II. DKT. 17-3 IS FACIALLY INCOMPLETE UNDER LBR 9010-1(b)(2).

The Rule provides that the application "must" include a certified statement disclosing each bar of admission "and the year of admission," LBR 9010-1(b)(2)(A), and separately requires an answer to "whether discipline has ever been imposed," *id.* (b)(2)(C). The five-year detail requirement supplements, and does not replace, that lifetime yes-or-no answer.

Dkt. 17-3 identifies The Florida Bar but omits that bar's admission year, and it answers only that no proceeding is pending and that no suspension or disbarment occurred in the preceding five years. It never answers the lifetime question. That omission is material here—not a mere formality—because the truthful lifetime answer is "yes": official orders establish that discipline was imposed (a 1998 federal suspension) and later lifted (a 2012 reinstatement). A certification that omits a required "yes" answer withholds precisely the fact the Rule exists to surface. Objective noncompliance is enough to require a corrected sworn certification; the Motion does not ask the Court to find the omission knowing, and present good standing is relevant but is not a substitute for the disclosure the Rule commands.

## III. DKT. 42 IS FACIALLY INCONSISTENT WITH DKT. 27 AND REQUIRES CLARIFICATION AND CURE.

Dkt. 27 provides that only an attorney of this Court may sign and file papers or enter appearances, and LBR 9010-1(b)(4) reserves signing, filing, and the receipt of notices and service to local counsel; local counsel separately certified that she would ensure compliance (Dkt. 17-2). Dkt. 42 is the Court's Local Form Notice of Appearance; it bears Mr. Breslin's signature, states that the undersigned enters an appearance, and requests service of all Rule 2002 notices and every pleading. Those facts are facially inconsistent with Dkt. 27 and LBR 9010-1(b) (3)-(4). The Motion does not rely on which CM/ECF account uploaded the document; the signed paper speaks for itself.

The Bankruptcy Court's *pro hac vice* resource page notes only a limited, case-by-case administrative caveat for electronic-filing access; it does not displace the local-counsel-only rule, and the docket shows no case-specific authorization for Mr. Breslin to enter an independent appearance and demand every notice and paper. Dkt. 42 should therefore be deemed ineffective pending a compliant local-counsel filing and a short clarification of how it came to be filed. That is enforcement of the Court's own order, not a sanction.

## IV.  BEFORE ANY REVOCATION, THE LAW REQUIRES NOTICE, AN OPPORTUNITY TO RESPOND, AND PROPORTIONALITY—AND FAVORS CURE FIRST.

Because the Motion reserves the possibility of suspension or vacatur, the Debtor identifies the governing standard and satisfies it. Before revoking *pro hac vice* status, a court must give the attorney notice of the conduct at issue, notice of the standard to be applied, a meaningful opportunity to respond, and written reasons. *Johnson v. Trueblood*, 629 F.2d 302, 303-04 (3d Cir. 1980). The Third Circuit reaffirmed that four-part minimum and vacated a revocation entered without it. *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 909-10 (3d Cir. 1992). Because inherent powers must be exercised with restraint and discretion, a court should consider available rule-based or lesser measures before imposing a severe sanction. *Saldana v. Kmart Corp.*, 260 F.3d 228, 236-39 (3d Cir. 2001). In the *pro hac vice* context, *Mruz* emphasizes that revocation imposes lasting reputational harm and may substantially prejudice a client deprived of chosen counsel. *Mruz v. Caring, Inc.*, 166 F. Supp. 2d 61, 69-72 (D.N.J. 2001).

The disclosure analogues point in the same direction. In *Boston University v. University of Medicine & Dentistry of New Jersey*, 176 N.J. 141, 147-50 (2003), the New Jersey Supreme Court addressed a *pro hac vice* certification that omitted the attorney's New Jersey licensure and ineligibility. After notice and an opportunity to respond, the court allowed thirty days to cure the underlying ineligibility by paying the arrears and obtaining a certificate of good standing, and directed revocation only upon noncompliance. Although the defect and cure differed, the decision provides a persuasive cure-first analogue.

*In re Passaic Healthcare Services, LLC*, No. 14-36129 (CMG), 2015 WL 5895514, at *3-4, *6-8 (Bankr. D.N.J. Oct. 8, 2015) (not for publication), recited the mandatory certification requirements and the meaningful-opportunity requirement. It declined revocation because the applicant had made every required statement, disclosed the pending referral, and had not omitted discipline required by the rule. Here, by contrast, required answers were omitted outright, making correction and a response—not immediate revocation—the appropriate first step.

## V.  THIS MOTION IS RULE-ENFORCEMENT, NOT A LITIGATION TACTIC.

The Debtor anticipates the argument that a *pro hac vice* challenge is a litigation tactic. In *Haas v. Burlington County*, No. 08-1102 (NLH/JS), slip op. at 9-10 (D.N.J. Oct. 30, 2019) (ECF No. 451), the court denied a motion to vacate a *pro hac vice* admission that was "being used as a litigation tactic to jockey for position in" an unrelated fee dispute, while restating counsel's mandatory certification and continuing-disclosure duties. This Motion is materially different. It rests on two objective defects appearing in this case's own docket: the omissions in Dkt. 17-3 and the filing of Dkt. 42 bearing Mr. Breslin's signature. The external discipline orders are used only to establish that the omitted lifetime answer was "yes," not as an independent ground for disqualification. The Motion seeks no adjudication of the merits of Dkts. 13, 15, 33, or 34, leaves admitted local counsel authorized to represent the FVP Parties, and asks first for correction and a response. The very certification duties *Haas* restated are the duties the Debtor asks the Court to enforce.

## VI.  THE REQUESTED TIERED RELIEF IS SPECIFIC AND PROPORTIONATE.

The proposed Order (1) enforces the existing local-counsel limitations; (2) deems Dkt. 42 ineffective pending a compliant local-counsel filing; (3) requires a corrected, complete sworn certification and a short explanation; (4) affords the Debtor seven days after the corrected certification to respond; and (5) reserves whether admission should continue, be conditioned, be suspended, or be vacated, with the more serious remedies reserved only for non-cure. That structure tracks the process required by *Johnson* and *Taberer,* the proportionality required by *Saldana* and *Mruz,* and the cure-first approach reflected in *Boston University*. It is the least drastic remedy consistent with enforcing the Rule and the Court's own order.

## CONCLUSION

For these reasons, the Debtor respectfully requests that the Court reconsider Dkt. 27, enforce its local-counsel limitations, deem Dkt. 42 ineffective pending proper cure, require a complete sworn certification and explanation, reopen the objection period, and condition continued admission on full compliance, granting such further relief as is just.

Respectfully submitted,

_____

AVRUMI LUBIN
Debtor Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com
Dated: July 22, 2026