**AVRUMI LUBIN**
Debtor Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| In re: | Case No.: 26-17342-EJO |
|---|---|
| AVRUMI LUBIN a/k/a Josh Lubin, | Chapter 11<br>Hearing Date: August 13, 2026 at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| Debtor. | |

**ORDER RECONSIDERING DKT. 27, ENFORCING LOCAL-COUNSEL LIMITATIONS, REQUIRING A COMPLETE CERTIFICATION, AND RESERVING SUSPENSION OR VACATUR**

**The relief set forth on the following page, numbered two (2) through three (3), is hereby ORDERED.**

1

This matter having been opened to the Court by Avrumi Lubin, the Chapter 11 Debtor appearing pro se, concerning the July 10, 2026 Order admitting Jerrell A. Breslin, Esq. pro hac vice (Dkt. 27); the Court having considered the moving papers, any opposition, and argument; and for good cause shown;

**IT IS HEREBY ORDERED:**

1. Dkt. 27 and D.N.J. LBR 9010-1(b)(3)-(4) remain controlling. Unless this Court expressly orders otherwise, local counsel alone may sign and file papers, enter appearances, and receive notices and service of papers, except to the extent the Court grants pro hac vice counsel limited, case-specific e-filing or Notice of Electronic Filing access.

2. Dkt. 42 is DEEMED INEFFECTIVE as an independent appearance entered by pro hac vice counsel or as a request for service of all papers unless the Court determines otherwise. Within three (3) business days, local counsel may file a notice identifying any case-specific authorization on which Dkt. 42 relies and any corrected local-counsel filing requested.

3. Within seven (7) days after entry of this Order, local counsel must file a supplemental sworn certification executed by Mr. Breslin and fully answering D.N.J. LBR 9010-1(b)(2)(A)-(C), including each bar and year of admission; whether discipline has ever been imposed; and, for discipline within the preceding five years, the date, jurisdiction, nature, and penalty required by subsection (b)(2)(C). The certification must separately explain any readmission or reinstatement information necessary to reconcile the current bar record with the complete lifetime answer.

4. The supplemental certification must also explain (a) why Dkt. 17-3 did not answer the lifetime-discipline question or state the Florida Bar admission/readmission year, and (b) the basis on which Mr. Breslin personally signed Dkt. 42 notwithstanding Dkt. 27 and D.N.J. LBR 9010-1(b)(3)-(4).

5. The Debtor may file a supplemental objection within seven (7) days after service of the supplemental certification.

6. Pending further Order, Mr. Breslin's participation remains subject to every limitation in Dkt. 27 and D.N.J. LBR 9010-1. Local counsel must sign and file papers and attend hearings unless expressly excused by the Court.

7. After the supplemental filing and response period, the Court will determine whether Dkt. 27 should remain in effect, be further conditioned, be suspended, or be vacated. Failure to provide a timely and complete cure may be grounds for suspension or vacatur after such further notice as the Court directs.

8. Nothing in this Order determines intent, adjudicates Dkts. 13, 15, 33, or 34, adjourns any hearing, or restricts admitted local counsel from fully representing the FVP Parties.