**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686 | F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626 | F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**REPLY OF FVP IN FURTHER SUPPORT OF ITS MOTION TO VACATE THE AUTOMATIC STAY AND TO DISMISS THE CHAPTER 11 CASE WITH PREJUDICE, AND IN RESPONSE TO THE DEBTOR'S OBJECTION (DKT. 44)**

### PRELIMINARY STATEMENT

The Debtor's twelve-page Objection proves FVP's motion rather than answering it. Stripped of its length, the Objection concedes every fact that matters: this is the Debtor's first bankruptcy, filed pro se on June 25, 2026 — the day before the noticed June 26 sale of his principal assets and weeks before the noticed July 24 sale (Obj. ¶¶ 1, 6; Lubin Decl. ¶ 3); he holds membership interests worth, on his own oath, between $10 and $50 million against a handful of creditors (Dkt. 13-2 at 2); he filed no schedules and no statement of financial affairs, and the § 341

1

meeting has not been held (Obj. ¶¶ 9-13); and he *does not ask this Court to vacate or review the Florida judgments* (Obj. ¶ 4). What he offers instead is a *concrete* Chapter 11 *path* that, by his own description, consists entirely of preserving contested litigation claims and stopping FVP's sale (Obj. ¶ 13). He admitted the point on the record: at the July 16, 2026 hearing he told this Court that he "had to file this a day before the sale, because the judge in Florida said, take it up with the appeal." 7/16 Tr. 4:6-8 (the July 16, 2026 hearing transcript is of record at Dkt. 45 and is filed herewith with FVP's Notice of Filing of Transcript). That is not a reorganization. It is the use of Chapter 11 to obtain, at no cost, the stay of enforcement that a supersedeas bond would have required him to fund — the paradigm of a bad-faith, tactical filing.

The good-faith inquiry the Debtor invokes asks two questions: whether the petition serves a valid bankruptcy purpose, and whether it was filed merely to gain a tactical litigation advantage. *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc.*, 384 F.3d 108, 119-20 (3d Cir. 2004). The Debtor's own Objection answers both against him. There is no business to rehabilitate, no going concern, no income stream, and no plan of reorganization — only litigation claims to "preserve" and a creditor's sale to halt. A debtor in that position "needs only to stop one creditor's lawful collection," and "[t]hat is the paradigm of bad faith." (Dkt. 13-2 at 2).

FVP has also heard the Debtor's structural objections to the proposed order, and — to sharpen the issues and remove any distraction from the merits — FVP **narrows** the relief it seeks. FVP **withdraws** its request for in rem relief under 11 U.S.C. § 362(d)(4), which by its terms reaches only real property and which FVP acknowledged does not fit this record (Dkt. 13-2 at 5); it **confines** the relief as to any future filing to FVP's own debt — providing only that the specific debt fixed in FVP's proof of claim and its § 523 adversary proceeding is not stayed, impaired, or discharged by a subsequent case commenced by or against the Debtor, and reaching no other

creditor, no non-party, and no other debt — consistent with the authority the Debtor himself cites. A revised proposed order reflecting these narrowings accompanies this Reply. As narrowed, the Debtor's overbreadth objections (Obj. ¶¶ 26-29) fall away, and what remains is a straightforward request that this Court do what the totality of this record compels: vacate the stay, dismiss this case with prejudice, and prevent its immediate repetition.

## ARGUMENT

**I.    THE OBJECTION CONFIRMS THAT THE PETITION SERVES NO VALID REORGANIZATIONAL PURPOSE — CAUSE TO DISMISS UNDER § 1112(b) IS ESTABLISHED.**

**A.    The Debtor's own "concrete path" is litigation preservation, not reorganization.**

Asked to identify his reorganizational purpose, the Debtor lists: complete schedules; attend the § 341 meeting; retain counsel; "reconcile" FVP's claim; "preserve the membership interests"; "preserve the contested litigation rights"; and "propose a plan" (Obj. ¶ 13). Every item is either a minimum statutory duty of any debtor-in-possession or a description of the very collection-defense objective that condemns the filing. Nothing in the list is a business to be rehabilitated, revenue to be marshaled, or a class of creditors to be reorganized. Where a petition serves no valid bankruptcy purpose and instead seeks a litigation advantage, it is filed in bad faith. *Integrated Telecom*, 384 F.3d at 119-20; *In re SGL Carbon Corp.*, 200 F.3d 154, 165-66 (3d Cir. 1999). The Debtor's description satisfies both prongs of the test on its face. And there is nothing to rehabilitate: the United States Trustee reported on the record that the Debtor's "businesses are not operating." 7/16 Tr. 7:5-7.

