**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686  |  F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626  |  F: 305-577-4630
E: JB@JSJB.Law  |  EService@JSJB.Law

*Attorneys for Movants*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**[REVISED PROPOSED] ORDER (I) VACATING THE AUTOMATIC STAY AND ALL OTHER TITLE 11 PROTECTIONS FOR CAUSE (FVP ONLY); (II) DISMISSING THE CHAPTER 11 CASE WITH PREJUDICE; (III) PROVIDING THAT THE FVP DEBT IS UNAFFECTED BY ANY SUBSEQUENT CASE;
AND (IV) WAIVING THE 14-DAY STAY**

**THIS MATTER** having been opened to the Court by Baldassare & Mara, LLC and Schwartz | Breslin, PLLC, counsel for movants FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (collectively, "FVP"), on FVP's Motion to Vacate the Automatic Stay and to Dismiss the Chapter 11 Case With Prejudice (Dkt. 13) (the "Motion"), as narrowed by FVP's Reply; the Court having considered the Motion, the Debtor's Objection (Dkt. 44), and FVP's Reply, and having heard argument on July 23, 2026; and good cause appearing;

1

**THE COURT FINDS that:**

1. The petition was filed in bad faith within the meaning of 11 U.S.C. § 1112(b): it serves no valid reorganizational purpose and was filed to obtain a tactical litigation advantage — namely, to halt FVP's lawful enforcement of its final Florida money judgment on the eve of a noticed sale of the Debtor's principal assets.

2. The Debtor's bad faith constitutes "cause" to vacate the automatic stay and all other protections under title 11 as to FVP pursuant to 11 U.S.C. §§ 362(d)(1) and 105(a); to dismiss the case under 11 U.S.C. § 1112(b); and, under 11 U.S.C. §§ 105(a) and 349(a), for the dismissal to be with prejudice and for the FVP Debt to be unaffected by any subsequent case as set forth below.

**IT IS HEREBY ORDERED as follows:**

1. **Vacating the automatic stay and all other Title 11 protections (FVP only).** For cause under 11 U.S.C. §§ 362(d)(1) and 105(a), the automatic stay of 11 U.S.C. § 362(a), and any other stay, injunction, restraint, or protection arising under any provision of title 11 of the United States Code, is vacated as to FVP, to permit FVP to enforce its final Florida judgment against any assets of the Debtor, including without limitation its noticed sales of the Debtor's membership interests in Spin Capital, LLC; Teton Funding, LLC; and JL Special Investments, LLC. This relief runs to FVP only and does not affect any stay, injunction, or protection as to any other creditor.

2. **Dismissal with prejudice.** This Chapter 11 case is dismissed with prejudice for cause under 11 U.S.C. §§ 1112(b) and 349(a).

3. **The FVP Debt is unaffected by any subsequent case (FVP only).** The debt owed to FVP by the Debtor, as articulated in FVP's proof of claim in this case and in Adversary Proceeding No. 26-01315 (the "FVP Debt"), shall not be stayed, enjoined, restrained, impaired, affected, or discharged by any subsequent case commenced by or against the Debtor under title 11

of the United States Code; and the Debtor is enjoined from using any such subsequent case to stay, impair, or discharge the FVP Debt. No stay, injunction, restraint, protection, or discharge arising under any provision of title 11 shall apply to the FVP Debt or to FVP's enforcement of it, and FVP may continue to enforce the FVP Debt against any assets of the Debtor notwithstanding the commencement of any such subsequent case. This paragraph runs solely to FVP and solely as to the FVP Debt; it binds no other person or entity, enjoins no other filing, and does not affect any other creditor or any other debt.

4.      **Waiver of Rule 4001(a)(3) stay.** The fourteen-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived, and the stay relief granted in Paragraph 1 is effective immediately upon entry of this Order.

5.      **Reservation.** Nothing in this Order adjudicates the amount, validity, credits, or allocation of FVP's claim, or any question reserved to the Florida courts; all such matters are reserved.

_____
HON. EAMONN J. O'HAGAN
UNITED STATES BANKRUPTCY JUDGE