**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

### DECLARATION OF ALAN I. KARTEN, ESQ. IN SUPPORT OF MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

I, Alan I. Karten, declare as follows:

1. I am an attorney admitted to practice in the State of Florida. I am counsel to FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC ("FVP") in the Florida case. I am over the age of eighteen and competent to testify. I am also a licensed Florida Private Investigator, [License #C2201003], and I am 100% owner of the Private Investigator Agency – Karten Investigations, LLC. [#2200387] I submit this Declaration in support of FVP's Motion for Appointment of a Chapter 11 Trustee (the "Motion"). Except where stated on information and

belief, I make this Declaration based on my personal knowledge and my review of the court records and the documents produced in the post-judgment collection proceeding styled FVP Opportunity Fund III, L.P. v. Zankl, No. CACE22005125 (17th Jud. Cir., Broward Cty., Fla.) (the "Florida Action"). If called as a witness, I could and would testify competently to the matters set forth herein.

2. I submit this Declaration to place before the Court true and correct copies of the documents on which the Motion relies and to describe the financial records FVP has obtained. The exhibits are numbered to correspond to the Exhibit Index accompanying the Motion.

**The Judgment and the Debtor's Financial Condition**

3. Attached as **Exhibit A** is a true and correct copy of the Final Judgment entered on October 8, 2025 in the Florida Action in favor of FVP and against the Debtor, which remains unsatisfied.

4. Attached as **Exhibit B** is a true and correct copy of the Debtor's Voluntary Petition, commencing this case on June 25, 2026, stating that his total assets are between 10 and 50 million dollars. [Part 6]

5. Attached as **Exhibit C** is a true and correct copy of the Debtor's Summary of Assets and Liabilities, Schedules, and Statement of Financial Affairs. The Debtor scheduled total assets of approximately $13,567.78 against total liabilities of approximately $15,149,819.77, and stated that his debts are not primarily consumer debts. (Lubin Summary of Assets and Liabilities at 36) Lubin acknowledges that he has not filed 2024 and 2025 income tax returns, both Federal and State.

**The Debtor's Interests in the LLCs and the Charging Orders**

6. Attached as **Exhibit D** is a true and correct certified copy of the Order Imposing

2

Charging Orders against the Debtor's interest in JL Special Investments, LLC, which found that entity to be "wholly owned and controlled by Avrumi Lubin," found that the corporate form "is used to shield assets from creditors" and ordered foreclosure of the Debtor's interest. (Order Imposing Charging Orders at 2; Order Imposing Charging Orders at 3; Order Imposing Charging Orders at 4)

7. Attached as **Exhibit E** is a true and correct certified copy of the Charging Order against the Debtor's membership interest in Teton Life, LLC. (FVP Opportunity Fund III v. Lubin, Charging Order at 2) Lubin failed to turn over any financial information as ordered.

8. Attached as **Exhibit F** is a true and correct certified copy of the Order imposing charging orders against the Debtor's interests in Spin Capital, LLC and Teton Funding, LLC under section 605.0503, Florida Statutes. (FVP Opportunity Fund III v. Zankl, Charging Order at 1) The court finding: "The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503 (4), Florida Statutes."

**The Debtor's Transfers to Insider Entities**

9. Attached as **Exhibit G** is a true and correct copy of the February 7, 2023 Assignment by which the Debtor and Spin Capital, LLC assigned the New York litigation claim and its proceeds to Teton Life, LLC. (Spin Assignment to Teton)

10. Attached as **Exhibit H** is a true and correct copy of the Teton Life, LLC Amended and Restated Operating Agreement. (Teton Life LLC Amended and Restated Operating Agreement)

11. Attached as **Exhibit I** is a true and correct copy of the Debtor's June 3, 2026

3

Affirmation in a related New York action, in which he asserted sole authority to direct Teton Life, LLC's litigation and settlement decisions. (Lubin Affirmation at 4)

12. Attached as **Exhibit J** is a true and correct copy of the March 20, 2025 Assignment by which Spin Capital, LLC assigned the New York litigation claim and its proceeds to the Debtor Avrumi Lubin. (Spin Assignment to Lubin)

13. Attached as **Exhibit K** is a true and correct copy of the April 2, 2023 Assignment by which the Debtor assigned the New York litigation claim and its proceeds to JL Special Investments, LLC. (Lubin Assignment to JL Special Investments, LLC)

**The Bank Records and the Flow of Funds**

14. Attached as **Exhibit L** is the certified, true and correct copy of the Declaration of Alan I. Karten in support of the Judgment Creditors' application for charging orders and to foreclose charging liens, including a summary review if the named bank accounts and statements produced in the Florida Action for accounts at TD Bank, OptimumBank, and Bank of America. I have reviewed those statements. Based on that review, I state the following.

