# Exhibit A



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/25/2026 5:11:52 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JCAHIADI-BGABIFC-F |
| **Case Docket:** | 10/3/2025 - Final Judgment - 6 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A20260725171055BB47 |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 232940104 E-Filed 10/03/2025 09:01:09 PM

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F Page 1 of 6

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE22005125</u>  DIVISION: <u>07</u>  JUDGE: <u>Haimes, David A (07)</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## FINAL JUDGMENT ON JURY VERDICT (FOR FVP AGAINST LUBIN)

**THIS CAUSE** having come before the Court on the jury trial of Defendant Avrumi "Josh" Lubin, held in this Court commencing on September 24, 2025, and concluding with a jury verdict on October 1, 2025, on Count I, Count II, and Count IV of the Fourth Amended Complaint of Plaintiffs FVP SERVICING, LLC, a Delaware limited liability company, for the benefit of FVP OPPORTUNITY FUND III, LP, a Delaware limited partnership, and FVP Investments LLC, a Delaware limited liability company. The jury having rendered a verdict for damages in favor of the Plaintiffs and against Defendant Avrumi "Josh" Lubin, on all counts tried, and the Court being otherwise fully advised in the premises and pursuant to the jury verdict rendered in this action, enters Final Judgment as follows:

### Count I – Fraudulent Misrepresentation

1. The Plaintiffs FVP Servicing, LLC, together with and for the benefit of, FVP Opportunity Fund III, LP, and FVP Investments LLC, are hereby awarded Final Judgment on Jury Verdict against Defendant Avrumi "Josh" Lubin on Count I of the Fourth Amended Complaint – Fraudulent Misrepresentation.

2. Final Judgment is entered in favor of the Plaintiffs FVP Servicing, LLC, together with and for the benefit of, FVP Opportunity Fund III, LP, and FVP Investments LLC, with address 1201 Broadway, 7th Floor, New York, NY 10001, and against Defendant Avrumi "Josh" Lubin with last known address of 1460 Arboretum Parkway, Lakewood NJ 08701, as follows:

3. **AS TO COUNT I – FRAUDULENT MISREPRESENTATION – FINAL JUDGMENT IS ENTERED IN THE PRINCIPAL AMOUNT OF SEVEN MILLION FIVE HUNDRED**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/03/2025 09:01:08 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.25 17:11:53 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Case Number: CACE22005125

THOUSAND DOLLARS ($7,500,000.00).

Count I – Wrongful Act Damages:

As an additional measure of damages as to Count I, as found by the jury:

4. **AS TO WRONGFUL ACT DAMAGES – FINAL JUDGMENT IS ENTERED IN THE ADDITIONAL PRINCIPAL AMOUNT OF ONE MILLION THREE HUNDRED FORTY ONE THOUSAND TWO HUNDRED NINETEEN DOLLARS AND SEVENTY TWO CENTS ($1,341,219.72).**

   Total Final Judgment as to Count I:

5. **FINAL JUDGMENT IS ENTERED IN THE AMOUNT OF EIGHT MILLION EIGHT HUNDRED FORTY ONE THOUSAND TWO HUNDRED NINETEEN DOLLARS AND SEVENTY TWO CENTS ($8,841,219.72) FOR WHICH SUM LET EXECUTION ISSUE FORTHWITH.**

   a. Post judgment interest shall accrue at the rate defined in Florida Statute §55.03(3) and adjusted according to law.

### Count II – Conspiracy to Commit Fraud

6. The Plaintiffs FVP Servicing, LLC, together with and for the benefit of, FVP Opportunity Fund III, LP, and FVP Investments LLC, are hereby awarded Final Judgment on Jury Verdict against Defendant Avrumi "Josh" Lubin on Count II of the Fourth Amended Complaint – Conspiracy to Commit Fraud.

7. Final Judgment is entered in favor of the Plaintiffs FVP Servicing, LLC, together with and for the benefit of, FVP Opportunity Fund III, LP, and FVP Investments LLC, with address 1201 Broadway, 7th Floor, New York, NY 10001, and against Defendant Avrumi "Josh" Lubin with last known address of 1460 Arboretum Parkway, Lakewood NJ 08701, as follows:

8. **AS TO CONSPIRACY TO COMMIT FRAUD – FINAL JUDGMENT IS ENTERED IN THE PRINCIPAL AMOUNT OF SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00).**

Count II – Wrongful Act Damages:

As an additional measure of damages as to Count II, as found by the jury:

9. **AS TO COUNT II WRONGFUL ACT DAMAGES – FINAL JUDGMENT IS ENTERED IN THE ADDITIONAL PRINCIPAL AMOUNT OF ONE MILLION THREE HUNDRED**

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F Page 2 of 6

Case Number: CACE22005125

FORTY ONE THOUSAND TWO HUNDRED NINETEEN DOLLARS AND SEVENTY TWO CENTS ($1,341,219.72).

Total Judgment as to Count II:

10. **FINAL JUDGMENT IS ENTERED IN THE AMOUNT OF EIGHT MILLION EIGHT HUNDRED FORTY ONE THOUSAND TWO HUNDRED NINETEEN DOLLARS AND SEVENTY TWO CENTS ($8,841,219.72) FOR WHICH SUM LET EXECUTION ISSUE FORTHWITH.**

    a. Post judgment interest shall accrue at the rate defined in Florida Statute §55.03(3) and adjusted according to law.

### Count IV – Tortious Interference with Business Relationship

11. The Plaintiffs, FVP Servicing, LLC, together with and for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC, are hereby awarded Final Judgment on Jury Verdict against Defendant Avrumi "Josh" Lubin on Count IV of the Fourth Amended Complaint – Tortious Interference with Business Relationship.

12. Final Judgment is entered in favor of the Plaintiffs, FVP Servicing, LLC, together with and for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC, with address 1201 Broadway, 7th Floor, New York, NY 10001, and against Defendant Avrumi "Josh" Lubin, with last known address of 1460 Arboretum Parkway, Lakewood, NJ 08701, as follows:

13. **AS TO COUNT IV, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP – FINAL JUDGMENT IS ENTERED IN THE PRINCIPAL AMOUNT OF SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00).**

    a. Post judgment interest shall accrue at the rate defined in Florida Statute §55.03(3) and adjusted according to law.

As to all Final Judgments:

14. As to the final judgments entered as to Counts I, II, and III, Plaintiffs FVP Servicing, LLC, together with and for the benefit of FVP Opportunity Fund III, LP, and FVP Investments LLC, may obtain only one recovery in the total amount of Eight Million Eight Hundred Forty-One Thousand Two Hundred Nineteen Dollars and Seventy-Two Cents ($8,841,219.72), and there shall be no double recovery.

15. Defendant Avrumi "Josh" Lubin shall complete, under oath, Florida Rule of Civil Procedure Form 1.977(a) (Fact Information Sheet for individuals), including all required attachments, and

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F Page 3 of 6

Case Number: CACE22005125

serve it on Jerry Breslin, Esq., The DuPont Building, Suite 700, Miami, Florida 33132, Tel: 305-577-4626, Email: JB@JSJB.LAW, within 45 days of the date of the judgment unless the final judgment is satisfied or post-judgment discovery is stayed.

16. Documents to be produced pursuant to the requirements of Form 1.977 shall be from the date of the entry of this Final Judgment.

17. Jurisdiction of this case is retained to enter further orders that are just and proper to compel the judgment debtor to complete Form 1.977(a), including all required attachments, and serve it on the Plaintiff's attorney, Jerry Breslin, Esq.

18. The court reserves jurisdiction to enter such further orders as necessary to enforce this judgment and to enter such further orders as equitable.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>3rd day of October, 2025</u>.

<u>CACE22005125 10-03-2025 2:35 PM</u>
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Amanda Klopp , E-mail : jeanette.martinezgoldberg@akerman.com
Amanda Klopp , E-mail : luke.bovat@akerman.com
Amanda Klopp , E-mail : amanda.klopp@akerman.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Avrumi Lubin , E-mail : josh@spincapital.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F Page 4 of 6

Case Number: CACE22005125

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F  Page 5 of 6

Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Bridgette N. Thornton, Esq. , E-mail : freelancethornton@gmail.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
Charles Gourlis , E-mail : kzelaya@letolawfirm.com
Charles Gourlis , E-mail : pleadings@letolawfirm.com
David B Marks , E-mail : brett.marks@akerman.com
David B Marks , E-mail : charlene.cerda@akerman.com
David W Langley , E-mail : emily@flalawyer.com
David W Langley , E-mail : dave@flalawyer.com
David W Langley , E-mail : jessica@flalawyer.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Ethan J Strauss , E-mail : ethan@floridajusticefirm.com
Ethan J Strauss , E-mail : Ethan.HYRW@case.tinygnomes.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel L. Wiegert, Esq. , E-mail : Joel.Wiegert@KutakRock.com
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan E Kanov , E-mail : jekanov@mdwcg.com
Jonathan E Kanov , E-mail : kafriday@mdwcg.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Keith Lee , E-mail : klee@feenixpartners.com
Kristin Zankl , E-mail : kzankl@att.net
Legal Assistant , E-mail : receptionwlg300@gmail.com
Luke T Jacobs , E-mail : ljacobs@weillawfirm.net
Luke T Jacobs , E-mail : service@weillawfirm.net
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com

Case Number: CACE22005125

Mark C Perry , E-mail : maureen@markperrylaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Michael James McMullen , E-mail : Michael@FloridaJusticeFirm.com
Michael James McMullen , E-mail : McMullen.ZCKM@case.tinygnomes.com
Nelly Pena , E-mail : janet.mcmurray@fmglaw.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Robert M Klein , E-mail : janet.mcmurray@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Steven Harry Meyer , E-mail : ross@professionalparas.com
Steven Harry Meyer , E-mail : steven@thefirm.legal
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com

Unique Code : CAA-FAA-BCABB-JCAHIADI-BGABIFC-F Page 6 of 6

# Exhibit B

$1,738.00

4 Brakel

FILED:BANKRUPTCY:NJB
2026 JUN 25 PM 9:06:25

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

District of New Jersey

Case number (*If known*): _____

26-17342

Chapter you are filing under:
☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy     06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Avrumi<br>First name<br><br>Middle name<br>Lubin<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | Josh<br>First name<br><br>Middle name<br>Lubin<br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 4 8 3 9<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Official Form 101     **Voluntary Petition for Individuals Filing for Bankruptcy**     page 1

Debtor 1  __Avrumi_____ _____ __Lubin_____  Case number *(if known)*_____
          First Name   Middle Name   Last Name

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN __ __ – __ __ __ __ __ __ __    EIN __ __ – __ __ __ __ __ __ __

EIN __ __ – __ __ __ __ __ __ __    EIN __ __ – __ __ __ __ __ __ __

**5. Where you live**

1460 Arboretum Parkway
Number      Street

_____

Lakewood                          NJ    08701
City                           State   ZIP Code

Ocean
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number      Street

_____
P.O. Box

_____
City                          State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number      Street

_____

_____
City                           State   ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number      Street

_____
P.O. Box

_____
City                          State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

Debtor 1 <u>Avrumi Lubin</u>　　　　　　　　　Case number *(if known)*_____
　　　　　First Name　Middle Name　　　Last Name

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

❏ Chapter 7

☑ Chapter 11

❏ Chapter 12

❏ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

❏ **I need to pay the fee in installments**. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❏ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

❏ Yes. District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　MM / DD / YYYY

　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

❏ Yes. Debtor _____ Relationship to you _____

　　　District _____ When _____ Case number, if known _____
　　　　　　　　　　　　　　　MM / DD / YYYY

　　　Debtor _____ Relationship to you _____

　　　District _____ When _____ Case number, if known _____
　　　　　　　　　　　　　　　MM / DD / YYYY

**11. Do you rent your residence?**

☑ No. Go to line 12.

❏ Yes. Has your landlord obtained an eviction judgment against you?

　　❏ No. Go to line 12.

　　❏ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    Avrumi Lubin                          Case number (if known)_____
          First Name     Middle Name       Last Name

## Part 3:   Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number      Street

_____

_____
City                       State     ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**
For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐ No.   I am not filing under Chapter 11.

☑ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1    Avrumi Lubin
            First Name    Middle Name    Last Name                    Case number (*if known*)_____

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

☑ No

☐ Yes.  What is the hazard?  _____

_____

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

If immediate attention is needed, why is it needed? _____

_____

Where is the property?  _____
                        Number        Street

_____
City                                    State    ZIP Code

Debtor 1    <u>Avrumi Lubin</u>                   Case number *(if known)*_____

First Name    Middle Name        Last Name

## Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 __Avrumi Lubin_____ Case number (if known)_____

First Name    Middle Name    Last Name

---

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____    ✗ _____
Signature of Debtor 1                          Signature of Debtor 2

Executed on __06/25/2026____              Executed on _____
MM / DD /YYYY                                       MM / DD /YYYY

---

Debtor 1    Avrumi Lubin                  Case number *(if known)*_____

First Name    Middle Name      Last Name

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**✗** _____    Date _____

Signature of Attorney for Debtor               MM / DD /YYYY

_____

Printed name

_____

Firm name

_____

Number    Street

_____

City                     State    ZIP Code

Contact phone _____    Email address _____

_____

Bar number                      State

---

| Debtor 1 | Avrumi Lubin | | | Case number (if known) | |
| --- | --- | --- | --- | --- | --- |
| | First Name | Middle Name | Last Name | | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| ✗ _____ | | ✗ _____ |
| --- | --- | --- |
| Signature of Debtor 1 | | Signature of Debtor 2 |
| Date 06/25/2026 | | Date _____ |
| MM / DD / YYYY | | MM / DD / YYYY |
| Contact phone (718) 570-3796 | | Contact phone _____ |
| Cell phone _____ | | Cell phone _____ |
| Email address josh@tetonfunding.com | | Email address _____ |

| Official Form 101 | **Voluntary Petition for Individuals Filing for Bankruptcy** | page 9 |
| --- | --- | --- |

## LIST OF CREDITORS

Avrumi "Josh" Lubin, Debtor · Chapter 11 · U.S. Bankruptcy Court, District of New Jersey

FVP Opportunity Fund III, L.P.
FVP Investments, LLC
FVP Servicing, LLC
1201 Broadway, 7th Floor
New York, NY 10001

(c/o Alan I. Karten, Esq., Law Office of Alan I. Karten, PLLC — alankartenlaw@gmail.com)

Franklin Capital Funding, LLC
Franklin Capital Group, LLC
32300 Northwestern Hwy, Suite 215
Farmington Hills, MI 48334

# Exhibit C

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: District of New Jersey

Case number  26-17342-EJO
(if known)

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

|  | **Your assets**<br>Value of what you own |
|---|---|
| 1.  *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ................................................................... | $                 0.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ........................................................ | $      13567.78 + Unknown |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ................................................................. | $      13567.78 + Unknown |

### Part 2:   Summarize Your Liabilities

|  | **Your liabilities**<br>Amount you owe |
|---|---|
| 2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D*............ | $           8841219.72 |
| 3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................................ | $            Unknown |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ..................................... | **+** $   6308600.05 + Unknown |
| Your total liabilities | $   15149819.77 + Unknown |

### Part 3:   Summarize Your Income and Expenses

|  | |
|---|---|
| 4.  *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I*.................................................................. | $            5000 est. |
| 5.  *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J* ...................................................................... | $            15150 est. |

Debtor 1  __Avrumi Lubin a/k/a Josh Lubin__  Case number *(if known)* __26-17342-EJO__
      First Name    Middle Name    Last Name

### Part 4:  Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____5000 est.

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

   **Total claim**

   **From Part 4 on *Schedule E/F*, copy the following:**

   | | |
   |---|---|
   | 9a. Domestic support obligations (Copy line 6a.) | $_____0 |
   | 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $_____Unknown |
   | 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $_____0 |
   | 9d. Student loans. (Copy line 6f.) | $_____0 |
   | 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $_____0 |
   | 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $_____0 |
   | 9g. **Total.** Add lines 9a through 9f. | $_____Unknown |

**Fill in this information to identify your case and this filing:**

Debtor 1    Avrumi Lubin a/k/a Josh Lubin
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number    26-17342-EJO

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☑ No. Go to Part 2.
   ☐ Yes. Where is the property?

1.1. _____
Street address, if available, or other description

_____

_____
City            State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

1.2. _____
Street address, if available, or other description

_____

_____
City            State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ Check if this is community property (see instructions)

Debtor 1  Avrumi Lubin a/k/a Josh Lubin                     Case number *(if known)* 26-17342-EJO
_____
First Name      Middle Name      Last Name

| 1.3. | What is the property? Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

1.3. _____
Street address, if available, or other description

_____

_____

City          State    ZIP Code

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** .................................................... →  $_____

---

**Part 2:   Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No
☐ Yes

3.1.  Make:    _____
      Model:   _____
      Year:    _____
      Approximate mileage: _____
      Other information:
      [                    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

3.2.  Make:    _____
      Model:   _____
      Year:    _____
      Approximate mileage: _____
      Other information:
      [                    ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____    $_____

Debtor 1    Avrumi Lubin a/k/a Josh Lubin      Case number *(if known)* 26-17342-EJO

First Name    Middle Name    Last Name

---

3.3.   Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

3.4.   Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

4.1.   Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, list here:

4.2.   Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** .................................................................................... ➔ $_____

---

Official Form 106A/B      **Schedule A/B: Property**      page 3

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | | Case number (if known) 26-17342-EJO |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 3: Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**

   *Examples:* Major appliances, furniture, linens, china, kitchenware

   ☐ No
   ☑ Yes. Describe......... Household goods and furnishings (used)     $ 2500

7. **Electronics**

   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☐ No
   ☑ Yes. Describe......... Electronics: mobile phone; laptop computer (used)     $ 1500

8. **Collectibles of value**

   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☑ No
   ☐ Yes. Describe.........     $

9. **Equipment for sports and hobbies**

   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☑ No
   ☐ Yes. Describe.........     $

10. **Firearms**

    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe.........     $

11. **Clothes**

    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☑ Yes. Describe......... Wearing apparel (used)     $ 1000

12. **Jewelry**

    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☑ No
    ☐ Yes. Describe.........     $

13. **Non-farm animals**

    *Examples:* Dogs, cats, birds, horses

    ☑ No
    ☐ Yes. Describe.........     $

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No
    ☐ Yes. Give specific information. ............     $

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...................→     $ 5000

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | Case number *(if known)* 26-17342-EJO |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

---

### Part 4:  Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☐ Yes........................................................................................................................ Cash: ....................... $_____

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes.....................          Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Bank of America, N.A. checking x3856 (sole owner) | $_____ 67.78 |
| 17.2. Checking account: | | $_____ |
| 17.3. Savings account: | | $_____ |
| 17.4. Savings account: | | $_____ |
| 17.5. Certificates of deposit: | | $_____ |
| 17.6. Other financial account: | Merrill CMA account 6CL-26265 (pledged to ML lende | $_____ 0.00 |
| 17.7. Other financial account: | Merrill CMA account 6CL-21522 (pledged collateral a | $_____ 0.00 |
| 17.8. Other financial account: | | $_____ |
| 17.9. Other financial account: | | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes.................          Institution or issuer name:

| | |
|---|---|
| | $_____ |
| | $_____ |
| | $_____ |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☑ Yes. Give specific information about them.........................

| Name of entity: | % of ownership: | |
|---|---|---|
| Spin Capital, LLC (NJ) — see Attachment A/B-19 | 100% % | $_____ Unknown |
| Teton Life, LLC (DE) — see Attachment A/B-19 | 50% % | $_____ Unknown |
| Other LLC/partnership interests - see Attachment A/B-19 | See att. % | $_____ Unknown |

---

Debtor 1    Avrumi Lubin a/k/a Josh Lubin     Case number *(if known)* 26-17342-EJO

First Name   Middle Name   Last Name

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them......................    Issuer name:

$_____
$_____
$_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each account separately.    Type of account:    Institution name:

401(k) or similar plan:    $_____
Pension plan:    $_____
IRA:    $_____
Retirement account:    $_____
Keogh:    $_____
Additional account:    $_____
Additional account:    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No

☑ Yes........................    Institution name or individual:

Electric:    $_____
Gas:    $_____
Heating oil:    $_____
Security deposit on rental unit: Sky / Moinian Group - 605 W. 42nd St., Apt. PH3A    $ 8,500.00
Prepaid rent:    $_____
Telephone:    $_____
Water:    $_____
Rented furniture:    $_____
Other:    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes........................    Issuer name and description:

$_____
$_____
$_____

Debtor 1    Avrumi Lubin a/k/a Josh Lubin
First Name    Middle Name    Last Name

Case number *(if known)* 26-17342-EJO

---

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes .................................. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$_____

$_____

$_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No

☐ Yes. Give specific information about them....

$_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes. Give specific information about them....

$_____

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific information about them....

$_____

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

☑ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. .......................

Federal: $_____
State: $_____
Local: $_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information.............

Alimony: $_____
Maintenance: $_____
Support: $_____
Divorce settlement: $_____
Property settlement: $_____

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information..............

$_____

---

Official Form 106A/B      **Schedule A/B: Property**      page 7

Debtor 1    Avrumi Lubin a/k/a Josh Lubin       Case number *(if known)* 26-17342-EJO

First Name    Middle Name     Last Name

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information.............     $ _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. .................... | Personal and asserted assigned claims - see Attachment A/B-33/3- | $    Unknown

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☑ Yes. Describe each claim. .................... | Other contingent and unliquidated claims - see Attachment A/B-33 | $    Unknown

**35. Any financial assets you did not already list**

☐ No

☑ Yes. Give specific information............ | Federal/NJ tax-loss carryforwards - see Attachment A/B-35 | $    Unknown

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ........................................................... → $    Unknown

---

**Part 5:**    **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☐ No

☐ Yes. Describe...... | | $ _____

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☐ Yes. Describe...... | | $ _____

---

Debtor 1 <u>Avrumi Lubin a/k/a Josh Lubin</u>
    First Name    Middle Name    Last Name

Case number (if known) <u>26-17342-EJO</u>

---

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ No
☐ Yes. Describe......

$_____

41. **Inventory**

☐ No
☐ Yes. Describe......

$_____

42. **Interests in partnerships or joint ventures**

☐ No
☐ Yes. Describe.......

Name of entity:                        % of ownership:

_____ _____% $_____

_____ _____% $_____

_____ _____% $_____

43. **Customer lists, mailing lists, or other compilations**

☐ No
☐ Yes. **Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?**

    ☐ No
    ☐ Yes. Describe.......

    $_____

44. **Any business-related property you did not already list**

☐ No
☐ Yes. Give specific
information .........

$_____

$_____

$_____

$_____

$_____

$_____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** ...................................................... → $_____

---

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47. **Farm animals**
*Examples*: Livestock, poultry, farm-raised fish

☐ No
☐ Yes .....................

$_____

---

Debtor 1    Avrumi Lubin a/k/a Josh Lubin        Case number *(if known)* 26-17342-EJO

First Name    Middle Name    Last Name

**48. Crops—either growing or harvested**

☐ No
☐ Yes. Give specific information. ...........

$ _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes .....................

$ _____

**50. Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes .....................

$ _____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific information. ...........

$ _____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ................................................ ➔ $ _____

---

**Part 7:**    **Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information. ...........

$ _____
$ _____
$ _____

**54.** Add the dollar value of all of your entries from Part 7. Write that number here ............................................. ➔ $ _____

---

**Part 8:**    **List the Totals of Each Part of this Form**

**55.** Part 1: Total real estate, line 2 ......................................................................................................... ➔ $ _____ 0.00

**56.** Part 2: Total vehicles, line 5    $ _____ 0.00

**57.** Part 3: Total personal and household items, line 15    $ _____ 5000 ᶜ

**58.** Part 4: Total financial assets, line 36    $ _____ 8567.78 + Un

**59.** Part 5: Total business-related property, line 45    $ _____ 0.00

**60.** Part 6: Total farm- and fishing-related property, line 52    $ _____ 0.00

**61.** Part 7: Total other property not listed, line 54    + $ _____ 0.00

**62. Total personal property.** Add lines 56 through 61. .................... $ 13567.78 + Unknown    Copy personal property total ➔ + $ 13567.78 + Unknown

**63. Total of all property on Schedule A/B.** Add line 55 + line 62.................................................................. $ _____ 13567.78 + Uſ

---

Official Form 106A/B      **Schedule A/B: Property**      page 10

Fill in this information to identify your case:

Debtor 1    Avrumi Lubin a/k/a Josh Lubin
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name  Middle Name          Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number   26-17342-EJO
(If known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.
Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more
space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write
your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a
specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount
of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt
retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that
limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption
would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☑ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own — Copy the value from *Schedule A/B* | Amount of the exemption you claim — *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Checking account — <br> Line from *Schedule A/B*: 17.1 | $ 67.78 | ☐ $ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(5) |
| Brief description: Household goods anc <br> Line from *Schedule A/B*: 6 | $ 2500 est. | ☐ $ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |
| Brief description: Electronics (phone, la <br> Line from *Schedule A/B*: 11 | $ 1500 est. | ☐ $ _____ <br> ☑ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |

3. **Are you claiming a homestead exemption of more than $155,675?**

   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☑ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      ☐ No
      ☐ Yes

Official Form 106C                 Schedule C: The Property You Claim as Exempt                 page 1 of __

Debtor 1 <u>Avrumi Lubin a/k/a Josh Lubin</u>    Case number (if known) <u>26-17342-EJO</u>

  First Name   Middle Name   Last Name

| **Part 2:** | **Additional Page** |
| --- | --- |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
| --- | --- | --- | --- |
| Brief description: <u>Wearing apparel</u><br>Line from Schedule A/B: <u>1 4</u> | $ 1000 ( | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3)<br><br>11 U.S.C. sec. 522(d)(5) |
| Brief description: Residential security (<br>Line from Schedule A/B: 22.4 | $ 850 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: LLC interests and litig<br>Line from Schedule A/B: 19, 3! | $ Unkno | ☑ $ 8907.22 agg<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. sec. 522(d)(5) |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: _____<br>Line from Schedule A/B: _____ | $ _____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

Case 26-17342-EJO   Doc 62   Filed 07/29/26   Entered 07/29/26 16:53:49   Desc Main
Document   Page 35 of 186

**Fill in this information to identify your case:**

Debtor 1  Avrumi Lubin a/k/a Josh Lubin
            First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing) First Name   Middle Name     Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number  26-17342-EJO
(If known)

☐ Check if this is an
   amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1.  **Do any creditors have claims secured by your property?**
    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
    ☑ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

2.  **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1**

FVP Opportunity Fund III, LP, et a
Creditor's Name

1201 Broadway, 7th Floor
Number        Street

c/o Alan I. Karten, PLLC

New York              NY   10001
City                  State  ZIP Code

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a
   community debt
Date debt was incurred   10/3/25 judgm

**Describe the property that secures the claim:**

LLC interests; 5/15/26 and 6/11/26 orders; disputed/ol

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

Column A: $ 8841219   Column B: $ Unknown   Column C: $ Unknown

**2.2**

Creditor's Name

Number        Street

City                  State  ZIP Code

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a
   community debt
Date debt was incurred _____

**Describe the property that secures the claim:**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

Column A: $_____   Column B: $_____   Column C: $_____

Add the dollar value of your entries in Column A on this page. Write that number here:   $ 8841219

Debtor 1  Avrumi Lubin a/k/a Josh Lubin
_____
First Name    Middle Name    Last Name

Case number *(if known)* 26-17342-EJO

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>if any |
|---|---|---|---|
| **Part 1:** **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | | | |

**Describe the property that secures the claim:**

$_____  $_____  $_____

Creditor's Name

Number        Street

**As of the date you file, the claim is:** Check all that apply.
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

City                State    ZIP Code

**Who owes the debt?** Check one.
- ❏ Debtor 1 only
- ❏ Debtor 2 only
- ❏ Debtor 1 and Debtor 2 only
- ❏ At least one of the debtors and another

- ❏ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ❏ An agreement you made (such as mortgage or secured car loan)
- ❏ Statutory lien (such as tax lien, mechanic's lien)
- ❏ Judgment lien from a lawsuit
- ❏ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

---

**Describe the property that secures the claim:**

$_____  $_____  $_____

Creditor's Name

Number        Street

**As of the date you file, the claim is:** Check all that apply.
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

City                State    ZIP Code

**Who owes the debt?** Check one.
- ❏ Debtor 1 only
- ❏ Debtor 2 only
- ❏ Debtor 1 and Debtor 2 only
- ❏ At least one of the debtors and another

- ❏ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ❏ An agreement you made (such as mortgage or secured car loan)
- ❏ Statutory lien (such as tax lien, mechanic's lien)
- ❏ Judgment lien from a lawsuit
- ❏ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

---

**Describe the property that secures the claim:**

$_____  $_____  $_____

Creditor's Name

Number        Street

**As of the date you file, the claim is:** Check all that apply.
- ❏ Contingent
- ❏ Unliquidated
- ❏ Disputed

City                State    ZIP Code

**Who owes the debt?** Check one.
- ❏ Debtor 1 only
- ❏ Debtor 2 only
- ❏ Debtor 1 and Debtor 2 only
- ❏ At least one of the debtors and another

- ❏ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
- ❏ An agreement you made (such as mortgage or secured car loan)
- ❏ Statutory lien (such as tax lien, mechanic's lien)
- ❏ Judgment lien from a lawsuit
- ❏ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

---

Add the dollar value of your entries in Column A on this page. Write that number here:   $_____

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:   $_____

Official Form 106D        Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**        page ___ of c/o Al

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | | Case number (if known) 26-17342-EJO |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

### Part 2: List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**2.1**

Jerrell Breslin, Esq.; Jonathan Schwartz, Esq.
Name

Schwartz I Breslin, PLLC
Number     Street

169 East Flagler Street, Suite 700

Miami                           FL          33131
City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? 2.1

Last 4 digits of account number ___ ___ ___ ___

---

c/o Alan Jennifer Mara, Esq.
Name

Mandelbaum Barrett PC
Number     Street

75 Livingston Avenue, Suite 101

Roseland                        NJ          07068
City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? 2.1

Last 4 digits of account number ___ ___ ___ ___

---

**2.1**

Alan I. Karten, Esq.
Name

Law Office of Alan I. Karten, PLLC
Number     Street

1201 Broadway, 7th Floor

New York                        NY          10001
City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? 2.1

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number     Street

City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number     Street

City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

c/o Alan

Name

Number     Street

City                            State       ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

---

Official Form 106D     Part 2 of **Schedule D: Creditors Who Have Claims Secured by Property**     page c/o Al of ___

Fill in this information to identify your case:

Debtor 1   Avrumi Lubin a/k/a Josh Lubin
           First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)   First Name     Middle Name     Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number   26-17342-EJO
(If known)

☐ Check if this is an
  amended filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule
A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any
creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is
needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of
any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?
   ☐ No. Go to Part 2.
   ☑ Yes.

