**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, NJ 08701 · (718) 570-3796 ·

josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan · Hearing Date: Dkt. 33 (Supplemental Motion for Stay Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

**DEBTOR'S SHORT SUPPLEMENTAL OBJECTION TO DKT. 33**

**CORRECTION OF RECORD AND SUBMISSION OF**

**REVISED PROPOSED ORDERS**

1. **Limited purpose.** The Debtor incorporates his July 21, 2026 Objection and supporting record (Dkt. 44) and does not repeat them. This short supplement: (a) corrects the record concerning Appeal No. 4D2025-3564; (b) updates material events after July 21; (c) addresses the three appeals separately rather than as a single proceeding; (d) responds to the two observations concerning Dkt. 33 at page 9 of the FVP Parties' reply on Dkt. 13 (Dkt. 52); and (e) replaces the proposed orders submitted with Dkt. 44. The Debtor does not ask this Court to decide any Florida merits issue, ownership dispute, entity right, appellate-sanctions question, or the allowance or dischargeability of FVP's claim.

2. **Correction concerning Appeal No. 4D2025-3564.** The Fourth District entered three separate stay-scope directives: July 1, 2026 in No. 4D2026-1512 (Dkt. 34-1); July 2, 2026 in No. 4D2025-3564 (Suppl. Ex. R); and July 2, 2026 in No. 4D2026-1833 (Dkt. 44, Ex. N). Dkt. 44 mistakenly treated the July 1 order as also covering No. 3564 and stated that the Debtor's July 15 notices addressed all applicable directives. (Dkt. 44-1 ¶ 6; Dkt. 44-3 ¶¶ 13, 20.) In fact, the Debtor's July 15 notices were docketed only in Nos. 1512 and 1833 (Portal Nos. 252472104 and 252472107), and the FVP Parties' notices filed that morning were likewise docketed only in those two appeals (Portal Nos. 252490311 and 252490060). No party separately filed a notice in No. 3564. On July 23, the Fourth District entered an Order to Show Cause directed to "the parties"; the face of its service section does not list the Debtor. (Suppl. Ex. S.) After discovering it on the public docket on July 26, the Debtor filed a response that same day supplying the missing notice, identifying Dkt. 33 as the request contemplated by the July 2 directive, and explaining that the five-day period for filing this Court's resulting order has not begun because no such order has issued. (Portal Filing No. 253276904; Suppl. Ex. U.) The Clerk thereafter marked that filing "Docketed" and "Accepted" with a July 26 filing date. The Debtor corrects the prior statements expressly and without qualification. The correction demonstrates the practical value of one clear order from this Court addressing each appeal by case number.

3. **Post-July-21 developments.** The Debtor filed his schedules, statements, and related papers on July 22 (Dkt. 48). The July 23 docket entry states "No Documents Missing — All Required Documents Filed," and the missing-documents Order to Show Cause was withdrawn. The Court adjourned Dkt. 13 to September 3 and required a residency declaration by August 27 (Dkt. 55); that order did not alter the August 6 hearing on Dkt. 33. Pursuant to Dkt. 50, the eleven notices to creditors added by the Schedule E/F amendment were mailed by first-class mail on July 28, and the Local Form Certification of Service was filed July 29 (Dkt. 61). These developments supersede Dkt. 52's July 22 statements that the schedules remained unfiled. Dkt. 52 is a reply on Dkt. 13; at page 9 it observes that a comfort order would leave the appeals "frozen indefinitely" and that the appeals "can only clarify or reduce" FVP's

1

claim. This supplement responds to those observations. Under Federal Rule of Evidence 201(c)(2), the Debtor requests judicial notice only of the existence, dates, and procedural contents of the public dockets and filed papers supplied with this supplement and Dkt. 44—not the truth of any disputed factual assertion in another filing. The execution of the engagement in Supplemental Exhibit V is separately established by the Debtor's declaration from personal knowledge, and its terms are offered as the terms of an operative document, not for the truth of any assertion.

**July 23 preliminary record.** At the July 23 preliminary hearing, FVP suggested that the Court had indicated how it would rule on Dkt. 33. The Court corrected that characterization: "actually, I'm not deciding that," and reserved the "discrete issue" for August 6, while tentatively observing that it then sounded as though there might not be a good reason to prevent the appeals from proceeding. (July 23 Tr. 45:5–17; Suppl. Ex. X.) This supplement supplies the appeal-by-appeal record that was not then before the Court. At the same hearing, the Court recognized that the Debtor wished to retain counsel and that "there's complications there," stated that having bankruptcy counsel would benefit "everyone including the Court," recognized that the scheduled litigation assets could potentially support a plan, and gave the Debtor "ample time" to try to retain counsel rather than convert this recently filed case. (Id. 12:1–18; 13:7–23; 19:16–21:6; 44:19–45:4.) Those considerations support a short, date-certain continuation rather than immediate, across-the-board relief.

**4. FVP must first show cause, and the present record does not establish that identical relief is warranted in three materially different appeals.** Section 362(d)(1) permits relief "for cause," and § 362(g)(2) places the burden on the party opposing relief only after the movant establishes a legally sufficient basis for it. *In re The Score Board, Inc.*, 238 B.R. 585, 593 (D.N.J. 1999). "Cause" turns on the totality of the circumstances. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). In this District, the inquiry includes the twelve factors collected in *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003), including interference with the bankruptcy case, prejudice to other creditors, readiness of the other proceeding, judicial economy, and the balance of harms. *See In re Risis*, No. 24-22714, Decision and Order re Motion for Relief from Stay of Bryan Lustig, et al., at 4–5 (Bankr. D.N.J. Mar. 27, 2025).

D.N.J. LBR 9013-1(a)(2) requires a certification containing the facts supporting requested relief. Dkt. 33 included a motion and memorandum but no separate certification or declaration addressing the estate's actual burden, the cost or timing of prosecuting the appeals, counsel availability, or a present need for immediate appellate action. Its categorical predictions that proceeding "will not prejudice the estate" and "can only clarify or reduce" FVP's claim (Dkt. 33-1 at 2, 6) are advocacy rather than sworn evidence. The Debtor does not contend that this omission deprives the Court of power to hear Dkt. 33; it limits the evidentiary weight of those predictions and leaves the movants' cause showing to be tested appeal by appeal against the sworn record.

**5. The appeals involve different orders, parties, and procedural postures.** The following status is drawn from the identified public dockets and filings through July 27, 2026:

a. No. 4D2025-3564 reviews two final judgments: the October 3 FVP judgment underlying FVP's asserted claim and a separate October 6 Franklin judgment. The record is complete and the Debtor filed his initial brief June 19. The July 27 docket showed no answer brief. FVP's appellate counsel requested the Debtor's consent on July 17 to a thirty-day extension, citing counsel's own scheduling commitments. (Dkt. 44-3 ¶ 14.) That request is inconsistent with an urgent need to force immediate appellate resolution. The appeal also includes appellees that are not movants on Dkt. 33, including

Franklin Capital Group, LLC and Karma of Broward, Inc. The July 23 Order to Show Cause and the Debtor's July 26 cure described in paragraph 2 are part of this appeal's current posture.

b. **No. 4D2026-1512** reviews the May 15 postjudgment charging-order, foreclosure, sale, injunction, disclosure, cooperation, and receivership provisions. It is fully briefed, which reduces the incremental merits-briefing burden, but does not eliminate the need to monitor the appeal, address directives and motions, evaluate oral argument or supplemental submissions, or obtain advice about the entity issues FVP itself placed in the record. Dkt. 33-1 describes No. 1512 as challenging charging orders and the Debtor's LLC interests. (Dkt. 33-1 at 3.) FVP's own June 12 motion in that appeal used a materially broader description: an order "adjudicating the rights of nonparty entities Spin Capital, LLC and Teton Funding, LLC"; provisions governing entity records, books and records, tax disclosures, and a potential receivership "over the Subject LLCs and/or their assets"; and an assertion that those entities may protect their rights only through licensed counsel, "whether by intervention, separate proceeding, or otherwise." (Suppl. Ex. T at 1, 7–10, especially 8.) On June 26, 2026, the Fourth District denied that motion without stating reasons; its statements are cited only as the FVP Parties' own characterization, not as an appellate ruling. The Debtor is the only appellant and is not licensed to represent an LLC.

c. No. 4D2026-1833 reviews the June 11 postjudgment orders involving JL Special Investments, LLC and Teton Life, LLC. The Debtor e-filed a motion to consolidate with No. 1512 or alternatively extend time on June 22 under Portal No. 250945511; the public docket displays that motion and FVP's opposition under June 26. The July 26 docket showed no appellate record, no running merits-briefing deadline, and no disposition of that motion. It is not ready for merits disposition.

Only No. 3564 reviews the judgment underlying FVP's claim. Nos. 1512 and 1833 review later enforcement orders. The claim-liquidation rationale therefore does not justify identical relief across all three. Readiness also cuts differently: No. 1512 is briefed but presents the entity-counsel complication FVP documented; No. 3564 awaits appellee briefing after FVP sought more time; and No. 1833 is not ready for merits review.

6. *Wilson* **does not make stay relief automatic in this reversed posture.** In *Wilson*, the creditor was the appellant, her state appeal was fully briefed, and without stay relief she had "no forum to litigate her cause" because the state judgment's findings foreclosed relitigation in bankruptcy. 116 F.3d at 90–91. Here, FVP is an appellee. It already holds a judgment, states that it filed a proof of claim (Dkt. 52 at 2, 9), and commenced its own § 523(a)(2) adversary proceeding in this Court (Adv. Pro. No. 26-01315). A short continuation of the stay does not leave FVP without a forum. *Wilson's* statement that resolution there would render the claim "final and nondischargeable" depended on the malicious-prosecution findings at issue and their overlap with § 523(a)(6); it does not establish that affirmance of a judgment automatically determines dischargeability under § 523(a)(2). The ultimate dischargeability determination under § 523(a)(2) lies in this Court under § 523(c)(1), although properly established state-court findings may receive issue-preclusive effect. The Debtor does not ask this Court to prejudge that later question.

7. **The early-case burden and balance of harms favor a short continuation.** This case will be approximately five weeks old when this supplement is filed; Dkt. 33 was filed only eighteen days after the petition. Immediate relief would require a self-represented individual Chapter 11 debtor simultaneously to monitor three appellate dockets, comply with directives and motion practice, prepare any permitted reply in No. 3564, brief No. 1833 when the record and schedule are set, administer the estate, and defend two pending adversary proceedings. The stay protects against "depletion of the debtor's assets due to legal costs" in litigation originally brought against the debtor. *Borman v. Raymark Industries, Inc.,* 946 F.2d 1031, 1035–36 (3d Cir. 1991). The Third Circuit likewise has held that a creditor's effort to dismiss a debtor's pending appeal was stayed and that the resulting dismissal

3

was void. *Raymark Industries, Inc. v. Lai*, 973 F.2d 1125, 1131–32 (3d Cir. 1992). Those decisions preserve the appellate status quo; they do not require a debtor to resume appellate litigation immediately.

The closest local decision favors restraint. In *Risis*, an individual pro se Chapter 11 debtor faced an early request to continue outside litigation. The court denied relief without prejudice because the debtor's "time and resources expended" outside bankruptcy "may adversely impact his other creditors," the movants were participating creditors with a filed claim, there was "no urgent need at this time" to liquidate it, and the debtor "should have more time to see if he can develop a Chapter 11 plan." Lustig Decision at 4–5. The same court's companion decision granted only narrow, report-back relief concerning an affirmative action the debtor himself had filed and one pending motion that was close to decision—a materially different posture. *In re Risis*, No. 24-22714, Decision and Order re Motion for Relief from Stay of PB Financing LLC, at 2, 6–7 (Bankr. D.N.J. Mar. 27, 2025). Likewise, where a judgment-creditor appellee sought to force a debtor's own appeal forward, *In re Lyondell Chemical Co.*, 402 B.R. 596, 599–600 (Bankr. S.D.N.Y. 2009), denied relief because the debtor was entitled to a "breathing spell" in light of reorganization burdens—even to decide when or whether to proceed with its appeal.

FVP identifies no comparable emergency. Its July 17 extension request in No. 3564 undercuts "indefinite limbo" as a present harm. By contrast, the sworn record already shows that, within roughly three weeks, the Debtor contacted or met with six firms; firms cited capacity or bandwidth problems; and another quoted a substantial six-figure retainer. (Dkt. 44-3 ¶ 14.) A fixed, short continuation gives the Debtor a meaningful opportunity to retain counsel and permits orderly administration without deciding the Florida merits.

**A post-objection development makes the counsel-transition prejudice concrete.** On June 23, GrayRobinson, P.A. filed a limited appearance for the Debtor covering the May 15 order and related proceedings and appellate matters affecting his interests in Spin Capital and Teton Funding. On July 28, GrayRobinson moved to withdraw from the Debtor and three entity clients, asked that they receive thirty days from any withdrawal order to obtain new counsel and respond to pending matters, and noticed the motion for August 4—two days before the Dkt. 33 hearing. (Suppl. Ex. W.) No withdrawal order has been entered. The estate presently has no cash available to fund the substantial retainers described in the sworn record. These public filings are offered only to show the immediate transition burden; the Debtor does not ask this Court to adjudicate any attorney-client dispute. The thirty-day transition period requested by existing counsel independently supports a short, fixed continuation.

