UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 26-17342-EJO<br>) Chapter |
| AVRUMI LUBIN, | ) 402 East State Street<br>) Trenton, NJ 08608 |
| Debtor. | ) August 6, 2026<br>) 11:13 a.m. |

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | AVRUMI LUBIN, PRO SE<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701 |
| For the U.S. Trustee: | RACHEL WOLF, ESQUIRE<br>Office of the U.S. Trustee<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102 |
| For FVP Investments LLC, et al: | JONATHAN SCHWARTZ, ESQUIRE<br>Schwartz, Breslin, PLLC<br>The DuPont Building, Suite 700<br>169 East Flagler Street<br>Miami, FL 33131<br><br>MICHAEL BALDASSARE, ESQUIRE<br>Baldassare & Mara, LLC<br>75 Livingston Avenue, Suite 101<br>Roseland, NJ 07068<br><br>ALAN IRA KARTEN, ESQUIRE<br>Law Office of Alan I. Karten, PLLC<br>321 Anderson Pond Road<br>Aiken, SC 29803 |
| Audio Operator: | MICHELLE FOGLEMAN |

Transcribed by: DIANA DOMAN TRANSCRIBING, LLC
P.O. Box 129
Gibbsboro, New Jersey 08026-0129
Phone: (856) 435-7172
Fax: (856) 435-7124
Email: dianadoman@comcast.net

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

I N D E X


| COLLOQUY | PAGE |
| --- | --- |
| RE: Pending Matters & Scheduling Issues | |
| By the Court & Counsel | 5 |

(Proceedings commenced at 11:13 a.m.)

THE COURT: Okay. We'll do number 33 on the calendar, Lubin, Case Number 26-17342.

We'll take appearances, please?

MR. BALDASSARE: Good morning, Your Honor, Michael Baldassare, Baldassare and Mara, on behalf of Local Counsel for FVP Services, LLC, FVP Opportunity Fund Three, LP and FVP Investments, LLC.

THE COURT: Good morning.

MR. SCHWARTZ: Good morning, Your Honor, Jonathan Noah Schwartz. I am co-counsel with Mr. Breslin, who is in another bankruptcy court this morning in Miami on the same matter. My understanding is Mr. Baldassare's office submitted my pro hac papers last night or this morning, which are pending before Your Honor.

THE COURT: Okay, thank you, and while that is pending, I welcome you to appear, and you will be heard.

MR. SCHWARTZ: Thank you, Judge.

MR. KARTEN: Judge, I'm here -- Alan Karten -- as representative of the FVP-party creditors. I'm also licensed in Florida.

THE DEBTOR: I'm Josh Lubin, on behalf of myself, individually.

MS. WOLF: And, good morning, Your Honor, Rachel Wolf, representing the United States Trustee.

THE COURT: Good morning. So, we're here today on, basically, the supplemental relief that Mr. Schwartz's client was requesting with respect to appellate litigation in Florida and whether or not to lift the stay so that appellate litigation can be continued.

But before I rule on that, you know, just kind of some general observations I want to make to the parties about where we're going with this case. Since it's been filed, we've essentially had this been on our weekly calendar every week with different relief being requested, and just from a court management perspective, this is just really not feasible for us to be back here every Thursday on these particular disputes.

So, my general concern is that we try to better economize and consolidate the matters that need to be determined, rather than dealing with stuff on a piecemeal basis every week, but kind of, more specifically, as different pleadings have been filed here, the landscape of the case is changing a bit in terms of how a ruling on one particular request can impact issues that are calendared later in the case.

So, during our last hearing, I indicated my concern as to whether or not I even have proper venue of this case. And so, I've given Mr. Lubin until September 3rd to file a sworn declaration regarding, you know, his residence in the

180 days leading up to the petition date. Since then, we've also gotten a motion to appoint a Chapter 11 Trustee, and we have other -- I recall also continuing Mr. Schwartz's motion to vacate the stay and dismiss the case with prejudice, which I gave a preliminary ruling on but continued to September 3rd to allow the parties to supplement their arguments with any other information that they want the Court to consider.

So, from a case management perspective, I don't think it makes much sense for me to be determining a Trustee motion before I even determine whether or not this case should be dismissed because it's improperly venued. Similarly, I don't see how it's appropriate for me to decide the issue of stay relief before I have decided whether or not a Chapter 11 Trustee should be appointed in this case, because the Chapter 11 Trustee will, no doubt, have a position on the stay relief issue, and assuming stay relief is granted, in terms of his or her level of participation in that appellate litigation.

And so, what I am inclined to do, what I think makes the most sense from a case management perspective is that all the various matters that are pending, we adjourn everything to September 3rd so that we've not dealing with everything on kind of an ad hoc basis and, you know, making decisions on one legal issue before potentially preemptive legal issues are decided at a later date.

I also am concerned about giving the Office of the

United States Trustee sufficient time to weigh in on these issues. The United States Trustee has an incredibly heavy case volume. A lot of these issues are issues that I think the Court would benefit tremendously from getting the Office of the United States Trustee's position on. I also think, frankly, Mr. Schwartz, you know, your clients could, potentially, very much benefit from the insight of the Office of the United States Trustee.

And so, you know, for those reasons, I think it makes sense to, let's carry everything to September 3rd, so I can, first, make the -- I think the preemptive decision as to whether or not we even have proper venue. If I ultimately conclude that, given Mr. Lubin's New York residence until the day of the petition, as he said in his sworn statements, is correct, unless he's going to supplement that with a sworn statement to the contrary, I very well may determine that the case should be dismissed for, you know, being improperly venued, which would then moot all of the other issues.

Similarly, if the case is not dismissed for being improperly venued, and I decide that a Chapter 11 Trustee should be appointed, that will certainly impact the issue and the timing of what stay relief should be granted and, more generally, whether or not the case should be dismissed.

And, so, I realize that that's a lot, but I thought it made the most sense before I hear from everybody to give

them the benefit of my thinking so that we're all moving at a pace that is not cross-wise, and we're not, you know, deciding things prematurely. So, with that, actually, I'd, first, like to hear from the Office of the United States Trustee on their views on the various pending matters here and the scheduling issues that I raised.

MS. WOLF: Yes, Your Honor, good morning, Rachel Wolf for the U.S. Trustee. So, just to touch on an administrative standpoint before we get to the motion to vacate or any of the pending matters before Your Honor, the Debtor did appear at the initial debtor interview and the 341 meeting, at which creditors had an opportunity to ask questions of the Debtor. And the Debtor has not yet provided to us proof of a debtor-in-possession bank account or a closing of his pre-petition bank accounts. And the Debtor's schedules seem to lack, with any certain clarity, his expenses and income, as well as he testified that he is not -- he doesn't have an income at present.

I would also like to note for the Court, in terms of administrative, the Debtor hasn't filed the operating report, the most recent operating report, and there also appears to be undisclosed assets that are not in the schedules.

So, the Debtor has been made aware of the deficiencies at the 341 meeting, and there is an opportunity for him to amend, of course. He is free to amend at any time.

But the U.S. Trustee will not be taking a position on the motion to vacate, at present, and will make a separate determination and will not join in any of the creditor motions for an 11 Trustee, at this time.

We are still making an independent assessment as to what relief is warranted in this case, Your Honor. Thank you.

THE COURT: Thank you, Ms. Wolf.

Mr. Schwartz and Mr. Baldassare, whoever wants to address these issues for your client?

MR. SCHWARTZ: Yes, Judge, good morning.

So, first of all, I want to let you know that I believe, you know, we've been trying, in good faith, to bring pleadings before Your Honor. My partner has been spearheading all of this. It certainly wasn't intended to, you know, cause unnecessary resources. As Ms. Wolf, you know, noted, we've been talking to her office, and we understand and appreciate that the policy is to not join, you know, any such motions.

In the spirit of all of that, I just want to be fully transparent with Your Honor, we would agree with everything you're saying. It makes no sense for the Court to expend resources where those might be mooted. But, you know, one thing I want to be fully transparent on, because we were discussing this yesterday, is we are likely to ask Your Honor to move the case to the appropriate district rather than to dismiss it. And that is something that we're evaluating right

now, and I believe it would come before Your Honor by motion.

So, in the spirit of everything you're saying and not to cause you to feel like you're being inundated with some future motion after -- after, you know, we hear you loud and clear, that that's kind of where our head is at.

But we agree with everything Your Honor is saying this morning.

THE COURT: Okay. So, if -- if you do -- and I appreciate that, Mr. Schwartz -- and, because, obviously, if there is going to be an actual motion to transfer venue, based on the argument that venue is not appropriate in the District of New Jersey, I guess the issue is, you know, what factual record you would need to develop and whether or not you would be able to get such a motion keyed up so that it could be -- you know, because, again, I want to -- there is no magic to the September 3rd date that we currently have. That's just where we set, and so, I'm glad you raised that, because I want to make sure that we're addressing the venue issue on a full factual record.

So, when -- and if you don't know, and you can't say, that's fine -- but do you know when you intended to, you know, get that motion filed, because that can impact whether or not -- where we carry things to, which I am currently inclined to carry things to September 3rd.

MR. SCHWARTZ: Well, thank you, Judge. Would you

mind if I defer to Mr. Karten to educate the Court on that?

THE COURT: No, that's fine.

MR. KARTEN: Judge, I would ask in order to expedite this, that you move up the date that Mr. Lubin would have to file the affidavit, because we will go forward from the affidavit to do our independent investigation as to the credibility and the veracity of the affidavit itself. There's been a history of dubious assertions by Mr. Lubin, to say the least.

I was going to address all the pending appeals and the Fourth District Court of Appeals. I think -- I think Mr. Schwartz is correct, and I think the Court is also correct, quite frankly, that why spin our wheels if this is going to get either dismissed or transferred.

So, I would just ask the Court, so that we have enough time to be prepared to file a motion before the September 3rd hearing, to have Mr. Lubin file his affidavit of where he has resided for the last 180 days before filing the petition, so that we can investigate it.

THE COURT: Well, I'm not -- so, I want to hear from Mr. Lubin, and I will hear from him, but the reason I gave Mr. Lubin until September 3rd was primarily because -- that date wasn't necessarily the date, how long I think he needed to prepare the sworn declaration, but to give him the opportunity to retain counsel, because I think for the very reasons that

you raise, Mr. Karten, I think it behooves Mr. Lubin to be advised by counsel before he files any sworn declarations with the Court, particularly if that declaration is going to contradict information in the sworn schedules that he filed.

And so, I don't -- and, again, like I said, there is no magic to September 3rd. If we need to kick things out further than that, that's fine. I would also note that if you -- to the extent that you do file a motion to transfer venue, that creates a contested matter for which the Federal Rules of Civil Procedure apply, and if you needed to question Mr. Lubin under oath or propound written discovery requests on him, that would be the opportunity to do that without needing to rely on Mr. Lubin's submission of the sworn declaration that I requested that you file by September 3rd.

MR. KARTEN: Understood, Your Honor.

THE COURT: Mr. Lubin, I want to ask you some specific questions and so, just to keep us on track, let's stick to the subject matter of the question that I'm asking you.

Have you made any progress in terms of retaining counsel in this matter?

THE DEBTOR: Yes, Your Honor, I spoke with this one attorney that's -- that's a solo practitioner that she said she would take the case. And I found this out a few days ago, but I'm trying to see my other options, but, yeah, that's

definitely my main priority is having an attorney advise me before I amend anything or sign any sworn statements. I'd prefer to have an attorney advise me first.

THE COURT: Okay. And, Mr. Lubin, is it still -- and, again, I'm just asking your position. I'm not asking you for any factual information, but is it -- is it still your legal position that the District of New Jersey is a proper venue for this case, as opposed to the Southern District of New York?

THE DEBTOR: Yeah, I think it is, because I --

THE COURT: I don't want you to get into the because, because this is --

THE DEBTOR: -- I've always been a resident of New Jersey.

THE COURT: Oh, okay.

THE DEBTOR: So, yeah.

THE COURT: So --

THE DEBTOR: So, I -- I think it is, but that's my opinion.

THE COURT: -- so, is there anybody else that wishes to be heard on the scheduling issues, Mr. Lubin, including you, in terms of, assuming you do retain counsel? As I'm sure you heard me say, I think it makes much more sense to deal with these issues --

THE DEBTOR: I agree, Your Honor.

THE COURT: -- you know, rather than piecemeal. So, here's what I think makes sense, I will -- I'm going to keep September 3rd as the date that Mr. Lubin needs to submit his sworn declaration regarding his residency and the 180 days leading up to the bankruptcy, but I think, then, what we will do is, we will adjourn everything else to September 17th. That way, you know, there is time for Mr. Schwartz to, you know, file any appropriate motion to transfer venue.

Again, it doesn't -- it can be filed before you get the certification from -- because September 17th, you would have to file the motion before you get Mr. Lubin's certification, but I think that that, really, is kind of the tail wagging the dog if you think venue transfer is appropriate. You know, you will have the opportunity to get discovery from him.

And so, what is -- I'm open to feedback on -- on this. I mean, if parties feel strongly that we should kick it out further, I'm open to hearing that, but I don't really want to keep, you know -- I want to keep somewhat of a short leash on these -- on these issues and not let it drag. So, you know, Mr. Schwartz, what are your views on carrying all of the substantive motions to September 17th with Mr. Lubin's obligation to file his sworn certification by September 3rd?

MR. SCHWARTZ: Yes, that's fine, Judge. I couldn't agree with you more, relative to what I believe is your

rationale in saying all of that, just so long as, upon the filing of Mr. Lubin's affidavit, we have, you know, the opportunity to investigate it as Mr. Karten noted.

THE COURT: Okay.

MR. KARTEN: Your Honor, I do have a question.

THE COURT: Yes.

MR. KARTEN: My question would be this, if we have the opportunity -- if plaintiffs have the -- or Debtor, whatever -- if the creditors have the opportunity, I apologize, to send either discovery requests, would the Court be amenable to shortening the period of time in which Mr. Lubin has to respond to those requests, because I believe it's 30 days, is it not? Could we do a request for production or interrogatories?

THE COURT: So -- so, the -- what I would encourage the parties to do -- Mr. Lubin, in light of the fact that I am carrying things to September 17th, that what ordinarily the parties would do is, if there is discovery, is to agree on a discovery scheduling order. But I would -- I would ask that you do that. And if you are unable -- you know, if you are unable to reach a resolution in terms of a deadline for discovery responses, so that, you know, you could get what you need in advance of September 17th, then I can, you know, hold a scheduling conference at the parties' request, but, Mr. Lubin, I would explain to you that in contested bankruptcy

court litigation, where things are normally heard, on, really, no more than three weeks notice that the deadlines to respond to discovery requests are shortened so that the parties can get the information that they need before the hearing, and so, normally, what you see is, in kind of generally Federal -- civil litigation, you have, you know, kind of a period of 30 days. You have much shorter periods in terms of providing information so that the factual record can be developed.

And so, Mr. Karten, what I -- the Rules of Discovery, we have multiple contested matters to which the Rules of Discovery automatically apply. And I would encourage you to just work with Mr. Lubin on a consensual time frame for him to give the responses to the information that you need.

MR. KARTEN: Yes, Your Honor.

THE DEBTOR: Okay, Your Honor.

THE COURT: Okay. So, does anybody wish to be heard as to any of these matters?

MR. SCHWARTZ: Yes, Judge, the creditors that we represent would just, you know, want to know, given the repeated assertions by Mr. Lubin that he’s in the process of obtaining counsel and that he -- if it appears he might not even prepare an affidavit absent the retention of such counsel, if we could just get some statements, you know, elaborating that, but if Your Honor feels that that’s inappropriate, then, of course, I defer to Your Honor.

THE COURT: Yeah. I don't -- I don't want to have testimony from Mr. Lubin right now. I will say, if Mr. Lubin does not comply with the obligation to file his sworn declaration by the date that I set, I can take judicial notice of the schedules. And Mr. Lubin's schedules state unambiguously that he resided in a penthouse apartment in Manhattan since years before the petition date and that his address in New Jersey was as of the petition date, and so, absent a sworn certification that corrects the previously sworn statements and explains it, I would be able to take judicial notice of what's in Mr. Lubin's schedules, which unambiguously indicate that's where the 180 days prior to filing the petition, he was a New York resident.

MR. SCHWARTZ: Thank you, Judge. That's exactly what I was looking for. You said it much more eloquently than I.

THE COURT: So, with respect to number -- oh, let me -- let me address this, so with respect to the stay relief and the Florida litigation, the Court will enter an interim order stating that the stay is in effect. I mean, I think that the automatic stay is self-executing. There is really no question that the statute applies to the appellate litigation, but to assist, thus, the Florida court in giving them the clarity that they requested, the Court will enter an interim order stating that the automatic stay, you know, on an interim basis

is in effect as to those appellate proceedings, and that, with respect to, you know, number 33 on the calendar that it's going to be adjourned to September 17th, 2026 at 10:00 a.m.

And I guess that -- well, the Court will also -- will find some way to memorialize it on the Docket or through an order that the Chapter 11 status conference and the motion for reconsideration of the pro hac vice application that are scheduled for August 13th will also be adjourned to September 17th at 10:00 a.m. The Docket Number 62, the motion for appointment of a Chapter 11 Trustee scheduled for August 20th will also be adjourned to September 17th. The Debtor -- the defendant's motion to extend time to respond to the complaint in Adversary Proceeding 26-1315, FVP Investments, LLC v. Lubin, currently scheduled for August 20th, 2026 at 10:00 a.m. will also be adjourned to September 17th, 2026, as well as the FVP parties' motion to vacate stay, dismiss the Chapter 11 case with prejudice, which is Docket Number 13, while it's currently scheduled for September 3rd, 2026, that will also be adjourned to September 17th, 2026 at 10:00 a.m., as well as the September 10th, 2026 pretrial conference in Adversary Proceeding 26-1315, FVP Investments, LLC v. Lubin. That pretrial conference will be adjourned to September 17th, at 2:00 p.m. And, finally, the -- oh, no, that -- everything else that we have is scheduled for after that.

But before we close this up, Mr. Lubin, you

indicated during our last hearing, perhaps, your intention to withdraw your motion for reconsideration of the pro hac vice application, which is Docket Number 49. Do you --

THE DEBTOR: Yeah. I mean, it took me a few days to put in the work, but once it's filed, it only takes a few minutes to review it, and I figured why not just keep it?

THE COURT: So, you indicated that you were going to withdraw it, so you're now saying you want to go ahead and --

THE DEBTOR: I don't care either way. It doesn't matter if some -- it takes me time to withdraw, and it takes me time -- yeah, it doesn't make a difference.

THE COURT: If you want to withdraw the motion, we can notate the withdraw, you know, on the record. I don't need you to file anything.

THE DEBTOR: Okay, sure, I'll withdraw it. Yeah.

THE COURT: We need to know whether or not he needs to, you know, prepare a response to, you know, what I candidly think is a --

THE DEBTOR: Waste of time.

THE COURT: -- litigation tactic and a waste of everyone's time, yes.

THE DEBTOR: Okay, so withdraw it. That's fine with me. May I ask Your Honor one question?

MR. KARTEN: Judge, one other thing --

THE COURT: Mr. Karten, I will hear from you in a

second.

But, yeah, Mr. Lubin, what is your question?

THE DEBTOR: Does the stay of time to Spin Capital or no? It doesn't, right?

THE COURT: Mr. Lubin, I -- I am the judge in this case. I cannot give you legal advice, and I think this speaks very specifically to how important it is that you retain bankruptcy counsel. I cannot give you legal advice.

THE DEBTOR: Okay.

MR. KARTEN: Judge, the one request that I did have, and if you'd bear with me for a second, and I understand the Court's ruling about the automatic stay saying in effect, however, there are three appeals, one of which is 4D-2026-1512, which is fully briefed. And I understand the stay and have no problem with the stay temporarily at this point.

But, in that case, right before Mr. Lubin filed for bankruptcy, the Fourth District Court of Appeals issued an order to show cause to Mr. Lubin, to show cause why the Court should not impose sanctions, including but not limited to prohibiting appellants from self-representation in the Court. Will you do a carve-out so the Court can deal with that?

THE COURT: I will not, Mr. Karten, because one of the creditors in this case has asked that I appoint a Chapter 11 Trustee --

MR. KARTEN: Okay.

THE COURT: -- who, for all intents and purposes, becomes the representative of Mr. Lubin's bankruptcy estate. And it's -- if I am going to appoint a Chapter 11 Trustee, it is -- I think, if that request is made, it goes without saying that these issues that will impact the Estate need to be put on ice until a Chapter 11 Trustee can make whatever determinations he or she thinks is appropriate with any request for stay relief, even if I, as the judge over the case, thinks, okay, well, this -- this, you know, from where I sit, you know, would the Chapter 11 Trustee care about this or not?

I think that's a determination for the Chapter 11 Trustee.

MR. KARTEN: Understood.

THE COURT: To me, I don't want them to come into a situation at any type of disadvantage because they didn't have the opportunity to weigh in.

MR. KARTEN: Understood, Your Honor.

THE COURT: So, just to be clear, Mr. Lubin, although I have adjourned the pending matters before the Court to September 17th, 2026, the Court's order requiring you to file a sworn declaration by September 3rd still stands. And as I already indicated, if you --

THE DEBTOR: I need counsel.

THE COURT: -- do not correct the record with a

sworn statement that corrects the information in your schedules, I -- I take judicial notice of the information in your schedules. So, you do not have any extension of the time to do that. I fully encourage you to retain counsel and be advised by counsel in order to advise you with respect to that, but I am not going to permit any delay on your part in retaining counsel to kind of move the deadline on that.

You've had -- I've really tried to give you more than enough time to get your ducks in a row on this front, and so, I'm not going to entertain any requests to extend that deadline. So, just be guided accordingly.

THE DEBTOR: Thank you, Your Honor.

THE COURT: Okay. That concludes the matters in Lubin.

(Proceedings concluded at 11:43 a.m.)

* * *

**C E R T I F I C A T I O N**

I, Jacqueline Mullica, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings on August 6, 2026 in the above-entitled matter.

/s/Jacqueline Mullica — August 10, 2026

JACQUELINE MULLICA — DATE

DIANA DOMAN TRANSCRIBING, LLC