**Avrumi Lubin, Pro Se**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
Email: josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:**<br><br>**AVRUMI LUBIN,**<br><br>Debtor. | **Case No. 26-17342-EJO**<br><br>Chapter 11<br><br>Hearing Date: September 17, 2026<br><br>Hon. Eamonn J. O'Hagan |

**DECLARATION OF AVRUMI LUBIN REGARDING RESIDENCE DURING THE 180 DAYS BEFORE THE PETITION DATE AND CORRECTION OF OFFICIAL FORM 101, QUESTION 6**

I, Avrumi Lubin, declare under penalty of perjury as follows:

1. I am the debtor in this Chapter 11 case. I submit this declaration in response to the Court's scheduling order (Dkt. 55, ¶ 2) concerning where I resided during the 180 days before the petition date, and to correct and explain my earlier filings on that subject.

2. The petition was filed on June 25, 2026. The relevant 180-day period is December 27, 2025 through June 24, 2026, inclusive.

3. The Court's July 24, 2026 written scheduling order (Dkt. 55) stated that this declaration was due on or before August 27, 2026. At the August 6, 2026 hearing, the Court stated that it was "going to keep September 3rd as the date that Mr. Lubin needs to submit his sworn declaration" and, at the close of the hearing, that "the Court's order requiring you to file a sworn declaration by September 3rd still stands." (Aug. 6, 2026 Hr'g Tr. 14:2–4; 21:19–22:4.) I have relied on that direction and am filing this declaration on or before September 3, 2026. To the extent the Court considers the August 27 date in Dkt. 55 to control, I respectfully ask that the Court accept this declaration as timely in light of its September 3 direction.

4. During that period I maintained and used two residential locations: (a) 1460 Arboretum Parkway, Lakewood, New Jersey 08701 (the "Lakewood home"), which is my parents' home and the place I regard as my fixed home; and (b) Apartment PH3A at 605 West 42nd Street, New York, New York 10036 (the "Sky apartment"), which I leased and used

intermittently. Throughout all 180 days, I had a continuing right to stay at the Lakewood home and maintained my own space and belongings there. I maintained both locations throughout the entire 180-day period. My physical presence at each was intermittent because I spent substantial time traveling.

5. I have regarded the Lakewood home as my family home for approximately 31 years; it is where I grew up. I returned there between trips, received mail there, and used that address in New Jersey motor-vehicle and federal income-tax records. A December 24, 2025 New Jersey Motor Vehicle Commission receipt reflects a "License Renewal" transaction and uses the Lakewood address. My 2022 and 2023 federal income-tax filings also used the Lakewood address. On February 3, 2026 — during the relevant period, and before venue in this case was in question — I testified under oath at a trial in the United States Bankruptcy Court for the Southern District of Florida that "my primary residence is 1460 Arboretum Parkway, Lakewood, New Jersey," and that "it's my parents' residence, that's where I grew up." (Trial Tr. Vol. IV at 690:11–19, Mehdipour v. Hi Bar Capital, LLC, Adv. No. 23-1132-EPK (Bankr. S.D. Fla. Feb. 3, 2026).)

6. During the relevant period, I returned to and stayed overnight at the Lakewood home on several separate occasions, which I describe in paragraph 10 below.

7. The Sky apartment was also a real residence that I leased and used. Since about 2019 I have had the use of an apartment at Sky — first under a lease in another person's name, with whom I shared the rent, and, since about June 2025, under the lease for the Sky apartment in my own name. I kept access to it during the relevant period and at times slept and worked there. In emails to the landlord and its agents in May and June 2026 concerning renewal of the lease, I described myself as a resident of the apartment since 2019 and said that I wanted to renew and stay. Those statements accurately described my use of the apartment and my desire to keep it. They did not mean that I intended to abandon New Jersey as my fixed home or replace it with New York as my permanent home, and I did not intend that.

8. The Sky lease ran through June 30, 2026. In May 2026 the landlord offered a renewal. On May 20, 2026, I told the landlord that I had signed the proposed renewal "as is" and asked where to make the additional security deposit. The renewal was conditioned on prepaying a year's rent (approximately $104,400 plus a processing fee) through the landlord's TG Pay program. I was unable to fund that prepayment, the landlord's deadlines passed, the renewal was never completed, and the landlord confirmed in writing on June 2, 2026 that the lease expired on June 30, 2026. Since June 30, 2026, the landlord has treated my tenancy as a holdover, and no renewal has been completed or funded. After the petition date, on August 17, 2026, the landlord filed a holdover petition against me in the Civil Court of the City of New York, County of New York, captioned 605 West 42nd Owner LLC v. Avrumi Lubin, L&T Index No. 315041-26. That proceeding was commenced after

the petition date and after the 180-day period, and no judgment has been entered in it. I disclose it for completeness; it does not bear on where I resided during the relevant period. Package, delivery, and rideshare records may show activity at the building but do not by themselves establish that I personally entered or slept there on a given night. Any building-access data may also include cleaning personnel or another authorized user. I therefore have not treated any one such record, standing alone, as proof of an overnight.

9. I also spent substantial portions of the period on temporary travel, including stays in Florida, Wyoming, Idaho, Utah, Colorado, Montana, California, Canada, and one temporary overnight in Monticello, New York. When in South Florida, I stayed in hotels and, on some nights, at my father's apartment in Surfside, Florida. Those hotels, my father's apartment, and other temporary stopping places were not locations I intended to make my fixed home.

10. **Length of time at each location.** I maintained both the Lakewood home and the Sky apartment for the entire 180-day period; my physical presence at each was intermittent. I reviewed a day-by-day reconstruction prepared from emails, hotel and airline records, ground-transportation records, deliveries, calendar entries, and other records, and compared it with my recollection. Those records do not always establish where I personally slept. A booking may not establish who occupied a room, and a ride, delivery, package, or building-access entry may show activity without proving an overnight. The dates and estimates below are my present best recollection and good-faith approximations. Where I say "I believe," my recollection is not independently confirmed. I have not assigned an unresolved night to a location merely to make the figures total 180.

    (a) Lakewood home: my present best estimate is 17 nights, in four blocks — January 23–25, February 12–15, February 26 through March 1, and June 6–11, 2026. I believe that I slept at Lakewood on January 25 and on all four nights from February 12 through 15. Hotel-account records associated with me reflect a completed stay in Elizabeth, New Jersey, on January 25, and an Idaho Falls stay extending through February 14. Those account records do not establish who occupied the rooms. Rideshare records show travel from Newark Airport to the Lakewood home on February 12 and New Jersey trips beginning or ending there on February 14 and 15; my recollection remains that I slept at Lakewood on the dates stated above. I also believe I slept at Lakewood on February 26, 27, and 28 and March 1. A rental-vehicle toll notice records Manhattan congestion-zone entries at 12:26 a.m. on February 27 and 8:57 p.m. on March 1. Those entries show vehicle activity, not my overnight location. I disclose these account and vehicle records, but they do not change my present recollection.

    (b) Sky apartment: my present best estimate is 50 nights — April 4–7; April 15 through May 5; May 12–17; May 24–29; and June 12–24, 2026. I believe I slept at Sky on April 4, May 24, and May 29; the other dates reflect my present best recollection considered together with the records. On April 19, I wrote that I had a flight that evening, but I

have not located a route or record of a completed flight, and my present recollection remains that I slept at Sky. On May 24, a rideshare returned to Sky at approximately 11:55 p.m. Although a hotel-account record lists a Denver-area stay through May 25, the return trip and my recollection are why I place the May 24 overnight at Sky. I did not sleep at Sky on May 6; I believe I slept in Denver that night. At the July 23, 2026 hearing I estimated, without records, "maybe 20 nights" at Sky during 2026 and said that I had not been in the apartment for a few months before late June. After reviewing the records and reconstructing the date blocks above, I believe those statements understated my use of the apartment, and this paragraph corrects and supersedes those estimates.

(c) Florida: my best estimate is approximately 40 to 45 nights, in hotels and on some nights at my father's apartment, largely during trips in late December 2025 through early February 2026 and shorter trips later in the period. I believe I was in South Florida on January 10 and 11. I also slept in Florida on January 26, although I do not presently recall the city or lodging for that night.

(d) Wyoming, Idaho, Utah, Montana, Colorado, and California: my best estimate is approximately 50 to 55 nights, in hotels, rental lodging, or with a friend. My present recollection includes Jackson Hole on February 7 and March 2; Idaho Falls on March 15 and 16; somewhere in Montana on March 21 and 22; the Jackson Hole and Grand Targhee area from April 8 through 14; and Denver on May 6. My records and recollection also place me in the Denver area on May 18–19 and May 22–23, with return trips to Sky early on May 21 and late on May 24. The nights of May 20 and 21 remain travel or transition dates that I cannot allocate with sufficient confidence. My records also place me in the Denver area from approximately May 30 through June 1.

(e) Canada and Monticello: I slept in Toronto for three nights — December 31, 2025 and March 5–6, 2026. I also spent one temporary night in Monticello, New York, on June 5, 2026.

(f) Unresolved travel or transition dates: despite the reconstruction, I have not been able to identify the overnight location with sufficient confidence for approximately 27 dates: December 27, 2025; January 4–5, 9, 22, 27–28, and 31; February 6 and 8–9; March 7, 14, 19–20, 23, and March 27 through April 3; May 20–21; and June 2, 2026. Some of these dates fall within broader travel periods reflected in the regional estimates above, so they should not be added to those estimates as a separate category.

These figures are approximations, not an exact arithmetic allocation of all 180 nights. They state the length of time at the two maintained residences as accurately as I presently can, identify the major temporary travel periods, and separately disclose the dates that remain unresolved. I do not rely on any unresolved date to support New Jersey venue. I have not attached the working day-by-day notes because they contain daytime locations that do not necessarily show where I slept, but I will provide them if the Court directs.

11. My Statement of Financial Affairs (Dkt. 48), Question 2, lists the Sky apartment as a place I lived during the three years before filing other than where I live now, "from approximately June 2025 through the June 25, 2026 petition date," and Attachment SOFA-2 states that "[t]he petition-date and current residence stated in the petition is 1460 Arboretum Parkway, Lakewood, NJ 08701." Schedule G lists the Sky lease as a residential lease in effect on the petition date with the renewal "under negotiation," and Schedule J lists its rent. Those statements are accurate as to the lease and my use of the apartment, with two clarifications: June 2025 is when the lease came into my own name, not when I first began using an apartment at Sky (paragraph 7), and the renewal described as "under negotiation" is the incomplete and unfunded renewal described in paragraph 8. Nothing in the schedules was intended to state, and I did not understand them to state, that I had given up the Lakewood home as my home, or that Lakewood became my residence only as of the petition date. To the extent the schedules could be read that way, I correct them as set out in this declaration.

12. When I originally checked the box in Question 6 of Official Form 101 stating that I had lived in this district longer than any other district during the preceding 180 days, I understood "lived" to refer to my New Jersey home and domicile. I had not completed a day-by-day or night-by-night calculation. After reviewing the records, I cannot truthfully certify that my physical presence in New Jersey exceeded my physical presence in every other district. To the extent the checked box states that factual proposition, I withdraw and correct it.

13. My reason for choosing this district was and remains that New Jersey was my domicile. Throughout the relevant period, I considered the Lakewood home my fixed home and intended to return there when away. I never intended the Sky apartment to replace the Lakewood home as my permanent home. I did not intend to abandon New Jersey or make New York, Florida, or any temporary travel location my permanent home. I am filing a complete amended Official Form 101 that (a) checks the "I have another reason" box in Question 6, with a reference to this declaration, and (b) corrects Question 11 to state that I rented a residence (the Sky apartment) on the petition date and that no landlord has obtained an eviction judgment against me. My position rests on my longstanding Lakewood home, objective New Jersey records, and intent—not on a claim that I spent a majority of the period physically in New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2026, in New York, New York.

Signature: ______________________________
Avrumi Lubin, Debtor, pro se