FILED
JEANNE A. NAUGHTON, CLERK

SEP 15 2026

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY ________ DEPUTY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 SEP 15 P 4:03

**Avrumi Lubin, Pro Se**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
Email: josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**AVRUMI LUBIN aka JOSH LUBIN,**<br><br>Debtor. | Case No. 26-17342-EJO<br><br>Chapter 11<br><br>Hearing Date: September 17, 2026 at 10:00 a.m. (Trustee Motion, Docket No. 62)<br><br>Hon. Eamonn J. O'Hagan |

**CERTIFICATION OF AVRUMI LUBIN IN OPPOSITION TO THE MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE (DOCKET NO. 62), IN SUPPORT OF AN ALTERNATIVE REQUEST FOR THE APPOINTMENT OF AN EXAMINER UNDER 11 U.S.C. § 1104(c), AND ASKING THE COURT TO ACCEPT THIS FILING OUT OF TIME UNDER FED. R. BANKR. P. 9006(b)(1)(B)**

I, Avrumi Lubin, of full age, certify as follows:

1. I am the debtor and debtor in possession in this Chapter 11 case, which I commenced on June 25, 2026. I am not represented by counsel. I make this certification on personal knowledge, in response to the motion of FVP Opportunity Fund III, L.P., FVP Investments, LLC and FVP Servicing, LLC (the "FVP Parties") for appointment of a Chapter 11 trustee (Docket No. 62) (the "Trustee Motion"), in support of my request that the hearing be adjourned for a short period so that I may retain counsel, and to ask the Court, under Fed. R. Bankr. P. 9006(b)(1)(B), to accept this certification and the attached Preliminary Opposition notwithstanding the September 10, 2026 deadline. This certification is filed with a Notice of Motion, a memorandum of law and a proposed order seeking that relief. I understand that filing these papers does not by itself give me permission to be heard on the Trustee Motion, and that whether to accept them is for the Court to decide.

**The Trustee Motion and the response deadline**

2. The FVP Parties filed the Trustee Motion on July 29, 2026, with a memorandum of law (Docket No. 63) and a declaration with exhibits (Docket Nos. 62-2 through 62-4). The Clerk's notice set the hearing for August 20, 2026 at 10:00 a.m. (Docket No. 64). At the hearing on August 6, 2026, the Court adjourned the Trustee Motion, together with the other pending matters, to September 17, 2026 at 10:00 a.m. (Aug. 6, 2026 Hr'g Tr. 18:9–11). Two related matters are on for the same date. The FVP Parties' Motion to Vacate (Docket No. 13) was heard on July 23, 2026 and adjourned by the Scheduling Order entered July 24, 2026 (Docket No. 55), which also directed me to file a sworn declaration about where I resided in the 180 days before the petition. Their supplemental Motion to Vacate (Docket No. 33) was heard on August 6, 2026; by order entered August 21, 2026 (Docket No. 80) the Court held that "[t]he automatic stay of creditors was imposed upon the filing of the Debtor's bankruptcy case as to the Debtor's appeals pending before the District Court of Appeal of the State of Florida," and adjourned that motion "for further consideration on September 17, 2026, at 10:00 a.m." **Neither motion has been decided.** I filed the residence declaration the Court directed, and on September 2, 2026 I filed a motion under Fed. R. Bankr. P. 9006(b)(1) to deem it timely or to extend the time to file it (Docket No. 87), which the Clerk has set for hearing on September 24, 2026 at 10:00 a.m. (Docket No. 88). On August 24, 2026 the FVP Parties filed a declaration (Docket No. 83) and a corrected declaration (Docket No. 84) of their Florida counsel attaching e-mails I sent to him on August 21 and 22, 2026.

3. Under D.N.J. LBR 9013-2(a), my opposition was due seven days before the hearing, that is, by September 10, 2026. I did not file opposition by that date, and I did not ask for more time before that date. I am filing this certification on September 15, 2026 — five days after the deadline and two days before the scheduled hearing — with the proposed Preliminary Opposition attached as **Exhibit A**, so that the Court and the FVP Parties have my response as promptly as I was able to prepare it. Attached as **Exhibit B** is a true copy of the jury's Verdict Form (FVP Claims Only) dated October 1, 2025, as filed on the Broward County docket on October 6, 2025, which Exhibit A cites; I obtained it from the Broward County Clerk's public docket. Attached as **Exhibit C** is a true copy of the order to show cause the FVP Parties filed on September 14, 2026 in the New York action described in paragraph 13, as it appears on the New York State Courts Electronic Filing system (NYSCEF Doc. No. 1487). Attached as **Exhibit D** are true copies of two Notices of Postponement of Sale filed by the FVP Parties on the Broward County docket on June 25, 2026 and July 23, 2026 (Filing Nos. 251241950 and 253157341), which Exhibit A cites and which I obtained from the Broward County Clerk's public docket.

**Why the opposition was not filed by September 10**

4. I did not file my opposition by September 10 because I was waiting to retain bankruptcy counsel. I have had difficulty organizing and keeping track of the deadlines in this case without counsel, and I realized on September 12, 2026 that the opposition deadline had passed. I have not yet retained bankruptcy counsel. I understand that seeking counsel did not

itself extend the opposition deadline. I should have requested additional time before the deadline expired, and I am asking the Court to address the missed deadline now. Earlier in this case I did respond to the motions filed against me: on July 21, 2026 I filed and served my objection to Docket Nos. 13 and 33, with a declaration, a supplemental declaration and exhibits. I do not offer that as an excuse for missing this deadline. When I realized the deadline had passed, I worked continuously to prepare this certification and the attached opposition, including through the night before filing. I also state, not as an excuse but because it bears on why this took me as long as it did: **I have dyslexia.** Preparing written court papers without counsel takes me substantially longer than it would take someone else, and I have been doing it while responding to proceedings in Florida and New York at the same time.

5. At the hearing on July 23, 2026, the Court asked whether I would stipulate to dismissal or conversion if I had not retained counsel by a date the Court imposed. I answered that I would agree to the appointment of a trustee or an examiner if I could not get an attorney, that I would prefer an examiner, and that I wanted "some time to be able to get an attorney." (July 23, 2026 Hr'g Tr. 27:7–19; 36:11–14.) The Court did not enter a stipulation providing for the appointment of a trustee automatically on a specified date. It did give me until the September 3, 2026 hearing to obtain counsel (July 23 Tr. 40:7–12), and I thanked the Court for that time (Tr. 42:13–18). I acknowledge that the Court has already afforded me time for this purpose and that I am still unrepresented. At the August 6, 2026 hearing, the Court told me that the question I had asked "speaks very specifically to how important it is that you retain bankruptcy counsel" (Aug. 6 Tr. 20:5–8) and said, "I fully encourage you to retain counsel and be advised by counsel" (Tr. 22:4–5). I understood those statements as encouragement to retain counsel, not as an extension of any deadline.

**What I have done to retain counsel**

6. Since the petition date, and in particular since the Trustee Motion was filed, I have done the following to retain New Jersey bankruptcy counsel (names and dates as I confirm them from my own records):

(a) Richard D. Trenk, Esq. (Trenk Isabel Siddiqi & Shahdanian P.C.): I met with Mr. Trenk on July 15 and July 23, 2026. On August 29, 2026 his office sent me an engagement letter providing for an initial retainer of $50,000, with standard terms and wire instructions. On August 31, 2026 his office confirmed in writing that he would be representing me in this case. On September 1, 2026 the firm advised me that it would not be representing me. **I never signed the engagement letter and never paid a retainer, and no appearance was ever entered for me. I do not describe this as counsel retained and withdrawn.** I do not ask the Court to resolve anything about that firm's decision and I make no criticism of it; I state the dates because they explain where I was on September 1, nine days before the opposition deadline.

(b) Kenneth Baum, Esq.: I consulted Mr. Baum on June 24–25 and July 8–9, 2026 and again on August 28, 2026. On August 28 he advised that his September calendar was full; on September 2, 2026 he advised that he did not have the bandwidth to take on the matter.

(c) Donald Clarke, Esq. (Pashman Stein Walder Hayden): I consulted Mr. Clarke on July 6–9, 2026. On September 3 and September 8, 2026 he advised that his firm would require an up-front retainer of $125,000, which I do not have, and would not accept a limited engagement.

(d) Andrew J. Kelly, Esq. (The Kelly Firm, P.C.): I met with Mr. Kelly and his office in late June and early July 2026 and provided him the case file; he did not take the engagement. I have approached additional attorneys and firms who declined to take the case. Most of the attorneys I approached declined.

**Why counsel has not been retained: the cost**

6A. Cost has been one obstacle; other attorneys declined because of capacity or the scope of the engagement. Most of the attorneys I approached declined altogether. The retainers I have been quoted range from $50,000 to $125,000. On September 3 and September 8, 2026 Pashman Stein Walder Hayden advised that it would require an up-front retainer of $125,000 and would not accept a limited engagement. The engagement letter I received on August 29, 2026 provided for an initial retainer of $50,000. I understand that an initial retainer in a contested Chapter 11 is a deposit against fees rather than the cost of the engagement. With the FVP Parties' adversary proceeding (Adv. Pro. No. 26-01315), this Motion, and the related proceedings in Florida and New York, the total professional cost of representing me will be substantially greater than any initial retainer and will require replenishment. I am not asking the Court to relieve me of that cost, and I am not asking the Court to appoint counsel for me. I am asking for the time to meet it. What I need the three weeks for is to try to raise that capital. I am seeking it from a family member. I do not represent to the Court that the funding is committed, that any amount has been promised, or that any date has been fixed for it. None of that is true. I will report truthfully on the adjourned date whether it came through.

6B. I have kept copies of the engagement letter and of my correspondence with each of the firms I have approached. I have not attached them, because they are communications with counsel and contain terms I do not think belong on a public docket. If the Court or the United States Trustee wishes to see any of them, I ask leave to address confidentiality and privilege first and will produce them on whatever terms the Court directs.

7. As of the date of this certification I have not retained counsel, and no attorney has agreed to appear for me. Of the attorneys who were willing to consider the engagement, each required a retainer I cannot presently fund. I am continuing to seek counsel. I do not have a firm engaged or a date by which I can promise one will be, and I am not going to tell the Court otherwise. I expect to be able to report on the status at the adjourned hearing.

8. **I do not consent to the appointment of a Chapter 11 trustee. If the Court does not order the appointment of a trustee, I consent to and request the appointment of an independent examiner under 11 U.S.C. § 1104(c)**, as I offered on the record on July 23, 2026. I understand that an examiner cannot substitute for a trustee if the Court finds cause under § 1104(a), and that additional notice may be required before an examiner is appointed. I understand and accept that an examiner's compensation, and the fees of any professionals the examiner retains, are administrative expenses of my estate subject to this Court's approval; that the Court fixes the examiner's scope, duration and budget and may enlarge the examiner's duties under 11 U.S.C. § 1106(b); and that an examiner may investigate and report publicly on my own acts, conduct, assets and liabilities, including every transfer the FVP Parties describe. I have nothing to hide. I will cooperate fully with an examiner, produce the records of the entities that are within my possession or control, and make myself available for examination under oath. I also ask that the examiner's review include the reconciliation of the claim asserted against my estate by the FVP Parties (Claim No. 5-1) — that is, whether all payments, credits, recoveries and other consideration have been applied to the Florida judgment, and how interest and charges are calculated — so that a substantial asserted liability of this estate is stated accurately. I do not ask the examiner to assume that any error exists, and I make no allegation about the conduct of the FVP Parties or their counsel; I ask only that the number be verified by someone independent of both sides. I will present any objection to the allowed amount of Claim No. 5-1 by a separate objection under Fed. R. Bankr. P. 3007 on ordinary notice, and I do not ask the Court to decide that question now.

**Length of the delay and prejudice**

9. This certification is filed five days after the September 10 deadline and two days before the scheduled hearing, with the proposed opposition attached. The adjournment I request is approximately three weeks, to a date selected by the Court, with whatever supplemental-opposition and reply schedule the Court sets. I do not know the Court's calendar and I do not ask for a date the Court does not have. I ask for three weeks rather than a longer period because I understand that this is the third time I have asked this Court for time to retain counsel, and because I would rather give the Court a date I can be held to than a date that sounds comfortable. If the Court grants the adjournment, I will report on the record on the adjourned date whether I have retained counsel and whether an application to retain counsel has been filed. If I have not, I do not oppose the appointment of an examiner under 11 U.S.C. § 1104(c) on the terms stated in paragraph 8, and I will not ask the Court for more time unless I can show a specific engagement then in progress. The Trustee Motion rests on the written record the FVP Parties compiled (Docket Nos. 62-2 through 62-4, 63, 83 and 84); they will have a full opportunity to reply to the attached opposition and to any supplement on whatever schedule the Court sets.

10. I do not tell the Court that a further delay costs nothing. It does. Every additional week postpones the administration of this estate, adds to the professional expense the FVP Parties are incurring, and leaves the items in paragraph 12 unfinished. I ask for three weeks

rather than a longer period for that reason, and I do not ask the Court to treat the cost of delay as irrelevant. What I can say about the estate's principal assets is narrow, and I state it precisely. There is no operating business. The principal assets of the estate are my membership interests in limited liability companies and litigation claims, which are disclosed in my schedules (Docket No. 48) and in the Rule 2015.3 report (Docket No. 38). Since the petition date I have not sold, transferred, assigned or encumbered any membership interest in any of those companies, and I have not sold, transferred, assigned or encumbered any litigation claim of the estate. I do not extend that statement to my ordinary living expenditures, and I do not represent that my bank activity since the petition date has been reconciled against my schedules; it has not, and that is part of what paragraph 12 describes. Before the petition the FVP Parties had noticed private sales of my transferable interests in Spin Capital, LLC and Teton Funding, LLC for June 26, 2026 and of my interest in JL Special Investments, LLC for July 24, 2026. Each sale was postponed by a notice the FVP Parties filed, which stated that the postponement was in light of my Chapter 11 filing and the automatic stay, conditioned any further sale on the stay being terminated, modified, annulled, lifted or no longer applicable, and expressly reserved their rights (Exhibit D). I state that as what those notices say, at the time they were filed, and not as a representation about the present status of any asset. On August 6, 2026 the Office of the United States Trustee stated that it "will not join in any of the creditor motions for an 11 Trustee, at this time" and was "still making an independent assessment as to what relief is warranted in this case" (Aug. 6 Tr. 9:1–6); at the same hearing it identified administrative items it expected me to address (Tr. 8:11–25), which I address in paragraph 12.

**Good faith**

11. I have tried to meet my obligations in this case, and where I have fallen short I say so in paragraph 12. I filed my schedules and statements on July 22, 2026 (Docket No. 48) and the Rule 2015.3 periodic report on July 16, 2026 (Docket No. 38). I filed the sworn residence declaration the Court required on September 2, 2026 (Docket No. 87-4). I attended the initial debtor interview on July 10, 2026 and produced bank statements and tax returns to the United States Trustee that day. I attended the meeting of creditors held on July 31, 2026, at which the FVP Parties' counsel examined me; the United States Trustee confirmed my attendance at both the initial debtor interview and that meeting on the record (Aug. 6, 2026 Hr'g Tr. 8:11–14). I do not state from my own record-keeping the date on which that meeting was formally concluded. I appeared at the hearings held on July 16, July 23 and August 6, 2026. I will keep communications with opposing parties and counsel professional and confined to necessary case matters, including scheduling, service, required conferrals and discovery. I will not use correspondence to make personal accusations. The e-mails of August 21 and 22, 2026 attached to Docket No. 84 should not have been sent.

**Present status of the items the United States Trustee identified, and a proposed schedule**

12. I will state the present status of the administrative items the United States Trustee identified on August 6, 2026 plainly, because the Court should not have to guess at it. **None of**

**them is complete.** On August 6 the United States Trustee told the Court that I had appeared at the initial debtor interview and the meeting of creditors, but that I had "not yet provided... proof of a debtor-in-possession bank account or a closing of [my] pre-petition bank accounts," that my "schedules seem to lack, with any certain clarity, [my] expenses and income," that I "hasn't filed... the most recent operating report," and that "there also appears to be undisclosed assets that are not in the schedules" (Aug. 6, 2026 Hr'g Tr. 8:11–22). I am not going to tell the Court these items are nearly done when they are not. The present status is this:

I have not opened a debtor-in-possession account and I have not closed my prepetition accounts. My monthly operating reports have not been filed. I have not yet clarified or amended the income and expense disclosures the United States Trustee identified. I have not completed the comparison of my schedules against my own records that is needed to determine whether further asset disclosures or corrections are required. My 2024 and 2025 tax returns have not been filed. I do not represent that any of these requirements has been completed, that funding to complete them has been secured, or that a completion date has been agreed with any professional.

12A. I have not been inactive on these items, and I ask the Court to weigh what I did do.

(a) **Insurance.** On July 17, 2026 I e-mailed Kirsten Ardelean of the Office of the United States Trustee, copying Rachel Wolf, attaching declarations for my personal premises-liability and personal umbrella policies together with the signed requests I had submitted to my agent asking that the United States Trustee be added as a notice party. **That e-mail stated expressly that the declarations did not yet reflect the requested endorsements and that I would supplement when the insurer issued the final documents, and that these personal policies did not resolve the separate question the United States Trustee had raised about Spin Capital's business or general liability coverage.** I do not represent that the insurance requirement has been satisfied or that the United States Trustee accepted that submission as complete.

(b) **Request for a list of outstanding requirements.** On September 4, 2026 I e-mailed Ms. Wolf and Ms. Ardelean asking them to identify each item their office considered outstanding and its deadline, including operating reports, the debtor-in-possession account, insurance, quarterly fees and requested documents. I received an automatic reply stating that Ms. Ardelean would return on September 14, 2026. I have not received a substantive response to that request. I do not contend that sending it extended any deadline, excused any requirement, or shifted responsibility for these items to the United States Trustee. The United States Trustee stated on the record that I was made aware of the deficiencies at the meeting of creditors and that I am "free to amend at any time" (Aug. 6 Tr. 8:23–25). That is correct, and the responsibility is mine.

12B. I ask the Court to set prompt deadlines and reporting requirements for the outstanding items below. I cannot presently give reliable completion dates. I do not represent that funding or professional assistance has been secured to complete these tasks. These obligations remain my responsibility while I am unrepresented. This request does not itself extend any existing deadline or excuse past noncompliance.

(a) **Debtor-in-possession account; prepetition accounts.** I ask the Court to set a deadline for opening the debtor-in-possession account, addressing my prepetition accounts in accordance with applicable requirements, and providing the required proof to the United States Trustee. I also ask for directions concerning compliance with the debtor-in-possession account requirements in light of the following provision. Section D of the May 15, 2026 order of the Broward County court — which the FVP Parties themselves filed with the Trustee Motion (Docket No. 62-3, Ex. F) — enjoins me by name, "pending further order of this Court," from "[o]pening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order" (id. § D(b)). **I do not contend that the Florida order excused these obligations or extended a deadline, and I do not seek to vacate that order or obtain an injunction in this motion.**

(b) **Monthly operating reports.** The outstanding monthly operating reports have not been filed. I ask the Court to set a deadline for filing them and to require a status report and disclosure of any obstacle to completion.

(c) **Income and expenses; schedules.** I have not amended Schedules I and J or clarified the income and expense disclosures the United States Trustee identified. I ask the Court to set a deadline for that work and to require a status report and disclosure of any obstacle to completion.

(d) **Review for omitted assets.** The United States Trustee said on August 6 that there "appears" to be undisclosed assets. I do not know that there are, and I do not ask the Court to assume that there are not. I have not finished the comparison of my schedules against my records needed to answer the question. I ask the Court to set a deadline for completing that comparison and filing any amendment it requires, with a status report.

(e) **Tax returns.** My 2024 and 2025 tax returns remain unfiled. I cannot presently supply a reliable completion date and ask for a Court-set schedule and status-report requirement.

(f) **Supplemental opposition.** I will file a supplemental opposition to the Trustee Motion by the date the Court sets (paragraph 14).

12C. I recognize the seriousness of these unfinished obligations. I ask for the short adjournment and Court-set compliance and reporting schedule described above. I understand that

the Court may decline that request. I will comply with the Court's directions and report the actual status of the outstanding items.

**A development since the deadline**

13. On September 14, 2026 the FVP Parties filed an order to show cause in *Teton Life LLC, as Assignee of the Rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022 (Sup. Ct. N.Y. County, Commercial Division), an action in which I have been named as a party. A true copy is attached as **Exhibit C**. In it the FVP Parties ask the New York court for leave to intervene and for an order directing the temporary receiver appointed in that action to segregate and hold, rather than disburse, funds they describe as attributable to my interest — including the reimbursement Teton Life, LLC requested from the receiver by letter dated August 31, 2026 — "pending further order of this Court and/or pending a determination by the United States Bankruptcy Court for the District of New Jersey in In re Avrumi Lubin, Case No. 26-17342-EJO as to whether the funds at issue in this action constitute property of the bankruptcy estate of Lubin" (Ex. C at 2). I am not asking this Court to decide anything about those funds now, and I take no position in this certification on whether they are property of my estate. I bring the application to the Court's attention because it was filed after the September 10 deadline, because it concerns an action in which I am a party without counsel, and because it bears on the short adjournment I am requesting. I have not had the opportunity to consider with counsel what response, if any, it requires in this Court or in New York, and I reserve all rights of the estate and of myself with respect to it, including any rights arising under 11 U.S.C. § 362, without asserting any of them now. I note one thing about the relief the FVP Parties ask for and nothing more: they ask the New York court to hold the funds pending a determination — by that court or by this Court — of whether the funds are property of my estate. If such a determination is coming, I ask to be represented when it is made.

**The Court's own threshold question**

13A. I am also aware that at the August 6, 2026 hearing the Court identified the question of venue as a threshold matter it intended to decide first, and observed that if the case were dismissed as improperly venued that determination "would then moot all of the other issues" (Aug. 6, 2026 Hr'g Tr. 7:10–18). I filed the residence declaration the Court directed and the motion at Docket No. 87 concerning it, and I do not ask the Court here to decide venue or to take these matters out of the order the Court set. I ask only that, if the Court reaches the Trustee Motion, it have my response before it.

**The relief requested**

14. I respectfully request that the Court:

(a) grant leave under Fed. R. Bankr. P. 9006(b)(1)(B) to file this certification and the Preliminary Opposition attached as Exhibit A out of time, and accept and consider them notwithstanding the September 10, 2026 deadline;

(b) permit me to be heard on the Trustee Motion;

(c) adjourn the hearing on the Trustee Motion for approximately three weeks, to a date selected by the Court, and set a supplemental-opposition date for me and a reply date for the FVP Parties;

(d) if the Court is not prepared to adjourn the hearing, consider Exhibit A on September 17, 2026 to the extent the Court permits and deny the Trustee Motion without prejudice on the present record;

(e) if the Court does not order the appointment of a trustee, consider the appointment of an independent examiner under 11 U.S.C. § 1104(c), after any notice and hearing the Court requires, with the scope and budget the Court fixes, on the terms stated in paragraph 8 above; and

(f) grant such other relief as the Court deems just.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 15, 2026

______________________________

Avrumi Lubin, Debtor and Debtor in Possession, pro se