At IAS Part _ of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York on the ___ day of September 2026

PRESENT: Hon. __________________
Justice of the Supreme Court

--------------------------------------------------------------------------X

TETON LIFE LLC,
as Assignee of the Rights of SPIN CAPITAL, LLC,

Plaintiff,

- against –

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Defendants.

Index No. 650582/2022

--------------------------------------------------------------------------X

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Third-Party Plaintiffs,

- against –

SPIN CAPITAL, LLC and AVRUMI LUBIN,

Third-Party Defendants.

Third Party Index No. 595367/2022

--------------------------------------------------------------------------X

**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND TO INTERVENE TO PRESERVE RECEIVERSHIP FUNDS**

**UPON** reading the Affirmation of Jason S. Giaimo dated September 14, 2026 ("Giaimo Affirmation"), together with the exhibits annexed thereto; the Affirmation of Alan I. Karten dated September 14, 2026; the proposed Complaint annexed to the Giaimo Affirmation pursuant to CPLR § 1014; and the accompanying Memorandum of Law, and all prior pleadings and proceedings had herein;

**LET** Plaintiff, Defendants, Third-Party Plaintiffs, and Third-Party Defendants show cause at IAS Part _ of this Court, to be held at the Courthouse located at 60 Centre Street, New York,

New York, on _________________, 2026 at __________ o'clock in the a.m./p.m. or as soon thereafter as the parties to this proceeding may be heard why an Order should not be made, providing the following relief:

(1) to the extent the stay of proceedings entered January 15, 2026, as modified (NYSCEF Doc. No. 1471), is deemed to apply, modifying that stay for the limited purpose of permitting this motion to be filed, heard, and determined;

(2) pursuant to CPLR §§ 1012(a)(2) and (a)(3) and, in the alternative, CPLR § 1013, granting proposed intervenors FVP Opportunity Fund III, L.P., FVP Investments, LLC, and FVP Servicing, LLC (collectively, "FVP") leave to intervene in this action for the limited purpose of being heard on the disposition of the funds held by the Court-appointed temporary receiver, Fred Stevens, Esq. (the "Receiver"), and, pursuant to CPLR § 1014, deeming the proposed Complaint annexed to the moving papers served and filed;

(3) pursuant to CPLR § 6301 and CPLR §§ 6401(b) and 6404, entering a preliminary enjoining the Receiver from disbursing, and directing the Receiver to segregate and hold, any funds attributable to (a) Avarmi Lubin's ("Lubin") transferable interest in Plaintiff Teton Life LLC ("Teton"), including any distribution to or for his direct or indirect benefit under Section 5.02 of Teton's Amended and Restated Operating Agreement or otherwise, and (b) any right, claim, cause of action or proceeds in this action that Lubin claims, directly or indirectly, through Spin Capital, LLC, JL Special Investments, LLC, himself individually, or any other entity he owns or controls, pending further order of this Court and/or pending a determination by the United States Bankruptcy Court for the District of New Jersey in *In re Avrumi Lubin*, Case No. 26-17342-EJO as to whether the funds at issue in this action constitute property of the bankruptcy estate of Lubin;

(4) Enjoining the Receiver from disbursing funds to Teton, including the $1,409,439.56 requested in Teton's letter dated August 31, 2026 (NYSCEF Doc. No. 1476), and directing the Receiver to segregate and hold any portion of such disbursement attributable to Lubin's interest, prior to resolution of FVP's motion; and

(5) granting such other and further relief as the Court deems just and proper.

**NOW** upon reading and filing the motion and sufficient cause having been shown, it is hereby:

**ORDERED** that pending a determination of this motion or until further Order of the Court, the Receiver shall not disburse, and shall segregate and hold, any funds attributable to (a) Lubin's transferable interest in Teton, including any distribution to or for his direct or indirect benefit under Section 5.02 of Teton Amended and Restated Operating Agreement or otherwise, and (b) any right,

claim, cause of action or proceeds in this action that Lubin claims, directly or indirectly, through Spin Capital, LLC, JL Special Investments, LLC, himself individually, or any other entity he owns or controls;

**ORDERED** that service of a copy of this Order to Show Cause and the other papers upon which it is based, upon Plaintiff, Defendants, Third-Party Plaintiffs, and Third-Party Defendants by filing on NYSCEF on or before September _, 2026 shall be deemed good and sufficient service; and it is further

**ORDERED** that answering papers, if any, shall be filed on NYSCEF on or before September _, 2026; and it is further

**ORDERED** that reply papers, if any, shall be filed on NYSCEF on or before September _, 2026.

**E N T E R:**

____________________________
J.S.C.