FILED
JEANNE A. NAUGHTON, CLERK
SEP 15 2026
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY ________ DEPUTY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2026 SEP 15 P 4:04

**Avrumi Lubin, Pro Se**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
Email: josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**AVRUMI LUBIN aka JOSH LUBIN,**<br><br>Debtor. | Case No. 26-17342-EJO<br><br>Chapter 11<br><br>Hearing Date: September 17, 2026 at 10:00 a.m. (adjournment requested)<br><br>Hon. Eamonn J. O'Hagan |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEBTOR'S REQUEST THAT THE COURT ACCEPT HIS OPPOSITION TO THE TRUSTEE MOTION (DOCKET NO. 62) OUT OF TIME, ADJOURN THE HEARING, AND, IN THE ALTERNATIVE TO A TRUSTEE, APPOINT AN EXAMINER UNDER 11 U.S.C. § 1104(c)**

## PRELIMINARY STATEMENT

The debtor, appearing pro se, asks the Court to accept his opposition to the FVP Parties' motion for appointment of a Chapter 11 trustee (Docket No. 62) five days after the deadline set by D.N.J. LBR 9013-2(a), to permit a short supplementation, and to adjourn the hearing so that a motion of this consequence is decided on a complete record. **If the Court does not order the appointment of a trustee**, the debtor asks the Court to consider the appointment of an examiner under 11 U.S.C. § 1104(c), after any notice and hearing the Court requires; he consents to that relief and to an investigation of his own conduct (Cert. ¶ 8; Ex. A, Part VI.G). He does not contend that an examiner can substitute for a trustee where the Court finds cause under § 1104(a). The facts are set out in the accompanying Certification of Avrumi Lubin (the "Certification"); the proposed opposition is Exhibit A to it. The debtor has not retained counsel despite his efforts, described in the Certification. Cert. ¶¶ 6–7. He missed the deadline because he was waiting to retain counsel and did not keep track of the date without counsel; he realized on September 12, 2026 that it had passed, and he did not ask for more time before it expired. Cert. ¶¶ 3–4.

## ARGUMENT

### I. Rule 9006(b)(1)(B) authorizes the Court to accept the late opposition, and the *Pioneer* factors govern.

Fed. R. Bankr. P. 9006(b)(1) provides that, when an act must be done within a time specified by the rules, by a notice given under them, or by court order, "the court may — at any time and for cause — extend the time to act if . . . (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect." The Local Bankruptcy Rules are rules within that provision, and the Court may in any event "modify the application of a Local Bankruptcy Rule in a particular case or proceeding." D.N.J. LBR 1001-1(b). Neither the Court's authority over its calendar nor its power to relax a Local Rule dispenses with the excusable-neglect inquiry where, as here, the request is made after the time has run; the debtor addresses that inquiry directly. The request is made by the accompanying Notice of Motion, supported by the Certification of Avrumi Lubin, this memorandum, the proposed opposition attached to the Certification as Exhibit A, and a proposed order. Because the Trustee Motion is calendared for September 17, 2026, the debtor asks that the motion be considered on shortened notice, or at the hearing, or on such other terms as the Court directs. He does not contend that the existing hearing date, or the fact that these papers are being served, supplies notice the rules otherwise require, and he asks the Court's direction if further notice is needed.

"Excusable neglect" is not limited to circumstances beyond the movant's control. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), the Supreme Court held that Rule 9006(b)(1) permits courts, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. The Third Circuit applies those four factors and requires that all of them be weighed; it has explained that "prejudice" in this setting looks to matters such as loss of evidence, increased difficulty of discovery or substantial reliance, and not merely to the loss of an advantageous position, and that the reason for the delay is examined with care. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 125–30 (3d Cir. 1999).

### II. The factors, weighed.

**A. Prejudice.** The FVP Parties' motion rests on a written record they compiled (Docket Nos. 62-2 through 62-4, 63, 83, 84); nothing in it becomes stale in the period requested, and the FVP Parties will have a full opportunity to reply to the attached opposition and to any supplement on the schedule the Court sets. The debtor does not argue that a further delay is costless. Delay postpones the administration of this estate, adds to the professional expense the FVP Parties are incurring, and leaves the administrative items in Certification ¶ 12 unfinished;

the Court may weigh all of that. Cert. ¶ 10. What the debtor submits is narrower: that these are not the species of prejudice *O'Brien* identifies — loss of evidence, increased difficulty of discovery, or substantial reliance, 188 F.3d at 126–28 — and that a schedule the Court controls bounds them. He does not represent that the estate's assets are secure or immobile; he represents only that he has not himself sold, transferred, assigned or encumbered any membership interest or litigation claim since the petition date. Cert. ¶ 10. The United States Trustee stated on August 6, 2026 that it was not joining the motion "at this time" and was continuing its independent assessment. Cert. ¶ 10 (quoting Aug. 6 Tr. 9:1–6).

**B. Length of the delay and its impact.** The opposition is five days late and is attached to the Certification, two days before the scheduled hearing. The adjournment requested is separate from that delay: approximately three weeks, to a date selected by the Court, with a supplementation and reply schedule the Court sets. Cert. ¶ 14. The Court carried the other pending matters to September 17 so that they may be heard together rather than piecemeal (Aug. 6 Tr. 14:1–6); the debtor does not ask that those matters be adjourned by this motion and will appear on them as scheduled unless the Court directs otherwise.

**C. The reason for the delay.** The debtor is unrepresented. He was waiting to retain counsel, has had difficulty keeping track of deadlines without counsel, and realized on September 12 that the September 10 date had passed. Cert. ¶ 4. He does not contend that waiting for counsel extended the deadline or that the omission was outside his control; *Pioneer* does not require that. 507 U.S. at 388. He has described his efforts to retain counsel, including a proposed engagement letter he received on August 29, 2026 but never signed and never funded, the firm's advice on September 1, 2026 that it would not represent him, and other firms' declinations for capacity, scope or retainer reasons, Cert. ¶¶ 6–7, and what he did once he learned the deadline had passed, Cert. ¶ 4. He submits that the reason is neglect of the kind *Pioneer* permits the Court to excuse when the other factors weigh in favor of leave, not a tactical delay.

**D. Good faith.** The debtor has filed his schedules, the Rule 2015.3 report and the residence declaration; attended the initial debtor interview and the meeting of creditors, which the United States Trustee confirmed on the record (Aug. 6 Tr. 8:11–14); produced records to the United States Trustee; and appeared at the hearings held on July 16, July 23 and August 6, 2026. Cert. ¶ 11. He states the outstanding administrative items without minimizing them — none is complete — identifies what he did do, and, rather than offer completion dates he cannot stand behind, asks the Court to set deadlines and require status reports. Cert. ¶¶ 12, 12A, 12B. He filed these papers three days after learning that the deadline had passed, with the opposition attached, rather than appearing on September 17 with nothing on the record. He has also brought to the Court's attention, rather than withheld, an application the FVP Parties filed on September 14, 2026 in a New York action in which he has been named as a party, in which they ask that court to direct its receiver to hold funds pending a determination — by the New York court and/or by this Court — of whether the funds are property of this estate. The debtor does not contend that

the application has been granted, that any restraint has been entered, or that the funds are property of the estate. Cert. ¶ 13 & Ex. C.

**III. The Court's rules independently bear on the relief.**

D.N.J. LBR 9013-3(d) provides that on a contested motion the Court "will permit oral argument from only the movant or a party that has filed opposition." Leave to file the opposition cures that limitation. D.N.J. LBR 1001-1(b) permits the Court to modify the application of a Local Rule in a particular case, and D.N.J. LBR 5071-1 governs the debtor's separate request to chambers to adjourn the hearing. These provisions inform the Court's discretion; they are not offered as substitutes for the showing required by Rule 9006(b)(1)(B).

**IV. What is at stake counsels decision on a complete record.**

Section 1104(a) requires the appointment of a trustee "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case," or "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(1)–(2). "It is settled that appointment of a trustee should be the exception, rather than the rule." *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). "The party moving for appointment of a trustee . . . must prove the need for a trustee under either subsection by clear and convincing evidence." *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998); see *In re G-I Holdings, Inc.*, 385 F.3d 313, 319–21 (3d Cir. 2004) (the presumption in favor of the debtor in possession describes the movant's burden of proof, which does not shrink or shift). Both *Sharon Steel* and *Marvel* affirmed appointments on their records; the debtor cites them for the standard, not for the result. A remedy the Third Circuit describes as the exception, on a clear-and-convincing showing, should be decided on a contested record rather than by default because a pro se debtor's response arrived five days late. The debtor asks only that the question be decided after he has been heard, on a schedule that keeps this case on a short leash.

**V. If the Court does not order the appointment of a trustee, § 1104(c) supplies a remedy the Court may consider.**

Section 1104(c) provides that "[i]f the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court **shall** order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate," if "(1) such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or (2) the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000." 11 U.S.C. § 1104(c) (emphasis added). The Third Circuit has held that the statute means what it says: the appointment of an examiner under § 1104(c)(2) is mandatory when an examiner is requested by the United States Trustee or a party in interest and the debtor's qualifying unsecured debts exceed $5,000,000, while the bankruptcy court "retains broad discretion to direct the examiner's

investigation," including its scope, degree, duration and cost. *In re FTX Trading Ltd.*, 91 F.4th 148 (3d Cir. 2024). The debtor is a party in interest and makes that request, under § 1104(c)(1) if the Court determines the appointment is in the statutory interests, and under § 1104(c)(2) if the qualifying-debt threshold is established. He does not ask the Court to treat the face amount asserted in the FVP Parties' proof of claim as conclusively satisfying every element of § 1104(c)(2); whether the qualifying unsecured debts of this estate meet the threshold is for the Court on a claim-by-claim analysis, and the debtor has a disagreement with the amount of that claim that he will raise by separate objection under Fed. R. Bankr. P. 3007. Both routes remain conditioned on the Court not ordering the appointment of a trustee and on the notice and hearing the statute requires.

The examiner alternative answers the concern the Motion raises on a scope and budget the Court fixes at appointment. A trustee ends the debtor's management of the estate, 11 U.S.C. §§ 1101(1), 1106; an examiner investigates and reports, and the Court sets the budget. An examiner is not a substitute for a trustee where the Court finds cause under § 1104(a), does not complete the debtor's outstanding reports for him, and does not serve as his counsel. The debtor has consented to an investigation of his own acts, conduct, assets and liabilities, including every transfer the Motion describes, and to production and examination under oath. Cert. ¶ 8. He has also asked that the examiner reconcile a substantial asserted liability of the estate — a subject § 1106(a)(3) commits to the investigation in terms — making no allegation against any party and reserving the allowance question for a separate objection under Fed. R. Bankr. P. 3007. Ex. A, Part VI.G. Where a debtor offers that much and asks only for time to obtain counsel, the "exception, rather than the rule" of *Sharon Steel* counsels the lesser remedy.

**CONCLUSION**

The debtor respectfully requests that the Court grant leave under Fed. R. Bankr. P. 9006(b)(1)(B) to file the Certification and the opposition attached to it as Exhibit A out of time, accept and consider them notwithstanding the September 10, 2026 deadline, and permit the debtor to be heard on the Trustee Motion; adjourn the hearing on the Trustee Motion for approximately three weeks, to a date selected by the Court, with a supplemental-opposition date for the debtor and a reply date for the FVP Parties as the Court sets. If the Court is not prepared to adjourn, the debtor asks that the Court consider Exhibit A to the extent it permits, hear him on September 17, 2026, and deny the Trustee Motion without prejudice on the present record. If the Court does not order the appointment of a trustee, the debtor asks the Court to consider the appointment of an independent examiner under 11 U.S.C. § 1104(c), after any notice and hearing the Court requires, with the scope and budget the Court fixes.

Dated: September 15, 2026

______________________________
Avrumi Lubin, Debtor and Debtor in Possession, pro se