UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ASHFORD – SCHAEL LLC**
Courtney A. Schael, Esq. (CS-1295)
100 Quimby Street, Suite 1
Westfield, NJ 07090
(908) 232-5566
(908) 728-3113 telecopy
Former proposed Counsel for Debtor

In re:

AVRUMI LUBIN

Debtor.

Chapter 11

Case No. 26-17342 (EJO)

**CERTIFICATION OF COURTNEY A. SCHAEL, ESQ.**
**IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER**
**PURSUANT TO D.N.J. LBR 9010-2(b) WITHDRAWING APPEARANCE**
**<u>OF ASHFORD – SCHAEL LLC</u>**

COURTNEY A. SCHAEL, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and a member of Ashford – Schael LLC. I submit this certification in support of Ashford – Schael LLC's motion for entry of an order withdrawing appearance of Ashford – Schael LLC. I make this certification based upon firsthand knowledge, review of documents maintained in the ordinary course of business, and the record in this case.

## I. <u>Procedural Background</u>

2. The Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 25, 2026 (the "<u>Bankruptcy Case</u>"). The Debtor filed the petition *pro se* and prosecuted this case *pro se* for approximately three months.

3. Ashford – Schael LLC was retained to represent Avrumi Lubin, solely in his capacity as debtor-in-possession in the Bankruptcy Case. On September 15, 2026, Ashford – Schael LLC transmitted a written engagement letter to the Debtor (the "Engagement Letter"). The Engagement Letter explicitly provided, in its opening paragraph, that "[a]s required under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, our retention in the bankruptcy case is contingent upon Bankruptcy Court approval of our retention."

4. The Debtor executed the Engagement Letter and arranged for payment of a retainer in the amount of $25,000.00 to Ashford – Schael LLC on September 16, 2026. The retainer was paid by the Debtor's father, Schmul Lubin.

5. On the same day, Ashford – Schael LLC filed: (a) an Application for Retention of Professional (dkt. no. 97), together with the certification of professional and a proposed form of order (objection deadline September 23, 2026); (b) a Notice of Appearance and Request for Service of Notices (dkt. no. 98); (c) an Amended Attorney Compensation Statement pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (dkt. no. 99); and (d) a Certificate of Service (dkt. no. 100).

6. The following day, on September 17, 2026, the Court conducted a hearing on several contested matters, including the motion of FVP Servicing, LLC, FVP Opportunity Fund III, LP, and FVP Investments LLC for the appointment of a chapter 11 trustee (dkt. no. 62) (the "Trustee Motion"). Because Ashford – Schael LLC was retained less than twenty-four hours prior to the hearing, Ashford – Schael LLC requested an adjournment of the contested matters to allow time to review the record and respond. The Court denied the adjournment request and proceeded to hear the Trustee Motion.

7. At the conclusion of the hearing, the Court granted the Trustee Motion for cause under 11 U.S.C. § 1104(a)(1). The Order Granting Motion for Appointment of a Chapter 11 Trustee was entered on September 17, 2026 (dkt. no. 101) (the "Trustee Order").

8. Paragraph 4 of the Trustee Order provides that, upon appointment and qualification of the chapter 11 trustee, "the Debtor shall thereupon cease to be a debtor-in-possession and shall be relieved of the powers and duties of a trustee."

## II. The Representation was Terminated by the Appointment of a Chapter 11 Trustee.

9. Pursuant to the Trustee Order, upon appointment of the Chapter 11 Trustee the debtor-in-possession effectively ceased to exist. The purpose for which Ashford – Schael LLC was engaged, to serve as counsel to the debtor-in-possession in the Bankruptcy Case, no longer exists. Consequently, Ashford – Schael LLC's representation of the debtor-in-possession terminated as there was no longer a debtor-in-possession for Ashford - Schael LLC to represent.

10. Moreover, the Engagement Letter explicitly provided that representation was contingent upon entry of an order of the Bankruptcy Court approving retention. That contingency can never be fulfilled because only the Chapter 11 Trustee may employ professionals to render services to a chapter 11 estate. *See* 11 U.S.C. § 327(a); 11 U.S.C. § 1107(a). The express condition on which Ashford – Schael LLC's engagement was premised became incapable of satisfaction as a matter of law, and the engagement terminated by its own terms. No order approving Ashford – Schael LLC's retention was entered before the Trustee Order, and none can be entered now.

11. Ashford – Schael LLC is not counsel to the chapter 11 trustee and has not been asked to serve in that capacity.

## III. <u>Termination of the Representation and Steps Taken</u>

13. Following the September 17, 2026, hearing, I advised the Debtor that Ashford – Schael LLC's representation was terminated as a result of appointment of the Chapter 11 Trustee.

14. On September 18, 2026, Ashford – Schael LLC filed a Withdrawal of Application to Retain Professional and Related Pleadings (dkt. no. 104), withdrawing the Retention Application (dkt. no. 97), the Notice of Appearance (dkt. no. 98), and the Amended Attorney Compensation Statement (dkt. no. 99).[1]

15. By letter dated September 20, 2026, Ashford – Schael LLC sent written confirmation to the Debtor that the representation was terminated and the reasons, transmitted a final invoice and an accounting of the retainer, advised the Debtor in writing of various deadlines, including the deadline to appeal the Trustee Order under Fed. R. Bankr. P. 8002(a), and urged the Debtor to retain substitute counsel promptly.

16. Ashford – Schael LLC has filed simultaneously herewith a supplemental disclosure of compensation pursuant to Fed. R. Bankr. P. 2016(b) and will furnish a copy of the final invoice to the Chapter 11 Trustee and/or the United States Trustee upon request ("Amended Disclosure"). As reflected in the Amended Disclosure, Ashford – Schael LLC's retainer in the amount of $25,000.00 was paid by a non-debtor third party and was previously disclosed to the Court and the United States Trustee at dkt. no. 99. Ashford – Schael LLC's final invoice reflects 11.8 hours of professional time charged at Ashford – Schael LLC's standard rate, totaling $8,260.00, plus $110.45 in disbursements, for a total of $8,370.45. The Debtor was not charged for pre-retention professional time of 7.7 hours for due diligence relating to potential financing for a chapter 11 plan

---

[1] Dkt. no. 104 inadvertently recites that the Notice of Appearance was filed on September 18, 2026. The correct filing date is September 16, 2026.

and administrative expenses. The balance of the retainer, in the amount of $16,629.55, is being returned to the third party that paid it.

18. Since September 17, 2026, Ashford – Schael LLC has not performed services for the Debtor other than those necessary to affect an orderly withdrawal. Ashford – Schael LLC has not charged the Debtor for preparation of this Motion or accompanying pleadings to effectuate the withdrawal.

## IV. Independent Grounds for Withdrawal

19. Ashford – Schael LLC submits that entry of the Trustee Order terminated representation under the terms of the Engagement Letter and that entry of the proposed order is a procedurally formality required to ensure the docket accurately reflects the Debtor's current *pro se* status. However, independent of the foregoing, good cause exists for withdrawal under N.J. R.P.C. 1.16(b). Without disclosing information protected by N.J. R.P.C. 1.6, there has been a fundamental breakdown in the attorney-client relationship, including, the Debtor has declined to follow counsel's instructions or advice on matters central to the representation. Withdrawal can be accomplished without material adverse effect on the interests of the Debtor.

20. Should the Court require further detail concerning the grounds described in the preceding paragraph, Ashford – Schael LLC respectfully requests leave to submit that detail in camera, so that Ashford – Schael LLC is not required to disclose client confidences on the public record in order to obtain relief that is otherwise merely procedural given the termination of the representation by terms of the Engagement Letter.

## V. No Prejudice to the Debtor or the Estate

21. The Chapter 11 Trustee, not the Debtor, now administers the estate and its causes of action. Ashford – Schael LLC's withdrawal does not deprive the estate of counsel.

22. To the extent that certain matters were adjourned to October 22, 2026 related to various adversary proceedings brought against the Debtor, including *FVP Investments, LLC v. Lubin* (Adv. Pro. No. 26-01315), Ashford – Schael LLC was never retained to represent the Debtor individually as a defendant in any pending adversary proceeding. Ashford – Schael LLC never filed a notice of appearance in any adversary proceeding.

23. Ashford – Schael LLC's engagement did not include any appeals. Ashford – Schael LLC has advised the Debtor in writing of the fourteen-day deadline under Fed. R. Bankr. P. 8002(a) to appeal the Trustee Order.

24. Ashford – Schael LLC respectfully requests that the relief sought be granted on or before October 1, 2026, so that it is clear that the Debtor may file an appeal of the Trustee Order or other motion *pro se* or through substitute counsel.

25. The Debtor has consented to the relief requested. Attached hereto as Exhibit A is a true and correct copy of Consent to Withdrawal signed by the Debtor.

26. No previous application for the relief requested herein has been made to this or any other court.

27. For the foregoing reasons, Ashford – Schael LLC respectfully requests entry of the proposed form of Order submitted herewith.

I certify under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 22, 2026

/s/ Courtney A. Schael, Esq.
Courtney A. Schael, Esq. (CS-1295)

# EXHIBIT A

**CONSENT TO WITHDRAWAL**

I, Avrumi Lubin, acknowledge receipt of this letter and consent to the entry of an order of the United States Bankruptcy Court for the District of New Jersey permitting Ashford – Schael LLC to withdraw as counsel of record in *In re Avrumi Lubin*, Case No. 26-17342 (EJO), and to the removal of the Firm from the docket and from the Court's CM/ECF service list in that case and in any related adversary proceeding.

______________________________ 09/22/2026
AVRUMI LUBIN Date