UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 SEP 23 P 4: 02

FILED
JEANNE A. NAUGHTON, CLERK
SEP 23 2026
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY ________ DEPUTY

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Avrumi "Josh" Lubin, Pro Se<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 718-570-3796<br>Email: josh@tetonfunding.com<br>Debtor, appearing pro se | |
| In re:<br><br>AVRUMI LUBIN a/k/a JOSH LUBIN,<br><br>Debtor. | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Judge: Hon. Eamonn J. O'Hagan<br>Hearing Date: Not scheduled |

**DECLARATION OF AVRUMI "JOSH" LUBIN IN SUPPORT OF HIS OBJECTION TO THE APPLICATIONS FOR ADMISSION PRO HAC VICE (DKT. 102 AND DKT. 103)**

I, Avrumi "Josh" Lubin, state as follows:

**1.** I am the Debtor in this case. I am representing myself. I make this declaration from my own personal knowledge and from documents in my possession. The exhibits I refer to are attached to my objection and are identified in its Exhibit Index.

**2.** I signed a written engagement agreement with GrayRobinson, P.A. dated June 12, 2026, and returned it to GrayRobinson by e-mail on June 12, 2026. The agreement names me individually as a client, together with Teton Life, LLC, JL Special Investments, LLC and Teton Funding, LLC. Exhibit A is a true copy of the agreement as I signed and returned it.

**3.** Scott J. Topolski of GrayRobinson was the lawyer who handled the matter for me. He is the lawyer I dealt with, and the engagement agreement he sent me states that he would

perform most of the legal work and serve as lead attorney.

**4.** On June 15, 2026 I was deposed in the Florida case. Mr. Topolski appeared for me at the deposition. Exhibit K is an excerpt of the reporter's transcript of that deposition, assembled at my direction. Page 4 of the transcript is left out because it contains my personal identifying information; the transcript pages that are included are not otherwise changed. I did not sign the read-and-sign or errata sheet for that transcript.

**5.** On June 23, 2026 Mr. Topolski filed a Notice of Limited Appearance on my behalf in the Florida proceedings, and on the same day filed a motion on my behalf seeking reconsideration, vacatur and a stay of an order entered May 15, 2026. Exhibits B and B-2 are copies of those filings as they appear on the Florida court's docket.

**6.** The May 15, 2026 order required me to turn over financial records of Spin Capital, LLC and Teton Funding, LLC, required me to produce records reflecting ownership interests in those entities, enjoined transfers, and established procedures for foreclosure and sale of my transferable interests. Exhibit E is a copy of that order as it appears on the Florida court's docket.

**7.** On July 11, 2026 I received an e-mail from Mr. Topolski attaching a proposed conflict waiver letter as a Word file. Exhibit C reproduces the header and complete message text of that e-mail. It was prepared at my direction from the message in my e-mail account; the signature block, confidentiality footer and earlier messages in the thread are left out. Exhibit C-2 is a PDF rendering of the Word file as I received it. The file contains tracked revisions, and the rendering displays them; for example, its date line displays as "July 110, 2026" because the file records a change from July 10 to July 11. I have not altered the file. I did not sign the acknowledgment in the letter.

**8.** On July 12, 2026, at 4:14 a.m., I replied in writing that I did not consent to the requested waiver and that I did not agree that any of the representations had ended. Exhibit D

reproduces the header and complete message text of my reply. It was prepared at my direction from the message in my e-mail account; earlier messages in the thread are left out. My reply refers to "the firm's July 1, 2026 conflict-waiver request." The request I was answering is the letter sent to me with the July 11, 2026 e-mail (Exhibits C and C-2).

**9.** At 5:48 a.m. the same morning I sent Mr. Topolski a follow-up e-mail stating that my earlier e-mail addressed the waiver as drafted, and that there might be a narrower, limited waiver I could sign, with appropriate screening and carve-outs. That e-mail is attachment G-4 to Exhibit G. I did not sign the consent proposed on July 11, 2026, and I did not sign any narrower waiver. Apart from the June 12, 2026 engagement agreement, I have signed no document addressing GrayRobinson representing the Chapter 7 Trustee of Excell Auto Group, Inc. adverse to me.

**10.** The engagement agreement I signed contains a provision stating that GrayRobinson's acceptance of the engagement "will preclude us from accepting future representations adverse to you which involve matters substantially related to the work we perform in the course of this engagement," and that my consent to and waiver of such representation "shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to a material or potential material disadvantage to you." (Exhibit A.) I quote the provision rather than characterize it.

**11.** I have seen two written descriptions of a screening arrangement. The first is in the July 11, 2026 letter (Exhibit C-2). The second is in the Declaration of Alan R. Crane dated September 15, 2026, filed in the Florida case as Docket No. 1184-1, a copy of which is Exhibit F. Apart from those two documents, I have not received anything from GrayRobinson, P.A. stating when any screening restriction was put in place, attaching a written screening

procedure, or stating how fees are apportioned.

**12.** On the morning of September 16, 2026 I received an e-mail sent at 9:11 a.m. by Yesenia Fernandez Vivas, a paralegal at GrayRobinson. It served Docket Nos. 1184 and 1185 in the Florida case: the Trustee's expedited application to employ GrayRobinson and the notice of hearing on it. Exhibit L is a true copy of that e-mail as printed from my e-mail account.

**13.** On the evening of September 16, 2026 I sent an e-mail to GrayRobinson, copying Alan R. Crane, Jason S. Rigoli, Heidi A. Feinman of the Office of the United States Trustee for the Southern District of Florida, and Rachel Wolf of the Office of the United States Trustee for this District. I attached five documents, including the July 11 e-mail, the July 11 letter and my July 12 refusal. Exhibit G contains a reproduction of that e-mail prepared from my Outlook record, the five attachments as I sent them, and a printout of the e-mail thread from my e-mail account.

**14.** At 7:54 a.m. on September 17, 2026 Ms. Feinman replied that the hearing was that day and encouraged me to attend and raise my objections. At 8:02 a.m. I replied that I had only received notice the day before, that I was not in Florida and had not been able to get papers filed, and that I intended to appear. Those e-mails are in the printout in Exhibit G.

**15.** I do not have an electronic filing account in the United States Bankruptcy Court for the Southern District of Florida, and I did not have one in September 2026.

**16.** I did not file a written objection in the Florida court to the application heard on September 17, 2026. On September 17, 2026 I was physically in New York. I attended the hearing by video. I spoke at the hearing. I did not ask the court for a continuance.

**17.** Exhibit H contains pages 1 through 16 and the certification page of the transcript of the September 17, 2026 hearing, which I obtained after the hearing.

**18.** I have reviewed the summons filed with the complaint at Docket No. 109 in this case. The copy I have shows no adversary proceeding number, no date of issuance, no date or time for a pretrial conference, and no signature of a deputy clerk.

**19.** I dispute the allegations made against me in that complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2026.

Avrumi "Josh" Lubin
Debtor, Pro Se