# EXHIBIT A

Engagement Agreement between GrayRobinson, P.A. and Teton Life, LLC, JL Special Investments, LLC, Teton Funding, LLC and Avrumi "Josh" Lubin, dated June 12, 2026 (5 pages).

True copy of the agreement as signed by the Debtor and returned to GrayRobinson, P.A. by e-mail on June 12, 2026.

GRAY ROBINSON
ATTORNEYS AT LAW

ONE BOCA PLACE
2255 GLADES ROAD
SUITE 301E
BOCA RATON, FLORIDA 33431
TEL 561-368-3808
FAX 561-368-4008
gray-robinson.com

BOCA RATON
FORT LAUDERDALE
FORT MYERS
GAINESVILLE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
MIAMI
NAPLES
ORLANDO
TALLAHASSEE
TAMPA
WASHINGTON, DC
WEST PALM BEACH

561-405-4255

SCOTT.TOPOLSKI@GRAY.ROBINSON.COM

June 12, 2026

josh@tetonfunding.com
Teton Life, LLC
c/o
Avrumi "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

josh@tetonfunding.com
JL Special Investments, LLC
c/o
Avrumi "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

josh@tetonfunding.com
Teton Funding, LLC
c/o
Avrumi "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

josh@tetonfunding.com
Avrumi "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

Re: Lubin et al adv. FVP Opportunity Fund, III, LP

Dear Mr. Lubin:

We are pleased that you have asked GrayRobinson, P.A. ("GrayRobinson", "us", "we" or "the Firm") to serve as Teton, Life, LLC's, JL Special Investments, LLC's, Teton Funding, LLC's and Avrumi "Josh" Lubins' (collectively "you" or "your") legal counsel in connection with post judgment proceedings titled "FVP Opportunity Fund, III, LP v. Avrumi "Josh" Lubin et al., currently pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE22-5125, including any potential appellate work as to same.

We appreciate the confidence you have placed in our Firm, and we look forward to working with you.

It has been our experience that things go more smoothly if both our clients and we have a clear understanding in writing of the scope of the engagement and the role we have agreed to play. Consequently, our representation is limited to the matter as described below.

**Billing, Fees and Expenses**

For this engagement, our Firm will charge for our professional services on an hourly basis. I will perform most of the legal work on this matter and serve as lead attorney. My rate on this matter is $795.00 per hour. We reserve the right to utilize other members of the Firm whenever, in our discretion, we deem it appropriate. If requested, we will be glad to provide you with a schedule of rates presently in effect for all individuals performing work on this matter. Our hourly rates vary and are subject to change in the future; generally in August of each year.

In addition to our professional services, we will bill you for all disbursements and out-of-pocket expenses made or incurred. Those services will be used when we believe that it is appropriate to do so. Expenses incurred or advanced on your behalf will be itemized on our billing invoice. Please note, if we anticipate that substantial expenses will be incurred, we will require that you pay the vendor directly and/or we may require a deposit from you in order to cover such expenses.

You will be billed periodically, usually monthly. We are happy to discuss our billing invoice with you at any time and will welcome the opportunity to address any questions you may have. In the event you should disagree with or question any amount, you agree to communicate such disagreement or question to us, in writing, within five (5) days of the invoice date. Any disagreement you may have with a bill that is not communicated to us within that period shall be deemed waived.

**Advanced Fee**

Prior to beginning work on this matter, the Firm requests an advanced fee of $25,000.00. The Firm also reserves the right to require an additional or increased Advanced Fee in the future based upon the scope of service anticipated. Advanced funds will be held without interest in the Firm's Trust Account until disbursed. Such funds may be applied in payment of professional fees owed or expenses incurred. Additionally, you may be required to replenish the funds as they are used.

**Dispute Resolution**

Should there arise any dispute concerning fees and costs earned and owed to the Firm and, if it becomes necessary for this Firm to retain an attorney or otherwise utilize the Firm's own attorneys to collect such fees and costs, the prevailing party to such dispute will be entitled to recover its attorney's fees, costs and expenses necessarily incurred. In addition, you and this Firm each hereby waive any right to a jury trial for any controversy, dispute or claim arising out of or related to this Firm's representation of you for this engagement, and we further agree that venue for any lawsuit brought thereon shall in Palm Beach County, Florida where this agreement is deemed made and finally executed.

**Advance Waiver**

Because of the relatively large **size** of our Firm and our representation of many other clients, it is possible that one or more of our present or future clients have or will have matters adverse to you. Our acceptance of your current representation will preclude us from accepting future representations adverse to you which involve matters substantially related to the work we perform in the course of this engagement. However, as a condition

to our undertaking the representation described in this letter, each agrees that our acceptance of this engagement shall not preclude us from representing other clients in the future who may have interests adverse to you with respect to matters not substantially related to the specific matter or matters for which you have engaged our services.

We agree, however, that your consent to, and waiver of, such representation shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to a material or potential material disadvantage to you.

**Joint Representation and Waiver of Conflict of Interest; Confidentiality**

Under the applicable Florida Rules of Professional Conduct, when a lawyer represents multiple clients in a single matter (as is the case here), it is appropriate to communicate at the outset the potential for conflicts of interest and the implications of the joint representation (Rule 4-1.7(c)). The primary benefits of the joint representation are cost savings and our familiarity with this Matter and parties. However, there are inherent risks. For example, it is possible that conflicts could develop between or among you that may require us to withdraw, in whole or in part, from this engagement. In the context of litigation, possible conflicts include: (a) if conflicting claims or defenses develop between you; (b) if material discrepancies in your testimony develop; (c) if inconsistent settlement or litigation strategies develop between you; or (d) if it is determined that you have claims or defenses that exist between you and you are unable to resolve those claims or defenses. Depending upon the timing of any such required withdrawal, one or more of your interests may be adversely affected. There may be further risks that are simply impossible to predict at this point. One of the purposes of this letter is to ensure that you have carefully considered and understand the known risks and the possible existence of unforeseen or unanticipated risks, and that you consent to our representation notwithstanding them.

We understand from each of you that, with respect to the Matter, you have determined that your interests are generally aligned and are not antagonistic to each other. Specifically, you have advised that your mutual, overarching goal is to defend the post-judgment proceedings. Based upon our current understanding of the Matter and the representations that you have made to us, we agree with the conclusion that your interests are generally aligned and are not antagonistic to each other, and we believe that we will be able to provide competent and diligent representation to each of you, despite the possibility that, as circumstances develop, some slight difference of interest between you may develop.

We believe that the risk of adverse effect of our joint representation is limited because we understand that each of you has the same primary goal and objective with respect to the Matter. Should you agree that we may act as your counsel, it must be with the understanding that, if at some point a conflict of interest arises between you with respect to the Matter, (1) we will not represent any of you with respect to any dispute between you, (2) we may withdraw as counsel for one or more of you, and (3) we have your agreement that we will have the right to do so. Each of you further agrees that if we are required to withdraw from any or all of our representation with respect to the Matter, we may continue to represent any of you with respect to unrelated matters. However, we will not represent any of you adversely to the other in connection with the Matter. Should later developments suggest that a conflict exists between or among you, we will bring the conflict to the attention of each of you immediately, and we request that you do the same, so that we may discuss appropriate courses of action, including whether our joint representation should continue.

As between yourselves, you agree not to assert any claims against each other during the pendency of this Matter, and you further agree that the statute of limitations shall be tolled regarding to any such claims during the pendency of this Matter, and subsequent lawsuit, if any. Should any of you assert such

claims, we will not represent either party in connection with the claim. Should such a claim be made during the pendency of this Matter, we will be compelled to withdraw from representing one or both of the affected parties.

You also understand and agree that in the event a settlement is reached, it should include, among other terms, the execution of mutual general releases of all claims that each of you have, or may have, against the other.

An additional aspect of joint representation has to do with confidentiality. The normal attorney-client privilege and confidentiality rights and obligations will apply between the Firm and you, collectively. The Firm will have an attorney-client privilege and owe confidentiality obligations to you and will not disclose any confidences of yours to any third party, unless authorized, or as provided for under the Florida Rules of Professional Conduct. Under this arrangement, each of you has a duty to keep confidential (and hereby agrees to keep confidential) any communications exchanged between or among you and us in confidence during the course of the joint representation. These duties of confidentiality will continue even if the joint representation is terminated. You should be aware, however, that courts sometimes determine that confidentiality has been waived despite the parties' best efforts to maintain confidentiality, and you may wish to keep this in mind when discussing confidential information in the presence of one another. There will be no confidentiality, however, as between you and the Firm; accordingly, any information shared with the Firm by any of you will naturally be shared with each of you.

**Because joint representation raises important concerns that deserve your careful consideration, you are advised of your right, prior to executing this letter, to consult with independent counsel regarding the issues set forth herein and your decision to provide your consent to our joint representation of you. We are available, of course, to answer any questions you or your counsel may have.**

## Termination

Unless previously terminated, our representation will terminate as follows: (1) if this is the only matter in which we represent you, our representation will terminate upon our sending our final invoice for services rendered in this matter; and (2) if we represent you in more than one matter, our representation of each matter will terminate upon sending the final invoice for that matter, and the attorney-client relationship will terminate completely (absent any new or subsequent engagements) upon our sending the final invoice in the last open matter.

## Client Review

I am happy to answer any questions you may have regarding this agreement. Likewise, you have the right to have this agreement reviewed by an outside party or other professional prior to signing. You understand that the Firm is not engaged until the signed agreement is returned to us.

## Entire Agreement

These terms, and the attached Privacy Policy and Additional Understanding Regarding Representation, which are incorporated herein by reference, constitute our entire agreement for the representation of you in this matter. Any modification of the Agreement must be in writing, by mail, fax or e-mail. This agreement is binding on you and on GrayRobinson, and the respective legal representatives and successors of each.

If the terms of this engagement as set forth in this letter meet with your approval, please indicate by having the extra copy of this letter signed in the space provided below and return it to our offices.

We appreciate the confidence and trust you have placed in us as your legal counsel, and I encourage you to communicate with me if at any time you have questions on the status or progress of your matters. I look forward to working with you and your staff on any matters you deem appropriate. If you have any questions, please do not hesitate to contact me.

Sincerely,

*/s/ Scott J. Topolski*

Scott J. Topolski

The terms of this representation are accepted
This _____ day of June 2026.

Teton Life, LLC

By: JL ____________________

Member
____________________
Title

JL Special Investments, LLC

By: JL ____________________

Member
____________________
Title

Teton Funding, LLC

By: JL ____________________

Member
____________________
Title

JL ____________________
Avrum "Josh" Lubin

Attached: Additional Understanding Regarding Representation Privacy Policy.