# EXHIBIT B

Notice of Limited Appearance for Avrumi Lubin, filed June 23, 2026 (Filing # 251032035), Case No. CACE-22-005125 (Fla. 17th Jud. Cir., Broward County).

Copy as it appears on the court's docket.

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

Plaintiff(s)/ Petitioner(s) CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

Defendant(s) / Respondent(s)
_______________________________________/

**NOTICE OF LIMITED APPEARANCE OF COUNSEL FOR AVRUMI ("JOSH") LUBIN SOLELY WITH RESPECT TO CHARGING ORDER/FORECLOSURE SALE PROCEEDINGS**

Defendant/Judgment Debtor Avrumi ("Josh") Lubin, by and through undersigned counsel, files this Notice of Limited Appearance and states:

Undersigned counsel hereby appears on a limited basis solely with respect to: (1) the May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale; and (2) any related proceedings, motions, hearings, enforcement, or appellate matters concerning charging orders, foreclosure of transferable interests, private or judicial sale procedures, or distribution redirection affecting Lubin's interests in Spin Capital, LLC (a New Jersey LLC) and Teton Funding, LLC (a Delaware LLC). This limited appearance does not extend to any other aspects of this action absent further filing expanding the scope.

All future filings, notices, and hearing settings concerning the foregoing limited subject matter should be served on undersigned at the contact information below.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/23/2026 04:13:57 PM ****

**Certification regarding use of Artificial Intelligence and Compliance with Florida Rule of General Practice and Judicial Administration 2.515(d)(2)**

The undersigned hereby certifies that generative artificial intelligence was used with respect to the preparation of this Notice. The undersigned has independently verified the accuracy of every citation to the law and/or record, and the accuracy of any language drafted by generative artificial intelligence, including quotations, citations, paraphrased assertions, facts and legal analysis

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Scott.Topolski@gray-robinson.com
Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394
Limited Appearance Counsel for Avrumi "Josh" Lubin

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy has been furnished electronically by uploading same to the Florida e-filing portal to all counsel and parties on the Service List on June 23, 2026.

/s Scott J. Topolski
Attorney

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

# EXHIBIT B-2

Motion for Reconsideration, Vacatur, and Stay of Order Imposing Charging Orders, Authorizing Foreclosure of Transferable Interests, and Establishing Sale Procedures; or, in the Alternative, for Relief Under Rule 1.540, filed June 23, 2026 (Filing # 251032035), signed by Scott J. Topolski.

Copy as it appears on the court's docket (19 pages): the motion at pages 1–8; the documents filed with it at pages 9–19 (the Debtor's May 16, 2026 notice of appeal and the May 15, 2026 Order).

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

Plaintiff(s)/ Petitioner(s) CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

Defendant(s) / Respondent(s).

---

**MOTION FOR RECONSIDERATION, VACATUR, AND STAY OF ORDER IMPOSING CHARGING ORDERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING SALE PROCEDURES; OR, IN THE ALTERNATIVE, FOR RELIEF UNDER RULE 1.540; AND INCORPORATED MEMORANDUM OF LAW**

Defendant/Judgment Debtor Avrumi ("Josh") Lubin ("Lubin"), by and through undersigned counsel appearing contemporaneously via a Notice of Limited Appearance solely for the charging order/foreclosure sale proceedings described herein, moves for reconsideration, vacatur, and stay of the Court's May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale (the "Charging/Foreclosure Order"), or alternatively for relief under Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540, and states:

NOT AN OFFICIAL COPY

**Preliminary Statement and Relief Requested**

Lubin respectfully requests that the Court reconsider, vacate, and/or modify the Charging/Foreclosure Order to: (1) limit remedies to charging orders and distributions only; (2) vacate or stay the foreclosure and sale provisions as to Lubin's interests in Spin Capital, LLC (a New Jersey LLC) and Teton Funding, LLC (a Delaware LLC); (3) preserve all management and



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/23/2026 04:13:57 PM ****

governance rights; (4) implement valuation and anti-windfall safeguards; and (5) stay enforcement, including any foreclosure or sale, pending appellate review and further order. Undersigned counsel appears on a limited basis solely concerning the Charging/Foreclosure Order and related proceedings, as set forth in the contemporaneously filed Notice of Limited Appearance.[1]

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

**Relevant Procedural Background**

On May 15, 2026, the Court entered an order imposing charging orders against Lubin's transferable interests in Spin Capital, LLC (a New Jersey limited liability company [#0450354731]) and Teton Funding, LLC (a Delaware limited liability company [#10397373]), enjoining transfers, authorizing foreclosure of those interests, and establishing procedures for private or judicial sale.

The Order finds that Lubin owns transferable interests in both LLCs and that they are single-member companies wholly owned and controlled by Lubin. The Order concludes a charging order alone will not satisfy the judgment within a reasonable time, authorizes foreclosure pursuant to section Fla. Stat. § 605.0503(4), and provides extensive sale procedures, including authorization for private sale and an alternative judicial sale under Chapter 45.

**Standards**

Relief is sought under the Court's inherent authority to reconsider interlocutory orders, under Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540 where applicable, and for stay pending appeal. Authority includes, as applicable: Florida Statutes Fla. Stat. § 605.0503 (charging orders);

[1] Lubin, pro se, previously filed an Emergency Motion to Stay that was denied by the Court on June 2, 2026.

Chapter 45 (sale procedures); Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540 (relief from order); and standards for reconsideration and stay pending appeal.

## Argument

### A. The Order's Sweeping Foreclosure-and-Sale Regime Is Overbroad and Risks a Disproportionate, Irreparable Windfall

The foreclosure and sale provisions risk transferring interests whose fair value may substantially exceed the judgment balance, creating an impermissible windfall. Chapter 45 procedures contemplate safeguards designed to avoid unjust forfeitures and ensure commercial reasonableness; however, the current regime permits credit bidding and transfer mechanisms without an ex ante valuation guardrail or a cap tied to the judgment amount. Florida Statutes Fla. Stat. § 605.0503 contemplates a creditor's lien on distributions; foreclosure is an extraordinary remedy and must be narrowly tailored to avoid confiscatory outcomes. The Court should vacate or, at minimum, tailor the foreclosure provisions to require: a fair-market valuation determination; a cap limiting any transfer to the amount necessary to satisfy the judgment; surplus protection to Lubin; and preservation of governance rights distinct from economic distributions Fla. Stat. § 605.0503(3), (4), (6).

### B. Florida Charging Order Law Requires Tailoring and Safeguards; The Present Order Exceeds What Is Necessary

Florida Statutes Fla. Stat. § 605.0503 provides the exclusive remedy of a charging order against a member's transferable interest, and, in limited circumstances, permits foreclosure. Any foreclosure should be a last resort, with findings and safeguards that ensure no greater encroachment than necessary to collect the judgment. Additional procedures under Chapter 45 should incorporate valuation, surplus accounting, and anti-windfall measures before any transfer is confirmed Fla. Stat. § 605.0503(3)-(6). The Court should modify the Order to limit relief to



NOT AN OFFICIAL COPY PUBLIC ACCESS NOT AN OFFICIAL COPY

charging-order distributions unless and until the Court, on a supported record, finds lesser measures inadequate and imposes narrowly tailored safeguards Fla. Stat. § 605.0503(4)-(6).

**C. Internal Affairs and Governing-Law Constraints Require Limiting Remedies as to Spin Capital, LLC (New Jersey)**

Spin Capital, LLC is organized under New Jersey law. New Jersey's LLC statute governs internal affairs, member rights, and creditor remedies against a member's LLC interest N.J. Stat. Ann. § 42:2C-1 et seq.; N.J. Stat. Ann. § 42:2C-43. Florida courts applying choice-of-law principles should respect New Jersey's internal-affairs and governing-law limitations, particularly when a requested remedy (foreclosure and sale of a member's interest) would alter or impair rights defined by the formation state's LLC statute. *Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127 (11th Cir. 2013 )* ; *Thomas v. Thomas*, 724 So.2d 1246 (Fla. 4TH DCA). To the extent New Jersey law limits creditor remedies to a charging order or restricts foreclosure of a member's transferable interest, the Court should apply those constraints and decline to order foreclosure or sale of Lubin's Spin Capital interest beyond redirection of distributions. The Charging/Foreclosure Order should be vacated or modified accordingly.

**D. Internal Affairs and Governing-Law Constraints Independently Require Limiting Remedies as to Teton Funding, LLC (Delaware)**

Teton Funding, LLC is a Delaware LLC. Delaware's LLC Act governs internal affairs, the nature of a member's transferable interest, and creditor remedies. Delaware law limits creditor remedies and does not permit, or strictly restricts, foreclosure sale of an individual member's LLC interest, instead confining creditors to a charging order and distributions Del. Code Ann. tit. 6, § 18-703.; Relevant choice-of-law and internal-affairs doctrines require deference to Delaware law for a Delaware LLC's internal governance and member-interest incidents. *VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108 (Del. 2005). Accordingly, as to Teton Funding, the



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Court should vacate or modify the Order to eliminate foreclosure and sale provisions, limit relief to a charging order directing distributions, and preserve governance and management rights.

**E. Jurisdictional and Comity Concerns Counsel Against a Florida-Ordered Foreclosure/Sale of Interests in Out-of-State LLCs**

Ordering foreclosure and sale of an interest in a Delaware or New Jersey LLC raises jurisdictional and internal-affairs concerns, including whether a Florida court should effectuate a transfer that may conflict with the formation state's statutory remedies and limitations. *VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108 (Del. 2005). Principles of comity and internal-affairs doctrine counsel restraint where the formation states' statutes provide exclusive or primary remedial frameworks regarding a member's interest. Restatement (Second) of Conflict of Laws § 302. This Court should limit its order to charging-order distributions and decline to command a foreclosure/sale that may be inconsistent with, or not cognizable under, Delaware or New Jersey law.

**F. The Order Should Preserve Governance Rights and Distinguish Economic Distributions**

A charging order attaches to the debtor's transferable interest (economic rights). It should not strip or transfer governance, voting, or management rights absent clear statutory authority and due process protections Fla. Stat. § 605.0503(1), (3); Del. Code Ann. tit. 6, § 18-702. The Order should be modified to: (1) preserve all non-economic rights; (2) confine relief to redirection of distributions; and (3) prohibit any transfer of management or control without further specific findings and authority Olmstead v. FTC, 44 So. 3d 76 (Fla. 2010).

**G. Stay Is Warranted Pending Appeal to Prevent Mootness and Irreparable Harm**

Lubin has appealed or will immediately appeal the Charging/Foreclosure Order. The Court should stay enforcement, including any foreclosure or sale, pending appellate review to avoid



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

mooting the appeal and causing irreparable harm through transfer to third parties and potential governance disruption. Fla. R. App. P. 9.310. . A temporary stay is proper under applicable Florida standards for stay pending appeal Fla. R. App. P. 9.310, with appropriate security if required Fla. R. App. P. 9.310(b)(1). There would be no prejudice to Plaintiffs in that counsel for Plaintiffs acknowledged, at a recent hearing in the matter, that nearly half of the judgment had already been paid down. Plaintiffs, through counsel, have further acknowledged that a receiver in a New York action is holding over $9 million belonging to Teton Life, LLC—half of which would belong to Lubin as a 50 percent number. Thus, clearly Plaintiffs are adequately securitized for lack of a better term.

**H. Alternative Relief Under Rule 1.540 and Reconsideration**

Compliance with Local Rules and Conferral To the extent the Court determines reconsideration is not the procedural vehicle, relief is alternatively sought under Rule 1.540 based on mistake, inadvertence, newly presented law regarding governing-law limitations, or other reason justifying relief Fla. R. Civ. P. 1.540(b)(1), (b)(2), (b)(4) and (b)(5). The Court should vacate or modify the foreclosure-and-sale provisions and limit relief to charging orders directing distributions, with valuation and surplus protections.

**<u>Specific Modifications and Safeguards Requested</u>**

1.) Vacate the foreclosure and sale provisions as to Spin Capital, LLC and Teton Funding, LLC; limit enforcement to charging orders redirecting distributions. Alternatively, if any foreclosure is contemplated, require a pre-sale valuation determination, impose a cap to prevent recovery exceeding the judgment plus interest and costs, provide surplus

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

accounting and remittance to Lubin, and preserve all governance and management rights.

2.) As to Teton Funding, LLC (Delaware), apply Delaware internal-affairs limitations and decline to permit foreclosure or sale of Lubin's member interest; limit to charging-order distributions only Del. Code Ann. tit. 6, § 18-703.

3.) As to Spin Capital, LLC (New Jersey), apply New Jersey internal-affairs limitations and decline to permit foreclosure or sale of Lubin's member interest; limit to charging-order distributions only N.J. Stat. Ann. § 42:2C-50;

4.) Stay enforcement of the Charging/Foreclosure Order in full pending resolution of the appeal and this motion.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

## Conclusion

For the foregoing reasons, the Court should grant reconsideration, vacate or modify the Charging/Foreclosure Order to limit relief to charging-order distributions only, apply Delaware and New Jersey internal-affairs limitations, implement valuation and anti-windfall safeguards, preserve governance rights, and stay enforcement pending appeal.

## Certification Regarding Use Of Artificial Intelligence And Compliance With Florida Rule Of General Practice And Judicial Administration 2.515(D)(2)

The undersigned hereby certifies that generative artificial intelligence was used with respect to the preparation of this Motion. The undersigned has independently verified the accuracy of every citation to the law and/or record, and the accuracy of any language drafted by generative artificial intelligence, including quotations, citations, paraphrased assertions, facts and legal analysis. Pursuant to Florida Rule of General Practice and Judicial Administration 2.515(d)(2), the undersigned represents the legal authorities exist and are accurately cited.

**Certification of Conference**

Undersigned counsel certifies that, prior to filing, counsel conferred with counsel for Judgment Creditors on June 23, 2026 and counsel opposes the relief requested.

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Scott.Topolski@gray-robinson.com
Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394
Limited Appearance Counsel for Avrumi "Josh" Lubin

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy has been furnished electronically by uploading same to the Florida e-filing portal to all counsel and parties on the Service List on June 23, 2026.

/s Scott J. Topolski
Attorney

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT**

AVRUMI LUBIN a/k/a JOSH LUBIN,

Appellant,

v.

FVP OPPORTUNITY FUND III, L.P., et al.,

Appellees.
________________________________/

Fourth DCA Case No.: To Be Assigned
L.T. Case No.: CACE-22-005125

NOT AN OFFICIAL COPY

## NOTICE OF APPEAL OF NONFINAL ORDER

Defendant/Appellant Avrumi Lubin a/k/a Josh Lubin, appearing pro se individually only, appeals to the Fourth District Court of Appeal the trial court's May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale.

This notice invokes jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) and 9.130(a)(3)(C)(ii), and, to the extent necessary, Rule 9.040(c). The order grants injunctive relief, determines immediate rights to possession/control of property, authorizes foreclosure and sale procedures, compels turnover of entity information, and restricts transfers.

A conformed copy of the order being appealed is attached to this notice.

Appellant files this notice individually only. Nothing in this notice appears for, represents, binds, waives, defaults, or abandons any rights, defenses, objections, or positions of Spin Capital, LLC, Teton Funding, LLC, or any other entity.

Related appeal disclosure: a related appeal from the underlying final judgment is pending in the Fourth District Court of Appeal as Case No. 4D2025-3564. This notice concerns the separate May 15, 2026 post-judgment enforcement order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2026, the foregoing was served through the Florida Courts E-Filing Portal upon all counsel and parties of record.

/s/ Avrumi Lubin
AVRUMI LUBIN a/k/a JOSH LUBIN
Appellant/Defendant, pro se individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Email: josh@tetonfunding.com
Telephone: 732-608-4905

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE22005125** DIVISION: **07** JUDGE: **Haimes, David A (07)**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

______________________________/

**ORDER IMPOSING CHARGING ORDERS, REQUIRING TURNOVER OF FINANCIAL INFORMATION, ENJOINING TRANSFERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING PROCEDURES FOR PRIVATE OR JUDICIAL SALE**

THIS CAUSE came before the Court on May 13, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. ( *"Judgment Creditors"* ) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq., the court file, Defendant Lubin's Emergency Objection, the applicable law, and argument of the parties, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.
2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of **May 5, 2026**, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.
3. The Judgment Debtor owns transferable interests in the following two limited liability companies (collectively, the *"Subject LLCs"*):
   a. Spin Capital, LLC, a New Jersey limited liability company [#0450354731]; and
   b. Teton Funding, LLC, a Delaware limited liability company [#10397373].
4. The Subject LLCs are single-member limited liability companies wholly owned and controlled



NOT AN OFFICIAL COPY

by Avrumi Lubin, and no other person holds any membership interest in the Subject LLCs.

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.
6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.
7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.
8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.
9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.
10. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

**A. <u>CHARGING ORDERS</u>**

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1. Spin Capital, LLC, a New Jersey Limited Liability Company [#0450354731]; and
2. Teton Funding, LLC, a Delaware Limited Liability Company [#10397373].

The charging orders shall constitute liens upon the transferable interests and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

**B. <u>REDIRECTION OF DISTRIBUTIONS</u>**

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLCs shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

**C. <u>MANDATORY TURNOVER OF FINANCIAL INFORMATION</u>**

Upon receipt of any financial information from any of the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

immediately provide copies thereof to Judgment Creditors.

Within ten (10) days of entry of this Order, the Judgment Debtor shall produce:

a. All operating agreements and any amendments thereto;

b. Membership ledgers and certificates;

c. Organizational documents (articles of organization, certificates of formation); and

d. All records reflecting ownership interests, equity structure, or current economic arrangements involving the Subject LLCs.

**D. INJUNCTION AGAINST TRANSFERS**

Avrumi Lubin, the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and all persons and entities acting in concert with any of them are immediately and permanently enjoined, pending further order of this Court, from:

a. Transferring, assigning, pledging, hypothecating, concealing, dissipating, encumbering, or otherwise disposing of any transferable interests, assets, distributions, or proceeds associated with the Subject LLCs;

b. Opening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order; and

c. Taking any action designed to diminish the value of the transferable interests or to frustrate the collection of the Final Judgment.

Any attempted transfer made after service of the Motion for Charging Orders shall be void ab initio as against the Judgment Creditors. Violations of this injunction shall be subject to civil contempt, sanctions, and any other remedies available at law or equity.

**E. FORECLOSURE OF TRANSFERABLE INTERESTS**

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLCs are hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLCs. The charging order lien is deemed to have attached as of **May 5, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

**F. PRIVATE SALE PROCEDURES**

**1. Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLCs, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

**2. Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by

either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

(i) Avrumi Lubin, the Judgment Debtor;

(ii) The registered agent of each Subject LLC;

(iii) Any person or entity known to hold an interest in a Subject LLC; and

(iv) Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

3. **Content of Notice.** The notice of sale shall include:

(i) A description of the transferable interests to be sold, including the name and jurisdiction of formation of each Subject LLC;

(ii) The proposed date, time, and method of sale;

(iii) The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

(iv) The outstanding balance of the Final Judgment as of the date of the notice;

(v) Instructions for any interested party to submit a qualified competing bid; and

(vi) A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

4. **Public Advertisement.** The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report of sale.

5. **Commercial Reasonableness Standard.** The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

6. **Due Diligence Access.** To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

7. **Credit Bid.** The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

NOT AN OFFICIAL COPY

**8.** **Conduct of Sale; Auctioneer/Administrator Designation.** The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

**9.** **Right of Redemption.** The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

**10.** **Report of Sale.** Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i) The name and address of the purchaser;

(ii) The purchase price and the form of consideration (cash or credit bid);

(iii) A description of the marketing efforts undertaken;

(iv) The costs and expenses of the sale; and

(v) The net proceeds (if any) applied to the outstanding judgment balance.

**11.** **Objection Period.** Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

**12.** **Confirmation of Sale and Transfer of Interests.** Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

**13.** **Application of Proceeds.** The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

**14.** **Tax Disclosure Requirement.** Because the Subject LLCs are single-member limited liability companies that may be taxed as disregarded entities or pass-through entities for federal and state income tax purposes, a purchaser of the transferable interests may succeed to the Judgment Debtor's tax position, including responsibility for allocations of income, gain, loss, deduction, or credit

arising from operations of the Subject LLCs that were generated before or as of the date of transfer. Accordingly:

(i) Within fifteen (15) days of entry of this Order, the Judgment Debtor and each Subject LLC shall prepare and deliver to the Judgment Creditors' counsel a written tax disclosure statement setting forth: (a) the adjusted tax basis of each Subject LLC's assets as of the most recent practicable date; (b) any pending or expected federal or state tax assessments, deficiencies, or audits; (c) the amount of any unrealized built-in gain or loss in the Subject LLCs' assets; and (d) any accrued but undistributed taxable income allocable to the Judgment Debtor's interest;

(ii) Judgment Creditors shall provide prospective purchasers with access to the tax disclosure statement as part of the due diligence materials described in paragraph 6 of this Section;

(iii) The notice of sale shall contain a written advisement that prospective purchasers should consult independent tax counsel prior to bidding, as the acquisition of an economic interest in a pass-through entity may result in the allocation of taxable income without a corresponding cash distribution; and

(iv) Failure by the Judgment Debtor or the Subject LLCs to timely provide the tax disclosure statement may constitute contempt of court. Nothing in this paragraph shall limit the Judgment Creditors' right to proceed with the sale upon the Judgment Debtor's non-compliance, provided that the notice of sale discloses the Judgment Debtor's failure to produce the required tax information.

## G. ALTERNATIVE JUDICIAL SALE

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

## H. COOPERATION REQUIREMENT

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Provide access to all books and records of the Subject LLCs to facilitate due diligence by prospective purchasers; and

c. Take all steps necessary to cause each Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate may constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

**I. RECEIVER**

The Court reserves jurisdiction to appoint a receiver over the Subject LLCs and/or their assets if necessary to enforce this Order, prevent the diversion of assets, or preserve the value of the transferable interests pending sale. The cost of any such receivership shall be assessed against the Judgment Debtor, Avrumi Lubin, and added to the outstanding judgment balance.

**J. RESERVATION OF JURISDICTION**

The Court reserves jurisdiction to:

a. Enforce this Order and any order confirming a sale;

b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

c. Compel compliance by the Judgment Debtor, the Subject LLCs, or any third party;

d. Determine the commercial reasonableness of any private sale upon objection;

e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

f. Award attorneys' fees, costs, and sanctions; and

g. Grant any additional relief necessary to aid full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 15th day of May, 2026.

CACE22005125 05-15-2026 7:46 AM

CACE22005125 05-15-2026 7:46 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY

**Copies Furnished To:**
Alan I Karten , E-mail : a.karten@yahoo.com
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com

Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com

NOT AN OFFICIAL COPY

Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com
barry jay glickman , E-mail : flservice@zeklaw.com
barry jay glickman , E-mail : bglickman@zeklaw.com