# EXHIBIT C

E-mail from Scott J. Topolski to the Debtor, July 11, 2026, 8:28 p.m. Eastern, transmitting the proposed conflict waiver letter.

Reproduction of the message header and complete message text. The signature block, confidentiality footer and earlier messages in the thread are omitted.

From: Scott Topolski, Shareholder, GrayRobinson, P.A.
<Scott.Topolski@gray-robinson.com>
To: Josh Lubin <josh@tetonfunding.com>
Cc: Jordan S. Kosches <Jordan.Kosches@gray-robinson.com>
Jake Payne <Jacob.Payne@gray-robinson.com>
Sent: Saturday, July 11, 2026, 8:28 p.m. Eastern
Subject: RE: FVP/Hi Bar - the record behind the vacatur strategy (3 memos attached) + two time-sensitive items
Attach: Conflict Waiver letter dated July 11, 2026

---

Josh:

There is nothing to do in state court because you individually chose to and did file for bankruptcy which brings those proceedings to a halt. We were merely retained on the post-judgment Florida state court proceedings, not with respect to either your present appeal of the underlying $ 8 million+ judgment, any bankruptcy or any affirmative actions against the judgment creditors.

I am not a bankruptcy attorney, but in any event Alan Crane and Jason Rigoli have agreed to join GrayRobinson next month—which we understand creates potential conflict issues in light of their representation as special counsel for the trustee in those bankruptcy proceedings.

To that end the firm has drafted the attached Conflict Waiver for your review and, if approved by you, execution.

[Signature block and firm confidentiality footer omitted.]

---

The remainder of the thread is omitted.

# EXHIBIT C-2

Letter from GrayRobinson, P.A. (Scott J. Topolski), "Re: Request for Conflict Waiver," dated July 11, 2026 (3 pages), received as a Word file attached to Exhibit C.

PDF rendering of that file as received. The rendering displays the tracked revisions the file contains, including a revision of the date line from July 10 to July 11 (displayed as "July 110, 2026"). The acknowledgment is unsigned. Not presented as a clean or executed instrument.

GRAYROBINSON

Scott Topolski | Scott.Topolski@gray-robinson.com | **D** 561.405.4255
One Boca Place, 2255 Glades Road, Suite 301E, Boca Raton, Florida 33431 | **T** 561.368.3808 | **F** 561.368.4008

July 11~~0~~, 2026

**VIA EMAIL TO JOSH@TETONFUNDING.COM**

Avrumi "Josh" Lubin
Teton Life, LLC
JP Special Investments, LLC
Teton Funding, LLC
c/o Avrum "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

Re: Request for Conflict Waiver
Client-Matter No. 31024.1

Dear Mr. Lubin:

As you know, GrayRobinson, P.A. ("GrayRobinson", "us", "we" or "the Firm") serves as legal counsel for Teton Life, LLC, JL Special Investments, LLC, Teton Funding, LLC, and you (collectively, "you" or "your") in connection with post judgment proceedings titled *FVP Opportunity Fund, III, LP et al., v. Scott Zankl, et al.* pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE22-5125 (the "FVP Litigation"). We wanted to let you know that ~~As we discussed,~~ Alan R. Crane, Esq. and Jason S. Rigoli, Esq., of the law firm of FurrCohen, P.A. ("FurrCohen") who are ~~are~~ special counsel for Nicole Testa Mehdipour (the "Trustee") as Chapter 7 Trustee, in the adversary proceeding styled *Nicole Testa Mehdipour v. Hi Bar Capital, LLC, et al.*, Adv. Pro. No. 23-01132-EPK, in the bankruptcy case *In Re: Excell Auto Group, Inc.*, Case No.: 22-12790 (Bankr. S.D. Fla.) (the "Adversary Proceeding", ~~)~~ will, along with other lawyers and personnel of FurrCohen, be joining GrayRobinson in mid-August. As we understand it, You (Mr. Lubin) and your company, Spin Capital LLC, are a defendants in the Adversary Proceeding. ~~I mentioned to you that Mr. Crane and Mr. Rigoli, as well as other lawyers and personnel of FurrCohen, will be joining GrayRobinson in mid-August.~~

The FVP Litigation has been stayed due to the filing of your bankruptcy petition in the Bankruptcy Court of New Jersey, Case No.: 26-17342-EJO. As you know, we will not be representing you in connection with your bankruptcy or in any other bankruptcy matter. With the FVP Litigation stayed as the result of your individual bankruptcy filing, we~~I~~ do not anticipate needing to take any further action within the scope of our engagement. Therefore, our brief representation ~~of you~~ will have ~~has~~ come to an end, and, as such, you are no longer clients of the Firm.

Although I have had no involvement with the Adversary Proceeding and have not gained any confidential information in the course of my brief representation of you that, to the best of my knowledge, would be material to any issue in the Adversary Proceeding, the fact that Mr. Crane and Mr. Rigoli will be joining GrayRobinson poses the potential for a conflict of interest under Rule 4-1.9 of the Florida Rules of Professional Conduct. Under Rule 4-1.9, a lawyer who has formerly represented a client in a matter must not afterwards:

> (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

> (b) use information related to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Rule 4-1.9 would apply to the lawyers from FurrCohen when they join GrayRobinson. Thus, your consent would be required for GrayRobinson to represent another client, such as the Trustee, adverse to you in a matter "substantially related" to the FVP Litigation. Whether a matter is "substantially related" to another matter is not always easy to determine. It is possible that there may be some overlap of the issues in the FVP Litigation and the Adversary Proceeding, in that you are a defendant in each and they each may involve attempts to collect on judgments against you and your related entities. Therefore, out of an abundance of caution, we ask that you consent to GrayRobinson, including the FurrCohen lawyers who will join GrayRobinson in mid-August, representing the Trustee in the Adversary Proceeding and related matters. Of course, I would not be involved in any such case.

Although my representation of you was relatively brief and limited, the Florida Rules of Professional Conduct prohibit me from sharing any confidential information concerning that representation. To that end, when the lawyers from FurrCohen join GrayRobinson an "ethical wall" will be established in GrayRobinson's document management system that will prohibit every person in the firm (including me and the FurrCohen lawyers) from accessing any information concerning my representation of you. Further, any person in the Firm who has worked on your matter will be strictly prohibited from discussing that representation with anyone working on any matter that is potentially adverse to you.

You are encouraged to discuss this waiver with your counsel. If there is no objection to GrayRobinson (when the FurrCohen lawyers join) representing the Trustee in the Adversary Proceeding or related matters, I would appreciate it if you would indicate your waiver of any conflict of interest by signing the acknowledgment set forth below and returning the executed copy to my office at your earliest convenience. If you have any questions concerning this conflict waiver, please let me know.

Very truly yours,

/s/ Scott J. Topolski

Scott Topolski

**ACKNOWLEDGED AND AGREED:**

The undersigned hereby consent to GrayRobinson, P.A.'s representation of Nicole Testa Mehdipour, as Chapter 7 Trustee in the Adversary Proceeding and related matters, as described above and waive any claim of conflict arising from such representation now and in the future.

**Avrumi "Josh" Lubin,**

___________________________
Avrumi "Josh" Lubin

**JP Special Investments, LLC**

___________________________
By: Avrumi "Josh" Lubin, Member

**Teton Life, LLC**

**Teton Funding, LLC**

__________________________
By: Avrumi "Josh" Lubin, Member

__________________________
By: Avrumi "Josh" Lubin, Member