# EXHIBIT F

Declaration of Alan R. Crane on Behalf of GrayRobinson, P.A., executed September 15, 2026, with its exhibits.

*In re Excell Auto Group, Inc.*, No. 22-12790-EPK (Bankr. S.D. Fla.), Dkt. 1184-1. Copy as it appears on the court's docket.

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 1 of 41

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In Re: Case No.: 22-12790-EPK

**EXCELL AUTO GROUP, INC.** Chapter 7

Debtor.

_____________________________________/

**DECLARATION OF ALAN R. CRANE ON BEHALF OF GRAYROBINSON, P.A. AS PROPOSED SPECIAL COUNSEL TO NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE**

1. I am Alan R. Crane. I am an attorney and a shareholder of the law firm of GrayRobinson, P.A. ("GR"). GR maintains an office for the practice of law at 2255 Glades Road, Suite 301E, Boca Raton, FL 33431, with additional offices in Florida and an office in Washington, D.C. I am familiar with the matters set forth herein and make this Declaration in support of the *Expedited Application by Trustee for Approval of Employment and Substitution of Counsel Effective as of August 3, 2026* (the "Application").

2. On April 8, 2022, Excell Auto Group, Inc. (the "**Debtor**"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. In support of the Application, I disclose the following:

(a) Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

(b) In preparing this Declaration, I and others working with me on this case reviewed a list of creditors and other interested parties that are adverse to the Trustee and the Estate[1] (collectively, the "Potential Adverse Parties") with respect to the matters for which GR is proposed to be retained by the Trustee, Nicole Testa Mehdipour, as described in the Application.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

I caused GR to compare the foregoing information with the information contained in our law firm's client and adverse party conflict check index system. This Declaration is made in support of the Application which is made pursuant to 11 U.S.C. § 327(e), which requires that the proposed retention of special counsel be in the best interests of the Estate and that proposed special counsel does not represent or hold any interest adverse to the Debtor or the Estate with respect to the matter on which such special counsel is to be employed. The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Trustee, the Debtor, the Potential Adverse Parties, are based on the results of my review of our firm's conflict check system. Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the names referred to in the first sentence of this paragraph 3(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtor, the Trustee, and Potential Adverse Parties. Based upon such a search, our firm does not represent or hold any interest adverse to the Debtor or the Estate with respect to the matters on which GR is to be employed, as explained below.

4. GR's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records. It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

5. A search of our firm's conflicts check system revealed the following matters, none of which constitutes a conflict of interest or an interest adverse to the Debtor or the Estate with respect to the matters on which GR is to be employed:

(a) Kenneth Goodman was a prior client of Furr and Cohen, P.A., but is not a client of GR. The Trustee has retained special conflicts counsel to the extent that GR has a conflict of interest with any matters related to this bankruptcy case.

(b) On April 4, 2022, Robert C. Furr, Esq., and Alvin S. Goldstein, Esq. of Furr and Cohen, P.A. consulted with Scott Zankl and Kirsten Zankl in their corporate capacities related to the Debtor. Robert C. Furr, Esq. is a shareholder and Alvin S. Goldstein, Esq. is of counsel with GR. The Trustee holds any privilege that could have been asserted by the Debtor. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 351-354, 105 S.Ct. 1986, 1992- 94, 85 L.Ed.2d 372 (1985) (holding that trustee of a corporation in bankruptcy owns, controls, and therefore has the power to waive the corporation's attorney-client privilege with respect to pre-bankruptcy communications), and no conflict-of-interest results with the representation of the Trustee. Further, the Trustee has retained separate counsel, Berger Singerman, P.A. to represent her in any potential issues directly against Scott Zankl and Kirsten Zankl.

(c) GR represents United Healthcare Insurance Company in matters unrelated to the Debtor.

(d) Jack Brennan, Esq. of GR represents Eric G. Dore and filed Claim No. 41-1. In the event that any adverse action needs to be taken by the estate against Mr. Dore, the Trustee will use conflicts counsel.

(e) Jason Burnett of GR represents Mark Chiappara and his related entities, including but not limited to Ash Mgmt Inc., GUGEDU HLDGS, LLC, and other related entities. If there is any adverse action that needs to be taken against Mark Chiappara, Ash Mgmt, Inc., GUGEDU HLDGS, LLC or other related entity of Mr. Chiappara, that action will be taken by conflicts counsel.

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 4 of 41

**Lubin and Related Entities**

(f) On June 12, 2026, Scott Topolski, Esq. of GR entered an appearance for Teton Life, LLC, Teton Funding, LLC and JL Special Investments, LLC, impleaded parties, in *FVP Opportunity Fund III, LP, et al v. Zankl et. al.*, Case No. CACE22005125 (17th Judicial Circuit – Broward County) (the "FVP Litigation").

(g) On June 23, 2026, Scott Topolski, Esq. of GR filed a *Notice of Limited Appearance of Counsel for Avrumi "Josh" Lubin* ["Lubin"] *Solely with Respect to the Charging Order/Foreclosure Sale Proceedings*. A copy of the notice is attached to this declaration as **Exhibit A**.

(h) The nature and subject matter of GR's limited representation of Lubin is set forth in the motion filed on Lubin's behalf in the FVP Litigation. A copy of the Motion is attached to this declaration as **Exhibit B**. This motion was also filed on June 23, 2026.

(i) Two days later, on June 25, 2026, Lubin filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in New Jersey and filed a suggestion of bankruptcy in the FVP litigation staying the Charging Order/Foreclosure Sale proceedings. *See* **Exhibit C** attached to this Declaration.

(j) On July 28, 2026, GR filed a *Motion to Withdraw as Counsel for Teton Life, LLC, JL Special Investments, LLC, Teton Funding, LLC, and Avrumi "Josh" Lubin.* A hearing on the Motion to Withdraw was held on August 4, 2026. The *Order on Motion to Withdraw as Counsel for Teton Life, LLC, JL Special Investments, LLC, Teton Funding, LLC, and Avrumi "Josh" Lubin* was entered on August 11, 2026.

(k) I reviewed the publicly available docket on the Broward County Clerk of Court's website to identify the exhibits attached to this declaration.

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 5 of 41

(l) Jason S. Rigoli, Esq. and I, who are primarily responsible for representation of the Chapter 7 Trustee in this case were formerly at Furr and Cohen, P.A., which currently serves as special counsel to the Chapter 7 Trustee and has done so since April 11, 2022. Jason Rigoli, myself, and other attorneys at Furr and Cohen, P.A. started with GR on August 3, 2026. Prior to August 3, 2026, the former attorneys at Furr and Cohen, P.A. tried the adversary proceeding against Lubin, Spin Capital LLC, and others.

(m) At the time that the former Furr and Cohen, P.A. attorneys joined GR, we believed that all the post-trial briefing had been completed. Subsequent to GR's withdrawal from the state court representation and our joining GR, this Court has ordered the post-trial issues be re-briefed. Notwithstanding, the issues raised in the adversary proceeding against Lubin and Spin Capital, LLC are completely different from the post-judgment collection issues on which GR represented Lubin and Lubin's affiliates in the FVP Litigation.

(n) Furthermore, GR has implemented an ethical wall, precluding Jason S. Rigoli, me, or any attorney other than Scott Topolski, Esq., from accessing any information related to Mr. Topolski's representation of Mr. Lubin, and, has implemented an ethical wall relating to the Excell Bankruptcy case, preventing access by anyone other than Jason S. Rigoli, Jonathan T. Crane, Yesenia Fernandez-Vivas, and me.

(o) In an abundance of caution and in the interests of full disclosure, GR discloses that Robert Furr ("Furr") is a shareholder of GR and is a panel Chapter 7 trustee. Furr and Cohen, P.A., and now GR, has in the past, presently, and may in the future, represent Furr in his capacity as Chapter 7 trustee in unrelated cases. I submit that none of the foregoing precautionary disclosures affect GR's eligibility to serve as special counsel to the Trustee under 11 U.S.C. § 327(e).

Case 23-12790-EPK Doc 1184-1 Filed 09/15/26 Page 6 of 41

6. GR submits that none of the foregoing representations or connections constitutes a conflict of interest or an interest adverse to the Debtor or the Estate with respect to the matters on which GR is to be employed.

7. Other than as set forth in this declaration, GR does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matters on which GR is to be employed, as described in the Application.

8. The professional fees and costs incurred by GR during its representation as special counsel to the Trustee in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330, and 331 and Bankruptcy Rules 2014 and 2016.

9. The current hourly rates for the attorneys at GR range from $285.00 to $1,735.00. The current hourly rates of Alan R. Crane and Jason S. Rigoli, the shareholders who will be principally responsible for GR's representation of the Trustee are $700.00 and $625.00, respectively. The current hourly rates for the legal assistants and paralegals at GR range from $70.00 to $345.00. GR typically adjusts its hourly rates annually in August of each year.

10. There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by GR nor any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

11. No attorney in our firm is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

12. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

13. Except as set forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtor, the Trustee, any other party in interest or their

respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

14. This concludes my Declaration.

**28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on September 15, 2026.

*/s/ Alan R. Crane*
Alan R. Crane

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

Plaintiff(s)/ Petitioner(s) CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

Defendant(s) / Respondent(s)
______________________________/

**NOTICE OF LIMITED APPEARANCE OF COUNSEL FOR AVRUMI ("JOSH") LUBIN SOLELY WITH RESPECT TO CHARGING ORDER/FORECLOSURE SALE PROCEEDINGS**

Defendant/Judgment Debtor Avrumi ("Josh") Lubin, by and through undersigned counsel, files this Notice of Limited Appearance and states:

Undersigned counsel hereby appears on a limited basis solely with respect to: (1) the May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale; and (2) any related proceedings, motions, hearings, enforcement, or appellate matters concerning charging orders, foreclosure of transferable interests, private or judicial sale procedures, or distribution redirection affecting Lubin's interests in Spin Capital, LLC (a New Jersey LLC) and Teton Funding, LLC (a Delaware LLC). This limited appearance does not extend to any other aspects of this action absent further filing expanding the scope.

All future filings, notices, and hearing settings concerning the foregoing limited subject matter should be served on undersigned at the contact information below.

EXHIBIT
A

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 9 of 41

**Certification regarding use of Artificial Intelligence and Compliance with Florida Rule of General Practice and Judicial Administration 2.515(d)(2)**

The undersigned hereby certifies that generative artificial intelligence was used with respect to the preparation of this Notice. The undersigned has independently verified the accuracy of every citation to the law and/or record, and the accuracy of any language drafted by generative artificial intelligence, including quotations, citations, paraphrased assertions, facts and legal analysis

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Scott.Topolski@gray-robinson.com
Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394
Limited Appearance Counsel for Avrumi "Josh" Lubin

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy has been furnished electronically by uploading same to the Florida e-filing portal to all counsel and parties on the Service List on June 23, 2026.

/s Scott J. Topolski
Attorney

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

**EXHIBIT B**

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FVP OPPORTUNITY FUND III, LP, et al

Plaintiff(s)/ Petitioner(s) CASE NO.: CACE-22-005125

v.

SCOTT ZANKL, et al.,

Defendant(s) / Respondent(s).

---

**MOTION FOR RECONSIDERATION, VACATUR, AND STAY OF ORDER IMPOSING CHARGING ORDERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING SALE PROCEDURES; OR, IN THE ALTERNATIVE, FOR RELIEF UNDER RULE 1.540; AND INCORPORATED MEMORANDUM OF LAW**

Defendant/Judgment Debtor Avrumi ("Josh") Lubin ("Lubin"), by and through undersigned counsel appearing contemporaneously via a Notice of Limited Appearance solely for the charging order/foreclosure sale proceedings described herein, moves for reconsideration, vacatur, and stay of the Court's May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale (the "Charging/Foreclosure Order"), or alternatively for relief under Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540, and states:

**Preliminary Statement and Relief Requested**

Lubin respectfully requests that the Court reconsider, vacate, and/or modify the Charging/Foreclosure Order to: (1) limit remedies to charging orders and distributions only; (2) vacate or stay the foreclosure and sale provisions as to Lubin's interests in Spin Capital, LLC (a New Jersey LLC) and Teton Funding, LLC (a Delaware LLC); (3) preserve all management and

governance rights; (4) implement valuation and anti-windfall safeguards; and (5) stay enforcement, including any foreclosure or sale, pending appellate review and further order. Undersigned counsel appears on a limited basis solely concerning the Charging/Foreclosure Order and related proceedings, as set forth in the contemporaneously filed Notice of Limited Appearance.[1]

**Relevant Procedural Background**

On May 15, 2026, the Court entered an order imposing charging orders against Lubin's transferable interests in Spin Capital, LLC (a New Jersey limited liability company [#0450354731]) and Teton Funding, LLC (a Delaware limited liability company [#10397373]), enjoining transfers, authorizing foreclosure of those interests, and establishing procedures for private or judicial sale.

The Order finds that Lubin owns transferable interests in both LLCs and that they are single-member companies wholly owned and controlled by Lubin. The Order concludes a charging order alone will not satisfy the judgment within a reasonable time, authorizes foreclosure pursuant to section Fla. Stat. § 605.0503(4), and provides extensive sale procedures, including authorization for private sale and an alternative judicial sale under Chapter 45.

**Standards**

Relief is sought under the Court's inherent authority to reconsider interlocutory orders, under Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540 where applicable, and for stay pending appeal. Authority includes, as applicable: Florida Statutes Fla. Stat. § 605.0503 (charging orders);

[1] Lubin, pro se, previously filed an Emergency Motion to Stay that was denied by the Court on June 2, 2026.



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 12 of 41

Chapter 45 (sale procedures); Florida Rule of Civil Procedure Fla. R. Civ. P. 1.540 (relief from order); and standards for reconsideration and stay pending appeal.

## Argument

### A. The Order's Sweeping Foreclosure-and-Sale Regime Is Overbroad and Risks a Disproportionate, Irreparable Windfall

The foreclosure and sale provisions risk transferring interests whose fair value may substantially exceed the judgment balance, creating an impermissible windfall. Chapter 45 procedures contemplate safeguards designed to avoid unjust forfeitures and ensure commercial reasonableness; however, the current regime permits credit bidding and transfer mechanisms without an ex ante valuation guardrail or a cap tied to the judgment amount. Florida Statutes Fla. Stat. § 605.0503 contemplates a creditor's lien on distributions; foreclosure is an extraordinary remedy and must be narrowly tailored to avoid confiscatory outcomes. The Court should vacate or, at minimum, tailor the foreclosure provisions to require: a fair-market valuation determination; a cap limiting any transfer to the amount necessary to satisfy the judgment; surplus protection to Lubin; and preservation of governance rights distinct from economic distributions Fla. Stat. § 605.0503(3), (4), (6).

### B. Florida Charging Order Law Requires Tailoring and Safeguards; The Present Order Exceeds What Is Necessary

Florida Statutes Fla. Stat. § 605.0503 provides the exclusive remedy of a charging order against a member's transferable interest, and, in limited circumstances, permits foreclosure. Any foreclosure should be a last resort, with findings and safeguards that ensure no greater encroachment than necessary to collect the judgment. Additional procedures under Chapter 45 should incorporate valuation, surplus accounting, and anti-windfall measures before any transfer is confirmed Fla. Stat. § 605.0503(3)-(6). The Court should modify the Order to limit relief to



NOT A CERTIFIED COPY PUBLIC ACCESS NOT A CERTIFIED COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 13 of 41

charging-order distributions unless and until the Court, on a supported record, finds lesser measures inadequate and imposes narrowly tailored safeguards Fla. Stat. § 605.0503(4)-(6).

**C. Internal Affairs and Governing-Law Constraints Require Limiting Remedies as to Spin Capital, LLC (New Jersey)**

Spin Capital, LLC is organized under New Jersey law. New Jersey's LLC statute governs internal affairs, member rights, and creditor remedies against a member's LLC interest N.J. Stat. Ann. § 42:2C-1 et seq.; N.J. Stat. Ann. § 42:2C-43. Florida courts applying choice-of-law principles should respect New Jersey's internal-affairs and governing-law limitations, particularly when a requested remedy (foreclosure and sale of a member's interest) would alter or impair rights defined by the formation state's LLC statute. *Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127 (11th Cir. 2013 )* ; *Thomas v. Thomas*, 724 So.2d 1246 (Fla. 4TH DCA). To the extent New Jersey law limits creditor remedies to a charging order or restricts foreclosure of a member's transferable interest, the Court should apply those constraints and decline to order foreclosure or sale of Lubin's Spin Capital interest beyond redirection of distributions. The Charging/Foreclosure Order should be vacated or modified accordingly.

**D. Internal Affairs and Governing-Law Constraints Independently Require Limiting Remedies as to Teton Funding, LLC (Delaware)**

Teton Funding, LLC is a Delaware LLC. Delaware's LLC Act governs internal affairs, the nature of a member's transferable interest, and creditor remedies. Delaware law limits creditor remedies and does not permit, or strictly restricts, foreclosure sale of an individual member's LLC interest, instead confining creditors to a charging order and distributions Del. Code Ann. tit. 6, § 18-703.; Relevant choice-of-law and internal-affairs doctrines require deference to Delaware law for a Delaware LLC's internal governance and member-interest incidents. *VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108 (Del. 2005). Accordingly, as to Teton Funding, the



NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 14 of 41

Court should vacate or modify the Order to eliminate foreclosure and sale provisions, limit relief to a charging order directing distributions, and preserve governance and management rights.

**E. Jurisdictional and Comity Concerns Counsel Against a Florida-Ordered Foreclosure/Sale of Interests in Out-of-State LLCs**

Ordering foreclosure and sale of an interest in a Delaware or New Jersey LLC raises jurisdictional and internal-affairs concerns, including whether a Florida court should effectuate a transfer that may conflict with the formation state's statutory remedies and limitations. *VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108 (Del. 2005). Principles of comity and internal-affairs doctrine counsel restraint where the formation states' statutes provide exclusive or primary remedial frameworks regarding a member's interest. Restatement (Second) of Conflict of Laws § 302. This Court should limit its order to charging-order distributions and decline to command a foreclosure/sale that may be inconsistent with, or not cognizable under, Delaware or New Jersey law.

**F. The Order Should Preserve Governance Rights and Distinguish Economic Distributions**

A charging order attaches to the debtor's transferable interest (economic rights). It should not strip or transfer governance, voting, or management rights absent clear statutory authority and due process protections Fla. Stat. § 605.0503(1), (3); Del. Code Ann. tit. 6, § 18-702. The Order should be modified to: (1) preserve all non-economic rights; (2) confine relief to redirection of distributions; and (3) prohibit any transfer of management or control without further specific findings and authority Olmstead v. FTC, 44 So. 3d 76 (Fla. 2010).

**G. Stay Is Warranted Pending Appeal to Prevent Mootness and Irreparable Harm**

Lubin has appealed or will immediately appeal the Charging/Foreclosure Order. The Court should stay enforcement, including any foreclosure or sale, pending appellate review to avoid



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 15 of 41

mooting the appeal and causing irreparable harm through transfer to third parties and potential governance disruption. Fla. R. App. P. 9.310. . A temporary stay is proper under applicable Florida standards for stay pending appeal Fla. R. App. P. 9.310, with appropriate security if required Fla. R. App. P. 9.310(b)(1). There would be no prejudice to Plaintiffs in that counsel for Plaintiffs acknowledged, at a recent hearing in the matter, that nearly half of the judgment had already been paid down. Plaintiffs, through counsel, have further acknowledged that a receiver in a New York action is holding over $9 million belonging to Teton Life, LLC—half of which would belong to Lubin as a 50 percent number. Thus, clearly Plaintiffs are adequately securitized for lack of a better term.

**H. Alternative Relief Under Rule 1.540 and Reconsideration**

Compliance with Local Rules and Conferral To the extent the Court determines reconsideration is not the procedural vehicle, relief is alternatively sought under Rule 1.540 based on mistake, inadvertence, newly presented law regarding governing-law limitations, or other reason justifying relief Fla. R. Civ. P. 1.540(b)(1), (b)(2), (b)(4) and (b)(5). The Court should vacate or modify the foreclosure-and-sale provisions and limit relief to charging orders directing distributions, with valuation and surplus protections.

**Specific Modifications and Safeguards Requested**

1.) Vacate the foreclosure and sale provisions as to Spin Capital, LLC and Teton Funding, LLC; limit enforcement to charging orders redirecting distributions. Alternatively, if any foreclosure is contemplated, require a pre-sale valuation determination, impose a cap to prevent recovery exceeding the judgment plus interest and costs, provide surplus



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 16 of 41

accounting and remittance to Lubin, and preserve all governance and management rights.

2.) As to Teton Funding, LLC (Delaware), apply Delaware internal-affairs limitations and decline to permit foreclosure or sale of Lubin's member interest; limit to charging-order distributions only Del. Code Ann. tit. 6, § 18-703.

3.) As to Spin Capital, LLC (New Jersey), apply New Jersey internal-affairs limitations and decline to permit foreclosure or sale of Lubin's member interest; limit to charging-order distributions only N.J. Stat. Ann. § 42:2C-50;

4.) Stay enforcement of the Charging/Foreclosure Order in full pending resolution of the appeal and this motion.

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**Conclusion**

For the foregoing reasons, the Court should grant reconsideration, vacate or modify the Charging/Foreclosure Order to limit relief to charging-order distributions only, apply Delaware and New Jersey internal-affairs limitations, implement valuation and anti-windfall safeguards, preserve governance rights, and stay enforcement pending appeal.

**Certification Regarding Use Of Artificial Intelligence And Compliance With Florida Rule Of General Practice And Judicial Administration 2.515(D)(2)**

The undersigned hereby certifies that generative artificial intelligence was used with respect to the preparation of this Motion. The undersigned has independently verified the accuracy of every citation to the law and/or record, and the accuracy of any language drafted by generative artificial intelligence, including quotations, citations, paraphrased assertions, facts and legal analysis. Pursuant to Florida Rule of General Practice and Judicial Administration 2.515(d)(2), the undersigned represents the legal authorities exist and are accurately cited.

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 17 of 41

**Certification of Conference**

Undersigned counsel certifies that, prior to filing, counsel conferred with counsel for Judgment Creditors on June 23, 2026 and counsel opposes the relief requested.

Respectfully submitted,

GRAYROBINSON, P.A.
2255 Glades Road, Ste. 301E
Boca Raton, FL 33431
Telephone: 561-368-3808
Scott.Topolski@gray-robinson.com
Shimirra.Jackson@gray-robinson.com

By: /s/ Scott J. Topolski
Scott J. Topolski
Florida Bar No. 0006394
Limited Appearance Counsel for Avrumi "Josh" Lubin

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy has been furnished electronically by uploading same to the Florida e-filing portal to all counsel and parties on the Service List on June 23, 2026.

/s Scott J. Topolski
Attorney

NOT AN OFFICIAL COPY – PUBLIC ACCESS NOT AN OFFICIAL COPY

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT**

AVRUMI LUBIN a/k/a JOSH LUBIN,

Appellant,

v.

FVP OPPORTUNITY FUND III, L.P.,
et al.,

Appellees.
_________________________________/

Fourth DCA Case No.: To Be Assigned
L.T. Case No.: CACE-22-005125

## NOTICE OF APPEAL OF NONFINAL ORDER

Defendant/Appellant Avrumi Lubin a/k/a Josh Lubin, appearing pro se individually only, appeals to the Fourth District Court of Appeal the trial court's May 15, 2026 Order Imposing Charging Orders, Requiring Turnover of Financial Information, Enjoining Transfers, Authorizing Foreclosure of Transferable Interests, and Establishing Procedures for Private or Judicial Sale.

This notice invokes jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) and 9.130(a)(3)(C)(ii), and, to the extent necessary, Rule 9.040(c). The order grants injunctive relief, determines immediate rights to possession/control of property, authorizes foreclosure and sale procedures, compels turnover of entity information, and restricts transfers.

A conformed copy of the order being appealed is attached to this notice.

Appellant files this notice individually only. Nothing in this notice appears for, represents, binds, waives, defaults, or abandons any rights, defenses, objections, or positions of Spin Capital, LLC, Teton Funding, LLC, or any other entity.

Related appeal disclosure: a related appeal from the underlying final judgment is pending in the Fourth District Court of Appeal as Case No. 4D2025-3564. This notice concerns the separate May 15, 2026 post-judgment enforcement order.

## CERTIFICATE OF SERVICE

NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 19 of 41

I HEREBY CERTIFY that on May 16, 2026, the foregoing was served through the Florida Courts E-Filing Portal upon all counsel and parties of record.

/s/ Avrumi Lubin
AVRUMI LUBIN a/k/a JOSH LUBIN
Appellant/Defendant, pro se individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Email: josh@tetonfunding.com
Telephone: 732-608-4905

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 20 of 41

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. **CACE22005125** DIVISION: **07** JUDGE: **Haimes, David A (07)**

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

______________________________/

**ORDER IMPOSING CHARGING ORDERS, REQUIRING TURNOVER OF FINANCIAL INFORMATION, ENJOINING TRANSFERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING PROCEDURES FOR PRIVATE OR JUDICIAL SALE**

THIS CAUSE came before the Court on May 13, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. ( *"Judgment Creditors"* ) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq., the court file, Defendant Lubin's Emergency Objection, the applicable law, and argument of the parties, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.
2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of **May 5, 2026**, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.
3. The Judgment Debtor owns transferable interests in the following two limited liability companies (collectively, the *"Subject LLCs"*):
   a. Spin Capital, LLC, a New Jersey limited liability company [#0450354731]; and
   b. Teton Funding, LLC, a Delaware limited liability company [#10397373].
4. The Subject LLCs are single-member limited liability companies wholly owned and controlled

NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 21 of 41


by Avrumi Lubin, and no other person holds any membership interest in the Subject LLCs.

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.
6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.
7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.
8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.
9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.
10. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

**A. <u>CHARGING ORDERS</u>**

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1. Spin Capital, LLC, a New Jersey Limited Liability Company [#0450354731]; and
2. Teton Funding, LLC, a Delaware Limited Liability Company [#10397373].

The charging orders shall constitute liens upon the transferable interests and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

**B. <u>REDIRECTION OF DISTRIBUTIONS</u>**

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLCs shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

**C. <u>MANDATORY TURNOVER OF FINANCIAL INFORMATION</u>**

Upon receipt of any financial information from any of the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 22 of 41


immediately provide copies thereof to Judgment Creditors.

Within ten (10) days of entry of this Order, the Judgment Debtor shall produce:

a. All operating agreements and any amendments thereto;

b. Membership ledgers and certificates;

c. Organizational documents (articles of organization, certificates of formation); and

d. All records reflecting ownership interests, equity structure, or current economic arrangements involving the Subject LLCs.

**D. INJUNCTION AGAINST TRANSFERS**

Avrumi Lubin, the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and all persons and entities acting in concert with any of them are immediately and permanently enjoined, pending further order of this Court, from:

a. Transferring, assigning, pledging, hypothecating, concealing, dissipating, encumbering, or otherwise disposing of any transferable interests, assets, distributions, or proceeds associated with the Subject LLCs;

b. Opening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order; and

c. Taking any action designed to diminish the value of the transferable interests or to frustrate the collection of the Final Judgment.

Any attempted transfer made after service of the Motion for Charging Orders shall be void ab initio as against the Judgment Creditors. Violations of this injunction shall be subject to civil contempt, sanctions, and any other remedies available at law or equity.

**E. FORECLOSURE OF TRANSFERABLE INTERESTS**

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLCs are hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLCs. The charging order lien is deemed to have attached as of **May 5, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

**F. PRIVATE SALE PROCEDURES**

1. **Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLCs, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

2. **Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by

either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

(i) Avrumi Lubin, the Judgment Debtor;

(ii) The registered agent of each Subject LLC;

(iii) Any person or entity known to hold an interest in a Subject LLC; and

(iv) Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

3. **Content of Notice.** The notice of sale shall include:

(i) A description of the transferable interests to be sold, including the name and jurisdiction of formation of each Subject LLC;

(ii) The proposed date, time, and method of sale;

(iii) The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

(iv) The outstanding balance of the Final Judgment as of the date of the notice;

(v) Instructions for any interested party to submit a qualified competing bid; and

(vi) A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

4. **Public Advertisement.** The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report of sale.

5. **Commercial Reasonableness Standard.** The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

6. **Due Diligence Access.** To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

7. **Credit Bid.** The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

NOT AN OFFICIAL COPY - PUBLIC RECORD - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 24 of 41


8. **Conduct of Sale; Auctioneer/Administrator Designation.** The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

9. **Right of Redemption.** The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

10. **Report of Sale.** Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i) The name and address of the purchaser;

(ii) The purchase price and the form of consideration (cash or credit bid);

(iii) A description of the marketing efforts undertaken;

(iv) The costs and expenses of the sale; and

(v) The net proceeds (if any) applied to the outstanding judgment balance.

11. **Objection Period.** Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

12. **Confirmation of Sale and Transfer of Interests.** Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

13. **Application of Proceeds.** The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

14. **Tax Disclosure Requirement.** Because the Subject LLCs are single-member limited liability companies that may be taxed as disregarded entities or pass-through entities for federal and state income tax purposes, a purchaser of the transferable interests may succeed to the Judgment Debtor's tax position, including responsibility for allocations of income, gain, loss, deduction, or credit

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 25 of 41


arising from operations of the Subject LLCs that were generated before or as of the date of transfer. Accordingly:

(i) Within fifteen (15) days of entry of this Order, the Judgment Debtor and each Subject LLC shall prepare and deliver to the Judgment Creditors' counsel a written tax disclosure statement setting forth: (a) the adjusted tax basis of each Subject LLC's assets as of the most recent practicable date; (b) any pending or expected federal or state tax assessments, deficiencies, or audits; (c) the amount of any unrealized built-in gain or loss in the Subject LLCs' assets; and (d) any accrued but undistributed taxable income allocable to the Judgment Debtor's interest;

(ii) Judgment Creditors shall provide prospective purchasers with access to the tax disclosure statement as part of the due diligence materials described in paragraph 6 of this Section;

(iii) The notice of sale shall contain a written advisement that prospective purchasers should consult independent tax counsel prior to bidding, as the acquisition of an economic interest in a pass-through entity may result in the allocation of taxable income without a corresponding cash distribution; and

(iv) Failure by the Judgment Debtor or the Subject LLCs to timely provide the tax disclosure statement may constitute contempt of court. Nothing in this paragraph shall limit the Judgment Creditors' right to proceed with the sale upon the Judgment Debtor's non-compliance, provided that the notice of sale discloses the Judgment Debtor's failure to produce the required tax information.

**G. <u>ALTERNATIVE JUDICIAL SALE</u>**

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

**H. <u>COOPERATION REQUIREMENT</u>**

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Provide access to all books and records of the Subject LLCs to facilitate due diligence by prospective purchasers; and

c. Take all steps necessary to cause each Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate may constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 26 of 41


**I. RECEIVER**

The Court reserves jurisdiction to appoint a receiver over the Subject LLCs and/or their assets if necessary to enforce this Order, prevent the diversion of assets, or preserve the value of the transferable interests pending sale. The cost of any such receivership shall be assessed against the Judgment Debtor, Avrumi Lubin, and added to the outstanding judgment balance.

**J. RESERVATION OF JURISDICTION**

The Court reserves jurisdiction to:

a. Enforce this Order and any order confirming a sale;

b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

c. Compel compliance by the Judgment Debtor, the Subject LLCs, or any third party;

d. Determine the commercial reasonableness of any private sale upon objection;

e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

f. Award attorneys' fees, costs, and sanctions; and

g. Grant any additional relief necessary to aid full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 15th day of May, 2026.

CACE22005125 05-15-2026 7:46 AM

CACE22005125 05-15-2026 7:46 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**Copies Furnished To:**
Alan I Karten , E-mail : a.karten@yahoo.com
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 27 of 41


Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com

NOT AN OFFICIAL COPY - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 28 of 41


Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com
barry jay glickman , E-mail : flservice@zeklaw.com
barry jay glickman , E-mail : bglickman@zeklaw.com

NOT AN OFFICIAL COPY - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 29 of 41

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

| | |
|---|---|
| FVP OPPORTUNITY FUND III, L.P., et al.,<br><br>Plaintiffs/Judgment Creditors,<br><br>v.<br><br>AVRUMI LUBIN, et al.,<br><br>Defendants/Judgment Debtors.<br>_______________________________________/ | CASE NO. CACE-22-005125<br><br>(Judge David A. Haimes, Div. 07) |

DEFENDANT AVRUMI LUBIN'S SUGGESTION OF BANKRUPTCY
AND NOTICE OF AUTOMATIC STAY

Defendant Avrumi "Josh" Lubin, appearing *pro se*, hereby suggests his bankruptcy upon the record and gives notice to the Court and all parties as follows:

1. On June 25, 2026, Mr. Lubin filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, assigned **Case No. 26-17342**. A true copy of the Notice of Bankruptcy Case Filing and petition is attached as **Exhibit A**.

2. Pursuant to **11 U.S.C. § 362(a)**, the filing of the petition operates as an automatic stay, applicable to all entities, of, among other things, the commencement or continuation of any judicial or other proceeding against Mr. Lubin, the enforcement of any judgment against Mr. Lubin, and any act to obtain possession of or to exercise control over property of the bankruptcy estate.

3. Accordingly, all further proceedings and enforcement actions against Mr. Lubin and property of his estate are stayed, including without limitation the enforcement of the Final Judgment(s) and of this Court's May 15, 2026 Order imposing charging orders and authorizing foreclosure, and including the private sale of Mr. Lubin's transferable interests in Spin Capital, LLC and Teton Funding, LLC noticed for June 26, 2026, and the sale of his interest in JL Special Investments, LLC noticed for July 24, 2026.

4. Mr. Lubin respectfully requests that the Court and all parties take notice of the automatic stay and refrain from any further action against Mr. Lubin or property of his estate absent an order granting relief from the stay entered by the United States Bankruptcy Court.

EXHIBIT
C

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 30 of 41

Respectfully submitted,

/s/ Avrumi Lubin
Avrumi "Josh" Lubin
Defendant, *pro se*
1460 Arboretum Parkway, Lakewood, NJ 08701
Telephone: 718-570-3796
Email: josh@tetonfunding.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2026, a true and correct copy of the foregoing was filed and served via the Florida Courts E-Filing Portal upon all counsel of record, including Alan I. Karten, Esq. (alankartenlaw@gmail.com), counsel for the Judgment Creditors.

/s/ Avrumi Lubin
Avrumi "Josh" Lubin

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 22-12790-EPK Doc 1184-1 Filed 09/15/26 Page 31 of 41

# EXHIBIT A

Voluntary Petition for Relief under Chapter 11
United States Bankruptcy Court, District of New Jersey
Case No. 26-17342 — filed June 25, 2026

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 26-17342-EJO Doc 1 Filed 08/25/26 Entered 08/25/26 15:21:53 Desc
Petition Page 1 of 10

$1,738.00

Fill in this information to identify your case:

United States Bankruptcy Court for the:

District of New Jersey

Case number *(If known)*: 26-17342

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

**The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | Avrumi<br>First name<br><br>Middle name<br>Lubin<br>Last name<br><br>Suffix (Sr., Jr., II, III) | <br>First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | Josh<br>First name<br><br>Middle name<br>Lubin<br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | <br>First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 4 8 3 9<br>OR<br>9 xx – xx – __ __ __ __ | xxx – xx – __ __ __ __<br>OR<br>9 xx – xx – __ __ __ __ |

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Case 26-17342-EJO Doc 1 Filed 06/25/26 Entered 06/25/26 15:14:43 Desc
Petition Page 2 of 10

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known)

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| 4. **Your Employer Identification Number (EIN), if any.** | EIN __ - ________<br>EIN __ - ________ | EIN __ - ________<br>EIN __ - ________ |
| 5. **Where you live** | 1460 Arboretum Parkway<br>Number Street<br><br>Lakewood NJ 08701<br>City State ZIP Code<br>Ocean<br>County | If Debtor 2 lives at a different address:<br><br>Number Street<br><br>City State ZIP Code<br>County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number Street<br>P.O. Box<br>City State ZIP Code | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number Street<br>P.O. Box<br>City State ZIP Code |
| 6. **Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 26-17342-EJO Doc 1 Filed 09/15/26 Entered 09/15/26 15:41:53 Desc
Petition Page 3 of 10

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name
Case number (if known)

**Part 2: Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes. District ____ When ____ MM / DD / YYYY Case number ____

District ____ When ____ MM / DD / YYYY Case number ____

District ____ When ____ MM / DD / YYYY Case number ____

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes. Debtor ____ Relationship to you ____

District ____ When ____ MM / DD / YYYY Case number, if known ____

Debtor ____ Relationship to you ____

District ____ When ____ MM / DD / YYYY Case number, if known ____

**11. Do you rent your residence?**

☑ No. Go to line 12.

☐ Yes. Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known)

**Part 3: Report About Any Businesses You Own as a Sole Proprietor**

12. **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

Name of business, if any

Number Street

City State ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

13. **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No. I am not filing under Chapter 11.

☑ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

NOT AN OFFICIAL COPY

Case 26-17342-EJO Doc 1 Filed 03/25/26 Entered 03/25/26 15:14:43 Desc
Petition Page 5 of 10

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known) ______

**Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No
☐ Yes. What is the hazard? ______

If immediate attention is needed, why is it needed? ______

Where is the property? ______
Number Street

______
City State ZIP Code

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Debtor 1 Avrumi Lubin (First Name, Middle Name, Last Name) Case number (if known) ______

## Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

- ☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.
- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.
- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.
- ☐ **I am not required to receive a briefing about credit counseling because of:**
  - ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.
  - ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.
  - ☐ **Active duty.** I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.
- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.
- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.
- ☐ **I am not required to receive a briefing about credit counseling because of:**
  - ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.
  - ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.
  - ☐ **Active duty.** I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

NOT AN OFFICIAL COURT DOCUMENT

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known)

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

- ☑ No. Go to line 16b.
- ☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

- ☐ No. Go to line 16c.
- ☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

- ☑ No. I am not filing under Chapter 7. Go to line 18.
- ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
  - ☐ No
  - ☐ Yes

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✘ ______________________
Signature of Debtor 1

Executed on 06/25/2026
MM / DD / YYYY

✘ ______________________
Signature of Debtor 2

Executed on ____________
MM / DD / YYYY



NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 26-17342-EJO Doc 1 Filed 09/25/26 Entered 09/25/26 15:14:53 Desc
Petition Page 8 of 15

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known)

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✘ ______________________________ Date ______________
Signature of Attorney for Debtor MM / DD / YYYY

Printed name

Firm name

Number Street

City State ZIP Code

Contact phone ______________ Email address ______________

Bar number State

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

Case 26-13790-EPK1 Filed 06/25/26 Entered 06/25/26 15:01:53 Desc
Petition Page 9 of 10

Debtor 1 Avrumi Lubin
First Name Middle Name Last Name

Case number (if known) ______________________

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

- ☐ No
- ☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

- ☐ No
- ☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

- ☑ No
- ☐ Yes. Name of Person______________________________.
  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| | |
|---|---|
| ✗ [signature] | ✗ ______________________ |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date 06/25/2026 MM / DD / YYYY | Date ________ MM / DD / YYYY |
| Contact phone (718) 570-3796 | Contact phone ______________ |
| Cell phone ______________ | Cell phone ______________ |
| Email address josh@tetonfunding.com | Email address ______________ |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

## LIST OF CREDITORS

Avrumi "Josh" Lubin, Debtor · Chapter 11 · U.S. Bankruptcy Court, District of New Jersey

FVP Opportunity Fund III, L.P.
FVP Investments, LLC
FVP Servicing, LLC
1201 Broadway, 7th Floor
New York, NY 10001
(c/o Alan I. Karten, Esq., Law Office of Alan I. Karten, PLLC — alankartenlaw@gmail.com)

Franklin Capital Funding, LLC
Franklin Capital Group, LLC
32300 Northwestern Hwy, Suite 215
Farmington Hills, MI 48334

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY