# EXHIBIT G

E-mail from Avrumi Lubin to GrayRobinson, P.A., sent the evening of September 16, 2026 (Outlook record: 6:26:58 p.m. Eastern; displayed as 6:27 PM in the printed thread), copied to Alan R. Crane, Jason S. Rigoli, the Office of the United States Trustee (S.D. Fla.) and the Office of the United States Trustee (D.N.J.).

Contents: (i) reproduction of the e-mail as sent, prepared from the Outlook record; (ii) the five attachments as sent (G-1 through G-5), each preceded by a separator page; and (iii) printout from the Debtor's e-mail account of the September 16–17, 2026 thread that includes the e-mail, with the replies of September 17, 2026.

*REPRODUCTION OF EMAIL AS SENT (Outlook record; Internet Message ID <1F3D9110-70AA-44A0-B556-673E03726905@tetonfunding.com>)*

**From:** Josh Lubin <josh@tetonfunding.com>
**To:** Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com
**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Sent:** Wednesday, September 16, 2026, 6:26:58 PM Eastern (22:26:58 UTC)
**Importance:** High
**Subject:** Re: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK
**Attachments:** 01_Email_2026-07-09_Topolski_to_Lubin.pdf; 02_Email_2026-07-11_Topolski_to_Lubin_Conflict_Waiver.pdf; 03_Email_2026-07-12_Lubin_to_Topolski_Non_Consent.pdf; 04_Email_2026-07-12_Lubin_to_Topolski_Followup.pdf; 05_Conflict_Waiver_Letter_2026-07-11.pdf

---

Mr Crane,

im demanding you notify the court in regards to the communications attached and conflict waiver (I refused to sign and consents your firm was representing me on a related case). I am also demanding you remove yourself from representing the Excell Auto Trustee or I will be seeking a motion to disqualify you and Jason.

Regards,

Josh

*[The email was sent in reply to GrayRobinson, P.A.'s service email of September 16, 2026 at 11:59 a.m., "SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK," from Yesenia Fernandez Vivas, Paralegal, GrayRobinson, P.A., transmitting the Notice of Status Conference Hearing, listing "Alan R. Crane, Esq., Counsel for Trustee" as sender, and copied to Mr. Rigoli and Mr. Crane. The quoted service email follows in the original.]*

## ATTACHMENTS TO EXHIBIT G

**G-1** Email, Scott J. Topolski to Avrumi Lubin, July 9, 2026 (scope of engagement)

**G-2** Email, Scott J. Topolski to Avrumi Lubin, July 11, 2026, 8:28 p.m. ET, transmitting the proposed conflict waiver (also Exhibit C)

**G-3** Email, Avrumi Lubin to Scott J. Topolski, July 12, 2026, 4:14 a.m. ET, declining to consent (also Exhibit D)

**G-4** Email, Avrumi Lubin to Scott J. Topolski, July 12, 2026 (follow-up)

**G-5** Letter, GrayRobinson, P.A. (Scott J. Topolski) to Avrumi Lubin, Teton Life, LLC, JL Special Investments, LLC, and Teton Funding, LLC, dated July 11, 2026, "Re: Request for Conflict Waiver, Client-Matter No. 31024.1," 3 pp., with unsigned acknowledgment

*The five attachments are reproduced as sent, without alteration, following this index.*

# Exhibit G — Attachment G-1

Email, Scott J. Topolski to Avrumi Lubin, July 9, 2026

Reproduced as attached to the September 16, 2026 e-mail.

From: Scott Topolski, Shareholder, GrayRobinson, P.A.
<Scott.Topolski@gray-robinson.com>
To: Josh Lubin <josh@tetonfunding.com>
Cc: Jordan S. Kosches <Jordan.Kosches@gray-robinson.com>
Sent: Thursday, July 9, 2026, 09:15:45
Subject: RE: FVP/Hi Bar - the record behind the vacatur strategy (3 memos attached) + two time-sensitive items

---

Josh:

I am happy to speak but at this point our representation is limited to representing Teton Funding, Teton Life and JL Specialty Investments in the state court post-judgment proceedings, along with a limited appearance for you which we had filed to stop the foreclosure sale. At this point, we don't need this record.

Just a reminder-although it just went out earlier this week-there is an $11k+ balanced owed by the companies to us after application of the $25k advance fee/retainer.

[Signature block and firm confidentiality footer omitted.]

---

Transcribed from the quoted text of this message as it appears in a later message in the same thread. The remainder of the thread is omitted.

# Exhibit G — Attachment G-2

Email, Scott J. Topolski to Avrumi Lubin, July 11, 2026, 8:28 p.m. ET (also Exhibit C)

Reproduced as attached to the September 16, 2026 e-mail.

From: Scott Topolski, Shareholder, GrayRobinson, P.A.
<Scott.Topolski@gray-robinson.com>
To: Josh Lubin <josh@tetonfunding.com>
Cc: Jordan S. Kosches <Jordan.Kosches@gray-robinson.com>
Jake Payne <Jacob.Payne@gray-robinson.com>
Sent: Saturday, July 11, 2026, 8:28 p.m. Eastern
Subject: RE: FVP/Hi Bar - the record behind the vacatur strategy (3 memos attached) + two time-sensitive items
Attach: Conflict Waiver letter dated July 11, 2026

---

Josh:

There is nothing to do in state court because you individually chose to and did file for bankruptcy which brings those proceedings to a halt. We were merely retained on the post-judgment Florida state court proceedings, not with respect to either your present appeal of the underlying $ 8 million+ judgment, any bankruptcy or any affirmative actions against the judgment creditors.

I am not a bankruptcy attorney, but in any event Alan Crane and Jason Rigoli have agreed to join GrayRobinson next month—which we understand creates potential conflict issues in light of their representation as special counsel for the trustee in those bankruptcy proceedings.

To that end the firm has drafted the attached Conflict Waiver for your review and, if approved by you, execution.

[Signature block and firm confidentiality footer omitted.]

---

The remainder of the thread is omitted.

# Exhibit G — Attachment G-3

Email, Avrumi Lubin to Scott J. Topolski, July 12, 2026, 4:14 a.m. ET (also Exhibit D)

Reproduced as attached to the September 16, 2026 e-mail.

From: Josh Lubin <josh@tetonfunding.com>
To: Scott Topolski <Scott.Topolski@gray-robinson.com>
Cc: Jordan S. Kosches <Jordan.Kosches@gray-robinson.com>
Jake Payne <Jacob.Payne@gray-robinson.com>
Sent: Sunday, July 12, 2026, 4:14 a.m. Eastern
Subject: Re: FVP/Hi Bar - the record behind the vacatur strategy (3 memos attached) + two time-sensitive items

---

Scott,

I have reviewed the firm's July 1, 2026 conflict-waiver request and your July 9 and July 11 emails.

I do not consent to the requested waiver. No communication, silence, continued cooperation, or other conduct by me should be interpreted as consent on behalf of me or any entity client.

The June 12 engagement identifies me personally, Teton Life, LLC, JL Special Investments, LLC, and Teton Funding, LLC as clients. I do not agree with the July 1 letter's description of the engagement, its scope, or its present status, and I do not agree that any of those representations has ended.

Nothing in this email constitutes:

1. A discharge of GrayRobinson;
2. A request for or consent to withdrawal or termination;
3. Consent to any unilateral limitation or recharacterization of the representation; or
4. Consent to GrayRobinson undertaking the requested adverse representation.

I am actively retaining bankruptcy counsel. Once engaged, counsel will contact the firm concerning the waiver, the engagement, the pending and unresolved matters, the account, and any necessary transition issues.

Until then, I remain available and will cooperate regarding deadlines, e-service, scheduling, court notices, and other necessary case logistics. I am deferring substantive discussion of the waiver, the engagement's scope or status, and the account until counsel is in place.

Pending counsel's review, please maintain the status quo and continue taking all reasonably necessary steps to avoid prejudice to each client and to preserve pending filings, defenses, deadlines, and other rights.

I object to any withdrawal, termination, or material limitation of the representation before there has been complete file turnover, sufficient transition time, and the appearance of substitute counsel where required to prevent an entity client from being left unrepresented.

Nothing in this paragraph should be construed as consent to withdrawal or termination at any time.
Please provide prompt written notice of any deadline, court communication, threatened filing, proposed termination document, or other development that may affect any client or pending matter. This includes prior written notice before any scheduling, setting, continuance, or other action affecting the pending motions.

Please also treat this email as a formal preservation request.

Please preserve all documents, electronically stored information, communications, metadata, and access records relating to:

1. GrayRobinson's representation of me personally, Teton Life, LLC, JL Special Investments, LLC, and Teton Funding, LLC, including all client files, correspondence, research, drafts, work product, matter-status records, billing records, and time entries;
2. Any information concerning Spin Capital, LLC that GrayRobinson received, generated, reviewed, or analyzed in connection with those representations;
3. Every version, draft, redline, comment, approval, transmission, and related metadata concerning the July 1 conflict waiver or any other proposed waiver;
4. All conflict checks, conflict analyses, waiver analyses, lateral-hire or onboarding materials, ethical-screen materials, access restrictions, and document-management access logs concerning Alan Crane, Jason Rigoli, FurrCohen, or any contemplated Trustee-side representation;
5. All drafts, redlines, comments, transmittals, CMS uploads, access history, and metadata relating to proposed or entered orders in the Broward proceedings;
6. All communications with the FVP Parties, the Franklin Parties, their counsel, Nicole Testa Mehdipour as Chapter 7 Trustee of Excell Auto Group, Inc., or the Trustee's counsel concerning me, Spin Capital, any entity client, the engagement, the pending matters, or the requested waiver; and
7. Any proposed or actual limitation, termination, withdrawal, transfer, conclusion, or recharacterization of GrayRobinson's representation of me or any entity client.

Potentially privileged, confidential, or work-product-protected materials are included within this preservation request and should be preserved in place.

This is not a present demand for their production and does not waive any attorney-client privilege, confidentiality obligation, work-product protection, or other applicable protection.

Please confirm receipt and that appropriate preservation measures have been implemented.

Other than promptly flagging deadlines or developments, no substantive response concerning the waiver, scope, status, or account is requested before counsel contacts you.

Thank you,

Avrumi "Josh" Lubin
732-608-4905
[josh@tetonfunding.com](mailto:josh@tetonfunding.com)

---

The remainder of the thread is omitted.

# Exhibit G — Attachment G-4

Email, Avrumi Lubin to Scott J. Topolski, July 12, 2026, 5:48 a.m. ET (follow-up)

Reproduced as attached to the September 16, 2026 e-mail.

From: Josh Lubin <josh@tetonfunding.com>
To: Scott Topolski <Scott.Topolski@gray-robinson.com>
Cc: Jordan S. Kosches <Jordan.Kosches@gray-robinson.com>
Jake Payne <Jacob.Payne@gray-robinson.com>
Sent: Sunday, July 12, 2026, 5:48 a.m. Eastern
Subject: RE: FVP/Hi Bar - conflict waiver

---

Scott,

Following up on my July 12 email. To be clear, that email addresses the waiver as drafted — it isn't a door closed on the topic. There may be a narrower, limited waiver I could sign, with appropriate screening and carve-outs, and I want to get this right rather than fast.

I need to review the draft with my bankruptcy counsel first — retention is being finalized this week. Can we set up a call for the end of this week or early next week? Wednesday through Friday works on my end.

In the meantime, I appreciate the firm continuing its work on the companies' pending motions.

Thanks,
Josh
732-608-4905

---

The remainder of the thread is omitted.

# Exhibit G — Attachment G-5

Letter, GrayRobinson, P.A. (Scott J. Topolski), dated July 11, 2026, with unsigned acknowledgment (also Exhibit C-2)

Reproduced as attached to the September 16, 2026 e-mail.

Scott Topolski | Scott.Topolski@gray-robinson.com | D 561.405.4255
One Boca Place, 2255 Glades Road, Suite 301E, Boca Raton, Florida 33431 | T 561.368.3808 | F 561.368.4008

July 1~~0~~1, 2026

**VIA EMAIL TO JOSH@TETONFUNDING.COM**

Avrumi "Josh" Lubin
Teton Life, LLC
JP Special Investments, LLC
Teton Funding, LLC
c/o Avrum "Josh" Lubin
1460 Arboretum Parkway
Lakewood, N.J. 08701

Re: Request for Conflict Waiver
Client-Matter No. 31024.1

Dear Mr. Lubin:

As you know, GrayRobinson, P.A. ("GrayRobinson", "us", "we" or "the Firm") serves as legal counsel for Teton Life, LLC, JL Special Investments, LLC, Teton Funding, LLC, and you (collectively, "you" or "your") in connection with post judgment proceedings titled *FVP Opportunity Fund, III, LP et al., v. Scott Zankl, et al.* pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE22-5125 (the "FVP Litigation"). We wanted to let you know that ~~As we discussed,~~ Alan R. Crane, Esq. and Jason S. Rigoli, Esq., of the law firm of FurrCohen, P.A. ("FurrCohen") who are ~~are~~ special counsel for Nicole Testa Mehdipour (the "Trustee") as Chapter 7 Trustee, in the adversary proceeding styled *Nicole Testa Mehdipour v. Hi Bar Capital, LLC, et al.*, Adv. Pro. No. 23-01132-EPK, in the bankruptcy case *In Re: Excell Auto Group, Inc.*, Case No.: 22-12790 (Bankr. S.D. Fla.) (the "Adversary Proceeding"), ~~).~~ will, along with other lawyers and personnel of FurrCohen, be joining GrayRobinson in mid-August. As we understand it, You (Mr. Lubin) and your company, Spin Capital LLC, are a defendants in the Adversary Proceeding. ~~I mentioned to you that Mr. Crane and Mr. Rigoli, as well as other lawyers and personnel of FurrCohen, will be joining GrayRobinson in mid-August.~~

The FVP Litigation has been stayed due to the filing of your bankruptcy petition in the Bankruptcy Court of New Jersey, Case No.: 26-17342-EJO. As you know, we will not be representing you in connection with your bankruptcy or in any other bankruptcy matter. With the FVP Litigation stayed as the result of your individual bankruptcy filing, we~~I~~ do not anticipate needing to take any further action within the scope of our engagement. Therefore, our brief representation ~~of you~~ will have ~~has~~ come to an end, and, as such, you are no longer clients of the Firm.

Although I have had no involvement with the Adversary Proceeding and have not gained any confidential information in the course of my brief representation of you that, to the best of my knowledge, would be material to any issue in the Adversary Proceeding, the fact that Mr. Crane and Mr. Rigoli will be joining GrayRobinson poses the potential for a conflict of interest under Rule 4-1.9 of the Florida Rules of Professional Conduct. Under Rule 4-1.9, a lawyer who has formerly represented a client in a matter must not afterwards:

> (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

(b) use information related to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Rule 4-1.9 would apply to the lawyers from FurrCohen when they join GrayRobinson. Thus, your consent would be required for GrayRobinson to represent another client, such as the Trustee, adverse to you in a matter "substantially related" to the FVP Litigation. Whether a matter is "substantially related" to another matter is not always easy to determine. It is possible that there may be some overlap of the issues in the FVP Litigation and the Adversary Proceeding, in that you are a defendant in each and they each may involve attempts to collect on judgments against you and your related entities. Therefore, out of an abundance of caution, we ask that you consent to GrayRobinson, including the FurrCohen lawyers who will join GrayRobinson in mid-August, representing the Trustee in the Adversary Proceeding and related matters. Of course, I would not be involved in any such case.

Although my representation of you was relatively brief and limited, the Florida Rules of Professional Conduct prohibit me from sharing any confidential information concerning that representation. To that end, when the lawyers from FurrCohen join GrayRobinson an "ethical wall" will be established in GrayRobinson's document management system that will prohibit every person in the firm (including me and the FurrCohen lawyers) from accessing any information concerning my representation of you. Further, any person in the Firm who has worked on your matter will be strictly prohibited from discussing that representation with anyone working on any matter that is potentially adverse to you.

You are encouraged to discuss this waiver with your counsel. If there is no objection to GrayRobinson (when the FurrCohen lawyers join) representing the Trustee in the Adversary Proceeding or related matters, I would appreciate it if you would indicate your waiver of any conflict of interest by signing the acknowledgment set forth below and returning the executed copy to my office at your earliest convenience. If you have any questions concerning this conflict waiver, please let me know.

Very truly yours,

/s/ Scott J. Topolski

Scott Topolski

**ACKNOWLEDGED AND AGREED:**

The undersigned hereby consent to GrayRobinson, P.A.'s representation of Nicole Testa Mehdipour, as Chapter 7 Trustee in the Adversary Proceeding and related matters, as described above and waive any claim of conflict arising from such representation now and in the future.

**Avrumi "Josh" Lubin,**

________________________
Avrumi "Josh" Lubin

**JP Special Investments, LLC**

________________________
By: Avrumi "Josh" Lubin, Member

**Teton Life, LLC**

**Teton Funding, LLC**

By: Avrumi "Josh" Lubin, Member

By: Avrumi "Josh" Lubin, Member

# Exhibit G — Printed Thread

Printout from the Debtor's e-mail account of the September 16–17, 2026 thread, including the replies of September 17, 2026 (Outlook print dated September 18, 2026).

**Josh Lubin** **Friday, September 18, 2026 at 9:27:37 PM Eastern Daylight Time**

**Subject:** Re: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK
**Date:** Thursday, September 17, 2026 at 9:32:28 AM Eastern Daylight Time
**From:** Josh Lubin <josh@tetonfunding.com>
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>, Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>, josh@spincapital.com <josh@spincapital.com>, Jake Payne <Jacob.Payne@gray-robinson.com>
**CC:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>, Alan Crane <Alan.Crane@gray-robinson.com>, Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Attachments:** image001.png

Mr Payne,

Please send me my whole file and separate them per entity. Its time of the essence.

Thank you,

---

**From:** "Feinman, Heidi A. (USTP)" <Heidi.A.Feinman@usdoj.gov>
**Date:** Thursday, September 17, 2026 at 8:24 AM
**To:** Josh Lubin <josh@tetonfunding.com>, Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>, Josh Lubin <josh@spincapital.com>
**Cc:** "Jason S. Rigoli" <Jason.Rigoli@gray-robinson.com>, Alan Crane <Alan.Crane@gray-robinson.com>, "Wolf, Rachel (USTP)" <Rachel.Wolf@usdoj.gov>
**Subject:** RE: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

Both are at 1:30 pm according to the Court's calendar. See attached.

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thursday, September 17, 2026 8:20 AM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com
**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Subject:** [EXTERNAL] Re: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

There's one at 1:30pm in the adversary and one at 2:30MM in the main case, right?

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Thursday, 17 September 2026 08:17:49
**To:** Josh Lubin <josh@tetonfunding.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com <josh@spincapital.com>
**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Subject:** RE: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

It is the same notice we all received Mr. Lubin.

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thursday, September 17, 2026 8:02 AM
**To:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com
**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Subject:** [EXTERNAL] Re: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

I registered yesterday for zoom and I only got notice of it yesterday and the hearing got scheduled the next day. I'm not in Florida so wasn't able to get papers filed. I intend on appearing at both hearings today

**From:** Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>
**Sent:** Thursday, 17 September 2026 07:54:52
**To:** Josh Lubin <josh@tetonfunding.com>; Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com <josh@spincapital.com>

**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Subject:** RE: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

Mr. Lubin:
The hearing is today. I would encourage you to attend and raise your objections. I do not know if Judge Kimball will be so forgiving if you wait and then file a motion when you had opportunity to voice your objections verbally and do not appear.

*Heidi A. Feinman*
Assistant United States Trustee
Office of United States Trustee
Department of Justice
Email: *Heidi.A.Feinman@usdoj.gov*
Telephone (305) 536-7472

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, September 16, 2026 6:27 PM
**To:** Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>; josh@spincapital.com
**Cc:** Jason S. Rigoli <Jason.Rigoli@gray-robinson.com>; Alan Crane <Alan.Crane@gray-robinson.com>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>
**Subject:** [EXTERNAL] Re: SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK
**Importance:** High

Mr Crane,

im demanding you notify the court in regards to the communications attached and conflict waiver (I refused to sign and consents your firm was representing me on a related case). I am also demanding you remove yourself from representing the Excell Auto Trustee or I will be seeking a motion to disqualify you and Jason.

Regards,

Josh

---

**From:** Yesenia Fernandez Vivas <Yesenia.FernandezVivas@gray-robinson.com>
**Date:** Wednesday, September 16, 2026 at 11:59 AM
**To:** Josh Lubin <josh@tetonfunding.com>, Josh Lubin <josh@spincapital.com>
**Cc:** "Jason S. Rigoli" <Jason.Rigoli@gray-robinson.com>, Alan Crane <Alan.Crane@gray-robinson.com>
**Subject:** SERVICE OF COURT DOCUMENT | EXCELL Auto Group, Inc. | 22-12790-EPK

**Notice of Service of Court Document**

| | |
|---|---|
| **Attached Herein:** | **Notice of Status Conference Hearing** |
| **Service Date:** | **September 16, 2026** |
| **Court:** | **U.S. Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division** |
| **Debtor:** | **EXCELL Auto Group, Inc.** |
| **Case No.:** | **22-12790-EPK** |
| **Sender:** | **Alan R. Crane, Esq.**<br>**Counsel for Trustee**<br>**(561) 368-3808** |

**Yesenia Fernandez Vivas**
Paralegal

T 561.368.3808
F 561.368.4008

GrayRobinson, P.A. • One Boca Place, 2255 Glades Road, Suite 301E, Boca Raton, Florida 33431

GRAYROBINSON
ATTORNEYS | ADVISORS | CONSULTANTS

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.