**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Avrumi "Josh" Lubin, Pro Se<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 718-570-3796<br>Email: josh@tetonfunding.com<br>Debtor, appearing pro se | |
| In re:<br><br>AVRUMI LUBIN a/k/a JOSH LUBIN,<br><br>Debtor. | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Judge: Hon. Eamonn J. O'Hagan<br>Hearing Date: Not scheduled |

**ORDER ADMITTING JASON S. RIGOLI, ESQ. AND ALAN R. CRANE, ESQ. PRO HAC VICE WITHOUT DETERMINING THE DEBTOR'S FORMER-CLIENT OBJECTION, SCHEDULING A MOTION TO DISQUALIFY, AND SETTING INTERIM CONDITIONS**

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

THIS MATTER having been opened to the Court upon the applications of Jason S. Rigoli, Esq. (Dkt. 102) and Alan R. Crane, Esq. (Dkt. 103) for admission pro hac vice to represent Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc., and upon the Debtor's objection to those applications; and the Court having considered the applications, the objection, the declaration and exhibits submitted in support of the objection, and any response; and the Court having determined to admit the applicants without deciding at this time the questions raised by the objection; and good cause appearing; it is hereby

**ORDERED** as follows:

1. **Admission.** Jason S. Rigoli, Esq. and Alan R. Crane, Esq. are admitted pro hac vice on the terms stated in the forms of order submitted with their applications (Dkt. 102-2 and Dkt. 103-2), as supplemented by this Order.

2. **Questions not determined.** This Order does not determine:

(a) whether any matter in which the applicants appear in this case, including the adversary proceeding commenced by the complaint at Dkt. 109, is the same as or substantially related to GrayRobinson, P.A.'s prior representation of the Debtor, within the meaning of N.J. RPC 1.9(a);

(b) whether the Debtor gave informed consent, confirmed in writing, to such representation, including whether the advance waiver in the engagement agreement dated June 12, 2026 reaches it;

(c) whether Scott J. Topolski, Esq. is personally disqualified under N.J. RPC 1.9(a) and, if so, whether that disqualification is imputed to the applicants under N.J. RPC 1.10(a); and

(d) whether N.J. RPC 1.10(c) applies and, if it does, whether its conditions are met, including those of RPC 1.10(c)(1) through (3) and RPC 1.10(f).

3. **Motion schedule.** A motion presenting the unresolved conflict issues raised in the Debtor's objection shall be filed and served within twenty-one (21) days of the entry of this Order. Any opposition shall be filed and served within fourteen (14) days after service of the motion, and any reply within seven (7) days after service of the opposition. The Court will determine the motion on the papers or at a hearing on a date the Court sets.

4. **Interim conditions.** From the entry of this Order until the Court determines a motion filed under paragraph 3, or, if no such motion is filed, as provided in paragraph 5:

(a) the screening restrictions described in paragraph 5(n) of the Declaration of Alan R. Crane dated September 15, 2026 (Bankr. S.D. Fla. Case No. 22-12790-EPK, Dkt. 1184-1) shall remain in effect;

(b) Scott J. Topolski, Esq. shall not participate in any matter in this Court adverse to the Debtor, shall not communicate about any such matter with the applicants or any person working on it, and shall be apportioned no part of any fee from any such matter;

(c) within seven (7) days of the entry of this Order, the applicants shall file, and serve upon the Debtor, a declaration under penalty of perjury stating the date on which each screening restriction was implemented, attaching any written screening procedure, and stating what written notice, if any, was given to the Debtor under N.J. RPC 1.10(c)(3), without disclosing the substance of any privileged communication; and

(d) the applicants shall not appear or be heard in any matter in this Court concerning the Debtor's ownership of, or any transfer of, his interests in Spin Capital, LLC or Teton Funding, LLC; such matters may be handled for the Chapter 7 Trustee of Excell Auto Group, Inc. by her New Jersey counsel of record.

5. **If no motion is filed.** If no motion is filed within the time set in paragraph 3, (a) paragraph 4(d) expires at the end of that period; and (b) paragraphs 4(a) and 4(b) remain in effect for as long as the applicants appear in this case or in any adversary proceeding in this Court in which the Debtor is a defendant. Paragraph 4(c) is not affected by this paragraph. Nothing in this Order relieves any attorney of any obligation under the Rules of Professional Conduct.

6. Nothing in this Order affects any order entered by the United States Bankruptcy Court for the Southern District of Florida.