UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Gary F. Seitz
Gellert Seitz Busenkell & Brown, LLC
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Phone: 302-425-55800
Email: gseitz@gsbblaw.com

*Attorneys for Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc.*

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a JOSH LUBIN<br><br>Debtor. | Chapter 11<br><br>Case No.: 26-17342 (ELO) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE 14-DAY STAY UNDER FED. R. BANKR. P. 4001(a)(3)**

**PRELIMINARY STATEMENT**

1. Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc. ("Excell Trustee") seeks relief from the automatic stay, at the direction of the Florida Bankruptcy Court, to allow the Florida Bankruptcy Court to conclude the pending litigation in the Adversary Proceeding up to entry of a final judgment against the Debtor, Avrumi "Josh" Lubin. As detailed herein, the balancing of the equities weigh heavily in favor of the Excell Trustee and allowing the Adversary Proceeding to be concluded is the most judicially economical manner in which to resolve the issues between the Excell Trustee and Mr. Lubin. Granting stay relief allows the Excell Trustee's claims

to be liquidated eliminating any claims objection process in this Court allowing for a more efficient administration.

2. With the procedural posture of this bankruptcy case and the Adversary Proceeding in the Florida Bankruptcy Court, a waiver of the 14-day stay of an order granting this Motion is also warranted.

3. Accordingly, Excell Trustee respectfully requests this Honorable Court enter an order granting this Motion, granting the Excell Trustee the limited stay relief she is seeking, waiving the 14-day stay of the order granting this motion, and granting such other and further relief as this Court deems just and proper.

## STATEMENT OF FACTS

4. Excell Trustee respectfully refers the Court to the Accompanying Certification of Gary F. Seitz, Esq. and the exhibits attached thereto for the relevant facts, which are incorporated by reference. Further, any capitalized terms that are not otherwise defined shall have the definitions ascribed to them in the Certification of Gary F. Seitz, Esq.

## LEGAL ARGUMENT FOR SUPPORTING RELIEF SOUGHT

### I. "Cause" is Established by the Excell Trustee and this Court Should Enter an Order Granting Stay Relief

5. Section 362(d)(1) of the Bankruptcy Code[1] reads in pertinent part that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- (1) for cause..."

6. "Cause" is not defined by the Bankruptcy Code. The courts in this Circuit use their wide discretion and apply a broad and flexible standard that is determined on a case-by-case basis

[1] 11 U.S.C. §§ 101 *et seq*.

on the totality of the circumstances. *See In re Johnson*, Case No. 25-19181 (MEH), 2025 WL 3541250 at *2 (Bankr. D. N.J. Dec. 10, 2025)[2] (*citing In re Myers*, 491 F.3d 120, 130 (3d Cir. 2007) (noting that the bankruptcy court is accorded "wide latitude ... to balance the equities when granting relief from the automatic stay")).

7. The burden of proof is a shifting one. 11 U.S.C. § 362(g); *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999). Initially, the burden is on the movant to demonstrate "cause" the debtor then has the burden on all other issues other than "the debtor's equity in property." *Telegroup*, at 91 (citations omitted).

8. In *Telegroup* the bankruptcy court recognized that "cause" to grant relief from the automatic stay exists when it is "necessary to permit litigation to be concluded in another forum." *Id*. To determine whether it is necessary to allow prosecution to continue in another forum, courts consider whether:

> (1) relief would result in a partial or complete resolution of issues; (2) there is a connection with or interference with the bankruptcy case; (3) the other proceeding involves the debtor as a fiduciary; (4) a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) the debtor's insurer has assumed full responsibility for defending it; (6) the action primarily involves third parties; (7) litigation in another forum would prejudice the interest of creditors; (8) the judgment claim arising from the other action is subject to equitable subordination; (9) the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) stay relief would further the interests of judicial economy and lead to an expeditious and economical resolution of litigation; (11) the parties are ready for trial in the other proceeding; and (12) imposition or relief from the stay will cause significant harm to either of the parties.

*In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 130 (Bankr. D.N.J. 2003). Not all the factors must be satisfied and no single factor is determinative. *Id*.

[2] A copy of this unpublished opinion is attached hereto.

9. Here, factors 1, 7, 8, 10, 11, and 12 are relevant in this case and weigh in favor of granting stay relief to the Excell Trustee. A final judgment from the Florida Bankruptcy Court in the Adversary Proceeding, with Mr. Lubin participating, will result in a complete resolution of the issues between the Excell Trustee, Mr. Lubin and his co-defendants in the Adversary Proceeding. The Adversary Proceeding in the Florida Bankruptcy Court does not prejudice the other creditors in this Bankruptcy Case. In fact, the Franklin Parties are also defendants in the Adversary Proceeding.

10. Factors 10, 11, and 12 weigh heavily in favor of the Excell Trustee.

11. Judicial economy is unequivocally served by granting stay relief. The Adversary Proceeding pending in the Florida Bankruptcy Court is already post-trial and set for re-briefing. The Florida Bankruptcy Court's rulings in the Adversary Proceeding will be determinative of claims issues in this Bankruptcy Case. Furthermore, a final judgment by the Florida Bankruptcy Court in the Adversary Proceeding impacts this Court's ability to administer this bankruptcy case because the Excell Trustee's claim will be liquidated at either $0 or some other amount, which, according to Mr. Lubin's petition should be paid in full.

12. As previously stated, the parties are more than trial ready in the Adversary Proceeding, the 5 days of bench trial have already been held and concluded. The parties, including Spin Capital, LLC, one of Mr. Lubin's entities which is represented by counsel in the Adversary Proceeding, are now briefing the issues for the Florida Bankruptcy Court to enter its final judgment.

13. Finally, imposition of the stay causes significant harm to the Excell Trustee in that the Excell Trustee would be required to relitigate the entire three years of litigation in this Bankruptcy Court to support her claim in this estate. The Excell Trustee has incurred significant

expense in pursuing this litigation and the imposition of the stay to preclude the entry of the final judgment is highly prejudicial. On the contrary, Mr. Lubin suffers no prejudice as Mr. Lubin is only required to submit his response post-trial brief on the claims against him individually. Mr. Lubin has already prepared the post-trial brief once. While Mr. Lubin is appearing *pro se* in the Adversary Proceeding, Spin Capital, LLC, one of Mr. Lubin's entities which is represented by counsel in the Adversary Proceeding has also submitted a brief and will also be briefing the issues for the Florida Bankruptcy Court. Furthermore, with this Court's determination and direction to appoint a Chapter 11 trustee, Mr. Lubin's attention to the Adversary Proceeding will have minimal to no impact on the administration of this Bankruptcy Case.

14. Accordingly, "cause" exists to grant the Excell Trustee stay relief to allow the Adversary Proceeding in the Florida Bankruptcy Court to proceed to judgment. So long as this bankruptcy case remains pending the Excell Trustee will not pursue any collection efforts without seeking appropriate further relief from this Court.

15. Furthermore, as stated in the stay relief motion filed by the FVP Parties at Dkt. No. 13, this bankruptcy was filed solely as means of thwarting a foreclosure sale by the FVP Parties on Mr. Lubin's equity interests in certain entities. *See* Dkt. No. 13-2. There is no good faith attempt to reorganize being made by Mr. Lubin with the filing of this bankruptcy case. The application of the stay to the Adversary Proceeding serves to only delay the Florida Bankruptcy Court's ability to render judgment in the Adversary Proceeding and delay the administration of this case by leaving a claim unliquidated which is ripe for resolution in the Florida Bankruptcy Court.

## II. <u>The Court Should Waive the 14-Day Stay Pursuant to Fed. R. Bankr. P. 4001(a)(3)</u>

16. Due to the current procedural posture of this bankruptcy case and the Adversary Proceeding pending in the Florida Bankruptcy Court, Excell Trustee respectfully requests a waiver

of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) so that stay relief is effective upon the entry of the order granting this motion.

## CONCLUSION

**WHEREFORE**, Excell Trustee respectfully requests that this Court enter an order, substantially in the form of the Order submitted herewith: (i) granting the Excell Trustee's Motion for Stay Relief; (ii) granting the Excell Trustee stay relief to continue with the Adversary Proceeding pending in the Florida Bankruptcy Court up to entry of a final judgment against Mr. Lubin, but not to allow execution on any judgment without further order from this Court; (iii) waiving the 14-day stay under Fed. R. Bankr. P. 4001(a)(3); and (iv) granting such other and further relief as this Court deems just and proper.

Dated: September 25, 2026

GELLERT SEITZ BUSENKELL & BROWN, LLC

By: */s/ Gary F. Seitz*
Gary F. Seitz, Esq.
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Phone: 302-425-55800
Email: gseitz@gsbblaw.com

Jason S. Rigoli, Esq. (PHV forthcoming)
Alan R. Case, Esq. (PHV forthcoming)
GrayRobinson, PA
One Boca Place
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431

*Attorneys for Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc.*