r

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Gary F. Seitz
Gellert Seitz Busenkell & Brown, LLC
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Phone: 302-425-55800
Email: gseitz@gsbblaw.com

*Attorneys for Nicole Tesa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc.*

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a JOSH LUBIN<br><br>Debtor. | Chapter 11<br><br>Case No.: 26-17342 (ELO) |

**CERTIFICATION OF GARY F. SEITZ, ESQ. IN SUPPORT OF THE MOTION**

GARY F. SEITZ, ESQ., of full age, hereby certifies as follows under penalty of perjury pursuant to 28 U.S.C. § 1746 and D.N.J. LBR 7007-1:

1. I am attorney-at-law of the State of New Jersey and a member of the bar of this Court, and I am counsel of record for Nicole Testa Mehdipour, Chapter 7 Trustee for the Estate of Excell Auto Group, Inc. ("**Excell Trustee**") in this case. I make this certification in support of Excell Trustee's Motion. The facts stated are within my personal knowledge or are established by the public records and court orders attached as exhibits, of which the Court may take judicial notice under Fed. R. Evid. 201.

2. On June 30, 2023, Excell Trustee filed a complaint against Avrumi "Josh" Lubin and others instituting the adversary proceeding styled *Mehdipour v. Hi Bar Capital, LLC, et al.*,

Adv. Pro. No. 23-01132-EPK (the "**Adversary Proceeding**"), which is currently pending in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division ("**Florida Bankruptcy Court**"). A copy of the docket from PACER is attached as **Exhibit 1**.

3. The original complaint included 21 counts for relief. The Complaint was subsequently amended, and the operative complaint is the Third Amended Complaint [Adv. Dkt. No. 253] which contained 29 Counts for relief. As set forth in the Excell Trustee's Proof of Claim filed in this bankruptcy Case, the Excell Trustee is seeking more than $14 million in damages against Mr. Lubin. A copy of the proof of claim is attached as **Exhibit 2**.

4. The Florida Bankruptcy Court conducted a bench trial in the Adversary Proceeding beginning on January 28, 2026, and concluding February 6, 2026. *See* Ex. 1 at p. 44 [Adv. Dkt. No. 332] and pp. 61-63 [Adv. Dkt. Nos. 470, 471, 472, 473, 474, 475, and 476]. Excell Trustee submitted 217 Exhibits for the trial. Ex. 1 at pp. 52-54 [Adv. Dkt. Nos. 387-399 and 402-408]. The Hi Bar Defendants submitted 30 Exhibits for the trial, *id*. at p. 53 [Adv. Dkt. Nos. 400 and 401], and Franklin Defendants submitted 5 Exhibits for the trial. *Id*. at p. 52 [Adv. Dkt. No. 386].

5. The Florida Bankruptcy Court then required the parties to submitted post-trial briefs. *See* Order attached as **Exhibit 3**. On March 30, 2026, Excell Trustee submitted a 100-page post-trial brief, s*ee* Ex. 1 at p. 63 [Adv. Dkt. No. 477] and the Franklin Defendants filed their post-trial brief. *Id*. [Adv. Dkt. No. 478]. On June 4, 2026, Avrumi Lubin submitted his post-trial brief on June 4, 2026, s*ee* Ex. 1 at p. 64 [Adv. Dkt. No. 488]; Spin Capital, LLC, Mr. Lubin's entity filed its post-trial brief, i*d*. [Adv. Dkt. No. 489], through counsel Stanley Casey, Esq. who continues to represent Spin Capital, LLC in the Adversary Proceeding; the Hi Bar Defendants submitted their post-trial brief, *id*. [Adv. Dkt. No. 490].

6. Mr. Lubin filed this Chapter 11 petition *pro se* on June 25, 2026, but did not include the Excell Trustee as a creditor or give the Excell Trustee any notice of the filing. *See* Petition [Dkt. No. 1 at p. 10 of 10 (identifying FVP Parties and Franklin Parties as the only creditors)]. *See also* Schedules filed at Dkt. No. 48, the Excell Trustee is not identified as a creditor although Mr. Lubin does identify the adversary proceeding in Attachment SOFA-9 [Dkt. No. 48 at p. 55].

7. Notwithstanding, special counsel representing the Trustee in the Adversary Proceeding filed a notice with the Florida Bankruptcy Court notifying the Florida Bankruptcy Court of Mr. Lubin's bankruptcy.

8. On September 4, 2026, the Florida Bankruptcy Court entered an *Order Requiring Replacement Post-Trial Briefs*. A copy of the order is attached as **Exhibit 4**. The Florida Bankruptcy Court is requiring all parties to resubmit post-trial briefs in strict compliance with the Florida Bankruptcy Court's requirements and directing the Excell Trustee to immediately seek stay relief in this bankruptcy case. Ex. 3 at pp. 4-5, ¶ 12.

9. At the hearing on September 17, 2026, this Court granted the FVP Parties' motion and directed the appointment of a Chapter 11 Trustee in Mr. Lubin's bankruptcy case.

10. The exhibits referenced above are true copies of the documents they purport to be. I respectfully request that this Court grant the Motion in its entirety.

I declare under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 25, 2026

*/s/ Gary F. Seitz*
Gary F. Seitz, Esq.



#68820999 v2