# EXHIBIT 2

**Fill in this information to identify the case:**

Debtor 1 Avrumi Lubin

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court **District of New Jersey**

Case number: **26−17342**

FILED
**U.S. Bankruptcy Court**
**District of New Jersey**
8/31/2026
**Jeanne Naughton, Clerk**

# Official Form 410
# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Nicole Testa Mehdiour, Chapter 7 Trustee
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Nicole Testa Mehdiour, Chapter 7 Trustee<br>Name | <br>Name |
| 6278 N Federal Highway<br>Suite 408<br>Fort Lauderdale, FL 33308 | |
| Contact phone 9548585880 | Contact phone |
| Contact email nicolem@ntmlawfirm.com | Contact email |
| Uniform claim identifier (if you use one): | |

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ________

**7. How much is the claim?**

$ 14003564.00

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Federal Civil RICO claims and Fraudulent Transfer Claims − See attachment

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: ________

**Basis for perfection:** ________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ________

**Amount of the claim that is secured:** $ ________

**Amount of the claim that is unsecured:** $ ________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ________

**Annual Interest Rate** (when case was filed) ________ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check all that apply*:

**Amount entitled to priority**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies $

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 8/31/2026
MM / DD / YYYY

/s/ Nicole Testa Mehdipour
Signature

Print the name of the person who is completing and signing this claim:

Name: Nicole Testa Mehdipour
First name Middle name Last name

Title: Trustee for Excell Auto Group, Inc.

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 6278 N Federal Highway, Suite 408
Number Street
Fort Lauderdale, FL 33064
City State ZIP Code

Contact phone 9548585880 Email nicolem@ntmlawfirm.com

**In re Avrumi "Josh" Lubin**
**Case No. 26-17342**

**ATTACHMENT TO PROOF OF CLAIM OF**
**NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE**
**OF THE BANKRUPTCY ESTATE OF EXCELL AUTO GROUP, INC.**

Nicole Testa Mehdiour, Chapter 7 Trustee for the bankruptcy estate of Excell Auto Group, Inc. is a creditor of Avrumi "Josh" Lubin based upon the following:

Avrumi "Josh" Lubin is a defendant in the adversary proceeding styled *Mehdipour, Chapter 7 Trustee v. Hi Bar Capital, LLC, et al.*, Adv Pro. No. 23-01132-EPK, pending in the United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division.

In this adversary proceeding, Nicole Testa Mehdipour, Chapter 7 Trustee for the bankruptcy estate of Excell Auto Group, Inc. (the "Trustee"), the Trustee filed a 29-count complaint against Mr. Lubin and other defendants.

Mr. Lubin is identified as a defendant in Count 5 of the complaint as a culpable person that violated Federal Civil RICO, 18 U.S.C. §§ 1961 *et al.*, by causing his company Spin Capital, LLC to issue (the Spin enterprise) and collect criminal usurious loans under New York law. The Trustee sought damages of $5,914,500.00, plus reasonable attorneys' fees and costs under 18 U.S.C. § 1964(c).

Mr. Lubin is identified as a defendant in Count 6 of the complaint as a culpable person that violated Federal Civil RICO, 18 U.S.C. §§ 1961 *et al.*, by as a person participated in the affairs of either the Spin/Hi Bar Association in Fact enterprise or Hi Bar Enterprise, to issue and collect criminal usurious loans under New York law. The Trustee sought damages of $6,171,564.00, plus reasonable attorneys' fees and costs under 18 U.S.C. § 1964(c).

The Florida bankruptcy court conducted a six (6) day bench trial in this adversary proceeding, beginning January 28, 2026, and concluding February 6, 2026. The parties then

**In re Avrumi "Josh" Lubin**
**Case No. 26-17342**

submitted post-trial briefs as directed by the Florida bankruptcy court. The Florida bankruptcy court has had the matter under consideration since June 4, 2026, when the last of the post-trial briefs were submitted.

In addition, Mr. Lubin would have subsequent transferee liability for the full $1,971,500.00 in avoided transfers to his entity Spin Capital, LLC.

## TOTAL DAMAGES SOUGHT AGAINST MR. LUBIN

The total damages sought against Mr. Lubin are $14,003,564.00, plus reasonable attorneys' fees and costs.

## RESERVATION OF RIGHTS

The Trustee expressly reserves the right to file, amend, update, revise, and/or supplement this Proof of Claim in any respect. Without limiting the foregoing, the Trustee reserves the right to assert any other claims arising from or relating to any judgment rendered by the Florida bankruptcy court and reserves the right to assert any and all other claims, costs, and expenses, whether liquidated, unliquidated, known, or unknown.

The filing of his Proof of Claim should not be construed to be: (a) a waiver or release of the Trustee rights against any other entity or person liable for all or part of any claims described in this claim or an election of remedy which waives or otherwise affects any other remedy of the Trustee.