# EXHIBIT 4

**ORDERED in the Southern District of Florida on September 4, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

**EXCELL AUTO GROUP, INC.,** **Case No. 22-12790-EPK**
**Chapter 7**

**Debtor.**
**_______________________________________/**

**NICOLE TESTA MEHDIPOUR,**
**as Chapter 7 Trustee for**
**Excell Auto Group, Inc.,**

**Plaintiff,**

**v.** **Adv. Pro. No. 23-01132-EPK**

**HI BAR CAPITAL, LLC, *et al.*,**

**Defendants.**
**_______________________________________/**

**ORDER REQUIRING REPLACEMENT POST-TRIAL BRIEFS**

The Court held trial in this adversary proceeding over six days in January and February, 2026. After consultation with the parties at the close of trial, the Court directed the parties to file post-trial briefs. Dkt. No. 461. The parties thereafter filed their briefs. Dkt. Nos. 477, 478, 488, 489, and 490.

The last of the parties' post-trial briefs was filed on June 4, 2026, about three months ago. Since that time the Court has spent dozens of hours attempting to make sense of the parties' briefs. A number of relevant issues are only marginally addressed or are not addressed at all. The order and mode of presentation, including in the plaintiff's initial brief, makes it difficult for the Court to align the arguments with the remaining counts of the Third Amended Complaint. Dkt. No. 253. Review of the record in light of the briefs has been an extremely tedious and frustrating process. Having not found the existing post-trial briefs helpful, the Court will direct the parties to file replacement post-trial briefs.

Accordingly, the Court **ORDERS** as follows:

1. Except to the limited extend specifically referenced in this Order, the briefs filed at docket numbers 477, 478, 488, 489, and 490 are STRICKEN.

2. The plaintiff's claims in counts 13 and 22 are deemed abandoned. In her initial brief [Dkt. No. 477], the plaintiff states that she abandons claims relying on Fla. Stat. § 726.105(1)(b). All of the claims presented in counts 13 and 22 rely on that statute.

3. The plaintiff's claims presented in count 28 are deemed abandoned. The plaintiff did not present any primary argument on such claims in her initial brief [Dkt. No. 477].

4. In light of the rulings of the Court at summary judgment and the plaintiff's initial brief [Dkt. No. 477], the following counts of the Third Amended Complaint presently remain outstanding for ruling by the Court: 5, 6, 7, 8, 10, 11, 12, 14, 15, 16, 18 [excluding claims relying on Fla. Stat. § 726.106(1)(b)], 19, 20, 21, 23, 24, 25, 26, and 27. The plaintiff is strongly encouraged to reconsider these remaining requests for relief and to abandon unnecessary requests for relief so as to facilitate the Court's decision.

5. In their replacement briefs, no party is required to address whether the First Spin Contract, the Second Spin Contract, the Third Spin Contract, or the First Hi Bar

Contract[1] represents a loan subject to New York usury law as, based on the evidence admitted at trial, the Court will find that each such agreement constitutes a loan for that purpose.

6. Not later than November 2, 2026, the plaintiff must file a replacement post-trial primary brief not to exceed 200 pages in length excluding only the certificate of service.

7. Not later than November 2, 2026, Franklin Capital Funding, LLC and Franklin Capital Group, LLC (together) may file a replacement post-trial primary brief not to exceed 20 pages in length excluding only the certificate of service. Because the plaintiff no longer seeks any relief against Franklin, the Court's ruling in this case will not be binding on Franklin in any regard and Franklin need not submit a brief.

8. Not later than November 30, 2026, each of (i) Hi Bar Capital, LLC, Yisroel Herbst, and Mordechai Harbst (together); (ii) Spin Capital, LLC; and (iii) Avrumi Lubin, must file a replacement post-trial response brief not to exceed 100 pages in length excluding only the certificate of service.

9. Not later than December 28, 2026, the plaintiff must and Franklin may file a post-trial reply brief not to exceed 25 pages in length excluding only the certificate of service.

10. Each brief must contain a separate section for each remaining count (5, 6, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, 20, 21, 23, 24, 25, 26, and 27), each such section clearly labeled "Count ___", and must set out wholly within such section all facts and legal analysis relating to that count. A brief may omit a section relating to any such count only if (i) the plaintiff dropped the count in the plaintiff's replacement primary post-trial brief, (ii) the

---

[1] These capitalized terms have the meanings given in the Third Amended Complaint. Dkt. No. 253.

Case 23-01182-EPK Doc 496 Filed 09/04/26 Page 4 of 5

count does not apply to the party filing the brief, or (iii) the brief is a reply brief and is intended to address only certain of the remaining counts. The paragraphs of each brief must be numbered. Each statement of fact must be supported by a citation to an exhibit admitted or testimony given during the trial. Citations to testimony must provide page and line numbers referring to the official transcript. Citations to admitted documentary evidence must include specific page references. If and to the extent any statement of fact in a brief is not supported by a specific reference to documentary evidence admitted or testimony given at the trial, the Court may disregard such statement of fact and the relevant party will be deemed to have waived the right to rely on such statement of fact for all purposes in this adversary proceeding. Each legal proposition must be supported by citations to the Bankruptcy Code, the Bankruptcy Rules, any other relevant statute or rule, and applicable case law. Briefs must be double-spaced in Century Schoolbook 11-point font with a minimum of one-inch margins at all sides. No page of any brief may contain more than one footnote and no footnote may exceed five lines. Briefs may not adopt or incorporate by reference any document, in whole or in part, or any part of the same brief.

11. The plaintiff must include as an exhibit to her replacement post-trial primary brief a proposed final judgment specifying relief for each remaining count. One purpose of this request is to facilitate the Court's understanding of the plaintiff's calculation of money damages for the relevant counts. The proposed judgment is not included in the page limit.

12. Defendant Avrumi Lubin is a debtor in bankruptcy in a case pending in New Jersey. Dkt. No. 495. The plaintiff must file a motion for relief from the automatic stay in Mr. Lubin's bankruptcy case seeking permission for all parties to file the briefs required by this Order and seeking authority for this Court to enter rulings against Mr. Lubin in this adversary proceeding. By notice of filing in this adversary proceeding, the plaintiff must file any relevant orders of the New Jersey bankruptcy court, including without limitation

any order dismissing Mr. Lubin's bankruptcy case. If the plaintiff is unable to obtain appropriate relief from the automatic stay in Mr. Lubin's bankruptcy case, and that case remains pending, the plaintiff must ask this Court to set a status conference in this adversary proceeding so that the Court may determine how to proceed.

###

Copies furnished to:
Alan R Crane, Esq.

*Alan R Crane, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service with the court.*