**PARNESS LAW FIRM, PLLC**
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin Capital Funding, LLC, and Franklin Capital Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11 |

**PLAINTIFFS' OBJECTION TO DEBTOR'S REQUEST FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiffs Franklin Capital Group, LLC and Franklin Capital Funding, LLC (together, "Franklin"), by and through their undersigned counsel, object to the request of Defendant-Debtor Avrumi Lubin ("Debtor") for an additional extension of time to answer or otherwise respond to the Complaint. Debtor has already been afforded additional time and has had months to retain counsel. Franklin relies upon the arguments set forth herein, and the Declaration of Hillel I. Parness ("Parness Dec.") submitted herewith, and the exhibit attached thereto.

## I. BACKGROUND

In July 2026, Franklin filed its Complaint to Determine Non-Dischargeability of Debt Under 11 U.S.C. § 523(a) (the "Complaint") against Debtor, and served the Debtor. ECF 1, 3. Debtor has therefore known of this adversary proceeding, and of his obligation to respond, since July 2026.

In August 2026, Debtor requested that the deadline to respond to the Complaint originally scheduled for August 24, 2026 be adjourned to September 28, 2026, and that the pretrial conference scheduled for September 24, 2026 be adjourned to October 15, 2026. ECF 4-6. Franklin consented (ECF 4), and the parties entered into a consent order addressing the adjournment and Debtor's deadline to answer or otherwise respond to the Complaint. ECF 7.

On September 23, 2026, Debtor emailed Franklin, asking for an additional extension of the time to answer or otherwise respond, through October 28, 2026. Parness Dec. Ex. A at 4. That same day, Debtor filed its Second Motion to Extend Time to Respond to the Complaint, seeking an extension of the September 24, 2026 date through October 28, 2026.

On September 29, 2026, however, Debtor emailed Franklin again, asking "[c]an we move the time to respond <u>a few months</u>? I am very busy with the trustee and working on getting things on guardrails here." *Id*. at 2 (emphasis added). Franklin indicated that it would not agree to "a few months," but that Franklin might be open to accommodating Debtor with an extension of a few weeks, conditioned on that extension being final and on there being no further requests for additional time. *Id*. at 2.

On September 30, 2026, Debtor responded, writing: "<u>I need a few months</u> with consenting to further extension. Theres a lot to evaluate here,including issues that potentially violate the United States Constitution.I am busy with this mess full time and have been busy with it full time for a while." *Id*. at 2 (emphasis added).

## II. LEGAL STANDARD

Under Bankruptcy Rule 9006(b)(1), where a deadline set by the Bankruptcy Rules or by court order has not yet expired, the Court may enlarge the period "for cause" in its discretion. Fed. R. Bankr. P. 9006(b)(1). The Supreme Court has identified the relevant circumstances for that determination as including the danger of prejudice to the opposing party, the length of the delay

and its potential impact on the proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Under either standard, the movant bears the burden of showing why more time is needed. Debtor has not made that showing.

## III. ARGUMENT

### A. Debtor Has Already Been Afforded Additional Time and Has Had Months to Retain Counsel

Debtor has had ample time to respond to the Complaint and to obtain counsel. His response deadline was then extended from August 24, 2026 to September 28, 2026 on consent (ECF 7), and Franklin initially indicated that it would be open to a further extension of that date by a few weeks. Parness Dec. Ex. A at 2. After filing this motion seeking the October 28, 2026 extension, however, Debtor began insisting that he needed "a few months," and would not take no for an answer. *See id*. at 2. Debtor has known of this proceeding for months, and the additional time he has already received was for the very purpose of allowing him to obtain counsel and prepare his response.

Debtor's recent difficulty maintaining counsel does not explain why he now needs several more months. That his recently retained counsel apparently ended the representation shortly after being retained does not erase the time Debtor previously had to retain counsel or to prepare a response himself, and it does not justify an extension of this length. Franklin is sympathetic to the difficulties of proceeding without counsel. But whether and when to retain counsel is a matter within Debtor's control, and court deadlines cannot be extended repeatedly because a party has not yet done so.

### B. The Progression and Nature of Debtor's Requests Reflect Purposeful Delay

Franklin has not refused Debtor additional time. It consented to the August adjournment, and in September it indicated that it may be open to a final extension of a few weeks. Debtor's request nevertheless grew – after filing this motion – from one month (September 28 to October 28) to repeated insistence that he needs "a few months."

In view of the foregoing, it is Franklin's view that Debtor's motion for an extension to October 28, 2026 was misleading and not made in good faith. Repeated requests for "a few months," made after a first extension has been granted on consent, and where the opposing party expressed openness to an additional final extension of weeks (not months), reflect a pattern of purposeful delay rather than cause for enlargement.

### C. Further Delay Would Prejudice Franklin and Impede the Efficient Administration of This Proceeding

Franklin commenced this proceeding in July and has pursued its claims diligently. An extension of several months would postpone the orderly progression of the case, including discovery, motion practice, and trial preparation, and would increase the time and expense required for Franklin to obtain a resolution of its claims. That prejudice is compounded by the fact that Debtor has already received additional time, has not shown why another extension is necessary beyond his continuing search for counsel, and has already demonstrated that he would not be satisfied, even if the Court granted the relief he asks for in this motion.

Each of the circumstances identified in *Pioneer* weighs against Debtor. The length of the requested delay and its cumulative effect on the schedule, the prejudice to Franklin, and the reason for the delay, which is within Debtor's control, all weigh against enlarging the deadline. Franklin, for its part, has acted reasonably and in good faith throughout, but under the circumstances must oppose this motion, and oppose it in its entirety.

## IV. CONCLUSION

Debtor's Second Motion to Extend Time to Respond to the Complaint should be denied. If the Court is inclined to grant a modest extension to Debtor, Franklin Capital Group, LLC and Franklin Capital Funding, LLC respectfully request that the Court order that there will be no further extensions, order Debtor to comply with all deadlines, and grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**PARNESS LAW FIRM, PLLC**

Dated: October 8, 2026

By: /s/ Hillel I. Parness
Hillel I. Parness
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin Capital Funding, LLC, and Franklin Capital Group, LLC*