Avrumi Lubin
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com
Debtor, Pro Se

FILED-BANKRUPTCY-NJ
2026 OCT 15 PM4:05:59
LVT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-17342 (EJO)<br><br>Judge: Hon. Eamonn J. O'Hagan<br><br>Hearing Date: October 22, 2026, at 10:00 a.m. |

## DEBTOR'S LIMITED RESPONSE TO THE MOTION OF NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE OF EXCELL AUTO GROUP, INC., FOR RELIEF FROM THE AUTOMATIC STAY (DKT. 119)

Avrumi Lubin, the Debtor, appearing pro se, submits this limited response to the motion of Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc. (the "Excell Trustee"), for relief from the automatic stay (Dkt. 119) (the "Motion").

**1. Standing and scope.** The Chapter 11 Trustee speaks for the estate on the Motion. The Debtor files this response as a party in interest under 11 U.S.C. § 1109(b) because the order the Excell Trustee proposes (Dkt. 119-7) affects rights that are personal to him: he is a defendant in the Florida adversary proceeding (Adv. No. 23-01132-EPK, Bankr. S.D. Fla.), and the Excell Trustee has filed a separate complaint in this Court objecting to his discharge and seeking to except her claim from discharge (Adv. No. 26-01435-EJO).

**2. What the Debtor does not oppose.** Judge Kimball tried the Florida adversary proceeding in January and February 2026 and has ordered replacement post-trial briefs (DE 496). The Debtor does not oppose relief that permits that court to complete the adversary proceeding through findings and the entry of a judgment that fixes the amount, if any, of the Excell Trustee's claim.

**3. The proposed order should be narrowed.** Section 362(d) permits the Court to grant relief "by terminating, annulling, modifying, or conditioning" the stay. The proposed order (Dkt. 119-7) goes further than the Motion's stated purpose. The Debtor asks that any order:

> **(a) Modify the stay; do not annul it.** Paragraph 2 of the proposed order provides that the stay "is vacated and annulled." Annulment operates retroactively and could be read to validate any post-petition act in the Florida proceedings. The Motion identifies no post-

petition act that needs retroactive validation. The relief should be prospective: the stay is modified to permit the Florida adversary proceeding to proceed to findings and judgment.

**(b) Expressly limit the relief to liquidation.** The Motion already disclaims execution without further relief (Dkt. 119-1 ¶ 14 and conclusion); the order should reflect that limit. The order should state that any judgment entered in the Florida adversary proceeding fixes the amount of the Excell Trustee's claim (Proof of Claim No. 17, filed August 31, 2026, Dkt. 119-4) for purposes of allowance and distribution in this case, and that the Excell Trustee may not enforce, collect, execute upon, or record any judgment against the Debtor or property of the estate without further order of this Court.

**(c) Reserve the preclusion question for Adv. No. 26-01435.** The order should state that nothing in it determines the preclusive effect, if any, of findings or a judgment in the Florida adversary proceeding in Adv. No. 26-01435-EJO or in any other proceeding in this Court; those questions are reserved for determination in that proceeding.

**4. If the Motion is adjourned.** The Debtor asks for an adjusted supplementation schedule and any extension necessary under 11 U.S.C. § 362(e)(2). The Motion was filed September 25, 2026; the 60-day period reaches November 24, 2026. The Debtor's consent alone does not extend that period. If no final decision will be entered within it, he requests, before expiration, either agreement of all parties in interest or a Court order extending it for a specific period based on findings of good cause, as § 362(e)(2)(B) requires. An adjournment alone should not be treated as such an extension.

**5. No other relief is sought.** The Debtor does not ask the Court to decide the merits of the Florida adversary proceeding or of Adv. No. 26-01435. He does not speak for the estate; the modifications above protect the estate as well as the Debtor.

A proposed form of order reflecting these modifications is attached as Exhibit A.

WHEREFORE, the Debtor respectfully requests that, if the Court grants the Motion, it enter the attached form of order (or an order containing the modifications in paragraph 3), and grant such other relief as is just.

Dated: October 15, 2026

Avrumi Lubin
Debtor, Pro Se