**EXHIBIT A — DEBTOR'S PROPOSED FORM OF ORDER**

<table>
<tr>
<td>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>(718) 570-3796<br>josh@tetonfunding.com<br>Debtor, Pro Se<br><br>In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.</td>
<td>Case No.: 26-17342 (EJO)<br><br>Chapter: 11<br><br>Hearing Date: October 22, 2026<br><br>Judge: Eamonn J. O'Hagan</td>
</tr>
</table>

**ORDER MODIFYING THE AUTOMATIC STAY ON THE MOTION OF NICOLE TESTA MEHDIPOUR, CHAPTER 7 TRUSTEE OF EXCELL AUTO GROUP, INC. (DKT. 119)**

The relief set forth on the following page, numbered two (2), is **ORDERED**.

(Page 2)
Debtor: Avrumi Lubin a/k/a Josh Lubin
Case No.: 26-17342 (EJO)
Caption of Order: Order Modifying the Automatic Stay on the Motion of Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc. (Dkt. 119)

Upon the motion (Dkt. 119) (the "Motion") of Nicole Testa Mehdipour, Chapter 7 Trustee of Excell Auto Group, Inc. (the "Movant"), for relief from the automatic stay under 11 U.S.C. § 362(d); and the Court having considered the Motion, the responses to it, and the arguments presented at the hearing; and for the reasons stated on the record, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** to the extent set forth in this Order and is otherwise **DENIED**.

2. The automatic stay under 11 U.S.C. § 362(a) is **MODIFIED**, effective prospectively from the date of this Order, solely to permit the adversary proceeding styled *Mehdipour v. Hi Bar Capital, LLC, et al.*, Adv. Pro. No. 23-01132-EPK, pending in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division (the "Florida Adversary Proceeding"), to proceed to findings of fact, conclusions of law, and the entry of a judgment.

3. Any judgment entered in the Florida Adversary Proceeding against the Debtor shall serve to liquidate the amount of the Movant's claim against the Debtor for purposes of allowance and distribution in this case. The Movant shall not enforce, collect, execute upon, record, or otherwise act to recover on any such judgment against the Debtor or property of the estate without further order of this Court.

4. Nothing in this Order determines the allowance of any claim, or the preclusive effect, if any, of any finding, conclusion, or judgment in the Florida Adversary Proceeding in Adv. Pro. No. 26-01435-EJO or in any other proceeding in this Court, all of which are reserved.

5. The Chapter 11 Trustee's rights to appear and be heard in the Florida Adversary Proceeding are preserved.