Avrumi Lubin
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com
Debtor, Pro Se

LVJ

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-17342 (EJO)<br><br>Judge: Hon. Eamonn J. O'Hagan<br><br>Hearing Date: October 22, 2026, at 10:00 a.m.<br>(Status Conference; Dkt. 33; Dkt. 119) |

## DEBTOR'S STATEMENT FOR THE OCTOBER 22, 2026 STATUS CONFERENCE AND REQUEST FOR CASE-MANAGEMENT DIRECTIVES UNDER 11 U.S.C. § 105(d)

**1. Purpose.** At the August 6, 2026 hearing, the Court said that "this is just really not feasible for us to be back here every Thursday on these particular disputes," that its "general concern is that we try to better economize and consolidate the matters that need to be determined, rather than dealing with stuff on a piecemeal basis," and that issues that will affect the estate "need to be put on ice until a Chapter 11 Trustee can make whatever determinations he or she thinks is appropriate with any request for stay relief." Aug. 6, 2026 Hr'g Tr. 5:11–17, 21:5–8 (Dkt. 73). The Trustee's appointment was approved on September 28, 2026 (Dkt. 124). This statement gives the Court, in one place, (a) where the matters involving the Debtor stand, (b) the Debtor's positions on the two motions set for October 22, and (c) case-management requests and a proposed process for resolving disputed rights. It asks for no finding against anyone.

**2. Where things stand.**

| Matter | Status (as of October 15, 2026) |
|---|---|
| Main case 26-17342 (EJO) | Chapter 11 Trustee Benjamin A. Stanziale, Jr. approved 9/28/26 (Dkt. 124); counsel retention approved 10/5/26 (Dkt. 132). The status conference and Dkts. 33 and 119 are set for 10/22/26 at 10:00 a.m. On October 15 the Trustee filed Adv. 26-01494 against the Debtor and five entities. The 1:18 p.m. docket shows the complaint and fee certification only; no summons, interim-relief application, hearing notice, or order granting relief is shown. See paragraph 6(c). |

| Matter | Status (as of October 15, 2026) |
|---|---|
| FVP v. Lubin, Adv. 26-01315 (§ 523(a)(2)(A), (a)(6)) | Response due 10/22/26 (Adv. Dkt. 5); pretrial conference 10/22/26. The complaint rests entirely on the Broward County judgment entered 10/3/25. |
| Franklin v. Lubin, Adv. 26-01339 (§ 523(a)(2)(A), (a)(6)) | The October 15 minute entry records the grant of the extension motion (Adv. Dkt. 10; initially filed at Dkt. 9). At the hearing, the Court announced October 28, 2026 as the response deadline; the written order has not yet been reviewed. The docket resets the pretrial conference to December 3, 2026 at 10:00 a.m. The complaint relies on the October 6, 2025 Broward judgment. |
| Mehdipour (Excell Trustee) v. Lubin, Adv. 26-01435 (§ 523(a)(2)(A), (a)(6); § 727(a)(3), (a)(4)) | Summons issued 9/22/26; response due 10/22/26; pretrial conference 12/3/26 at 2:00 p.m. (Her proof of claim is Proof of Claim No. 17, filed 8/31/26, Dkt. 119-4.) The § 523 counts concern a claim that was tried before Judge Kimball in Adv. 23-01132-EPK (Bankr. S.D. Fla.) and is not yet decided; the § 727 counts depend on 11 U.S.C. § 1141(d)(3), whose requirements must all be established before discharge may be denied on that basis. |
| Florida — Broward CACE-22-005125 and Fourth DCA Nos. 4D2025-3564, 4D2026-1512, 4D2026-1833 | This Court held that the automatic stay applies to the Debtor's Florida appeals (Dkt. 80 ¶ 1). FVP's Dkt. 33 (supplemental motion for relief from the stay "to permit pending Florida appeals to proceed, and, in the alternative, for a comfort order") remains pending as to the first form of relief. The Debtor's verified motion under Fla. R. Civ. P. 1.540 (filed 2/16/26) is pending in the trial court. The Fourth DCA has required periodic status reports; the Debtor filed reports in Nos. 4D2026-1512 and 4D2026-1833 on 9/30/26. |
| Florida — Excell adversary 23-01132-EPK (Judge Kimball) | Tried January–February 2026. Replacement post-trial briefs were ordered on 9/4/26 (DE 496), and an order extending time was entered on 10/8/26 (DE 500). Judge Kimball directed the Excell Trustee to "file a motion for relief from the automatic stay in Mr. Lubin's bankruptcy case" (DE 496 ¶ 12; Dkt. 119-6), which is Dkt. 119. |

**3. The Debtor's position on Dkt. 33 (FVP — stay as to the Florida appeals).** The Debtor relies on his prior submissions on Dkt. 33 — Dkt. 44, the opposition the Court considered in Dkt. 80, and Dkt. 66, his supplemental objection — and defers to the Trustee on the estate's position. Consistent with the Court's statement at the August 6, 2026 hearing (Tr. 21:5–8), the Debtor asks that the stay continue to apply to the Florida appeals until the Trustee has had the opportunity to state the estate's position and the Court has ruled on Dkt. 33.

**4. The Debtor's position on Dkt. 119 (Excell Trustee — stay relief).** The Debtor's limited response is filed separately. In short, the Debtor does not oppose Judge Kimball completing the Florida adversary proceeding to findings and judgment. He asks that any order modify the stay rather than annul it; be limited to liquidating the Excell Trustee's claim for allowance purposes, with no enforcement without further order of this Court; and leave the preclusive effect of any Florida findings in Adv. 26-01435 for determination in that proceeding. If Dkt. 119 is adjourned, he requests any extension required under 11 U.S.C. § 362(e)(2), as explained in his separate response.

**5. Why the three adversary proceedings should be coordinated.** The FVP and Franklin complaints plead no facts other than the Florida verdict and judgments; they ask this Court to give those judgments collateral-estoppel effect. The judgments are under appeal, and the appeals are stayed by this case (Dkt. 80). The Excell Trustee's complaint depends on findings Judge Kimball has not yet made and includes discharge allegations whose ultimate resolution requires satisfaction of all conditions in 11 U.S.C. § 1141(d)(3). Litigating three cases that depend on judgments still under appeal, or on findings not yet made, would duplicate work for the Court and the parties and could produce results that would have to be undone under Fed. R. Civ. P. 60(b)(5), made applicable by Fed. R. Bankr. P. 9024, if the Fourth DCA reverses. The Debtor is self-represented and must also respond to the Trustee's investigation, the Trustee's newly filed entity proceeding, Adv. 26-01494, and the Florida and Tennessee matters. He asks for a schedule, not a dismissal.

**6. Requests.** The Debtor respectfully asks the Court, at the October 22 status conference, to consider the following case-management measures under 11 U.S.C. § 105(a) and (d)(2), and coordinated scheduling in the adversary proceedings under Fed. R. Bankr. P. 7016. Where separate motion practice or additional service is required, he requests a briefing and notice schedule, not immediate substantive relief against an unserved person.

> **(a) Coordinated scheduling of the three adversary proceedings.** Answers to be filed as scheduled and written discovery to proceed; depositions and dispositive motions to be deferred until the Court has decided Dkt. 33 with the benefit of the Trustee's position and Judge Kimball has issued his post-trial findings, or until further order; status reports every 90 days. Alternatively, a further status conference in about 60 days, at which the schedule can be set with the benefit of the Trustee's report.
>
> **(b) A short status report from the Trustee** by a date the Court sets, listing each pending litigation matter and appeal involving the Debtor or property of the estate, each deadline within the next 90 days, and the person responsible for protecting it; and, because ownership of Spin Capital LLC's litigation claims and of the rights assigned to the Debtor on March 17, 2025 is disputed, stating the Trustee's position on that question and disclosing any position communicated to, or agreement or understanding reached with, any party or non-party on it, before the estate acts on it. 11 U.S.C. §§ 1106(a)(1), 1106(a)(4), 704(a)(7). The Debtor asked the Trustee in writing for information on these

questions on October 7, 9 and 13, 2026. This is a request for a list and a stated position, not for the Trustee's strategy or privileged analysis.

**(c) Notice and scope of the new entity proceeding.** On October 15, the Trustee filed a complaint against the Debtor, Spin Capital LLC, Teton Life LLC, Teton Funding LLC, Teton Funding Group LLC, and JL Special Investments LLC. Adv. 26-01494, Doc. 1. It seeks extension of Chapter 11 proceedings, substantive consolidation, alternative injunctive relief, and turnover. The Debtor does not consent to the requested consolidation or to treating the complaint's allegations as established facts. He requests regular notice, a clear response and briefing schedule, and a reasonable opportunity for the entities to obtain counsel. Any request for shortened time should identify the specific threatened harm and permit an opportunity to respond as the governing rules require.

The complaint recognizes that Teton Life has another 50% member. Id. ¶ 7(b). The Debtor requests an entity-specific evidentiary record and appropriate notice to affected owners and creditors before final relief; ownership percentages, common management and overlapping litigation should not alone substitute for the required proof. He requests consideration of the disclosure process in paragraph 6(e), but does not ask that it postpone any necessary, properly supported protective relief. Disputed ownership, including the Spin–Wing Lake assignment and Spin–Hi Bar agreements, should be resolved through the appropriate noticed proceeding, not treated as conceded by this status statement.

The Debtor supports narrow, time-limited protection for Spin while the Trustee investigates. The complaint's prayer (b), however, would also restrict prosecuting, settling, assigning, or otherwise proceeding with claims by the entities. Any interim request should identify the affected cases and deadlines and address how authorized counsel may preserve claims, defenses, appeals, collateral and insurance policies. The Debtor requests an opportunity to address that scope before relief affecting his interests is entered. His limited position on Dkt. 119 remains unchanged: any new interim order should expressly address its interaction with proceedings before Judge Kimball.

This statement is filed by the Debtor individually. It is not an answer, Rule 12 motion, or appearance for any LLC in Adv. 26-01494, and it does not extend a response deadline there. The Debtor will address that complaint and any interim application separately under the applicable schedule. No existing obligation to preserve records, cooperate with the Trustee, or comply with an entered order is excused by this request.

**(d) Operating reports.** Confirmation of the Trustee's responsibility for monthly operating reports going forward (11 U.S.C. §§ 1106(a)(1), 704(a)(8)); the Debtor will supply the data for June–August 2026.

**(e) A process for sworn statements of position on disputed rights.** The Debtor requests a court-set schedule, with proper notice and an opportunity to object, to determine

whether identified parties should provide short statements under 28 U.S.C. § 1746 concerning claims to own, control, hold a lien on, or restrict rights of the Debtor or his affiliated entities. The proposed subjects include the rights assigned to the Debtor on March 17, 2025, the disputed Spin–Wing Lake assignment, and the January 28, 2022 Common Interest and Joint Litigation Agreement between Spin Capital LLC and Hi Bar Capital, LLC. A statement would identify each right claimed, the document or order relied upon, and the relevant clause or finding. The Debtor would provide his own statement on the same terms. Before imposing any duty, the Court should identify the affected persons, the appropriate proceeding, the required service, and protections for privileged or confidential material. This statement does not seek an immediate disclosure order binding every party or non-party, or forfeiture of a claim for failure to respond.

**(f) Procedures for later assertions of rights.** As part of that process, the Debtor asks the Court to consider an appropriate update procedure for material changes in positions on the identified rights. Any duty should be limited to persons properly before the Court and to non-privileged information relevant to estate administration. The Debtor does not request public disclosure of settlement communications or an automatic bar against an undisclosed claim.

**(g) Information from the Trustee.** The Debtor requests that the Trustee's status report identify any non-privileged assertion of ownership or control material to a proposed estate action, and the document or order on which the assertion rests. If the Trustee disputes the scope of that request, the Debtor asks for a schedule to address the dispute before substantive rights are determined, subject to any protective measures ordered by the Court.

These requests address the uncertainty created by competing positions taken in the Florida and Michigan proceedings about the scope and ownership of the relevant rights. The Debtor seeks a defined process to identify those positions and their supporting documents. He does not ask the Court to decide disputed ownership at a status conference, treat silence as a concession, or determine misconduct.

**7. What the Debtor is not asking for.** The Debtor is not asking for a Rule 2004 examination, for the removal of the Trustee, for a preservation order (written preservation requests have been sent, and the duty to preserve already applies), or for any finding of misconduct by anyone.

**8. Attendance.** The Debtor will attend the October 22, 2026 hearing by Zoom.

Dated: October 15, 2026

Avrumi Lubin
Debtor, Pro Se