**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

FILED-BANKRUPTCY CT-NJ 2026 NOV 12 PM 12:51:07

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

## NOTICE OF MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE DEBTOR, INDIVIDUALLY, TO SEEK CORRECTION OR CLARIFICATION OF ONE CLAUSE OF THE MAY 15, 2026 FLORIDA ORDER AND AN UPDATED ACCOUNTING OF THE JUDGMENT, AND FOR WAIVER OF THE 14-DAY STAY UNDER FED. R. BANKR. P. 4001(a)(4)

Avrumi Lubin, the debtor, appearing pro se, has filed papers with the court for an order under 11 U.S.C. § 362(d)(1) modifying the automatic stay, for a limited purpose only, to permit him, individually (pro se or through counsel he personally retains and pays without using property of the estate), to take the following steps concerning the order entered on May 15, 2026 in *FVP Opportunity Fund III, LP v. Zankl*, No. CACE-22-005125 (Fla. 17th Jud. Cir. Ct., Broward County) (the "May 15 Florida Order"), which he has appealed individually in *Lubin v. FVP Opportunity Fund III, L.P.*, No. 4D2026-1512 (Fla. 4th DCA):

(1) to ask the Fourth District Court of Appeal for leave, or for a limited relinquishment of jurisdiction, so that the Broward County circuit court may consider the two requests described in item (2), and for any related adjustment of the status of the appeal limited to that purpose;

(2) to present to the circuit court, and obtain a ruling on, (a) a request to correct or clarify the clause of Finding 6 of the May 15 Florida Order stating that "the corporate form is used to shield assets from creditors," and the related language of Section E, including whether that order adjudicated alter ego, veil piercing, or the formation or use of the corporate form for a fraudulent or improper purpose; and (b) a request for the updated accounting of the balance of the judgment against him, with credit for amounts collected, described by that court at its May 13, 2026 hearing; and

(3) to seek rehearing or review of a ruling on those requests, and to take other procedural steps reasonably necessary for those limited purposes.

Under the proposed order, once it takes effect no further consent of the Chapter 11 Trustee or his counsel is required for those steps; the opposing parties may respond and be heard in the Florida courts; the automatic stay otherwise remains in effect to the extent provided by law, including as to collection, execution, foreclosure, sale, transfer and turnover; the order does not expand the stay or

decide how it applies to any court's regulation of proceedings before it; the order does not itself authorize the Debtor to act for any company, to seek to vacate, stay or modify the charging, foreclosure or sale provisions of the May 15 Florida Order, to prosecute any claim of the estate, to use property of the estate, or to settle or release any right of the estate or of any company, and it does not decide whether any such request may later be made by anyone with proper authority; the Debtor must send the Trustee's counsel and the Office of the United States Trustee each proposed Florida filing five business days before filing it or, if a court-ordered or rule deadline or an urgent need to preserve a right makes that impracticable, as much advance notice as practicable and a copy no later than filing, with an explanation; the Debtor has no authority to bind the Trustee or the estate by agreement; and no Florida court is directed to do anything. The Debtor also asks that the order take effect on entry, notwithstanding the 14-day stay under Fed. R. Bankr. P. 4001(a)(4). The motion relies on 11 U.S.C. §§ 362(d)(1) and 1109(b) and Fed. R. Bankr. P. 4001(a) and 9014.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: Thursday, December 3, 2026

Hearing Time: 10:00 a.m.

Hearing Location: United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608

Courtroom Number: 2

**Response and reply dates.** Under D.N.J. LBR 9013-2(a)(2) and (3) and Fed. R. Bankr. P. 9006(a), the Debtor calculates that any response is due by Wednesday, November 25, 2026 (because November 26, 2026 is Thanksgiving Day), and any reply by Friday, November 27, 2026.

Under D.N.J. LBR 9013-3(d)(1), the motion will be decided without oral argument unless opposition is filed.

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

Avrumi Lubin, Debtor, pro se, 605 West 42nd Street, New York, New York 10036
Benjamin A. Stanziale, Jr., Chapter 11 Trustee, 2839 Route 10, Suite 102, Morris Plains, New Jersey 07950
Office of the United States Trustee, One Newark Center, Suite 2100, 1085 Raymond

Boulevard, Newark, New Jersey 07102

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**Relationship to other matters.** The motion of FVP Opportunity Fund III, LP and its affiliates for relief from the automatic stay as to the Florida appeals (ECF No. 33) is set for the same hearing. This motion is narrower, is not consent to that motion, and asks the Court to decide it separately. Because the Court's October 23, 2026 order in Adversary Proceeding No. 26-01494 (Adv. ECF No. 21) addresses litigation concerning certain companies, the Debtor is filing at the same time, in that proceeding, a related motion to clarify, or to the extent necessary modify, that order for these limited personal steps only, noticed for the same hearing. The Debtor appears for himself only.

Dated: November 12, 2026

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com