**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY TO PERMIT THE DEBTOR, INDIVIDUALLY, TO SEEK CORRECTION OR CLARIFICATION OF ONE CLAUSE OF THE MAY 15, 2026 FLORIDA ORDER AND AN UPDATED ACCOUNTING OF THE JUDGMENT, AND FOR WAIVER OF THE 14-DAY STAY UNDER FED. R. BANKR. P. 4001(A)(4)

## PRELIMINARY STATEMENT

The Debtor asks for a narrow modification of the automatic stay, for himself only, so that he may ask the Florida courts to address two things. The first is one clause in a May 15, 2026 Broward County order — that "the corporate form is used to shield assets from creditors" — and whether that order adjudicated alter ego. That clause is now being invoked against the Debtor personally in this Court. The second is the updated accounting of the judgment against him, with credit for amounts collected, that the Florida court said at its May 13, 2026 hearing would be provided. Capitalized terms have the meanings given in the accompanying Certification of Avrumi Lubin ("Cert.").

The Debtor does not ask this Court to decide whether the Florida order is right, to review it, to decide its effect here, or to direct any Florida court. The requested permission would not extend to acting for any company, pursuing any claim of the estate, using estate property, or seeking relief from the charging, foreclosure and sale provisions of that order; whether any such request may be made later, and by whom, is not presented. The automatic stay would otherwise remain in effect to the extent provided by law. The Debtor would give the Trustee and the United States Trustee each proposed filing in advance, and he would have no authority to bind the Trustee or the estate by agreement.

**BACKGROUND**

FVP's May 5, 2026 application for charging orders alleged that the companies were the Debtor's "alter egos" and that certain entities were used to conceal assets (Cert. ¶ 3). At the May 13 hearing, the Florida court granted foreclosure of the Debtor's interests in Spin and Teton Funding on the ground that "the declaration established that he is a sole member of the LLC" (Cert. ¶ 4). FVP's counsel said he had uploaded a proposed order "not for signature," because he wanted procedural safeguards for the foreclosure (*id.*). The words "alter ego," "domination" and "shield" do not appear in the transcript (*id.*). The court also said that FVP had "established this is your money," and that the Debtor would still "control the entity" while the creditors held a lien and could sell his interest (*id.*). The Debtor objected in writing that afternoon to the proposed findings of domination, control and asset shielding (Cert. ¶ 5). The order entered May 15, which recites that the court reviewed that objection, contains Finding 6, including the clause that "the corporate form is used to shield assets from creditors" (Cert. ¶ 6). The Debtor's May 15 motion for rehearing raised the same findings; the written order of June 2 denied it, although at the hearing the court said it would hear the foreclosure arguments on a different day. His June 4 motion, which asks the court to vacate in part provisions he contends exceed the oral record or to issue an indicative ruling, and his motion to compel the accounting have not been ruled on (Cert. ¶¶ 9–10).

At trial, the jury found that the Debtor dominated and controlled Spin, but answered "NO" when asked whether Spin's corporate form was "formed or used for a fraudulent or improper purpose," so the veil was not pierced (Cert. ¶ 7 & Ex. B). On June 16, the Florida court described the May 15 order as resting on sole ownership — "they're not proceeding as an alter ego" — while noting that FVP was pursuing "a different avenue" in supplementary proceedings, and it invited a pleading on any challenge (Cert. ¶ 8). In this Court, the Trustee's counsel has argued that the Florida judge authorized foreclosure "upon the finding that Spin was his alter ego" and that collateral estoppel should apply, and the Court's October 22 findings referred to the Florida finding (Cert. ¶ 12).

The Debtor's appeal of the May 15 order (No. 4D2026-1512) was fully briefed on June 11, 2026. His initial brief quoted Finding 6 and challenged the foreclosure relief, its scope and its entry before the accounting was provided; whether any particular argument was preserved, and whether the circuit court may address these requests while the appeal is pending, are questions for the Florida courts (Cert. ¶ 11). This Court has held that the automatic stay applies to the Debtor's Florida appeals (ECF No. 80 ¶ 1), and FVP's motion for relief from the stay as to those appeals (ECF No. 33) will be heard with this motion (Cert. ¶ 11). The Debtor has received a payoff figure but not an itemized accounting (Cert. ¶ 9), and he has not received the Trustee's decision on his November 11 request that Florida counsel be authorized to seek correction of the order for the companies (Cert. ¶ 13 & Ex. C).

## ARGUMENT

## I. THE STAY APPLIES, AND ONLY THIS COURT CAN MODIFY IT

In this Circuit, "section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee." *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir. 1982). This Court has so ordered as to the Debtor's Florida appeals (ECF No. 80 ¶ 1). "Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor." *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). On request of a party in interest, the Court "shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay — (1) for cause." 11 U.S.C. § 362(d)(1). The debtor is a party in interest. 11 U.S.C. § 1109(b).

The analysis is specific to the proceeding at issue: "All proceedings in a single case are not lumped together for purposes of automatic stay analysis." *Maritime Elec.*, 959 F.2d at 1204. The Court may therefore modify the stay for two defined requests while leaving it in place for everything else, including the merits of the appeals that are the subject of FVP's broader motion.

## II. CAUSE EXISTS FOR A LIMITED MODIFICATION

"Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). In *Wilson*, the Third Circuit directed that the stay be lifted "for the limited purpose" of allowing a state-court appeal to proceed, because otherwise "issue preclusion will prevent [the movant] from challenging the effect of the state court judgment in the bankruptcy court," and the bankruptcy court could not review the state judgment itself. *Id.* at 89–91. It relied on the legislative history of § 362(d)(1): "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *Id.* at 91 (quoting S. Rep. No. 95-989, at 50 (1978)).

The same considerations apply here, in narrower form. *First*, the clause is being used against the Debtor personally: the Trustee's counsel has asked this Court to give preclusive effect to the Florida finding, describing it as a finding "that Spin was his alter ego," and the Court's October 22 findings referred to it (Cert. ¶ 12). *Second*, the Debtor does not ask this Court to decide what the Florida order means. The Florida court is the natural forum to say whether its order adjudicated alter ego or an improper use of the corporate form, and there is a genuine question for it to answer: the hearing transcript does not contain the challenged words; the jury answered "NO" to improper purpose; the Florida charging-order statute states that it "does not limit . . . [t]he availability of the equitable principles of alter ego, equitable lien, or constructive trust," Fla. Stat. § 605.0503(7)(c); and the Florida court said on June 16 that FVP was "not proceeding as an alter ego" on the charging order

(Cert. ¶¶ 4, 7, 8). There is also evidence on the other side, which the Florida court can weigh: FVP's application alleged alter ego, the jury found domination and control, the Debtor's written objection was before the court when it signed the order, the court said FVP had "established this is your money," and the Debtor's rehearing motion raising these findings was denied in writing on June 2 (Cert. ¶¶ 3–7, 10). *Third*, the accounting concerns the amount of a judgment against the Debtor personally, which the Florida court said would be provided and could be "readdress[ed]" (May 13 Tr. 23:22–24; Cert. ¶ 9).

*Fourth*, the effect on the estate is limited and controlled. Nothing would be collected, sold, transferred or turned over. The requested permission would not extend to the foreclosure and sale provisions, to acting for any company, or to using estate property; the Debtor would give the Trustee and the United States Trustee each proposed filing five business days in advance (or, where a court-ordered or rule deadline or an urgent need to preserve a right makes that impracticable, as much notice as practicable and no later than filing, with an explanation); and the Trustee could be heard in Florida or return to this Court (proposed order ¶¶ 6–9). The Debtor acknowledges that a Florida ruling could have consequences in this Court or elsewhere, and that any evidentiary or preclusive effect would be determined under applicable law (*id.* ¶ 9); the notice and participation provisions are designed to let the Trustee protect the estate's interests before any step is taken. An accurate judgment balance and a clear statement of what the Florida order decided would assist the administration of this case. *Fifth*, timing favors limited relief now: the appeal has been fully briefed since June, FVP's request to let the appeals proceed will be heard with this motion, and if the appeal proceeds, a request to the circuit court after the appeal is decided may come too late.

## III. THE RELIEF IS LIMITED TO THE DEBTOR'S PERSONAL INTERESTS AND LEAVES THE TRUSTEE'S AUTHORITY INTACT

The Debtor acknowledges the governing principles. After a trustee is appointed, "the debtor no longer has standing to pursue a cause of action which existed at the time the order for relief was entered," and, "[a]s a general rule, courts have held that 'the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals.'" *In re Coley*, 679 B.R. 632, 638–39 (Bankr. D.N.J. 2026) (citations omitted). *Coley* applied those principles to a Chapter 7 debtor's adversary complaint asking the court to review and void prepetition judgments and liens and to avoid transfers under sections 544, 548 and 550 — claims that belonged to the estate — and held that derivative standing was unavailable because the debtor sought recovery for herself, there was no showing that the trustee had unjustifiably refused to act, and court permission had not been sought. *See id.* It did not address a request like this one: a limited modification of the stay so that a debtor may ask the state court that issued an order what one clause of it means, and for the accounting that court directed, while asserting no cause of action and seeking no recovery. The October 23 Order also confirms the Trustee's sole authority over litigation decisions regarding the companies (Cert. ¶ 2). The Debtor does not suggest that these principles are inapplicable, or that the personal label alone decides the question; he asks the Court to apply them to the narrower request

actually presented, with conditions that preserve the Trustee's role.

The motion is drafted to stay on the personal side of that line. It seeks no recovery for the Debtor or the estate, asserts no cause of action, and does not, in this motion, ask to vacate or stay any provision affecting the Debtor's interests in the companies. The two requests concern (1) what a finding about the Debtor's own conduct means, and whether it adjudicated alter ego or improper purpose, a question that matters because the finding is being used against him personally, including in this Court, where FVP and Franklin Capital Funding, LLC have also sued him (Cert. ¶ 12); and (2) the balance of a judgment against him personally. By analogy, courts have recognized that a debtor may act to protect himself against efforts to recover from him personally, as distinct from the estate. *See In re Nat'l Brokers of Am., Inc.*, 663 B.R. 661, 669 (Bankr. E.D. Pa. 2024) (debtor "does have standing to pursue a stay violation with regard to a party's efforts to recover a claim *from the debtor* (as opposed to the estate)"). To the extent either request overlaps with an interest of the estate, the proposed order addresses it: the Trustee receives each proposed filing in advance (ordinarily five business days, and in all events no later than filing) and may be heard in Florida or here; the Debtor has no authority to bind the Trustee or the estate by agreement; any evidentiary or preclusive effect of a Florida ruling is left to applicable law; and the Court may modify the order on the Trustee's application (proposed order ¶¶ 8–9, 14).

This motion does not displace the Debtor's November 11 request that the Trustee decide whether Florida counsel should seek correction of the order for the companies (Cert. ¶ 13 & Ex. C). That request concerns the estate's and the companies' interests. This motion concerns only the Debtor's own.

## IV. THE PROPOSED ORDER PROTECTS THE ESTATE, IS COORDINATED WITH ECF NO. 33 AND THE ADVERSARY PROCEEDING, AND DIRECTS NO FLORIDA COURT

*Protections.* The stay would otherwise remain in effect to the extent provided by law, including as to collection, execution, foreclosure, sale, transfer, turnover and receivership (proposed order ¶ 6). The proposed order would not expand the stay, and it would not decide whether or how the stay applies to any court's regulation of proceedings before it, including under 11 U.S.C. § 362(b)(4) (*id.*). The opposing parties could respond in Florida (*id.* ¶ 5). Once effective, the order would require no further consent from the Trustee for the defined steps, so that the permission is not illusory, while preserving advance notice and the Trustee's right to be heard (*id.* ¶¶ 4, 8).

*No direction to Florida.* The order would not direct any Florida court to grant leave, relinquish jurisdiction, hear any request or rule in any way, and would not decide any question of Florida procedure, timeliness or merits (*id.* ¶ 10). The Debtor recognizes that the Florida courts may require the Fourth District's leave or a relinquishment of jurisdiction before the circuit court acts on an order under appeal, may treat a request as untimely or as a repeat of an earlier motion, and may deny it. Those are questions for them. Nothing in the order changes any Florida deadline. The order also would not decide whether any other request, including the June 23 motion, may later be

pursued by anyone with proper authority, or its merits (proposed order ¶ 7).

*ECF No. 33.* FVP seeks broader relief to let all three Florida appeals proceed. The Debtor's request is not consent to that motion, and the Court can decide each on its own record. *Maritime Elec.*, 959 F.2d at 1204. If the Court grants FVP's motion in any part, the limits in the proposed order would continue to govern the Debtor's defined steps unless the order on FVP's motion provides otherwise (proposed order ¶ 11).

*The adversary proceeding.* The Debtor does not assume that an order in the main case changes the October 23 Order. He is filing, concurrently, a separate motion in the adversary proceeding to clarify, or to the extent necessary modify, that order for these steps only, and the proposed order here is expressly subject to the October 23 Order as clarified or modified (proposed order ¶ 12).

## V. THE LIMITED RELIEF SHOULD TAKE EFFECT ON ENTRY

"Unless the court orders otherwise, an order granting a motion for relief from the automatic stay under (1) is stayed for 14 days after it is entered." Fed. R. Bankr. P. 4001(a)(4). The Court should order otherwise here. The relief permits filings and a ruling, not enforcement or any transfer of property, so a 14-day delay would protect no one. The Florida appeal is fully briefed, and FVP's motion to let it proceed will be heard the same day; if that motion is granted, the Debtor's request for leave or relinquishment should reach the Fourth District before the appeal is decided. Any party who objects to a specific step may still be heard in Florida or here.

## CONCLUSION

The Debtor respectfully asks the Court to enter the proposed order. If the Court is inclined to grant only one of the two requests, or to add conditions, the Debtor asks that the order be entered as so limited.

*Note on preparation.* I used generative artificial-intelligence tools to help prepare this memorandum, including to check its citations and quotations against the original sources. I have read this memorandum before signing it.

Dated: November 12, 2026

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com