**[PROPOSED]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

In Re:

AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

Case No.: 26-17342 (EJO)

Chapter: 11

Hearing Date: 12/3/2026 10:00 AM

Judge: Eamonn J. O'Hagan

## ORDER

ORDER GRANTING DEBTOR LIMITED RELIEF FROM THE AUTOMATIC STAY AS TO THE MAY 15, 2026 FLORIDA ORDER

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

THIS MATTER having been opened to the Court by Avrumi Lubin, the debtor, appearing pro se (the "Debtor"), on his Motion for Limited Relief from the Automatic Stay to Permit the Debtor, Individually, to Seek Correction or Clarification of One Clause of the May 15, 2026 Florida Order and an Updated Accounting of the Judgment, and for Waiver of the 14-Day Stay Under Fed. R. Bankr. P. 4001(a)(4) (the "Motion"), and the Court having considered the Motion and any responses, and for cause shown, it is hereby

**ORDERED** that:

1. The Motion is GRANTED as set forth in this Order. In this Order: "Trustee" means Benjamin A. Stanziale, Jr., Chapter 11 Trustee. "Florida action" means *FVP Opportunity Fund III, LP v. Zankl*, No. CACE-22-005125 (Fla. 17th Jud. Cir. Ct., Broward County). "May 15 Florida Order" means the order entered in the Florida action on May 15, 2026 (Filing No. 248282220). "Florida appeal" means *Lubin v. FVP Opportunity Fund III, L.P.*, No. 4D2026-1512 (Fla. 4th DCA). "Subject Entities" has the meaning given in the order entered October 23, 2026 in Adversary Proceeding No. 26-01494 (Adv. ECF No. 21) (the "October 23 Order"). A "business day" is any day other than a Saturday, Sunday or legal holiday.

2. *Limited modification.* Under 11 U.S.C. § 362(d)(1), the automatic stay is modified, solely to the extent provided in this Order, to permit Avrumi Lubin, individually, pro se or through counsel he personally retains, to take the following steps (the "Permitted Steps"):

(a) in the Florida appeal, to move for leave of court, or for a limited relinquishment of jurisdiction to the circuit court, so that the circuit court may consider the Permitted Requests, and to seek any related adjustment of the status of the Florida appeal limited to that purpose;

(b) in the Florida action, to present the Permitted Requests by motion, to request and attend a hearing, to reply, and to obtain a ruling;

(c) to seek rehearing or appellate review of a ruling on a Permitted Request; and

(d) to take other procedural steps reasonably necessary for those purposes, including responding to any order of a Florida court directed to a Permitted Step.

3. *Permitted Requests.* The "Permitted Requests" are: (a) a request that the circuit court correct or clarify the clause of Finding 6 of the May 15 Florida Order stating that "the corporate form is used to shield assets from creditors," and the related language of Section E of that order,

including by stating whether the May 15 Florida Order adjudicated alter ego, veil piercing, or the formation or use of the corporate form of any company for a fraudulent or improper purpose; and (b) a request that the judgment creditors provide the updated accounting of the balance of the judgment against the Debtor described at the May 13, 2026 hearing in the Florida action, and for a determination of credit against that judgment for amounts collected from any source.

4. *No further consent required.* Once this Order is effective, the Debtor need not obtain any further consent of the Trustee or his counsel to take the Permitted Steps.

5. *Opposing parties.* The judgment creditors and any other party to the Florida action or the Florida appeal may respond to the Permitted Steps and be heard on them, and the Florida courts may rule on them.

6. *Stay otherwise remains.* Except as provided in paragraphs 2 through 5, this Order does not modify the automatic stay, which remains in effect as to the Florida action and the Florida appeal to the extent provided by law, including as to any act to collect, enforce, execute on or foreclose any judgment or lien, and any sale, transfer, turnover, redirection of distributions or receivership. This Order does not expand the automatic stay, and it does not determine whether or how the stay applies to any proceeding by a court to regulate practice before it, including under 11 U.S.C. § 362(b)(4).

7. *Limits of this Order.* This Order does not itself authorize the Debtor to: (a) appear for or represent any limited liability company or other entity; (b) seek to vacate, stay or modify the charging, foreclosure, sale, redirection, turnover or injunction provisions of the May 15 Florida Order, or prosecute the motion filed in the Florida action on June 23, 2026 (Filing No. 251032035); (c) seek relief concerning the ownership, control, management, operations, assets or claims of any Subject Entity; (d) prosecute any claim or right of the estate; (e) use, encumber or spend property of the estate; or (f) settle, release, waive or compromise any right of the estate or of any Subject Entity. Existing restraints, including the October 23 Order, remain in effect except as expressly modified. Nothing in this Order decides whether any such request may be made later by any person with proper authority, or its merits.

8. *Notice to the Trustee.* At least five (5) business days before filing any Permitted Step, the Debtor shall email a copy of the proposed filing to counsel for the Trustee and to the Office of the United States Trustee, and within one (1) business day after a filing is made or a ruling is received, he shall email them a copy. If a deadline set by a court order or court rule, or an urgent need to preserve a right, makes five (5) business days' advance notice impracticable, the Debtor shall give as much advance notice as practicable and, in all events, shall email a copy no later than the time of filing, with a short explanation of the shortened notice. The Trustee

may appear and be heard in the Florida courts on any Permitted Step, or apply to this Court on notice, but his consent is not required.

9. *No authority to bind; reservation of rights.* The Debtor is not authorized to speak for, settle for, or bind the Trustee or the estate by agreement. Any evidentiary or preclusive effect of a Florida ruling is left for determination under applicable law. This Order does not determine whether any Florida order has preclusive effect in this Court, or any question of ownership, assignment, alter ego or authority, or the scope of any order entered in Adversary Proceeding No. 26-01494. All parties' rights on those questions are reserved.

10. *Florida courts.* Nothing in this Order directs any Florida court to grant leave, relinquish jurisdiction, or hear or decide any request, or determines any question of procedure, timeliness or merits, all of which are for the Florida courts.

11. *ECF No. 33.* This Order does not decide the motion of FVP Opportunity Fund III, LP and its affiliates for relief from the automatic stay (ECF No. 33). If that motion is granted in any part, paragraphs 6, 7 and 9 of this Order continue to govern the Permitted Steps unless the order on that motion provides otherwise.

12. *Adversary Proceeding No. 26-01494.* This Order is subject to the October 23 Order, as clarified or modified by any order entered on the Debtor's motion filed in that proceeding on November 12, 2026.

13. *Effective date.* This Order is effective on entry. The 14-day stay provided by Fed. R. Bankr. P. 4001(a)(4) does not apply.

14. *Modification.* The Court retains jurisdiction to interpret and enforce this Order, and may modify it on the application of the Trustee or any party in interest, on notice.