**[PROPOSED]**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

In Re:

AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

Case No.: 26-17342 (EJO)

Chapter: 11

Hearing Date: 12/3/2026 10:00 AM

Judge: Eamonn J. O'Hagan

**ORDER**

ORDER DIRECTING CHAPTER 11 TRUSTEE TO FILE STATUS REPORTS AND TO TAKE OR EXPLAIN CERTAIN PROTECTIVE STEPS

The relief set forth on the following pages, numbered two (2) through eight (8), is **ORDERED**.

THIS MATTER having been opened to the Court by Avrumi Lubin, the debtor, appearing pro se (the "Debtor"), on his Motion for an Order Directing the Chapter 11 Trustee to File Written Status Reports and to Take or Explain Protective Steps Concerning Pending Deadlines, Insurance Policies and a Florida Order (the "Motion"), and the Court having considered the Motion and any responses, and good cause appearing, it is hereby

**ORDERED** that:

1. The Motion is GRANTED as set forth in this Order. "Trustee" means Benjamin A. Stanziale, Jr., Chapter 11 Trustee. "Subject Entities" means Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC. "Michigan appeal" means *Franklin Capital LLC v. Spin Capital LLC*, Michigan Court of Appeals Docket No. 379467. "S.D.N.Y. action" means *Golden Foothill Insurance Services, LLC v. Spin Capital, LLC*, No. 1:24-cv-08515 (S.D.N.Y.). "Florida action" means *FVP Opportunity Fund III, LP v. Zankl*, No. CACE-22-005125 (Fla. 17th Jud. Cir. Ct., Broward County). "May 15 Florida Order" means the order entered in the Florida action on May 15, 2026 (Filing No. 248282220). "Florida appeal" means appeal No. 4D2026-1512 in the District Court of Appeal of Florida, Fourth District. "June 23 motion" means the motion filed in the Florida action on June 23, 2026 (Filing No. 251032035). "New York action" means *Teton Life LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022 (Sup. Ct. N.Y. County). "Additional Policies" means the twenty-four life insurance policies listed at pages 2 and 3 of NYSCEF Doc. No. 1476 in the New York action (section B of that letter) as policies not enumerated in paragraph 1 of the receivership order. "Receiver Policies" means the policies maintained by the temporary receiver in the New York action. A "business day" is any day other than a Saturday, Sunday or legal holiday.

2. *Michigan deadline.* Within two (2) business days after entry of this Order (by December 7, 2026, if this Order is entered on December 3, 2026), the Trustee shall either:

(a) cause counsel authorized to act for Spin Capital, LLC in the Michigan appeal to file in that appeal a paper that presents this Court's orders entered in Adversary Proceeding No. 26-01494 and asks that court to determine their effect on the appellant's brief deadline of December 10, 2026, with an alternative request for an extension, abeyance or other relief protecting that deadline, including any request for immediate consideration that court's rules allow, or cause the appellant's brief to be filed; and file a short notice

stating what was filed and when. The Trustee shall cause counsel promptly to take each further step that court permits or directs until it decides the request, shall not treat a pending request as extending the deadline unless that court so orders, and shall state the status of the request in each report required by this Order. If a request for the same relief is already pending in, or has been granted by, that court, no duplicate request is required, but the notice shall identify it and its status; or

(b) file and serve a statement that no such filing will be made, stating the nonprivileged reason and describing any alternative protection, together with an application for instructions, which the Trustee shall ask the Court to consider on an expedited basis before December 10, 2026. A statement that nothing will be filed does not by itself satisfy this paragraph.

If this paragraph's deadline falls after December 10, 2026, the notice or statement shall also state what was filed in the Michigan appeal and its current status. Nothing in this paragraph requires the appeal to be prosecuted on the merits.

3. *S.D.N.Y. stay request.* Within two (2) business days after entry of this Order (by December 7, 2026, if this Order is entered on December 3, 2026), the Trustee shall either:

(a) cause counsel authorized to act for Spin Capital, LLC in the S.D.N.Y. action to file a letter-motion, or other filing permitted by that court's rules and the assigned judge's individual practices, asking that court to decide the pending request to extend the stay to Spin Capital, LLC (ECF No. 204) and to determine the effect of this Court's orders as to Spin Capital, LLC, and, if still needed, to defer decision of the summary-judgment motion (ECF No. 155) as to Spin Capital, LLC while that issue is resolved; and file a short notice stating what was filed and when. The Trustee shall cause counsel promptly to take each further step that court permits or directs until it decides the request, and shall state the status of the request in each report required by this Order. If that court has already decided the stay request, or a request for the same relief is pending, no duplicate request is required, but the notice shall identify the ruling or request and its status; or

(b) file and serve a statement that no such filing will be made, stating the nonprivileged reason and describing any alternative protection, together with an application for instructions, which the Trustee shall ask the Court to consider on an expedited basis. A statement that nothing will be filed does not by itself satisfy this paragraph.

4. *Initial policy statement.* Within two (2) business days after entry of this Order (by December 7, 2026, if this Order is entered on December 3, 2026), the Trustee shall file and serve a short written statement identifying, for the Additional Policies and the Receiver Policies: (a) the person responsible for monitoring them; (b) the counsel, if any, authorized to make an application concerning them in the New York action; (c) any premium, grace-period, lapse or

reinstatement date on or before December 31, 2026 known to the Trustee, and the step planned for it; and (d) any obstacle known to the Trustee, including funding, authority or the stay in the New York action, to the application described in paragraph 5.

5. *Preservation step for the Additional Policies.* Within five (5) business days after entry of this Order (by December 10, 2026, if this Order is entered on December 3, 2026), the Trustee shall either:

(a) authorize counsel for Teton Life, LLC in the New York action to present to that court, on Teton Life, LLC's behalf, an application limited to preserving the Additional Policies pending further proceedings, consisting of (i) a request for any modification of that court's stay needed to permit the application and (ii) a motion to extend or clarify the temporary receiver's authority to the Additional Policies, as that counsel proposed in NYSCEF Doc. No. 1476, and file a short notice stating when the authority was given. The authority shall include any preliminary request that court's rules require, such as a request for a pre-motion conference or for leave, and each further step that court permits or directs until it decides the application; a preliminary request that remains pending does not by itself complete this step. If a request for the same relief is already pending in that court, no duplicate request is required, and the authority shall extend to pursuing it. If counsel has not presented the application, or any required preliminary request, within five (5) business days after the authority is given, the Trustee shall promptly file a statement saying so, with the nonprivileged reason if known. The Trustee shall not withdraw or limit the authority without filing the statement described in subparagraph (b). Each report required by this Order shall state whether and when the application was presented, its status, and any resulting filing deadline. This subparagraph does not require authority for any other relief described in NYSCEF Doc. No. 1476; or

(b) file and serve a statement that the authority will not be given, or will be withdrawn or limited, stating the nonprivileged reason and describing any alternative measure that will protect the Additional Policies and when it will be taken, together with an application for instructions, which the Court will consider at the status conference on December 17, 2026, or earlier as the Court may direct. A statement that the authority will not be given does not by itself satisfy this paragraph.

An application by the temporary receiver seeking the same protection, which the Trustee supports in that court, satisfies subparagraph (a) to the same extent. Nothing in this paragraph requires the Trustee to advance estate funds, authorizes any act contrary to an order of any court, directs the New York court, or limits that court's control of its own proceedings.

6. *Florida order: statement.* Within two (2) business days after entry of this Order (by December 7, 2026, if this Order is entered on December 3, 2026), the Trustee shall file and

serve a short written statement identifying: (a) the status and disposition of the motions addressed to the May 15 Florida Order, including the June 23 motion, and of the Florida appeal; (b) the Trustee's position on whether relief from the May 15 Florida Order, or any part of it, should be sought, and on any request for relief from the automatic stay concerning the Florida appeal that the Court has not then decided; (c) who the Trustee contends may seek that relief, as to the interests of the estate and of Spin Capital, LLC and Teton Funding, LLC, and the counsel, if any, authorized to do so; (d) any permission required before that relief may be sought, such as relief from or a determination concerning the automatic stay, leave or relinquishment of jurisdiction by the appellate court, a modification of restraints entered in Adversary Proceeding No. 26-01494, or approval of the employment of counsel; and (e) any deadline, time limit or risk known to the Trustee concerning the May 15 Florida Order or the Florida appeal, including the next status report due in the Florida appeal.

7. *Florida order: step.* Within five (5) business days after entry of this Order (by December 10, 2026, if this Order is entered on December 3, 2026), the Trustee shall either:

(a) take, or cause counsel who is authorized and free of conflict on the matter, and whose employment has been approved if approval is required, to take, the first procedurally available step toward a ruling, by a court with authority to grant it, on a request for relief from the May 15 Florida Order or any part of it — including first any permission identified under paragraph 6(d) — and file a short notice stating what was done and when. The Trustee shall cause each further step that the relevant court permits or directs to be taken until that court decides the request, and shall state its status in each report required by this Order. If such a request, or relief permitting the Florida appeal to proceed to decision, is already pending or has been granted, no duplicate request is required, but the notice shall identify it, its status and the next step. The Trustee shall not cause the Florida appeal or the June 23 motion to be withdrawn or dismissed without first filing the statement and application described in subparagraph (b); or

(b) file and serve a statement that no such step will be taken, stating the nonprivileged reason, identifying any obstacle and describing any alternative, together with an application for instructions, which the Court will consider at the status conference on December 17, 2026, or earlier as the Court may direct. A statement that no step will be taken, or that counsel has declined to act, does not by itself satisfy this paragraph.

If the Trustee files a statement under subparagraph (b), or states that he or his counsel has a conflict concerning the May 15 Florida Order, the Court will consider, at the status conference on December 17, 2026 or as it otherwise directs, and on notice to parties in interest and to Stanley Q. Casey, Esq., whether Mr. Casey or other independent counsel should be authorized to seek that relief for a limited purpose — through employment approved under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, or through a modification of restraints entered in Adversary

Proceeding No. 26-01494 sought in that proceeding — and on what terms as to scope, funding, conflicts and disclosure. This paragraph does not itself authorize any person to act, approve any employment, or modify any order entered in that proceeding.

Nothing in paragraph 6 or this paragraph asks or permits this Court to decide whether the May 15 Florida Order or any finding in it is correct, to vacate or modify it, or to determine its effect in this Court; requires the Trustee to prosecute or defend the merits of the Florida appeal or of any motion, or to advance estate funds; or directs any Florida court.

8. *Deadline report.* Within three (3) business days after entry of this Order (by December 8, 2026, if this Order is entered on December 3, 2026), the Trustee shall file and serve a short written report listing, for each pending case or proceeding in which a Subject Entity is a party, each deadline, hearing and pending motion through January 31, 2027, and for each: (a) the court, the case number and what is due or pending; (b) the attorney responsible, or that none is engaged; and (c) the step the Trustee intends to take (for example, to file, to seek an extension, a stay or other relief, to oppose, to take no position, or to take no action) and the target date for it. The report shall also identify any premium, grace-period, lapse or reinstatement date on or before January 31, 2027 known to the Trustee for any Additional Policy or Receiver Policy, and the step planned for it. The report shall also state the status of the steps described in paragraphs 2, 3 and 7.

9. *Policy report.* Within seven (7) business days after entry of this Order (by December 14, 2026, if this Order is entered on December 3, 2026), the Trustee shall file and serve a written report on (i) the Additional Policies and (ii) the Receiver Policies, stating for each policy, to the extent reasonably available: (a) the carrier, and the policy's position in a list in NYSCEF Doc. No. 1476 or the last four digits of its number; (b) whether the receiver holds or maintains it; (c) its last verified status, with the date and source; (d) known premium, grace-period and reinstatement dates; (e) who is responsible for monitoring it; (f) any court application needed to protect it, the court, and the target filing date, including the status of the step described in paragraph 5; and (g) whether it is known to have lapsed and, if so, whether reinstatement may be possible. The report shall attach any written confirmation from the receiver concerning the status of the policies, redacted as paragraph 13 provides.

10. *Prompt notice of earlier risk.* Until the status conference at which the reports are reviewed, if the Trustee learns of a court deadline in a pending case or proceeding in which a Subject Entity is a party, or concerning the May 15 Florida Order or the Florida appeal, or of a premium, grace-period, lapse or reinstatement date for an Additional Policy or a Receiver Policy, that falls before the next report, statement or review date set by this Order and that, if missed, could result in a default, forfeiture or lapse, the Trustee shall notify the Debtor and the United States Trustee in writing (email is sufficient) of the nonprivileged date, the risk and the

step planned for it as soon as reasonably practicable, before the threatened default, forfeiture or lapse if reasonably possible, and no later than two (2) business days after learning of it, and shall include it in the next report or statement. If the Trustee contends that authorization or instructions from this Court are needed before a protective step can be taken, he shall promptly seek them on an expedited basis rather than await the scheduled status conference. This paragraph does not require the Trustee to advance estate funds or authorize any act contrary to an order of any court.

11. *Information not yet known; supplement.* Where required information is not known when a report or statement is due, the report or statement shall say so, identify who is responsible for obtaining it, and state when it was requested. The Trustee shall file any supplement not later than one (1) business day before the status conference at which the reports are reviewed (December 16, 2026, for the December 17, 2026 status conference). This paragraph does not delay any notice or application required by paragraph 10.

12. *Steps not taken.* Except as paragraphs 2, 3, 5 and 7 provide for the steps described there, if the Trustee has decided not to take a protective step identified in a report or statement, or cannot take it without further authorization or relief from this Court or another court, the report or statement shall say so, state the nonprivileged reason, and identify any relief that would be needed, the court, and when it would be sought.

13. *Privilege and confidential information.* Each report and statement shall identify existing public filings and orders by court, date and docket number; current deadlines; responsible counsel; and the status of any protective application. Nothing in this Order requires disclosure of privileged communications or attorney work product. A claim of privilege as to an underlying communication does not excuse providing separable public filing information. If information is withheld as privileged, the report or statement shall say so in general terms sufficient for the Court to set a process, if one is needed, without disclosing the protected content. Insured names and full policy numbers shall not be filed on the public docket.

14. *Earlier filings and steps; combination.* A report, statement, notice or application filed or presented before entry of this Order satisfies a requirement of this Order only to the extent that it supplies current information responsive to that requirement, or that the required step has been taken and remains pending or in effect; in either case, the Trustee shall identify its date, any docket number, its present status and the next required step. A preliminary or pending request is subject to paragraphs 2(a), 3(a), 5(a) and 7(a). The October 19, 2026 filing of this Court's October 15, 2026 order in the Michigan appeal, the letter filed as ECF No. 218 in the S.D.N.Y. action, and the letter filed as NYSCEF Doc. No. 1476 do not by themselves satisfy paragraphs 2, 3 and 5, respectively, and the transmission to the Florida court on October 27, 2026 of this Court's order entered October 23, 2026 in Adversary Proceeding No. 26-01494

does not by itself satisfy paragraph 7. The reports and statements may be combined.

15. *Service.* On the day each report, statement, notice or application for instructions is filed, the Trustee shall email a copy to the Debtor at josh@tetonfunding.com.

16. *Review.* The reports, statements and any application for instructions will be reviewed at the Chapter 11 status conference on December 17, 2026 at 2:00 p.m., or at such other status conference as the Court may set, at which the Court may direct further reports. An application made under paragraph 2, 3, 5, 7 or 10 may be heard earlier, as the Court directs.

17. *Scope.* Except as provided in paragraphs 2, 3, 5 and 7, this Order does not direct the Trustee to commence, prosecute, fund, settle or refrain from any action. Nothing in paragraphs 2, 3 and 7 requires the Trustee to prosecute or defend the merits of any appeal or motion, and nothing in this Order guarantees any relief from another court. This Order does not modify any order entered in Adversary Proceeding No. 26-01494; does not decide who owns or controls any Subject Entity, claim, asset or policy, whether any policy or its proceeds is property of any estate, whether any settlement is binding or enforceable, or whether any stay applies in any other court; does not direct any other court or limit its control of its own proceedings; and does not authorize the Debtor to act for any Subject Entity.