**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

# CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION FOR AN ORDER DIRECTING THE CHAPTER 11 TRUSTEE TO FILE WRITTEN STATUS REPORTS AND TO TAKE OR EXPLAIN PROTECTIVE STEPS CONCERNING PENDING DEADLINES, INSURANCE POLICIES AND A FLORIDA ORDER

I, Avrumi Lubin, of full age, certify as follows:

1. I am the debtor in this Chapter 11 case. I appear pro se, for myself only. I do not appear or speak for Spin Capital, LLC ("Spin"), Teton Life, LLC ("Teton Life"), Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC (together, the "Subject Entities"). I make this certification on personal knowledge and from the court records and emails identified below.

2. Benjamin A. Stanziale, Jr. is the Chapter 11 trustee (the "Trustee"). In Adversary Proceeding No. 26-01494, the Court entered an order to show cause with temporary restraints on October 15, 2026 (Adv. ECF No. 5) and an order granting a preliminary injunction on October 23, 2026 (Adv. ECF No. 21) (the "October 23 Order"). As to the Subject Entities other than Teton Life, the October 23 Order provides that "[a]ny litigation or enforcement of judgments against the Subject Entities is STAYED," and states that "the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities" (Adv. ECF No. 21 at 5, ¶¶ 1–2). As to Teton Life, it provides that, "[p]ending further order of the Court, the preliminary restraints set forth in the Order to Show Cause shall continue to apply to Teton Life, LLC" (*id.* at 5, Teton Life ¶ 3). Those restraints include a like stay and a like statement of the Trustee's authority (Adv. ECF No. 5 at 3–4). On November 10, 2026, the Court granted a preliminary injunction as to Teton Life (minute entry of November 10, 2026). Among the findings the October 23 Order recites is that "the Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets" (Adv. ECF No. 21 at 3–4, ¶ B). I dispute these orders, and I have appealed the October orders (Adv. ECF Nos. 24, 26). I recognize that they remain in effect while my appeal is pending. Nothing in this motion concedes any disputed question of ownership, assignment, authority, management rights or alter ego, or the enforceability of any settlement.

**A. Spin's appeal in Michigan**

3. Spin is the appellant in *Franklin Capital LLC v. Spin Capital LLC*, Michigan Court of Appeals Docket No. 379467 (Lower Court No. 2022-193300-CB). On October 20, 2026, that court entered an order stating: "The motion to extend time to file appellant's brief is GRANTED until December 10, 2026." A copy of that order is attached as **Exhibit A**.

4. I am on the electronic-service list in that appeal. On October 15, 2026, I was served electronically with an appearance and a motion to extend the time for Spin's brief, both filed for Spin by Kenneth R. Beams. On October 19, 2026, I was served with this Court's October 15, 2026 order to show cause, which Mr. Beams filed in that appeal. As of the date I sign this certification, I have not been served with any later filing in that appeal.

5. On November 11, 2026, at 3:44 p.m., the Trustee's counsel wrote to me, with the Trustee copied, that she had "spoken with and sent an email to Mr. Beams regarding the Michigan appeal," and that before supplying a copy of that email she must secure my agreement not to share it, "as it is an attorney-client privileged communication." That email appears in **Exhibit B**. This motion does not seek that communication.

6. As of the date I sign this certification, no one has told me whether anything will be filed in the Michigan appeal before December 10, 2026, what it would be, or who would file it.

**B. The Teton Life policies, and the stay in the New York action**

7. Teton Life is the plaintiff in *Teton Life LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022 (Sup. Ct. N.Y. County) (the "New York action"), in which a temporary receiver maintains certain life insurance policies under a receivership order. I was named as a third-party defendant in that action, and I receive NYSCEF notices of filings in it. On August 31, 2026, in a letter asking for a pre-motion conference and, to the extent required, leave to file a motion, counsel for Teton Life wrote to that court that "Plaintiff and the Receiver have identified at least 24 additional life insurance policies that may constitute Plaintiff's collateral and that were not enumerated in paragraph 1 of the Receivership Order," and listed those twenty-four policies, issued by several carriers, at pages 2 and 3 of the letter (NYSCEF Doc. No. 1476 at 2–3) (the "Additional Policies"). The letter separately lists, at pages 1 and 2, the nine policies named in the receivership order. It stated that the relief Teton Life proposed to seek was "time-sensitive because until the Receiver's authority over these policies is clear, they remain exposed to lapses, surrender, assignment, or change of beneficiary" (*id.* at 4). It explained that the receivership order's investigation provisions "do not by their terms place those policies within his custody or within the injunctions of paragraphs 13 and 14" of that order (*id.*); reported that the receiver "does not object" to expanding the receivership to them, "subject to the Court's resolution of the issues related to his compensation" (*id.*); and asked, "[t]o the extent the case remains stayed," for "a limited modification of the stay to permit the filing and adjudication of the contemplated omnibus motion" (*id.* at 1). The letter also reported that the receiver received the proceeds of a matured policy in January 2025 and "now uses those funds to pay receivership premiums and costs"; that in February 2025 the New York court authorized him to use those funds "to pay obligations of the Receiver as established in the Receiver Order"; and that on July 31, 2026, he held more than $9.3 million in two accounts (*id.* at 3 (quoting NYSCEF Doc. No. 793 at 3); *see also* NYSCEF Doc. No. 1471 at 4–5).

8. I have not received notice of any motion, by Teton Life or by the receiver, to bring the Additional Policies under the receiver's authority, or of any order extending or confirming the receiver's authority as to them.

9. On October 29, 2026, at 6:43 p.m., the Trustee's counsel wrote to me, with the Office of the United States Trustee copied: "the Trustee and I spoke with the Receiver in NY today. He advises the policies are not at risk and I will engage with him to confirm in writing." On November 2, 2026, in reply to my question whether any insured under certain Zurich policies had died, the receiver wrote to me, with the Trustee and his counsel copied, that he was "unaware of the death of any of the insureds under the Zurich policies that I am maintaining, all of which are listed on the attached." The attached list identifies five policies. None of them is among the Additional Policies. I have not received a written status of the Additional Policies.

10. On January 15, 2026, after a defendant, Stefan Leer, filed a Chapter 7 case, the New York court ordered that the action "is stayed pursuant to 11 U.S.C. § 362 during the pendency of that

defendant's Chapter 7 bankruptcy proceedings" (NYSCEF Doc. No. 999 at 1). On January 20, 2026, Teton Life moved, among other things, to vacate that stay as to the defendants other than Mr. Leer (NYSCEF Doc. No. 1012). On July 24, 2026, on the receiver's motion, the court severed the action as against Mr. Leer and modified its order "staying this action in its entirety" only "to the extent of lifting the stay to allow the Receiver to continue in the performance of his duties under the Receiver Order" (NYSCEF Doc. No. 1471 at 6, 9). On October 7, 2026, on my motion, the United States Bankruptcy Court for the Middle District of Tennessee entered an order in Mr. Leer's case (*In re Leer*, No. 3:26-bk-00149 (Bankr. M.D. Tenn.), Doc. 109; NYSCEF Doc. No. 1506). A copy is attached as **Exhibit C**. That order confirms that the automatic stay under 11 U.S.C. § 362(a)(1) and (a)(6) applies only to Mr. Leer, without prejudice to § 362(a)(3) as to property of his estate (Ex. C ¶ 2). To the extent the stay applies to any other party, the order modifies it "so that the nondebtor proceedings and nondebtor branches of pending motions may proceed, subject to paragraphs 4 through 7" (*id.* ¶ 3). It states that "[i]t is the New York Supreme Court judge's decision as to how and if the proceedings continue against non-debtor parties," and that it does not direct, require or affect any order of that court (*id.* ¶ 4). It does not modify the protections of § 362(a)(3) or determine what is property of Mr. Leer's estate (*id.* ¶ 5). It does not determine my party status or standing in the New York action, and it states that I do not represent Teton Life (*id.* ¶¶ 6–7). I have not received notice of any order granting Teton Life's January 20 request, or of any order of the New York court modifying its stay since October 7, 2026.

11. On November 1, 2026, in my own name as a third-party defendant, I submitted in the New York action a proposed order to show cause asking that court, among other things, to modify its stay in light of the Tennessee order, with the stay remaining in effect as to Mr. Leer and his estate's property; to take steps to preserve the policies listed in the receivership order and the Additional Policies; and not to grant the cross-motions, or sign the proposed order, described in paragraph 12, except on notice and an opportunity to be heard (Motion Seq. No. 054; NYSCEF Doc. No. 1511). On November 3, 2026, the Trustee's counsel wrote to that court asking it not to consider my application, stating that by filing it I had violated this Court's October 15 and 23 orders, and stating that the Trustee "has spoken with numerous counsel to both Teton Life, LLC and other parties, as well as the Receiver, and is in the process of determining a path forward in this case in his business judgment." I disagree that my application violates any order of this Court, and I responded to the New York court the same day (NYSCEF Doc. No. 1536). This motion does not ask the Court to decide that question. As of the date I sign this certification, I have not received notice that the New York court has signed, declined or otherwise ruled on my proposed order to show cause.

12. On October 30, 2026, counsel for the intervenor-defendants in the New York action asked that court to sign a proposed "Order Directing Enforcement of Settlement Agreement" on pending cross-motions that seek to enforce, as a settlement, terms from a November 25, 2025 settlement conference (NYSCEF Doc. Nos. 1368, 1383, 1508, 1509). As proposed, that order would, among other things, declare those terms "an enforceable contract binding upon plaintiff Teton Life, LLC,"

direct the receiver to pay out the funds in his bank accounts to Cap Factor, LLC and Teton Life, make Teton Life responsible for funding premiums that come due after its entry on certain Zurich policies, provide for releases, and dismiss claims with prejudice (NYSCEF Doc. No. 1509, proposed order ¶¶ 3, 8, 14, 16–20). I have not received notice of a ruling on that request. The Trustee's counsel has told me that the Trustee has not entered into any settlement and that settlements will be noticed to creditors. I have not received a written statement of the Trustee's position on the proposed order at NYSCEF Doc. No. 1509.

**C. Other pending matters, and steps the Trustee has taken**

13. In *Golden Foothill Insurance Services, LLC v. Spin Capital, LLC*, No. 1:24-cv-08515 (S.D.N.Y.) (Subramanian, J.), in which I am also a defendant, a motion for summary judgment against Spin is pending (ECF No. 155). On October 2, 2026, I asked that court to extend to Spin the stay of the action against me (ECF No. 204). On October 6, 2026, the court directed Spin and the plaintiffs to state their positions (ECF No. 208). The plaintiffs opposed (ECF No. 209). The Trustee's counsel filed a letter supporting the request (ECF No. 210), as did counsel for Spin (ECF Nos. 211, 214). On October 26, 2026, the Trustee's counsel filed this Court's October 23 Order in that case (ECF No. 218). The cover letter enclosed the order and described the restraints it granted; it did not ask that court to rule on ECF No. 204 or to defer ECF No. 155 (ECF No. 218 at 1–2). I receive electronic notices of filings in that case. The last notice I have received is for ECF No. 218, and I have not received notice of a ruling on ECF No. 204 or ECF No. 155. On November 10, 2026, I emailed that court's pro se intake unit a letter, in my individual capacity, asking about the status of ECF No. 204. I do not know whether it has been docketed.

14. Spin is a petitioning creditor in the involuntary cases *In re Cole Wayne Johnson*, No. 26-43993 (Bankr. N.D. Tex.), jointly administered with No. 26-43995. Filings have been made there on Spin's behalf, at the Trustee's request or with his authorization (Dkt. 24, 29). Motions asking that court to require the petitioning creditors to post a bond are set for hearing on December 23, 2026 (Dkt. 28), and a motion to dismiss is set for hearing on January 25 and 26, 2027 (Dkt. 34, 35). On October 27, 2026, the Trustee filed an adversary complaint in this Court against Johnson River Ranch, LLC, Bridgelink Investments, LLC and Red Leaf Investments, LLC (Adv. Pro. No. 26-01532; ECF No. 148).

15. I acknowledge the steps described in paragraphs 5, 9 and 11 through 14. In addition, on October 27, 2026, the Trustee's counsel wrote that they had consulted Stanley Casey, the attorney who tried the Florida case, and on November 11, 2026, the Trustee applied to retain accountants (ECF No. 153). I do not suggest that the Trustee has done nothing. My concern is that the Court, the parties and I do not have a written account of what is planned for the deadlines and policies described above, and that no decision has been stated on whether the New York court will be asked to protect the Additional Policies.

**D. My requests, and the timing of this motion**

16. I attended the November 10, 2026 hearing, at which the Trustee's counsel gave the Court an oral status report. I do not yet have the transcript. My understanding was that the Trustee's counsel would work with me on preserving the additional policies and would seek any stay relief needed. That evening, at 8:13 p.m., I emailed the Trustee and his counsel, with the Office of the United States Trustee copied. I set out my understanding of the hearing and asked them to tell me if theirs differed. Among other things, I asked who would handle the December 10 Michigan deadline and what would be filed; whether the plan for the policies covers every policy identified in NYSCEF Doc. No. 1476; and for the receiver's written confirmation discussed on October 29. I asked for answers on those items by Friday, November 13, 2026.

17. On November 11, 2026, at 4:21 p.m., I replied to the Trustee's counsel's 3:44 p.m. email, with the Trustee and the Office of the United States Trustee copied. I asked that authorized counsel take protective steps concerning the Michigan appeal, the S.D.N.Y. action and a Broward County action; that they provide the filed papers and resulting orders, identify responsible counsel, and confirm filing dates or definite dates; and that any decision not to take a requested step be identified with its nonprivileged basis. I asked for written confirmation by noon on November 13, 2026. I stated that the underlying communication with Mr. Beams "can be addressed separately," and that my request "does not depend on receiving that communication." A copy of that email, with the message to which it replied, is attached as **Exhibit B**.

18. The November 13 response times have not passed. I am filing this motion now only so that it can be heard on December 3, 2026, on regular notice, before the December 10 Michigan briefing deadline. I do not have the premium, grace-period, lapse or reinstatement dates for the Additional Policies, and I do not know whether any of those dates falls before December 3, 2026. My lack of that information does not mean that no such date exists. The two-business-day statement and the prompt-notice provision this motion requests are meant to identify any such date. If I learn of one before the hearing, I will promptly tell the Court. I also do not know whether anything will be filed in the Michigan appeal or the S.D.N.Y. action before the hearing. If the Trustee provides the information or takes a step this motion requests, I will promptly tell the Court and narrow or withdraw the corresponding part of the motion.

**E. The May 15, 2026 Florida order**

19. I am a defendant in *FVP Opportunity Fund III, LP v. Zankl,* No. CACE-22-005125 (Fla. 17th Jud. Cir. Ct., Broward County) (the "Florida action"), in which a final judgment has been entered against me. On May 15, 2026, that court entered an order imposing charging orders on my interests in Spin and Teton Funding, LLC, authorizing foreclosure of those interests and setting sale procedures (Filing No. 248282220) (the "May 15 Florida Order"). A copy is in this Court's record (Adv. ECF No. 43-10). Finding 6 states: "The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes." (May 15 Florida Order at 2, ¶ 6.) I dispute that finding.

20. On May 15, 2026, I moved pro se for rehearing, clarification, modification and a stay of that order (Filing No. 248289419). At the June 2, 2026 hearing on that motion, the court stated: "I will hear the arguments on the foreclosures on a different day, but as far as staying the case, I'm not going to stay it. So, the Motion to Stay is denied." (June 2, 2026 Tr. 13:3–6.) The written order entered that day states that the motion "is DENIED" "for the reasons stated on the record" (Filing No. 249489836). On May 16, 2026, I appealed the May 15 Florida Order individually (No. 4D2026-1512 (Fla. 4th DCA)) (the "Florida appeal"); briefing was completed on June 11, 2026. On June 23, 2026, counsel appearing for me on a limited basis moved for reconsideration, vacatur and a stay of the order's foreclosure and sale provisions or, alternatively, for relief under Florida Rule of Civil Procedure 1.540 (Filing No. 251032035) (the "June 23 motion"). On August 11, 2026, the Florida court allowed that counsel to withdraw (Filing No. 254584135). I have not received notice of a ruling on the June 23 motion. On August 21, 2026, this Court ordered that "[t]he automatic stay of creditors was imposed upon the filing of the Debtor's bankruptcy case as to the Debtor's appeals pending before the District Court of Appeal of the State of Florida" (ECF No. 80 ¶ 1). I have filed status reports in the Florida appeal, most recently on October 31, 2026. The motion of FVP Opportunity Fund III, LP and its affiliates for relief from the automatic stay to permit the Florida appeals to proceed (ECF No. 33) is scheduled to be heard on December 3, 2026 at 10:00 a.m.

21. On June 16, 2026, at a hearing in the Florida action, Stanley Q. Casey appeared for Spin (he filed a notice of limited appearance for Spin the next day, Filing No. 250529145) and questioned the order's dominion-and-control language. The court described the judgment creditors' position this way: "instead of saying that it's an alter ego, he -- they're saying now, even if it's a separate company, he owns an interest in that company, and they -- so, they want to foreclose on Mr. Lubin's interest in that company to satisfy the judgment." It also told Mr. Casey: "As far as the other order, that wasn't on for today. If you have any challenges to that, Mr. Casey, file a pleading." (June 16, 2026 Tr. 11:15–20, 12:11–13; *see id.* at 8:4–11:22; Adv. ECF No. 43-11 at 6–10.) I have not been served with any such filing. In the adversary proceeding, the Trustee's counsel has argued that collateral estoppel applies to "the finding that Spin is under his domination and control made in the Florida Charging Order" (Adv. ECF No. 19 at 3, ¶ 6).

22. On October 26, 2026, after I asked the Trustee to address the Florida orders, his counsel wrote to me: "The Trustee will investigate and advise you as to his position." On October 27, 2026, his counsel sent the Florida court's judicial assistant a copy of the October 23 Order "[f]or your and the Court's information." On November 11, 2026, I asked that the Trustee authorize Mr. Casey or other appropriate Florida counsel to pursue correction, clarification or vacatur of the May 15 Florida Order on behalf of the affected Subject Entities, after first seeking any stay relief or other authorization that is required (Ex. B, item 3). As of signing, I have not received the Trustee's decision on my request to pursue correction, clarification or vacatur of the May 15 Florida Order, and I do not know whether Mr. Casey is available or willing to act.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 U.S.C. § 1746). Executed on November 12, 2026.

Dated: November 12, 2026

______________________________

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

# EXHIBIT A

**Order of the Michigan Court of Appeals entered October 20, 2026**
**Franklin Capital LLC v Spin Capital LLC, Docket No. 379467**

In re Avrumi Lubin, Case No. 26-17342 (EJO) — Certification of Avrumi Lubin dated November 12, 2026

# Court of Appeals, State of Michigan

# ORDER

**FRANKLIN CAPITAL LLC V SPIN CAPITAL LLC**

Docket No. **379467**

LC No. **2022-193300-CB**

---

Christopher M. Murray, Judge, acting under MCR 7.211(E)(2), orders:

The motion to extend time to file appellant's brief is GRANTED until December 10, 2026.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 20, 2026
Date

Chief Clerk

# EXHIBIT B

**Email of Avrumi Lubin dated November 11, 2026, 4:21 p.m., with the November 11, 2026, 3:44 p.m. message to which it replied**

In re Avrumi Lubin, Case No. 26-17342 (EJO) — Certification of Avrumi Lubin dated November 12, 2026

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, November 11, 2026 4:21 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Michigan appeal
**Importance:** High

---

Patricia and Ben,

Thank you for contacting Mr. Beams. I am copying Rachel Wolf concerning the outstanding preservation issues.

My request is for prompt protective action in the courts—not simply confirmation that counsel have spoken. Please arrange for authorized counsel to take the following steps:

1. **Michigan:** Properly present the operative bankruptcy orders and seek clear court direction concerning their effect on the appeal and the December 10 briefing deadline. Please secure appropriate deadline protection while that issue is addressed, including an alternative extension request where appropriate. My immediate request is to preserve the appeal, not to require prosecution of its merits now.

2. **SDNY:** Follow up on the pending stay request at ECF 204 through a properly docketed application expressly requesting recognition and implementation of the October 23 stay as to Spin and a hold on adjudication of ECF 155 while the stay issue is resolved. Your October 26 letter, ECF 218, transmitted the injunction but did not expressly request those rulings. I acknowledge the earlier stay-support letters; my concern is completing the protective follow-through.

3. **Broward:** Authorize Stanley Casey or other appropriate Florida counsel to pursue correction, clarification or vacatur of the May 15, 2026 order and related provisions I have identified as inconsistent with the hearing record, on behalf of the affected Subject Entities, including through the pending motions where applicable. If counsel can proceed under the existing orders without additional stay relief, please authorize that action promptly. If relief from the automatic stay, modification of the NJ injunction, or other authorization is required, please promptly seek that relief in the proper court and then pursue the corrective relief in Broward. Addressing those procedural requirements is part of the protection I am requesting from the Trustee; the issue should not remain unresolved merely because another application may be necessary.

I receive electronic notices in SDNY and Broward and have not received notice resolving these issues. Please provide the filed papers and resulting orders, identify responsible counsel, and confirm the filing dates or definite dates for completing these steps.

Please act promptly and provide written confirmation by noon Eastern on November 13. Any decision not to take a requested step should be identified expressly, with its nonprivileged basis and the alternative protection proposed.

The underlying Beams communication can be addressed separately. Please do not circulate assertedly privileged advice on this copied chain. My request for public filings, deadlines and protective action does not depend on receiving that communication.

I write individually as the debtor. Nothing in this request waives privilege or concedes any disputed ownership, assignment, alter-ego or authority issue. All rights and objections are reserved.

Josh Lubin

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Wednesday, November 11, 2026 at 3:44 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>
**Subject:** Michigan appeal

I have spoken with and sent an email to Mr. Beams regarding the Michigan appeal. Before I supply a copy of that email to you, I must secure your agreement not to share it with anyone else (unless you retain counsel or counsel for Spin), as it is an attorney-client privileged communication. Please advise.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

This email and its attachments may contain confidential and/or legally privileged information from the law firm of Hellring Lindeman Goldstein & Siegal LLP. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email and attachments is strictly prohibited and those contents should be returned to this firm immediately. Although this email and its attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, no responsibility is accepted by Hellring Lindeman Goldstein & Siegal LLP for any loss or damage arising in any way from its use. This communication, including attachments and enclosures, is not intended to provide any tax advice, is not a substitute for a formal tax opinion, and is not sufficient to avoid tax-related penalties.

# EXHIBIT C

**Order of the United States Bankruptcy Court for the Middle District of Tennessee entered October 7, 2026**
**In re Stefan Joseph Leer, No. 3:26-bk-00149, Doc. 109 (filed in the New York action as NYSCEF Doc. No. 1506)**

**SO ORDERED.**
**SIGNED 7th day of October, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Nancy B. King**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **STEFAN JOSEPH LEER,** | ) | **Case No. 3:26-bk-00149** |
| | ) | **Chapter 7** |
| | ) | **Judge Nancy B. King** |
| **Debtor.** | ) | |

**ORDER CONFIRMING THAT THE AUTOMATIC STAY APPLIES ONLY TO THE DEBTOR AND, TO THE EXTENT IT APPLIES, MODIFYING THE AUTOMATIC STAY AS TO THE NON-DEBTOR PARTIES TO THE NEW YORK ACTION**

This matter came before the Court on the Motion of Avrumi Lubin to Confirm the Scope of the Automatic Stay and, to the Extent It Applies, to Terminate or Modify the Stay as to the Non-Debtor Parties to the New York Action (Doc. 100) (the "Motion"), pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a) and 9014, and Local Bankruptcy Rule 4001-1. The Court has considered the record and the notice and opportunity to be heard afforded to affected persons. No timely response to the Motion was filed, and under the Court's Notice of Preliminary Hearing and Prehearing Order (Doc. 102), that failure is deemed a statement of no opposition.

The Court finds that:

(a) it has jurisdiction under 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G);

(b) notice of the Motion was given to the Debtor and his counsel, the Chapter 7 Trustee and her counsel, the United States Trustee, all parties requesting notice under Fed. R. Bankr. P. 2002, and every party to the action pending in the Supreme Court of the State of New York, New

York County, *Teton Life LLC, as assignee of the rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022, and the third-party action joined therewith, Third-Party Index No. 595367/2022 (together, the "New York Action"), as set forth in the certificate of service (Doc. 103), and that such notice was proper and sufficient and cures the deficiency identified in this Court's Order entered March 19, 2026 (Doc. 37);

(c) the confirmation in paragraph 2 concerns section 362(a)(1) and (a)(6) and is subject to all debtor and estate-property protections stated below; and

(d) to the extent the automatic stay applies or may be deemed to apply to the New York Action as against any party other than the Debtor, cause exists under 11 U.S.C. § 362(d)(1) to modify it as set forth below.

Accordingly, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Court CONFIRMS that the automatic stay arising under 11 U.S.C. § 362(a)(1) and § 362(a)(6) upon the filing of the Debtor's petition applies only to the Debtor, Stefan Joseph Leer, absent some further order from this Court, and that no order of this Court has extended the stay to any other party to the New York Action. This paragraph is entered without prejudice to 11 U.S.C. § 362(a)(3), which operates by its own terms as to property of the estate whether or not the Debtor is a defendant in the action, and the Court makes no determination as to what constitutes property of the estate.

3. To the extent, if any, the automatic stay applies or may be deemed to apply to the New York Action as against any party other than the Debtor — including the plaintiff and nondebtor participants identified by their respective procedural status in Schedule A to the Motion (collectively, the "Non-Debtor Parties") — the automatic stay is MODIFIED for cause pursuant to 11 U.S.C. § 362(d)(1), effective upon entry of this Order, so that the nondebtor proceedings and nondebtor branches of pending motions may proceed, subject to paragraphs 4 through 7. Inclusion in Schedule A does not grant intervention or authorize proceedings against the Debtor.

4. It is the New York Supreme Court judge's decision as to how and if the proceedings continue against non-debtor parties. Nothing in this Order directs, requires, or affects any order of the Supreme Court of the State of New York, or any determination that court may make as to the conduct of the New York Action.

5. Nothing in this Order: (a) terminates, modifies, annuls, or conditions the automatic stay as to the Debtor or as to any claim against the Debtor, which remains in full force and effect; (b) determines what constitutes property of the Debtor's estate; (c) modifies the protections of section 362(a)(3), or authorizes any act to obtain possession of, or to exercise control over, property of the Debtor's estate; (d) affects any right, claim, or power of the Chapter 7 Trustee; or (e) permits the enforcement of any judgment against the Debtor or against property of the Debtor's estate.

6. Nothing in this Order determines Movant's party status, standing, or entitlement to participate in the New York Action under New York procedure, all of which remain for the Supreme Court of the State of New York; determines any question of ownership, lien priority, or

entitlement to any fund; or determines, affects, or adjudicates any question arising in *In re Avrumi Lubin*, No. 26-17342-EJO (Bankr. D.N.J.), including any right, claim, or power of any trustee appointed in that case.

7. Movant does not represent, and is not authorized by this Order to represent, Teton Life LLC, Spin Capital, LLC, the Receiver, or any other person or entity.

8. To the extent Fed. R. Bankr. P. 4001(a)(4) applies, the fourteen-day stay is WAIVED and this Order is effective immediately upon entry.

9. This Court retains jurisdiction to interpret and enforce this Order.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE

APPROVED FOR ENTRY:

/s/ Avrumi Lubin
Avrumi Lubin, *pro se*
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
Email: josh@spincapital.com