**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

# NOTICE OF MOTION FOR AN ORDER DIRECTING THE CHAPTER 11 TRUSTEE TO FILE WRITTEN STATUS REPORTS AND TO TAKE OR EXPLAIN PROTECTIVE STEPS CONCERNING PENDING DEADLINES, INSURANCE POLICIES AND A FLORIDA ORDER

Avrumi Lubin, the debtor, appearing pro se, has filed papers with the court for an order directing Benjamin A. Stanziale, Jr., Chapter 11 Trustee, without disclosing privileged material:

(1) within two business days after entry of the order, either (a) to cause counsel authorized to act for Spin Capital, LLC in *Franklin Capital LLC v. Spin Capital LLC*, Michigan Court of Appeals Docket No. 379467, in which the appellant's brief is due December 10, 2026, to file a paper that presents this Court's orders and asks that court to determine their effect on that deadline, with an alternative request for an extension, abeyance or other protective relief (or to file the brief), and to follow it through as that court permits or directs; or (b) to file a statement giving the nonprivileged reason no such filing will be made and any alternative protection, together with an application to this Court for instructions to be considered on an expedited basis before December 10, 2026;

(2) within two business days, either (a) to cause counsel authorized to act for Spin Capital, LLC in *Golden Foothill Insurance Services, LLC v. Spin Capital, LLC*, No. 1:24-cv-08515 (S.D.N.Y.), to file a letter-motion or other filing permitted by that court's rules and the assigned judge's individual practices, asking that court to decide the pending request to extend the stay to Spin Capital, LLC (ECF No. 204) and to determine the effect of this Court's orders as to it, and, if still needed, to defer decision of the summary-judgment motion as to it (ECF No. 155) while that issue is resolved, and to follow it through; or (b) to file a statement giving the nonprivileged reason no such filing will be made and any alternative protection, together with an application to this Court for instructions to be considered on an expedited basis;

(3) within two business days, to file a short statement, for the twenty-four life insurance policies listed at pages 2 and 3 of NYSCEF Doc. No. 1476 (the "Additional Policies") in *Teton Life LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022 (Sup. Ct. N.Y. County) (the "New York action"), and for the policies maintained by the temporary

receiver in that action, identifying the person responsible for them, the counsel, if any, authorized to make an application concerning them in that action, any known premium, grace-period, lapse or reinstatement date through December 31, 2026, and any known obstacle to protecting the Additional Policies;

(4) within three business days, to file a report of court deadlines, hearings and pending motions through January 31, 2027 in cases in which Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC is a party, with the responsible attorney and the intended step for each, and the status of items (1), (2) and (6);

(5) within five business days, either (a) to authorize Teton Life, LLC's counsel in the New York action to present to that court the part of the application that counsel proposed on August 31, 2026 (NYSCEF Doc. No. 1476) that concerns the Additional Policies — a request for any needed modification of that court's stay and a motion to extend or clarify the temporary receiver's authority to those policies (and, where that court requires it, a preliminary request for a conference or leave) — with authority to follow it through as that court permits or directs; or (b) to file a statement giving the nonprivileged reason that authority will not be given, or will be withdrawn or limited, and any alternative protective measure, together with an application to this Court for instructions;

(6) as to the order entered May 15, 2026 in *FVP Opportunity Fund III, LP v. Zankl*, No. CACE-22-005125 (Fla. 17th Jud. Cir. Ct., Broward County), that authorizes foreclosure of the Debtor's interests in Spin Capital, LLC and Teton Funding, LLC (the "May 15 Florida Order"): (a) within two business days, to file a short statement of the status of the motions addressed to it and of the appeal from it (No. 4D2026-1512 (Fla. 4th DCA)), the Trustee's position on whether relief from it should be sought, who the Trustee contends may seek that relief, the responsible counsel, any permission required first, and the next deadline or risk; and (b) within five business days, either to take, or cause counsel who is authorized and free of conflict on the matter to take, the first procedurally available step toward a ruling on a request for relief from that order — including any permission required first — and to follow it through, or to file a statement giving the nonprivileged reason and the obstacle, together with an application to this Court for instructions; and, if the Trustee declines or identifies a conflict, for the Court to consider, on notice, whether Stanley Q. Casey, Esq. or other independent counsel should be authorized to seek that relief for a limited purpose, and on what terms;

(7) within seven business days, to file a policy-by-policy status report on the Additional Policies and the policies maintained by the temporary receiver; and

(8) until those filings are reviewed, to notify the Debtor and the United States Trustee of any court deadline, or any premium, grace-period, lapse or reinstatement date, that falls before the next report or review date and could result in a default, forfeiture or lapse — as soon as

reasonably practicable, before the threatened default, forfeiture or lapse if reasonably possible, and no later than two business days after learning of it — and promptly to seek on an expedited basis any instructions from this Court that the Trustee contends he needs.

If the order is entered on December 3, 2026, items (1) through (3) and (6)(a) would be due on December 7, item (4) on December 8, items (5) and (6)(b) on December 10 and item (7) on December 14, 2026, and all would be reviewed at the Chapter 11 status conference on December 17, 2026 at 2:00 p.m.; any application for instructions concerning item (1) would be presented before December 10, 2026. If the Court concludes that item (1), (2), (5) or (6) requires a different procedure or further notice, the Debtor asks that the remaining relief be entered and that the Court give directions for presenting that item. The motion relies on 11 U.S.C. §§ 105(a) and (d), 704(a)(7), 1106(a) and 1109(b), and Fed. R. Bankr. P. 9014. It does not ask this Court to direct any other court, to decide whether the May 15 Florida Order or any finding in it is correct, or to decide the motion for relief from the automatic stay at ECF No. 33, which is scheduled for the same hearing, and it does not itself stay any deadline.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: Thursday, December 3, 2026

Hearing Time: 10:00 a.m.

Hearing Location: United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608

Courtroom Number: 2

**Response and reply dates.** Under D.N.J. LBR 9013-2(a)(2) and (3) and Fed. R. Bankr. P. 9006(a), the Debtor calculates that any response is due by Wednesday, November 25, 2026 (because November 26, 2026 is Thanksgiving Day), and any reply by Friday, November 27, 2026.

Under D.N.J. LBR 9013-3(d)(1), the motion will be decided without oral argument unless opposition is filed.

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

Avrumi Lubin, Debtor, pro se, 605 West 42nd Street, New York, New York 10036
Benjamin A. Stanziale, Jr., Chapter 11 Trustee, 2839 Route 10, Suite 102, Morris Plains, New Jersey 07950
Office of the United States Trustee, One Newark Center, Suite 2100, 1085 Raymond Boulevard, Newark, New Jersey 07102

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**Relationship to other matters.** This motion does not ask the Court to modify any order entered in Adversary Proceeding No. 26-01494. The Debtor's pending motion in that proceeding (Adv. ECF No. 25) asks, among other things, that counsel of record for one of the entities named above be permitted to take a step required to preserve collateral or the status quo on advance written notice to the Trustee's counsel, absent a written objection. If the Court grants related preservation relief there, the Debtor will conform or withdraw the corresponding part of this motion. If the Trustee provides the information or takes a step described above before the hearing, the Debtor will promptly notify the Court and narrow or withdraw this motion, using the Court's procedure for reporting a change in the status of a matter. The Debtor appears for himself only.

Dated: November 12, 2026

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com