**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Defendant, pro se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Existing hearing: Dec. 3, 2026, 10:00 a.m.
Requested hearing: Nov. 10, 2026, 1:00 p.m. (not ordered)

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

# SUPPLEMENTAL CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME (HEARING ON PARAGRAPH 3, AND IN THE ALTERNATIVE PARAGRAPH 2 AS TO TETON LIFE, LLC, OF THE PROPOSED ORDER SUBMITTED WITH DKT. 25)

I, Avrumi Lubin, certify as follows:

1. I am the debtor in the above-captioned Chapter 11 case and a defendant in this adversary proceeding. I make this certification in my individual capacity only, on personal knowledge. It supplements my Certification of October 29, 2026 (Dkt. 25-1) in support of my Motion to Alter or Amend the October 23, 2026 Order under Fed. R. Bankr. P. 9023 (Dkt. 25).

2. Dkt. 25 was filed on October 29, 2026. The Clerk listed it for December 3, 2026 at 10:00 a.m. The Notice of Motion (p. 3) asked that paragraph 3 of the proposed order (counsel for Teton Life, LLC) be considered at the November 10, 2026 hearing as to Teton Life, LLC, if the Court found it convenient. As of the date of this certification, I am not aware of any order moving that paragraph to November 10.

3. The October 23, 2026 Order (Dkt. 21) bifurcated the Trustee's requests as to Teton Life, LLC; scheduled "[a] further hearing on the Verified Complaint and Order to Show Cause as to Teton Life, LLC, only ... for November 10, 2026, at 1:00 p.m."; continued the October 15, 2026 restraints as to Teton Life, LLC "[p]ending further order of the Court"; and preserved "[a]ll rights, remedies, and defenses as to Teton Life, LLC" (Dkt. 21 at 4-5, Teton Life paragraphs 1-4). The proviso that "the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding" appears only in the section of the Order addressed to the Subject Entities other than Teton Life, LLC (Dkt. 21 at 5, paragraph 2).

4. Paragraph 3 of the proposed order submitted with Dkt. 25 asks that the proviso apply equally to Teton Life, LLC, subject to the consultation rights of its co-member, and that counsel of record for a Subject Entity in a pending action may take a step required to preserve a deadline, a limitations period, collateral or the status quo, on written notice to the Trustee's counsel, unless the Trustee's counsel objects in writing. Paragraph 2 asks for twenty-one days' written notice and an order of this Court before the Trustee causes or permits a Subject Entity, including Teton Life, LLC, to settle, release, dismiss with prejudice or otherwise dispose of a claim or asset. Neither paragraph restores any authority to me, and neither authorizes me to appear for any entity.

5. Why I ask for a hearing before December 3. On October 30, 2026, counsel for the Intervenor-Defendants in Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County) (the "New York Action"), filed a letter asking that court to sign a proposed "Order Directing Enforcement of Settlement Agreement" submitted on May 29, 2026 (NYSCEF 1508 and 1509; Exhibits A and B). As to Teton Life, LLC, the proposed order would declare the terms placed on the record on November 25, 2025 "an enforceable contract binding upon plaintiff Teton Life, LLC" (paragraph 3); vacate the January 15, 2026 stay "as to all parties other than defendant Stefan Leer" (paragraph 5); direct the Receiver, within two days of service of the order, to deliver $3.5 million to Cap Factor, LLC and "100% of the remaining balance of the Receiver Bank Accounts" to Teton Life, LLC, less the Receiver's allowed fees and expenses (paragraph 8); have Teton Life, LLC and Spin Capital, LLC give releases (paragraph 16); and dismiss "all causes of action, except those as to defendant Stefan Leer," with prejudice (paragraph 20). The letter sets no response date, and I am not aware of any date by which that court will act.

6. Teton Life, LLC's New York counsel wrote on October 9 and October 13, 2026 that the firm would pause non-essential filings until this Court gives direction (Dkt. 25, Ex. D). To my knowledge, no attorney has appeared for Teton Life, LLC in this adversary proceeding. At the October 22, 2026 hearing, the attorney who agreed with the Trustee's counsel to continue the restraints as to Teton Life, LLC introduced himself as follows: "This is Patrick Krenicky. I represent Gavriel Yitzchakov" (Tr. 3:13-14; see Tr. 16:10-14, 17:16-19). The Trustee's counsel told the Court that, as to Teton Life, LLC, I "currently ha[ve] management interest for certain litigation in New York State" (Tr. 9:20-23).

7. My written requests to the Trustee concerning preservation of Teton Life, LLC's position in the New York Action, and the responses, are Dkt. 25, Exhibits F and G-1 to G-3. On October 29, 2026, the Trustee's counsel wrote: "This is our last exchange. ... We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order," and "All settlements will be on notice to parties in the case" (Exhibit C). Earlier that evening she wrote that the Trustee and she had spoken with the Receiver, who "advises the policies are not at risk," and that they "will be speaking with counsel to Cap Factor tomorrow" (Exhibit C). I do not know what was discussed. On November 2, 2026, I asked the Trustee's counsel by email whether the

Trustee consents to the hearing date requested here (Exhibit D). As of my signing this certification, I had received no response.

8. On November 1, 2026, in my own name only, I filed in the New York Action a proposed order to show cause that asks, among other things, that the proposed order at NYSCEF 1509 not be signed except on notice to all parties who have appeared and an opportunity to be heard (NYSCEF 1510-1529). That application does not speak for Teton Life, LLC. It had not been acted on as of this certification.

9. Why December 3 is too late. The New York court may act on NYSCEF 1509 at any time. An order declaring a settlement binding on Teton Life, LLC, directing distribution of the Receiver's accounts, taking releases from Teton Life, LLC and Spin Capital, LLC and dismissing their claims with prejudice would be difficult to undo. A limited liability company may act in court only through counsel. Until this Court states whether the counsel proviso reaches Teton Life, LLC, it is unclear whether anyone other than the Trustee may engage counsel for Teton Life, LLC in this adversary proceeding, and Teton Life, LLC's New York counsel awaits this Court's direction.

10. No prejudice. Dkt. 25 was mailed to all nine recipients on October 29, 2026 (Dkt. 25-12). November 10 is already set for Teton Life, LLC, and the Trustee, his counsel and counsel for Mr. Yitzchakov are already expected to appear. Paragraph 3 changes no deadline, authorizes no disposition of any asset, and preserves both the Trustee's written objection and this Court's further order. Paragraph 2, as applied to Teton Life, LLC, asks only for notice and an order of this Court before a disposition, which is consistent with the Trustee's counsel's statement that "[a]ll settlements will be on notice to parties in the case."

11. What paragraphs 2 and 3 would protect is not speculative. At the February 5, 2025 oral argument in the New York Action, after plaintiff's counsel described Justice Borrok's earlier dismissal, without prejudice, of the usury counterclaim and third-party claim, Justice Bannon stated, "It's law of case," and explained: "That's the reason for 'without prejudice' because it is to be brought up again or renewed at the end of discovery; but if there is nothing in discovery that changes that result, then it's law of the case" (NYSCEF 813, Tr. 38:9-24).

12. Request. I ask the Court, under Fed. R. Bankr. P. 9006(c)(1) and D.N.J. LBR 9013-2(c), to shorten the time for a hearing on paragraph 3 and, in the alternative or in addition, paragraph 2 as applied to Teton Life, LLC, of the proposed order submitted with Dkt. 25, so that they are heard on November 10, 2026 at 1:00 p.m., with the Teton Life, LLC hearing set by Dkt. 21, or at an earlier time the Court sets; with objections due by Friday, November 6, 2026, or as the Court directs; and with the remainder of Dkt. 25 to be heard on December 3, 2026. If the Court enters a further order on November 10 continuing the Trustee's authority over Teton Life, LLC, I ask that paragraphs 2 and 3 be considered in relation to that order as well. I will serve any Order Shortening Time as the Court directs, file a certification of service, and notify chambers by email on the day I file this

application (D.N.J. LBR 9013-2(c)).

13. I appear for myself only. I do not speak for Teton Life, LLC, Spin Capital, LLC or any other entity, and nothing in this application seeks relief for any of them.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 2, 2026
Lakewood, New Jersey

______________________________

Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com

# EXHIBIT A

NYSCEF Doc. No. 1508 - Letter of Peter M. Levine, Esq. to Hon. Nancy M. Bannon, filed October 30, 2026
Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)
(2 pages, as filed)

**PETER M. LEVINE**
ATTORNEY AT LAW
444 MADISON AVENUE
SUITE 410
NEW YORK, NEW YORK 10022

TELEPHONE: 212-599-0009
FACSIMILE: 212-838-8663
chief@pmlevinelaw.com

October 30, 2026

**NYSCEF**
Hon. Nancy M. Bannon
Justice of the Supreme Court
New York County Court House
60 Centre Street, Courtroom 232
New York, New York 10007

**Re: Teton Life LLC v. Golden Foothill Insurance Services, LLC
Index No. 650582-2022**

Dear Justice Bannon:

I represent the Intervenor-Defendants.*/ I write to urge the Court to sign the Order submitted May 29, 2026 by John Giardino of Pryor Cashman LLP, counsel for defendant Cap Factor LLC. [Exhibit 1].

By Notices of Cross-Motion dated May 1, 2026, both the Intervenor-Defendants and Cap Factor moved to enforce the Settlement Agreement made in open court on November 25, 2025. [Doc. Nos. 1368 & 1383]. On May 19, 2026, following oral argument on the Cross-Motions , the Court directed the submission of a proposed order regarding the enforcement of the settlement agreement. [Doc. No. 1141]. Mr. Giardino and I timely complied.

The Order provides for an initial distribution by the Receiver, Fred Stevens, of more than $6 million to plaintiff Teton Life LLC and $3.5 million to Cap Factor, who will remit a portion to the Intervenor- Defendants. No other party in this action has a claim to those funds, which are being held by the Receiver in an account at Wilmington Trust.

The Intervenor Defendants and Cap Factor, which consists of several individual investors, hold Class B shares in Life Shares 1019, LLC, an investment vehicle formed by defendant Stefan Leer. The investors were promised that the return on their investments would be paid from the proceeds of two insurance policies on the life of John P. Utsick, one issued by the John Hancock Life Insurance Company, the other by Brighthouse Financial Life Insurance Co. The investors would receive their promised return within three months after Life Shares 1019 learned of Utsick's death. Utsick died on June 8, 2023, but the investors have yet to receive any portion of their promised return.

*/ Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, the Charissa & Toney Trust, the Charissa Toney Living Trust, Matthew Troy, and American River AG, Inc.

Leer intercepted the proceeds of the John Hancock policy, refused to deliver them to the Receiver, and was held in civil, then criminal, contempt.**/ As a result of an interpleader action commenced in federal court, the Receiver took control of the proceeds of the Brighthouse policy.

By order of this Court [Doc. No. 916], the parties convened in the Court House for a settlement conference September 29, 2025 in the presence of Commercial Division Law Clerk Federica Simonelli. The parties discussed a framework for allocating the assets at issue: the proceeds of the Brighthouse policy, the claim held by the Receiver with respect to the John Hancock policy, the future death benefits from the life insurance policies issued by Zurich American Life Insurance Co. and Accordia Life and Annuity Company, which are also held by the Receiver. Though they made progress, the parties did not reach a settlement.

On November 25, 2025, again by order of this Court [Doc. No. 924], the parties convened in the Court House for a second settlement conference, which again was conducted in the presence of Ms. Simonelli. The Order scheduling the conference required those attending to have "full settlement authority." At the conclusion of the conference, with all counsel present at the counsel table in open court, Ms. Simonelli transcribed by hand and read aloud the final settlement terms, which were incorporated into a typed term sheet. The term sheet contains all terms necessary and sufficient to conclude a settlement.

The settlement will resolve all the claims that have been asserted in this action. All parties who are claiming money damages will receive a payment. The settlement will not make any of the investors whole; all will suffer a loss. Nonetheless, they all wish to abide by the settlement, which provides a fair way to allocate limited resources among Teton Life, Cap Factor, and the Intervenor-Defendants.

It's well over three years since the investors should have received their promised return from the Utsick polices and nearly a year since they accepted a compromise of their claims. Each day they are losing interest on money that is immediately available to pay just a fraction of what they are truly owed – which makes the delay especially frustrating.

At this point, Your Honor, justice delayed is justice denied.

Very truly yours,

cc [NYSCEF]:
All Counsel of Record

**/ The Receiver is pursuing claims against Leer in the United States Bankruptcy Court for the Middle District of Tennessee. All claims against Leer in this action have been severed. [Doc. No. 1471].

# EXHIBIT B

NYSCEF Doc. No. 1509 - Proposed "Order Directing Enforcement of Settlement Agreement,"
with cover letter, submitted May 29, 2026 and filed October 30, 2026
Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022
(12 pages, as filed)

# EXHIBIT 1

# PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806 pryorcashman.com

**John Giardino**

Direct Tel: 212-326-0829
Direct Fax: 212-326-0806
jgiardino@pryorcashman.com

May 29, 2026

**VIA ELECTRONIC MAIL**

Hon. Nancy M. Bannon, J.S.C.
New York County Supreme Court
Commercial Division, Part 61
60 Centre Street, Courtroom 232
New York, NY 10007
Email: SFC-Part61-Clerk@nycourts.gov

**Re:** ***Teton Life, as Assignee of the Rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.*, Index No. 650582/2022**

Dear Justice Bannon:

I represent the Defendant CapFactor LLC in the above-referenced action. I am submitting the enclosed proposed Order settling the cross motions filed by Cap Factor and the Intervenor-Defendants. The Order has been prepared in cooperation with counsel for the Intervenor-Defendants Peter Levine and is approved for submission to the Court by the cross-movants and their respective counsel.

The transcript of the oral argument held before Your Honor on May 19, 2026 is referenced as an attachment to the Order. We are filing the transcript on NYSCEF at the time of this submission.

Thank you for your attention to this matter which we sincerely hope is finally resolved.

Respectfully yours,

John Giardino

cc: All counsel of record via Email

At an IAS Part 61 of the Supreme Court of the State of New York, held in and for the County of New York, at the New York County Court House, 60 Centre Street, New York, New York, on the _ day of June 2026.

P R E S E N T:

HON. NANCY M. BANNON,

Justice.

---

TETON LIFE, LLC, as Assignee of the Rights of Spin Capital, LLC,

Plaintiffs,

-against-

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., ZURICH AMERICAN LIFE INSURANCE CO., ACCORDIA LIFE AND ANNUITY COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE CO., CAP FACTOR, LLC, STEFAN LEER, TATANISHA LEER, LIFE SHARES 1019, LLC, DRVN HOLDINGS, LLC,

Defendants

and

STEPHEN MARIK BROCKMAN, AARON DAVISON, NEILESH DESAI, JENNIFER PURSLEY, MICHAEL SCHWARTZ, SHEILA SCHWARTZ, THE CHARISSA & TONEY TRUST, THE CHARISSA TONEY LIVING TRUST, MATTHEW TROY, and AMERICAN RIVER AG, INC.,

Intervenor-Defendants.

---

Index No. 650582/2022

**ORDER DIRECTING ENFORCEMENT OF SETTLEMENT AGREEMENT**

Defendant Cap Factor, LLC having moved by Notice of Cross-Motion dated May 1, 2026 for an order pursuant to CPLR § 2104:

A. enforcing the settlement reached at the settlement conference in open court on November 25, 2025,

B. granting to the Receiver, Fred Stevens, Esq., the authority to transfer title to the following Zurich Life Policies, which are the subject of the Settlement: Ronald Gresham [Policy No. 177947], Edward Kellar [Policy No. 170604], Jack & Leonora Perry [Policy No. 167060], Dorothy Sisam [Policy No. 172953], Edwin & Dorothy Sisam [Policy No. 172963],

C. Directing the Leer Entities (Golden Foothill Insurance Services LLC, Life Factor II LLC, Life Shares II LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., Life Shares 1019, LLC, and DRVN Holdings, LLC) to deliver to the Receiver all documents relative to each of the Zurich Life Policies including, but not limited to, the policy, reports related to the policy, authorization executed by the insured, and premium notices; and

Intervenor-Defendants having moved by Notice of Cross-Motion dated May 1, 2026 for an order pursuant to CPLR § 2104:

A. enforcing the settlement reached at the settlement conference in open court on November 25, 2025,

B. declaring this action resolved in accordance with the settlement,

C. authorizing the Receiver to take all action and sign all documents necessary and sufficient to effectuate the settlement; and

Each of the Cross-Motions having duly come to be heard and a hearing having been held May 19, 2026 before Hon. Nancy M. Bannon, at which Cap Factor, LLC appeared

by Pryor Cashman LLP (John Giardino, Esq., of counsel), the Intervenor-Defendants appeared by Peter M. Levine, Esq., the Leer Entities appeared by Heskin & Proper, PLLC (Shane Heskin, Esq., of counsel), plaintiff Teton Life, LLC appeared by Amini LLC (Jeffrey Chubak, Esq., of counsel), defendant Zurich American Life Insurance Co. appeared by Carlton Fields, P.A. (Sibel Cagatay, Esq. and Irma Solares, Esq., of counsel), and defendant John Hancock Life Insurance Company having appeared by Kelley Drye & Warren LLP (Caitlin R. Hickey, Esq., of counsel); and

The Receiver having been present at the hearing; and

The Court having at the hearing granted each of the Cross-Motions and directed the submission of an order;

NOW, on reading and filing the Notice of Cross-Motion dated May 1, 2026 and the Affirmation of John Giardino dated May 1, 2026, submitted in support of the Cross-Motion filed by Cap Factor, LLC; and upon the Notice of Cross-Motion dated May 1, 2026, the Affirmation of Peter M. Levine dated May 1, 2026 and the exhibits thereto, the Memorandum of Law dated May 1, 2026, the Reply Affirmation of Peter M. Levine dated May 15, 2026 and the exhibits thereto, all submitted in support of the Cross-Motion filed by the Intervenor-Defendants; the Affirmation of Shane Heskin dated May 12, 2026 and the exhibits thereto, submitted in opposition to each of the Cross-Motions;

NOW, upon the aforesaid written submissions, the statements and arguments at the hearing May 19, 2026, the transcript of the hearing attached to this Order, and due deliberation having been had thereon, the Court makes the following findings and conclusions:

(a) By order of this Court, the parties convened in the Court House for a settlement conference September 29, 2025 in the presence of Commercial Division Law Clerk Federica Simonelli.

(b) At the September 29 settlement conference, the parties discussed a framework for allocating the assets at issue: the cash proceeds of the life policy issued by Brighthouse Financial Life Insurance Company and held by the Receiver in accounts at Wilmington Trust and Flagstar Bank (the "Receiver Bank Accounts"), the claim held by the Receiver with respect to the life policy issued by John Hancock Life Insurance Company, and the future death benefits from the Zurich Life Policies. Though they made progress, the parties did not reach a settlement.

(c) On November 25, 2025, again by order of this Court, the parties convened in the Court House for a second settlement conference, which again was conducted in the presence of Commercial Division Law Clerk Federica Simonelli. The Order scheduling the conference required those attending to have full settlement authority.

(d) Counsel for all parties appeared at the November 25, 2025 conference with full settlement authority. At the conclusion of the conference, counsel reported to the Court that a full settlement of all claims was reached.

(e) Counsel recited the specific terms to Law Clerk Simonelli for the purposes of memorializing the settlement.

(f) Counsel for the Intervenors, Peter M. Levine, repeated those final settlement terms as reported in the presence of all counsel to confirm he had transcribed them correctly. Nobody corrected Levine.

(g) With all counsel present at the counsel table in open court Ms. Simonelli transcribed by hand and read aloud the final settlement terms.

(h) At the conclusion of the conference, the Court memorialized the terms in a settlement memorandum dated November 25, 2025.

(i) The settlement memorandum includes all terms necessary and sufficient to conclude a settlement of this action.

(j) Plaintiff Teton Life, LLC, by Avrumi (Josh) Lubin, and defendant Cap Factor, LLC, by John Giardino, signed the settlement memorandum.

(k) Counsel for the Leer Entities did not sign the settlement memorandum for reasons deemed unjustified by this Court.

(l) Counsel for the Intervenors, Peter M. Levine, did not sign the settlement memorandum, because the motion by his clients to intervene had yet to be granted and his clients were not yet parties to this action.

(m) The Intervenors' motion to intervene was granted by Order dated December 15, 2025.

(n) Cap Factor, LLC and the Intervenor-Defendants have reached a settlement regarding the allocation of the proceeds Cap Factor will receive under the settlement made November 25, 2025.

(o) The Leer Entities and their counsel have no claim to the assets which are the subject of the aforementioned settlement.

(p) The settlement memorandum complies with the requirements of CPLR § 2014 for enforcement by the Court.

NOW, on motion by Pryor Cashman LLP, attorneys for Cap Factor, LLC, and on motion by Peter M. Levine, attorney for the Intervenor-Defendants, it is hereby ORDERED:

1. The Cross-Motion of Cap Factor, LLC is in all respects granted.

2. The Cross-Motion of the Intervenor-Defendants is in all respects granted.

3. The terms of settlement placed on the record at the settlement conference November 25, 2025 and as set forth in the settlement memorandum transcribed by the Court

are declared to be an enforceable contract binding upon plaintiff Teton Life, LLC, defendant Cap Factor, LLC, and each of the Leer Entities.

4. All causes of action as to defendant Stefan Leer are severed pursuant to CPLR § 603.

5. The stay imposed by Order dated January 15, 2026 as to all parties other than defendant Stefan Leer is vacated.

6. The Receiver is designated and appointed as the attorney-in-fact for each of the Leer Entities for the purpose of executing and delivering any or all papers or taking any other action necessary and sufficient to deliver, turnover, transfer, or convey all right, title, and interest in each of the Zurich Life Policies.

7. The Receiver is hereby authorized to deliver, turnover, transfer, or convey all right, title, and interest in each of the life policies that are the subject of the settlement memorandum.

8. The Receiver shall within two days of the service of this Order with notice of its entry deliver to Cap Factor, LLC $3.5 million from funds on deposit in the Receiver Bank Accounts, and the Receiver shall also deliver to Teton Life, LLC 100% of the remaining balance of the Receiver Bank Accounts, less allowed but unpaid fees and expenses of the Receiver and his firm (if any). Said deliveries shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

9. The Receiver shall within two business days of the service of this Order with notice of its entry execute and deliver to Zurich American Life Insurance Co. any documents necessary and sufficient to designate Teton Life, LLC as the irrevocable beneficiary of 100% of the proceeds of the Zurich Life Policies and to transfer ownership of said policies to Teton, free and clear of any collateral assignments or other competing claims concerning the Zurich Life Policies of which Zurich is aware.

10. All future death benefits paid on account of the Zurich Life Policies shall be paid to the Receiver and paid over by the Receiver as follows: Teton Life, LLC shall be entitled to sixty-five percent of the Net Death Benefits, and Cap Factor, LLC shall be entitled thirty-five percent balance of the Net Death Benefits. The "Net Death Benefit" of a particular Zurich Life Policy means the amount of death benefits paid to the Receiver on account of said policy, with interest, less premiums funded in respect of any said policy by Teton after the entry of this Order. Said payments shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

11. Cap Factor, LLC shall within two days of receiving any funds pursuant to this Order shall deliver to the Intervenor-Defendants the allocation of said funds reserved for them in that certain Settlement Term Sheet dated January 15, 2026. Said deliveries shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

12. The Leer Entities shall within 10 days of the service of this Order with notice of its entry, deliver to the Receiver all documents relative to each of the Zurich Life Policies including, but not limited to, the policy, reports related to the policy, authorizations executed by the insureds, and premium notices.

13. After the service of this Order with notice of its entry, Zurich American Life Insurance Co. shall transmit to each of the Receiver, Teton Life, LLC, and Cap Factor, LLC all invoices for premium payments due in respect of the Zurich Life Policies, as well as all other notices concerning any of the Zurich Life Policies.

14. Teton Life, LLC shall be responsible for funding all premium payments that come due after the entry of this Order, by paying said amounts to the Receiver at least two business days prior to the due date for paying same set forth in the invoice(s). In the event Teton fails to fund any premium payment due for any Zurich Life Policy and Cap Factor,

LLC elects to fund such premium payment, Cap Factor shall give Teton and the Receiver fourteen days' notice of Cap Factor's intention to make such payment, and if (a) such fourteen days elapse without Teton having made such payment and (b) Cap Factor makes such payment in its stead, the allocation of death benefits payable solely in respect of the policy on which Cap Factor makes premium payment shall be Cap Factor 65% and Teton 35%.

15. Within two business days of the service of this Order with notice of its entry, the Leer Entities shall dismiss the federal case pending in the United States District Court for the Southern District of New York, *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al.*, 24-cv-8515, as against Spin Capital LLC, BMF Advance LLC, Gavriel Isaacov, Avrumi (Josh) Lubin, and Yoel Getter a/k/a Joel Geta pursuant to Fed. R. Civ. P. 41(a), with prejudice. The Leer Entities shall have no obligation to dismiss the federal case as against Hi Bar Capital, LLC or Yisroel Herbst.

16. Effective upon the service of this of this Order with notice of its entry, Teton Life, LLC and Spin Capital LLC, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Cap Factor, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action; provided, however, the foregoing release shall not become effective as to Life Shares1019, LLC until the full and final resolution of the

Receiver's claims and causes of action with respect to the life policy issued by John Hancock Life Insurance Company.

17. Effective upon the service of this of this Order with notice of its entry, Cap Factor, LLC, on behalf of itself, and any of its predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and its past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Teton Life, LLC, Spin Capital, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action.

18. Effective upon the service of this of this Order with notice of its entry, the Leer Entities, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of Cap Factor, LLC, Teton Life, LLC, Spin Capital LLC, Cap Factor, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent,

arising out of the claims that are or could have been asserted in this action or in the aforesaid federal case. Nothing herein shall be construed to constitute a release by the Leer Entities of Hi Bar Capital, LLC or Yisroel Herbst.

19. Effective upon the service of this of this Order with notice of its entry, the Intervenor-Defendants, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and its past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Teton Life, LLC, Spin Capital, LLC, Zurich American Life Insurance Co., Cap Factor, LLC, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action.

20. The forgoing constitutes the final Order of this Court and all causes of action, except those as to defendant Stefan Leer, are hereby dismissed with prejudice except as to the right of any party to seek enforcement of this Order.

21. This Court shall retain jurisdiction of this action to enforce the terms of this Order.

ENTER:

______________________________
Justice of the Supreme Court

# EXHIBIT C

Excerpts of two emails from Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee) to Avrumi Lubin, October 29, 2026. Omitted text is marked [...]. The omitted portions concern other matters. The complete emails will be provided to the Court on request.

**Email 1 of 2**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Thursday, October 29, 2026, 6:43 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>; John C. Leininger <jcl@os.law>
Cc: ben@stanzialelaw.com; sam@wynwoodcapitalgroup.com; sol@wynwoodcapitalgroup.com; mmoloshok@hlgslaw.com; Isaac@gssservices.com; Jsturm@gssservices.com; ken@krbpllc.com; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe@argylemgmt.com; pkrenicky@weirlawllp.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
Subject: Re: Bridgelink Deal - Participation Interests - Spin's counsel and ranch protection

[...] I will tell you that the Trustee and I spoke with the Receiver in NY today. He advises the policies are not at risk and I will engage with him to confirm in writing. We are speaking with the Johnson brothers' counsel tomorrow, will be speaking with counsel to Cap Factor tomorrow and then following up with Mr. Yitzachov's counsel.

**Email 2 of 2**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Thursday, October 29, 2026, 9:37 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: jcl@os.law; FStevens@klestadt.com; ben@stanzialelaw.com; sam@wynwoodcapitalgroup.com; sol@wynwoodcapitalgroup.com; mmoloshok@hlgslaw.com; Isaac@gssservices.com; Jsturm@gssservices.com; ken@krbpllc.com; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe@argylemgmt.com; pkrenicky@weirlawllp.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; jwurtzel@schlamstone.com; awping@schlamstone.com; jb@jsjb.law; alankartenlaw@gmail.com
Subject: Re: Bridgelink Deal - Participation Interests - Spin's counsel and ranch protection

[...] This is our last exchange. [...] We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order. You have been ordered to comply. [...] All settlements will be on notice to parties in the case. [...]

# EXHIBIT D

Email from Avrumi Lubin to counsel to the Chapter 11 Trustee, sent November 2, 2026 (Eastern), copying the Trustee and the Office of the United States Trustee

From: Josh Lubin <josh@tetonfunding.com>
Sent: Monday, November 2, 2026
To: Patricia A. Staiano <pstaiano@hlgslaw.com>
Cc: Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Benjamin A. Stanziale, Jr. <ben@stanzialelaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
Subject: Adv. 26-01494 - consent to hear Dkt. 25 paras. 3 and 2 (Teton Life) on November 10

Pat,

One yes-or-no question, so the Court can be told either way.

Will the Trustee consent to the Court hearing paragraph 3, and in the alternative paragraph 2 as it applies to Teton Life, LLC, of the proposed order submitted with my Rule 9023 motion (Dkt. 25) at the November 10, 2026, 1:00 PM Teton Life hearing, instead of December 3? Paragraph 3 concerns counsel for Teton Life, LLC. Paragraph 2 concerns notice and a court order before any disposition of a Teton Life, LLC claim or asset.

If yes, I will submit a consent order. If not, or if I do not hear back, I will file an application to shorten time today and note your position.

I write individually, for myself only.

Josh Lubin
(732) 608-4905
josh@tetonfunding.com