Avrumi Lubin, Debtor, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2026 NOV 18 P 3:12

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>**AVRUMI LUBIN a/k/a JOSH LUBIN,**<br>Debtor. | Case No. 26-17342 (EJO)<br>Chapter 11<br>Dec. 17, 2026, 10:00 a.m. |

## CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF LEAVE TO SUPPLEMENT

1. I am the individual Chapter 11 debtor. I filed the motion at ECF No. 157 on November 12, 2026. This certification is made in my own capacity.

2. From November 12, 2026 through the date I sign this certification, I have not received a written report identifying the current status or next premium deadline for any of the 24 additional policies listed in the August 31 New York filing. This statement concerns what I received. I do not know every action taken by the carriers, receiver, Trustee or counsel.

3. I have reviewed Exhibit A. It is a copy of the one-page letter filed November 13, 2026 in *Teton Life LLC v. Golden Foothill Ins. Servs., LLC*, New York County Index No. 650582/2022, NYSCEF No. 1538. Its two separately filed enclosures are not reproduced.

4. I attended the November 10 hearing. I recall Ms. Patricia Staiano, counsel to the Trustee, describing review of policies outside the receiver's authority and inviting a focused email explaining my position and recommendation. The Court declined my request to add a preservation-plan requirement to the preliminary order. My contemporaneous understanding and same-evening request for correction are described in Main ECF No. 156, paragraph 16.

5. On November 17, I sent the 1:46 p.m. email reproduced in Exhibit B and received Ms. Staiano's 2:00 p.m. reply. Exhibit B reproduces those messages' substantive text and identifies omitted earlier quoted messages. I rely on the reply for what it says; I do not know every action taken outside my presence.

6. On November 16, Ms. Staiano requested my consent to additional time for both the Trustee and her firm to respond to my counterclaim. I agreed. She then referred to consultation with a carrier. Part 1 of Exhibit C reproduces that exchange.

7. On September 30, 2026, I emailed the Trustee, Ms. Staiano and Mr. Moloshok a memorandum and binder concerning an asserted claim by Spin against Kean Miller. I identify that communication to establish the notice I gave, not to establish that my allegations were correct. The memorandum and binder are not exhibits to this filing.

8. On November 16, Mr. Wilson sent me the April 2, 2025 engagement letter and proposed discussing my conflict question and obtaining the Trustee's direction on the appeal. I permitted consultation and requested a written update on the conflict question, deadline and responsible counsel. Part 2 of Exhibit C reproduces selected procedural passages. Other portions, including privilege discussions, are omitted; this filing makes no assertion that I prohibited all consultation or never consented to disclosure.

9. I have reviewed Exhibit D. Part 1 reproduces selected pages of the Jet shareholder-case ruling, identified by their original ECF page numbers. Part 2 reproduces pages 1-4 of the April 2, 2025 engagement letter, including its terms and acceptance page; the electronic-signature audit page is omitted. I signed that letter. I rely on these documents for their contents, not as a determination of any current fee balance, claim ownership or malpractice liability.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. section 1746.

Dated: November 18, 2026

______________________________
Avrumi Lubin, Debtor, pro se