Avrumi Lubin, Debtor, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>**AVRUMI LUBIN a/k/a JOSH LUBIN,**<br>Debtor. | Case No. 26-17342 (EJO)<br>Chapter 11<br>Dec. 17, 2026, 10:00 a.m. |

# MEMORANDUM OF LAW IN SUPPORT OF LEAVE TO SUPPLEMENT

The proposed supplement compares the November 10 hearing discussion with the later policy-status correspondence, identifies the decision-maker and deadline questions in the Jet proceedings, and focuses the existing May 15 request on the estate's authorized decision-maker. Lubin seeks leave to have that material considered on ECF No. 157, with an opportunity for affected parties to respond. This motion does not seek a ruling on the underlying relief.

## I. The additional material bears directly on relief already requested.

The November 13 New York letter and November 17 correspondence postdate ECF No. 157. Exhibits A and B. The letter reports the continuing injunction and an intended update after December 17. The email exchange identifies the additional-policy information requested and counsel's response concerning the receiver and ongoing efforts. Neither provides individual policy status. Lubin's certification addresses his participation and the information he received. These materials support the reporting requested in items 3, 7 and 8; they establish neither a lapse nor that no protective work occurred.

The November 16 correspondence also supplies concrete facts concerning overlapping defense and administration roles and the acknowledged Jet conflict question. Exhibit C. Exhibit D provides the relevant Jet ruling and engagement terms. The requested Jet report remains within

items 4 and 8: present proceedings, responsible counsel and deadline protection. This motion does not add a malpractice claim or seek appointment of Jet counsel.

The statement also explains how the existing public record bears on the authorized decision-maker and conditional independent-counsel relief requested in item 6. Rules 9013 and 9014 provide for a particularized request, service and an opportunity to be heard. Granting leave would permit consideration of the material without deciding its evidentiary weight, expanding an adversary pleading or adding a new merits remedy.

**II. The requested status information concerns estate administration.**

Section 1109(b) permits the individual debtor to raise and be heard on issues in this case. Section 1106(a)(1) incorporates section 704(a)(7), which, unless the Court orders otherwise, requires the Trustee to furnish requested information concerning the estate and its administration. ECF No. 157 invokes that reporting function. The requested information is the status of the Trustee's work, the authorized next step and any relevant deadline; it is not a demand for privileged advice or authority for Lubin to represent an LLC. That information duty is not conditioned on entry of a new reporting order. The proposed schedule would make compliance concrete; the present record does not establish that a prior court-ordered reporting deadline was violated.

**III. Independence must be evaluated in the particular matter.**

Section 327(a) requires estate professionals to be disinterested and to hold or represent no adverse estate interest. An actual conflict requires disqualification, a potential conflict permits discretion, and appearance alone is insufficient. *In re Boy Scouts of America*, 35 F.4th 149, 158 (3d Cir. 2022). The inquiry concerns competing interests affecting the estate's economic interests and effective representation. *Id.* at 158-59.

*In re BH & P, Inc.*, 949 F.2d 1300, 1315-17 (3d Cir. 1991), involved counsel serving related estates with claims against one another. It does not make reconsideration of prior advocacy an automatic conflict. Conversely, *Boy Scouts* upheld retention where the disputed representation

did not impair advocacy for the debtor and separate counsel handled insurance matters. 35 F.4th at 159. These decisions call for examination of the particular assignment and competing interests.

Item 6 already asks for an authorized step concerning the May 15 order or a nonprivileged explanation, and conditionally requests consideration of independent counsel. The supplement asks who can assess and implement that decision for the estate, including whether the same person's response to allegations concerning that decision creates a need for separate advice. Allegations alone establish no conflict. If separate estate counsel is warranted, employment remains subject to the Trustee's application, section 327 and Rule 2014.

**IV. Leave can be granted while preserving a fair response and the existing schedule.**

The proposed order accepts the materials for consideration, preserves objections to their admissibility and weight, and reserves the merits of ECF No. 157. Affected parties may address the supplement, with further briefing as the Court directs. The Court may coordinate this motion with the December 17, 2:00 p.m. hearing noticed in ECF No. 162. No change to that setting is presumed.

**Conclusion.** Grant leave to submit the certification, proposed supplemental statement and Exhibits A through D for consideration on ECF No. 157. Reserve relief outside that motion for appropriate separate notice.

Preparation disclosure: I used ChatGPT to assist in preparing these papers. I have reviewed them before signing and remain responsible for their contents.

Dated: November 18, 2026

Avrumi Lubin, Debtor, pro se