Avrumi Lubin, Debtor, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>**AVRUMI LUBIN a/k/a JOSH LUBIN,**<br>Debtor. | Case No. 26-17342 (EJO)<br>Chapter 11<br>Dec. 17, 2026, 10:00 a.m. |

# PROPOSED SUPPLEMENT TO ECF NO. 157 REGARDING INDEPENDENT REVIEW AND POLICY STATUS

Subject to leave, Lubin submits the following in support of the reporting and conditional protective relief already requested in Main ECF No. 157. The subjects are the estate's authorized response to the May 15 Florida order, current information about the 24 additional policies, and identification of responsible counsel and deadlines in the Jet proceedings.

**1. Identify who can evaluate and implement the existing May 15 request.**

The Trustee proposes avoiding the May 15 charging lien to preserve the Debtor's interests in Spin and Teton Funding for all estate creditors, while relying on the order's control and asset-shielding findings to support extension of the bankruptcy proceeding. *Stanziale v. Lubin*, Adv. No. 26-01494, ECF No. 3-1, paras. 6-8. His counsel also invoked those findings for preclusion. ECF No. 19, para. 6. Item 6 concerns what action would protect the estate and who can evaluate and implement it. Neither that distinction nor disagreement with Lubin establishes a conflict.

Item 6(b) already requests an authorized protective step or a nonprivileged explanation and, if the Trustee declines or identifies a conflict, consideration of independent counsel on notice. The requested response should identify the decision to be made, who is authorized to make and implement it, any governing deadline, and whether that person would be evaluating his or her own challenged position. If separate counsel is proposed, identify the client, limited assignment, funding, budget and proposed reporting date.

Current orders remain operative. This supplement preserves the request for an authorized step or explanation and, where warranted, independent counsel through the proper employment procedure. It does not ask this Court to adjudicate the correctness of the Florida findings.

**2. Address overlapping roles only as they bear on that decision.**

Lubin's counterclaims and request for leave against the Trustee and counsel, Adv. No. 26-01494, ECF Nos. 43-44, establish neither liability nor disqualification. Main ECF No. 132 approved Hellring Lindeman Goldstein & Siegal LLP as Trustee's counsel. If the same person's role in responding to those claims bears on the estate's evaluation or implementation of item 6, identify the relevant client, assignment and decision-maker, and whether separate advice is needed.

The November 16 correspondence adds a specific reason to identify those roles: Ms. Staiano sought an extension for the Trustee and her firm to answer the counterclaim; Lubin consented; she then referred to consultation with a carrier. Exhibit C, Part 1. For the May 15 and policy-protection decisions already raised, the Trustee should identify whether the responsible adviser would also be assessing conduct implicated in claims against that adviser or firm, and whether separate advice is being obtained. If not, explain how the estate's decision will receive independent consideration. The exchange establishes neither insurer control nor improper payment of defense costs.

This inquiry concerns the estate's decision, not disclosure of defense communications or a determination of personal-defense fees. Any broader investigation or allocation of company recoveries would require separate notice. No company asset or trust claim is treated as the individual debtor's property by this request.

**3. Provide policy-specific information sufficient to identify the next protective step.**

New York counsel identified 24 additional policies as potential collateral. NYSCEF No. 1476 (Aug. 31, 2026), pp. 2-4. Main ECF No. 156, para. 9, records counsel's October 29 report that the receiver said the policies were not at risk and written confirmation would follow. It also states that the receiver's November 2 list of five Zurich policies contained none of the 24. The report should clarify whether the assurance covers the additional policies and identify their next deadlines. This record establishes no lapse or loss.

On November 3, Trustee's counsel opposed Lubin's particular New York application and described consultation with the receiver and counsel. Adv. No. 26-01494, ECF No. 43-29, Ex. C-28, PDF pp. 2-3; Main ECF No. 156, paras. 11, 15. That opposition did not establish opposition to all protective action.

At the November 10 hearing in Adv. No. 26-01494, Ms. Staiano described an inquiry into policies outside the receiver's authority and invited one focused email explaining Lubin's position and recommendation. Lubin Cert., para. 4; hearing audio, approximately 0:19:17-0:20:14 and 1:21:40-1:22:54. The Court declined an additional preservation-plan provision and observed that the preliminary relief did not prevent appropriate action by the Trustee. Id., approximately 1:37:34-1:38:10. Lubin's same-evening request for clarification is described in Main ECF No. 156, para. 16. This was an invitation for input and a report of investigation, not a guarantee of a particular outcome or a court-imposed deadline.

The November 13 letter reported the continuing injunction and an intended court update after December 17. Exhibit A. Although his email also addressed other matters, on November 17 at 1:46 p.m. Lubin requested policy-specific status, premium deadlines and identification of required authority or funding. Counsel's 2:00 p.m. reply questioned his concerns about the receiver's ability to maintain the policies, described delay in the New York court, and reported efforts concerning a John Hancock payment made to Leer. Exhibit B. Those efforts must be

acknowledged, but the reply does not identify which additional policies are protected or their next deadlines.

The Court should assess whether those status descriptions adequately establish the condition and protection of the 24 additional policies. Those general accounts do not identify whether the additional policies are protected or their next deadlines. The requested report would make counsel's account of investigation verifiable and identify what remains necessary. A dated, policy-specific report would distinguish completed protective steps from proposed work and unresolved risks.

Item 7 of ECF No. 157 requests a report within seven business days of an order. For each additional policy, using a neutral code, the report should identify: (a) whether it falls within the receiver's authority; (b) the last verified status and date of verification; (c) any next premium, grace-period or reinstatement deadline; and (d) the responsible person, next step and target date. Unknown information should be identified, together with the planned means and timing for obtaining it. This permits a concrete assessment of any protection needed before the next hearing.

Item 8 requests earlier notice of a deadline that could cause loss. Policy numbers, insureds' identities and health information need not be placed on the public docket. The reporting request runs to the Trustee concerning his administration; it does not direct the receiver, carriers or the New York court. A single report may address overlapping relief in Adv. ECF No. 57, on the schedule this Court determines.

**4. Identify accountable counsel and current deadline protection in the Jet proceedings.**

The Jet record presents a specific self-review concern. Wilson signed Kean Miller's motion seeking additional time to object to confirmation. Jet Main No. 22-70126, ECF No. 243, pp. 2-3. The extension was granted. ECF No. 253, p. 2. The shareholder-case ruling entered October 1, 2026 records that Spin filed no confirmation objection and holds that the confirmed plan bars its later constructive-transfer claim. Adv. No. 24-07004, ECF No. 76, pp. 2, 8-9; Exhibit D, Part 1. The ruling also rejects bad-faith or vexatious-litigation treatment. It does not determine malpractice, responsibility for the omission, causation or damages.

Lubin notified the Trustee and counsel of the asserted Kean Miller claim on September 30. Lubin Cert., para. 7. On November 16, Wilson expressly acknowledged the conflict question and proposed obtaining the Trustee's direction on the appeal. Lubin permitted consultation and requested a written status update. Exhibit C, Part 2. The April 2, 2025 engagement also provides for recoveries to pay expenses and outstanding Kean Miller Jet/RWDY invoices before further distributions, and for contingent compensation. Exhibit D, Part 2, pp. 1-2. These terms identify financial interests to assess; they do not establish an improper fee or a current unpaid balance. Responsibility must be examined against each lawyer's actual assignment: Kean Miller's February 17, 2023 engagement described it as local counsel taking direction from lead counsel or authorized persons.

Under items 4 and 8, the report should identify each current Jet proceeding, operative order, pending matter, next deadline, intended protective step and responsible lawyer within the periods already requested. Distinguish the shareholder-transfer proceeding, Adv. No. 24-07004, from the earlier contract/claim proceeding, Adv. No. 23-07003, and their respective appeals. If a recommended next step requires evaluating Wilson's or Kean Miller's earlier work, identify who will make that assessment and whether the person or firm whose work is questioned will participate. Explain any separate review or safeguards without disclosing privileged advice. This

requests accountability for present case handling; it does not adjudicate a company claim, treat it as Lubin's personal property, or appoint additional counsel through this supplement.

**Requested disposition**

Grant leave to consider this supplement on ECF No. 157. When deciding that motion, grant the reporting and conditional protective relief already requested to the extent supported by the record. Preserve an opportunity to address material disputed facts and coordinate overlapping reporting requests. This supplement seeks no new management authority, stay modification, removal, sanctions or separate ruling on Adv. ECF Nos. 57-58.

Dated: November 18, 2026

Avrumi Lubin, Debtor, pro se