Hellring Lindeman Goldstein & Siegal LLP
COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 24, 2026

By ECF

Honorable Eamonn James O'Hagan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Avrumi Lubin a/k/a Josh Lubin
Case No. 26-17342 (EJO)
Response to ECF no. 154
- - - - - - - - - - - - - - - - - - - - - -
Benjamin A. Stanziale, Jr., Ch. 11 Trustee for
Avrumi Lubin a/k/a Josh Lubin v. Avrumi Lubin. et. al.
Adv. Pro. No. 26-01494 (EJO)
Response to ECF no. 52 in adversary
Hearing Date: December 3, 2026

Dear Judge O'Hagan:

This firm represents Benjamin A. Stanziale, Jr., the Chapter 11 Trustee (“Trustee”) for Avrumi Lubin (“Debtor”). Please accept this letter memorandum in lieu of a more formal brief in opposition to Debtor’s motions, filed on November 12, 2026, seeking limited relief from the automatic stay (ECF 154) and clarification or amendment of this Court’s October 23, 2026 Order (ECF 52 in adversary) so that the Debtor can take certain specific actions in a pending Florida action and related appeal in which the Debtor is involved. However, as has been discussed in greater detail in a different context in the Trustee opposition to Debtor’s motion to compel the Trustee to take various actions (ECF 157), what the Debtor is really seeking is to utilize the Court as the Debtor’s instrument to direct the Trustee’s actions.

Buried in the pile of information provided by the Debtor about the underlying Florida action, what is most critical to the Court’s consideration here is paragraph 13 of the Debtor’s Certification filed on November 12 in ECF 154. The Debtor states that, on November 11, 2026, he asked the Trustee to authorize Florida counsel to take the actions the Debtor desires. The Debtor attaches as Exhibit C the email he relies upon, from 4:21 pm on November 11. In that

email, Debtor demands action by November 13 at noon. Then, at approximately 1:21 pm on November 12 (see ECF 154--ink filing stamp on first page of Notice of Motion), the Debtor filed this motion (ECF 154) in the main case. The Debtor demands action of the Trustee even more immediate than if the Trustee or his counsel were the Debtor's counsel and, when Debtor does not get the result that he demands, he files yet another motion. Suffice it to say, this is not how the bankruptcy practice works or can possibly work. The Trustee incorporates by reference in this regard his arguments in his opposition to ECF 157 (main case) also to be heard on December 3.

Simply stated, if the Court had wanted the Debtor in control, the Court would not have appointed a Chapter 11 Trustee and then followed up by issuing the October 23 Order. The stay should also not be vacated so the Debtor can pursue his own course in circumvention of this Court's orders. Moreover, the Debtor will have his opportunity to seek carve-outs from the October 23 Order, at the hearing on December 17. He need not waste the Court's and the Trustee's time with yet another motion to be heard two weeks earlier because the Trustee did not immediately agree to his demands. Many matters sat around for months, or even years, when Debtor was in charge, but now that the Trustee has been given control (because of the Debtor's, at best, questionable decision-making) the Debtor requires instant gratification. The Debtor thus continues to clog the Court's dockets with an endless stream of reaction to his unanswered demands for immediate, non-deliberative action. In the Debtor's mind, the Debtor always knows what's best and everyone else involved in this bankruptcy should merely be his instrument. The Debtor's track record of losses in various courts in various states speaks for itself. The bankruptcy estate and its creditors deserve better than knee-jerk reactions to arguments and rulings; or, for that matter, threats to sue counsel or file criminal charges against them or to mandamus judges. That is not how bankruptcy works, or can possibly work.

For the foregoing reasons and those set forth in response to ECF 157, the Trustee respectfully requests that the Court deny the relief requested by the Debtor in his two motions addressed by this letter memo.

Respectfully yours,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bml

cc: Benjamin A. Stanziale, Jr., Trustee (by email)
All parties listed on the Certification of Service