**Hellring Lindeman Goldstein & Siegal** LLP

COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 24, 2026

By ECF

Honorable Eamonn James O'Hagan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Avrumi Lubin a/k/a Josh Lubin
Case No. 26-17342 (EJO)
Response to ECF no. 157, 156, 155, 158
Hearing Date: December 3, 2026

Dear Judge O'Hagan:

This firm represents Benjamin A. Stanziale, Jr., the Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor"). Please accept this letter memorandum in lieu of a more formal brief in opposition to Debtor's motion, filed on November 12, 2026, seeking to compel various actions by the Trustee. ECF 157.

In order to support his narrative that this motion seeks routine relief, the Debtor seeks to portray his motion as merely seeking that the Trustee be responsive to information requests in accordance with the statutory prescription under 11 U.S.C. §704(a)(7). However, in reality what the Debtor is doing is seeking to use the Court as an instrument for the Debtor to micromanage and control the Trustee's actions. Principally in connection with ongoing legal actions, the Debtor seeks the Court to set short deadlines to provide various pieces of information in order to compel certain actions that the Debtor desires or, at a minimum, outline various pieces of the Trustee's legal strategy. As the Debtor has repeatedly asserted to the Trustee and his counsel through his firehose of demands for immediate action, the Debtor knows what should be done or not done, and it is up to the Trustee to follow the Debtor's directives. Often the Debtor demands action without time for investigation, reflection or consultation. The Debtor says, in essence, that the Trustee should agree with the Debtor's analysis and submit to his directives, or suffer consequences. However, the Debtor is not the Trustee's, or his counsel's, client. As the Debtor

has been repeatedly told, the Debtor cannot tell the Trustee or his counsel what to do. Thus, the Debtor seeks to enlist the Court's aid to bridge that gap for him. Furthermore, the Debtor is not a lawyer. The Trustee has refused to take certain actions in various courts upon the advice and agreement of counsel to the Subject Entities (counsel the Debtor himself retained pre-petition) and he still endlessly harasses the Trustee and counsel to do what he instructs. Status telephone calls have stopped; the Debtor's screaming, interrupting and use of profanity rendered them useless.

Moreover, the Debtor's demands are often vexatious, threatening, contain vulgar language and contain falsehoods. For example, only two weeks ago, in a series of emails with multiple recipients, he stated that the Trustee and his counsel were under criminal investigation. These false, defamatory, libelous emails, fueled with anger and vitriol, are constant. The Debtor has tried to make it impossible for the Trustee and counsel to attend to serious business and questions and conduct a proper investigation. Trustee and counsel remain undaunted. Moreover, when we speak with other counsel in various matters across the country and the Debtor does not like what we report to him, he accuses them of being "criminals". A sampling of the Debtor's vile, reckless emails and email strings in which they are contained (for context and completeness) are attached to the accompanying Certification. The Trustee refuses to take such reckless actions as instructed by the Debtor.

As we have noted before, if the Court had viewed the Debtor's decisions as in the main sound, the Court would likely not have taken the somewhat unusual step of appointing a Chapter 11 Trustee, particularly in an individual case. Further, if the Court wanted the Debtor to nonetheless continue to control various litigation and related decisions for the so-called "Subject Entities" that are the subject of the Trustee's adversary proceeding (26-01494-EJO), the Court would not have entered its October 23, 2026 Order in the adversary proceeding (ECF 21 in the adversary). That Order enjoined the Debtor from "taking actions in the name of the Subject Entities" and stated that "the Trustee has the sole authority to act" for them "as to any management or litigation decisions". See para. 2.[1] Not content with his baseless motions in the adversary to attack the content of the October 23 Order, the Debtor now seeks, before the ink is even dry, to circumvent that Order. The Debtor thus seeks to use the Trustee's ordinary course disclosure obligations as a club to force the Trustee to submit to the Debtor's micromanagement of the actions and other activities now clearly entrusted to the Trustee. The Court should reject this obvious subterfuge and allow the Trustee to act in the ordinary course to pursue his investigation, to reflect upon, and consult regarding what he finds, and then take appropriate action where needed, and not because the Debtor demands it.

Moreover, and this cannot be stressed enough, the Trustee and his counsel are ready and willing to engage in professional and focused communications, within reasonable timelines, to obtain

---

[1] See also similar November 12, 2026 Order as to Teton Life, LLC, para. 2. ECF 48 in adversary.

and evaluate information from the Debtor. But there is so much "noise" created by the Debtor, who seems incapable of answering simple, direct questions, that it impedes a fulsome dialogue and investigation of what may be meritorious positions.

For the foregoing reasons, the Trustee respectfully requests that the Court deny the relief requested by the Debtor in his motion.

Respectfully yours,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bml

cc: Benjamin A. Stanziale, Jr., Trustee (by email)
All parties listed on the Certification of Service