# ATTACHMENT 3

**Patricia A. Staiano**

**From:** Patricia A. Staiano
**Sent:** Friday, November 20, 2026 1:12 PM
**To:** 'Josh Lubin'
**Cc:** Heidi A. Feinman; Rachel Wolf; Stanley Casey; Ben; Matthew E. Moloshok; Bruce S. Etterman
**Subject:** RE: Demand for investigation and referral — Leto Brown escrow; privilege consent

Mr. Lubin,

This happened a year and a half ago. We have not said we will not investigate; we just cannot do right away. What is your rush? We will not act on your timeline on this because we need to review everything and make a determination after considering all the information. That cannot happen in 24 hours. We were trying to get further information from Mr. Leto voluntarily, and your emails to him shut that right down.

We will look into this. But we cannot react as quickly as you because we need time to come to our own assessment. We cannot control you; you are doing things on your own timeline.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Friday, November 20, 2026 1:05 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** Demand for investigation and referral — Leto Brown escrow; privilege consent

Ben and Patricia,

I demand prompt investigation of the Brown escrow disbursements and referral of my theft allegation to the appropriate authorities. The attached report provides the supporting record.

Leto's engagement and his own court filing identify me and Spin as joint clients. I approved placing the funds in his escrow but never authorized the payments he now reports. His November 18 email describes approximately $97,000 paid toward old Hi Bar invoices and approximately $346,000 disbursed at Hi Bar's direction. Please reconcile the joint-client documents with the denial of direct representation relayed to me.

Please preserve and obtain the complete ledger, bank records, invoices, recipients and instructions; identify the authority for each payment; and investigate available estate recovery claims under 11 U.S.C.

§ 1106(a)(3)–(4). The settlement explanation and adverse orders need examination against the actual payment records.

Please forward this report to the U.S. Trustee Program and appropriate law enforcement. Also assess the reporting obligation under 18 U.S.C. § 3057 and make the required report if there are reasonable grounds concerning a covered federal offense or a related investigation. If you decline a referral or further investigation, please state your factual and legal basis in writing.

To the extent I personally hold and may waive attorney-client privilege, I waive it for communications concerning Leto's representation of me and handling of the Brown escrow as addressed in this report. I authorize Leto and his firm to disclose related communications and records to investigating authorities, the Florida Bar, and the Trustee and counsel. Please identify and address any separate estate-controlled or other-client privilege that requires additional consent or court direction.

Please acknowledge receipt and provide your proposed investigative steps and referral position by noon Eastern on Monday, November 23, 2026.

Avrumi (Josh) Lubin
732-608-4905
josh@tetonfunding.com

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Friday, November 20, 2026 at 7:52 AM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "Heidi A. Feinman" <Heidi.A.Feinman@usdoj.gov>, Rachel Wolf <Rachel.Wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Re: In re Lubin, 26-17342-EJO | Emergency examination of Matthew Leto requested by noon November 21

No deadlines
Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

> On Nov 20, 2026, at 7:49 AM, Josh Lubin <josh@tetonfunding.com> wrote:
>
> Patricia,
>
> I agree that the Trustee needs evidence before drawing any conclusion about criminal conduct. In August 2025, I knew about the settlement dispute. I did not know Mr. Leto had disbursed the $444,039.50 in Ed Brown proceeds. His April 11 email to Michael Kasen,

copied to me, confirmed he held those funds in trust. On November 18, he told Mr. Moloshok that approximately $97,000 paid Hi Bar's invoices and approximately $346,000 was disbursed at Hi Bar's direction.

I took action concerning Mr. Leto. On March 24, 2025, I moved in Broward to terminate his firm's representation of Hi Bar (Filing No. 219490134). On August 25, my counsel sought clarification of the settlement order (Filing No. 230162252). On March 27, 2026, I submitted a signed complaint concerning Mr. Leto to The Florida Bar.
Paragraph 4 of Judge Haimes's August 14 order records that I filed Spin's assignment to me personally of its rights under the Common Interest Agreement (CIA). The order incorporates his August 13 oral ruling, which approved the settlement concerning the AWB registry proceeds and expressly left open my separate claims against Hi Bar and Mr. Leto (Tr. 41:2–16).

Paragraph 8 says Hi Bar terminated the CIA. On September 3, Judge Haimes said that language "was not meant to be a finding" (Tr. 18:11–21). On September 10, he denied clarification but reiterated that he had not decided my separate claim (Tr. 13:20–14:14). Where an earlier oral ruling conflicts with a written order, Florida's Fourth District generally gives the oral ruling controlling effect. Cajuste v. Herlitschek, 204 So. 3d 80, 83 (Fla. 4th DCA 2016).

I dispute that the settlement extinguishes my assigned rights. Paragraph 2 expressly excludes both me and Spin. I also challenge paragraphs 9(a)–(b) as a collusive Mary Carter arrangement. They required FVP and Franklin to pursue Hi Bar to reach me, Spin, and Getter through veil piercing, while barring a standalone verdict against Hi Bar or collection from it on a veil-piercing judgment. Florida treats an agreement requiring a settling defendant to remain in the litigation as void against public policy. Dosdourian v. Carsten, 624 So. 2d 241, 246–47 (Fla. 1993).

The Trustee's fiduciary duties include investigating potential estate claims and reporting his findings under 11 U.S.C. § 1106(a)(3)–(4). I ask him to correct any estate filing that treats my separate CIA rights as extinguished and to have Florida counsel seek appropriate relief. Paragraph 16 of the Broward order provides that it remains binding unless stayed or vacated.

By noon Eastern today, November 20, please confirm whether the Trustee will seek Mr. Leto's Rule 2004 examination and obtain the trust ledger, invoices, written payment instructions, and cleared checks or wire confirmations. Those records should identify who received each payment, when, and on whose authority.

Josh

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Friday, 20 November 2026 07:17:20
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok

<mmoloshok@hlgslaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** Re: In re Lubin, 26-17342-EJO | Emergency examination of Matthew Leto requested by noon November 21

Mr. Lubin,

This has been going on since August of last year. We are busy for the next two weeks addressing your motions returnable on December 3 and December 10.

We are sorry you did not take action on this issue since last August, and we certainly need more information before we accuse anyone of criminal conduct.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Friday, November 20, 2026 at 12:56 AM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>, Rachel Wolf <Rachel.Wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>, Ben <Ben@stanzialelaw.com>, Matthew E. Moloshok <MMoloshok@hlgslaw.com>, Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** In re Lubin, 26-17342-EJO | Emergency examination of Matthew Leto requested by noon November 21

Ben,

Please file an emergency motion by noon Eastern today, Friday, November 20, 2026, seeking a sworn Rule 2004 examination of Matthew P. Leto and production of the records for the $444,039.50 in Ed Brown vehicle proceeds. Please send me the filed motion and ECF number by noon. If the trustee has not filed by then, I will file my own application in my individual capacity and ask Judge O'Hagan to authorize the examination.

Hi Bar, FVP and Franklin had notice of my asserted rights. On May 14, 2025, JL Special Investments and I moved for summary judgment in Broward on the continued effect of the Common Interest Agreement and the rights Spin assigned to me personally. Hi Bar moved to strike that motion two days later. On August 25, my counsel advised the Broward court that the motion still had not been heard. See Broward Filing Nos. 223143709, 223301856 and 230162252 ¶ 37.
Judge Kimball's August 12 order identified Hi Bar, FVP and Franklin as joint movants and addressed the March 17 assignment to me personally. He explained that, if my assignment position was correct, I was the proper party to join FVP and Franklin in requesting release of the AWB registry funds. He expressly left that dispute unresolved. See AWB ECF 952, pp. 5–9.

I dispute Hi Bar's authority to direct payment of the separate Brown escrow. Mr. Leto told your counsel that approximately $97,000 paid old Hi Bar invoices and that he disbursed approximately $346,000 at Hi Bar's direction. The estate still needs answers to three questions:

1. Who instructed Mr. Leto on my behalf, on Spin's behalf, and on Hi Bar's behalf in each matter covered by his engagement? What authority did each person have? His firm acknowledged that Spin and I were joint clients. He should explain under oath what he meant by the statement Patricia reported that he never represented either of us "directly." See AWB ECF 934, pp. 2–4.
2. What authorized each payment on the date he made it? Identify who gave the unanimous instructions contemplated by § 4(b) of the Brown agreement, or the priority judgment and appeal status relied on under § 4(c). If Mr. Leto relied on the later settlement, establish when FVP actually received the AWB registry deposit and when he first released Brown funds.
3. Who received the money? Obtain the trust ledger, paid invoices, written instructions, and cleared checks or wire confirmations showing the payee, date and exact amount of every transfer.

Please request preservation of those records immediately. If you decline to file, please state your reasons in writing by noon today and identify which records the trustee has already secured.

Josh

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, 18 November 2026 21:24:36
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** Re: Karma escrow — Leto's written confirmation and request for disbursement records

Yes. I asked mr casey to file a fraud on the court motion and I said I don't think the judge can correct this on a clarification motion whn 98% OF THE ORDER FOESNT MATCH THE RECORD AND CONTRADICTS THE RECORD.

HES ON THIS EMAIL CHAIN AND HE WS AT THE SEPTEMBER HEARING

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Wednesday, November 18, 2026 at 9:18 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "Heidi A. Feinman" <Heidi.A.Feinman@usdoj.gov>, Rachel Wolf <Rachel.Wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Re: Karma escrow — Leto's written confirmation and request for disbursement records

Did you ask anyone else to address?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 18, 2026, at 9:16 PM, Josh Lubin <josh@tetonfunding.com> wrote:

Withdrew and never answer me again.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Wednesday, 18 November 2026 21:15:39
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** Re: Karma escrow — Leto's written confirmation and request for disbursement records

What did your attorney do in response? What did you do? We are playing catch up from 2025

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 18, 2026, at 8:27 PM, Josh Lubin <josh@tetonfunding.com> wrote:

"Michael
Thank you for reaching out.
Josh Lubin does not have a first position lien on any proceeds (whether first or otherwise) pertaining the
Karma matter. Unfortunately, Mr. Lubin's positions are not based on any reality.
If he has information that demonstrates his lien on any such proceeds, please send that to me for review
as I am unaware of any such documentation. I am aware of documents that Lubin attempts to

characterize as a lien, but I am sure if you read them, you will also conclude that they do not equate to any
lien rights. For example, if he has presented you with a Cooperation Agreement with Hi Bar that he
contends provides those rights, you will clearly see that this document is not an assignment of Hi Bar's
position. It was merely an agreement as to how to split Hi Bar's proceeds if certain conditions were met.
That contract was terminable at will. Hi Bar terminated that agreement more than one year ago - in writing.
With that being said, **I can tell you that I am holding $444,039.50 in Trust that can only be distributed by
Court order after a Court of competent jurisdiction determines whether Hi Bar, Franklin Capital, or FVP,
have a priority lien.** Lubin was well aware of this agreement when it was reached in December 2023. No
funds that were provided to me arising from the sale of cars in the Karma case have been distributed and
will not be distributed until a Court allows me to do so or an agreement is reached between the relevant
lien holders (which does not include Mr. Lubin based on the documentation I am aware of). There are also
other funds being held pending that same determination of priority in the SD FL Bankruptcy Court registry.
I hope this answers your inquiry.
Sincerely,
Matthew Leto
"

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 8:22 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf <rachel.wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Karma escrow — Leto's written confirmation and request for disbursement records

Pat, Ben and Matt,

Attached is Matthew Leto's April 11, 2025 email to Michael Kasen, copying me. He expressly states: "I am holding $444,039.50 in Trust."

He also states that none of the Karma vehicle-sale proceeds provided to him had been distributed, and that distribution would require court authorization or agreement among the relevant lienholders.

Pat, you asked whether I knew the money had been disbursed. No. Mr. Leto's written confirmation is the record I relied on. It confirms custody as of April 11, 2025; I am now requesting the records showing what happened afterward.

Please obtain and provide:

1. The date, amount and recipient of every disbursement, supported by the trust ledger and wire or check confirmations.
2. The exact court order and paragraph, release instructions, and other authority relied upon, including evidence that any settlement conditions were satisfied before payment.
3. Mr. Leto's written confirmation of the remaining balance, even if zero, and the basis for stating that all funds left before the trustee's appointment.

Please address this Karma escrow separately from the AWB bankruptcy-registry proceeds. The statement that Mr. Leto no longer holds the money does not answer where it went or establish that the release complied with the governing documents.

Separately, the engagement agreement I supplied names Spin and me as clients and expressly describes us as joint clients. Please reconcile that document with the statement that Hi Bar was his only client.

Please preserve the relevant records and confirm when the supporting documents will be provided. Banking records should be produced securely, subject to applicable confidentiality restrictions.

Josh

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 8:18 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf <rachel.wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

Leto told just tuter and mr Breslin can confirm this and sual ewing was there to that he never represented spin or lubin and the judge told him your engagement letter clearly says he represents me and spin. He also billed me stupide money and I asurthirized the settle with ed brown wich was approved by judge kimball

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 8:11 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf <rachel.wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

Btw the settlement agreement with franklin, hi bar and FVP was never enforced and it was denied by judge kimball.

you cant assign something that was already assigned to spin capital and I never assigned it back to hi bar and I never legally had to and this is just nuts.

I think these people actualy though judge kimball was going to rule that franklin owns all of spin capitals rights to all obligations, and that's obviously not the case. Zero was transfer. View the trial records.

ill bet that mr Breslin still has the money (plus other money from the cars the excell trustee gave to him) in escrow though has other issues because he sold cars without my permission and violated a TRO and commited other shenanigans.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 8:05 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf <rachel.wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

I THINK YOU HAVE A DUTY TO REPORT IT TO CRIMINAL AUTHORITIES AS WELL. DOES HE NOT HAVE IT AS HE TOOK THE MONEY OR DID HE TURN IT OVER TO THE GOVERMENET OR SOMEWHERE TO BE PROTECTED???

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 8:01 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A.

Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf
<rachel.wolf@usdoj.gov>, Stanley Casey
<scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok"
<mmoloshok@hlgslaw.com>, "Bruce S. Etterman"
<BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

Heres the engagement letter. And he bills spin. A few 100k. spin and lubin are clearly cleints and he at least [pretended to be taking instructions from me for the time I thought he was protecting my interest.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Wednesday, November 18, 2026 at 7:59 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf
<rachel.wolf@usdoj.gov>, Stanley Casey
<scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok"
<mmoloshok@hlgslaw.com>, "Bruce S. Etterman"
<BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

No I have an email of him saying its in his escrow account and I filed that with the court. From may of 2025 or so.

if I knew he stole the moneym, wouldn't I have a duty to file a police report??? Only 30% of it belongs to the estate. The rest is other peoples money. I think by law I need to file a police report tomorrow

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Wednesday, November 18, 2026 at 7:35 PM
**To:** Josh Lubin <josh@tetonfunding.com>, "Heidi A. Feinman"
<heidi.a.feinman@usdoj.gov>, Rachel Wolf
<rachel.wolf@usdoj.gov>, Stanley Casey
<scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok"
<mmoloshok@hlgslaw.com>, "Bruce S. Etterman"
<BSEtterman@hlgslaw.com>
**Subject:** RE: Avrumi Lubin

I am reporting the conversation, nothing more. You asked us to get the money from Mr. Leto; he no longer has it and has not had it for some time. Did you know that before you asked us to investigate?
Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, November 18, 2026 7:34 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>; Rachel Wolf <rachel.wolf@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>
**Subject:** Re: Avrumi Lubin

Im clearly on his engagent letter and judge tuter told him to his face that im a client and leto said im not. Lubin and spin are cleints on his engagement letter

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Wednesday, November 18, 2026 at 7:32 PM
**To:** Josh Lubin <josh@tetonfunding.com>, "Heidi A. Feinman" <heidi.a.feinman@usdoj.gov>, Rachel Wolf <rachel.wolf@usdoj.gov>, Stanley Casey <scasey@sqcaseylaw.com>
**Cc:** ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>
**Subject:** FW: Avrumi Lubin

We have been speaking and corresponding with Matthew Leto in response to your requests. Leto advises that he never represented Spin or you directly. His only client was Hi Bar, which essentially was taking the lead under a common interest agreement. He did receive funds several years ago to be held in escrow for Hi Bar and subsequently there was a settlement on notice to all parties in the Broward County action to in which you and Spin objected. Mr. Leto advises that the court approved the settlement over the objections and authorized disbursement of the funds. He disbursed the funds and is not holding the money. You asked us to get it back from him. It is gone. And it was gone before the Trustee was appointed.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330

F: +1.973.621.7406
pstaiano@hlgslaw.com

This email and its attachments may contain confidential and/or legally privileged information from the law firm of Hellring Lindeman Goldstein & Siegal LLP. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email and attachments is strictly prohibited and those contents should be returned to this firm immediately. Although this email and its attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, no responsibility is accepted by Hellring Lindeman Goldstein & Siegal LLP for any loss or damage arising in any way from its use. This communication, including attachments and enclosures, is not intended to provide any tax advice, is not a substitute for a formal tax opinion, and is not sufficient to avoid tax-related penalties.