# ATTACHMENT 4

**Patricia A. Staiano**

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 2, 2026 8:49 PM
**To:** Patricia A. Staiano
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben; Matthew E. Moloshok; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin; Jerry Breslin; alankartenlaw@gmail.com; abe zagelbaum; akelly@kbtlaw.com
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

**Importance:** High

777 Main Street | S

TX 76102

O: 682.332.1902

Bri

"Burn the ships, we're not turning b


SUN TZU
THE
ART
OF
WAR

#SUNTZU

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 02 November 2026 19:33:57
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** jwurtzel@schlamstone.com <jwurtzel@schlamstone.com>; awping@schlamstone.com <awping@schlamstone.com>; dgoldsmith@schlamstone.com <dgoldsmith@schlamstone.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; chief@pmlevinelaw.com <chief@pmlevinelaw.com>; david@almeidalawgroup.com <david@almeidalawgroup.com>; shane@heskinproper.com <shane@heskinproper.com>; jgould@carltonfields.com <jgould@carltonfields.com>; scagatay@carltonfields.com <scagatay@carltonfields.com>; isolares@carltonfields.com <isolares@carltonfields.com>; chickey@kelleydrye.com <chickey@kelleydrye.com>; jmetzinger@kelleydrye.com <jmetzinger@kelleydrye.com>; fstevens@klestadt.com <fstevens@klestadt.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov <Rachel.Wolf@usdoj.gov>; Kirsten.K.Ardelean@usdoj.gov <Kirsten.K.Ardelean@usdoj.gov>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>; emltrustee61@gmail.com <emltrustee61@gmail.com>; eml@trustesolutions.net <eml@trustesolutions.net>; phillip@thompsonburton.com <phillip@thompsonburton.com>; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com <alankartenlaw@gmail.com>; Alexander P. Wentworth-Ping <awping@schlamstone.com>; John Giardino <jgiardino@pryorcashman.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

See you in court.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 2, 2026, at 6:07 PM, Josh Lubin <josh@tetonfunding.com> wrote:

Ms. Staiano,

I disagree with your categorical assertion that I have no standing or interest in the New York litigation. My position is explained in my memorandum at NYSCEF 1514 and the proposed supplement lodged with my request for leave at NYSCEF 1530–1531.

Your account omits a material part of the procedural record.

**1. The court expressly clarified the dismissal.**

Justice Borrok's January 4, 2024 order states:

"The motion to dismiss the counterclaims was granted without prejudice and the intention was that the Defendants would be entitled to seek appropriate proportional discovery as to the underlying debt and, if appropriate, reassert counterclaims."

NYSCEF 466 at 2. Please address that clarification, rather than relying only on the earlier dismissal and subsequent withdrawal of the appeal. I am not claiming that the dismissed claims were automatically reinstated.

**2. Third-party defendants have participation rights under New York law.**

CPLR 1008 expressly gives a third-party defendant the rights of a party adverse to the other parties. In Houston Casualty Co. v. Cavan Corp. of NY, Inc., 158 A.D.3d 536, 539 (1st Dep't 2018), the First Department applied that statute to permit a third-party defendant to seek disposition of the plaintiff's claim against the third-party plaintiff.

I invoke that rule in asking Justice Bannon to determine my procedural rights in light of the complete record, including NYSCEF 466. The later orders also continue to identify me in the third-party caption, including NYSCEF 1363 and 1471. I do not suggest that a caption alone resolves the question.

**3. The proposed relief expressly concerns me personally.**

NYSCEF 1509 names me in paragraph 15, contains release language addressing past and present managers in paragraph 16, and proposes dismissal with prejudice of the remaining causes of action in paragraph 20. My request to be heard about provisions purporting to affect me personally is not a request to represent Teton Life or another entity.

Formal party status is also not the sole possible basis for seeking relief.
In Oppenheimer v. Westcott, 47 N.Y.2d 595, 602–603 (1979), the Court of Appeals recognized that an interested person need not have been an original party to seek appropriate relief under CPLR 5015. I cited that as an alternative procedural basis, not as an unlimited right to litigate other persons' claims.

**4. The court's supervisory authority over its receiver is a separate consideration.**

In Alexander v. Valumet Chocolate Co., 240 App. Div. 769, 770 (2d Dep't 1933), the court upheld an order requiring a receiver to account despite doubt about the applicant's standing. That authority concerns the court's power to supervise its own officer; it does not depend entirely on accepting my asserted party status.

Finally, paragraph 6 of the Tennessee order expressly leaves my New York party status, standing, and entitlement to participate for the New York Supreme Court to determine. I am asking that court to address those questions. I am not claiming that Tennessee decided them in my favor or displaced the New Jersey orders.

Please address these authorities and the January 4 clarification. If you maintain that a particular request in Motion 054 violates a New Jersey order, please identify the precise request and operative provision. That is a separate issue from your assertion that I have no interest or possible procedural basis to be heard in New York.

Avrumi "Josh" Lubin
In my individual capacity
732-608-4905
josh@tetonfunding.com

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Monday, November 2, 2026 at 5:53 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Rachel.Wolf@usdoj.gov" <Rachel.Wolf@usdoj.gov>, "Kirsten.K.Ardelean@usdoj.gov" <Kirsten.K.Ardelean@usdoj.gov>, "Heidi.A.Feinman@usdoj.gov" <Heidi.A.Feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>, Josh Lubin <josh@spincapital.com>, Jerry Breslin <jerry@breslin.law>, "alankartenlaw@gmail.com" <alankartenlaw@gmail.com>, "Alexander P. Wentworth-Ping" <awping@schlamstone.com>, "Giardino, John" <jgiardino@pryorcashman.com>
**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

I refer to Mr. Karten's email of today at 5:36 pm.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Patricia A. Staiano
**Sent:** Monday, November 2, 2026 5:52 PM
**To:** 'Josh Lubin' <josh@tetonfunding.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com;

scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Giardino, John <jgiardino@pryorcashman.com>
**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Mr. Lubin,

Please be advised:

You are neither a plaintiff nor a defendant in the New York State case. You were named individually as a third-party defendant in a counterclaim filed in that suit (docket no. 50). However, a motion to dismiss the counterclaim was granted (docket no. 261) and then appealed (docket 262). The appeal was later withdrawn on April 30, 2024. How are you a party and what is your standing or interest in the NY state litigation?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 2, 2026 5:40 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Giardino, John <jgiardino@pryorcashman.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)
**Importance:** High

Ms. Staiano,

I dispute your characterization of my application and your assertion that I am in contempt. I do not agree that withdrawal is required for the reasons stated in your email.

I am named as a third-party defendant in the New York record, and I maintain that I am entitled to participate in my individual capacity. My procedural position is presented in the filed papers. Mr. Wentworth-Ping's characterization is not a judicial determination.

Attached is the Tennessee court's October 7 order, exactly as filed on NYSCEF as Document 1506. Paragraph 6 expressly provides:

"Nothing in this Order determines Movant's party status, standing, or entitlement to participate in the New York Action under New York procedure, all of which remain for the Supreme Court of the State of New York."

Justice Bannon therefore has that New York procedural question before her. I am not claiming that Tennessee already decided it in my favor.

The Tennessee order also reserves questions arising in my New Jersey bankruptcy and does not authorize me to represent any entity. I recognize those are separate issues. Motion 054 identifies me as the individual movant, and its proposed order expressly preserves the October 15 and October 23 New Jersey orders.

If you contend that particular relief requested in Motion 054 violates those orders, please identify the exact provision relied upon and the particular request or act you contend violates it. Your email's declaration of contempt is not a contempt determination by Judge O'Hagan. I reserve my right to respond through the proper judicial process.

I also require a direct explanation of your addition of Jerrell "Jerry" Breslin and Alan Karten, FVP's Florida counsel, to this correspondence. This is the second documented thread where you have added them:

1. On October 29 at approximately 9:37 p.m., you added both attorneys to "Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection." Neither appeared on your 9:03 p.m. reply.
2. On November 2 at approximately 5:09 p.m., you added both attorneys to this New York thread when asserting contempt and demanding withdrawal of Motion 054. Neither appeared on the preceding November 1 exchange.

Please answer in writing:

1. Why were they added to each thread, and at whose request?
2. Are they participating solely as FVP's counsel, or have either been asked to assist the Trustee or your firm concerning Bridgelink, Teton Life, or Motion 054?
3. **Have FVP, Mr. Breslin, or Mr. Karten asserted any right to control, direct, or exercise my individual decision-making authority or the management or litigation authority of any Subject Entity? If so, please identify who asserted that right, the specific authority and entities involved, the claimed legal basis, and whether the Trustee or your firm has accepted, relied upon, or acted on that assertion.**
4. Did either attorney or FVP request, contribute to, or otherwise participate in formulating the demand that I withdraw Motion 054? Please identify any nonprivileged involvement.

5. Is there any engagement, joint-representation arrangement, or other relationship concerning these matters beyond communications between the Trustee's counsel and counsel for a creditor? If so, please identify its nature and any applicable court disclosure.

These are requests for an explanation of their role and involvement, not a demand for privileged legal advice.

I ask the U.S. Trustee representatives copied here to review these two instances and the explanation provided, and determine whether further inquiry or disclosure concerning the Trustee's and counsel's independence or potential conflicts is warranted. Please acknowledge this request and advise whether supporting correspondence should be submitted separately.

My outstanding preservation request also remains: will the Trustee authorize Teton Life's New York counsel to seek appropriate stay modification and policy-preservation relief? If not, please state the Trustee's position and the protective course proposed instead.

Please provide a substantive written response. I reserve all rights, including for the November 10 hearing.

Avrumi "Josh" Lubin
In my individual capacity
732-608-4905
josh@tetonfunding.com

---

**From:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>
**Date:** Monday, November 2, 2026 at 5:09 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Rachel.Wolf@usdoj.gov" <Rachel.Wolf@usdoj.gov>, "Kirsten.K.Ardelean@usdoj.gov" <Kirsten.K.Ardelean@usdoj.gov>, "Heidi.A.Feinman@usdoj.gov" <Heidi.A.Feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>, Josh Lubin <josh@spincapital.com>, Jerry Breslin <jerry@breslin.law>, "alankartenlaw@gmail.com" <alankartenlaw@gmail.com>, "Alexander P. Wentworth-Ping" <awping@schlamstone.com>, "Giardino, John" <jgiardino@pryorcashman.com>

**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Mr. Lubin,

According to Mr. Wentworth-Ping, you are NOT a party to the New York State case. You are in violation of the October 15, 2026 Bankruptcy Court Order. Furthermore, the court CONFIRMED that it is the Trustee that has the sole authority to act in the stead of the DEBTOR (this means you, Mr. Lubin) as to any management and litigation decisions regarding the Subject Entites.

You are in contempt of the October 15 Order as it applies to Teton Life, LLC. Withdraw your pleading in the New York state action.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, November 1, 2026 6:26 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Ms. Staiano,

The movant is me, Avrumi Lubin, personally and on my own behalf only, as a named third-party defendant in the New York action (CPLR 1008). I do not act for, or in the name of, Teton Life, Spin Capital, or any other entity. The proposed order states that nothing in it affects the automatic stay in my Chapter 11 case or the October 15 and 23, 2026 orders in Adv. Pro. No. 26-01494 (NYSCEF 1515 ¶ 4).

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Sunday, 01 November 2026 18:11:22
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** jwurtzel@schlamstone.com <jwurtzel@schlamstone.com>; awping@schlamstone.com <awping@schlamstone.com>; dgoldsmith@schlamstone.com <dgoldsmith@schlamstone.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; chief@pmlevinelaw.com <chief@pmlevinelaw.com>; david@almeidalawgroup.com <david@almeidalawgroup.com>; shane@heskinproper.com <shane@heskinproper.com>; jgould@carltonfields.com <jgould@carltonfields.com>; scagatay@carltonfields.com <scagatay@carltonfields.com>; isolares@carltonfields.com <isolares@carltonfields.com>; chickey@kelleydrye.com <chickey@kelleydrye.com>; jmetzinger@kelleydrye.com <jmetzinger@kelleydrye.com>; fstevens@klestadt.com <fstevens@klestadt.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov <Rachel.Wolf@usdoj.gov>; Kirsten.K.Ardelean@usdoj.gov <Kirsten.K.Ardelean@usdoj.gov>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>; emltrustee61@gmail.com <emltrustee61@gmail.com>; eml@trustesolutions.net <eml@trustesolutions.net>; phillip@thompsonburton.com <phillip@thompsonburton.com>; Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

What have you done? Who is the "movant" in theses papers? Under what authority?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

> On Nov 1, 2026, at 5:07 PM, Josh Lubin <josh@tetonfunding.com> wrote:
>
> All,
>
> Today at 4:58 PM I filed on NYSCEF, under Motion Seq. No. 054, a letter to Justice Bannon asking leave to file a short supplemental memorandum of law (NYSCEF 1530). The proposed supplement is attached to it as Exhibit 1, marked "PROPOSED" (NYSCEF 1531). It is not filed as an operative paper unless the Court grants leave.
>
> Copies of both are attached.
>
> Josh Lubin
> (732) 608-4905
> josh@tetonfunding.com

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Sunday, November 1, 2026 at 2:01 PM
**To:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "rachel.wolf@usdoj.gov" <rachel.wolf@usdoj.gov>, "kirsten.k.ardelean@usdoj.gov" <kirsten.k.ardelean@usdoj.gov>, "heidi.a.feinman@usdoj.gov" <heidi.a.feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>
**Cc:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Counsel, Mr. Stevens, and the Trustees:

As I wrote earlier today, attached are complete copies of the papers I filed today on NYSCEF in the above action, as a third-party defendant appearing pro se:

NYSCEF 1510 — Letter to Justice Bannon (Commercial Division Rule 24)
NYSCEF 1511 — Proposed Order to Show Cause
NYSCEF 1512 — Affirmation of Avrumi Lubin
NYSCEF 1513 — Statement of Prior Applications (CPLR 2217[b])
NYSCEF 1514 — Memorandum of Law
NYSCEF 1515 — Proposed Order, with Schedules A and B
NYSCEF 1516–1527 — Exhibits A through L
NYSCEF 1528 — Index of Exhibits
NYSCEF 1529 — Certifications

Spin Capital, LLC is copied on this email at josh@spincapital.com.

I will tell you the date, time and place at which the Court will consider the application as soon as I learn it. I write only in my own name.

Avrumi (Josh) Lubin
Third-party defendant, pro se
605 West 42nd Street, New York, NY 10036
(732) 608-4905 · josh@tetonfunding.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Sunday, November 1, 2026 at 12:43 PM
**To:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "rachel.wolf@usdoj.gov" <rachel.wolf@usdoj.gov>, "kirsten.k.ardelean@usdoj.gov" <kirsten.k.ardelean@usdoj.gov>, "heidi.a.feinman@usdoj.gov" <heidi.a.feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>
**Subject:** Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Counsel, Mr. Stevens, and the Trustees:

Please take notice that today, November 1, 2026, I will file on NYSCEF in the above action a proposed order to show cause (Motion Seq. No. 054), as a third-party defendant appearing pro se. Based on the Tennessee bankruptcy court's order of October 7, 2026 (NYSCEF 1506), it asks the Court:

(1) to modify its January 15, 2026 stay order (NYSCEF 999), as modified July 24, 2026, so that the action may proceed against the non-debtors, the stay remaining in effect as to Stefan Joseph Leer and property of his bankruptcy estate;

(2) to preserve the life insurance policies listed in the Receiver Order (NYSCEF 245) and in NYSCEF 1476; and

(3) to direct that the cross-motions at NYSCEF 1368 and 1383 not be granted, and the proposed order at NYSCEF 1509 not be signed, except on notice and an opportunity to be heard.

Pending the decision, the proposed order to show cause asks that the same stay change apply, and that NYSCEF 1509 not be signed and no action be taken on NYSCEF 1508 except on notice. Nothing in it affects my own Chapter 11 stay or the New Jersey bankruptcy court's orders.

Later today I will email you complete copies of all papers as filed, with their NYSCEF numbers. I will tell you the date, time and place at which the Court will consider the application as soon as I learn it. I write only in my own name.

Avrumi (Josh) Lubin
Third-party defendant, pro se
605 West 42nd Street, New York, NY 10036
(732) 608-4905 · josh@tetonfunding.com
<650582_2022_TETON_LIFE_LLC_as_Assi_v_TETON_LIFE_LLC_as_Assi_EXHIBIT_S__1531.pdf>
<650582_2022_TETON_LIFE_LLC_as_Assi_v_TETON_LIFE_LLC_as_Assi_LETTER___CORRESPOND_1530.pdf>

This email and its attachments may contain confidential and/or legally privileged information from the law firm of Hellring Lindeman Goldstein & Siegal LLP. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email and attachments is strictly prohibited and those contents should be returned to this firm immediately. Although this email and its attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, no responsibility is accepted by Hellring Lindeman Goldstein & Siegal LLP for any loss or damage arising in any way from its use. This communication, including attachments and enclosures, is not intended to provide any tax advice, is not a substitute for a formal tax opinion, and is not sufficient to avoid tax-related penalties.

<NYSCEF_0466_DECISION___ORDER_ON.pdf>
<2026-11-02_Exhibit_A_TN_Order_NYSCEF1506_Extract.pdf>