**B. "Not a two-party dispute" (Obj. ¶ 12) does not rescue the petition.**

The good-faith inquiry is not a creditor head-count; it is a totality-of-the-circumstances test focused on purpose. *Integrated Telecom*, 384 F.3d at 118-20. That other fraud and RICO claimants exist does not convert a collection-halt into a reorganization — it confirms that the petition is doing collection-defense work across the board. The Debtor concedes the point: he tells the Court that, because of this petition, the Golden Foothill RICO plaintiffs' claims "were stayed as to the Debtor" and the Southern District of New York ordered that "all proceedings against Lubin in his personal capacity are stayed" (Obj. ¶¶ 12, 28). A petition whose immediate and admitted effect is to freeze every judgment and fraud creditor at once, while the Debtor rehabilitates nothing, is not saved by the number of creditors it stalls. And the Debtor undercut his own "two-party" argument at the July 16 hearing, telling the Court "I personally don't really have that many creditors" and that he was "not sure that there's that much that has to be listed on these schedules." 7/16 Tr. 10:20-25.

**C. The Debtor's "financial distress" (Obj. ¶ 10) is the ordinary consequence of a final money judgment, not the distress Chapter 11 exists to remedy.**

The Debtor says he is distressed because he faces execution, garnishment, charging orders, and the inability to fund a Florida supersedeas bond (Obj. ¶ 10). But those are the ordinary incidents of a final money judgment; every judgment debtor faces them. Financial distress that justifies a Chapter 11 filing means distress that a reorganization can and will address — not the burden of a single adverse judgment the debtor would prefer not to pay. *Integrated Telecom*, 384 F.3d at 121; *SGL Carbon*, 200 F.3d at 166. The Debtor's inability to post an appeal bond is not a reason to grant him, for free, the stay of enforcement the bond exists to secure.

**D. Minimum debtor-in-possession compliance is not a reorganizational purpose, and the incomplete petition remains an independent ground.**

4

The Debtor recounts, at length, that he has filed an extension motion, attended a debtor interview, and answered the U.S. Trustee (Obj. ¶¶ 9-13). Performing the floor duties of a debtor-in-possession is not evidence of good faith; it is the baseline expected of every debtor. Meanwhile, weeks into the case the schedules and statement of financial affairs are still not on file, and the Clerk's dismissal Order to Show Cause remains pending — an independent basis for dismissal under 11 U.S.C. § 1112(b)(4)(F). That the Debtor obtained an extension to file, and that the Order to Show Cause carries a cure (Obj. ¶ 16(d)), does not negate the point: a debtor with eight figures of assets and no business to reorganize should not need Chapter 11's collective machinery at all. The July 16 hearing decided none of this — the Court "formed ... no opinions or conclusions," reserved "all party's rights," and carried the Order to Show Cause to today so it could be "addressed at the same time" as FVP's motion. 7/16 Tr. 9:12-15, 10:15-17. The dismissal grounds are squarely before the Court now.

## II.    CAUSE EXISTS TO VACATE THE AUTOMATIC STAY UNDER § 362(d)(1).

**A.  The same bad-faith record that supports dismissal independently supports stay relief.**

"[F]acts that would justify dismissal of a bankruptcy case also generally constitute cause for granting relief from the stay under § 362(d)(1)." *In re Schaffer*, 597 B.R. 777, 791 (Bankr. E.D. Pa. 2019). For the reasons in Point I, cause exists.

**B.  The judgment's finality — not its precise net balance — controls, and the stay is not a free substitute for the supersedeas bond the Debtor never posted.**

The Debtor "does not contend a Florida money judgment is unenforceable because an appeal is pending; absent a supersedeas bond it remains enforceable" (Obj. ¶ 20). That concession is dispositive. A final Florida money judgment is enforceable notwithstanding a pending appeal

unless the judgment debtor posts a bond and obtains a stay, which the Debtor admits he did not do (Fla. R. App. P. 9.310(b)(1)). Having failed to secure a stay in the state system, the Debtor may not use the automatic stay to accomplish the same result at no cost. That is precisely the "tactical litigation advantage" the good-faith cases forbid. *Integrated Telecom*, 384 F.3d at 119-20. And the state-law questions the Debtor raises — the charging-order-exclusivity argument (Obj. ¶ 22) and the amount and credits owed (Obj. ¶¶ 16-17) — are, by his own admission, "reserved for the Florida courts" (Obj. ¶ 4). They are not defenses to stay relief in this Court.

**C.  The Debtor's demand for "one number under oath" (Obj. ¶ 17) is a claims-allowance and sale-accounting issue, not a stay defense.**

As set forth in the accompanying Declaration of Alan I. Karten, Esq., FVP's judgment totals $8,841,219.72 in principal, comprising $7,500,000.00 in Core Recovery (Category A) and $1,341,219.72 in Wrongful Act Damages (Category B). FVP has received and credited $3,209,311.15 in recovery and settlement payments — all from settling parties, none from the Debtor — applied solely to Category A, leaving a net principal balance of $4,290,688.85 on Category A and the full $1,341,219.72 on Category B, plus post-judgment interest from October 3, 2025. Karten Decl. ¶¶ 2-5. FVP disclosed these credits in its publicly filed December 16, 2025 Notice of Setoff and Updated Net Balance. The $4,513,427.80 figure the Debtor flags (Obj. ¶ 16(a)) is not a competing balance; it reflects the net Core Recovery being enforced through a particular sale after those credits. Karten Decl. ¶ 7. There is thus no "unexplained" discrepancy — FVP has credited the Debtor for every dollar it has recovered — and in any event amount and allocation belong to claims allowance under 11 U.S.C. § 502, not to whether cause exists to lift the stay.

**D.  Balancing the equities favors relief.**

6

The Debtor invites the Court to weigh the equities and the conduct of both sides (Obj. ¶ 23, citing *In re Myers*, 491 F.3d 120 (3d Cir. 2007)). That balance favors FVP. On one side is a final fraud judgment entered on a jury verdict and a lawful, noticed sale FVP is entitled to complete. On the other is a debtor with no reorganization to protect, who filed on the eve of that sale to stop it. Equity does not favor a judgment debtor's effort to convert the automatic stay into the appeal bond he chose not to fund.

### III.   DISMISSAL SHOULD BE WITH PREJUDICE, AND FVP HAS NARROWED THE ANCILLARY RELIEF TO MEET THE DEBTOR'S OBJECTIONS.

#### A.  With-prejudice dismissal is warranted.

Bad faith is "cause" to order that a dismissal be with prejudice under 11 U.S.C. § 349(a). *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 302-03 (Bankr. D. Del. 2011); *In re Y.J. Sons & Co.*, 212 B.R. 793 (D.N.J. 1997). An eve-of-sale filing by a debtor with no valid reorganizational purpose is the case for which with-prejudice dismissal exists.

#### B.  The relief as to any future filing is confined to FVP and its own debt.

FVP does not seek a blanket bar on the Debtor's access to bankruptcy, and it does not seek relief reaching any non-party. It asks only that this Court exercise its settled power under 11 U.S.C. §§ 105(a) and 362(d) to provide that FVP's own debt — the specific debt fixed in FVP's proof of claim and in Adversary Proceeding No. 26-01315 — is not stayed or impaired by any subsequent case, and that FVP may continue to enforce that debt against the Debtor's assets. The provision is doubly cabined: it runs to FVP alone — not to any other creditor — and it reaches only FVP's own debt — not the Debtor's right to file, not any non-party, and not the creditors of any future estate. That answers the Debtor's actual overbreadth concern (Obj. ¶¶ 27-28), which was directed at language reaching non-parties and future estates, not at relief confined to a single creditor's own debt. It also tracks the line the Debtor's own authority draws: a prospective order is proper because

it "does not interfere with the right of the debtor to file a bankruptcy, but does protect the creditor from multiple delays and removes the incentive of the debtor to act in an abusive manner." *In re Stoltzfus*, 2009 WL 2872860, at *6 (Bankr. E.D. Pa. Mar. 30, 2009). FVP **withdraws** its request for in rem relief under § 362(d)(4); no real property is at issue, and the Debtor is correct that the statute does not by its terms reach personal property.

### C.  Waiver of the Rule 4001(a)(3) stay remains appropriate.

Given the Debtor's demonstrated readiness to treat the stay as a sword — declaring FVP's sales "stayed" the instant he filed — FVP asks that any stay relief be effective immediately upon entry.

## IV.    THE RECORD IS CURED, AND FVP DOES NOT RELY ON ANY "VEXATIOUS LITIGANT" ADJUDICATION.

The Debtor correctly notes that Exhibit E was not attached to the filed set (Obj. ¶ 16(e)). The January 22, 2026 Second Order Striking Pro Se Filings — inadvertently omitted from the exhibits to FVP's moving papers (see Dkt. 15) — is filed herewith with the Supplemental Certification of Jennifer Mara, Esq. The transcript of the July 16, 2026 hearing cited herein is of record at Dkt. 45 and is filed herewith with FVP's Notice of Filing of Transcript. FVP also clarifies that it does not rely on any adjudication that the Debtor is a "vexatious litigant" — the § 68.093 order denied that label without prejudice (Obj. ¶ 16(c)). FVP relies on what the Debtor does not deny: two orders striking his pro se filings, a contempt order, and the Fourth District's order directing him to show cause why he should not be barred from representing himself. That history bears on purpose, and the Debtor's explanation for it does not erase it.

## V.    THE SUPPLEMENTAL MOTION (DKT. 33) IS SET FOR AUGUST 6 AND IS NOT BEFORE THE COURT TODAY.

The Debtor devotes much of his Objection to Dkt. 33 and his proposed "comfort order" (Obj. ¶¶ 24-25). That motion is separately scheduled for August 6, 2026, and FVP will address it then. FVP notes only that a "comfort order" that merely confirms the stay would leave the Debtor's three Florida appeals frozen indefinitely while he neither posts a bond nor prosecutes them; FVP's limited request there is that the appeals be permitted to proceed to resolution, where they "can only clarify or reduce" FVP's claim. The Debtor's treatment of Dkt. 33 is not a reason to deny the relief sought on Dkt. 13.

## CONCLUSION

For the foregoing reasons, and those in FVP's moving papers, FVP respectfully requests that the Court grant the Motion as narrowed in the accompanying revised proposed order: vacating the automatic stay and all other protections under title 11 as to FVP for cause under §§ 362(d)(1) and 105(a); dismissing this case with prejudice under § 1112(b); providing that the debt owed to FVP — as fixed in its proof of claim and Adversary Proceeding No. 26-01315 — is not stayed, impaired, or discharged by any subsequent case commenced by or against the Debtor; waiving the Rule 4001(a)(3) 14-day stay; and granting such other relief as is just.

Respectfully submitted,

**BALDASSARE & MARA, LLC**

By: */s/ Jennifer Mara*
Jennifer Mara, Esq.
75 Livingston Avenue, Suite 101
Roseland, New Jersey 07068
T: (973) 604-6686 | F: (973) 556-1071
E: JMara@mabalaw.com

— and —

9

**SCHWARTZ | BRESLIN, PLLC**

By: */s/ Jerrell Breslin*
Jerrell Breslin, Esq. (admitted *pro hac vice*)
The DuPont Building, 169 East Flagler Street,
Suite 700
Miami, Florida 33131
T: 305-577-4626 | F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP, and*
*FVP Investments LLC*

Dated: July 22, 2026