15. The Debtor has controlled a network of accounts across at least three banks, on which he is the signer and identified as "President." (Lubin Bank Statement Analysis at 1; Lubin Bank Statement Analysis at 8) The accounts are held in the names of entities the Debtor owns or controls, including the judgment-debtor entities Spin Capital, LLC and JL Special Investments, LLC, as well as personal accounts in the Debtor's own name. (Lubin Bank Statement Analysis at 5)

16. The records show millions of dollars cycling among these accounts and outward to related funding entities and to the Debtor personally. The TD Bank accounts alone cycled approximately $12.88 million out and $8.79 million in during late 2021 through early 2022. (Lubin Bank Statement Analysis at 1) Across the Bank of America deposit accounts, approximately

4

$19.25 million flowed in and approximately $15.01 million was wired out between 2022 and 2026. (Lubin Bank Statement Analysis at 6) By the most recent statements, every deposit account reviewed had been drained to near-zero. (Lubin Bank Statement Analysis at 2; Lubin Bank Statement Analysis at 6)

17. The records also reflect the Debtor's personal use of entity funds, including two transfers of $100,000 each from a Spin Capital account to the Debtor's personal checking account, and the payment of the Debtor's personal credit cards from entity deposit accounts. (Lubin Bank Statement Analysis at 7)

18. Additionally, Lubin's Federal Income Tax returns for the years 2021, 2022, and 2023 were examined and analyzed.

**The Debtor's Non-Disclosure, Tax Non-Filing, and Contempt**

19. Attached as **Exhibit M** is a true and correct copy of FVP's Request for Production in Aid of Execution, served December 3, 2025. (FVP Opportunity Fund III v. Lubin, Request for Production in Aid of Execution.

20. Attached as **Exhibit N** is a true and correct copy of the Debtor's Responses and Objections to that Request. (Defendant Lubin's Responses and Objections)

21. Attached as **Exhibit O** is a true and correct copy of the Production Index and Deficiency Chart dated March 9, 2026, reflecting that the Debtor produced no records of his business ownership, entity interests, or asset transfers across essentially all categories requested, and produced federal tax returns only through 2023. (Lubin Production Index and Deficiency Chart at 3)

22. Attached as **Exhibit P** is a true and correct copy of the Debtor's completed Form 1.977 Fact Information Sheet. (Form 1.977 Fact Information Sheet)

23. Attached as **<u>Exhibit Q</u>** is a true and correct copy of the February 23, 2026 Order holding the Debtor in contempt for his "willful failure to comply" with orders requiring him to complete the Form 1.977 and produce documents in aid of execution. (Lubin Contempt Order at 1)

24. Attached as **<u>Exhibit R</u>** is a true and correct copy of the March 23, 2026 Order on the contempt hearing, which required the Debtor to serve a line-by-line production response and warned that continued non-compliance could result in a writ of bodily attachment. (Order on Contempt Hearing at 1) Lubin failed to comply with the order.

25. Attached as **<u>Exhibit S</u>** is a certified copy of the notice of Taking Deposition of Avrumi Lubin in Aid of Execution Duces Tecum. Lubin appeared at the deposition and failed to produce any documents.

26. Attached as **<u>Exhibits T</u>**, **<u>U</u>**, and **<u>V</u>** are true and correct copies of the Debtor's federal income tax returns for 2021, 2022, and 2023, respectively. (Form 1040 (2021); Lubin 2022 Tax Return; Lubin 2023 Tax Return) as produced by Lubin. The returns do not include K-1's as those documents were withheld by Lubin. The Debtor has not filed personal or business tax returns for 2024 or 2025. (Lubin Production Index and Deficiency Chart at 3)

27. Attached as **Exhibit W** is the deposition of Avrumi Lubin taken on June 15, 2026 in aid of execution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 27, 2026.

Alan I. Karten, Esq.
Fla. Bar No. 200263
Law Office of Alan I. Karten, PLLC
321 Anderson Pond Road
Aiken, SC 29803
Tel.: (305) 490-2767
alankartenlaw@gmail.com