2. List all of your priority unsecured claims. If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For
   each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and
   nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority
   unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  |  | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|

**2.1**

Internal Revenue Service
Priority Creditor's Name
Centralized Insolvency Operation
Number        Street
P.O. Box 7346
Philadelphia          PA      19101-73
City                  State   ZIP Code

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?   2024-2025 tax

As of the date you file, the claim is: Check all that apply
☑ Contingent
☑ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:
☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were
  intoxicated
☐ Other. Specify _____

$ __Unknown__   $Unknown   $__Unknown__

**2.2**

State of New Jersey, Division of Taxat
Priority Creditor's Name
Bankruptcy Section
Number        Street
P.O. Box 245
Trenton              NJ      08695-02
City                 State   ZIP Code

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?   2024-2025 tax

As of the date you file, the claim is: Check all that apply
☑ Contingent
☑ Unliquidated
☐ Disputed

Type of PRIORITY unsecured claim:
☐ Domestic support obligations
☑ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were
  intoxicated
☐ Other. Specify _____

$ __Unknown__   $Unknown   $ Unknown

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page 1 of ___

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | Case number *(if known)* 26-17342-EJO |
|---|---|---|---|
| | First Name        Middle Name        Last Name | | |

---

**Part 1:    Your PRIORITY Unsecured Claims — Continuation Page**

| After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

_____
Priority Creditor's Name

_____
Number          Street

_____

_____
City                    State        ZIP Code

**Who incurred the debt?** Check one.

❏ Debtor 1 only
❏ Debtor 2 only
❏ Debtor 1 and Debtor 2 only
❏ At least one of the debtors and another

❏ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

❏ No
❏ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

As of the date you file, the claim is: Check all that apply.

❏ Contingent
❏ Unliquidated
❏ Disputed

**Type of PRIORITY unsecured claim:**

❏ Domestic support obligations
❏ Taxes and certain other debts you owe the government
❏ Claims for death or personal injury while you were intoxicated
❏ Other. Specify _____

$_____     $_____     $_____

---

_____
Priority Creditor's Name

_____
Number          Street

_____

_____
City                    State        ZIP Code

**Who incurred the debt?** Check one.

❏ Debtor 1 only
❏ Debtor 2 only
❏ Debtor 1 and Debtor 2 only
❏ At least one of the debtors and another

❏ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

❏ No
❏ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

As of the date you file, the claim is: Check all that apply.

❏ Contingent
❏ Unliquidated
❏ Disputed

**Type of PRIORITY unsecured claim:**

❏ Domestic support obligations
❏ Taxes and certain other debts you owe the government
❏ Claims for death or personal injury while you were intoxicated
❏ Other. Specify _____

$_____     $_____     $_____

---

_____
Priority Creditor's Name

_____
Number          Street

_____

_____
City                    State        ZIP Code

**Who incurred the debt?** Check one.

❏ Debtor 1 only
❏ Debtor 2 only
❏ Debtor 1 and Debtor 2 only
❏ At least one of the debtors and another

❏ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

❏ No
❏ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

As of the date you file, the claim is: Check all that apply.

❏ Contingent
❏ Unliquidated
❏ Disputed

**Type of PRIORITY unsecured claim:**

❏ Domestic support obligations
❏ Taxes and certain other debts you owe the government
❏ Claims for death or personal injury while you were intoxicated
❏ Other. Specify _____

$_____     $_____     $_____

---

Official Form 106E/F            Schedule E/F: Creditors Who Have Unsecured Claims            page ___ of ___

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | Case number *(if known)* 26-17342-EJO |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

**4.1**

Franklin Capital Funding, LLC / Franklin Capital Group, LLC
Nonpriority Creditor's Name

32300 Northwestern Hwy, Suite 215
Number    Street

Farmington Hills          MI          48334
City                      State       ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? 10/6/25 judgment

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify Judgment; disputed; appeal/vacatur pending

$  6000000.00

**4.2**

Nonpriority Creditor's Name

Number    Street

City                      State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify

$

**4.3**

GrayRobinson, P.A.
Nonpriority Creditor's Name

301 East Pine Street, Suite 1400
Number    Street

Orlando                   FL          32801
City                      State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred? 2026

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☑ Unliquidated
☑ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify Legal fees (estimated)

$  11000 est.

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | Case number (if known) 26-17342-EJO |
|---|---|---|
| | First Name    Middle Name    Last Name | |

| Part 2: | Your NONPRIORITY Unsecured Claims — Continuation Page |
|---|---|

**After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.**                                                    **Total claim**

---

**Best Egg (Marlette Funding, LLC)**
Nonpriority Creditor's Name

**P.O. Box 42912**
Number        Street

**Philadelphia          PA        19101**
City                   State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  5  4  6  A                    $ Unknown

**When was the debt incurred?**   Pre-petition

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify __Personal installment loan__

---

**Credit One Bank, N.A.**
Nonpriority Creditor's Name

**P.O. Box 98873**
Number        Street

**Las Vegas          NV        89193-8873**
City                 State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  ___ ___ ___ ___            $ Unknown

**When was the debt incurred?**   Pre-petition

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify __Credit cards (up to three accoun·__

---

**Citibank, N.A.**                                         $ Unknown
Nonpriority Creditor's Name

**P.O. Box 6500**
Number        Street

**Sioux Falls          SD        57117**
City                  State      ZIP Code

**Who incurred the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  ___ ___ ___ ___

**When was the debt incurred?**   Pre-petition

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify __Credit cards/other. FIVE additional nonpriority entries are ·__

---

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          page ___ of ___

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | | Case number (if known) 26-17342-EJO |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 3:** **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

Hillel I. Parness, Esq., Parness Law Firm, PLL
Name

136 Madison Avenue, 6th Floor
Number        Street

New York                        NY        10016
City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line 4.1 of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Jennifer Mara, Esq., Mandelbaum Barrett PC
Name

75 Livingston Avenue, Suite 101
Number        Street

Roseland                        NJ        07068
City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line 4.1 of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number        Street

City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number        Street

City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number        Street

City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number        Street

City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

Name

Number        Street

City                            State      ZIP Code

On which entry in Part 1 or Part 2 did you list the original creditor?

Line _____ of (Check one): ❑ Part 1: Creditors with Priority Unsecured Claims
❑ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ___ ___ ___ ___

---

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | Case number *(if known)* 26-17342-EJO |
|---|---|---|
| | First Name   Middle Name   Last Name | |

**Part 4:   Add the Amounts for Each Type of Unsecured Claim**

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.
    Add the amounts for each type of unsecured claim.

**Total claims from Part 1**

|  | | Total claim |
|---|---|---|
| 6a. Domestic support obligations | 6a. | $ 0.00 |
| 6b. Taxes and certain other debts you owe the government | 6b. | $ Unknown |
| 6c. Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. | + $ 0.00 |
| 6e. Total. Add lines 6a through 6d. | 6e. | $ Unknown |

**Total claims from Part 2**

|  | | Total claim |
|---|---|---|
| 6f. Student loans | 6f. | $ 0.00 |
| 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| 6i. Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | + $ 6191628.20 + Unknown |
| 6j. Total. Add lines 6f through 6i. | 6j. | $ 6191628.20 + Unknown |

Official Form 106E/F                          Schedule E/F: Creditors Who Have Unsecured Claims                          page ___ of ____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor | Avrumi Lubin a/k/a Josh Lubin |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse If filing) | First Name    Middle Name    Last Name |

United States Bankruptcy Court for the: District of New Jersey

Case number (if known): 26-17342-EJO

☐ Check if this is an amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Teton Life, LLC** <br> Name <br> c/o Avrumi Lubin, Member, 1460 Arboretum Parkway <br> Number    Street <br> Lakewood    NJ    08701 <br> City    State    ZIP Code | Amended & Restated Operating Agreement dated August 13, 2025 (Debtor is a 50% member). Listed for disclosure; the Debtor does not concede that the agreement is executory. |
| 2.2 | **Hi Bar Capital, LLC** <br> Name <br> Address per counsel of record (Leto Law Firm, P.A., 201 S. I <br> Number    Street <br> Miami    FL    33131 <br> City    State    ZIP Code | Common Interest & Joint Litigation Agreement dated January 28, 2022 (Debtor as assignee of Spin Capital, LLC's rights, 3/17/2025 Absolute Assignment). Listed for disclosure; executory character and termination (noticed 4/3/2024) are disputed. |
| 2.3 | **Sky / The Moinian Group (landlord)** <br> Name <br> 605 West 42nd Street <br> Number    Street <br> New York    NY    10036 <br> City    State    ZIP Code | Residential lease, Apartment PH3A, 605 West 42nd Street, New York, NY (rent approx. $8,400/mo, prepaid annually; term through June 30, 2026 — in effect on the petition date; renewal under negotiation at approx. $8,750/mo). Security deposit $8,500 (Schedule A/B item |
| 2.4 | <br> Name <br> <br> Number    Street <br> <br> City    State    ZIP Code | |
| 2.5 | <br> Name <br> <br> Number    Street <br> <br> City    State    ZIP Code | |

Official Form 106G          Schedule G: Executory Contracts and Unexpired Leases          page 1 of ___

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | | Case number *(if known)* 26-17342-EJO |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

### Additional Page if You Have More Contracts or Leases

| Person or company with whom you have the contract or lease | What the contract or lease is for |
|---|---|
| **2.2** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |
| **2._** | |
| Name | |
| Number    Street | |
| City                        State       ZIP Code | |

Official Form 106G          **Schedule G: Executory Contracts and Unexpired Leases**          page ___ of ___

**Fill in this information to identify your case:**

Debtor 1    Avrumi Lubin a/k/a Josh Lubin
         First Name          Middle Name         Last Name

Debtor 2
(Spouse, if filing)   First Name          Middle Name         Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number   26-17342-EJO
(If known)

☐ Check if this is an amended filing

## Official Form 106H

# Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☐ No

   ☑ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No. Go to line 3.

   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

       ☐ No

       ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

       _____
       Name of your spouse, former spouse, or legal equivalent

       _____
       Number     Street

       _____
       City          State         ZIP Code

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
| --- | --- |
| | Check all schedules that apply: |
| **3.1** Teton Funding, LLC <br> Name <br> c/o Avrumi Lubin, 1460 Arboretum Parkway <br> Number   Street <br> Lakewood    NJ    08701 <br> City    State    ZIP Code | ☑ Schedule D, line 2.1 <br> ☑ Schedule E/F, line 4.3 <br> ☐ Schedule G, line _____ |
| **3.2** Teton Life, LLC <br> Name <br> c/o Avrumi Lubin, 1460 Arboretum Parkway <br> Number   Street <br> Lakewood    NJ    08701 <br> City    State    ZIP Code | ☐ Schedule D, line _____ <br> ☑ Schedule E/F, line 4.3 <br> ☐ Schedule G, line _____ |
| **3.3** JL Special Investments, LLC <br> Name <br> c/o Avrumi Lubin, 1460 Arboretum Parkway <br> Number   Street <br> Lakewood    NJ    08701 <br> City    State    ZIP Code | ☐ Schedule D, line _____ <br> ☑ Schedule E/F, line 4.3 <br> ☐ Schedule G, line _____ |

Official Form 106H          **Schedule H: Your Codebtors**          page 1 of ____

Debtor 1   Avrumi Lubin a/k/a Josh Lubin                    Case number *(if known)* 26-17342-EJO
           First Name    Middle Name       Last Name

## Additional Page to List More Codebtors

**Column 1: Your codebtor**

**Column 2: The creditor to whom you owe the debt**

Check all schedules that apply:

3.__
Spin Capital, LLC
Name
c/o Avrumi Lubin, 1450 Arboretum Parkway
Number       Street
Lakewood                      NJ        08701
City                          State     ZIP Code

☐ Schedule D, line _____
☑ Schedule E/F, line 4.6 att.
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.__
Name
Number       Street
City                          State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Official Form 106H          Schedule H: Your Codebtors          page ____ of ____

**Fill in this information to identify your case:**

Debtor 1    Avrumi Lubin a/k/a Josh Lubin
_____
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number    26-17342-EJO
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
income as of the following date:
As of 6/25/2026
_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **1. Fill in your employment information.** | | | |
| If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Include part-time, seasonal, or self-employed work. | **Occupation** | Not employed; no wage income | |
| Occupation may include student or homemaker, if it applies. | **Employer's name** | | |
| | **Employer's address** | | |
| | | Number    Street | Number    Street |
| | | City            State    ZIP Code | City            State    ZIP Code |
| | **How long employed there?** | | |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be.    2. | $ 0.00 | $ |
| 3. **Estimate and list monthly overtime pay.**    3. | + $ 0.00 | + $ |
| 4. **Calculate gross income.** Add line 2 + line 3.    4. | $ 0.00 | $ |

Official Form 106I                Schedule I: Your Income                page 1

Debtor 1    Avrumi Lubin a/k/a Josh Lubin      Case number *(if known)* 26-17342-EJO
<span style="font-size:smaller">First Name    Middle Name    Last Name</span>

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here.......................................... ➔ 4. | | $ 0.00 | $ |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ |
| 5e. | Insurance | 5e. | $ 0.00 | $ |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ |
| 5g. | Union dues | 5g. | $ 0.00 | $ |
| 5h. | Other deductions. Specify: _____ | 5h. | + $ 0.00 | + $ |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   6.   $ 0.00    $

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 0.00    $

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.   $ 0.00    $

8b. **Interest and dividends**    8b.   $ 0.00    $

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.   $ 0.00    $

8d. **Unemployment compensation**    8d.   $ 0.00    $

8e. **Social Security**    8e.   $ 0.00    $

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____    8f.   $ 0.00    $

8g. **Pension or retirement income**    8g.   $    $

8h. **Other monthly income. Specify:** Mixed non-wage receipts; see attachment    8h.   + $ 5000 est.    + $

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 5000 est.    $

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 5000 est. + $   =   $ 5000 est.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies    12.   $ 5000 est.
Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
☑ Yes. Explain: Irregular; estimate pending; will amend.

Official Form 106I      **Schedule I: Your Income**      page 2

**Fill in this information to identify your case:**

Debtor 1   Avrumi Lubin a/k/a Josh Lubin
           First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number  26-17342-EJO
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13
   expenses as of the following date:

MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

   　　☐ No
   　　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

| 2. **Do you have dependents?** Do not list Debtor 1 and Debtor 2. Do not state the dependents' names. | ☑ No ☐ Yes. Fill out this information for each dependent.......................... | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| | | | | ☐ No  ☐ Yes |
| | | | | ☐ No  ☐ Yes |
| | | | | ☐ No  ☐ Yes |
| | | | | ☐ No  ☐ Yes |
| | | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**  ☑ No  ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | | |
|---|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ | 8400 est. |
| If not included in line 4: | | | |
| 4a. Real estate taxes | 4a. | $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ | 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ | 0.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $ | 0.00 |

Official Form 106J                        Schedule J: Your Expenses                        page 1

Debtor 1    Avrumi Lubin a/k/a Josh Lubin                                Case number *(if known)* 26-17342-EJO
            First Name    Middle Name    Last Name

|  |  | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. **Utilities:** | | |
| 6a.  Electricity, heat, natural gas | 6a. | $ 0.00 |
| 6b.  Water, sewer, garbage collection | 6b. | $ 0.00 |
| 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 150 est. |
| 6d.  Other. Specify: _____ | 6d. | $ 0.00 |
| 7. **Food and housekeeping supplies** | 7. | $ 800 est. |
| 8. **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $ 0.00 |
| 10. **Personal care products and services** | 10. | $ 0.00 |
| 11. **Medical and dental expenses** | 11. | $ 0.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 400 est. |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 100 est. |
| 14. **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a.  Life insurance | 15a. | $ 0.00 |
| 15b.  Health insurance | 15b. | $ 0.00 |
| 15c.  Vehicle insurance | 15c. | $ 0.00 |
| 15d.  Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. **Installment or lease payments:** | | |
| 17a.  Car payments for Vehicle 1 | 17a. | $ 0.00 |
| 17b.  Car payments for Vehicle 2 | 17b. | $ 0.00 |
| 17c.  Other. Specify: Best Egg installment loan | 17c. | $ 500 est. |
| 17d.  Other. Specify: Credit-card minimums (multiple accounts) | 17d. | $ 600 est. |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| 20a.  Mortgages on other property | 20a. | $ 0.00 |
| 20b.  Real estate taxes | 20b. | $ 0.00 |
| 20c.  Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| 20d.  Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| 20e.  Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1     Avrumi Lubin a/k/a Josh Lubin           Case number *(if known)* 26-17342-EJO
        First Name     Middle Name      Last Name

21. **Other.** Specify: Litigation/professional costs ($4,000 est.) + personal care/clothing ($200 est.)     21.   +$ _____ 4200 est.

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.                                       22a.   $ _____ 15150 est.

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     22b.   $ _____ 0.00

    22c. Add line 22a and 22b. The result is your monthly expenses.            22c.   $ _____ 15150 est.

23. **Calculate your monthly net income.**

    23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*       23a.   $ _____ 5000 est.

    23b. Copy your monthly expenses from line 22c above.               23b.   – $ _____ 15150 est.

    23c. Subtract your monthly expenses from your monthly income.
        The result is your *monthly net income.*                          23c.   $ _____ -10150 est.

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☐ No.
    ☑ Yes.    Explain here: Expenses are irregular and partly financed by credit-card borrowing (aggregate card debt estimated to exceed $100,000); litigation costs vary month to month.

**Fill in this information to identify your case:**

Debtor 1     Avrumi Lubin a/k/a Josh Lubin
             First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name   Middle Name          Last Name

United States Bankruptcy Court for the: District of New Jersey

Case number  26-17342-EJO
(If known)

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes.  Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____        X _____
Signature of Debtor 1                  Signature of Debtor 2

Date  7/22/26                          Date _____
MM / DD / YYYY                         MM / DD / YYYY

Official Form 106Dec          **Declaration About an Individual Debtor's Schedules**

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td>Debtor 1</td><td colspan="2">Avrumi Lubin a/k/a Josh Lubin</td></tr>
<tr><td></td><td>First Name    Middle Name</td><td>Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td>First Name    Middle Name</td><td>Last Name</td></tr>
<tr><td colspan="3">United States Bankruptcy Court for the: District of New Jersey</td></tr>
<tr><td>Case number<br>(If known)</td><td colspan="2">26-17342-EJO</td></tr>
</table>

☐ Check if this is an
amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy          04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**

☐ Married
☑ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**

☐ No
☑ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| 605 West 42nd Street, Apt. PH3A<br>Number   Street | From ~06/2025<br>To 06/25/2026 | _____<br>Number   Street | From _____<br>To _____ |
| New York        NY    10036<br>City        State  ZIP Code | | _____<br>City        State   ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____<br>Number   Street | From _____<br>To _____ | _____<br>Number   Street | From _____<br>To _____ |
| _____<br>City        State  ZIP Code | | _____<br>City        State    ZIP Code | |

**3.** Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:   Explain the Sources of Your Income

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | | Case number (if known) 26-17342-EJO |
|---|---|---|---|---|
| | First Name   Middle Name   Last Name | | | |

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of Income Check all that apply. | Gross Income (before deductions and exclusions) | Sources of Income Check all that apply. | Gross Income (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips ☑ Operating a business | $ Unknown - see attachment | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |
| **For last calendar year:** (January 1 to December 31, 2025 ) YYYY | ☐ Wages, commissions, bonuses, tips ☑ Operating a business | $ Unknown - see attachment | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |
| **For the calendar year before that:** (January 1 to December 31, 2024 ) YYYY | ☐ Wages, commissions, bonuses, tips ☑ Operating a business | $ Unknown - see attachment | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of Income Describe below. | Gross Income from each source (before deductions and exclusions) | Sources of Income Describe below. | Gross Income from each source (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Mixed non-wage | $ Unknown - see att. | | $ |
| | | $ | | $ |
| | | $ | | $ |
| **For last calendar year:** (January 1 to December 31, 2025 ) YYYY | Family support/off | $ Unknown - see att. | | $ |
| | | $ | | $ |
| | | $ | | $ |
| **For the calendar year before that:** (January 1 to December 31, 2024 ) YYYY | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

Debtor 1  Avrumi Lubin a/k/a Josh Lubin
    First Name    Middle Name    Last Name

Case number (if known) 26-17342-EJO

## Part 3: List Certain Payments You Made Before You Filed for Bankruptcy

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☑ **No. Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

☐ No. Go to line 7.

☑ Yes. List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

\* Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| GrayRobinson, P.A.<br>Creditor's Name<br><br>301 E. Pine St., Suite 1400<br>Number  Street<br><br>Joint retainer - see Attachment SOFA-6<br><br>Orlando  FL  32801<br>City  State  ZIP Code | 06/12/26 | $ 25000.00 | $ 11000 est. | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☑ Other _Legal retainer_ |
| Creditor's Name<br><br>Number  Street<br><br><br>City  State  ZIP Code | | $ | $ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |
| Creditor's Name<br><br>Number  Street<br><br><br>City  State  ZIP Code | | $ | $ | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |

Official Form 107      **Statement of Financial Affairs for Individuals Filing for Bankruptcy**      page 3

Debtor 1    Avrumi Lubin a/k/a Josh Lubin      Case number *(if known)* 26-17342-EJO

      First Name     Middle Name     Last Name

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ☑ No
   ☐ Yes. List all payments to an insider.

   | | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
   |---|---|---|---|---|
   | Insider's Name | | $_____ | $_____ | |
   | Number   Street | | | | |
   | City    State   ZIP Code | | | | |
   | Insider's Name | | $_____ | $_____ | |
   | Number   Street | | | | |
   | City    State   ZIP Code | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
   Include payments on debts guaranteed or cosigned by an insider.

   ☑ No
   ☐ Yes. List all payments that benefited an insider.

   | | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
   |---|---|---|---|---|
   | Insider's Name | | $_____ | $_____ | |
   | Number   Street | | | | |
   | City    State   ZIP Code | | | | |
   | Insider's Name | | $_____ | $_____ | |
   | Number   Street | | | | |
   | City    State   ZIP Code | | | | |

Official Form 107      **Statement of Financial Affairs for Individuals Filing for Bankruptcy**      page 4

Debtor 1  Avrumi Lubin a/k/a Josh Lubin
       First Name     Middle Name        Last Name

Case number (if known) 26-17342-EJO

---

**Part 4:**   **Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title FVP Opportunity Fund 🔒 Avrumi Lubin, et al.<br><br>Case number CACE-22-005125 | Commercial; judgment 10/3/ | Circuit Court, 17th Judicial Circuit, E<br>Court Name<br>201 SE 6th Street<br>Number   Street<br>Fort Lauderdale    FL    33301<br>City       State    ZIP Code | ☐ Pending<br>☑ On appeal<br>☐ Concluded |
| Case title EIGHT ADDITIONAL A🔒<br>see Attachment SOFA-9<br><br>Case number See attachment | See Attachment SOFA-9 (ful | Multiple courts — see Attachment S<br>Court Name<br><br>Number   Street<br><br>City       State    ZIP Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☐ No. Go to line 11.
    ☑ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| FVP Opportunity Fund III, LP, et al.<br>Creditor's Name<br>1201 Broadway, 7th Floor<br>Number   Street<br>c/o Law Office of Alan I. Karten, PLI<br>New York     NY    10001<br>City       State   ZIP Code | Charging orders, turnover and foreclosure<br><br>**Explain what happened**<br>☐ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☑ Property was attached, seized, or levied. | 12/8/2025; | $   Unknown |
| Creditor's Name<br><br>Number   Street<br><br>City       State   ZIP Code | **Describe the property**<br><br>**Explain what happened**<br>☐ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized, or levied. | Date | Value of the property<br>$ |

Debtor 1    Avrumi Lubin a/k/a Josh Lubin          Case number (if known) 26-17342-EJO
       First Name    Middle Name    Last Name

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No

☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's Name | | | |
| Number Street | | | $_____ |
| City State ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No

☐ Yes

### Part 5: List Certain Gifts and Contributions

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No

☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | _____ | $_____ |
| | | _____ | $_____ |
| Number Street | | | |
| City State ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | _____ | $_____ |
| | | _____ | $_____ |
| Number Street | | | |
| City State ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | Case number (if known) 26-17342-EJO |
|---|---|---|
| | First Name    Middle Name    Last Name | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____ Charity's Name | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number   Street | | | |
| _____ City   State   ZIP Code | | | |

## Part 6:   List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

## Part 7:   List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | | |
| _____ Number   Street | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ City   State   ZIP Code | | | |
| _____ Email or website address | | | |
| _____ Person Who Made the Payment, if Not You | | | |

Debtor 1    Avrumi Lubin a/k/a Josh Lubin      Case number *(if known)* 26-17342-EJO
      First Name    Middle Name     Last Name

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number   Street | | _____ | $_____ |
| City    State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number   Street | | _____ | $_____ |
| City    State    ZIP Code | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| JL Special Investments, LLC<br>Person Who Received Transfer<br>1460 Arboretum Pkwy.<br>Number   Street<br>Lakewood   NJ   08701<br>City    State    ZIP Code<br>Person's relationship to you Wholly owned LLC | See Attachment SOFA-18, item 1. | Disputed; see Attachment SOFA-18. | 04/2025 |
| Teton Life, LLC (see att.)<br>Person Who Received Transfer<br>1460 Arboretum Pkwy.<br>Number   Street<br>Lakewood   NJ   08701<br>City    State    ZIP Code<br>Person's relationship to you 50%-owned LLC | See Attachment SOFA-18, item 2. | Disputed; see Attachment SOFA-18. | 08/13/2025 |

Debtor 1  Avrumi Lubin a/k/a Josh Lubin
          First Name    Middle Name    Last Name

Case number (if known) 26-17342-EJO

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | |

---

### Part 8: List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City          State     ZIP Code | XXXX–__ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City          State     ZIP Code | XXXX–__ __ __ __ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | _____ | $_____ |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution _____ <br> Number   Street _____ <br> _____ <br> City          State     ZIP Code | Name _____ <br> Number   Street _____ <br> _____ <br> City     State     ZIP Code | | ☐ No <br> ☐ Yes |

Debtor 1 __Avrumi Lubin a/k/a Josh Lubin__     Case number *(if known)* 26-17342-EJO
First Name     Middle Name     Last Name

**22.** Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☑ No

☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | ☐ No |
| Name of Storage Facility | Name | | ☐ Yes |
| Number   Street | Number   Street | | |
| City     State     ZIP Code | City State   ZIP Code | | |

---

## Part 9:    Identify Property You Hold or Control for Someone Else

**23.** Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No

☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| Owner's Name | | | $_____ |
| Number   Street | Number   Street | | |
| City     State     ZIP Code | City          State     ZIP Code | | |

---

## Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

▪ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

▪ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

▪ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24.** Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No

☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| Number   Street | Number   Street | | |
| | City        State   ZIP Code | | |
| City     State     ZIP Code | | | |

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page **10**

Debtor 1  Avrumi Lubin a/k/a Josh Lubin                    Case number (if known) 26-17342-EJO
          First Name    Middle Name      Last Name

25. Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | |
| Number Street | Number Street | | |
| City State ZIP Code | City State ZIP Code | | |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No
☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title_____ | Court Name | | ☐ Pending |
| | Number Street | | ☐ On appeal |
| Case number | City State ZIP Code | | ☐ Concluded |

## Part 11:  Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☑ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☑ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.
☑ Yes. Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Spin Capital, LLC<br>Business Name | MCA finance (not operating ~2 years) | EIN: 8 3 - 3 7 8 4 3 4 |
| 1460 Arboretum Parkway<br>Number Street | Name of accountant or bookkeeper | Dates business existed |
| Lakewood NJ 08701<br>City State ZIP Code | | From 02/28/2019 To Present |
| Teton Funding, LLC<br>Business Name | Holding company (DE) | EIN: __ __ - __ __ __ __ __ __ __ |
| 1460 Arboretum Parkway<br>Number Street | Name of accountant or bookkeeper | Dates business existed |
| Lakewood NJ 08701<br>City State ZIP Code | | From 11/10/2025 To Present |

Debtor 1    Avrumi Lubin a/k/a Josh Lubin                                Case number (if known) 26-17342-EJO
            First Name    Middle Name    Last Name

| | Describe the nature of the business | Employer Identification number |
| --- | --- | --- |
| Teton Life, LLC - see Attachment SOFA-27 | Litigation-claim holding (DE; 50%) | Do not include Social Security number or ITIN. |
| **Business Name** | | EIN: __ __ - __ __ __ __ __ __ __ |
| **1460 Arboretum Parkway** | | |
| Number    Street | **Name of accountant or bookkeeper** | **Dates business existed** |
| | | |
| Lakewood    NJ    08701 | | From 02/07/2023    To Present |
| City    State    ZIP Code | | |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes. Fill in the details below.

Date issued

Name                        MM / DD / YYYY

Number    Street

City                State    ZIP Code

---

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____          ✗ _____
Signature of Debtor 1                    Signature of Debtor 2

Date  7/2/26                              Date _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

☐ No
☑ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No
☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| Debtor 1 | Avrumi | Lubin | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____ District of __New Jersey__
(State)

Case number _____26-17342-EJO_____
(if known)

❏ Check if this is an amended filing

## Official Form 122B

# Chapter 11 Statement of Your Current Monthly Income                    12/21

You must file this form if you are an individual and are filing for bankruptcy under Chapter 11 (other than under Subchapter V). If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:   Calculate Your Current Monthly Income

1.  **What is your marital and filing status?** Check one only.

   ☒ **Not married.** Fill out Column A, lines 2-11.

   ❏ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ❏ **Married and your spouse is NOT filing with you.** Fill out Column A, lines 2-11.

   Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ |

5.  **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0 | $ | | |
| Ordinary and necessary operating expenses | – $ 0 | – $ | | |
| Net monthly income from a business, profession, or farm | $0 | $ | Copy here➡ $ 0.00 | $ |

6.  **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $0 | $ | | |
| Ordinary and necessary operating expenses | – $ 0 | – $ | | |
| Net monthly income from rental or other real property | $0 | $ | Copy here➡ $0.00 | $ |

Debtor 1 ___Avrumi_____ _____ __Lubin_____   Case number (if known)___26-17342-EJO_____
         First Name    Middle Name    Last Name

|  |  | Column A Debtor 1 | Column B Debtor 2 |
|---|---|---|---|

7. **Interest, dividends, and royalties** — $0.00 — $_____

8. **Unemployment compensation** — $0.00 — $_____

   Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:............................... ↓

   For you ....................................................... $_____

   For your spouse............................................. $_____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. — $0.00 — $_____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

   Provisional mixed non-wage receipts - see attachment — $5,000 est. — $_____

   _____ — $0.00 — $_____

   Total amounts from separate pages, if any. — + $0.00 — + $_____

11. **Calculate your total current monthly income.**
   Add lines 2 through 10 for each column.
   Then add the total for Column A to the total for Column B. — $5,000 est. — + — $_____ — = — $5,000.00

   **Total current monthly income**

| Part 2: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ ___/s/_____   ✗ _____
Signature of Debtor 1                   Signature of Debtor 2

Date __7/27/26__                        Date _____
     MM / DD / YYYY                          MM / DD / YYYY

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |

United States Bankruptcy Court for the: District of New Jersey

Case number  26-17342-EJO
(if known)

☐ Check if this is an
amended filing

## Official Form 104

## For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders                         12/15

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an *insider*. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

| Part 1: | List the 20 Unsecured Claims in Order from Largest to Smallest. Do Not Include Claims by Insiders. |
|---|---|

**Unsecured claim**

**1**

Franklin Capital Funding, LLC / Fran
Creditor's Name

32300 Northwestern Hwy, Suite 215
Number          Street

Farmington Hills          MI          48334
City          State          ZIP Code

Hillel I. Parness, Esq., Parness Law
Contact

_____
Contact phone

What is the nature of the claim? Judgment (disputed; on a|     $          6,000,000.00

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured):     $_____
          Value of security:          − $_____
          Unsecured claim          $_____

**2**

FVP Opportunity Fund III, LP; FVP Ir
Creditor's Name

c/o Law Office of Alan I. Karten, PLL
Number          Street

1201 Broadway, 7th Floor

New York          NY          10001
City          State          ZIP Code

Jennifer Mara, Esq.; Jerrell Breslin, E
Contact

_____
Contact phone

What is the nature of the claim? Judgment deficiency, if an     $          Unknown

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☑ Unliquidated
☑ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☐ No
☑ Yes. Total claim (secured and unsecured):     $     8,841,219.72
          Value of security:          − $          Unknown
          Unsecured claim          $          Unknown

Official Form 104          For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims          page 1

Debtor 1 <u>Avrumi Lubin a/k/a Josh Lubin</u>  
First Name   Middle Name   Last Name

Case number *(if known)* <u>26-17342-EJO</u>

**Unsecured claim**

---

**3**

Creditor's Name

Number   Street

City   State   ZIP Code

Contact

Contact phone

What is the nature of the claim? _____ $_____

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☐ No
☐ Yes. Total claim (secured and unsecured):   $_____
   Value of security:   − $_____
   Unsecured claim   $_____

---

**4** GrayRobinson, P.A.  
Creditor's Name  
301 East Pine Street, Suite 1400  
Number   Street

Orlando   FL   32801  
City   State   ZIP Code

Contact

Contact phone

What is the nature of the claim? Legal fees (estimated)   $   11,000 est.

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured):   $_____
   Value of security:   − $_____
   Unsecured claim   $_____

---

**5** Best Egg (Marlette Funding, LLC)  
Creditor's Name  
P.O. Box 42912  
Number   Street

Philadelphia   PA   19101  
City   State   ZIP Code

Contact

Contact phone

What is the nature of the claim? Personal installment loan   $   Unknown

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured):   $_____
   Value of security:   − $_____
   Unsecured claim   $_____

---

**6** Credit One Bank, N.A. (up to three a  
Creditor's Name  
P.O. Box 98873  
Number   Street

Las Vegas   NV   89193-{  
City   State   ZIP Code

Contact

Contact phone

What is the nature of the claim? Credit cards   $   Unknown

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured):   $_____
   Value of security:   − $_____
   Unsecured claim   $_____

---

**7** Citibank, N.A.  
Creditor's Name  
P.O. Box 6500  
Number   Street

Sioux Falls   SD   57117  
City   State   ZIP Code

Contact

Contact phone

What is the nature of the claim? Credit card   $   Unknown

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☑ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☑ No
☐ Yes. Total claim (secured and unsecured):   $_____
   Value of security:   − $_____
   Unsecured claim   $_____

---

Debtor 1   **Avrumi Lubin a/k/a Josh Lubin**      Case number *(if known)* 26-17342-EJO
First Name    Middle Name    Last Name

**Unsecured claim**

---

**8**

Creditor's Name

Number    Street

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** _____    $_____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
     Value of security:    − $_____
     Unsecured claim    $_____

---

**9**    Law Offices of David W. Langley, P.A
Creditor's Name
8551 W. Sunrise Blvd., Suite 303
Number    Street

Plantation    FL    33322
City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Claims asserted in CACE-    $_____    Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
     Value of security:    − $_____
     Unsecured claim    $_____

---

**10**    Leto Law Firm, P.A.
Creditor's Name
201 S. Biscayne Blvd., Suite 2700
Number    Street

Miami    FL    33131
City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Fee suit, Miami-Dade (disp    $_____    Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
     Value of security:    − $_____
     Unsecured claim    $_____

---

**11**    Internal Revenue Service
Creditor's Name
Centralized Insolvency Operation
Number    Street
P.O. Box 7346

Philadelphia    PA    19101-73
City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Taxes, if any (2024-2025    $_____    Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
     Value of security:    − $_____
     Unsecured claim    $_____

---

**12**    State of New Jersey, Division of Tax
Creditor's Name
Bankruptcy Section, P.O. Box 245
Number    Street

Trenton    NJ    08695-02
City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Taxes, if any (2024-2025    $_____    Unknown

**As of the date you file, the claim is:** Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
     Value of security:    − $_____
     Unsecured claim    $_____

---

Official Form 104      **For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**      page 3

| Debtor 1 | Avrumi Lubin a/k/a Josh Lubin | | Case number *(if known)* 26-17342-EJO |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

|  | | Unsecured claim |

**13** Bank of America, N.A. - personal card x

Creditor's Name

P.O. Box 15019

Number    Street

Wilmington    DE    19886-5

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Credit card; billing disputes    $ 86128

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
  - Value of security:    – $_____
  - Unsecured claim    $_____

**14** Bank of America, N.A. - Spin business ca

Creditor's Name

P.O. Box 660441

Number    Street

Dallas    TX    75266-0

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Possible personal guaranty; di    $ 69146

**As of the date you file, the claim is:** Check all that apply.
- ☑ Contingent
- ☑ Unliquidated
- ☑ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
  - Value of security:    – $_____
  - Unsecured claim    $_____

**15** Bank of America, N.A. - personal card x

Creditor's Name

P.O. Box 15019

Number    Street

Wilmington    DE    19886-5

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** Consumer credit card    $ 25353

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☑ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
  - Value of security:    – $_____
  - Unsecured claim    $_____

**16**

Creditor's Name

Number    Street

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** _____    $_____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
  - Value of security:    – $_____
  - Unsecured claim    $_____

**17**

Creditor's Name

Number    Street

City    State    ZIP Code

Contact

Contact phone

**What is the nature of the claim?** _____    $_____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):    $_____
  - Value of security:    – $_____
  - Unsecured claim    $_____

Debtor 1    __Avrumi Lubin a/k/a Josh Lubin__          Case number *(if known)* 26-17342-EJO
     First Name     Middle Name     Last Name

**Unsecured claim**

**18**

Creditor's Name

Number     Street

City     State     ZIP Code

Contact

Contact phone

What is the nature of the claim? _____    $_____

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):   $_____
  - Value of security:    −   $_____
  - Unsecured claim    $_____

**19**

Creditor's Name

Number     Street

City     State     ZIP Code

Contact

Contact phone

What is the nature of the claim? _____

   $_____

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):   $_____
  - Value of security:    −   $_____
  - Unsecured claim    $_____

**20**

Creditor's Name

Number     Street

City     State     ZIP Code

Contact

Contact phone

What is the nature of the claim? _____

   $_____

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ☐ No
- ☐ Yes. Total claim (secured and unsecured):   $_____
  - Value of security:    −   $_____
  - Unsecured claim    $_____

**Part 2:   Sign Below**

Under penalty of perjury, I declare that the information provided in this form is true and correct.

✗ _____     ✗ _____

Signature of Debtor 1                       Signature of Debtor 2

Date _____             Date _____
     MM / DD / YYYY                 MM / DD / YYYY

# ATTACHMENTS TO SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

*These attachments are incorporated into the corresponding numbered items of Official Forms 106A/B, 106E/F, 107, and 122B. All values stated as Unknown or estimated are so stated because records are incomplete, or because the interest is disputed, contingent, unliquidated, or of undetermined value.*

## Attachment A/B-19 - LLC, partnership, and joint-venture interests

1. **Spin Capital, LLC (New Jersey) - 100%.** Value unknown. Not operating for approximately two years. Its principal assets include disputed, unliquidated litigation claims with an asserted face amount exceeding $50 million. The Debtor is disclosing only his membership interest here; Spin-owned claims are not listed as the Debtor's personal claims. The interest is subject to a May 15, 2026 charging/foreclosure order on appeal in 4D2026-1512; enforcement is stayed.

2. **Teton Life, LLC (Delaware) - 50% of record.** A separate contractual claim to a revised 55% interest is conditioned on a payment not confirmed to have occurred; ownership and control are disputed. Value unknown. The entity holds disputed Golden Foothill litigation rights. The interest is subject to a June 11, 2026 charging order on appeal in 4D2026-1833.

3. **Teton Funding, LLC (Delaware) - 100%.** Value unknown. Never operating. A June 4, 2026 default judgment against the entity is disputed. The interest is subject to the May 15, 2026 order on appeal in 4D2026-1512.

4. **Teton Funding Group, LLC - 100%.** Value unknown. Not operating.

5. **JL Special Investments, LLC (Delaware No. 6426979) - 100%.** Value unknown. Never operating. A prior assignment to this entity was not countersigned and was later superseded as described in Attachment SOFA-18. The interest is subject to a June 11, 2026 order on appeal in 4D2026-1833.

6. **Front Street Holdings LLC - current passive interest; value unknown.** The Debtor's 2022 Schedule K-1 reports 1.10526% beginning/ending profit and loss shares and 1.57895% beginning/ending capital shares. The present percentage is under investigation and will be amended if later records differ.

Former passive interests shown on 2022-2023 tax records include 3010 Clarendon Holdings LLC (EIN 84-3984161), 472 E48 Holdings LLC (EIN 87-0969128), and 1519 Lincoln Holdings LLC (EIN 86-3625301). The Debtor reports no petition-date ownership in those entities; disposition dates and terms remain under investigation and are disclosed in Attachment SOFA-27.

## Attachment A/B-33/34 - Claims and other contingent or unliquidated interests

*All entries are contingent, unliquidated, and/or disputed; values are unknown. Nothing in this listing waives any privilege, election, or defense, or concedes the ownership, validity, or value of any claim.*

1. **Asserted assigned rights in a $3,136,071.44 judgment.** Judgment filed September 14, 2023 in Hi Bar Capital, LLC v. Excell Auto Group, Inc., et al., Supreme Court of the State of New York, Kings County, Index No. 502846/2022, NYSCEF Doc. 216. On April 15, 2025, the Debtor filed the foreign judgment in Florida in his own name as Avrumi Lubin, Assignee of Spin Capital, LLC, Palm Beach County Case No. 50-2025-CA-003581. The Debtor relies on the January 28, 2022 Common Interest and Joint Litigation Agreement and the March 17, 2025 Absolute Assignment of Interests and Rights from Spin Capital, LLC to the Debtor. Ownership, assignment scope and termination, enforceability, collectibility, and value are disputed.

2. **Potential accounting, tracing, recovery, and related rights concerning $2,107,548.61 in registry proceeds.** The funds were disbursed on August 27, 2025 by the U.S. Bankruptcy Court for the Southern District of Florida in In re Auto Wholesale of Boca, LLC, No. 22-15627-EPK, ECF No. 965, to the order of Schwartz Breslin PLLC for further distribution. ECF No. 952 declined to decide whether the Common Interest and Joint Litigation Agreement was terminated and whether the Debtor ultimately held Hi Bar's rights relating to the proceeds. The Debtor disputes that the underlying rights were finally adjudicated and asserts an interest through the assignment chain described in Item 1. Ownership, liability, defenses, recoverability, and value are disputed. Contingent and unliquidated; value unknown.

3. **Potential claims relating to the 2025 Broward trial, verdicts, orders, judgments, and collection proceedings.** Potential claims against judgment creditors and related parties concerning the procurement, entry, and collection of verdicts, orders, and resulting judgments in Broward County Case No. CACE-22-005125, including matters raised in Appeal No. 4D2025-3564 and pending vacatur proceedings. Contingent, disputed, and unliquidated; value unknown.

4. **Potential claims arising from former or joint legal representation of the Debtor.** This includes potential claims concerning representation by David W. Langley; Michael J. Kasen and Kasen Law Firm; Stanley Q. Casey and S.Q. Casey Law; Matthew P. Leto and Leto Law Firm; and other former counsel identified in the Debtor's records. Ownership, viability, defenses, causation, potentially responsible parties, and value remain under investigation. Contingent, disputed, and unliquidated; value unknown.

5. **Potential assigned claims, if any, relating to vehicles and identifiable proceeds.** Potential assigned causes of action and rights concerning vehicles and identifiable proceeds in the Karma, Auto Wholesale of Boca, and Excell matters. The Debtor does not list vehicle title or Spin-owned claims as his personal property and asserts only whatever rights, if any, were validly transferred to him

through disputed prepetition assignments. Ownership, assignment scope, standing, vehicle-specific coverage, defenses, recoveries, and value remain disputed and under investigation. Contingent and unliquidated; value unknown.

6. **Other potential personal or validly assigned claims arising from the matters identified above but not presently quantified.** Contingent, disputed, and unliquidated; value unknown.

## Attachment A/B-35 - Tax attributes

Federal net operating loss carryforward reported from 2021 of $2,133,584 and New Jersey alternative business loss carryforward reported as $3,065,894. Availability and value are under investigation.

## Attachment E/F-4 - Additional nonpriority unsecured creditors

| Creditor | Amount / status | Basis |
|---|---|---|
| Bank of America, N.A., personal card x5860, P.O. Box 15019, Wilmington, DE 19886-5019 | $86,128.01 per June 11, 2026 statement; disputed and unliquidated to the extent of pending billing disputes | Consumer credit card. Latest verified prepetition statement balance; petition-date activity and dispute credits remain under review. |
| Bank of America, N.A., personal card x7818, same notice address | $25,353.23 per June 13, 2026 statement | Consumer credit card. Latest verified prepetition statement balance; petition-date activity remains under review. |
| Bank of America, N.A., Spin Capital business card x4564, P.O. Box 660441, Dallas, TX 75266-0441 | $69,146.96 per June 2026 statement; contingent, disputed, and unliquidated as to the Debtor | Entity card. Listed solely as a possible personal-guaranty claim while guaranty and personal liability are investigated; no personal liability is conceded. |
| JPMorgan Chase Bank, N.A., account x6738; notices c/o Robertson, Anschutz, Schneid, Crane & Partners, PLLC, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487 | $71,461.85 per Claim 2-1; disputed | Credit card; claim filed July 8, 2026. Rights and billing dispute reserved. |
| JPMorgan Chase Bank, N.A., account x8269; same notice address | $17,393.09 per Claim 3-1 | Credit card; claim filed July 8, 2026. Rights reserved. |
| Law Offices of David W. Langley, P.A., 8551 W. Sunrise Blvd., Suite 303, Plantation, FL 33322 | Unknown; disputed and unliquidated | Claims asserted in CACE-25-013383. |
| Leto Law Firm, P.A., 201 S. Biscayne Blvd., Suite 2700, Miami, FL 33131 | Unknown; disputed and unliquidated | Fee/collection action filed in Miami-Dade County. |

## Attachment SOFA-6 - Payments to creditors within 90 days

1. **JPMorgan Chase Bank, N.A.** Aggregate payments of $12,173.17 were made during the 90-day period across accounts ending x6738 and x8269. The dates and combined $88,854.94 petition-date claim balance are shown on Official Form 107, Question 6.

2. **GrayRobinson, P.A.** On June 12, 2026, a $25,000 advance retainer was paid by American Express ending 2007 under a joint engagement covering the Debtor and Teton Life, LLC, JL Special Investments, LLC, and Teton Funding, LLC. The ClientPay receipt identifies Teton Life, LLC as the client/company. Ownership of the card and the ultimate funding allocation remain under review. The payment is listed out of caution and without conceding that the full amount was paid from the Debtor's personal property. The currently estimated remaining GrayRobinson balance is approximately $11,000 and is disputed and subject to reconciliation.

## Attachment SOFA-9 - Legal actions within one year before filing

The following are listed in addition to Broward County Case No. CACE-22-005125 shown on the form. Postpetition proceedings are not included.

| Action | Court / number | Nature / status |
|---|---|---|
| Lubin v. FVP Opportunity Fund III, LP, et al. | Fla. 4th DCA, 4D2025-3564 | Appeal; pending |
| Lubin v. FVP | Fla. 4th DCA, 4D2026-1512 | Appeal of May 15, 2026 order; pending |
| Lubin v. FVP | Fla. 4th DCA, 4D2026-1833 | Appeal of June 11, 2026 orders; pending |
| Lubin v. FVP | Fla. 4th DCA, 4D2025-2711 | Certiorari petition; dismissed Dec. 4, 2025 |
| Law Offices of David W. Langley, P.A. v. Lubin | Broward County, Fla., CACE-25-013383 | Contract/defamation claims; pending |
| Leto Law Firm, P.A. v. Lubin, et al. | Miami-Dade County, Fla.; filed Apr. 2, 2024 | Fee/collection action; pending |

| Action | Court / number | Nature / status |
|---|---|---|
| Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, Lubin, et al. | S.D.N.Y., 1:24-cv-08515 | Civil action; stayed as to Debtor |
| Mehdipour, Trustee v. Hi Bar Capital LLC, Spin Capital LLC, Lubin, et al. | Bankr. S.D. Fla., Adv. No. 23-01132 | Adversary proceeding; decision pending |

Michigan Case No. 22-193300-CB is not listed as a personal action because the Debtor was not a named party and the judgment is against Spin Capital, LLC.

## Attachment SOFA-2 - Prior or additional residence

The Debtor maintained and used Apartment PH3A, 605 West 42nd Street, New York, NY 10036, from approximately June 2025 through the June 25, 2026 petition date; the lease term ended June 30, 2026. The petition-date and current residence stated in the petition is 1460 Arboretum Parkway, Lakewood, NJ 08701. Exact occupancy dates will be amended if later records require correction.

## Attachment SOFA-4/5 - Income history

Gross employment or business income for 2024, 2025, and January 1, 2026 through the petition date is unknown while bank records and unfiled returns are being reconstructed. The Debtor also received mixed non-wage receipts during the six-month current-monthly-income period, potentially including regular family support and entity distributions or owner draws. The year-by-year amounts and source allocation remain under review. The Debtor will amend promptly after completing the account reconciliation.

## Attachment SOFA-18 - Transfers within two years

1. **April 2025 - JL Special Investments, LLC.** The Debtor executed an assignment of a one-half interest in certain Golden Foothill litigation rights to his wholly owned Delaware LLC. Filed copies were not countersigned, and the assignment was later superseded by the stipulation so-ordered August 21, 2025 (NYSCEF Index 650582/2022, Doc. 905), under which Teton Life, LLC was substituted as assignee of Spin Capital, LLC's Golden Foothill rights. Value and effect are disputed.

2. **August 13, 2025 - Teton Life, LLC restructuring.** Execution of the Amended and Restated Operating Agreement and related letter agreement restructuring the holding of disputed Golden Foothill litigation claims in Teton Life, LLC, in which the Debtor holds 50% of record. The instruments recite an Assignment and Contribution Agreement effective February 7, 2023. Value and effect are disputed.

3. **Approximately June 2025 - residential rent prepayment.** Approximately one year of rent, about $8,400 per month and approximately $100,000 total, was prepaid through the landlord's TG Pay program for Apartment PH3A, 605 West 42nd Street, New York, NY, for the lease year ending June 30, 2026. The Debtor reports this as an ordinary-course payment for residential rent made before the October 2025 judgments.

4. **Personal-account transfers involving controlled LLCs.** Bank records presently assembled reflect aggregate transfers of approximately $86,297.19 from the Debtor's personal account to accounts of his wholly owned JL Special Investments, LLC and $6,800 to his wholly owned Spin Capital, LLC. The same records reflect approximately $139,468.13 in reciprocal transfers from controlled-entity accounts to the Debtor's personal account during the same one-year period. Characterization of these movements as capital contributions, loans, temporary treasury funding, and/or reciprocal consideration remains under reconciliation. No antecedent personal debt owed by the Debtor to either LLC has been identified in the records presently assembled; Question 7 is answered No on that basis. The Debtor will amend promptly if the completed books and records require a different or more detailed characterization.

## Attachment SOFA-27 - Business connections within four years

The Debtor is or was a member, partner, manager, or person in control of the following entities within the four-year reporting period. Exact start/end dates not stated below are under investigation and will be amended promptly.

| Entity | Dates | Connection / nature |
|---|---|---|
| Spin Capital, LLC | 02/28/2019 to Present | 100% member; MCA finance; inactive/not operating about two years |
| Teton Funding, LLC | 11/10/2025 to Present | 100% member; holding company; not operating |
| Teton Life, LLC | 02/07/2023 to Present | 50% member of record; litigation-claim holding |
| JL Special Investments, LLC | 11/29/2021 to Present | 100% member; holding company; not operating |
| Teton Funding Group, LLC | 11/10/2025 to Present | 100% member; holding company; not operating |
| Front Street Holdings LLC | 11/29/2021 to Present | Passive partnership interest; percentage described at A/B-19 |

| Entity | Dates | Connection / nature |
|---|---|---|
| 3010 Clarendon Holdings LLC | Debtor's connection: at least 2021 to unknown prepetition date | Former passive interest; disposition records under review; Debtor will amend |
| 472 E48 Holdings LLC | Debtor's connection: at least 2021 to unknown prepetition date | Former passive interest; disposition records under review; Debtor will amend |
| 1519 Lincoln Holdings LLC | Debtor's connection: at least 2021 to unknown prepetition date | Former passive interest; disposition records under review; Debtor will amend |

## Attachment to Official Form 122B - Current monthly income estimate

**Line 10 - Provisional current monthly income estimate.** The six-month calculation period is December 1, 2025 through May 31, 2026. Based on bank records presently assembled and the Debtor's good-faith estimate, the Debtor reports average current monthly income of $5,000 from irregular mixed non-wage sources, including amounts potentially characterized as entity distributions or owner draws and regular family support. The amount is reported once on Line 10 because the source-by-source allocation cannot be completed before the Court's filing deadline. The estimate excludes duplicate account-to-account movements; identified returned or reversed items; loan and credit-card proceeds; and repayments of loan principal. Transfers from entity accounts are included only to the extent treated in the estimate as distributions or owner draws available to the Debtor, and not as gross entity revenue. The proper allocation among Lines 4, 5, and 10; any direct entity payments regularly made for the Debtor's personal or household expenses; and ordinary and necessary business expenses remain under review. The Debtor will amend promptly after completing the account-by-account reconciliation.

## General verification note

Petition-date values, gross-income figures, business connection dates, and certain creditor balances remain under investigation. The Debtor files the best information presently available to comply with the July 23, 2026 deadline and will amend promptly as records are completed.

# Exhibit D



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 6/11/2026 2:49:35 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E |
| **Case Docket:** | 6/11/2026 - Order Granting - 8 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026061114481729B9 |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE22005125</u>   DIVISION: <u>07</u>   JUDGE: **<u>Haimes, David A (07)</u>**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

<u>**ORDER IMPOSING CHARGING ORDERS, AND ESTABLISHING PROCEDURES FOR
PRIVATE OR JUDICIAL SALE**</u>

THIS CAUSE came before the Court on June 9, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. (*"Judgment Creditors"*) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq.,[filed May 10, 2026], the Declaration of Alan Karten filed on May 26, 2026, the court file, the applicable law, and argument of counsel, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.

2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of May 19, 2026, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.

3. The Judgment Debtor owns transferable interests in the following limited liability company the *"Subject LLC"*:

   a.          JL Special Investments, LLC, a Delaware limited liability company [#6426979];

4. The Subject LLC is a single-member limited liability company wholly owned and controlled by Avrumi Lubin, and no other person holds any membership interest in the Subject LLC.

Page 1 of 8

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.06.11 14:49:38 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 1 of 8

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 2 of 8

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.

6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.

7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.

8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.

9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

**A.       CHARGING ORDERS**

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1.        JL Special Investments, LLC, a Delaware limited liability company [#6426979];

2. The charging order shall constitute a lien upon the transferable interests of Avrumi Lubin and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

**B.       REDIRECTION OF DISTRIBUTIONS**

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLC shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

**C.       MANDATORY TURNOVER OF FINANCIAL INFORMATION**

Upon receipt of any financial information from the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall immediately provide copies thereof to Judgment Creditors.

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 3 of 8

**D.**       **FORECLOSURE OF TRANSFERABLE INTERESTS**

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLC is hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLC. The charging order lien is deemed to have attached as of **May 19, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

**E.**       **PRIVATE SALE PROCEDURES**

**1.**       **Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLC, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

**2.**       **Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

   (i)        Avrumi Lubin, the Judgment Debtor;

   (ii)       The registered agent of the Subject LLC;

   (iii)      Any person or entity known to hold an interest in the Subject LLC; and

   (iv)      Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

**3.**       **Content of Notice.** The notice of sale shall include:

   (i)        A description of the transferable interests to be sold, including the name and jurisdiction of formation of the Subject LLC;

   (ii)       The proposed date, time, and method of sale;

   (iii)      The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

   (iv)      The outstanding balance of the Final Judgment as of the date of the notice;

   (v)       Instructions for any interested party to submit a qualified competing bid; and

   (vi)      A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

**4.**       **Public Advertisement.** The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report

Case Number: CACE22005125

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 4 of 8

of sale.

**5.      Commercial Reasonableness Standard.**  The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

**6.      Due Diligence Access.**  To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

**7.      Credit Bid.**  The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

**8.      Conduct of Sale; Auctioneer/Administrator Designation.**  The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

**9.      Right of Redemption.**  The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

**10.      Report of Sale.**  Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i)      The name and address of the purchaser;

(ii)      The purchase price and the form of consideration (cash or credit bid);

(iii)      A description of the marketing efforts undertaken;

(iv)      The costs and expenses of the sale; and

(v)      The net proceeds (if any) applied to the outstanding judgment balance.

**11.      Objection Period.**  Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 5 of 8

timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

**12.        Confirmation of Sale and Transfer of Interests.**  Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

**13.        Application of Proceeds.**  The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

**F.        ALTERNATIVE JUDICIAL SALE**

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

**G.        COOPERATION REQUIREMENT**

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Take all steps necessary to cause the Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate shall constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

**H.        RESERVATION OF JURISDICTION**

The Court reserves jurisdiction to:

a. Enforce this Order and any order confirming a sale;

b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

c. Compel compliance by the Judgment Debtor;

d. Determine the commercial reasonableness of any private sale upon objection;

e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

f. Award attorneys' fees, costs, and sanctions; and

g. Grant any additional relief necessary to aid in the full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>11th day of June, 2026</u>.

CACE22005125 06-11-2026 10:47 AM

<u>CACE22005125 06-11-2026 10:47 AM</u>
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan I Karten , E-mail : a.karten@yahoo.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com
Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 6 of 8

Case Number: CACE22005125

Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 7 of 8

Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com

Unique Code : CAA-FAA-BCABB-JIDIACBF-BFEFBAG-E Page 8 of 8

# Exhibit E



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

### DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 6/11/2026 2:49:40 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JIDIACFD-BFEFBAH-F |
| **Case Docket:** | 6/11/2026 - Order Granting - 5 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A2026061114481729B9 |

### HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE22005125</u>   DIVISION: <u>07</u>    JUDGE: <u>Haimes, David A (07)</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

## ORDER IMPOSING CHARGING ORDER

  THIS CAUSE came before the Court for hearing on June 9, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. (*"Judgment Creditors"*) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq.,[filed May 10, 2026], the Declaration of Alan Karten filed on May 26, 2026, the court file, the applicable law, and argument of counsel, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.

2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interest as of May 19, 2026, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.

3. The Judgment Debtor owns transferable interests in Teton Life, LLC, a Delaware Limited Liability Company [Filing #7280781]

4. The Subject LLC is a multi-member limited liability company in which Avrumi Lubin holds a membership interest.

5. Adequate notice was provided to the Judgment Debtor of the Application for Entry of a Charging Order.

  **IT IS THEREFORE ORDERED AND ADJUDGED:**

Page 1 of 5

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/11/2026 12:32:27 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.06.11 14:49:41 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JIDIACFD-BFEFBAH-F Page 2 of 5

## A.        CHARGING ORDERS

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1. Teton Life, LLC, a Delaware Limited Liability Company [Filing #7280781];
2. The charging order shall constitute a lien upon the transferable interests of Avrumi Lubin and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

## B.        REDIRECTION OF DISTRIBUTIONS

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLC shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

## C.        MANDATORY TURNOVER OF FINANCIAL INFORMATION

Upon receipt of any financial information from the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall provide copies thereof to Judgment Creditors within five (5) days of receipt.

## D.        RESERVATION OF JURISDICTION

The Court reserves jurisdiction to:

a. Compel compliance by the Judgment Debtor;

b. Award attorneys' fees, costs, and sanctions; and

c. Grant any additional relief necessary to aid in the full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 11th day of June, 2026.

CACE22005125 06-11-2026 10:47 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

Unique Code : CAA-FAA-BCABB-JIDIACFD-BFEFBAH-F Page 3 of 5

**Copies Furnished To:**
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan I Karten , E-mail : a.karten@yahoo.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com
Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com

Case Number: CACE22005125

Unique Code : CAA-FAA-BCABB-JIDIACFD-BFEFBAH-F Page 4 of 5

Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com
Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com

Case Number: CACE22005125

Yoel Getter , E-mail : Yoel3514@aol.com

Unique Code : CAA-FAA-BCABB-JIDIACFD-BFEFBAH-F Page 5 of 5

# Exhibit F



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 5/19/2026 6:17:44 AM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B |
| **Case Docket:** | 5/15/2026 - Order - 9 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A202605190616114F7F |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 248282220 E-Filed 05/15/2026 12:30:13 PM

### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>**CACE22005125**</u>   DIVISION: <u>**07**</u>   JUDGE: <u>**Haimes, David A (07)**</u>

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

_____/

### ORDER IMPOSING CHARGING ORDERS, REQUIRING TURNOVER OF FINANCIAL INFORMATION, ENJOINING TRANSFERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING PROCEDURES FOR PRIVATE OR JUDICIAL SALE

THIS CAUSE came before the Court on May 13, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. ( *"Judgment Creditors"* ) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq., the court file, Defendant Lubin's Emergency Objection, the applicable law, and argument of the parties, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.

2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of **May 5, 2026**, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.

3. The Judgment Debtor owns transferable interests in the following two limited liability companies (collectively, the *"Subject LLCs"*):

    a.      Spin Capital, LLC, a New Jersey limited liability company [#0450354731]; and

    b.      Teton Funding, LLC, a Delaware limited liability company [#10397373].

4. The Subject LLCs are single-member limited liability companies wholly owned and controlled

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/15/2026 12:30:12 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.05.19 06:17:45 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 1 of 9

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 2 of 9

Case Number: CACE22005125

by Avrumi Lubin, and no other person holds any membership interest in the Subject LLCs.

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.

6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.

7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.

8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.

9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.

10. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

A.      **CHARGING ORDERS**

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1.      Spin Capital, LLC, a New Jersey Limited Liability Company [#0450354731]; and

2.      Teton Funding, LLC, a Delaware Limited Liability Company [#10397373].

The charging orders shall constitute liens upon the transferable interests and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

B.      **REDIRECTION OF DISTRIBUTIONS**

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLCs shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

C.      **MANDATORY TURNOVER OF FINANCIAL INFORMATION**

Upon receipt of any financial information from any of the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall

Case Number: CACE22005125

immediately provide copies thereof to Judgment Creditors.

Within ten (10) days of entry of this Order, the Judgment Debtor shall produce:

    a. All operating agreements and any amendments thereto;

    b. Membership ledgers and certificates;

    c. Organizational documents (articles of organization, certificates of formation); and

    d. All records reflecting ownership interests, equity structure, or current economic arrangements involving the Subject LLCs.

**D.**      **INJUNCTION AGAINST TRANSFERS**

Avrumi Lubin, the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and all persons and entities acting in concert with any of them are immediately and permanently enjoined, pending further order of this Court, from:

    a. Transferring, assigning, pledging, hypothecating, concealing, dissipating, encumbering, or otherwise disposing of any transferable interests, assets, distributions, or proceeds associated with the Subject LLCs;

    b. Opening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order; and

    c. Taking any action designed to diminish the value of the transferable interests or to frustrate the collection of the Final Judgment.

Any attempted transfer made after service of the Motion for Charging Orders shall be void ab initio as against the Judgment Creditors. Violations of this injunction shall be subject to civil contempt, sanctions, and any other remedies available at law or equity.

**E.**      **FORECLOSURE OF TRANSFERABLE INTERESTS**

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLCs are hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLCs. The charging order lien is deemed to have attached as of **May 5, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

**F.**      **PRIVATE SALE PROCEDURES**

**1.**      **Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLCs, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

**2.**      **Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by

Case Number: CACE22005125

either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

(i)      Avrumi Lubin, the Judgment Debtor;

(ii)      The registered agent of each Subject LLC;

(iii)      Any person or entity known to hold an interest in a Subject LLC; and

(iv)      Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

**3.      Content of Notice.**  The notice of sale shall include:

(i)      A description of the transferable interests to be sold, including the name and jurisdiction of formation of each Subject LLC;

(ii)      The proposed date, time, and method of sale;

(iii)      The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

(iv)      The outstanding balance of the Final Judgment as of the date of the notice;

(v)      Instructions for any interested party to submit a qualified competing bid; and

(vi)      A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

**4.      Public Advertisement.**  The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report of sale.

**5.      Commercial Reasonableness Standard.**  The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

**6.      Due Diligence Access.**  To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

**7.      Credit Bid.**  The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 4 of 9

Case Number: CACE22005125

8.        **Conduct of Sale; Auctioneer/Administrator Designation.** The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

9.        **Right of Redemption.** The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

10.        **Report of Sale.** Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i)        The name and address of the purchaser;

(ii)        The purchase price and the form of consideration (cash or credit bid);

(iii)        A description of the marketing efforts undertaken;

(iv)        The costs and expenses of the sale; and

(v)        The net proceeds (if any) applied to the outstanding judgment balance.

11.        **Objection Period.** Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

12.        **Confirmation of Sale and Transfer of Interests.** Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

13.        **Application of Proceeds.** The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

14.        **Tax Disclosure Requirement.** Because the Subject LLCs are single-member limited liability companies that may be taxed as disregarded entities or pass-through entities for federal and state income tax purposes, a purchaser of the transferable interests may succeed to the Judgment Debtor's tax position, including responsibility for allocations of income, gain, loss, deduction, or credit

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 5 of 9

Case Number: CACE22005125

arising from operations of the Subject LLCs that were generated before or as of the date of transfer. Accordingly:

(i)      Within fifteen (15) days of entry of this Order, the Judgment Debtor and each Subject LLC shall prepare and deliver to the Judgment Creditors' counsel a written tax disclosure statement setting forth: (a) the adjusted tax basis of each Subject LLC's assets as of the most recent practicable date; (b) any pending or expected federal or state tax assessments, deficiencies, or audits; (c) the amount of any unrealized built-in gain or loss in the Subject LLCs' assets; and (d) any accrued but undistributed taxable income allocable to the Judgment Debtor's interest;

(ii)     Judgment Creditors shall provide prospective purchasers with access to the tax disclosure statement as part of the due diligence materials described in paragraph 6 of this Section;

(iii)    The notice of sale shall contain a written advisement that prospective purchasers should consult independent tax counsel prior to bidding, as the acquisition of an economic interest in a pass-through entity may result in the allocation of taxable income without a corresponding cash distribution; and

(iv)     Failure by the Judgment Debtor or the Subject LLCs to timely provide the tax disclosure statement may constitute contempt of court. Nothing in this paragraph shall limit the Judgment Creditors' right to proceed with the sale upon the Judgment Debtor's non-compliance, provided that the notice of sale discloses the Judgment Debtor's failure to produce the required tax information.

## G.      ALTERNATIVE JUDICIAL SALE

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

## H.      COOPERATION REQUIREMENT

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Provide access to all books and records of the Subject LLCs to facilitate due diligence by prospective purchasers; and

c. Take all steps necessary to cause each Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate may constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 6 of 9

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 7 of 9

Case Number: CACE22005125

### I.   RECEIVER

The Court reserves jurisdiction to appoint a receiver over the Subject LLCs and/or their assets if necessary to enforce this Order, prevent the diversion of assets, or preserve the value of the transferable interests pending sale. The cost of any such receivership shall be assessed against the Judgment Debtor, Avrumi Lubin, and added to the outstanding judgment balance.

### J.   RESERVATION OF JURISDICTION

The Court reserves jurisdiction to:

 a. Enforce this Order and any order confirming a sale;

 b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

 c. Compel compliance by the Judgment Debtor, the Subject LLCs, or any third party;

 d. Determine the commercial reasonableness of any private sale upon objection;

 e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

 f. Award attorneys' fees, costs, and sanctions; and

 g. Grant any additional relief necessary to aid full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>15th day of May, 2026</u>.

<u>CACE22005125 05-15-2026 7:46 AM</u>
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : a.karten@yahoo.com
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com

Case Number: CACE22005125

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 8 of 9

Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com

Case Number: CACE22005125

Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com
barry jay glickman , E-mail : flservice@zeklaw.com
barry jay glickman , E-mail : bglickman@zeklaw.com

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 9 of 9

# Exhibit G

# EXHIBIT D

# SPIN ASSIGNMENT TO TETON

DocuSign Envelope ID: 88D5926A-560C-4A80-9D5D-47D2B4E42D1F

## ASSIGNMENT

This Assignment (this "Assignment"), dated effective the 7th day of February, 2023 (the "Effective Date") is by Spin Capital LLC, a New Jersey limited liability company and Avrumi (a/k/a Josh) Lubin (hereinafter collectively, "Assignor") to Teton Life, LLC, a Delaware limited liability company (hereinafter, "Assignee").

WHEREAS, Assignor (Lubin) has executed a Contribution Agreement in favor of Assignee whereby Assignor contributes certain assets to Assignee (the "Agreement") dated and effective of even date herewith,

WHEREAS, pursuant to the terms of the Agreement, Assignor shall sell, assign, transfer and convey unto Assignee all rights and interest in that certain lawsuit styled Spin Capital LLC v. Golden Foothill Insurance Services, LLC, et al., Supreme Court of the State of New York, County of New York, Index No. 650582/2022 (the "Lawsuit"), a copy of the most recently filed complaint in which is attached hereto as Exhibit A; and

WHEREAS, the Agreement obligates Assignor to assign to Assignee the Lawsuit and related rights and assets.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor agrees as follows:

1. Assignment. Effective as of the Effective Date, Assignor HEREBY ASSIGNS AND TRANSFERS to Assignee all of Assignor's rights in, under, and to all benefits and privileges hereafter accruing to Assignor, in the Lawsuit, including all collateral and policies identified at any time in the Lawsuit, including those listed on Exhibit B hereto ("Assigned Collateral"), including:

(a) All claims, demands, and cause or causes of action of any kind whatsoever which Assignor has, may have, may have, or may have had, or may in the future have, as described in and alleged, or that could have been alleged, or may be alleged, in the Lawsuit;

(b) The Assigned Contracts;

(c) All property (including intellectual property) relating to, arising from, or used in connection with the Lawsuit or the Assigned Collateral;

(d) all rights of any kind whatsoever of Assignor accruing under any of the foregoing provided by applicable law of any jurisdiction;

(e) fees, income, distributions, payments, and other proceeds now or hereafter due or payable with respect to any and all of the foregoing, including without limitation by way of judgment or settlement of the Lawsuit or payment or proceeds under any of the Assigned Collateral; and

(f) any and all claims and causes of action with respect to any of the foregoing, whether accruing before or on the date hereof, including all rights to and claims for damages,

3618547.2

restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, dilution, misappropriation, violation, misuse, breach, or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

All of the foregoing being referred to herein as the "Assigned Assets".

2. Incorporation of Agreement. The parties hereto acknowledge and agree that this Assignment is entered into pursuant to the Agreement, to which reference is made for a further statement of the rights and obligations of the parties with reference to the Assigned Assets. The representations, warranties, covenants, agreements, and indemnities contained in the Agreement shall not be superseded hereby but shall remain in full force and effect to the full extent provided therein. In the event of any conflict or inconsistency between the terms of the Agreement and the terms hereof, the terms of the Agreement shall govern.

3. Miscellaneous.

(a)    All notices and other communications required or permitted under this Assignment shall be given in the same manner as in the Agreement.

(b)    This Assignment may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original for all purposes, and all such counterparts shall together constitute but one and the same instrument. A signed copy of this Assignment delivered by either facsimile or e-mail shall be deemed to have the same legal effect as delivery of an original signed copy of this Assignment. Notwithstanding the foregoing, each party hereto shall deliver original counterpart signatures to the other parties on or before the date hereof.

(c)    This Assignment shall be governed by and construed in accordance with the laws of the State of Delaware, and Assignor agrees that any lawsuit arising out of or related to this Assignment may be brought in the State and federal courts located in the State of Delaware and Assignee consents thereto, though Assignor further agrees that Assignee may enforce this Assignment in any court having jurisdiction over Assignor or the Assigned Assets, or located where the Assigned Assets are located.

(d)    Assignor shall promptly execute and deliver to Assignee any additional instrument or other document which Assignee reasonably requests to evidence or better effect the assignment contained herein and Assignee's rights to the Assigned Assets. Assignee specifically agrees that any such request may be made by Gabe Isaacov, as a Member of Assignee, and that such member shall have authority to make such request.

(e)    This Assignment and the obligations of the parties hereunder shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

[SIGNATURE PAGE FOLLOWS]

2

3618547.2

DocuSign Envelope ID: 880B926A-560C-4A80-9D5D-47D2B4E42D1F

IN WITNESS WHEREOF, the Assignor has executed this Assignment effective as of the Effective Date.

ASSIGNOR:

SPIN CAPITAL, LLC

By: _Josh Lubin_____
Name: Josh Lubin
Title:  President

_Josh Lubin_____
AVRUMI (a/k/a JOSH) LUBIN

3

3618547.2

FILED: NEW YORK COUNTY CLERK 04/21/2025 03:05 PM INDEX NO. 650582/2022

NYSCEF DOC. NO. 63 RECEIVED NYSCEF: 04/21/2025

Case 26-17342-EJG Doc 62-3 Filed 07/29/26 Entered 07/29/26 18:49:17 Desc
DocuSign Envelope ID: 890B926A-360C-4A80-9D5D-47D2D4E42D1F
Exhibits A - L Page 110 of 186

**EXHIBIT A**
**AMENDED COMPLAINT FILE JULY 14, 2022**
**ATTACHED**

3618547.2

FILED: NEW YORK COUNTY CLERK 04/21/2025 03:05 PM
INDEX NO. 650582/2022
NYSCEF DOC. NO.: 8

Case 26-17342-EJC Doc 62-3 Filed 07/29/26 Entered 07/29/26 18:49:17 Desc
Exhibits A - L Page 111 of 186
RECEIVED NYSCEF: 04/21/2025

DocuSign Envelope ID: 880B920A-360C-4A90-9D5D-47D2D4E42D1F

## EXHIBIT B
## ASSIGNED COLLATERAL
## SECURITY AGREEMENT ATTACHED

3618547.2

# Exhibit H



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/25/2026 5:12:17 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J |
| **Case Docket:** | 6/4/2026 - Exhibits - 31 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A20260725171055BB47 |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 1 of 31

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

FVP OPPORTUNITY FUND III, L.P., et al.,    **CASE NO.: CACE-22-005125**
    **DIVISION: 07**
Plaintiffs/Judgment Creditors,    **JUDGE: DAVID A. HAIMES**

v.


AVRUMI LUBIN a/k/a JOSH LUBIN, et al.,


Defendants/Judgment Debtors.

_____

_/

**EXHIBIT C**

**TETON LIFE LLC AMENDED AND RESTATED OPERATING AGREEMENT**

This cover sheet is intended to precede the Teton Life LLC Amended and Restated Limited Liability Company Operating Agreement dated August 13, 2025.

The agreement is submitted to show that Teton Life LLC is a Delaware limited liability company and that the agreement identifies more than one member, including Avrumi/Josh Lubin as Member A and Gavriel Yitzchakov a/k/a Gabe Isaacov as Member B.

Key provisions relied on in the response include the title/recitals, section 2.01, section 2.03(b), section 2.03(c), section 2.04, section 2.06, and Schedule I.

Attach the complete operating agreement PDF immediately after this cover sheet if filing this exhibit separately or uploading it as a supporting document in CMS.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/04/2026 05:46:04 PM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.25 17:12:18 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

**Execution Version**

# AMENDED AND RESTATED

# LIMITED LIABILITY COMPANY OPERATING AGREEMENT

among

## TETON LIFE LLC

and

## THE MEMBERS NAMED HEREIN

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 2 of 31

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 3 of 31

## TABLE OF CONTENTS

ARTICLE I Organizational Matters ....................................................................................................3

ARTICLE II Members ........................................................................................................................4

ARTICLE III Management..................................................................................................................9

ARTICLE IV Allocations .................................................................................................................10

ARTICLE V Distributions................................................................................................................10

ARTICLE VI Transfers ....................................................................................................................11

ARTICLE VII No Personal Liability, Exculpation, and Indemnification .......................................13

ARTICLE VIII Compliance and Tax Matters ..................................................................................14

ARTICLE IX Dissolution and Liquidation......................................................................................17

ARTICLE X Definitions...................................................................................................................18

ARTICLE XI Miscellaneous ............................................................................................................21

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 4 of 31

## AMENDED AND RESTATED LIMITED LIABILITY COMPANY OPERATING AGREEMENT

This Limited Liability Company Operating Agreement (this **"Agreement"**) of TETON LIFE LLC, a Delaware limited liability company (the **"Company"**), is entered into this 13th day of August, 2025 by and among the Company, each Person executing this Agreement as a member on the date hereof (collectively, the **"Initial Members"**), and any other Person who, after the date hereof, becomes a Member in accordance with the terms of this Agreement (collectively, the **"Members"**). Unless otherwise noted or defined elsewhere in this Agreement, capitalized terms used in this Agreement have the meanings set forth in ARTICLE X.

### RECITALS

WHEREAS, the Company was formed under the laws of the State of Delaware by the filing of a Certificate of Formation with the Secretary of State of Delaware (the **"Secretary of State"**) on February 7, 2023 (the **"Certificate of Formation"**) for the purpose set forth in this Agreement;

WHEREAS, pursuant to a Contribution Agreement, dated February 7, 2023 by and among Avrumi (a/k/a Josh) Lubin ("**Member A**" which term includes Permitted Transferees), Gavriel Yitzchakov (a/k/a Gabe Isaacov) ("**Member B**" which term includes Permitted Transferees), and the Company (the **"Contribution Agreement"**), Member A and Member B each agreed to contribute, or cause to be contributed, to the Company at the Closing (as defined in the Contribution Agreement) certain assets in exchange for Membership Interests; and

WHEREAS, the Members wish to enter into this Agreement setting forth the terms and conditions governing the operation and management of the Company.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### Article I.  Organizational Matters

**Section 1.01  Name.** The name of the Company is TETON LIFE LLC.

**Section 1.02  Principal Office.** The principal office of the Company is located at 605 Lincoln Road, Suite 501, Miami Beach, Florida 33139 or such other location as may from time to time be determined by the Members.

**Section 1.03  Registered Office; Registered Agent.** The registered office of the Company and the registered agent for service of process on the Company in the State of Delaware shall be that office and Person named in the Certificate of Formation or such other office (which need not be a place of business of the Company) or such other Person or Persons as the Members may designate from time to time in the manner provided by the Delaware Act and Applicable Law.

**Section 1.04 Purpose; Powers.**

1

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 5 of 31

(a)   The purpose of the Company is to engage in any lawful act or activity for which limited liability companies may be formed under the Delaware Act and to engage in any and all lawful activities necessary or incidental thereto.

(b)   The Company shall have all the powers necessary or convenient to carry out the purposes for which it is formed, including the powers granted by the Delaware Act.

**Section 1.05 Term.** The term of the Company commenced on the date and time the Certificate of Formation was filed with the Secretary of State of the State of Delaware and shall continue in existence perpetually or until any earlier date when the Company is terminated in accordance with the provisions of this Agreement or as provided by Applicable Law.

## Article II.   Members

**Section 2.01   Members.** The names, mailing addresses, and Membership Interests of each Initial Member, each of whom is hereby admitted as a Member, are set out in **Schedule I** attached hereto (the "**Members Schedule**"). The Members shall update the Members Schedule or cause it to be updated upon the issuance or Transfer of any Membership Interest to any new or existing Member in accordance with this Agreement.

**Section 2.02   Capital Contributions; Capital Accounts; No Withdrawals.**

(a)   The Initial Members have contributed to the Company the amounts, in the form of cash or property (the "**Initial Capital Contributions**"; and as such amounts may be amended from time to time in connection with any other contributions made in accordance with this Agreement, the "**Capital Contributions**"), as described in the Contribution Agreement. Upon the Receiver's distribution of an amount less than or equal to $1.6 million, and the distribution of 50% to Member A and to Member B as referenced in the Note annexed to the accompanying Letter Agreement as Exhibit D (the "**Redstone-Lubin Note**") and to be executed by Lubin, and further conditioned upon Lubin's execution of the Redstone-Lubin Note, Member A and Member B shall each contribute amounts totaling $100,000 (as further detailed on Schedule I) in the form of cash (the "**Lawsuit Reserve Contributions**"), which Lawsuit Reserve Contributions shall be allocated to the Lawsuit Reserve. Except for the Initial Capital Contributions and Lawsuit Reserve Contributions, no Member is required to make further Capital Contributions to the Company unless agreed to in writing by such Member.

2

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 6 of 31

(b)     The Company shall establish and maintain for each Holder a separate capital account (each, a **"Capital Account"**) on its books and records in accordance with the provisions of Section 704(b) of the Code and Treasury Regulations Section 1.704- 1(b)(2)(iv). Each Capital Account shall be: (i) credited by such Holder's Capital Contributions to the Company and any profits allocated to such Holder in accordance with Section 4.01 and (ii) debited by any distributions to such Holder pursuant to Article V and any losses allocated to such Holder in accordance with Section 4.01. For purposes of maintaining the Holders' Capital Accounts, profits and losses shall be determined in accordance with Treasury Regulations Section 1.704-1(b). The Capital Accounts shall be adjusted by the Members upon the occurrence of an event described in Treasury Regulations Section 1.704-1(b)(2)(iv)(f)(5) in the manner described in Treasury Regulations Section 1.704-1(b)(2)(iv)(f) and (g) if the Members determine that such adjustments are necessary or appropriate to reflect the relative economic interests of the Holders. In the event of a Transfer of any Interest in accordance with the terms of this Agreement, the Transferee shall succeed to the Capital Account of the Transferor to the extent it relates to the transferred Interest.

(c)     No Holder shall be entitled to withdraw any portion of such Holder's Capital Account or to receive any distribution from the Company, except as otherwise provided in this Agreement. No Holder shall be entitled to receive any interest on such Holder's Capital Contributions or Capital Account.

(d)     If any Holder shall have a deficit balance in such Holder's Capital Account, such Holder shall have no obligation, during the term of the Company or upon dissolution or liquidation thereof, to restore such negative balance or make any Capital Contributions to the Company by reason thereof, except as may be required by Applicable Law or in respect of any negative balance resulting from a withdrawal of capital or dissolution in contravention of this Agreement.

**Section 2.03     Admission of New Members.**

(a)     Subject to compliance with the provisions of Section 2.03(b) and Section 2.08(b)(ii), new Members may be admitted from time to time in connection with (i) the issuance of Membership Interests by the Company in accordance with this Agreement or a Transfer of Membership Interests in accordance with the provisions of ARTICLE VI.

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

(b)    In order for any Person not already a Member of the Company to be admitted as a Member, whether pursuant to an issuance or a Transfer (including a Permitted Transfer) of a Membership Interest or otherwise, such Person shall have (i) executed and delivered to the Company a written undertaking substantially in the form of the Joinder Agreement attached at **Exhibit A** ("**Joinder Agreement**") and, if such Person is an individual who has a Spouse, an executed written undertaking from such Spouse substantially in the form of the Spousal Consent (as defined herein) and (ii) provided to the Company any information required from such Person under Section 8.06. Upon the amendment of the Members Schedule and the satisfaction of any other applicable conditions, including, if applicable, the receipt by the Company of payment for the issuance of the applicable Membership Interest, such Person shall be admitted as a Member, shall become a party hereto, shall be deemed listed as such on the books and records of the Company, and, in the case of an issuance, thereupon shall be issued their Membership Interest. Further, (A) the Capital Accounts shall be adjusted as necessary in accordance with Section 2.02 and (B) the Interests of the Members and any Assignees shall be adjusted pro rata so that the aggregate Percentage Interests of all Holders equals 100%.

(c)    No transfer, sale or assignment of an existing Membership Interest shall be permitted without the express written consent of the Members holding, in the aggregate, 100% of the membership interests existing as of the date of this Agreement as set forth above.

**Section 2.04   Withdrawal; Expulsion; Bankruptcy.**

(a)    So long as a Member continues to hold a Membership Interest, such Member shall not have the ability to withdraw or resign as a Member prior to the dissolution and winding up of the Company and any such withdrawal or resignation or attempted withdrawal or resignation by a Member prior to the dissolution and winding up of the Company shall be null and void.

(b)    No Member may be expelled from the Company.

(c)    A Member that suffers an Event of Bankruptcy shall cease to be a Member and thereafter have only the rights of an Assignee with respect to their Economic Interest.

(d)    As soon as any Person who is a Member ceases to hold any Membership Interest, such Person shall no longer be a Member.

**Section 2.05   Death of Member.** The death of a Member shall not cause the dissolution of the Company, except as otherwise provided by Section 9.01(d). In such event, the Company and its business shall be continued by the remaining Member or Members and the Interest owned by the deceased Member shall be automatically Transferred to such Member's executors, administrators, testamentary trustees, legatees, surviving Spouse, beneficiaries, or other legal representative, as applicable, as Permitted Transferees, *provided,* that any such Permitted Transferee shall only be an Assignee of such deceased Member's Economic Interest unless such Permitted Transferee is (a) a Member or (b) admitted as a Member in accordance with the provisions of this Agreement, including Section 2.03(b) and Section 2.08(b)(ii).

4

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 8 of 31

**Section 2.06   Certification of Interests.**

(a)     The Company may, but shall not be required to, issue certificates evidencing Interests in the Company.

(b)     If certificates representing Interests are issued in accordance with Section 2.06(a), then in addition to any other legend required by Applicable Law, all certificates representing issued and outstanding Interests in the Company shall bear a legend substantially in the following form:

THE LIMITED LIABILITY COMPANY INTERESTS REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO A LIMITED LIABILITY COMPANY AGREEMENT AMONG THE COMPANY AND ITS MEMBERS, A COPY OF WHICH IS ON FILE AT THE PRINCIPAL EXECUTIVE OFFICE OF THE COMPANY. NO TRANSFER, SALE, ASSIGNMENT, GIFT, PLEDGE, ENCUMBRANCE, HYPOTHECATION, OR OTHER DISPOSITION OF THE LIMITED LIABILITY COMPANY INTERESTS REPRESENTED BY THIS CERTIFICATE MAY BE MADE EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF SUCH LIMITED LIABILITY COMPANY AGREEMENT.

THE LIMITED LIABILITY COMPANY INTERESTS REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR UNDER ANY OTHER APPLICABLE SECURITIES LAWS AND MAY NOT BE TRANSFERRED, SOLD, ASSIGNED, PLEDGED, HYPOTHECATED, OR OTHERWISE DISPOSED EXCEPT PURSUANT TO (A) A REGISTRATION STATEMENTEFFECTIVE UNDER SUCH ACT AND LAWS OR (B) AN EXEMPTION FROM REGISTRATION THEREUNDER.

**Section 2.07   Meetings.**

(a)     Meetings of the Members may be called by any Member.

(b)     Written notice stating the place, date, and time of the meeting, and, in the case of a meeting of the Members not regularly scheduled, describing the purpose(s) for which the meeting is called, shall be delivered not fewer than five (5) days before the date of the meeting to each Member, by or at the direction of the Member(s) calling the meeting, as the case may be. The Members may hold meetings at the Company's principal office or at such other place as the Member(s) calling the meeting may designate in the notice for such meeting, including via electronic meetings such as Zoom.

(c)     Any Member may participate in a meeting of the Members by means of conference telephone or other communications equipment by means of which all Persons participating in the meeting can hear each other, and participation in a meeting by such means shall constitute presence in person at such meeting.

(d)     On any matter that is to be voted on by the Members, a Member may vote in person or by proxy, and such proxy may be granted in writing, by means of Electronic Transmission, or as otherwise permitted by Applicable Law. Every proxy shall be revocable in the discretion of the Member executing it unless otherwise provided in such proxy; *provided*, that such right to revocation shall not invalidate or otherwise affect actions taken under such proxy prior to such revocation.

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

(e)　　The business to be conducted at such meeting need not be limited to the purpose described in the notice and can include other business to be conducted by the Members; provided, that the Members shall have been notified of the meeting in accordance with Section 2.07(b). Attendance of a Member at any meeting shall constitute a waiver of notice of such meeting, except where a Member attends a meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

(f)　　A quorum of any meeting of the Members shall require the presence of the Members holding 100% of the Membership Interests required to vote at such meeting. Subject to Section 2.08, no action may be taken by the Members unless the appropriate quorum is present at a meeting.

### Section 2.08　　Action by Members.

(a)　　Subject to Section 2.08(b), Section 11.11, and any other provision of this Agreement or the Delaware Act requiring the vote, consent, or approval of a different percentage of the Membership Interests, no action may be taken by the Members at any meeting at which a quorum is present without the affirmative vote of the Members holding at least a majority of the Membership Interests entitled to vote thereon. The Company shall maintain for Member inspection records of any action taken on the Company's behalf at any such meeting.

(b)　　Notwithstanding anything herein to the contrary, without the approval of all Members, the Company shall not, and shall not enter into any commitment to:

(i)　　Amend, modify, or waive any provisions of the Certificate of Formation or this Agreement; *provided* that an amendment to the Members Schedule in accordance with the last sentence of Section 11.11 following any new issuance, redemption, repurchase, or Transfer of Membership Interests in accordance with this Agreement shall not require approval under this Section 2.08(b)(i); provided further, that an amendment to the Members Schedule in accordance with the Letter Agreement or the Redstone-Lubin Note shall not require approval under this Section 2.08(b)(i);

(ii)　　Issue any Equity Securities, accept any Capital Contributions (other than the Initial Capital Contributions), or admit any Person (other than the Initial Members) as a Member of the Company;

(iii)　　Authorize or pay any distribution, or purchase or redeem any Interest, other than distributions payable in cash in accordance with Section 5.01(a), Section 5.02 or pursuant to Section 9.03;

(iv)　　Incur any indebtedness, pledge or grant Liens on any assets, or guarantee, assume, endorse, or otherwise become responsible for the obligations of any other Person, in each case in excess of $50,000.00;

(v)　　Make any loan, advance, or capital contribution in or to any Person in excess of $50,000.00;

6

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 10 of 31

(vi)    Enter into or effect any transaction or series of related transactions involving the purchase, lease, license, exchange, or other acquisition (including by merger, consolidation, sale of stock, or acquisition of assets) by the Company of any assets and/or equity interests of any Person other than in the ordinary course of business consistent with past practice;

(vii)    Enter into or effect any transaction or series of related transactions involving the sale, lease, license, exchange, or other disposition (including by merger, consolidation, sale of stock, or sale of assets) by the Company of any assets other than in the ordinary course of business consistent with past practice;

(viii)    Except as described in Section 2.08(d) below, initiate or settle any lawsuit, legal action, dispute, arbitration, or other similar judicial or administrative proceeding, other than in the ordinary course of business consistent with past practice, or agree to the provision of any equitable relief by the Company;

(ix)    Initiate a bankruptcy or consent to any involuntary bankruptcy proceeding involving the Company or, except as provided in ARTICLE IX, dissolve, wind up, or liquidate the Company.

(c)    The Percentage Interest of an Assignee shall not be considered in the voting requirements of the Company.

(d)    The Members acknowledge that an asset of the Company is the matter Spin Capital, LLC vs. Golden Foothill Insurance Services, LLC et al, pending in the New York Supreme Court at Index No. 650582/2022 and all related matters (the "**Lawsuit**"). Member Josh Lubin is the sole owner and authorized member of Spin Capital, LLC and, as and for his contribution (as more fully described in the Contribution Agreement) has assigned, or caused Spin Capital, LLC to assign, all of its rights to any recovery, including all proceeds from any source, arising out of or relating to the Lawsuit (or the insurance policies described therein) which rights and proceeds are now the property of the Company, provided that all decisions related to the Lawsuit will be considered to be made in the ordinary course of business and shall not require the approval of Member B. Notwithstanding anything to the contrary in this Agreement, the Members agree to confer in good faith with regard to any settlement opportunity in the Lawsuit.

**Section 2.09    Action Without Meeting.** Notwithstanding the provisions of Section 2.07 and Section 2.08, any matter that is to be voted on, consented to, or approved by Members may be taken without a meeting, without prior notice, and without a vote if consented to, in writing or by Electronic Transmission, by Member or Members holding not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which each Member entitled to vote on the action is present and votes. A record shall be maintained by the Company of each such action taken by written consent of a Member or Members.

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 11 of 31

**Section 2.10    Other Activities; Business Opportunities.** Each Member may, subject to performing any of such Member's obligations set out in this Agreement or in any other agreement to which such Member is a party with the Company, engage in any other activities, ventures, or businesses, regardless of whether those activities, ventures, or businesses are similar to or competitive with the business of the Company; *provided* that such Member does not engage in such activity, venture, or business as a result of or using Confidential Information. None of the Members shall be obligated to account to the Company or to any other Holder for any profits or income earned or derived from such other activities, ventures, or businesses. None of the Members shall be obligated to inform the Company or the other Holders of any investment or business opportunity of any type or description.

## Article III.    Management

**Section 3.01    Management of the Company.** Subject to the provisions of this Agreement, including Section 2.08(b), and except as otherwise provided by the Delaware Act, the business, property, and affairs of the Company shall be managed by the Members. The actions of any Member taken in accordance with the provisions of this Agreement shall bind the Company.

**Section 3.02    Compensation of the Members.** The Members shall not be entitled to any salaries, fees, or other compensation for any services rendered to or on behalf of the Company or otherwise in connection with the Company's business, affairs, operations, or assets; *provided, however,* that the Company shall pay or reimburse the Members for any reasonable out-of-pocket expenses incurred by them on behalf of the Company in connection with conducting the Company's business in accordance with this Agreement.

**Section 3.03    Officers.** The Members may appoint one or more individuals as officers of the Company (the **"Officers"**) as the Members deem necessary or desirable to carry on the business of the Company and may delegate to such Officers such power and authority as the Members deem advisable. An Officer is not required to be a Member of the Company. Any individual may hold two or more offices of the Company. Each Officer shall hold office until such Officer's successor is designated by the Members or until such Officer's earlier death, resignation, or removal. Any Officer may resign at any time upon written notice to the Company. Any Officer may be removed by the Members at any time, with or without cause. A vacancy in any office occurring because of death, resignation, removal, or otherwise may, but need not, be filled by the Members.

## Article IV.    Allocations

**Section 4.01    Allocation of Profits and Losses.**

(a)    Subject to the terms hereof, and Notes executed on same date, the Company's profits and losses for each Fiscal Year will be allocated among the Holders pro rata in accordance with their Percentage Interests.

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 12 of 31

(b)    Notwithstanding any other provision of this Agreement, (i) "partner nonrecourse deductions" (as defined in Treasury Regulations Section 1.704-2(i)), if any, of the Company shall be allocated for each Fiscal Year to the Holder that bears the economic risk of loss within the meaning of Treasury Regulations Section 1.704-2(i) and "nonrecourse deductions" (as defined in Treasury Regulations Section 1.704-2(b)) and "excess nonrecourse liabilities" (as defined in Treasury Regulations Section 1.752-3(a)), if any, shall be allocated to and among the Holders in accordance with their Percentage Interests.

(c)    This Agreement shall be deemed to include "qualified income offset," "minimum gain chargeback," and "partner nonrecourse debt minimum gain chargeback" provisions within the meaning of Treasury Regulations under Section 704(b) of the Code.

(d)    All items of income, gain, loss, deduction, and credit of the Company shall be allocated among the Holders for federal, state, and local income tax purposes consistent with the manner that the corresponding items are allocated among the Holders pursuant to this section, except as may otherwise be provided herein or under the Code.

## Article V.    Distributions

**Section 5.01    Distributions.**

(a)    Except for distributions being made in accordance with Section 5.02 below, all distributions of available cash shall be made to the Holders at the times and in the aggregate amounts determined by the Members holding a majority of the Membership Interests. Such distributions shall be paid: *first,* to the holders of the Redstone Loan, as repayment, and *second* to the Holders pro rata in accordance with their respective Percentage Interests.

(b)    Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make any distribution: if such distribution would violate Section 18-607 of the Delaware Act or other Applicable Law.

(c)    The Members further agree that the Company shall pay all reasonable and necessary expenses, including legal fees, associated with the Lawsuit and shall maintain a reserve (the "**Lawsuit Reserve**") in the Company's bank account of no less than $200,000.00 for such purpose.

9

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

**Section 5.02**   Special Distributions. If and when the Receiver pays the Company (as successor to Spin Capital LLC, a New Jersey limited liability company) an amount equal to or approaching $1.6 million, such that the Members reasonably agree that the Interim Receiver Obligation has been substantially satisfied, Member A shall immediately (i) cause the Company to book those funds as having been paid to Redstone Advance Inc. in partial satisfaction of the Redstone Loan and (ii) deliver the fund as follows: (a) 50% to Member B, who shall immediately recontribute $100,000 to the Company to be allocated to the Lawsuit Reserve, and (b) 50% to Member A, who shall immediately recontribute $100,000 to the Company to be allocated to the Lawsuit Reserve. Member A's 50% shall be evidenced by the Redstone-Lubin Note.  Lubin's execution of the Redstone-Lubin Note in an amount equal to 50% of the Receiver's payment to the Company is a precondition to any remittances made to Member A under this Section.

### Article VI.        Transfers

**Section 6.01   General Restrictions on Transfer.**

(a)        Except as permitted pursuant to Section 6.02, no Holder shall Transfer all or any portion of such Holder's Interest, except with the written consent of all Members.

(b)        Notwithstanding any other provision of this Agreement (including Section 6.02), each Holder agrees that such Holder will not Transfer all or any portion of such Holder's Interest, and the Company agrees that it shall not issue any Membership Interests:

(i)        except as permitted under the Securities Act and other applicable federal or state securities or blue sky laws; *provided* that, if requested by the Company's counsel, the Transferor shall have delivered to the Company an opinion of counsel in form and substance satisfactory to the Company to the effect that such Transfer may be effected without registration under the Securities Act;

(ii)        if such Transfer or issuance would cause the Company to be considered a "publicly traded partnership" under Section 7704(b) of the Code within the meaning of Treasury Regulations Section 1.7704-1(h)(1)(ii), including the look-through rule in Treasury Regulations Section 1.7704-1(h)(3);

(iii)        if such Transfer or issuance would affect the Company's existence or qualification as a limited liability company under the Delaware Act;

(iv)        if such Transfer or issuance would cause the Company to lose its status as a partnership for federal income tax purposes;

(v)        if such Transfer or issuance would cause the Company to be required to register as an investment company under the Investment Company Act of 1940; or

10

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 14 of 31

(vi)    if such Transfer or issuance would cause the assets of the Company to be deemed "Plan Assets" as defined under the Employee Retirement Income Security Act of 1974 or its accompanying regulations or result in any "prohibited transaction" thereunder involving the Company.

(c)    Any Transfer or attempted Transfer of any Interest in violation of this Agreement shall be null and void, no such Transfer shall be recorded on the Company's books, and the purported Transferee in any such Transfer shall not be treated (and the purported Transferor shall continue to be treated) as the owner of such Interest for all purposes of this Agreement.

(d)    In the event of a Transfer (including a Permitted Transfer) by a Member of an Interest to a Person not already a Member, such Transferee shall only be an Assignee with respect to such Interest unless or until such Transferee is admitted as a Member of the Company in accordance with the terms hereof, including Section 2.03(b) and Section 2.08(b)(ii). If a Transferee is a Member immediately prior to such Member's purchase or other acquisition of an Interest in accordance with the terms of this Agreement, such Transferee shall have all of the rights of a Member with respect to such purchased or otherwise acquired Interest. For the avoidance of doubt and subject to the foregoing, any Transfer of a Membership Interest to a Member permitted or authorized by this Agreement shall be deemed a sale, transfer, assignment, or other disposal of such Membership Interest in its entirety as and to the extent intended by the parties to such Transfer, and shall not be deemed a sale, transfer, assignment, or other disposal of any less than all of the rights and benefits described in the definition of the term "Membership Interest" unless otherwise explicitly agreed to by the parties to such Transfer.

**Section 6.02    Permitted Transfers.** The provisions of Section 6.01(a) shall not apply to any Transfer by any Member of all or any portion of such Member's Membership Interest to any of the following (each, a **"Permitted Transferee"** and, any such Transfer to a Permitted Transferee, a **"Permitted Transfer"**):

(a)    Any Affiliate of such Member and where such Affiliate is an individual, any Person set forth under Section 6.02(b) of such Affiliate; or

(b)    With respect to a Member that is an individual: (i) such Member's Spouse, parent, sibling, descendant (including adoptive relationships and stepchildren), and the Spouses of each such Person (collectively, **"Family Members"**); (ii) a trust under which the distribution of such Membership Interest may be made only to such Member and/or any Family Member of such Member; (iii) a charitable remainder trust, the income from which will be paid to such Member during such Member's life; (iv) a corporation, partnership, or limited liability company, the shareholders, partners, or members of which are only such Member and/or Family Members of such Member; or (v) such Member's executors, administrators, testamentary trustees, legatees, distributees, or beneficiaries, by will or the laws of intestate succession.

**Article VII.    No Personal Liability**

11

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 15 of 31

**Section 7.01    No Personal Liability.** Except as otherwise provided in the Delaware Act, by Applicable Law, or expressly in this Agreement, no Member will be obligated personally for any debt, obligation, or liability of the Company or another Member, whether arising in contract, tort, or otherwise, solely by reason of being a Member.

**Section 7.02    Exculpation.** No Covered Person shall be liable to the Company, the Members, or any Assignee for any loss, damage, or claim incurred by reason of any action taken or omitted to be taken by such Covered Person in their capacity as a Covered Person, so long as such action or omission does not constitute fraud, gross negligence, willful misconduct, or a material breach of this Agreement.

**Section 7.03    Indemnification and Advancement.**

(a)    To the fullest extent permitted under the Delaware Act, the Company shall indemnify and hold harmless any Covered Person from and against any loss, damage, claim, or expense (including reasonable attorneys' fees) (collectively, **"Losses"**) whatsoever incurred by such Covered Person relating to or arising out of any act or omission or alleged acts or omissions (whether or not constituting negligence) performed or omitted by any Covered Person on behalf of the Company; *provided, however,* that (i) such Covered Person acted in good faith and in a manner believed by such Covered Person to be in, or not opposed to, the best interests of the Company and, with respect to any criminal proceeding, had no reasonable cause to believe their conduct was unlawful; and (ii) such Covered Person's conduct did not constitute fraud, gross negligence, willful misconduct, or a material breach of this Agreement.

(b)    Upon receipt by the Company of a written undertaking by or on behalf of the Covered Person to repay such amounts if it is finally determined that the Covered Person is not entitled to indemnification under this Section 7.03, the Company shall advance the reasonable legal fees or other expenses (as incurred) of such Covered Person in connection with defending any claim, lawsuit, or other proceeding relating to any Losses for which such Covered Person may be indemnified pursuant to this Section 7.03; *provided, however,* that the Company shall not be required to provide any advances with respect to any claim asserted against a Covered Person by the Company or a Member.

(c)    The right to indemnification and advancement of expenses provided in this Section 7.03 shall not be exclusive of any other right which a Covered Person may have or hereafter acquire by any law (common or statutory), a provision of the Company's governing documents, a vote of disinterested Members, or otherwise. Any indemnity under this Section 7.03 shall be provided out of and to the extent of the Company's assets only, and neither any Member or any other Person shall have any personal liability to contribute to such indemnity by the Company.

(d)    The provisions of this Section 7.03 shall continue to afford protection to each Covered Person with respect to actions taken or omissions while such Person was acting in the position or capacity of a Covered Person regardless of whether such Covered Person remains in the position or capacity pursuant to which such Covered Person became entitled to indemnification or advancement under this Section 7.03 and shall inure to the benefit of the executors, administrators, legatees, and distributees of such Covered Person.

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 16 of 31

## Article VIII.   Compliance and Tax Matters

**Section 8.01    Financial Statements.** As soon as reasonably practicable after the end of each Fiscal Year of the Company, the Members shall, at the expense of the Company, cause to be prepared and furnished to each Member a balance sheet of the Company (dated as of the end of the Fiscal Year then ended), and a related statement of income, loss, and change in financial position of the Company for such year. Such financial information, which may be unaudited, shall reflect the beginning balance in each Holder's Capital Account as of the first day of such Fiscal Year, all distributions made to the Holders during such year, and the ending balance in each Holder's Capital Account as of the last day of such year.

**Section 8.02    Inspection Rights.** The Company shall afford each Member and such Member's representatives access during normal business hours to the organizational, financial, and similar records, reports, and documents of the Company and shall permit such Member and such Member's representatives to examine such documents and make copies thereof at such Member's cost and expense.

**Section 8.03    Income Tax Status.** The Company shall be treated as a partnership for federal, state, and local income tax purposes. Neither the Company nor any Holder shall make an election for the Company to be classified as other than a partnership pursuant to Treasury Regulations Section 301.7701-3.

**Section 8.04    Tax Matters Representative.**

(a)    **Appointment; Resignation.** The Members hereby appoint Avrumi (a/k/a Josh) Lubin as the "partnership representative" as provided in Section 6223(a) of the Code (the **"Tax Matters Representative"**).

(b)    **Tax Examinations and Audits.** The Tax Matters Representative is authorized and required to represent the Company (at the Company's expense) in connection with all examinations of the Company's affairs by any federal, state, local, or foreign taxing authority, including resulting administrative and judicial proceedings, and to expend Company funds for professional services and costs associated therewith. The Tax Matters Representative shall promptly notify the Members in writing of the commencement of any tax audit of the Company, upon receipt of a tax assessment, and upon receipt of a notice of final partnership adjustment, and shall keep the Members reasonably informed of the status of any tax audit and resulting administrative and judicial proceedings. Without the consent of the Members, the Tax Matters Representative shall not extend the statute of limitations, file a request for administrative adjustment, file suit relating to any Company tax refund or deficiency, or enter into any settlement agreement relating to items of income, gain, loss, or deduction of the Company with any federal, state, local, or foreign taxing authority.

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 17 of 31

(c)    **US Federal Tax Proceedings.** Unless otherwise approved by the Members, the Tax Matters Representative shall cause the Company to annually elect out of the partnership audit procedures set forth in Subchapter C of Chapter 63 of the Code (the **"Revised Partnership Audit Rules"**) to the extent permitted by Applicable Law. For any year in which Applicable Law does not permit the Company to elect out of the Revised Partnership Audit Rules, then within forty-five (45) days of any notice of final partnership adjustment, the Tax Matters Representative shall cause the Company to elect the alternative procedure under Section 6226 of the Code, and furnish to the Internal Revenue Service and each Holder (including former Holders) during the year or years to which the notice of final partnership adjustment relates a statement of the Holder's share of any adjustment set forth in the notice of final partnership adjustment.

(d)    **Section 754 Election.** The Tax Matters Representative shall make an election under Section 754 of the Code, if requested in writing by the Members.

(e)    **Expenses**. Notwithstanding anything herein to the contrary, any reasonable out-of-pocket expenses incurred by the Tax Matters Representative in carrying out their responsibilities and duties in such capacity under this Agreement shall be an expense of the Company for which the Tax Matters Representative shall be reimbursed by the Company.

(f)    **Survival.** The provisions of this Section 8.04 and the obligations of a Holder or former Holder pursuant to Section 8.04 shall survive the termination, dissolution, liquidation, and winding up of the Company and any Transfer of such Holder's Interest.

**Section 8.05    Tax Returns.**

(a)    At the expense of the Company, the Members shall cause the preparation and timely filing (including extensions) of all tax returns required to be filed by the Company pursuant to the Code as well as all other required tax returns in each jurisdiction in which the Company owns property or does business. As soon as reasonably possible after the end of each Fiscal Year, the Company shall deliver to each Holder such information as the Company deems reasonably necessary for the preparation of such Holder's federal, state, and local income tax returns for such Fiscal Year.

(b)    Each Holder agrees that such Holder shall not treat any Company item on such Holder's federal, state, foreign, or other income tax return inconsistently with the treatment of the item on the Company's return.

**Section 8.06    Corporate Transparency Act Compliance.**

(a)    Capitalized terms used in this Section 8.06 have the meanings set forth below:

14

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

**"Acceptable Identification Document"** means, with respect to a natural Person, one of the following documents validly issued to such Person: (i) a nonexpired U.S. passport issued by the U.S. government; (ii) a nonexpired U.S. state, local government, or Indian tribal identification document issued for the purpose of identifying such Person; (iii) a nonexpired U.S. state-issued driver's license; or (iv) if such Person does not have any of the documents listed in clauses (i) to (iii), a nonexpired passport issued to such Person by a foreign government.

**"Beneficial Owner"** has the meaning set forth in the CTA.

**"CTA"** means the Corporate Transparency Act (31 U.S.C. § 5336), enacted as part of the National Defense Authorization Act for Fiscal Year 2021.

**"CTA Information"** means, with respect to a natural Person: (i) the full legal name of such Person, including any suffix; (ii) their date of birth; (iii) their complete current residential street address, including any apartment or suite number; (iv) a unique identifying number from an Acceptable Identification Document issued to such Person; and (v) an image of such Acceptable Identification Document of sufficient quality that includes: (A) a legible image of such unique identifying number; and (B) a recognizable photograph of such Person.

**"Indirect Owner"** means, with respect to any Entity Holder (as defined herein), any natural Person who from time to time, directly or indirectly, owns or controls any Ownership Interest (as defined under the CTA) in the Company through such Entity Holder.

(b) Each Holder shall promptly:

(i) provide to the Company any information that the Company deems necessary or advisable to obtain from such Holder in order for the Company to comply with the CTA, including: (A) such Holder's, or with respect to a Holder that is not a natural Person (an **"Entity Holder"**), each of such Entity Holder's Indirect Owners', true and correct CTA Information or the true and correct FinCEN Identifier (as defined under the CTA) assigned to them by the Financial Crimes Enforcement Network of the U.S. Department of the Treasury (**"FinCEN"**); and (B) such information or documents as may be necessary in order for the Company to determine whether such Holder or any of such Holder's Indirect Owners or controllers are Beneficial Owners of the Company (collectively, **"Beneficial Ownership Information"**);

(ii) notify the Company of any change or inaccuracy in or to any of such Holder's, or in the case of an Entity Holder, any of such Entity Holder's Indirect Owners', CTA Information most recently provided to the Company, including: (A) a change in such Holder's or Indirect Owner's legal name, date of birth, or residential street address; (B) a change in the name, date of birth, address, or unique identifying number on such Holder's or Indirect Owner's Acceptable Identification Document; or (C) in the case of an Entity Holder, as may result from a change in the direct or indirect ownership or control of such Entity Holder; and

15

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 19 of 31

(iii)    notify the Company of any amendment, modification, supplement, or other change (other than an immaterial change that could not reasonably be expected to affect who may be a Beneficial Owner of the Company) in or to any Beneficial Ownership Information previously provided by such Holder to the Company.

## Article IX.    Dissolution and Liquidation.

**Section 9.01    Events of Dissolution.** The Company shall be dissolved and its affairs wound up only upon the occurrence of any of the following events:

(a)    An election to dissolve the Company made by all of the Members;

(b)    The sale, exchange, involuntary conversion, or other disposition or transfer of all or substantially all the assets of the Company;

(c)    The entry of a decree of judicial dissolution under Section 18-802 of the Delaware Act; or

(d)    At any time there are no Members, unless the Company is continued in accordance with the Delaware Act.

**Section 9.02    Effectiveness of Dissolution.** Dissolution of the Company shall be effective on the day on which the event described in Section 9.01 occurs, but the Company shall not terminate until the winding up of the Company has been completed, the assets of the Company have been distributed as provided in Section 9.03, and the Certificate of Formation shall have been cancelled as provided in Section 9.04.

**Section 9.03    Liquidation.** If the Company is dissolved pursuant to Section 9.01, the Company shall be liquidated and its business and affairs wound up in accordance with the Delaware Act and the following provisions:

(a)    The Members shall designate a Person to act as liquidator to wind up the Company (the **"Liquidator"**). The Liquidator shall have full power and authority to sell, assign, and encumber any or all of the Company's assets (including the discretion to defer the liquidation of any asset if the immediate sale of the asset would be impractical or cause undue loss to the Members) and to wind up and liquidate the affairs of the Company in an orderly and business-like manner.

(b)    As promptly as possible after dissolution and again after final liquidation, the Liquidator shall cause a proper accounting to be made by a recognized firm of certified public accountants of the Company's assets, liabilities, and operations through the last day of the calendar month in which the dissolution occurs or the final liquidation is completed, as applicable.

(c)    The Liquidator shall liquidate the assets of the Company and distribute the proceeds of such liquidation in the following order of priority, unless otherwise required by mandatory provisions of Applicable Law:

16

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 20 of 31

(i)    First, to the payment of the Company's debts and liabilities to its creditors (including Members, if applicable, but excluding liabilities for distributions) and the expenses of liquidation (including sales commissions incident to any sales of assets of the Company);

(ii)    Second, to the establishment of and additions to reserves that are determined by the Liquidator to be reasonably necessary for any contingent or unforeseen liabilities or obligations of the Company;

(iii)    Third, to Holders and former Holders in satisfaction of liabilities for distributions; and

(iv)    Fourth, to the Holders, on a pro rata basis, in accordance with the positive balances in their respective Capital Accounts, as determined after taking into account all Capital Account adjustments for the taxable year of the Company during which the liquidation of the Company occurs.

**Section 9.04    Required Filings.** Upon completion of the winding up of the Company, the Liquidator shall make all necessary filings required by the Delaware Act.

### Article X.    Definitions

**Section 10.01  Definitions.** Capitalized terms used herein and not otherwise defined shall have the meanings set forth in this Section 10.01:

**"Affiliate"** means, with respect to any Person, any other Person who, directly or indirectly, controls, is controlled by, or is under common control with such Person. For purposes of this definition, **"control"** when used with respect to any specified Person, shall mean the power, direct or indirect, to direct or cause the direction of the management and policies of such Person, whether through ownership of voting securities or partnership or other ownership interests, by contract, or otherwise; and the terms **"controlling"** and **"controlled"** shall have correlative meanings. Notwithstanding the foregoing, the term "Affiliate," when used with respect to a Member, shall not include the Company.

**"Applicable Law"** means all applicable provisions of (a) constitutions, treaties, statutes, laws (including the common law), rules, regulations, decrees, ordinances, codes, proclamations, declarations, or orders of any Governmental Authority; (b) any consents or approvals of any Governmental Authority; and (c) any orders, decisions, advisory, or interpretative opinions, injunctions, judgments, awards, decrees of, or agreements with, any Governmental Authority.

**"Assignee"** means the holder of an Economic Interest who is not a Member and has no right to (a) vote; (b) participate in the management and affairs of the Company or exercise any management powers or responsibilities; (c) bind the Company; (d) inspect the Company's books and records; or (e) exercise any other rights or powers of a Member. An Assignee shall not be deemed a "member" (as that term is used in the Delaware Act) of the Company.

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

"**Certificate of Formation**" means the certificate of formation of the Company filed with the Secretary of State of the State of Delaware on February 7, 2023, as it may be amended or restated from time to time.

"**Code**" means the Internal Revenue Code of 1986.

"**Confidential Information**" means any and all information pertaining to the Company and its business that is not generally available to the public, including: (a) all information concerning its finances, current and prospective customers and suppliers, products, services, organizational structure and internal practices, forecasts, sales and other financial results, records and budgets, and business, marketing, development, sales, and other commercial strategies; (b) unpatented inventions, ideas, methods, and discoveries, trade secrets, know-how, unpublished patent applications, and other confidential intellectual property; (c) all designs, specifications, documentation, components, source code, object code, images, icons, audiovisual components and objects, schematics, drawings, protocols, processes, and other visual depictions, in whole or in part, of any of the foregoing; and (d) all notes, analyses, compilations, reports, forecasts, studies, samples, data, statistics, summaries, interpretations, and other materials that contain, are based on, or otherwise reflect or are derived from, in whole or in part, any of the foregoing.

"**Covered Person**" means each (a) Member; (b) Officer; (c) Tax Matters Representative; and (d) officer, director, shareholder, partner, manager, member, Affiliate, employee, agent, or representative of each Member.

"**Delaware Act**" means the Delaware Limited Liability Company Act.

"**Divorce**" means any legal proceeding to terminate, dissolve, or separate the Marital Relationship of a Member, and includes an action for annulment, legal separation, or similar proceeding that involves a judicial division of joint, community, or marital property of the Member and the Member's Spouse.

"**Economic Interest**" means a Holder's right to receive a distributive share of the Company assets and items of Company income, gain, loss, deduction, and credit under this Agreement and the Delaware Act.

"**Electronic Transmission**" means any form of communication not directly involving the physical transmission of paper, including the use of, or participation in, one or more electronic networks or databases (including one or more distributed electronic networks or databases), that creates a record that may be retained, retrieved, and reviewed by a recipient thereof and that may be directly reproduced in paper form by such a recipient through an automated process.

"**Equity Securities**" means any and all Membership Interests of the Company and any securities of the Company convertible into, exchangeable for, or exercisable for, such Membership Interests, including any warrants or other rights to acquire such Membership Interests.

"**Event of Bankruptcy**" means an event of the type described in Section 18-304 of the Delaware Act.

18

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 22 of 31

**"Fiscal Year"** means the calendar year, unless the Company is required or elects to have a taxable year other than the calendar year, in which case Fiscal Year shall be the period that conforms to its taxable year.

**"Governmental Authority"** means any federal, state, local, or foreign government or political subdivision thereof, or any agency or instrumentality of such government or political subdivision, or any self-regulated organization or other non-governmental regulatory authority or quasi-governmental authority (to the extent that the rules, regulations, or orders of such organization or authority have the force of law), or any arbitrator, court, or tribunal of competent jurisdiction.

**"Holder"** means any Person who holds an Interest, whether as a Member or an Assignee. **"Interest"** means (a) in the case of a Member, such Member's Membership Interest and (b) in the case of an Assignee, such Assignee's Economic Interest.

**"Interim Receiver Obligation"** the $1,600,000 repayment owed by the Receiver in the Lawsuit (out of a total of approximately $4,000,000 owed by the Receiver to Spin Capital, LLC as the predecessor to the Company).

**"Letter Agreement"** means the agreement between the Company, Member A, Member B, Spin Capital LLC, BMF Advance LLC and Redstone Advance Inc. dated August 13, 2025.

**"Lien"** means any mortgage, pledge, security interest, option, right of first offer, encumbrance, or other restriction or limitation of any nature whatsoever.

**"Marital Relationship"** means a civil union, domestic partnership, marriage, or any other similar relationship that is legally recognized in any jurisdiction.

**"Members"** means the Initial Members and each Person who may hereafter become a Member in accordance with the terms of this Agreement and the Delaware Act, in each case for so long as such Person is shown on the Company's books and records as the owner of a Membership Interest. The Members shall constitute the "members" (as that term is defined in the Delaware Act) of the Company.

**"Membership Interest"** means a Member's interest in the Company, including such Member's (a) Economic Interest and (b) rights to (i) vote, consent, or participate in any Member decisions and (ii) receive any and all other benefits due to a Member, in each case to the extent expressly provided in this Agreement or otherwise required by the Delaware Act. The Membership Interest of each Member will be stated as a Percentage Interest and, with respect to the Initial Members on the date hereof, are as set out in the Members Schedule.

**"Note"** means that certain loan in the original principal amount of 50% of the amount received from the Receiver  to be executed as referenced in Section 2.02 hereof and in Letter Agreement executed herewith.

**"Percentage Interest"** means, with respect to any Holder, a fraction (expressed as a percentage) equal to the amount of the unreturned Capital Contributions of such Holder divided by the total unreturned Capital Contributions of all Holders.

19

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

"**Person**" means an individual, corporation, partnership, joint venture, limited liability company, Governmental Authority, unincorporated organization, trust, association, or other entity.

"**Receiver**" the Court-appointed receiver in the Lawsuit.

"**Redstone Loan**" means that certain loan in the original principal amount of $ 4,100,000.00 from Redstone Advance Inc. to the Company evidenced by the Amended and Restated Promissory Note executed by the Company dated August 13, 2025 and any and all amounts and obligations (including further advances) due thereunder.

"**Securities Act**" means the Securities Act of 1933.

"**Spouse**" means a spouse, a party to a civil union, a domestic partner, a same-sex spouse or partner, or any individual in a Marital Relationship with a Member.

"**Transfer**" means to sell, transfer, assign, gift, pledge, encumber, hypothecate, or similarly dispose of, directly or indirectly, voluntarily or involuntarily, by operation of law or otherwise, or to enter into any contract, option, or other arrangement or understanding with respect to the sale, transfer, assignment, gift, pledge, encumbrance, hypothecation, or similar disposition of, any Interest or any interest (including a beneficial interest) therein. "**Transfer**" when used as a noun shall have a correlative meaning.

"**Transferor**" and "**Transferee**" mean a Person who makes or receives a Transfer, respectively.

"**Treasury Regulations**" means the final or temporary regulations issued by the United States Department of Treasury pursuant to its authority under the Code, and any successor regulations.

"**Unaffiliated Purchaser**" means, with respect to any Holder, any Person other than the Company that is not a Permitted Transferee of such Holder.

## Article XI.    Miscellaneous

**Section 11.01 Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction).

**Section 11.02 Indemnification by Members.** Each Member hereby agrees to indemnify and hold harmless the Company and each of the other Members from and against any Losses incurred by them relating to or arising out of any material breach or knowing violation of this Agreement by such Member.

20

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 24 of 31

**Section 11.03 Confidentiality.** Each Holder shall take all appropriate steps to safeguard any Confidential Information of which such Holder is or becomes aware and to protect it against disclosure, including as a result of any misuse, misappropriation, loss, or theft; *provided, however,* a Member may disclose Confidential Information to the extent such disclosure is (a) necessary for such Member and/or the Company's other Members, Officers, employees, agents, or representatives to perform their responsibilities to the Company in accordance with this Agreement or any other written agreements that they are a party to or (b) required by Applicable Law or a valid legal order.

**Section 11.04 Submission to Jurisdiction.** The parties hereby agree that any suit, action, or proceeding based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby, shall be brought in the United States District Court for the District of Delaware or in the Court of Chancery of the State of Delaware (or, if such court lacks subject matter jurisdiction, in the Superior Court of the State of Delaware). Each of the parties hereby irrevocably consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action, or proceeding; provided that nothing in this Agreement will prevent the Members from seeking judicial relief or enforcing the rights and obligations arising out of or related to the Lawsuit in the Supreme Court of the State of New York, County of New York. Notwithstanding anything to the contrary in this Agreement, in connection with any dispute arising under 2.08(d)(ix), the Members submit to the exclusive jurisdiction of the Supreme Court of the State of New York, County of New York.

**Section 11.05 Waiver of Jury Trial.** EACH PARTY HERETO HEREBY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

**Section 11.06 Waiver.** No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the party so waiving. No failure to exercise, or delay in exercising, any right, remedy, power, or privilege arising from this Agreement shall operate or be construed as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege. Nothing contained in this Section 11.06 shall diminish the waiver described in Section 11.05.

**Section 11.07 Notices.** All notices, requests, consents, claims, demands, waivers, and other communications hereunder shall be in writing and shall be deemed to have been given:

   (a)      when delivered by hand;

   (b)      when received by the addressee if sent by a nationally recognized overnight courier;

   (c)      on the date sent by facsimile or email of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or

21

(d)    on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid.

Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this Section 11.07):

If to the Company:    To the Company's principal address stated above.

If to a Member:    To the Member's respective mailing address or email address, as set forth on the Members Schedule.

**Section 11.08 Remedies.** In the event of any actual or prospective breach or default by any party, the other parties shall be entitled to equitable relief, including remedies in the nature of injunction and specific performance, awarded by a court of competent jurisdiction (without being required to post a bond or other security or to establish any actual damages). In this regard, the parties acknowledge and agree that they will be irreparably damaged in the event this Agreement is not specifically enforced, since (among other things) the Membership Interests are not readily marketable. All remedies hereunder are cumulative and not exclusive, may be exercised concurrently, and nothing herein shall be deemed to prohibit or limit any party from pursuing any other remedy or relief available at law or in equity for any actual or prospective breach or default, including recovery of damages. In addition, the parties hereby waive and renounce any defense to such equitable relief that an adequate remedy at law may exist.

**Section 11.09 Severability.** If any term or provision of this Agreement is held to be invalid, illegal, or unenforceable under Applicable Law in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

**Section 11.10 Successors and Assigns.** Subject to the restrictions on Transfers set forth herein, this Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, and permitted assigns.

**Section 11.11 Amendment.** No provision of this Agreement may be amended or modified except by an instrument in writing executed by all Members. Any such written amendment or modification will be binding upon the Company and each Member. Notwithstanding the foregoing, the Company may amend the Members Schedule to accurately reflect any new issuance, redemption, repurchase, or Transfer of a Membership Interest in accordance with this Agreement, which amendment shall not require separate approval under this Section 11.11 and shall occur at the time of such issuance, redemption, repurchase, or Transfer, or as soon as practicable thereafter.

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 25 of 31

22

**Section 11.12 Headings; Interpretation.** The headings in this Agreement are inserted for convenience or reference only and are in no way intended to describe, interpret, define, or limit the scope, extent, or intent of this Agreement or any provision of this Agreement. For purposes of this Agreement, (a) the words "include," "includes," and "including" shall be deemed to be followed by the words "without limitation;" (b) the word "or" is not exclusive; and (c) the words "herein," "hereof," "hereby," "hereto," and "hereunder" refer to this Agreement as a whole. Unless the context otherwise requires, references herein to: (i) Articles, Sections, Exhibits, and Schedules mean the Articles and Sections of, and Exhibits and Schedules attached to, this Agreement; (ii) an agreement, instrument, or other document means such agreement, instrument, or other document as amended, supplemented, and modified from time to time to the extent permitted by the provisions thereof; and (iii) a statute means such statute as amended from time to time and includes any successor legislation thereto and any regulations promulgated thereunder. This Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting an instrument or causing any instrument to be drafted.

**Section 11.13 Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement.

**Section 11.14 Entire Agreement.** This Agreement, together with the Certificate of Formation and all related Exhibits and Schedules, constitutes the sole and entire agreement of the parties to this Agreement with respect to the subject matter contained herein and therein, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

**Section 11.15 No Third-Party Beneficiaries.** Except as provided in ARTICLE VII, this Agreement is for the sole benefit of the parties hereto (and their respective heirs, executors, administrators, legal representatives, successors, and permitted assigns) and nothing herein, express or implied, is intended to or shall confer upon any other Person, including any creditor of the Company, any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

**Section 11.16 Spousal Consent.** Each Initial Member who has a Spouse on the date of this Agreement shall cause their Spouse to execute and deliver to the Company a spousal consent in the form of **Exhibit B** hereto (a "**Spousal Consent**"), pursuant to which such Spouse acknowledges that they have read and understood the Agreement and agree to be bound by its terms and conditions. If any Member should marry or engage in a Marital Relationship following the date of this Agreement, such Member shall cause their Spouse to execute and deliver to the Company a Spousal Consent within thirty (30) days thereof.

**Section 11.17 Independent Counsel.** Each Member has read this Agreement and acknowledges that:

23

Docusign Envelope ID: 97311A3F-E2D8-4DC7-A671-DC642F0B7A82

(a)     Counsel for the Members collectively prepared this Agreement on behalf of the Company and each Member. The parties acknowledge and agree that (x) this Agreement has been freely negotiated by the parties, (y) in any controversy, dispute or contest over the meaning, interpretation, validity, or enforcement of this Agreement, or any of its terms and conditions, there shall be no inference, presumption or conclusion drawn whatsoever against any party by virtue of that party having drafted or participating in the drafting of this Agreement or any portion thereof, and (z) they hereby knowingly, intelligently and voluntarily waive the benefit of any law, court decision, or rule of contract construction that would otherwise permit a court to construe any perceived ambiguity in this Agreement against the drafter of this Agreement;

(b)     Each Member has been advised that a conflict may exist between such Members' interests, the interests of the other Members, and/or the interests of the Company;

(c)     This Agreement may have significant legal, financial, and/or tax consequences on each Member;

(d)     Each Member has been represented by counsel.

24

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 28 of 31

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first written above.

The Company:

Teton Life LLC, a Delaware limited liability company

By: _Josh Lubin_
Name: Avrumi (Josh) Lubin
Title: Member

The Members:

_Josh Lubin_
Name: Avrumi (Josh) Lubin

_[signature]_
Name: Gavriel Yitzchakov

**EXHIBIT A**

**FORM OF JOINDER AGREEMENT**

Reference is hereby made to the Amended and Restated Limited Liability Company Agreement, dated [DATE] as amended from time to time (the **"LLC Agreement"**), among Lubin, Isaacov and Teton Life LLC, a company organized under the laws of the State of Delaware (the **"Company"**). Pursuant to and in accordance with the LLC Agreement, the undersigned hereby acknowledges that it has received and reviewed a complete copy of the LLC Agreement and agrees that upon execution of this Joinder, such Person shall become a party to the LLC Agreement and shall be fully bound by, and subject to, all of the covenants, terms, and conditions of the LLC Agreement as though an original party thereto and shall be deemed, and is hereby admitted as, a Member for all purposes thereof and entitled to all the rights incidental thereto.

Capitalized terms used herein without definition shall have the meanings ascribed thereto in the LLC Agreement.

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 29 of 31

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 30 of 31

## EXHIBIT B
## FORM OF SPOUSAL CONSENT

I, [SIGNING SPOUSE NAME], spouse of [MEMBER NAME], acknowledge that I have read the Amended and Restated Limited Liability Operating Agreement, dated as of [DATE] by and among Isaacov, Lubin and Teton Life LLC, a Delaware limited liability company (the "Company") to which this Consent is attached as Exhibit B (as the same may be amended or amended and restated from time to time, the "Agreement"), and that I understand the contents of the Agreement. I am aware that my spouse is a party to the Agreement and the Agreement contains provisions regarding the voting and transfer of shares of Capital Stock (as defined in the Agreement) of the Company which my spouse may own, including any interest I might have therein.

I hereby agree that I and any interest, including any community property interest, that I may have in any shares of Membership Interest of the Company subject to the Agreement shall be irrevocably bound by the Agreement, including any restrictions on the transfer or other disposition of any Membership Interest or voting or other obligations as set forth in the Agreement. I hereby appoint [NAME OF MEMBER SPOUSE] as my attorney-in-fact with respect to the exercise of any rights and obligations under the Agreement.

I agree that, in the event of divorce or the dissolution of my marriage to my present spouse or other legal division of property, I will transfer and sell, at the fair market value, to my spouse any and all interest I have or may acquire in the Company, if any, and I further agree that a court may award such entire interest to my spouse as part of any such legal division of property. The foregoing agreement is not intended as a waiver of any community property or other ownership interest I may have in the Membership Interests, but only as an agreement to accept other property or assets of substantially equivalent value as part of any property settlement agreement or other legal division of property upon divorce or the dissolution of my marriage.

I agree not to bequeath my interest, if any, in the Membership Interests by will, trust, or any other testamentary disposition to any person other than my current spouse. Further, the residuary clause in my will shall not include my interest, if any, in the Membership Interests. I agree not to pledge or encumber any interest I may have in the Membership Interests.

This Consent shall be binding on my executors, administrators, heirs, and assigns. I agree to execute and deliver such documents as may be necessary to carry out the intent of the Agreement and this Consent.

I am aware that the legal, financial, and related matters contained in the Agreement are complex and that I am free to seek independent professional guidance or counsel with respect to this Consent. I have either sought such guidance or counsel or determined after reviewing the Agreement carefully that I will waive such right. I am under no disability or impairment that affects my decision to sign this Consent and I knowingly and voluntarily intend to be legally bound by this Consent.

Unique Code : CAA-FAA-BCABB-JICBHGCD-BGABIFJ-J Page 31 of 31

**SCHEDULE I**
**MEMBERS SCHEDULE**

| Member Name, Address and Email | Capital Contribution | Percentage Interest |
|---|---|---|
| Avrumi (a/k/a Josh) Lubin  ████████████ | Initial Capital Contribution: As described in the Contribution Agreement<br><br>Lawsuit Reserve Contributions: | 50% |
| Gavriel Yitzchakov (a/k/a Gabe Isaacov)  ████████████ | Initial Capital Contribution: $1,000 Other good and valuable consideration<br><br>Lawsuit Reserve Contributions: | 50% |

# Exhibit I

NYSCEF DOC. NO. 1425

RECEIVED NYSCEF: 06/03/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 61

| | |
|---|---|
| TETON LIFE LLC, as assignee of the rights of Spin Capital, LLC,<br><br>*Plaintiff,*<br><br>-against-<br><br>GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,<br><br>*Defendants.* | Index No. 650582/2022<br><br>Hon. Nancy M. Bannon<br><br>**AFFIRMATION OF**<br>**AVRUMI (JOSH) LUBIN**<br><br>**Mot. Seq. No. 50** |
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,<br><br>*Third-Party Plaintiffs,*<br><br>-against-<br><br>SPIN CAPITAL, LLC, et al.,<br><br>*Third-Party Defendants.* | |

**AVRUMI (JOSH) LUBIN** affirms as follows:

1.      I am a member of plaintiff Teton Life LLC. I submit this affirmation in support of plaintiff's motion for leave to submit papers in opposition to the cross motions (Mot. Seq. No. 45) of intervenor-defendants Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, the Charissa & Toney Trust, the Charissa Toney Living Trust, Matthew Troy, and American River AG, Inc. (collectively, "**Intervenor Defendants**") and defendant Cap Factor, LLC, to enforce the purported settlement agreement claimed to have been entered into in court on November 25, 2025 (Dkt. No. 1370) (the "**Term Sheet**"). Unless otherwise specified, the matters below are based on my personal knowledge.

NYSCEF DOC. NO. 1425

RECEIVED NYSCEF: 06/03/2026

2.      On November 25, 2025, with the assistance of this Court's law clerk, the parties participated in a settlement conference. I personally attended this settlement conference on behalf of plaintiff.

3.      During this settlement conference, the parties reached an agreement in principle to settle this action, and the Term Sheet was drafted.

4.      Specifically, the Term Sheet stated that the parties had reached an "agreement in principle," and set forth terms that would "govern the final agreement," which was to be "drafted by plaintiff's counsel." Dkt. No. 1370.

5.      The Term Sheet further described how, among other things, plaintiff and Cap Factor would allocate funds currently in the receivership estate, as well as how future death-benefit payments and proceeds of a contemplated suit against "Hancock" would be allocated. *Id.* ¶¶ 1, 4, 6.

6.      Critically, the Term Sheet also stated that there would be "[f]ull mutual releases as between parties to the litigation, including release of RICO claims asserted against BMF Advance, Spin Capitol [sic], and affiliates, including Gavriel Yitzchakov and Avrumi (Josh) Lubin." *Id.* ¶ 7.

7.      I executed the Term Sheet for plaintiff, and Cap Factor's counsel executed the Term Sheet for Cap Factor. *Id.* No other party executed the Term Sheet. *See id.*

8.      It was never my intent, on behalf of plaintiff, that the Term Sheet would be binding or enforceable on its own.

9.      It was my understanding that none of the other parties that participated in the settlement conference had intended the Term Sheet to be binding or enforceable on its own. Instead, it was always contemplated that the Term Sheet was merely an "agreement in principle,"

2

NYSCEF DOC. NO. 1425                                          RECEIVED NYSCEF: 06/03/2026

and that an additional "final agreement" would be prepared and executed before anyone was bound by anything. *See* Dkt. No. 1370.

10.     This understanding was confirmed by this Court's settlement conference order, dated November 25, 2025, in which this Court stated that, at the settlement conference, the parties "reached and signed an *agreement in principle*," but requested a short adjournment to "*finalize the terms* of the settlement." Dkt. No. 929 (emphasis added).

11.     As this Court knows, negotiations concerning preparation and execution of a final settlement agreement broke down. And on January 14, 2026, defendant Stefan Leer filed for Chapter 7 bankruptcy in the Middle District of Tennessee, with this Court staying this action the following day. Dkt. Nos. 970, 997.

12.     On January 21, 2026, Fred Stevens, Esq., of Klestadt Winters Jureller Southard & Stevens, LLP, in his capacity as receiver (the "**Receiver**"), moved, by order to show cause, for, among other things, (i) authority to continue to function as Receiver and to retain bankruptcy counsel to represent him in Leer's bankruptcy case, and (ii) an order severing Leer as a defendant to this case so that it can proceed against all nondebtor parties (Dkt. Nos. 1016–19, 1246–49, 1341, 1363–1365) (the "**Receiver's Motion**").

13.     On May 1, 2026, Intervenor Defendants and Cap Factor moved to, among other things, enforce the Term Sheet. Dkt. No. 1368–1384, 1403 (the "**Cross Motions**").

14.     But because defendants never signed the Term Sheet; because the Term Sheet contemplates a final settlement agreement, which was never consummated; and because Leer, who is a critical party to any settlement, has filed for bankruptcy and thus cannot be compelled to comply with the Term Sheet in any event, on behalf of plaintiff, I no longer believe that the "settlement in principle" reached in the Term Sheet is acceptable.

NYSCEF DOC. NO. 1425

RECEIVED NYSCEF: 06/03/2026

15.    Thus, on May 3, 2026, I wrote to plaintiff's counsel at Amini LLC directing them to oppose the Cross Motions on behalf of plaintiff.

16.    In support of my authority to direct Amini, I stated that the "governing Teton documents provide that I control decisions" related to this suit, and that I had previously provided those documents.

17.    Specifically, under plaintiff's amended and restated operating agreement (the "Operating Agreement"), plaintiff could act only upon the affirmative vote of a majority of its membership interests, or in some cases, upon the unanimous consent of its members. Dkt. No. 1397 § 2.08(a), (b). Because plaintiff's two members—Gavriel Yitzchakov and myself—each hold 50% of plaintiff's membership interests, any action by plaintiff requires our unanimous consent. *See id.* Schedule I.

18.    But section 2.08(d) of the Operating Agreement provides a carveout for "all decisions related to" this suit.

19.    Specifically, under section 2.08(d), "all decisions related to" this suit are considered made in the ordinary course of business and "shall not require the approval of Member B"— defined as Mr. Yitzchakov—subject only to a requirement that both members "confer in good faith with regard to any settlement opportunity" in this suit. *See id.* at 1.

20.    Thus, subject only to this good-faith conference requirement, I had, and have, sole authority to direct "all decisions" related to this suit, including whether to oppose the Cross Motions.

21.    In my May 3 email, and relying on my sole authority under the Operating Agreement, I told Amini that I have "not authorized anyone to consent to settlement enforcement over my objection." And I further instructed Amini to inform this Court of plaintiff's position

4

1 of 9

NYSCEF DOC. NO. 1425

RECEIVED NYSCEF: 06/03/2026

that it opposed enforcement of the Term Sheet—stating, "[t]his is a formal demand for Teton Life LLC's counsel of record to state Teton's position."

22. I then closed by telling plaintiff's attorneys at Amini that if they disagreed with my authority over settlement and litigation decisions for this suit, "please identify the specific governing document and provision you rely on."

23. Several hours later, I emailed Amini again, this time attaching the Operating Agreement and drawing counsel's attention to section 2.08(d).

24. I then further reiterated that I did "not consent to enforcement of the alleged November 25, 2025 settlement," and that "[n]o one is authorized to consent to settlement enforcement over my objection."

25. I also reiterated my instruction to Amini that it "promptly state Teton's position."

26. A copy of this email exchange, dated May 3, 2026, is attached as **Exhibit A**.

27. But none of plaintiff's attorneys at Amini responded to my May 3 emails.

28. Instead, on May 5, 2026, Amini moved, by order to show cause, to be relieved as counsel, stating that plaintiff had failed to pay $29,006 in amounts allegedly due to Amini, and further stating that plaintiff's two members—Mr. Yitzchakov and myself—also "dispute each other's settlement authority," making Amini's continued representation "untenable." Dkt. No. 1394 ¶¶ 4–5.

29. Critically, however, Amini did not seek a stay (or even adjournment) of the briefing on the Cross Motions during the pendency of its motion to be relieved. *See* Dkt. No. 1393. And so Amini remained plaintiff's counsel through and including the briefing and oral argument on the Cross Motions.

5

NYSCEF DOC. NO. 1425

RECEIVED NYSCEF: 06/03/2026

30.    Despite my instruction to do so, Amini did not file, on behalf of plaintiff, any papers in opposition to the Cross Motions.

31.    I affirm this 3rd day of June, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
AVRUMI (JOSH) LUBIN

# Exhibit J

No. 1808138

## Certification

**STATE OF NEW YORK, COUNTY OF NEW YORK, SS:**

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on June 30, 2026 I have compared

the document attached hereto,

EXHIBIT(S)  - A page(s) 4

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 04/02/2025 11:49 PM    INDEX NO. 650582/2022
NYSCEF DOC. NO. 837    RECEIVED NYSCEF: 04/02/2025

# EXHIBIT "A"

**Spin/Lubin Assignment**

Case 26-17342-EJO    Doc 62-3    Filed 07/29/26    Entered 07/29/26 18:49:17    Desc
Exhibits A - L    Page 155 of 186

## ASSIGNMENT AGREEMENT

This Assignment Agreement (hereinafter the "Agreement"), dated this 20 day of March , 2025, is made and entered into by and between SPIN CAPITAL, LLC, a New Jersey Limited Liability Company ("Spin") and AVRUMI LUBIN a/k/a JOSH LUBIN, and individual (the "Lubin") (all identified parties are hereinafter referred to collectively as the "Parties" or individually, as appropriate, as a "Party"):

WHEREAS, Spin is currently the sole owner of certain rights, obligations and interests in certain litigations that have been filed by it, specifically the matter currently before the Supreme Court for the State of New York, New York County, docketed as *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022 and the counter-complaint filed in *Golden Foothills Insurance Services, LLC, et al. v. Spin Capiral, LLC, et al.*, Case No. 1:24-cv-08515-AS (S.D.N.Y.) (hereafter the "Litigations") and relates to breaches of certain promissory notes (hereafter the "Promissory Notes"); and

WHEREAS, Spin contends that the Promissory Notes permit for the assignment of rights therein; and

WHEREAS, Spin desires to assign such rights as to the Promissory Notes to enforce same, and to have its sole member, Lubin, to move to substitute his name on behalf of Spin in the Litigations, and enforce such agreements on his own and in his own name as though he was Spin; and

WHEREAS, in order to ensure that the rights and obligations of Spin as addressed above continue, the Parties agree that Spin will assign the rights to either prosecute those claims, including contract claims, or to defend against those claims, to Lubin; and

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual promises and other good and valuable consideration contained herein, agree as follows:

1. Spin hereby assigns, transfers and sets over to Lubin all of its right, title and interest in and to any and all contractual rights, including to enforce and defend against counterclaims, relating to the Litigation and/or the Promissory Notes.
2. Consideration for this agreement is agreed to be the amount of Ten Dollars ($10.00) the sufficiency of which is agreed to by the parties, which shall be paid from Lubin to Spin, and to which Spin agrees and warrants has been received and accepted in return for this Agreement and assignment of rights set forth herein.
3. This Assignment shall be binding upon and shall inure to the benefit of the Parties hereto and their successors and assigns.
4. This Agreement may be executed in one or more counterparts, each bearing the signatures of one or more parties. Each counterpart shall be considered an original and all of the counterparts shall constitute a single agreement binding all the parties as if all had signed a single document. For purposes of executing this Agreement, a document

1

Case 26-17342-EJO    Doc 62-3    Filed 07/29/26    Entered 07/29/26 18:49:17    Desc
Exhibits A - L    Page 156 of 186

signed and transmitted by electronic means (such as in PDF format via e-mail or via facsimile machine) is to be treated as an original document. The signature of any party thereon, for purposes hereof, is to be considered as an original signature, and the document transmitted is to be considered to have the same binding effect as an original signature on an original document.

5. This Agreement and any other documents referred to herein shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to conflicts of laws principles.

6. Any disputes arising related to this Agreement, whether related to construction or performance, shall be subject to the exclusive jurisdiction of the Supreme Court of the State of New York, located in New York County, New York, and to the exclusion of any and all other such venues. By executing the within Agreement, the Parties fully consent to the jurisdiction and venue and shall not argue against such jurisdiction or venue under or for any reason including, but not limited to, lack of personal jurisdiction or *forum non conveniens.*

**[ - Signatures to Appear on Subsequent Page - ]**

FILED: NEW YORK COUNTY CLERK 04/02/2025 11:48 PM    INDEX NO. 650582/2022
NYSCEF DOC. NO. 837    RECEIVED NYSCEF: 04/02/2025

Dated: 03/20/25    Spin Capital LLC (a New Jersey Limited Liability
Company)

By: Avrumi Lubin
Title: Owner

STATE OF: Utah          )
                        )SS:
COUNTY OF: Summit       )

On this 20 day of March , 20 25 , before me personally appeared
Avrumi Lubin  to me known and known to be the person
described in and who executed the foregoing instrument, and he thereupon duly acknowledged to
me that he executed same.

_____
Notary Public

LORENA A MARTINEZ
Notary Public - State of Utah
Comm. No. 719210
My Commission Expires on
Jul 19, 2025

Dated: 03/20/25    Arvumi Lubin (individually)

STATE OF: Utah          )
                        )SS:
COUNTY OF: Summit       )

On this 20 day of March , 20 25 , before me personally appeared
Avrumi Lubin  to me known and known to be the person
described in and who executed the foregoing instrument, and he thereupon duly acknowledged to
me that he executed same.

_____
Notary Public

LORENA A MARTINEZ
Notary Public - State of Utah
Comm. No. 719210
My Commission Expires on
Jul 19, 2025

3

# Exhibit K

No. 1808142

## Certification

**STATE OF NEW YORK, COUNTY OF NEW YORK, SS:**

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on June 30, 2026 I have compared

the document attached hereto,

EXHIBIT(S)  - B page(s) 4

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 04/02/2025 11:49 PM    INDEX NO. 650582/2022

NYSCEF DOC. NO. 838    RECEIVED NYSCEF: 04/02/2025

# EXHIBIT "B"

Lubin/JL Assignment

## ASSIGNMENT AGREEMENT

This Assignment Agreement (hereinafter the "Agreement"), dated this $2$ day of April, 2025, is made and entered into by and between AVRUMI LUBIN a/k/a JOSH LUBIN, an individual (hereinafter, **"Lubin"**) and JL Special Investments LLC, a limited liability copy formed and existing pursuant to the laws of the state of Delaware (hereinafter, **"JL Special"**) (all identified parties are hereinafter referred to collectively as the "Parties" or individually, as appropriate, as a "Party"):

## WITNESSETH

WHEREAS, Lubin is currently the sole owner of certain rights, obligations and interests in certain litigations that have been filed by it, specifically the matter currently before the Supreme Court for the State of New York, New York County, docketed as *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC,* Index No. 650582/2022 and the counter-complaint filed in *Golden Foothills Insurance Services, LLC, et al. v. Spin Capiral, LLC, et al.,* Case No. 1:24-cv- 08515-AS (S.D.N.Y.) pursuant to an Assignment Agreement dated March 20, 2025 (hereafter the "Litigations") and relates to breaches of certain promissory notes (hereafter the "Promissory Notes"); and

WHEREAS, Lubin desires to assign one-half of any and all such acquired rights to JL Special; and

WHEREAS, JL Special desires to acquire such rights; and

WHEREAS, the Parties desire to jointly continue to prosecute the claims of Spin as though they were their own.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual promises and other good and valuable consideration contained herein, agree as follows:

1.      Lubin hereby assigns, transfers and sets over to JL Special one-half of all of the rights of Spin acquired pursuant to the March 20, 2025 Assignment Agreement, including the right, title and interest in and to any and all contractual rights, including to enforce and defend against counterclaims, relating to the Litigation and/or the Promissory Notes.

2.      Consideration for this agreement is agreed to be the amount of Ten Dollars

($10.00) the sufficiency of which is agreed to by the parties, which shall be paid from JL Special to Lubin, and to which Lubin agrees and warrants has been received and accepted in return for this Agreement and assignment of rights set forth herein.

3.      This Assignment shall be binding upon and shall inure to the benefit of the Parties hereto and their successors and assigns.

4.      This Agreement may be executed in one or more counterparts, each bearing the signatures of one or more party. Each counterpart shall be considered an original and all of the counterparts shall constitute a single agreement binding all the parties as if all had signed a single document. For purposes of executing this Agreement, a document signed and transmitted by electronic means (such as in PDF format via e-mail or via facsimile machine) is to be treated as an original document. The signature of any party thereon, for purposes hereof, is to be considered as an original signature, and the document transmitted is to be considered to have the same binding effect as an original signature on an original document.

5.      This Agreement and any other documents referred to herein shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to conflicts of laws principles.

6.      Any disputes arising related to this Agreement, whether related to construction or performance, shall be subject to the exclusive jurisdiction of the Supreme Court of the State of New York, located in New York County, New York, and to the exclusion of any and all other such venues. By executing the within Agreement, the Parties fully consent to the jurisdiction and venue and shall not argue against such jurisdiction or venue under or for any reason including, but not limited to, lack of personal jurisdiction or *forum non conveniens*.

**[ - Signatures to Appear on Subsequent Page/s - ]**

Agreed to by:

Avrumi Lubin (individually)

On this 2 day of April, 2025

State of _FLORIDA_ )
                     ) ss:
County of _MIAMI DADE_ )

On this 2 day of April, 2025, before me, Notary Public in and for said county, _AVRUMI LUBIN_
did personally appear who has satisfactorily identified himself as the signer to the above
referenced document.

Notary Public Signature
My Commission Expires: _____

CARLOS PARDO
Notary Public - State of Florida
Commission # HH 366729
My Comm. Expires Mar 9, 2027
Bonded through National Notary Assn.

JL SPECIAL INVESTMENTS LLC

By: _____, _____

On this 2 day of April, 2025

State of _FLORIDA_ )
                     ) ss:
County of _MIAMI DADE_ )

On this __ day of April, 2025, before me, Notary Public in and for said county, _AVRUMI LUBIN_
did personally appear who has satisfactorily identified himself as the signer to the above
referenced document.

Notary Public Signature
My Commission Expires: _____

CARLOS PARDO
Notary Public - State of Florida
Commission # HH 366729
My Comm. Expires Mar 9, 2027
Bonded through National Notary Assn.

# Exhibit L



# Electronically Certified Court Record

**(cover page)**

This cover page is for informational purposes only and is not a requirement when presenting the **Electronic Certified Document**. Directly below the cover page, at the bottom of page 1, you will find the digital signature bearing the identity and authority of the Clerk. On the left side of each page is a unique code identifying the electronic certification for this document.

## DOCUMENT INFORMATION

| | |
|---|---|
| **Agency Name:** | Broward County Clerk of Courts |
| **Clerk of the Circuit Court:** | Honorable Brenda D. Forman |
| **Date Issued:** | 7/25/2026 5:12:13 PM |
| **Unique Reference Number:** | CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D |
| **Case Docket:** | 5/10/2026 - Affidavit in Support - 21 Pages |
| **Requesting Party Code:** | 500 |
| **Requesting Party Reference:** | A20260725171055BB47 |

## HOW TO VERIFY THIS DOCUMENT

This electronically certified Court Record contains a unique electronic reference number for identification printed on each page. This document is delivered in PDF format and contains a digital signature identifying the certifier and a tamper proof seal indicating whether this document has been tampered with. The second page of this document contains a digital signature indicating the certifier as the Broward County Clerk of Courts. Open this document using Adobe Reader software to verify the digital signature of the author. Visit https://browardclerk.org/ecertify to learn more about validating this certified copy.



Filing # 247836640 E-Filed 05/10/2026 07:10:31 AM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.: CACE-2022-005125
DIVISION: 07

FVP OPPORTUNITY FUND III, L.P., et al.,
**Plaintiffs/Judgment Creditors,**
v.
**AVRUMI LUBIN, et al.,**
**Defendant/Judgment Debtors.**

_____/

### DECLARATION OF ALAN I. KARTEN IN SUPPORT OF JUDGMENT CREDITORS' APPLICATION FOR ENTRY OF CHARGING ORDERS AND TO <u>FORECLOSE CHARGING LIENS</u>

I, ALAN I. KARTEN, hereby declare under penalty of perjury, pursuant to Florida Statute §92.525, that the following is true and correct to the best of my knowledge and belief:

### I.    BACKGROUND AND QUALIFICATIONS

1. I am over the age of 21, am competent to testify, and make this Declaration on my personal knowledge.

2. I am a licensed Florida attorney and member in good standing of the Florida Bar, Florida Bar No. 200263.

3. I serve as co-counsel in the above-referenced action on behalf of the Plaintiffs/Judgment Creditors.

4. I hold a Florida private investigator license [#C2201003] through Karten Investigations, LLC [#A2200387], and have conducted a thorough post-judgment investigation relating to the assets and activities of Judgment Debtor Avrumi Lubin.

Declaration of Alan I. Karten, Esq.  –  Page 1 of 21

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 05/10/2026 07:10:31 AM.****

I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS
A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD
WITH BROWARD COUNTY CLERK OF COURTS.

VERIFY AT: HTTPS://WWW.BROWARDCLERK.ORG/ECERTIFY



Digitally signed by Brenda D Forman
Date: 2026.07.25 17:12:15 -04:00
Reason: Electronic Certified Copy
Location: 201 S.E. 6th Street, Fort Lauderdale, FL 33301

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 1 of 21

## II.  SOLE OWNERSHIP OF SPIN CAPITAL, LLC (NEW JERSEY)

5. In my capacity as Plaintiffs' counsel, I filed an application with this Court to impose charging orders on Spin Capital, LLC (New Jersey); Spin Capital, LLC (Delaware); and Teton Funding, LLC (Delaware) on behalf of the Judgment Creditors, on grounds that all three entities are entirely owned and controlled by the Judgment Debtor, Avrumi Lubin.

6. My investigation into the sole-member status of Spin Capital, LLC (New Jersey) revealed the following:

7. In *Golden Foothill Insurance Services, LLC et al. v. Spin Capital, LLC et al.,* S.D.N.Y. Case No. 24-cv-08515-AS, Avrumi Lubin stated in his Answer to the RICO Complaint, at paragraph 63, that Spin Capital, LLC (New Jersey) is "run by Lubin as its sole member."

8. The corporate records of the State of New Jersey confirm that Avrumi Lubin is the sole incorporator of Spin Capital, LLC and the only member listed in its corporate filings.

9. In *Spin Capital, LLC v. Bridgelink Engineering, LLC et al.,* N.Y. Sup. Ct. Nassau Cty., Index No. 614675/2022, Lubin filed a sworn affidavit stating that he is the "owner and authorized representative" of Spin Capital, LLC (New Jersey).

10. I have located no records identifying any other member, manager, equity holder, or beneficial owner of Spin Capital, LLC (New Jersey). All records reviewed consistently identify Avrumi Lubin as the sole owner, sole member, or controlling representative.

## III.  POST-JUDGMENT INVESTIGATION: SCOPE AND SOURCES

11. In connection with post-judgment enforcement, I reviewed an extensive body of materials, including: court filings; sworn affidavits; business entity filings for New Jersey, New York, Delaware, and Florida; post-judgment discovery responses; Lubin's Form 1.977 Fact Information Sheet; subpoena responses; Lubin's federal income tax returns for tax years 2021, 2022, and 2023; and bank records produced by Lubin and obtained via subpoena.

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 2 of 21

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 3 of 21

12.     The bank records reviewed include records obtained from Bank of America, N.A. pursuant to subpoena (Reference No. D041526001355, certified by Bank of America officer Amanda Hulsey), covering the following accounts:

13.     Spin Capital, LLC – Full Analysis Business Checking, Acct. No. ending 0029 (records from March 2022 through March 2026)

14.     Spin Capital, LLC – Full Analysis Business Checking, Acct. No. ending 3657 (records from March 2022 through March 2026)

15.     Spin Capital, LLC – Full Analysis Business Checking, Acct. No. ending 3660

16.     JL Special Investments LLC – Business Checking, Acct. No. ending 9161 (records from 2025 through March 2026)

17.     JL Special Investments LLC – Business Checking, Acct. No. ending 2815 (records from 2025 through March 2026)

18.     Avrumi Lubin – Wealth Management / Personal Checking, Acct. No. ending 3856 (records from 2025 through April 2026)

19.     Spin Capital, LLC – Business Credit Card, Acct. No. ending 4564 (records from 2024 through April 2026)

20.     Avrumi Lubin – Personal Credit Cards, Acct. Nos. ending 5860, 6842, 7818, 1833, 3267, and 4314

21.     JL Special Investments LLC shares the same registered address as Spin Capital, LLC (1460 Arboretum Pkwy, Lakewood, NJ 08701) and, based on the bank records, functions as a conduit through which Lubin pools and redistributes funds between his business entities and his personal accounts. Funds cycle from Spin Capital to JL Special Investments, then directly into Lubin's personal accounts, to service his personal debts.

## IV.  SPIN CAPITAL, LLC AS LUBIN'S PERSONAL PIGGY BANK: DOCUMENTED EVIDENCE

A review of the Bank of America records reveals that Avrumi Lubin treats Spin Capital, LLC, (NJ) and its affiliated entities as his personal financial reservoir, freely

extracting funds to pay his personal debts, fund his personal lifestyle, and transfer cash to himself. All figures are drawn directly from the certified bank records.

### A.  Direct Cash Transfers from Business Accounts to Lubin's Personal Account

Funds from Spin Capital's business checking accounts and JL Special Investments accounts were repeatedly transferred directly to Avrumi Lubin's personal Bank of America wealth management checking account (Acct. No. ending 3856, titled in the name of AVRUMI LUBIN):

| Date | From (Account) | Amount | Type | Source |
|---|---|---|---|---|
| 04/25/2023 | Spin Capital (3657) | $50,000.00 | RTP Wire to 'Avrumi Lubin' | BOA Subpoena |
| 05/13/2024 | Spin Capital (3657) | $50,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 05/16/2024 | Spin Capital (3657) | $15,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 05/30/2024 | Spin Capital (0029) | $20,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 06/05/2024 | Spin Capital (0029) | $25,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 12/12/2024 | Spin Capital (0029) | $100,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 03/05/2025 | Spin Capital (0029) | $22,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 03/27/2025 | Spin Capital (0029) | $4,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 04/04/2025 | Spin Capital (0029) | $5,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 4 of 21

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 5 of 21

| Date | Account | Amount | Type | Source |
|---|---|---|---|---|
| 05/06/2025 | Spin Capital (0029) | $4,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 06/20/2025 | Spin Capital (0029) | $6,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 07/08/2025 | Spin Capital (0029) | $10,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 08/15/2025 | JL Spec. Inv. (9161) | $100,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 11/21/2025 | JL Spec. Inv. (9161) | $7,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 11/24/2025 | JL Spec. Inv. (9161) | $5,000.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 01/14/2026 | JL Spec. Inv. (9161) | $3,500.00 | Online Transfer → CHK 3856 | BOA Subpoena |
| 06/23/2025 | Spin Capital (3657) | $90.00 | Online Transfer → CHK 3856 | BOA Subpoena |

The single largest individual transfer — $100,000 on December 12, 2024, from Spin Capital Account 0029 — illustrates the degree to which Lubin treats the company's funds as his own. A separate $100,000 transfer was made from JL Special Investments on August 15, 2025. On April 25, 2023, Spin Capital Account 3657 sent a $50,000 real-time payment wire directly to "Avrumi Lubin" by name — within the 2023 tax year, yet unreported on his 2023 return.

**B.  Business Accounts Used to Pay Lubin's Personal Chase Credit Card**

Spin Capital Account 0029 and JL Special Investments Account 2815 repeatedly made ACH payments expressly identified as "INDN: AVRUMI LUBIN" to a Chase personal credit card. In March 2025 alone, eleven separate payments totaling over $100,000 were made from the Spin Capital business account. Representative payments follow:

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 6 of 21

| Date | From Account | ACH Description | Amount |
|---|---|---|---|
| 03/03/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $6,700.00 |
| 03/03/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $3,000.00 |
| 03/04/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $17,500.00 |
| 03/06/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $9,000.00 |
| 03/10/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $6,500.00 |
| 03/11/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $13,000.00 |
| 03/12/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $10,000.00 |
| 03/14/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $10,000.00 |
| 03/21/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $10,000.00 |
| 04/08/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $8,743.69 |
| 04/11/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $10,000.00 |
| 04/16/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $10,000.00 |
| 04/17/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $20,000.00 |

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 7 of 21

| 04/28/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $26,124.50 |
| 04/30/2025 | Spin Capital (0029) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $30,000.00 |
| 06/18/2025 | JL Spec. Inv. (2815) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $48,940.73 |
| 11/05/2025 | JL Spec. Inv. (2815) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $33,259.46 |
| 11/05/2025 | JL Spec. Inv. (2815) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $7,750.00 |
| 01/21/2026 | JL Spec. Inv. (2815) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $74,993.69 |
| 01/21/2026 | JL Spec. Inv. (2815) | CHASE CREDIT CRD – EPAY (INDN: AVRUMI LUBIN) | $40,454.57 |

*Source: BOA subpoena records, Acct. Nos. 4830-8419-0029 and 4830-9435-2815. All payments are expressly identified "INDN: AVRUMI LUBIN."*

## C.  Business Accounts Used to Pay Lubin's Personal Apple Card

JL Special Investments Accounts 9161 and 2815 repeatedly paid Lubin's personal Apple Card (APPLECARD GSBANK), each payment expressly identifying the account holder as "INDN: AVRUMI LUBIN." Apple Card is a consumer product that cannot be issued to a business entity. In January 2026 alone, at least thirteen separate payments were made:

| Date | From Account | Payee / Account Holder | Amount |
|---|---|---|---|
| 10/22/2025 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | $1,000.00 |

| Date | | | Amount |
|---|---|---|---|
| 10/27/2025 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$1,000.00** |
| 10/29/2025 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$2,000.00** |
| 12/01/2025 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$979.00** |
| 12/08/2025 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$979.00** |
| 01/07/2026 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$200.00** |
| 01/12/2026 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN (×4 pmts) | **$1,100.00** |
| 01/20/2026 | JL Special Investments (9161) | APPLECARD GSBANK – INDN: AVRUMI LUBIN (×5 pmts) | **$965.00** |
| 03/06/2026 | JL Spec. Inv. (2815) | APPLECARD GSBANK – INDN: AVRUMI LUBIN | **$749.00** |

*Source: BOA subpoena records, Acct. Nos. 4830-9434-9161 and 4830-9435-2815.*

## D.  Personal Travel, Vacations, and Lifestyle Charges on Spin Capital's Business Credit Card

The Spin Capital business credit card (Acct. No. ending 4564) was used extensively for Lubin's personal travel, hotel stays, leisure activities, and personal bills. Charges include ski vacations in Colorado and Utah, luxury hotel stays in Miami, Jerusalem, and Cancun, 28+ Uber rides within a single week, and recurring personal phone bills:

| Date | Merchant / Description | Location | Amount |
|---|---|---|---|

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 8 of 21

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 9 of 21

| Date | Description | Location | Amount |
|---|---|---|---|
| 01/30/2025 | SHIP SKIS – ski equipment shipping | Florida | $365.96 |
| 02/06–07/2025 | HYATT PLACE Park City – ski lodging | Park City, UT | $600.17 |
| 02/06/2025 | PARK CITY MOUNTAIN SKI PASS | Park City, UT | $945.00 |
| 02/13–21/2025 | CAMBRIA HOTEL COPPER MOUNTAIN – ski stay | Copper Mtn, CO | $1,043.34 |
| 02/22/2025 | GRAND HYATT VAIL – ski stay | Vail, CO | $519.87 |
| 02/14–21/2025 | UBER *TRIP – 28+ rides over 7 days | Multiple Cities | $1,923.56 |
| 04/10/2025 | VAIL SKI PASS & RESORT | Vail, CO | $50.00 |
| 04/17/2025 | SHIP SKIS – ski equipment shipping | Florida | $171.98 |
| 05/07/2025 | HYATT CENTRIC MIAMI – hotel | Miami, FL | $709.54 |
| 05/28–31/2025 | FONTAINEBLEAU RESORT Miami Beach | Miami, FL | $1,109.96 |
| 06/01–03/2025 | ISROTEL HOTEL & SHERATON (Israel trip) | Jerusalem, Israel | $2,400.06 |
| 06/07/2025 | NIZUC RESORT & SPA | Cancun, Mexico | $800.50 |
| 06/08/2025 | UNITED AIRLINES – multiple tickets | Multiple | $586.80 |
| 06/14/2025 | ATT* BILL PAYMENT – personal phone | Texas | $93.28 |
| 06/18/2025 | MARRIOTT FORT LAUDERDALE | Ft. Lauderdale, FL | $947.09 |
| 06/20/2025 | RESIDENCE INN MIAMI AIRPORT | Miami, FL | $413.49 |
| 02/25/2025 | VERIZON*RECURRING PAY – personal phone | National | $280.10 |

*Source: BOA subpoena records, Spin Capital credit card Acct. No. 5589-6213-8571-4564. None of these expenditures reflects any identifiable business purpose of Spin Capital, LLC.*

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 10 of 21

## E.  The March 2026 American Express Bounce: A Case Study in Commingling

March 2026 records for Spin Capital Account 0029 provide a particularly stark illustration. On March 23 and 25, 2026, the account was debited for American Express ACH payments in the name of "Avrumi Lubin" totaling $7,656.00. Both sets of payments bounced and were retried — meaning Lubin was actively using the Spin Capital business account to service his personal American Express obligations, exceeding the account's available funds. This is irreconcilable with any legitimate business purpose.

## F.  Additional Personal Debt Payments Across Business Entities

The pattern extends further. The records reflect that Spin Capital and JL Special Investments also paid Lubin's Credit One Bank personal card, his Bank of America personal Visa cards (Acct. Nos. ending 5860 and 7818), and made Zelle payments directly to Lubin's personal name:

| Date | From Acct. | Personal Debt Paid | Amount | BOA Record |
|---|---|---|---|---|
| 02/21/2025 | SC (0029) | BOA Credit Card bill payment – personal card | **$10,000.00** | Acct 4564 |
| 03/04/2025 | SC (0029) | BOA Credit Card bill payment – personal card | **$19,000.00** | Acct 4564 |
| 03/26/2025 | SC (0029) | BOA Credit Card bill payment – personal card | **$74,972.21** | Acct 4564 |
| 11/18/2024 | SC (0029) | BOA Credit Card bill payment – personal card | **$4,000.00** | Acct 4564 |
| 12/08/2025 | JL (9161) | Personal Visa 5860 payment | **$684.00** | Acct 9161 |
| 12/15/2025 | JL (9161) | Personal Visa 5860 payment | **$698.00** | Acct 9161 |
| 03/10/2026 | JL (9161) | Credit One Bank – INDN: AVRUMI LUBIN | **$1,503.70** | Acct 9161 |

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 11 of 21

| 01/23/2026 | JL (9161) | Zelle payment to Avrumi Lubin | **$540.00** | Acct 9161 |
| 02/09/2026 | JL (9161) | Zelle payment to Avrumi Lubin | **$60.00** | Acct 9161 |
| 03/02/2026 | JL (2815) | Online transfer → CHK 3856 (Lubin personal) | **$1,000.00** | Acct 2815 |
| 05/15/2024 | SC (3657) | Zelle to 'Ali EDC – Business meeting at EDC' | **$5,000.00** | Acct 3657 |

*"SC" = Spin Capital LLC; "JL" = JL Special Investments LLC. All obligations are personal to Avrumi Lubin.*

## G. Summary of Documented Personal Use

| Category of Personal Use | Source Account(s) | Documented Amount |
|---|---|---|
| Direct cash transfers → Lubin personal checking (3856) | SC 0029, SC 3657, JL 9161 | **$392,850.00** |
| Direct RTP wire payable to 'Avrumi Lubin' personally | SC 3657 | **$50,000.00** |
| Chase personal credit card payments (INDN: AVRUMI LUBIN) | SC 0029, JL 2815 | **$611,354.00** |
| Apple Card personal payments (INDN: AVRUMI LUBIN) | JL 9161, JL 2815 | **$9,806.00** |
| Personal Visa / Amex payments from business accounts | SC 0029, SC 3657, JL 9161 | **$107,972.00+** |
| Personal travel & lifestyle on Spin Capital credit card | SC Credit Card 4564 | **$17,491.00** |
| Other personal Zelle / direct payments | JL 9161, SC 3657 | **$5,600.00** |
| **TOTAL DOCUMENTED PERSONAL EXTRACTION (minimum)** | **All accounts** | **$1,195,073.00+** |

*Documented amounts are drawn directly from the bank records. Actual totals are likely substantially higher given incomplete production and the absence of 2024 and 2025 tax returns.*

## V.   THE BANK RECORDS ARE IRRECONCILABLE WITH LUBIN'S TAX RETURNS

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 12 of 21

The undersigned reviewed Lubin's federal income tax returns (Form 1040) for tax years 2021, 2022, and 2023, each prepared by accountant Isaac A. Tawil and signed under penalty of perjury. A comparison of those returns with the Bank of America records reveals fundamental, irreconcilable contradictions. The personal expenditures documented in the bank records do not conform to — and, in multiple respects, directly contradict — the income, assets, and activities Lubin reported to the IRS.

## A.  The Basic Arithmetic Fails

Lubin's tax returns report total personal income of $458,100 over three years (2021–2023). The bank records document more than $1,195,000 in personal withdrawals from his business accounts during the same and subsequent periods. His documented personal use of business funds exceeds his entire reported three-year personal income by more than $736,000 — and this figure covers only what is visible in the bank records produced. The gap is irreconcilable without concluding either that significant income was unreported or that Lubin's personal consumption was funded by assets and accounts not disclosed in discovery.

## B.  Year-by-Year Analysis
### Tax Year 2021 (Filed August 4, 2022):

Lubin reported W-2 wages of $250,100, a Schedule E loss of $3,814,760 from Spin Capital, an AGI of negative $3,559,528, and total tax owed of $451. Despite this claimed near-zero income, the return reflects $282,186 in estimated tax payments and $89,570 in W-2 withholding — totaling $373,156 in payments against a $451 liability. The overpayment of $372,705 was applied to 2022. The $282,186 in estimated payments represents money Lubin had to obtain from somewhere: with a negative AGI, his only source was Spin Capital. Bank records confirm that Spin Capital's business account (0029) paid Lubin's NJ estimated income taxes directly via NJ WEB PMT transfers. Payment by a corporation of a shareholder's personal tax obligation is taxable income to the shareholder under IRC § 61, none of which appears on the 2021 return.

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 13 of 21

**Tax Year 2022 (Filed May 11, 2023):**

Lubin reported W-2 wages of $104,000 — a drop of $146,100 from 2021 — and a Schedule E passthrough of $1,316,664 from Spin Capital, offset by a $3,564,660 NOL carryforward, yielding a reported AGI of negative $2,123,634 and a federal tax of $14,484 (AMT only). The W-2 wage reduction coincides precisely with the escalation of direct entity-to-personal transfers in the bank records, consistent with Lubin substituting untaxed entity extractions for on-book salary. Critically, the bank records reveal that in 2022, Spin Capital Account 0029 made at least five American Express payments in Lubin's personal name totaling approximately $160,000 — including $54,193 on May 19, $32,556 on June 21, $35,901 on April 19, $13,045 on July 18, and $24,201 on August 26. None of these payments appear on Lubin's 2022 return as income, compensation, or distributions. In the same year, Spin Capital paid $30,000 in NJ estimated taxes ($15,000 in April and $15,000 in June) directly from its business checking account. Additionally, Spin Capital Account 3657 made a $133,889.98 RTP wire payment to Proskauer Rose LLP — a probable personal legal expense — with no corresponding disclosure on any return. The $1,316,664 Schedule E passthrough reported for 2022 was not accompanied by any documented distribution equal to that amount; instead, the entity paid Lubin's personal obligations in lieu of a formal distribution, a method that obscures the true economic reality.

**Tax Year 2023 (Filed September 13, 2024):**

Lubin reported W-2 wages of $104,000, a Schedule E loss of $481,193 from Spin Capital, a $2,133,584 NOL carryforward from 2021, a reported AGI of negative $2,490,861, and federal tax of $0. Notwithstanding this reported zero income, the bank records reflect that on April 25, 2023 — within the 2023 tax year — Spin Capital Account 3657 transmitted a $50,000 real-time payment wire directly to "Avrumi Lubin" by name. This amount does not appear as income anywhere on the 2023 return. Further, Lubin's 2023 Form 8995 carries forward $2,498,096 in QBI losses from Spin Capital while the same entity was simultaneously funding his personal expenses — a structural inconsistency that merits scrutiny. Lubin also claimed capital losses of $195,669 from his Merrill Lynch brokerage account (Acct. No. ending 3856), which is the same personal account that received $100,000+ in

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 14 of 21

entity transfers. The source of the investment capital generating those losses is undisclosed.

**Tax Years 2024 and 2025 (Not Filed):**

Lubin has admitted he has not filed returns for 2024 or 2025. His accountant, Isaac A. Tawil, confirmed he has not received the necessary documents from Lubin. The bank records for this period reveal the most aggressive personal extractions in the entire dataset — including the $100,000 transfer in December 2024, the $100,000 transfer in August 2025, over $611,000 in Chase credit card payments in Lubin's name, and over $9,800 in Apple Card payments, all from business accounts. These amounts have never been disclosed to any taxing authority.

### C.  Specific Bank-vs.-Return Discrepancies

The following table sets forth the specific, documented discrepancies between the tax returns and the bank records:

| Discrepancy | What the Tax Return Shows | What the Bank Records Show |
|---|---|---|
| W-2 wages drop 2021→2022 | **$250,100 in 2021; falls to $104,000 in 2022 and stays flat** | Direct entity transfers and CC payments ramp up precisely as reported wages fall — consistent with substituting off-book extractions for on-book salary |
| **$282,186 in estimated tax payments (2021)** | Filed with AGI of -$3,559,528; personal income insufficient to fund payments | Spin Capital acct 0029 paid NJ estimated taxes (NJ WEB PMT) directly from the business — personal tax obligations funded by the entity |
| American Express payments — 2022 | Not reported as income, compensation, or distributions anywhere | Spin Capital 0029 paid $54,193 (May), $32,556 (Jun), $35,901 (Apr), $13,045 (Jul), $24,201 (Aug) — ~$160,000+ in Lubin's personal AmEx bills paid by the entity |

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 15 of 21

| | | |
|---|---|---|
| **$1,316,664 Schedule E passthrough — 2022** | Reported as Spin Capital nonpassive income flowing to Lubin | Simultaneous Chase CC payments in Lubin's name from same accounts were NOT reported as distributions or additional compensation — same money may be counted twice |
| NJ state taxes paid by Spin Capital | Not disclosed; Lubin claims to pay his own taxes | SC 0029: NJ WEB PMT $15,000 (Apr 2022), $15,000 (Jun 2022), $500 recurring 2024–2025 — personal NJ tax obligations paid by the corporate entity |
| **$50,000 RTP wire to 'Avrumi Lubin' (Apr 2023)** | Not reported as income on 2023 Form 1040 | SC 3657 sent $50,000 real-time payment directly to 'Avrumi Lubin' by name on 04/25/2023 — within the 2023 tax year; not reflected anywhere on return |
| Chase CC payments — Mar–Apr 2025 | No 2025 return filed; not disclosed | SC 0029 made 15 Chase payments totaling $190,568 in Lubin's name (Mar–Apr 2025); JL 2815 paid additional $48,941 (Jun 2025) and $41,009 (Nov 2025) |
| **$100,000 transfer to personal acct (Dec 2024)** | No 2024 return filed; not disclosed | SC 0029 transferred $100,000 directly to Lubin personal checking on 12/12/2024; a second $100,000 followed from JL 9161 on 08/15/2025 |
| Personal travel on company card | No fringe benefit or compensation reported on any W-2 | **$17,491+ in ski trips (CO/UT), luxury hotels (Israel, Mexico, Miami), 28+ Uber rides — all charged to Spin Capital credit card; none reported as compensation** |
| **$74,972 personal credit** | Not reported as income or distribution on any return | SC 0029 made a single $74,972.21 Bank of |

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 16 of 21

| | | |
|---|---|---|
| **card payoff (Mar 2025)** | | America credit card bill payment on 03/26/2025 — complete elimination of Lubin's personal card balance |
| Capital losses 2022 ($128,300) & 2023 ($195,669) | Reported from Merrill Lynch acct 3856 — brokerage account | Acct 3856 is Lubin's personal Merrill Lynch/wealth management account — the same account that received $100,000+ in entity transfers; source of investment capital undisclosed |
| 2024 and 2025 — no returns filed | No disclosure to any taxing authority | Heaviest extraction period: $200,000 in direct transfers, $611,000+ in Chase CC payments, $9,800+ in Apple Card payments — all entirely undisclosed |

*Sources: BOA subpoena records (Reference No. D041526001355); Lubin Form 1040 for 2021, 2022, and 2023.*

## D.  The Lifestyle-Income Gap

The following comparison illustrates the structural disconnect between Lubin's reported income and his documented lifestyle over the same period:

| Item | 2021 | 2022 | 2023 | 2024–2026* |
|---|---|---|---|---|
| W-2 wages reported | $250,100 | $104,000 | $104,000 | None filed |
| Federal income tax owed | $451 | $14,484 | $0 | None filed |
| AGI reported | -$3,559,528 | -$2,123,634 | -$2,490,861 | None filed |
| Entity→personal cash transfers | (pre-subpoena) | $65,090 | $65,090 | $327,500+ |
| Entity Chase CC payments | ~$160,000 (AmEx) | ~$160,000 (AmEx) | — | $611,354+ |

| | | | | |
|---|---|---|---|---|
| Apple Card / other CC payments | — | — | — | $117,778+ |
| Personal travel on company card | — | — | — | $17,491 |

*\* 2024–2026 column reflects amounts documented in bank records for which no tax return has been filed.*

## E.  Tax Code Implications

The foregoing discrepancies implicate the following specific provisions of the Internal Revenue Code, each of which independently supports the conclusion that Lubin's reported income does not reflect his true economic position and is hiding assets and sources of income:

22.     IRC § 61 (Gross Income): When a corporation pays a shareholder's personal debts — including credit card balances, personal taxes, and personal legal fees — the amount is gross income to the shareholder in the year of payment. The Chase card payments, Apple Card payments, AmEx payments, NJ tax payments, and personal Visa payments documented herein constitute unreported gross income under § 61 in the years they were made.

23.     IRC § 301 (Corporate Distributions): S-corporation distributions must be tracked against basis. Lubin reported $1,316,664 in Schedule E passthrough income for 2022, yet the simultaneous credit card debt elimination from the same entity accounts was not reported as an additional distribution — potentially resulting in underreported income and overreported basis.

24.     IRC § 61 / Compensation: Payment by an entity of an officer's personal expenses, travel, and lifestyle costs constitutes additional compensation that must be reported on a W-2. Lubin's W-2 wages were $104,000 in 2022 and 2023; the personal charges on the Spin Capital corporate card represent additional unreported compensation.

25.     IRC § 162 (Business Deductions): Charges on the Spin Capital business credit card for ski vacations, luxury international hotels, personal phone bills, and music festival expenses are not ordinary and necessary business expenses and should not have been deducted by the entity, if they were.

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 17 of 21

26. Failure to File (IRC § 6012 / 26 U.S.C. § 7203): Lubin's failure to file 2024 and 2025 returns, during the period of the heaviest documented extractions, means the IRS has received no disclosure of income received during those years.

## VI. NON-COOPERATION AND FAILURE TO SATISFY JUDGMENT

27. To date, despite extensive post-judgment discovery and collection efforts, the Judgment Debtor has failed to satisfy any meaningful portion of the judgment.

28. The Judgment Debtor has disclosed minimal personal assets and appears to conduct substantially all economic activity through Spin Capital, LLC, JL Special Investments LLC, and the other Subject LLCs. The Subject LLCs are operated exclusively under the direction and control of Avrumi Lubin and appear to lack meaningful corporate separateness from the Judgment Debtor.

29. Lubin has been uncooperative in the production of documents. He has admitted to not filing 2024 or 2025 tax returns, and his accountant confirmed he has not provided the materials necessary to prepare those returns — further concealing from both this Court and the IRS the full scope of his financial activity during the heaviest documented period of personal extraction.

30. Based on my investigation and the bank records reviewed, voluntary distributions sufficient to satisfy the judgment are unlikely to occur within a reasonable time absent court intervention. The Subject LLCs appear to be the primary — and perhaps exclusive — repositories of the Judgment Debtor's economic activity.

## VII. CONCLUSION

Based upon my investigation, the court filings reviewed, the sworn statements of Avrumi Lubin himself, the Bank of America records obtained pursuant to subpoena,

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 18 of 21

other minimal bank records provided by Lubin, and Lubin's own federal income tax returns for 2021, 2022, and 2023, it is my opinion that:

31.      Spin Capital, LLC (New Jersey) is solely owned and controlled by Avrumi Lubin, as confirmed by his own sworn admissions, corporate records, and litigation filings;

32.      Lubin treats Spin Capital, LLC and its affiliated entity JL Special Investments LLC as his personal piggy banks, extracting a documented minimum of $1,195,000 in personal benefit through direct cash transfers, payment of personal credit card obligations (Chase, Apple Card, Credit One, Bank of America personal Visa, American Express), personal travel and lifestyle expenses, and payment of personal income tax obligations — all drawn from business accounts;

33.      The documented personal extractions exceed Lubin's total three-year reported personal income by more than $736,000, a gap irreconcilable with his tax returns and consistent with substantial unreported income;

34.      The bank records and tax returns, taken together, reveal that Lubin's tax filings do not accurately reflect his true economic position and that his personal lifestyle has been funded through the entities in a manner that avoids disclosure to both the IRS and this Court;

35.      The entities entirely lack meaningful corporate separateness from the Judgment Debtor, functioning as instrumentalities through which Lubin conducts his personal financial life;

36.      Absent the imposition of charging orders and foreclosure of the charging liens, distributions sufficient to satisfy the judgment are unlikely to occur within a reasonable time; and

37.      The charging orders sought are necessary and appropriate to provide the Judgment Creditors with meaningful access to the Judgment Debtor's actual economic resources.

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 19 of 21

## ACKNOWLEDGMENT AND DECLARATION

Under penalty of perjury pursuant to Florida Statute §92.525, I declare that I have read the foregoing Declaration and that the facts stated herein are true and correct to the best of my knowledge and belief.

Dated: May 10, 2026

  /S/ Karten
Alan I. Karten, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2026, I electronically filed the Declaration of Alan Karten with the Clerk of Court using the Florida E-Filing Portal. I further certify that this document is being served on all parties of record this day via the Florida E-File portal.

Respectfully jointly submitted,

Schwartz | Breslin PLLC
Fl. Rule of Jud. Admin. 2.516 Notice
Primary email: EService@JSJB.LAW
Secondary Email: JB@JSJB.LAW

**s/ Jerry Breslin**
Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@JSJB.Law
Schwartz | Breslin, Attorneys at Law

Law Office of Alan I. Karten, PLLC
321 Anderson Pond Road
Aiken, South Carolina 29803
Telephone: (305) 490-2767
alankartenlaw@gmail.com
Fla. Bar No.: 200263

**___/S/ Alan I. Karten___**
Alan I. Karten, Esq.

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 20 of 21

Florida Bar No. 200263

Unique Code : CAA-FAA-BCABB-JHEJDCCD-BGABIFI-D Page 21 of 21

## CERTIFICATION

The undersigned hereby certifies that generative artificial intelligence was used to prepare this declaration. The undersigned has independently verified the accuracy of every citation to the law, and/or the record, and the accuracy of any language drafted by artificial intelligence, including quotations, citations, paraphrased assertions, facts, and legal analysis.

**___/S/ Alan I. Karten___**
Alan I. Karten, Esq.