8. **The overlapping rights and entity-representation record creates concrete estate prejudice.** Dkt. 44 already documented the relevant lines that counsel must separate: the estate owns the Debtor's membership interests and claims validly assigned to him, while claims owned by Spin Capital or another nondebtor remain that entity's property; the continuing effect of Spin's March 17, 2025 assignment to the Debtor and the allocation of the CIA and AWB-related rights remain disputed. (Dkt. 44-1 ¶ 5; Dkt. 44-3 ¶ 8; Dkt. 44, Exs. L–M.) It also documented the FVP/Franklin/Hi Bar settlement alignment, including Hi Bar's agreement to defend and indemnify FVP and Franklin against Lubin/Spin CIA claims while FVP and Franklin prosecuted the Florida claims and Hi Bar need not defend. (Dkt. 44-1 ¶ 8; Dkt. 44, Ex. M §§ 7, 9.) At the August 13, 2025 hearing, FVP's counsel also stated that "the Franklin parties and FVP have a common interest agreement," containing what he called "a blanket agreement." (Dkt. 44, Ex. H, Aug. 13, 2025 Tr. 44:21–45:5.) And Dkt. 44 placed before this Court orders that redirect economic benefits to judgment-creditor counsel, expose third-party payors to liability, restrict the Debtor, LLCs, and their attorneys concerning accounts and funds, and restrain

4

Teton Funding's asset dispositions without an express legal-fee exception. (Dkt. 44-1 ¶¶ 10, 15; Dkt. 44, Ex. A §§ B, D(b); Ex. B ¶¶ 28–30.)

That record does not establish that those provisions caused every law firm's refusal, and the Debtor does not overstate it. But the problem is not limited to current price or availability. The Debtor has repeatedly retained attorneys in different personal, entity, and matter-specific capacities; as the assignment, CIA, alter-ego, settlement, and enforcement issues crossed forums, the represented clients, scopes, and interests differed or changed, and the Debtor experienced positions or omissions that protected an interest different from the personal or Spin interest he believed needed protection. (Suppl. Decl. ¶¶ 23–27.) The result is an objective funding and representation problem requiring conflict-free counsel to distinguish personal rights, estate rights, assigned rights, and nondebtor rights before taking positions in three related appeals. Dkt. 33 nevertheless portrays all three appeals as the Debtor's own effort to overturn orders entered against him (Dkt. 33-1 at 3–4), while FVP's June 12 appellate motion describes No. 1512 as reviewing an order adjudicating two nonparty LLCs' rights and says those entities can protect those rights only through licensed counsel. (Suppl. Ex. T at 1, 8.) FVP cannot fairly treat licensed entity counsel as indispensable in Florida yet immaterial to hardship here.

The Debtor does not ask this Court to decide any ownership or assignment issue, appoint counsel for a nondebtor, or extend the automatic stay to a nondebtor. The narrower § 362(d)(1) point is that immediate pro se prosecution risks waiver, preclusion, standing, claim-allocation, and litigation-control consequences that could impair estate claims and the value of the estate's membership interests before counsel can separate the affected rights. A fixed continuation permits prospective or later court-approved bankruptcy counsel to assess those effects—without representing Spin Capital, Teton Funding, or another nondebtor—and permits separate entity counsel to be retained or appropriate forum-specific relief to be sought.

9. **A publicly filed engagement makes the client-capacity problem concrete.** On August 1, 2023, the Leto Law Firm's written "Authority to Represent," publicly filed in *In re Auto Wholesale of Boca, LLC*, No. 22-15627-EPK (Bankr. S.D. Fla.), Dkt. 925-1 at 38–45, identified "Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst, Spin Capital, and Josh Lubin" as the firm's "Clients" in two specified lawsuits, including *Hi Bar Capital, LLC v. Karma of Palm Beach, Inc.* (Suppl. Ex. V at 39.) The engagement recited that the Common Interest and Joint Litigation Agreement dated January 28, 2022 "provides Mr. Lubin with the authority to prosecute and settle the matters" unless terminated pursuant to its Section 2(f), and that, "while not counsel of record in the case for Spin and Lubin," the firm "understands they are a joint client for purposes of this case." (*Id.*) It warned that the Clients' interests might diverge; contained an advance waiver of potential and actual conflicts; permitted the firm in its sole discretion to withdraw from some Clients while continuing for the others, each Client agreeing not to seek disqualification; provided that information previously acquired could be used in the continued representation of remaining Clients; and required a new fee agreement for any appeal. (*Id.* at 40–41.) The Debtor discloses those waiver provisions candidly; no court has adjudicated their enforceability. The engagement was e-signed on August 1, 2023 by the Debtor, by Hi Bar Capital, LLC, and by Hi Bar's two principals, and the Adobe audit pages filed with it reflect that the document was created by Matthew Leto. (*Id.* at 42–45.) The filed copy shows no signature on the firm's own acceptance line; the Debtor does not rely on a counter-signature, but on the document as the firm's own drafted description of the client relationships, the completed client execution reflected in the audit report, and the representation that followed. (*Id.* at 43–45.)

Interests later diverged in the way the engagement contemplated. The same firm continued as counsel for the Hi Bar Parties in the disputed posture concerning the Common Interest Agreement and related assignments, and the settlement already before this Court identifies it as counsel for the Hi Bar Parties in the transaction described in paragraph 8—in which FVP and Franklin state they materially relied on

Hi Bar's position that the Common Interest Agreement was terminated and obtained Hi Bar's undertaking to defend and hold them harmless from specified claims asserted by the Debtor or Spin. (Dkt. 44-4, Ex. M §§ 7, 22.) When the Debtor moved through counsel to disqualify the firm, the court did not adjudicate the ownership, litigation-control, or conflict merits: the motion was "DENIED without prejudice to the filing of a similar motion in a court of competent jurisdiction," because the motions before that court sought rulings on matters over which it concluded it lacked subject-matter jurisdiction. (No. 22-15627-EPK, Dkt. 941 at 2–3, *vacated in part on other grounds,* Dkt. 944 ("The remainder of the Amended Order will remain in full force and effect.").)

This history is offered for one limited but central purpose: the prosecution-and-settlement authority and the recovery interests that the January 28, 2022 agreement allocated are among the rights now disputed among the Debtor, the estate, Spin, and the settlement-aligned parties—and no court has resolved them. Forcing three appeals forward now risks requiring the Debtor, the estate, and affected nondebtor entities to take potentially inconsistent or rights-impairing positions before separate, conflict-free counsel can identify which rights belong to whom and protect them accordingly. The Debtor does not ask this Court to decide attorney discipline, the Common Interest Agreement's termination or validity, or ultimate ownership in this summary stay-relief proceeding.

10. **The sworn aggregate accounting is acknowledged.** Dkt. 52-1 reports original principal of $8,841,219.72, credits totaling $3,209,311.15, and remaining principal of $5,631,908.57 plus postjudgment interest. The Debtor corrects any earlier implication that no sworn aggregate accounting exists. Questions concerning the listed "Settling party" payors, allocation, interest, or claim allowance remain for the claims process under 11 U.S.C. § 502. The Debtor does not ask the Court to condition its ruling on Dkt. 33 on a further accounting.

11. **Relief can be tailored without deciding Florida merits or extending the stay to nondebtors.** A stay-relief proceeding is summary and is not the occasion to adjudicate the merits of the underlying claims. In re Mullarkey, 536 F.3d 215, 225–27 (3d Cir. 2008). The Court should deny Dkt. 33 without prejudice and enter the alternative comfort ruling both sides requested: an order confirming that the stay applies to the Debtor's prosecution of all three appeals because they continue proceedings originally brought against him, to be filed in each appeal within five days. See Borman, 946 F.2d at 1035–36. Because claims and parties in multi-party litigation must be disaggregated, the comfort order should also make clear that it does not extend the stay to Spin Capital, Teton Funding, or any other nondebtor, or decide whether a separate proceeding may continue solely as to a nondebtor. See Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1204–05 (3d Cir. 1991).

Without conceding that § 362(e)(2) otherwise would terminate any portion of the appellate stay, the Debtor alternatively requests a protective order extending any applicable sixty-day period through September 30, 2026. Dkt. 13's written notice includes a request under § 362(d)(1), although FVP's counsel stated at the July 23 hearing that Dkt. 13 was "a motion to vacate as opposed to a motion for stay relief" and that "[w]e didn't move for relief from stay." (July 23 Tr. 32:12–24; Suppl. Ex. X.) Dkt. 33 is the later, express stay-relief request. Out of caution, the earliest arguable sixty-day dates are August 31 measured from Dkt. 13 and September 11 measured from Dkt. 33. Section 362(e)(2)—rather than § 362(e)(1)—governs an individual Chapter 11 debtor and permits a specific extension upon a good-cause finding. Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie), 737 F.3d 1034, 1038–39 (6th Cir. 2013). A fixed September 30 date, or another date selected by the Court, removes uncertainty without deciding which filing, if either, started a statutory period.

Only if the Court nevertheless concludes that some appeal should proceed now — a further fallback the Debtor offers without conceding that cause for relief exists — relief should be limited to No. 4D2026-

1512. That appeal is the only one fully briefed, so it presents the smallest remaining merits-briefing burden, and it can proceed on the appellate record and briefing already filed, with enforcement barred, Federal Rule of Bankruptcy Procedure 4001(a)(4)'s fourteen-day stay preserved, and an express statement that this bankruptcy order decides no Florida merits question. The Debtor candidly acknowledges that No. 1512 involves disputed nondebtor-entity issues; permitting that appeal to proceed on the existing record does not ask this Court to decide them. No. 4D2025-3564 should remain stayed during the Court-allowed counsel-retention period while appellee briefing remains incomplete. No. 4D2026-1833 is not ready for merits review.

**12. Requested relief.** The Debtor asks the Court to enter Revised Proposed Order 1, denying Dkt. 33 without prejudice and confirming the stay's application to all three appeals. Alternatively, and without conceding that § 362(e)(2) applies to all relief requested, he asks the Court to enter Revised Proposed Order 2, extending any applicable sixty-day period through September 30, 2026 or another specific date set by the Court. Only in the further alternative, he asks the Court to enter Revised Proposed Order 3, modifying the stay solely as to No. 4D2026-1512, subject to the enforcement bar, Rule 4001(a)(4), and no-merits safeguards stated there. The September 3 hearing already scheduled in this case supplies a date-certain checkpoint for counsel-retention status. These revised forms replace the proposed orders filed with Dkt. 44.


Respectfully submitted,


Dated: July 30, 2026


_____

**AVRUMI LUBIN a/k/a Josh Lubin**
Debtor and Debtor-in-Possession, Pro Se
1460 Arboretum Parkway, Lakewood, New Jersey 08701
(718) 570-3796 · josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, NJ 08701 · (718) 570-3796 ·

josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan · Hearing Date: Dkt. 33 (Supplemental Motion for Stay Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

**SUPPLEMENTAL DECLARATION OF AVRUMI LUBIN IN SUPPORT OF
SHORT SUPPLEMENTAL OBJECTION TO DKT. 33**

I, Avrumi Lubin, declare:

1. I am the Debtor and Debtor-in-Possession in this Chapter 11 case and presently appear pro se. I have personal knowledge of the facts stated below unless I identify a public court record as the source.

2. I submit this declaration in support of my short supplemental objection to Dkt. 33. It supplements and, where expressly stated, corrects my declarations filed with Dkt. 44.

**Correction concerning Appeal No. 4D2025-3564**

3. My July 21 declaration stated, based on my understanding then, that the Fourth District's July 1 order in Appeal No. 4D2026-1512 also applied to travel-together Appeal No. 4D2025-3564 and that the notices I filed July 15 addressed the applicable directives.

4. After reviewing No. 4D2025-3564's separate public docket and the Fourth District's July 23 Order to Show Cause, I learned that No. 4D2025-3564 had its own July 2 directive and that no separate notice of compliance had been docketed there.

5. The July 26 public dockets show that I filed notices in Nos. 4D2026-1512 and 4D2026-1833 on July 15 (Portal Nos. 252472104 and 252472107), and that the FVP Parties filed notices the same morning in those two appeals (Portal Nos. 252490311 and 252490060). Neither side's notice was separately docketed in No. 4D2025-3564.

6. The face of the July 23 Order to Show Cause's service section does not list me. I discovered that order on the public docket on July 26, 2026.

7. On July 26, 2026, I filed in No. 4D2025-3564 a response supplying the missing notice and identifying the pending Bankruptcy Court request. The Florida Courts E-Filing Portal number is 253276904. A true and correct copy of the filed response is attached as Supplemental Exhibit U.

8. On July 27, 2026, I received the Clerk's processing notice for Portal Filing No. 253276904. It states "Status: Docketed" and shows the filed document "Accepted" with a filing date of July 26, 2026.

9. I make this correction promptly so the record before this Court is accurate. I do not contend that my July 15 filing in No. 4D2026-1512 itself satisfied the separate July 2 directive in No. 4D2025-3564.

**Supplemental exhibits**

10. On July 26, 2026, I downloaded from the public docket for No. 4D2025-3564 the July 2 directive and the July 23 Order to Show Cause. True and correct copies are attached as Supplemental Exhibits R and S.

1

11. I obtained from the public docket for No. 4D2026-1512 the FVP Parties' June 12, 2026 motion concerning Spin Capital, LLC and Teton Funding, LLC. A true and correct copy is attached as Supplemental Exhibit T.

12. I obtained from the public CM/ECF docket in In re Auto Wholesale of Boca, LLC, No. 22-15627-EPK (Bankr. S.D. Fla.), pages 38 through 45 of Docket No. 925-1, comprising an exhibit cover page, the August 1, 2023 "Authority to Represent," its signature pages, and the Adobe Acrobat Sign audit report filed with it. A true and correct copy is attached as Supplemental Exhibit V.

13. True and correct copies of GrayRobinson's June 23, 2026 limited appearance, July 28, 2026 motion to withdraw, and July 28, 2026 notice of the August 4 hearing are attached as Supplemental Exhibit W. On July 29, 2026, I received from J&J Court Transcribers, Inc. the certified transcript of this Court's July 23 hearing. True and correct excerpts, including the caption and certification pages, are attached as Supplemental Exhibit X.

**Current appellate status**

14. According to the public docket for No. 4D2026-1512 reviewed July 27, 2026, the merits briefs have been filed and no merits disposition appears.

15. No. 4D2025-3564 reviews two final judgments: the October 3 FVP judgment and the separate October 6 Franklin judgment. The public docket reviewed July 27, 2026 showed that the record and my initial brief had been filed and no appellee answer brief appeared. On July 17, FVP's appellate counsel emailed me requesting my consent to a thirty-day extension of the answer-brief deadline, citing counsel's scheduling commitments, as stated in my declaration at Dkt. 44-3 ¶ 14.

16. I e-filed my motion to consolidate No. 4D2026-1833 with No. 4D2026-1512 or alternatively extend time on June 22 under Portal No. 250945511; the public docket displays that motion and FVP's opposition under June 26. The docket reviewed July 26, 2026 showed no appellate record, no running merits-briefing deadline, and no disposition of that motion.

17. On July 27, 2026, I filed in No. 4D2026-1512 a motion for leave and a limited protective response addressing that court's June 26, 2026 order. Both documents were submitted together under Florida Courts E-Filing Portal Filing No. 253329059.

18. I am not an attorney. I prosecute only my personal appellate rights and do not intend to represent an LLC's separate legal interests.

**Main-case developments and present burden**

19. I filed my schedules, statement of financial affairs, and related documents July 22, 2026 at Dkt. 48.

20. The July 23 main-case docket entry states "No Documents Missing — All Required Documents Filed." The missing-documents Order to Show Cause was withdrawn.

21. Dkt. 55 adjourned Dkt. 13 to September 3 and requires my residency declaration by August 27. Dkt. 33 remains set for August 6, 2026 at 10:00 a.m.

22. Pursuant to Dkt. 50, the eleven notices to creditors added by the Schedule E/F amendment were mailed by first-class mail on July 28, 2026. On July 29, 2026, I filed the Local Form Certification of Service, which appears at Dkt. 61.

23. As I stated at Dkt. 44-3 ¶ 14, within roughly three weeks I contacted or met with six firms in an effort to retain counsel; firms cited capacity or bandwidth problems, and another quoted a substantial six-figure retainer. On July 25, 2026, prospective bankruptcy counsel requested a copy of my filed schedules, and I transmitted them the same evening. My estate presently has no cash available to fund those substantial retainers. My efforts to retain bankruptcy and appellate counsel continue.

23A. On June 23, 2026, GrayRobinson filed a limited appearance for me concerning the May 15 order and related proceedings and appellate matters affecting my interests in Spin Capital and Teton Funding. On July 28, 2026, GrayRobinson moved to withdraw from me and three entity clients and asked that the clients receive thirty days from any withdrawal order to obtain new counsel and respond to pending matters. The motion is noticed for August 4, 2026. As of signing this declaration, I have not located an order granting that motion.

24. Immediate prosecution of all three appeals would require me, while still self-represented, to monitor three appellate dockets, address directives and motion practice, prepare any permitted reply in No. 4D2025-3564, brief No. 4D2026-1833 when the record and schedule are set, administer this Chapter 11 case, and respond in two pending adversary proceedings.

**The client-capacity history (Supplemental Exhibit V)**

25. On August 1, 2023, I electronically signed a written engagement titled "Authority to Represent" with the Leto Law Firm. The engagement identified Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst, Spin Capital, and me as the firm's "Clients" in two specified lawsuits, including *Hi Bar Capital, LLC v. Karma of Palm Beach, Inc.*; recited that the Common Interest and Joint Litigation Agreement dated January 28, 2022 gave me authority to prosecute and settle those matters unless terminated under its Section 2(f); and stated that, while the firm was not counsel of record for Spin Capital or me in the case, we were a joint client for purposes of the case. (Suppl. Ex. V at 39.) The engagement contained an advance conflict waiver, permitted the firm to withdraw from some clients while continuing for others, and required a new fee agreement for any appeal. (Suppl. Ex. V at 40–41.) Hi Bar Capital, LLC and its principals also executed it that day, and the Adobe audit pages filed with it reflect that the document was created by Matthew Leto. (Suppl. Ex. V at 42–45.) The firm thereafter performed legal work in the covered matters and continued as counsel for Hi Bar Capital in later proceedings. I understand no court has ruled on the enforceability of the waiver provisions, and I do not ask this Court to do so.

26. The Leto Law Firm later represented Hi Bar Capital in proceedings in which Hi Bar's position concerning the Common Interest Agreement and related assignments was adverse to the continuing rights that Spin Capital and I assert. The settlement agreement filed with my Objection identifies that firm as counsel for the Hi Bar Parties. (Dkt. 44-4, Ex. M §§ 7, 22.) A motion I brought through counsel to disqualify the firm from representing Hi Bar Capital was denied "without prejudice to the filing of a similar motion in a court of competent jurisdiction," the court concluding that the motions before it sought rulings on matters over which it lacked subject-matter jurisdiction; no court has ruled on the conflict merits. (*In re Auto Wholesale of Boca, LLC*, No. 22-15627-EPK, Dkt. 941 at 2–3, *vacated in part on other grounds*, Dkt. 944 ("The remainder of the Amended Order will remain in full force and effect.").)

27. I describe this history for one purpose: the clients, representations, and asserted rights in these matters have repeatedly overlapped and shifted, and I cannot safely separate my personal positions, the

3

estate's positions, and nondebtor entities' positions across three simultaneous appeals without conflict-free counsel. I do not ask this Court to decide any ownership, assignment, or professional-responsibility question.

**Dkt. 52-1 accounting**

28. My July 21 objection requested a sworn payoff-and-credit accounting.

29. Dkt. 52-1 reports original principal of $8,841,219.72, credits totaling $3,209,311.15, and remaining principal of $5,631,908.57 plus postjudgment interest.

30. I therefore correct any prior statement implying that no sworn aggregate accounting exists. Dkt. 52-1 is a sworn aggregate calculation.

31. The schedule attached to Dkt. 52-1 identifies each payor as "Settling party," states that identities and proof are confidential and available for in camera review, and states that interest computations will be provided on request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2026.

_____
AVRUMI LUBIN a/k/a Josh Lubin

# SUPPLEMENTAL EXHIBITS — INDEX

In re Avrumi Lubin, Case No. 26-17342-EJO

**Exhibit R**   Fourth District stay-scope directive, No. 4D2025-3564 (July 2, 2026)     Binder pages 2–3

**Exhibit S**   Fourth District Order to Show Cause, No. 4D2025-3564 (July 23, 2026)     Binder pages 4

**Exhibit T**   FVP Parties' motion concerning nonparty LLC rights, No. 4D2026-1512     Binder pages 5–18

**Exhibit U**   Debtor's July 26 cure filing, Portal Filing No. 253276904     Binder pages 19–29

**Exhibit V**   Leto Law Firm Authority to Represent and filed execution record     Binder pages 30–38

**Exhibit W**   GrayRobinson limited appearance, withdrawal motion, and hearing notice     Binder pages 39–46

**Exhibit X**   Certified excerpts of July 23, 2026 Bankruptcy Court hearing transcript     Binder pages 47–60

*Exhibits are offered for the limited purposes stated in the supplemental objection.*

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

July 2, 2026

| | |
|---|---|
| AVRUMI LUBIN,<br>        Appellant(s)<br>V.<br><br>FVP OPPORTUNITY FUND III, LP, et al.,<br>        Appellee(s). | **CASE NO. - 4D2025-3564**<br>**TRAVEL TOGETHER NO. - 4D2026-1512**<br>L.T. No. - 062022CA005125AXXXCE |

**BY ORDER OF THE COURT:**

A suggestion of bankruptcy having been filed, it is

ORDERED that the parties shall, within fourteen (14) days from the date of this order, request that the United States Bankruptcy Court issue an order stating whether this appeal should be stayed pursuant to 11 U.S.C. § 362(a) or any other provision of the United States Bankruptcy Code. *See, e.g., In re Hill,* 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007) ("Comfort orders serve a valuable purpose. The orders are entered primarily for a third party's benefit, often to help a sister state court attempting to determine whether it can proceed with a pending action, such as a foreclosure."). Upon the filing of the request in the United States Bankruptcy Court, the parties shall file a notice of compliance with this Court. Further, should the United States Bankruptcy Court enter an order on the parties' request, the parties shall file a copy of the order with this Court within five (5) days of issuance of that order.

Served:
Jerrell A Breslin
Stanley Quinn Casey
Broward Clerk
Patrick Richard Dorsey
Elliot Burt Kula
Jonathan Schwartz
Elaine D. Walter

HB

**I HEREBY CERTIFY** that the foregoing is a true copy of the court's order.

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**
4D2025-3564 July 2, 2026



**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL  33401**

July 23, 2026

| | |
|---|---|
| AVRUMI LUBIN,<br>          Appellant(s)<br>v.<br><br>FVP OPPORTUNITY FUND III, LP, et al.,<br>          Appellee(s) | **CASE NO. - 4D2025-3564**<br>**TRAVEL TOGETHER NO. - 4D2026-1512**<br>L.T. No. - 062022CA005125AXXXCE |

**BY ORDER OF THE COURT:**

ORDERED that the parties are directed to show cause in writing, if any there be, within ten (10) days from the date of this order, why the above-styled case should not be dismissed or other sanctions imposed for failure to comply with this court's July 2, 2026 order.  If the order is filed within this ten (10) day period, this order to show cause will be considered automatically discharged without further order.

Served:
Jerrell A Breslin
Stanley Quinn Casey
Patrick Richard Dorsey
Elliot Burt Kula
Jonathan Schwartz
Elaine D. Walter

KTH

**I HEREBY CERTIFY** that the foregoing is a true copy of the court's order.

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**
4D2025-3564 July 23, 2026



Filing # 250241777 E-Filed 06/12/2026 10:44:43 AM

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

### CASE NO. 4D2026-1512
### L.T. CASE NO. CACE-22-005125

AVRUMI LUBIN a/k/a JOSH LUBIN,
Appellant,

v.

FVP OPPORTUNITY FUND III, L.P., et al.,
Appellees.

_____/

## APPELLEES' MOTION TO DISMISS, IN PART, THE APPEAL FOR LACK OF APPELLATE STANDING AS TO PROVISIONS OF THE ORDER ADJUDICATING THE RIGHTS OF NONPARTY ENTITIES SPIN CAPITAL, LLC AND TETON FUNDING, LLC

Appellees FVP Opportunity Fund III, L.P., et al. ("FVP" or "Appellees"), by and through undersigned counsel, respectfully move this Court, pursuant to Florida Rule of Appellate Procedure 9.040(c) and this Court's inherent authority to determine its own jurisdiction, to dismiss, in part, the appeal of Appellant Avrumi Lubin a/k/a Josh Lubin ("Lubin") insofar as it seeks reversal or vacatur of the provisions of the May 15, 2026 Order that adjudicate the rights of nonparty entities Spin Capital, LLC ("Spin Capital")

and Teton Funding, LLC ("Teton Funding") (collectively, the "Subject

LLCs"), and states as follows:

## I. INTRODUCTION

Lubin's briefing presents this Court with an irreconcilable

contradiction. In Argument V of his Initial Brief, Lubin argues that

the entity-level provisions of the Order must be vacated because he

"appeared individually only and did not represent, bind, waive, or

default" Spin Capital or Teton Funding, and that "[a]n artificial

entity cannot appear or litigate through a non-lawyer." Initial Brief

at 15. Yet in Argument III of his Reply Brief, Lubin asks this Court

to vacate the very same entity-level provisions on the ground that

*the LLCs'* due process rights as nonparties were violated because

they were never "fully impleaded" and given "an opportunity to

adequately present their defenses." Reply Brief at 11–12 (quoting

*Tomayko v. Thomas*, 143 So. 2d 227, 229 (Fla. 3d DCA 1962));

*Antuna v. Dawson*, 459 So. 2d 1114 (Fla. 4th DCA 1985)

Both arguments cannot be true. If Lubin had no authority to

appear for, represent, bind, or waive the rights of Spin Capital and

Teton Funding below — as Argument V insists — then he has no

authority to assert *those same entities'* due process rights on appeal either. A litigant who disclaims any representative capacity for a third party in one breath cannot invoke that third party's constitutional rights as a basis for relief in the next. Lubin is not an aggrieved party with respect to the provisions of the Order that apply to Spin Capital and Teton Funding as separate legal persons, and this Court lacks a properly presented controversy as to those provisions. The appeal should be dismissed in part.

## II. STANDARD: ONLY AN "AGGRIEVED PARTY" MAY APPEAL, AND A PARTY MAY NOT ASSERT THE RIGHTS OF A NONPARTY

Florida Rule of Appellate Procedure 9.020(g)(1) limits the right to appeal to a "party who is adversely affected" by the order — i.e., an "aggrieved party." To be aggrieved, the challenged provision must have a direct, immediate, and adverse effect on the appellant's *own* legal rights, not merely an indirect or derivative effect flowing through a separate legal entity. (a party may not appeal on behalf of rights belonging to a nonparty).

Page **3** of 14

Florida courts have long recognized the related principle that a litigant generally lacks standing to assert a third party's legal right. *Kumar Corp. v. Nopal Lines, Ltd.*, 462 So. 2d 1178, 1183 (Fla. 3d DCA 1985). This principle applies with particular force to corporate and LLC entities, which Florida law treats as legal persons separate and distinct from their members. *See* § 605.0108(1), Fla. Stat. (2025) ("A limited liability company is an entity distinct from its members."). A member of an LLC — even a sole member — does not thereby acquire the LLC's own procedural and constitutional rights as his personal litigation assets.

Illustrative is *Trans Health Management Inc. v Nunziata*, 159 So. 3d 850 (Fla. 2nd DCA 2020), where the non-parties appealed the entry of an injunction on due process grounds. The significant fact is that the non-parties themselves appealed.

This standing limitation operates independently of, and prior to, any merits analysis. A court "must first determine whether the parties before it have standing to bring the action," and an appellate court may dismiss, sua sponte or on motion, those portions of an appeal as to which the appellant lacks standing, even while retaining jurisdiction over the portions properly presented by an

Page 4 of 14

aggrieved party. *See* Fla. R. App. P. 9.040(c) (an appellate court shall grant relief "to which the party is entitled" regardless of the relief actually requested, and may treat improperly sought relief accordingly).

## III. LUBIN'S OWN BRIEFING ESTABLISHES THAT HE HAS NO REPRESENTATIVE CAPACITY AS TO THE SUBJECT LLCs

Argument V of the Initial Brief is titled: "Appellant appeared individually only and did not represent, bind, waive, or default Spin Capital, LLC or Teton Funding, LLC." Initial Brief at 15. The argument is unequivocal:

> "An artificial entity cannot appear or litigate through a non-lawyer; it can act in court only through a licensed attorney. … Appellant's individual, pro se appearance was therefore not an appearance by Spin Capital, LLC or Teton Funding, LLC, and it could not waive their defenses, default them, or bind them."
>
> Initial Brief at 15 (citing *Nicholson Supply Co. v. First Fed. Sav. & Loan Ass'n of Hardee County,* 184 So. 2d 438, 440 (Fla. 2d DCA

1966), and *Szteinbaum v. Kaes Inversiones y Valores, C.A.*, 476 So. 2d 247, 248 (Fla. 3d DCA 1985)).

Lubin's conclusion from this premise is that "[b]ecause the LLCs were not properly before the court through counsel, their records, assets, management, and continued existence could not be adjudicated against them." Initial Brief at 15–16. Appellees do not, for purposes of this motion, take a position on whether that premise supports vacatur of the entity-level provisions on the merits. What matters here is what the premise necessarily *forecloses*: if Lubin's pro se appearance "was not an appearance by Spin Capital, LLC or Teton Funding, LLC" below, his pro se appearance on appeal is equally not an appearance by those entities here. He cannot have it both ways — disclaiming representative capacity to defeat the entity-level provisions in Argument V, while simultaneously exercising that same representative capacity to assert the entities' due process rights in Reply Argument III.

## IV. REPLY ARGUMENT III ASKS THIS COURT TO VINDICATE THE LLCs' OWN DUE PROCESS RIGHTS — RIGHTS LUBIN HAS NO STANDING TO ASSERT

Reply Argument III relies on *Tomayko v. Thomas* and *Ryan's Furniture Exchange, Inc. v. McNair* for the proposition that the rights of third-party entities "may not be adjudicated unless such third parties have been first fully impleaded and as parties given an opportunity to adequately present their defenses." Reply Brief at 11 (quoting *Tomayko*, 143 So. 2d at 229); *accord Ryan's Furniture*, 162 So. 483, 487–88 (Fla. 1935) ("due process of law must be observed wherever rights of third parties are required to be adjudicated").

Both *Tomayko* and *Ryan's Furniture* describe a due process right belonging to the *third party* itself — the right of *that party* to notice and an opportunity to be heard before its rights are adjudicated. Neither case holds, or could hold, that *another* litigant — one who has expressly disclaimed any authority to represent the third party — may invoke the third party's due process rights as a vehicle for that *other* litigant's own relief. The right belongs to Spin Capital and Teton Funding. If those entities believe their due process rights were violated by the entity-directed provisions of the Order — the records-production command, the injunction as applied to "the Subject LLCs" and their officers and agents, and the reserved receivership "over the Subject LLCs and/or their assets" —

the remedy is for those entities to appear through licensed counsel and seek relief in their own right, whether by intervention, separate proceeding, or otherwise. It is not for Lubin, who has told this Court in his own Initial Brief that he has no authority to bind, represent, or appear for those entities, to assert those rights for them here. This is not a hypertechnical point. It reflects the basic principle that a corporate entity's separateness from its members cuts both ways. Lubin cannot invoke Spin Capital's and Teton Funding's separateness from himself to argue that the entity-level provisions cannot bind *him* (Argument V), while simultaneously erasing that same separateness to argue that *he* may assert *their* constitutional rights (Reply Argument III). Appellees' own briefing observed this tension below: "Appellees cannot describe the companies as separate enough to be charged yet too unreal to deserve process." Reply Brief at 12. The observation applies with equal and opposite force to Lubin: he cannot describe the companies as too separate to be bound by his appearance, yet sufficiently merged with him that he may assert their rights as his own on appeal.

## V. THE PROVISIONS AS TO WHICH LUBIN LACKS STANDING

The following provisions of the May 15, 2026 Order operate on Spin Capital, LLC and Teton Funding, LLC as separate legal persons, rather than on Lubin's personal transferable interests, and Lubin lacks standing to seek their reversal:

**Section C — Mandatory Turnover of Financial Information (entity production obligations).** The Order commands that, within ten days, "the Judgment Debtor shall produce" operating agreements, membership ledgers, organizational documents, and records "involving the Subject LLCs. To the extent this provision is read to impose independent production obligations *on the Subject LLCs themselves* (as opposed to documents within Lubin's own possession, custody, or control as sole member), it adjudicates an obligation of the entities as such.

**Section D — Injunction Against Transfers, as applied to "the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and ... persons ... acting in concert."** To the extent this provision enjoins Spin Capital and Teton Funding *as entities*, and their officers, managers, employees, agents, and attorneys *in their own capacities*, it adjudicates the conduct of persons and entities other than Lubin.

**Section H — Cooperation Requirement, insofar as it commands the Subject LLCs (as distinct from Lubin) to "provide access to all books and records."**

**Section I — Receiver "over the Subject LLCs and/or their assets."** A receivership over an entity's assets is, by definition, relief directed at the entity's property, management, and operations — not at Lubin's personal transferable interest in distributions.

**Section F (14) — Tax Disclosure Requirement, insofar as it commands "the Judgment Debtor** *and each Subject LLC* **shall prepare and deliver ... a written tax disclosure statement"** concerning the entities' own tax attributes, asset basis, and pending audits.

By contrast, Appellees do not seek dismissal of, and this motion does not address, the provisions of the Order that operate on Lubin personally and as to which he is unquestionably an aggrieved party: the charging orders against *his* transferable interests (Section A); the redirection of distributions otherwise payable to *him* (Section B); the foreclosure of *his* transferable interests and the private/judicial sale of *those interests* (Sections E, F, G); the injunction as applied to *Lubin personally*; and *his*

personal cooperation obligations and contempt exposure under
Sections D and H. Lubin's choice-of-law argument under section
605.0901, to the extent directed at the foreclosure of his own
transferable interests, remains properly before this Court and is
unaffected by this motion.

## VI. PARTIAL DISMISSAL IS THE APPROPRIATE REMEDY

Appellees do not ask this Court to dismiss the appeal in its
entirety. Lubin is plainly an aggrieved party as to the provisions of
the Order that operate on his personal transferable interests, and
this Court retains jurisdiction over those provisions regardless of
the disposition of this motion. Appellees ask only that the Court
dismiss, for lack of standing, the portions of the appeal —
principally Reply Argument III, and the corresponding portions of
Initial Brief Argument III — that seek reversal of the entity-directed
provisions identified in Part V above on the ground that *the entities'*
due process rights were violated.

Partial dismissal for lack of standing as to discrete provisions
of a single order, while retaining jurisdiction over the balance of the
appeal, is well within this Court's authority and practice. *See* Fla.
R. App. P. 9.040(c). Should this Court conclude that Lubin, despite

his Initial Brief's express disclaimer, nonetheless has some basis to assert the Subject LLCs' rights, Appellees respectfully submit that any such basis must be identified and established by Lubin in the first instance — it cannot be presumed, and it cannot coexist with the position Lubin has already taken in Argument V of his Initial Brief.

## CONCLUSION

Lubin's Initial Brief tells this Court that his pro se appearance "was not an appearance by Spin Capital, LLC or Teton Funding, LLC" and that he could not "represent, bind, waive, or default" those entities. Initial Brief at 15. His Reply Brief then asks this Court to vacate provisions of the Order on the ground that *those entities'* own due process rights to notice and an opportunity to be heard were violated. Reply Brief at 11–12. Lubin cannot occupy both positions. Having disclaimed any representative capacity for Spin Capital and Teton Funding below, he has no standing to assert their constitutional rights on appeal.

Appellees respectfully request that this Court dismiss, in part, the appeal insofar as it seeks reversal of the entity-directed provisions of the May 15, 2026 Order identified in Part V above on the ground that the rights of nonparty entities Spin Capital, LLC and Teton Funding, LLC were violated, and that the Court otherwise proceed to the merits of the provisions of the Order that operate on Appellant Lubin personally.

Respectfully submitted,

Law Office of Alan I. Karten, PLLC
**/s/ Alan I. Karten, Esq.**
Alan I. Karten, Esq.
Fla. Bar No.: 200263
321 Anderson Pond Road
Aiken, South Carolina 29803
Email: alankartenlaw@gmail.com
Telephone: (305) 490-2767

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of General Practice and Judicial Administration 2.516 and Florida Rule of Appellate Procedure 9.420, on June 12, 2026, the foregoing Motion to Dismiss, filed on behalf of Appellees, was served through the Florida Courts E-Filing Portal upon all counsel of record and upon

Page 13 of 14

the pro se Appellant, Avrumi Lubin, at josh@tetonfunding.com,

1460 Arboretum Parkway, Lakewood, New Jersey 08701, (732) 608-

4905, his address on file with this Court.

**/s/ Alan I. Karten, Esq.**

Filing # 253276904 E-Filed 07/26/2026 01:33:27 PM

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**AVRUMI LUBIN,**
　　Appellant,

v.

**FVP OPPORTUNITY FUND III, LP, et al.,**
　　Appellees.

**CASE NO.:** 4D2025-3564

**L.T. NO.:** 062022CA005125AXXXCE

**TRAVEL TOGETHER NO.:** 4D2026-1512

---

## APPELLANT'S RESPONSE TO JULY 23, 2026 ORDER TO SHOW CAUSE
## AND NOTICE OF COMPLIANCE

Appellant Avrumi "Josh" Lubin, appearing pro se, respectfully responds to the Court's July 23, 2026 Order to Show Cause and gives notice of compliance with the request-filing portion of the Court's July 2, 2026 order.

1. On July 2, 2026, this Court directed the parties, within fourteen days, to request an order from the United States Bankruptcy Court stating whether this appeal should be stayed under 11 U.S.C. § 362(a); to file a notice of compliance upon filing that request; and to file the resulting Bankruptcy Court order within five days after its issuance.

2. The contemplated request was timely filed. On July 13, 2026, the FVP Parties filed a Supplemental Motion for Relief from the Automatic Stay in In re Avrumi

*1*

Lubin a/k/a Josh Lubin, Bankr. D.N.J. Case No. 26-17342-EJO, Dkt. 33. That motion expressly addresses Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 and asks the Bankruptcy Court either to lift the stay or to enter a comfort order determining the stay's applicability and scope. Relevant docket-stamped pages are attached as Exhibit A.

3. On July 21, 2026, Appellant filed an objection in the Bankruptcy Court, Dkt. 44, opposing stay relief and requesting an order confirming that the stay applies. The Bankruptcy Court has scheduled Dkt. 33 for hearing on August 6, 2026 at 10:00 a.m.

4. On July 15, 2026, Appellant filed a notice of compliance in travel-together Appeal No. 4D2026-1512 (Florida Courts E-Filing Portal Reference No. 252472104). Although that filing identified No. 4D2025-3564 as the travel-together appeal, it was docketed only in No. 4D2026-1512. Appellant mistakenly understood that filing to address both matters and did not separately file a notice in No. 4D2025-3564.

5. The face of the July 23, 2026 Order to Show Cause does not list Appellant among the persons served. Appellant discovered the order while reviewing the public ACIS docket on July 26, 2026 and is filing this response and notice the same day, within the Court's ten-day period.

2

6. The Bankruptcy Court has not yet entered its resulting order. Accordingly, the July 2 order's five-day period for filing the resulting Bankruptcy Court order has not begun. Appellant will file the resulting order in this appeal within five days after it is issued.

7. This filing supplies the separate notice of compliance that was omitted from this appeal: the Bankruptcy Court request was filed on July 13, 2026, remains pending, and is set for hearing on August 6, 2026.

**WHEREFORE,** Appellant respectfully requests that the Court accept this response and notice of compliance, discharge the July 23, 2026 Order to Show Cause without dismissal or sanctions, and grant such other relief as is appropriate.

Respectfully submitted,

/s/ Avrumi "Josh" Lubin
Avrumi "Josh" Lubin, pro se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
E-mail: josh@tetonfunding.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2026, a true and correct copy of the foregoing was filed and served through the Florida Courts E-Filing Portal upon all current Portal-designated recipients and was served at the following e-mail addresses:

Jerrell A. Breslin, Esq. — jb@jsjb.law; eservice@jsjb.law; jerrellbreslin@gmail.com

Jonathan N. Schwartz, Esq. — js@jsjb.law; eservice@jsjb.law; jv@jsjb.law

Patrick R. Dorsey, Esq. — pdorsey@slp.law; dwoodall@slp.law; pmouton@slp.law

Elliot B. Kula, Esq. — elliot@kulalegal.com; eservice@kulalegal.com

Elaine D. Walter, Esq. — eservice@kulalegal.com

Stanley Q. Casey, Esq. — scasey@sqcaseylaw.com

/s/ Avrumi "Josh" Lubin
Avrumi "Josh" Lubin

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this computer-generated document complies with the font requirements of Florida Rule of Appellate Procedure 9.045 because it is set in Arial 14-point font. The response contains fewer than 2,500 words, excluding the caption, certificates, signature block, and attached court filings.

/s/ Avrumi "Josh" Lubin
Avrumi "Josh" Lubin

4

# EXHIBIT A

## Bankruptcy Dkt. 33 and Relevant Excerpts of Dkt. 33-1

FVP Parties' July 13, 2026 Request for Stay Relief or, Alternatively, a Comfort

Order

*In re Avrumi Lubin a/k/a Josh Lubin, Bankr. D.N.J. Case No. 26-17342-EJO*

5

**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: JMara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>　　　　　　Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**NOTICE OF SUPPLEMENTAL MOTION OF FVP OPPORTUNITY FUND III, L.P.,
FVP INVESTMENTS, LLC, AND FVP SERVICING, LLC FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO PERMIT PENDING
FLORIDA APPEALS TO PROCEED, AND, IN THE ALTERNATIVE, FOR A
COMFORT ORDER DETERMINING THE STAY'S APPLICABILITY**

**PLEASE TAKE NOTICE** that  on a date and time to be fixed by the Court, creditors and

movants FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC

(collectively, the "FVP Parties"), by and through undersigned counsel, respectfully move this

Court, pursuant to 11 U.S.C. § 362(d), for entry of an order granting relief from the automatic stay

to permit three appeals now pending before the District Court of Appeal of the State of Florida,

Fourth District (the "Fourth District") to proceed to resolution, and, in the alternative, for a comfort

order determining the applicability and scope of the automatic stay as to those appeals.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, Plaintiffs rely upon

the accompanying Memorandum of Law.

BALDASSARE & MARA, LLC

Dated: July 13, 2026                                   By:     */s/ Jennifer Mara*
                                                                Jennifer Mara, Esq.
                                                                75 Livingston Avenue, Suite 101
                                                                Roseland, New Jersey 07068
                                                                T: (973) 604-6686
                                                                F: (973) 556-1071
                                                                E: JMara@mabalaw.com

                                                                Jerrell Breslin, Esq. (*pro hac vice*)

                                                                *Attorneys for Plaintiffs*
                                                                *FVP Servicing, LLC,*
                                                                *FVP Opportunity Fund III, LP,*
                                                                *and FVP Investments LLC*

2

**BALDASSARE & MARA, LLC**
75 Livingston Avenue, Suite 101
Roseland, NJ 07068
T: (973) 604-6686
F: (973) 556-1071
E: jmara@mabalaw.com

**SCHWARTZ | BRESLIN, PLLC**
The DuPont Building, 169 East Flagler Street, Suite 700
Miami, Florida 33131
T: 305-577-4626
F: 305-577-4630
E: JB@JSJB.Law | EService@JSJB.Law

*Attorneys for Plaintiffs*
*FVP Servicing, LLC,*
*FVP Opportunity Fund III, LP,*
*and FVP Investments LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF FVP'S SUPPLEMENTAL MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**PRELIMINARY STATEMENT**

This supplemental motion arises from a directive of the Fourth District. After the debtor and debtor-in-possession, Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), filed a suggestion of bankruptcy, the Fourth District, by order dated July 2, 2026, directed the parties within fourteen days to request that this Court "issue an order stating whether this appeal should be stayed pursuant to 11 U.S.C. § 362(a) or any other provision of the United States Bankruptcy Code," and to file a

copy of any resulting order with the Fourth District within five days of its issuance. *Lubin v. FVP Opportunity Fund III* at 1.

The FVP Parties acknowledge that, under controlling authority, the automatic stay applies to these appeals. Each appeal continues the litigation that FVP originally brought against the Debtor, and the stay applies to appeals in proceedings "originally brought against the debtor," regardless of whether the Debtor is the appellant or the appellee. *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448–49 (3d Cir. 1982); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1992). That the Debtor is the sole appellant does not change the result.

The applicability of the stay is not the end of the inquiry, however. Only this Court may grant relief from the stay, and it "shall" do so "for cause." 11 U.S.C. § 362; *In re Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997). Cause exists here. The appeals are prosecuted by the Debtor; permitting them to be decided in the forum where they are already pending—one of them fully briefed—will not prejudice the estate and can only clarify or reduce FVP's claim. The Third Circuit has lifted the stay in precisely this situation to allow a pending state-court appeal to be resolved where the parties had already briefed it. *In re Wilson*, 116 F.3d 87 (3d Cir. 1997). The FVP Parties therefore ask the Court to lift the stay to permit the appeals to proceed and, in the alternative, to enter a comfort order confirming the stay's applicability for the Fourth District's benefit.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. 28 U.S.C. § 1334; 28 U.S.C. § 157; *FVP v. Lubin*, Motion for Comfort Order at 1. A motion "to terminate, annul, or modify the automatic stay" is a core proceeding. 28 U.S.C. § 157. Relief from the automatic stay is governed by 11 U.S.C. § 362(d), and the determination of the stay's applicability is within this

2

Court's competence concurrently with the Fourth District. 11 U.S.C. § 362; *In re Pope*, 209 B.R. 1015 (Bankr. N.D. Ga. 1997).

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

### I.   THE BROWARD COUNTY JUDGMENT AND ENFORCEMENT PROCEEDINGS

The appeals arise out of litigation commenced in the Circuit Court for Broward County, Florida (lower tribunal No. 062022CA005125AXXXCE), in which FVP Opportunity Fund III, L.P. obtained a final judgment against the Debtor. *Lubin v. FVP Opportunity Fund III* at 1; *FVP v. Lubin*, Motion for Comfort Order at 1. To enforce that judgment, FVP pursued proceedings supplementary that culminated in the entry of charging orders on June 11, 2026, against the Debtor's membership interests in JL Special Investments, LLC, and Teton Life, LLC. *FVP v. Lubin*, Motion for Comfort Order at 1. The charging orders reach only the Debtor's interests in those limited liability companies, and not the separate assets or rights of the companies themselves.

### II.   THE PENDING APPEALS

Three appeals arising from that litigation are pending before the Fourth District, in each of which the Debtor is the sole appellant and FVP is the appellee. First, Appeal No. 4D2025-3564 is an appeal from the final judgment. Second, Appeal No. 4D2026-1512 challenges the charging orders and the Debtor's interest in the limited liability companies; that appeal is fully briefed and awaits decision. Third, Appeal No. 4D2026-1833—captioned *Avrumi Lubin a/k/a Josh Lubin, Appellant, v. FVP Opportunity Fund III, L.P.*, Appellee, and arising from the same lower tribunal No. 062022CA005125AXXXCE—likewise concerns the charging orders and the Debtor's interest in the limited liability companies; that appeal is awaiting the filing of the record on appeal. *FVP v. Lubin*, Motion for Comfort Order at 1; *Lubin v. FVP Opportunity Fund III* at 1.

Because the Debtor is the only appellant, none of the appeals seeks recovery from the Debtor or the estate; each is the Debtor's own effort to overturn the judgment and charging orders entered against him.

## III. THE CHAPTER 11 CASE AND THE FOURTH DISTRICT'S ORDERS

The Debtor commenced this case by filing a Chapter 11 petition, and the case is pending before this Court as Case No. 26-17342-EJO. *FVP v. Lubin*, Motion for Comfort Order at 1. A suggestion of bankruptcy was filed in the Fourth District. *Lubin v. FVP Opportunity Fund III* at 1. The Fourth District then entered its July 2, 2026, order directing the parties, within fourteen days, to obtain a determination from this Court as to whether the appeals should be stayed, to file a notice of compliance, and to file a copy of any order this Court enters within five days of its issuance. *Lubin v. FVP Opportunity Fund III* at 1. The Debtor's position on the relief requested in this motion is presently unknown to the FVP Parties.

## RELIEF REQUESTED

The FVP Parties request entry of an order (i) granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 to proceed to resolution before the Fourth District; and (ii) in the alternative, determining and confirming the applicability and scope of the automatic stay as to those appeals for the benefit of the Fourth District. (11 U.S.C. § 362)

## ARGUMENT

## I. THE AUTOMATIC STAY APPLIES TO THE APPEALS, SO RELIEF UNDER SECTION 362(D) IS THE PROPER VEHICLE

Whether the stay reaches an appeal is fixed by looking at the underlying proceeding "at its inception": the stay reaches "all appeals in proceedings that were originally brought against the

# SUPPLEMENTAL EXHIBIT V

Authority to Represent ("Leto Law Firm engagement"), dated August 1, 2023,
with signature pages and Adobe Acrobat Sign audit report,
as publicly filed in In re Auto Wholesale of Boca, LLC,
No. 22-15627-EPK (Bankr. S.D. Fla.), Docket No. 925-1 at 38-45 (July 3, 2025)

# EXHIBIT "E"

Retainer Agreement

## AUTHORITY TO REPRESENT

Hi Bar Capital, LLC, Mordi Herbst, Yisroel Herbst, Spin Capital, and Josh Lubin (referred to herein as "Clients") hereby retain and authorize the Leto Law Firm to represent them in the following lawsuits:

- Nicole Testa Mehdipour v. Hi Bar Capital, et. al., Southern District of Florida Case No.: 22-12790-EPK;
- Hi Bar Capital, LLC v. Karma of Palm Beach, Inc., et. al., Broward County Case No.: 22-006401

1.      For services rendered, it is understood that Joshua Lubin has agreed to pay all fees and costs associated with this representation pursuant to the terms of the *Common Interest and Joint Litigation Agreement* dated January 28, 2022, which is incorporated herein by reference. Furthermore, it is understood by Clients that the *Common Interest and Joint Litigation Agreement* provides Mr. Lubin with "the authority to prosecute and settle" the matters and unless terminated pursuant to Section 2(f). Finally, counsel understands that Spin Capital and Josh Lubin have an interest in the outcome of this case, and while not counsel of record in the case for Spin and Lubin, understands they are a joint client for purposes of this case

2.      For the representation described above, it agreed that Leto Law Firm shall receive an initial $20,000 non-refundable retainer. Although the retainer is non-refundable and deemed earned upon receipt, Clients will not be billed until services rendered on an hourly basis exceed the amount of the non-refundable retainer. Matthew Leto will bill at an hourly rate of $525 per hour and Charlie Gourlis will bill at an hourly rate of $450 per hour. Any paralegal time will be billed at $125 per hour. In addition to the forgoing, a refundable trial retainer in the amount of $50,000 will be required no later than 30 days prior to any scheduled trial date. Any unused portion of that trial retainer (after application to pending fees) shall be returned at the conclusion of the trial.

3.      In addition to the fees described above, Mr. Lubin also agrees to pay all necessary costs incurred in this matter and out-of-pocket expenses incurred related to this representation. These costs include, but are not limited to, items such as filing fees, costs of serving summonses and subpoenas, witness fees, court reporting fees, expert witness fees, postage, photocopying, parking, certified copies, courier services, travel expenses, photographs, graphics, and records.

4.      As you know, the Firm represents more than one client in this matter. An undertaking by a lawyer to represent more than one client in the same matter is called a "joint representation." The applicable rules of professional responsibility permit the representation of more than one client in the same matter provided that, among other things, the lawyer reasonably believes that he or she can adequately represent each client's interests competently and diligently and each client provides informed consent in writing to the joint representation. Joint representation is, of course, not mandatory in this matter, and you have the right to retain an attorney other than the Firm as your counsel.

We believe, based on the information furnished to us, that the Clients share a common interest with respect to the Engagement. Based upon the information provided to us about the facts of this matter, there does not appear to be an actual conflict among the Clients. It is possible that, however, that, in the future, your goals, objectives and interests in the Engagement might change and become different from that the other Clients. This creates a potential conflict of interest in the Firm's representation of the Clients now and may create an actual conflict of interest in the future. You are entitled to counsel who does not face either a potential or actual conflict of interest. Should you wish to retain the Firm, each Client agrees to waive any potential and/or actual conflict of interest which arises from our Firm's joint representation of the other Clients.

Although we are not currently aware of any actual or reasonably foreseeable adverse effects of joint representation, it is possible that issues may arise in which our representation of you may be materially limited by our representation of the other Clients. And, you acknowledge that it is not possible to predict all of the conflicts which may arise in a matter where multiple clients are being jointly represented. If such circumstances arise, the Firm will evaluate whether continued joint representation is appropriate, as discussed below.

We understand that no Client objects to the Firm representing the other Clients in this matter and that, to the extent that any potential conflict may exist or appear to exist, each Client waives any such conflict. Based on the information provided to us by you, and your expressed desire for joint representation, we have concluded that the Firm may appropriately represent the Clients in this matter at this time. If at any time you have any concerns about the appropriateness of continued joint representation, you should let us know immediately so that we can reevaluate the Firm's continuing joint representation of the Clients. If we become aware of any such circumstances, we will do the same.

In the event that joint representation is no longer appropriate in the Firm's determination, including because of any adversity, dispute, conflict, or differing interests among the Clients, you agree that the Firm may in its sole discretion withdraw from representing any of the Clients and may in its sole discretion continue to represent the other Clients in the Engagement. In such scenario, each Client agrees not to move to disqualify the Firm from continuing to represent the other Clients in any action related to the Engagement, nor will the client authorize any counsel they retain to move for such disqualification.

You also understand that if the Firm were to represent any Client alone in this matter, it would not be able to share the information provided by the Client with anyone except as provided by law. However, when a law firm jointly represents multiple clients in a single matter, there is no privilege which may be asserted as between the clients. You understand, therefore, that the Firm may elect, as it deems appropriate, to share information provided by you with the other Clients; but you further understand that the Firm may not necessarily share with you all of the information it receives from any other Client. You agree that, should the Firm be discharged by you or should the Firm withdraw from representing you under any of the circumstances described in this Engagement Letter, any information previously acquired by the Firm from you may be used by the Firm in furtherance of its continued representation of the other Clients in this matter.

Your signature below confirms that you have been given the option to consult with independent counsel concerning the conflict and joint representation issues discussed above and have had adequate time to do so, and further confirms that you waive any actual and/or potential conflicts of interest raised by the Firm's joint representation in this matter.

5.      Clients understand that there have been no guarantees made regarding the disposition of any phase of this case. All expressions which relate to the possible results in the case are based strictly on opinion. Likewise, it is impossible to determine in advance the amount of time or expenses needed to complete your case and no assurances of what those costs will ultimately be can be given to you.

6.      All bills for costs incurred shall be payable upon receipt. In addition, Clients and Mr. Lubin agree to carefully review all statements and to promptly notify this firm in writing of any errors or discrepancies in billing within twenty (20) days of the date of the statement.

7.      As permitted by law, an award of legal fees and/or costs may be sought from the opposing party. The payment of such fees shall not be determinative of the amount owed by Clients. Clients understands that the pursuit of an award of attorney's fees is an additional service and any time required to collect the amount due from the opposing party will also be chargeable to Clients.

8.      Representation in this matter will be withdrawn if Clients misrepresent or fail to disclose material facts, or if Clients fails to cooperate or follow advice as given, or if Clients do not make the payments required by this agreement. If suit must be filed for the collection of any sums due under this agreement, then Clients shall pay reasonable attorney's fees together with court costs for collection of such unpaid amounts. In addition, should Clients fail to timely pay for services rendered, Clients acknowledge that an attorney's charging lien and/or retaining lien may be placed against any proceeds or assets you receive or retain pursuant to this matter.

9.      Clients understand that this representation is limited to the matter described above. Should any appeal proceedings be required, a new fee agreement for that appeal will have to be signed.

10.     The provisions of this agreement may be disclosed to the Court in connection with any application for fees and services which may be rendered on Clients' behalf and the Court may be advised by the undersigned of any amounts that have been received on account of fees and costs.

9       This agreement contains the entire understanding between us and may not be varied or modified unless in writing.

11.     FLORIDA LAW GOVERNS THIS FEE AGREEMENT AND ITS TERMS AND CONDITIONS (EXCLUDING FLORIDA'S CONFLICT OF LAW RULES) AND YOU CONSENT TO EXCLUSIVE JURISDICTION AND VENUE IN A COURT IN MIAMI DADE COUNTY, FLORIDA FOR RESOLUTION OF ANY DISPUTE ARISING FROM OR RELATED TO THIS FEE AGREEMENT.

12.     If the above correctly and fully sets forth our agreement, please sign a copy hereof where indicated below and return it with the initial retainer fee.

13.     YOU UNDERSTAND THAT LETO LAW FIRM DOES NOT HAVE THE AUTHORITY PROCEED UNTIL SUCH TIME AS THIS DOCUMENT IS SIGNED BY ALL PARTIES.

THIS IS A LEGALLY BINDING CONTRACT.  BEFORE SIGNING, PLEASE READ IT CAREFULLY AND BE SURE YOU UNDERSTAND ALL OF ITS CONTENTS.  IF THERE IS ANYTHING YOU DO NOT UNDERSTAND, PLEASE ASK. DO NOT HESITATE TO HAVE THIS AGREEMENT REVIEWED BY ANOTHER ATTORNEY OF YOUR CHOICE.

READ, APPROVED AND ACCEPTED THIS ___ DAY OF_____, 2023.


By: _____
Mordechai Herbst (Aug 1, 2023 12:46 EDT)
    Hi Bar Captial, LLC

Address: 2250 59th street Brooklyn NY
Business Telephone: 929-491-9130
Cellular Telephone: 929-491-9130
E-Mail: Mordi@hibarcapital.com


By: _____
Mordechai Herbst (Aug 1, 2023 12:46 EDT)
    Mordi Herbst

Address: 2250 59th street Brooklyn NY
Business Telephone: 929-491-9130
Cellular Telephone: 929-491-9130
E-Mail: Mordi@hibarcapital.com


By: _____
Yisroel M Herbst (Aug 1, 2023 17:50 GMT+1)
    Yisroel Herbst

Address: 2250 59th Street Brooklyn NY 11204
Business Telephone: 91757738882
Cellular Telephone: 9175773882
E-Mail: Ymherbst@gmail.com

By: _____

    Joshua Lubin

Address: 1460 arboretum pkwy lakewood NJ 0i8701

Business Telephone: 732-608-4905

Cellular Telephone: 732-608-4905

E-Mail: Josh@spincapital.com


The above employment is hereby accepted upon the terms stated above.


Dated:_____    _____

                                     Matthew Leto

                                     LETO LAW FIRM

# Authority to Represent - Hi-Bar Matters

Final Audit Report                                                          2023-08-01

| | |
|---|---|
| Created: | 2023-08-01 |
| By: | Matthew Leto (mleto@letolawfirm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAX2MzRrj-KnxuofdWUFMwj9Lj5tx_WLA5 |

## "Authority to Represent - Hi-Bar Matters" History

🗐 Document created by Matthew Leto (mleto@letolawfirm.com)
2023-08-01 - 2:47:45 PM GMT- IP address: 38.132.160.173

🖃 Document emailed to josh@spincapital.com for signature
2023-08-01 - 2:50:34 PM GMT

🗐 Email viewed by josh@spincapital.com
2023-08-01 - 4:39:45 PM GMT- IP address: 174.208.226.102

🖊 Signer josh@spincapital.com entered name at signing as Josh lubin
2023-08-01 - 4:42:05 PM GMT- IP address: 174.208.226.102

🖊 Document e-signed by Josh lubin (josh@spincapital.com)
Signature Date: 2023-08-01 - 4:42:07 PM GMT - Time Source: server- IP address: 174.208.226.102

🖃 Document emailed to mordi@hibarcapital.com for signature
2023-08-01 - 4:42:08 PM GMT

🗐 Email viewed by mordi@hibarcapital.com
2023-08-01 - 4:44:16 PM GMT- IP address: 104.47.66.126

🖊 Signer mordi@hibarcapital.com entered name at signing as Mordechai Herbst
2023-08-01 - 4:46:35 PM GMT- IP address: 69.118.107.4

🖊 Document e-signed by Mordechai Herbst (mordi@hibarcapital.com)
Signature Date: 2023-08-01 - 4:46:37 PM GMT - Time Source: server- IP address: 69.118.107.4

🖃 Document emailed to ymherbst@gmail.com for signature
2023-08-01 - 4:46:38 PM GMT

🗐 Email viewed by ymherbst@gmail.com
2023-08-01 - 4:47:32 PM GMT- IP address: 86.8.175.20

**Adobe Acrobat Sign**

Signer ymherbst@gmail.com entered name at signing as Yisroel M Herbst
2023-08-01 - 4:49:59 PM GMT- IP address: 86.8.175.20

Document e-signed by Yisroel M Herbst (ymherbst@gmail.com)
Signature Date: 2023-08-01 - 4:50:01 PM GMT - Time Source: server- IP address: 86.8.175.20

Agreement completed.
2023-08-01 - 4:50:01 PM GMT

**Adobe Acrobat Sign**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In re Avrumi Lubin, Case No. 26-17342-EJO

# SUPPLEMENTAL EXHIBIT W

## Public GrayRobinson Counsel-Transition Filings

1. Notice of Limited Appearance for Avrumi Lubin, Filing No. 251032035 (June 23, 2026).

2. Motion to Withdraw as Counsel, Filing No. 253413569 (July 28, 2026).

3. Notice of August 4, 2026 Hearing, Filing No. 253429185 (July 28, 2026).

*Submitted with Debtor's Short Supplemental Objection to Dkt. 33*

Filing # 251032035 E-Filed 06/23/2026 04:13:57 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

    Plaintiff(s)/ Petitioner(s)              CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

    Defendant(s) / Respondent(s)

_____/

## NOTICE OF LIMITED APPEARANCE OF COUNSEL FOR AVRUMI ("JOSH") LUBIN SOLELY WITH RESPECT TO CHARGING ORDER/FORECLOSURE SALE PROCEEDINGS

Defendant/Judgment Debtor Avrumi ("Josh") Lubin, by and through undersigned counsel, files this Notice of Limited Appearance and states:

Undersigned counsel hereby appears on a limited basis solely with respect to: (1) the May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale; and (2) any related proceedings, motions, hearings, enforcement, or appellate matters concerning charging orders, foreclosure of transferable interests, private or judicial sale procedures, or distribution redirection affecting Lubin's interests in Spin Capital, LLC (a New Jersey LLC) and Teton Funding, LLC (a Delaware LLC). This limited appearance does not extend to any other aspects of this action absent further filing expanding the scope.

All future filings, notices, and hearing settings concerning the foregoing limited subject matter should be served on undersigned at the contact information below.

#67890831 v1                                              1

## Certification regarding use of Artificial Intelligence and Compliance with Florida Rule of General Practice and Judicial Administration 2.515(d)(2)

The undersigned hereby certifies that generative artificial intelligence was used with respect to the preparation of this Notice. The undersigned has independently verified the accuracy of every citation to the law and/or record, and the accuracy of any language drafted by generative artificial intelligence, including quotations, citations, paraphrased assertions, facts and legal analysis

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Scott.Topolski@gray-robinson.com
Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394
Limited Appearance Counsel for Avrumi
"Josh" Lubin

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy has been furnished electronically by uploading same to the Florida e-filing portal to all counsel and parties on the Service List on June 23, 2026.

/s Scott J. Topolski
Attorney

Filing # 253413569 E-Filed 07/28/2026 11:08:27 AM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

      Plaintiff(s)/ Petitioner(s)            CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

      Defendant(s) / Respondent(s)

_____/

## MOTION TO WITHDRAW AS COUNSEL FOR TETON LIFE, LLC, JL SPECIAL INVESTMENTS, LLC, TETON FUNDING, LLC, AND AVRUMI "JOSH" LUBIN

COMES NOW, the undersigned Scott J. Topolski, Esquire of Gray Robinson, P.A., files this Motion to Withdraw as Counsel for Defendants, TETON LIFE, LLC, JL SPECIAL INVESTMENTS, LLC, TETON FUNDING, LLC and AVRUMI "JOSH" LUBIN, and states as follows:

1.    Gray Robinson, P.A. through Scott J. Topolski, Esquire, currently serves a counsel of record for Defendants TETON LIFE, LLC, JL SPECIAL INVESTMENTS, LLC, and TETON FUNDING, LLC in this action.

2.    Gray Robinson, P.A. through Scott J. Topolski, Esquire, also represents Defendant AVRUMI "JOSH" LUBIN, solely with respect to the Charging Order Foreclosure Sale previously scheduled in this matter, which has since been canceled.

3.    Irreconcilable differences have arisen between undersigned counsel and Defendants TETON LIFE, LLC, JL SPECIAL INVESTMENTS, LLC, TETON FUNDING, LLC and AVRUMI "JOSH" LUBIN, rendering continued representation impossible.

4.    Accordingly, undersigned counsel respectfully requests that the Court enter an Order permitting withdrawal as counsel of record for the Defendants and directing the Clerk to

remove undersigned counsel service list so that no further pleadings, notices, or correspondence are served upon counsel in this matter.

5.   Undersigned counsel further requests that the Court allow Defendants thirty (30) days from the date of this Court's Order to obtain new counsel and to respond to any pending pleadings or other matters before the Court.

6.   Defendant TETON LIFE, LLC's last known contact information is as follows: 1460 Arboretum Parkway, Lakewood NJ 08701, telephone number: (732) 608-4905, and email address: josh@tetonfunding.com.

7.   Defendant JL SPECIAL INVESTMENTS, LLC's last known contact information is as follows: 1460 Arboretum Parkway, Lakewood NJ 08701, telephone number: (732) 608-4905, and email address: josh@tetonfunding.com.

8.   Defendant TETON FUNDING, LLC's last known contact information is as follows: 1460 Arboretum Parkway, Lakewood NJ 08701, telephone number: (732) 608-4905, and email address: josh@tetonfunding.com.

9.   Defendant AVRUMI "JOSH" LUBIN's last known contact information is as follows: 1460 Arboretum Parkway, Lakewood NJ 08701, telephone number: (732) 608-4905, and email address: josh@tetonfunding.com

10.   This Motion is made in good faith and not for purposes of delay.

WHEREFORE, the undersigned respectfully requests that this Honorable Court grant this Motion to Withdraw as Counsel for Defendants TETON LIFE, LLC, JL SPECIAL INVESTMENTS, LLC, TETON FUNDING, LLC and AVRUMI "JOSH" LUBIN, allow Defendants thirty (30) days from the date of the Court's Order to obtain new counsel and respond to any pending matters, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Email: Scott.Topolski@gray-robinson.com
Email: Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing through the Florida Courts E-filing Portal to all counsel and parties on the Court's service list and further served via email and Federal Express upon: Teton Life LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, JL Special Investments LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, Teton Funding LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, and Avrumi "Josh" Lubin, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, this 28th day of July, 2026

/s Scott J. Topolski
Attorney

Filing # 253429185 E-Filed 07/28/2026 12:49:34 PM

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

    Plaintiff(s)/ Petitioner(s)            CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

    Defendant(s) / Respondent(s)

_____/

**NOTICE OF HEARING**

YOU ARE HEREBY NOTIFIED that undersigned counsel has called up for hearing the following:

DATE:      August 4, 2026
TIME:      8:45 a.m.
JUDGE:    Honorable David A. Haimes
PLACE:    Via Zoom
MATTER:  **Motion to Withdraw as Counsel for Defendants Teton Life LLC, Special Investments LLC, Teton Funding LLC, and Avrumi Lubin** (filed 7/28/26)

Zoom Link:   https://17thflcourts.zoom.us/j/319670946

                         Respectfully submitted,

                         GRAYROBINSON, P.A.
                         2255 Glades Road, Ste. 301E
                         Boca Raton, FL 33431
                         Telephone: 561-368-3808
                         Email: Scott.Topolski@gray-robinson.com
                         Email: Shimirra.Jackson@gray-robinson.com

                         By: /s/ Scott J. Topolski
                         Scott J. Topolski
                         Florida Bar No. 0006394

/31024/1#68288870 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic filing through the Florida Courts E-filing Portal to all counsel and parties on the Court's service list and further served via email and Federal Express upon: Teton Life LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, JL Special Investments LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, Teton Funding LLC, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, and Avrumi "Josh" Lubin, 1460 Arboretum Parkway, Lakewood NJ 08701, josh@tetonfunding.com, this 28th day of July, 2026

/s Scott J. Topolski
Attorney

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In re Avrumi Lubin, Case No. 26-17342-EJO

# SUPPLEMENTAL EXHIBIT X

### Certified Excerpts — July 23, 2026 Hearing Transcript

Selected transcript pages: caption page 1; pages 12–14, 19–21, 32–34, and 44–45; and certification page 47.

The excerpts include the Court's preliminary observation and express statement that it was not deciding Dkt. 33, counsel-retention discussion, plan-purpose discussion, Dkt. 13/Dkt. 33 clarification, and certification.

*Submitted with Debtor's Short Supplemental Objection to Dkt. 33*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:                           .      Case No. 26-17342-EJO
                                 .
                                 .
AVRUMI LUBIN,                    .
                                 .      402 East State Street
                                 .      Trenton, NJ 08608
        Debtor.                  .
                                 .
                                 .      July 23, 2026
. . . . . . . . . . . .          .      2:00 p.m.


TRANSCRIPT OF ORDER TO SHOW CAUSE, MOTION TO VACATE STAY
and DISMISSAL

BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE


TELEPHONIC APPEARANCES:

For the Debtor:              AVRUMI LUBIN, PRO SE
                             1460 Arboretum Parkway
                             Lakewood, NJ 08701

For the U.S. Trustee:        Office of the U.S. Trustee
                             By:  RACHEL WOLF, ESQ.
                             One Newark Center
                             Suite 2100
                             Newark, NJ 07102



Audio Operator:              Michelle Fogleman



Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311     Fax No. (609) 587-3599**

12

THE COURT: Mr. Lubin, I'm going to stop you there. So I understand that you wish to retain counsel and that there's complications there. I don't think there's anything else that really can be accomplished by having a further dialogue on that although I will say, sir, that, you know, to the extent that your case survives beyond today, I see very little possibility that you can prosecute a Chapter 11 case to completion in a matter with this universal creditors without counsel. So, you know, to the extent that you are going to stay pro se in this matter, I expect that this is, assuming you can get past today, the reporting requirements, the legal issues that need to be dealt with, this is not something that I would expect you to have counsel.

MR. LUBIN: I agree. I intend to have -- I wish I had counsel yesterday. I intend to have counsel. I mean, counsel is doing due diligence, a few attorneys, but I intend to have counsel as soon as possible. It might take a couple of weeks or so, but, no, I should not be pro se. It's a rights issue here with my civil rights, and no, I -- someone that has dyslexia, yeah, I do have Claude with West Law so -- and I'm able to put together a little bit of a motion, but, no, I should not be pro se. And my first priority is having attorneys that are legally protecting my interest put together all schedules and whatever needs to be done to protect my interest, and it should not be -- I fully agree with Your Honor

13

on that.

I'm sure there's more inconsistencies. They're not intentional. In my schedules, there's a lot of paperwork. It's overwhelming for someone like -- it's above my pay grade, this type of stuff. I'm good at negotiating and speaking. I'm not good at putting together schedules.

THE COURT: So, turning to the motion, Mr. Breslin, you know, I'll hear from you and, you know, one of the things that I do just have to say at the outset is that given Mr. Lubin's current pro se status and the fact that he is -- it sounds like he is endeavoring to hire counsel, you know, on this matter, I have to say that while I haven't decided anything yet, I think I would need to overcome a pretty high hurdle to make any ruling today as opposed to kind of treating this as a preliminary hearing subject to supplemental briefing including getting some sworn statements from Mr. Lubin that this case is even properly venued here.

I want to, if Mr. Lubin is getting counsel, you know, I think it benefits everyone including the Court to have a bankruptcy lawyer address these issues. And so I realize that you have no control over that, Mr. Breslin, and that you want the relief that you want but I will also say that I do have some pause here.

I understand your client's frustration, but it is certainly not the first time that a judgment debtor has sought

14

protection from creditors in Chapter 11 and that I understand that your client is not happy with that but one of the things I need to be persuaded of is that this really, you know, rises to the level of bad faith that would warrant dismissal and I'm not sure that there's the factual record there. And so I'm saying this to you just to be as helpful as I can in aiding you in your presentation so with that, let me hear from you, please, sir.

MR. BRESLIN: Thank you, Your Honor. And I'll brief. I certainly understand Your Honor's position. As far as Mr. Lubin's counsel, and we could file affidavits to this effect, this has been an ongoing problem with Mr. Lubin. I was trial counsel during the trial which returned the fraud verdict against Mr. Lubin that is now both in post-judgment collection and on appeal, and I'll be happy to submit an affidavit to this effect.

Mr. Lubin went through eight different lawyers in the trial and he wound up hiring I believe the ninth a few days before the trial. After the trial that counsel withdrew and Mr. Lubin has been pro se in the collection matters for at least six months and there's been an ongoing common theme presented before Judge Haimes, the complex business judge in Fort Lauderdale, about Mr. Lubin and counsel and it's a common theme and I'm happy to outline all of it in detail to Your Honor.

19

take over and we'd only be dealing with the Trustee.

So, I'm very, very sympathetic to what Your Honor's concerns are but it's these very concerns about the waste of judicial resources that we attempted to resolve by moving to vacate as opposed to just seeking a relief from stay. Because ultimately, I just don't see any goal that he can achieve against a fraud judgment and that's the only matter that's before Your Honor. I don't see any other creditors here seeking any type of relief.

So, that's our position, Judge. And don't get me wrong. I'm in line with Your Honor 100 percent on what you would seek. But, you know, if you're really interested in hearing the entire history of these ongoing efforts to just obstruct a jury verdict after a lengthy trial, we're happy to present that to Your Honor. Thank you, Your Honor.

THE COURT: Thank you, Mr. Breslin. And just, look, so for me, I need to distinguish between whether or not a case that I think has legs and that can be completed and that's speculation on my part versus a case that clearly is filed in bad faith and serves no possible reorganizational purpose.

And so regarding your point about Mr. Lubin's schedules not containing any information, you know, I looked very carefully at them and, you know, taking the schedules at face value, he does note on Page 53 of 56 on his addendum to Schedule AB that, you know, with respect to Spin Capital which

20

Mr. Lubin maintains he owns 100 percent of that, you know, it has assets that include litigation claims in the face amount of in excess of $50 million.

So, again, I'm trying to view this from both sides. You know, is it not at least theoretically possible that the potential value of up to $50 million can't be the basis for trying to put together a plan?  I mean your client is owed less that $9 million, is that correct?

MR. BRESLIN:  Yes, Judge.  We supplemented.  It's around five at this point.

THE COURT:  Okay.  So, again, putting aside the pro se issue, putting aside, you know, the litigation issues that preceded the filing of the bankruptcy case, you know, at least in the record that I have before me, I have a debtor alleging to have assets that are potentially worth in excess of $50 million, whether that turns out to be true or not, I mean that's what, you know, the rest of the Chapter 11 process can bear out.

But in terms of determining today, you know, taking the statements and the schedules at face value that -- I mean it would be one thing if Mr. Lubin was conceding yeah, like my assets have zero value, there's nothing to try to restructure around or nothing that I can try to do a plan around as opposed to saying well, there's going to be a forced sale here, I filed for bankruptcy to get some breathing room and I want to

potentially explore away where I can monetize the assets through a plan that could also pay creditors.

So, again, not speaking to how likely those events are to happen, speaking to good faith and proper bankruptcy purpose as it stands today, I'm having trouble seeing how I can make that conclusion on the record that we have right now.

MR. LUBIN:  Your Honor, can I mention one thing?

MR. BRESLIN:  I understand, Judge.  Thank you.

MR. LUBIN:  Your Honor, the FVP parties have been -- they keep serving demand letters to Fred Stevens which I think you know, he's -- I appoint him as receiver on a matter of $9.3 million.  My company is the only creditor to the estate -- $9.3 million in cash.  And they keep on sending frivolous letters to try to get Fred to turn over the money which he's not going to do.  Fred is a very straight shooter.

But these assets they know about, the reason why there weren't values listed is I don't know what the values are of all these claims.  Not only that, I own Spin 100 percent but on these deals yes, there's over $100 million in claims, I don't own these participants.  Maybe 20 to 30 percent of all the claims out there is entitled to me is other people that are in these deals.

And FVP is trying to make believe there's no disclosure.  Eighty percent is public records.  You know, they're asking one of my receivers to try to turn over $9.3

32

So, that order was brought to Your Honor's attention. Now it's out of our hands.  Whatever Your Honor wants to do or not do is entirely, of course, up to Your Honor, but yeah, I mean the appellate courts, they want to know whether or not they can proceed with the multiple ongoing appeals and --

MR. LUBIN:  Your Honor, can I get into the stipulation?  I'm willing to --

THE COURT:  Not just yet, Mr. Lubin.  Not just yet, Mr. Lubin.

So, are you only now -- are you particularly just focused, Mr. Breslin, on getting stay relief to just execute?

MR. BRESLIN:  Well, we filed an adversary complaint for Your Honor to make a determination that our judgment, and only our judgement, nothing else, is not discharged.  So like I said, we made a motion to vacate as opposed to a motion for stay relief and so that matter was set for today and here we are.

After that, we filed the order from the second -- on the Fourth DCA.  The clerk deemed that as a motion for relief from stay.  Your Honor has scheduled that for an in-person hearing on August 6th and so that's where that came from.  Our motion was to vacate.  We didn't move for relief from stay. And depending on what Your Honor does today, we'll make that determination.

So, the adversary complaint is proceeding forward.

33

The Fourth DCA would like Your Honor to indicate to them what they can and cannot do.  But like I said, they want a comfort order.  And then lastly, their request for a determination by Your Honor to go to them is scheduled for August 6 in person and I would like Your Honor to permit that to be done by Zoom so I don't have to fly up there to have that hearing in person. That's what's scheduled for August 6.  It's the Fourth DCA's motion.

THE COURT:  Got it.  So, the appellate issues are going to be dealt with on the 6th.  Thank you for clarifying that.

So, Mr. Breslin, with respect to your request to vacate, I mean that really is part and parcel of the motion to dismiss which is that whether it's dismissed or you have relief from the stay, your clients can just bypass the bankruptcy and exercise self-help.  And if you have a bankruptcy that's not dismissed -- I mean the whole point of a bankruptcy is to give the debtor an opportunity to propose a plan that pays the claims, that creditors are all treated under a plan rather than just having a single creditor, you know, be able to kind of bypass the process and, you know, get their money now.

MR. BRESLIN:  I understand.

MR. LUBIN:  Can I mention one point?

MR. BRESLIN:  Please, please, Mr. Lubin, please don't interrupt me.

34

In response to that, Judge, the FVP parties and only the FVP parties have a fraud judgment, a jury verdict on fraud.

THE COURT:  Right.

MR. BRESLIN:  So we are in a different category than every other creditor --

THE COURT:  Pause there.  You're in a different category in the sense that you have a basis to say that whatever you get paid through the bankruptcy if there's anything left over, you can continue to try to collect, but that doesn't mean that fraud folks with non-dischargeable claims get to say well, we're just skipping the bankruptcy.  I mean there's all kinds of non-dischargeable IRS liabilities but they don't come in and say give us stay relief because we have a non-dischargeable claim, we just want to levy on the debtor's assets that he may be trying to use to fund a plan.

So, again, I do understand the difference but I don't see how that speaks to vacating the stay as opposed to just enhancing your client's rights for collection with respect to any unpaid amounts that remain after the debtor gets his discharge.

MR. BRESLIN:  Well, Judge, you certainly know more about it than I do so I wasn't looking at it that way.  I've simply gotten stay relief on fraud judgments, you know, a few times.  I don't practice bankruptcy law primarily.  I do it quite rarely and, you know, I'm a trial attorney.

44

In terms of what -- the only discovery that would be relevant is whether or not Mr. Lubin's debt is dischargeable is not relevant to the motion I have to decide.  I'll assume that Mr. Lubin's debt is non-dischargeable for purposes of the motion, but as I indicated, having a non-dischargeable debt doesn't prevent someone from filing for bankruptcy.  Filing for bankruptcy with a non-dischargeable debt doesn't make it subject to dismissal.

So, I'm talking in terms of the specific predicate for dismissal, for cause whether or not the case has been filed in bad faith in addition to whatever discovery that you want to take regarding whether or not Mr. Lubin qualifies for venue in the District of New Jersey.  Because, as I indicated, if Mr. Lubin does not qualify for venue, his case would be subject to dismissal under Rule 1014.

MR. BRESLIN:  And Your Honor is not inclined to convert it where our trustee could explore all of these issues and --

THE COURT:  Well, there's not a motion to convert before me right now and even if there were, at this early stage, I would not be inclined to convert this case.  Like I said, Mr. Lubin albeit belatedly has filed schedules that at least indicate that there are assets of value that would be available to fund a plan and giving him now ample time to try to retain counsel to try to make something happen, I don't feel

45

like in the interim it would be appropriate for me to, you know, to convert this case to Chapter 7 or to incur the administrative expense of having a Chapter 11 Trustee come on board particularly when there's motion to do so.

MR. BRESLIN: And as far as the August 6 hearing, Judge, is that going to be rolled up into these new orders? Because that's the Fourth DCA they requested something. I certainly understand that you're not going to respond, but that's what's scheduled I believe for the Fourth, that's our motion for relief from stay and I think Your Honor has indicated how you would rule at this point.

THE COURT: Well, I mean, actually, I'm not deciding that but it sounds like there's not a very good reason not to allow those appeals to go forward but that's not scheduled for today so I think we can still go ahead on that discrete issue on August 6th and you're not required to appear in person in that, Mr. Breslin.

MR. BRESLIN: Thank you, Judge. If you could have that by Zoom, I'd appreciate it. Thank you very much.

THE COURT: So, the Court's minutes will reflect that with respect to Number 55 on the calender, the order to show cause for failure to file missing documents, that's been withdrawn.

With respect to Number 56, the motion to vacate and for dismissal and for other relief is adjourned to September

47

# C E R T I F I C A T I O N

I, MARY POLITO, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/Mary Polito

MARY POLITO

J&J COURT TRANSCRIBERS, INC.          DATE:  July 29, 2026

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, NJ 08701 · (718) 570-3796 ·

josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 ·
Judge: Hon. Eamonn J. O'Hagan · Hearing Date: Dkt. 33 (Supplemental Motion for Stay
Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

**ORDER DENYING RELIEF FROM THE AUTOMATIC STAY WITHOUT PREJUDICE
AND CONFIRMING THE STAY'S APPLICABILITY**

The relief set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED**.

Upon the supplemental motion of FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC (the "FVP Parties") for relief from the automatic stay or, alternatively, an order determining its applicability (Dkt. 33); and upon the Debtor's objection (Dkt. 44) and supplemental objection; and after consideration of the submissions and argument; and the FVP Parties having acknowledged in Dkt. 33 that the automatic stay applies to the appeals identified below; for the reasons stated on the record, it is ORDERED:

1. The automatic stay under 11 U.S.C. § 362(a) applies to the Debtor's prosecution of Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 because those appeals continue proceedings originally brought against the Debtor.

2. The request in Dkt. 33 for relief from the automatic stay is **DENIED**. This Order is the Court's final decision on Dkt. 33 for purposes of 11 U.S.C. § 362(e)(2)(A), without prejudice to a later request based on materially changed circumstances.

3. The automatic stay remains in effect as to those three appeals unless and until modified by further order.

4. Nothing in this Order adjudicates any underlying Florida merits issue, judgment, enforcement order, claim, defense, ownership dispute, entity right, claim-allowance issue, or dischargeability issue.

5. This Order does not extend the automatic stay to Spin Capital, LLC, Teton Funding, LLC, or any other nondebtor, and does not determine whether any separate claim or proceeding may continue solely as to a nondebtor.

6. The Debtor shall file a copy of this Order in Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 within five days after entry.

**UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, NJ 08701 · (718) 570-3796 · josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 · Judge: Hon. Eamonn J. O'Hagan · Hearing Date: Dkt. 33 (Supplemental Motion for Stay Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

**INTERIM ORDER CONTINUING THE AUTOMATIC STAY FOR A SPECIFIC PERIOD UNDER 11 U.S.C. § 362(e)(2)**

The relief set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED**.

1

Upon the FVP Parties' supplemental motion (Dkt. 33); and upon the Debtor's objection (Dkt. 44) and supplemental objection; and after consideration of the submissions and argument; the Court FINDS:

A. Dkt. 13 was filed July 2, 2026 and its written notice includes a request under 11 U.S.C. § 362(d)(1); it is presently continued to September 3, 2026. Dkt. 33 was filed July 13, 2026 and is set for hearing August 6, 2026. Without deciding whether either request triggers § 362(e)(2), the earliest arguable sixty-day dates are August 31, 2026 measured from Dkt. 13 and September 11, 2026 measured from Dkt. 33.

B. The Debtor is presently self-represented. Appeal No. 4D2025-3564 reviews two final judgments, while Appeal Nos. 4D2026-1512 and 4D2026-1833 review later enforcement orders. The appeals also involve different parties and procedural postures.

C. The present record includes unresolved counsel-retention and appellate-representation issues, including a pending August 4 withdrawal motion affecting the Debtor and three entity clients, that should be addressed before final determination of the pending requests.

D. A fixed continuation will permit orderly administration of this recently filed Chapter 11 case and completion of the record needed for a final ruling without materially prejudicing the FVP Parties.

E. Good cause exists under 11 U.S.C. § 362(e)(2)(B)(ii) to extend any sixty-day period applicable to either pending request through September 30, 2026, unless the Court enters a final decision on the applicable request earlier.

It is ORDERED:

1. Under 11 U.S.C. § 362(e)(2)(B)(ii) and for the good cause described above, any applicable sixty-day period arising from the requests for relief in Dkt. 13 or Dkt. 33 is extended through September 30, 2026. The automatic stay applicable to the Debtor's prosecution of Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 remains in effect through that date unless the Court enters a final decision on the applicable request earlier.

2. Dkt. 33 is continued to _____, 2026 at _____, a date and time to be fixed by the Court. The hearing on Dkt. 13 remains scheduled for September 3, 2026 unless otherwise ordered.

3. This is an interim order only. It does not decide the ultimate merits of Dkt. 33 or any underlying Florida merits issue, judgment, enforcement order, claim, defense, ownership dispute, entity right, claim-allowance issue, or dischargeability issue.

4. Except as expressly stated concerning Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833, this Order does not modify or determine the automatic stay in any other matter.

5. This Order does not extend the automatic stay to Spin Capital, LLC, Teton Funding, LLC, or any other nondebtor.

6. The Debtor shall file a copy of this Order in Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 within five days after entry.

## UNITED STATES BANKRUPTCY COURT — DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN, Debtor Pro Se · 1460 Arboretum Parkway, Lakewood, NJ 08701 · (718) 570-3796 ·
josh@tetonfunding.com

**In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor. · Case No. 26-17342-EJO · Chapter 11 ·
Judge: Hon. Eamonn J. O'Hagan · Hearing Date: Dkt. 33 (Supplemental Motion for Stay
Relief) — August 6, 2026 at 10:00 a.m., Courtroom 2, Trenton**

## ORDER GRANTING LIMITED RELIEF ONLY AS TO APPEAL NO. 4D2026-1512 AND DENYING RELIEF WITHOUT PREJUDICE AS TO APPEAL NOS. 4D2025-3564 AND 4D2026-1833

The relief set forth on the following pages, numbered two (2) through two (2), is hereby **ORDERED.**

1

Upon the FVP Parties' supplemental motion (Dkt. 33); and upon the Debtor's objection (Dkt. 44) and supplemental objection; and after consideration of the submissions and argument; and the Court determining that any relief should be tailored to the materially different subjects and postures of the appeals; for the reasons stated on the record, it is ORDERED:

1. Relief from the automatic stay is granted solely to permit, but not require, prosecution and defense of Appeal No. 4D2026-1512 through disposition in the Fourth District Court of Appeal on the appellate record and briefing already filed, together with any submission or oral argument directed by that court, any timely rehearing proceeding, and issuance of the mandate.

2. Relief is **DENIED WITHOUT PREJUDICE** as to Appeal Nos. 4D2025-3564 and 4D2026-1833. The automatic stay remains in effect as to those appeals.

3. This Order is the Court's final decision on Dkt. 33 for purposes of 11 U.S.C. § 362(e)(2)(A), without prejudice to a later request based on materially changed circumstances.

4. No party may enforce against the Debtor or property of the estate any order reviewed in Appeal No. 4D2026-1512, or any judgment, mandate, award, fee, cost, or other relief resulting from that appeal, without further order of this Court, except to the extent an act is expressly permitted by 11 U.S.C. § 362(b).

5. Nothing in this Order adjudicates any Florida merits issue, judgment, enforcement order, claim, defense, ownership dispute, entity right, claim-allowance issue, or dischargeability issue. Nor does this Order determine the claim-preclusive or issue-preclusive effect, if any, of any Florida ruling; all parties' arguments concerning preclusion are expressly reserved.

6. This Order does not extend the automatic stay to Spin Capital, LLC, Teton Funding, LLC, or any other nondebtor.

7. Under Federal Rule of Bankruptcy Procedure 4001(a)(4), this Order is stayed for fourteen days after entry. The Court does not shorten or waive that period.

8. The Debtor shall file a copy of this Order in Appeal Nos. 4D2025-3564, 4D2026-1512, and 4D2026-1833 within five days after entry.

9. Except as expressly modified in paragraph 1, the automatic stay remains in effect.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **AVRUMI LUBIN**<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701<br>(718) 570-3796<br>josh@tetonfunding.com<br>Debtor and Debtor-in-Possession, Pro Se | Case No.:  26-17342-EJO<br><br>Chapter:  11<br><br>Adv. No.:  N/A<br><br>Hearing Date:  August 6, 2026 at 10:00 a.m.<br><br>Judge:  Hon. Eamonn J. O'Hagan |

In Re:
**AVRUMI LUBIN a/k/a Josh Lubin**

**CERTIFICATION OF SERVICE**

1. I, Avrumi Lubin :

[ ] represent _____ in this matter.
[ ] am the secretary/paralegal for _____, who represents _____ in this matter.
[X] am the Debtor and Debtor-in-Possession, Pro Se in this case and am representing myself.

2. On July 30, 2026, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:
Short Supplemental Objection to Dkt. 33; Supplemental Declaration; Supplemental Exhibits R-X; and Revised Proposed Orders 1, 2, and 3.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: July 30, 2026

_____
Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Jennifer Mara, Esq.<br>Baldassare & Mara, LLC<br>75 Livingston Ave., Suite 101<br>Roseland, NJ 07068 | Counsel to the FVP Parties | [ ] Hand-delivered<br>[X] Regular mail<br>[ ] Certified mail/RR<br>[ ] Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Jerrell Breslin, Esq.<br>Schwartz \| Breslin, PLLC<br>The DuPont Building<br>169 E. Flagler St., Suite 700<br>Miami, FL 33131 | Co-counsel to the FVP Parties | [ ] Hand-delivered<br>[X] Regular mail<br>[ ] Certified mail/RR<br>[ ] Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Office of the U.S. Trustee<br>Attn: Rachel Wolf, Esq.<br>One Newark Center, Suite 2100<br>Newark, NJ 07102 | United States Trustee | [ ] Hand-delivered<br>[X] Regular mail<br>[ ] Certified mail/RR<br>[ ] Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Hillel I. Parness, Esq.<br>Parness Law Firm, PLLC<br>136 Madison Ave., 6th Floor<br>New York, NY 10016 | Counsel to creditor Franklin Capital Funding, LLC (Dkt. 32) | [ ] Hand-delivered<br>[X] Regular mail<br>[ ] Certified mail/RR<br>[ ] Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |