# ATTACHMENT 8

**Patricia A. Staiano**

**From:** Timothy Neumann <timothy.neumann25@gmail.com>
**Sent:** Monday, November 16, 2026 7:58 PM
**To:** Josh Lubin; Patricia A. Staiano
**Cc:** Mack Wilson; Eric Lockridge; Ben; Matthew E. Moloshok; Rachel Wolf; Kirsten K. Ardelean; Heidi A. Feinman
**Subject:** Re: Spin Capital Je Oil Privileged

Josh,
The long road to getting paid was my own observation; it did not come from anyone else.
I hope to have time tomorrow to take a deeper dive into this case, and then be in a position to discuss the possibility of my retention.
Tim

Get Outlook for iOS

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 19:39:12
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

There's plenty of money for everyone including a conflict free trustee to bill from. It just needs to be done according to applicable law. That's all.

This is a mess with money and all the lawyers can bill from it though bad actors cannot bill from it. It's simple.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 19:05:04
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

And by the way, for the record, we are not keeping you from retaining counsel. For the record we have been encouraging you to do so. Those statements are in our emails to you, which will also be presented to the court.
Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621-9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 16, 2026, at 6:55 PM, Josh Lubin <josh@tetonfunding.com> wrote:

I'm not and I'm trying to get representation and I have a trustee that's trying to make it impossible for me to retain counsel.

FYI I intend on filing a motion to remove the trustee

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 18:51:58
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

More libel in one day. Another email to provide to the court. It's going to be a large filing! Moreover, it is rich to have someone whose credibility has been attacked by several courts accused of me of being a liar. Enough.

The order provides for you and the subject entities to be able to hire counsel in the adversary proceeding, not in any other actions, where they are being represented by counsel - of YOUR choosing- already.

I need to know if Mr. Neumann has been retained; if so it is appropriate I engage with him and not you. So I ask you this: are you or the subject entities represented by counsel in this adversary proceeding? I have to know if it is now appropriate to engage with counsel and not you directly.

It is a simple question with a simple answer; no vitriol or personal attacks are warranted.

You asked for civility today; have you already forgotten?

Simply answer the question posed.
Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621-9020

F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 16, 2026, at 6:27 PM, Josh Lubin <josh@tetonfunding.com> wrote:

Your a pathological liar and judge ohagen knows it

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 18:22:56
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Mr. Lubin,

There is only one judge on this case. If you think sending a transcript to Tim Neumann is a threat, think again. The Trustee makes no secret that this money should be made available to your creditors, through your ownership interest or otherwise.

Tim, kindly advise if you are being retained.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621-9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 16, 2026, at 6:12 PM, Josh Lubin <josh@tetonfunding.com> wrote:

I'm going to send him the November 10th transcripts and he will be the judge on your lies.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 18:11:10
**To:** Josh Lubin <josh@tetonfunding.com>

**Cc:** timothy.neumann25@gmail.com
<timothy.neumann25@gmail.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben
<ben@stanzialelaw.com>; Matthew E. Moloshok
<mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>;
Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman
<Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Mr. Lubin,

What are you talking about. It's like you are hallucinating conversations. If Tim wants to speak with me, he can. Did you advise him of Mr. Yitzachov's position?

You are attempting to keep this money out of the hands of your creditors. No one will condone that.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 16, 2026, at 6:06 PM, Josh Lubin <josh@tetonfunding.com> wrote:

I want to hire Tim for Teton Life and you made it sound to him that it will take years for him to get paid and there's other money then the 19.5MM. Your a clear cut liar. I'll tell it to you how it is. This is unacceptable.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 17:59:03
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** timothy.neumann25@gmail.com
<timothy.neumann25@gmail.com>; Mack Wilson
<mack@wilson-pllc.com>; Eric Lockridge
<eric.lockridge@keanmiller.com>; ben
<ben@stanzialelaw.com>; Matthew E. Moloshok
<mmoloshok@hlgslaw.com>; Rachel Wolf
<Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean
<Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman

<Heidi.A.Feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

In addition, please refrain from the profanity. I advised we would not tolerate it in your phone calls and we will not tolerate it here.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

> On Nov 16, 2026, at 5:32 PM, Josh Lubin <josh@tetonfunding.com> wrote:
>
> This is why the UST needs to be copied on every email so they can see the trustee and their lawyers are full of shit.
>
> ---
>
> **From:** Josh Lubin <josh@tetonfunding.com>
> **Sent:** Monday, 16 November 2026 17:29:37
> **To:** Patricia A. Staiano <pstaiano@hlgslaw.com>; timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>
> **Cc:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>
> **Subject:** Re: Spin Capital Je Oil Privileged
>
> Tim,

There's plenty of money for you to get paid from. Judge ohagen just won't let Patricia touch it

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 17:27:37
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>; timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>
**Cc:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Your trying to make me defenseless. Your a sick person and you can put this email in front of judge ohagen

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 17:26:58
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>; timothy.neumann25@gmail.com <timothy.neumann25@gmail.com>
**Cc:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>

**Subject:** Re: Spin Capital Je Oil
Privileged

Patricia,

The proposed funding arrangement is straightforward: seek release of an appropriate portion of the approximately $19.5 million to Teton Life LLC so Tim can represent Teton Life in the pending adversary proceeding and bill Teton Life for that work, subject to necessary approvals. Fees for my individual representation would be addressed separately.

My recollection is that you acknowledged those funds on the record and opposed their release to Teton Life. Please explain the basis for that opposition and whether the Trustee will support a request to fund Teton Life's defense.

If you contend this arrangement is unavailable, identify the specific restriction or court order preventing it. Tim needs an accurate explanation distinguishing unavailable funds from funds whose release requires approval.

Please provide the Trustee's position and concrete next steps, with Tim and the U.S. Trustee copied.

Josh

---

**From:** Josh Lubin
<josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026
17:09:48

**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Patricia,

I want Mr. Stanziale and his counsel to have full access to communications and materials protected by any privilege I personally hold and have authority to waive, including historical and future communications. I authorize my current and former counsel to disclose those materials to them.

Please keep Rachel Wolf, Kirsten Ardelean and Heidi Feinman copied on every email involving me concerning these matters until clear, court-approved guardrails are in place. I consent to the U.S. Trustee receiving my personally privileged communications included in those emails and understand that disclosure may affect protection against other parties.

I cannot authorize waiver of a separate privilege controlled by another client or the Trustee. If you contend particular content cannot be shared, please identify the privilege holder and basis without disclosing the protected content, and propose a protocol that preserves oversight.

Please provide the Trustee's position on the conflict issue, the next appellate deadline, and who is responsible for protecting it.

This authorization does not release claims or consent to any conflict.

Josh

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 17:08:07
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Yes, which is why I keep stating you are being reckless

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 16, 2026, at 4:59 PM, Josh Lubin <josh@tetonfunding.com> wrote:

I honestly have no idea what you're talking about.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, November 16, 2026 4:55 PM
**To:** Josh Lubin <josh@tetonfunding.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>
**Subject:** RE: Spin Capital Je Oil Privileged

It is not your privilege to waive, it is the Trustee's. Do you understand that once it is waived it is discoverable by third parties? You are hurting our cases. You need to stop. There can be no confidential

deliberation or advice from counsel. You need to stop.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 4:53 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Yes I understand and I'm intentionally waiving it. The only way this mess will get cleaned up is by

waiving it. There needs to be full transparency.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 16:51:26
**To:** Josh Lubin <josh@tetonfunding.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>
**Subject:** RE: Spin Capital Je Oil Privileged

Mr. Lubin,

Do you not understand that including the US Trustee on these matters waives the privilege? Again, what are you doing? All of these emails "for purposes of transparency" chill candid conversations about cases and strategy.

Patricia A. Staiano, Esq.
Hellring Lindeman
Goldstein & Siegal LLP
103 Eisenhower
Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 4:34 PM
**To:** Mack Wilson <mack@wilson-pllc.com>; Patricia A. Staiano <PStaiano@hlgslaw.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged

Counsel,

Thank you for providing the engagement letter.

I am restoring the U.S. Trustee's office

to this chain for transparency. Please keep Rachel Wolf, Kirsten Ardelean and Heidi Feinman copied on further correspondence concerning the conflict question, the Trustee's response, and the status and preservation of Spin's appeal.

In my individual capacity, I consent to disclosure to the Trustee and his counsel, across all matters, of future communications protected by attorney-client privilege that I personally hold and have authority to waive. To that extent, I authorize waiver for those disclosures.

This consent applies to communications created after this email. It does not authorize a blanket release of historical client files or waive any separate privilege belonging to Spin, another entity, or another joint client. I understand that voluntary disclosure may also affect

protection against other parties; this email does not guarantee a waiver limited to the Trustee.

I have no objection to counsel conferring with the Trustee and his counsel about Spin's appeal. Following that discussion, please provide a written update identifying the Trustee's position on the conflict concern, the next appellate deadline, and counsel responsible for protecting it.

Please keep the UST copied on that update. Copying the UST on this consent does not itself authorize broader circulation of privileged materials.

I write individually. This consent concerns privilege only and does not release any claim or concede any disputed issue.

Thank you,
Josh

---

**From:** Mack Wilson <mack@wilson-pllc.com>

**Date:** Monday, November 16, 2026 at 2:30 PM
**To:** Josh Lubin <josh@tetonfunding.com>, "Patricia A. Staiano" <pstaiano@hlgslaw.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Subject:** Re: Spin Capital Je Oil Privileged

I have removed everyone who is not Mr. Lubin or counsel for Mr. Stanziale.

Attached is our April 2, 2025, engagement letter with Spin for the Smith adversary and Jet appeal. Mr. Lockridge of Kean Miller LLP is copied and agrees with sending it. Mr. Lubin signed the engagement letter individually because he said at the time he was taking an assignment of Spin's claims, but we are not aware of any assignment of the claims. We do not represent Mr. Lubin individually in any matter.

Please let us know a good time to discuss the conflict question Mr. Lubin raised in

his e-mail today and to get the Trustee's direction on the appeal. We are available on Wednesday or later this week.

Thank you.

Best,
Mack

Broocks 'Mack' Wilson
direct: 713-320-8690
mack@wilsonfriery.com

<image001.png>
708 Main St., 10th Floor,
Houston, TX 77002
main: 281-938-0896

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 12:58 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; ben <ben@stanzialelaw.com>; Bruce S. Etterman

<BSEtterman@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Mr. Stanziale, Ms. Staiano, Mr. Wilson and Mr. Lockridge,

To make my earlier emails today clear:

1. When I wrote "do not add the trustee to any emails," I meant only my own emails with statements about the Trustee's conduct. I did not mean that Spin's lawyers should not talk with the Trustee or his counsel. I have tried to keep any concern about the Trustee's conduct in court filings, not email. Today I did not, and I withdrew those statements at 12:36 PM. Any such concern will go to the Court, on proper notice.

2. I have no objection to Mr. Wilson and Mr. Lockridge talking with the Trustee and his counsel about Spin's appeal. My 1:16 PM conflict

question to the Trustee, and the narrow privilege point in my 12:36 PM email, still stand.

3. At 1:45 PM I sent Mr. Wilson and Mr. Lockridge, only, a copy of my November 9 answer and counterclaims with exhibits (Adv. No. 26-01494, ECF 43). It is a public filing. I should have copied everyone, so I am noting it here.

I write individually and reserve all rights.

Josh Lubin
Individually and pro se
732-608-4905

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Monday, November 16, 2026 at 1:29 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, Mack Wilson <mack@wilson-pllc.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>, "Ardelean, Kirsten K. (USTP)" <kirsten.k.ardelean@

usdoj.gov>, "Heidi A. Feinman (DOJ)" <heidi.a.feinman@usdoj.gov>, ben <ben@stanzialelaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Subject: RE: Spin Capital Je Oil Privileged

Mr. Stanziale and Ms. Staiano,

One follow-up to my email of 1:16 PM today.

1. On September 30, 2026, at 1:04 PM, I emailed Mr. Stanziale, Ms. Staiano and Mr. Moloshok a memo and binder titled "In re Lubin, No. 26-17342-EJO — Spin Capital's claim against Kean Miller LLP." I have not received a reply to that email. No one has told me whether the Trustee will pursue or preserve that claim.

2. To be complete: on the related Jet

thread, Mr. Moloshok replied on October 1 with two questions, and on October 28 Ms. Staiano replied "Good to know" and asked for other documents.

3. Here are my answers to Mr. Moloshok's two questions, from the October 1 order (Adv. No. 24-07004, ECF 76). First, the part of the motion that was denied was the defendants' request for attorneys' fees (pp. 5, 9). Second, Spin's claim against Jet was disallowed in the Goat adversary (p. 4), so as I understand it, Spin receives nothing under the plan.

I write individually and reserve all rights.

Josh Lubin
Individually and pro se
732-608-4905

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Monday, November 16, 2026 at 1:16 PM
**To:** "Patricia A. Staiano"

<pstaiano@hlgslaw.com>, Mack Wilson <mack@wilson-pllc.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>, "Ardelean, Kirsten K. (USTP)" <kirsten.k.ardelean@usdoj.gov>, "Heidi A. Feinman (DOJ)" <heidi.a.feinman@usdoj.gov>, ben <ben@stanzialelaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Mr. Stanziale and Ms. Staiano,

I write individually. I am not acting for Spin, and I am not instructing Kean Miller or Mr. Wilson to do anything. My correction earlier today stands: this is not a threat. I am raising a conflict and asking the Trustee to address it.

1. What happened. Kean Miller and Mr. Wilson (then at Kean Miller) represented

Spin in the Jet Oilfield bankruptcy (No. 22-70126, Bankr. W.D. Tex.). The plan provided that Mr. Owen would give up his equity in Jet. On June 21, 2023, Mr. Wilson, for Kean Miller, asked the court for more time to object to the plan (ECF 243). The court granted it (ECF 253). They filed no objection for Spin, and the plan was confirmed (ECF 308).

2. What it cost. Spin later sued over that transfer of Mr. Owen's equity as a fraudulent transfer. On October 1, 2026, the court dismissed Spin's claim with prejudice (Adv. No. 24-07004, ECF 76). The court said Spin is bound by the plan "given the procedural matters in the Main Case, including Spin's motion to extend time to object to the plan, but ultimate failure to object" (p. 8). I believe Mr. Owen's equity was worth at least $15 million, more than enough to pay Spin's claim against him of about $6 million with interest.

3. My view. I believe Kean Miller and Mr. Wilson committed malpractice by failing to object to the plan. I sent the Trustee a memo and binder on this claim on September 30 and raised it again on October 28.

4. My question. Kean Miller and Mr. Wilson are now handling Spin's appeal of that October 1 ruling, and the ruling rests in part on their own failure to object. Does the Trustee believe this conflict allows them to keep prosecuting the appeal? If not, please have conflict-free counsel handle it. Either way, please make sure any claim against them is preserved. Please let me know the Trustee's decision by Monday, November 23.

The Trustee asserts authority over Spin's litigation. I do not concede that authority, the orders I have appealed, or any alter-ego allegation, and I reserve all rights.

That does not suspend any order.

Josh Lubin
Individually and pro se
732-608-4905

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Monday, November 16, 2026 at 12:56 PM
**To:** Josh Lubin <josh@tetonfunding.com>, Mack Wilson <mack@wilson-pllc.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>, "Ardelean, Kirsten K. (USTP)" <kirsten.k.ardelean@usdoj.gov>, "Heidi A. Feinman (DOJ)" <heidi.a.feinman@usdoj.gov>, ben <ben@stanzialelaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>
**Subject:** RE: Spin Capital Je Oil Privileged

It is not harassment, Mr. Lubin. These are responses to improper allegations that

cannot go unchecked. If I had not responded, you would not have sent your email correcting the record. You would have left those unchecked and improper statements out there for the world to see. You should be cooperating and helping the Trustee do his job; the amount of time consumed dealing with you is counter-productive. But you have been unable to see that.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 12:53 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A.

Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; Ben <Ben@stanzialelaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Stop harassing me with emails. You can't have it both ways. It's not legal.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, 16 November 2026 12:50:26
**To:** Josh Lubin <josh@tetonfunding.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; ben <ben@stanzialelaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** RE: Spin Capital Je Oil Privileged

I am not harassing you, I am responding to your outrageous, improper and defamatory statements. I encourage you to obtain counsel.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 12:43 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; Ben <Ben@stanzialelaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>

**Subject:** Re: Spin
Capital Je Oil Privileged

I have 30 days to make the $405 payment and your harassing me with emails. This needs to stop and everything need to be addressed through the court under applicable law.

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Monday, November 16, 2026 at 12:40 PM
**To:** Josh Lubin <josh@tetonfunding.com>, Mack Wilson <mack@wilson-pllc.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>, "Ardelean, Kirsten K. (USTP)" <kirsten.k.ardelean@usdoj.gov>, "Heidi A. Feinman (DOJ)" <heidi.a.feinman@usdoj.gov>, ben <ben@stanzialelaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>
**Subject:** RE: Spin

Capital Je Oil
Privileged

To be accurate about the appeal, it has been dismissed due to your improper in forma pauperis filing. You may take corrective action as you see fit.

Your statements have been made. We intend to bring them to the attention of the Court. These are serious allegations and matters. You have also undermined the Trustee's Court-granted authority in emails to a much broader audience. Your words and actions have consequences, especially when it comes to such serious matters.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 12:36 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Mack Wilson <mack@wilson-pllc.com>; Eric

Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; Ben <Ben@stanzialelaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Subject: Re: Spin Capital Je Oil Privileged

Ms. Staiano, Mr. Wilson and Mr. Lockridge,

I am writing to correct my emails on this thread today.

1. I am not instructing anyone. I withdraw my requests that Mr. Wilson not copy the Trustee or his counsel, and my request for a call. I am not telling Mr. Wilson, Mr. Lockridge or any company's lawyer to stop communicating with the Trustee or his counsel about Spin or any other

company. I am not acting for Spin in these emails.

2. I withdraw these statements: that the Trustee "may have to resign"; that he "has serious criminal exposure"; that "the DOJ is looking at this very closely"; and my statement about seeking damages against Kean Miller and Mr. Wilson. I wrote them quickly and in frustration, and I should not have sent them. By "the DOJ" I meant only that the U.S. Trustee's office is copied on these emails. I was not referring to any investigation.

3. To be accurate about the appeal: it is in the U.S. District Court for the District of New Jersey, No. 3:26-cv-14172-GC. Today the court set it to be decided on the papers on March 1, 2027. The court has not ruled on my motion for leave to appeal, and it has not addressed privilege. I should not have said the court "accepted" my appeal or is "looking very closely" at this.

4. My privilege concern is narrow. It covers only communications in which a lawyer represented me individually, or me jointly with a company. I am not asking anyone to keep Spin's information from the Trustee. My proposal for handling this is in my separate email today on the Teton Life thread: a short written protocol and a Rule 502(d) order, with any dispute decided by the Court. If we cannot agree, I will ask the Court on proper notice, not by email.

I do not concede the Trustee's asserted authority or the orders I have appealed, and I reserve my rights. That reservation does not suspend any order, and I will follow the orders while they are in effect.

Josh Lubin
Individually and pro se
732-608-4905

---

**From:** Josh Lubin <josh@tetonfunding.com>

**Date:** Monday, November 16, 2026 at 12:24 PM
**To:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>, Mack Wilson <mack@wilson-pllc.com>, Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>, "Ardelean, Kirsten K. (USTP)" <kirsten.k.ardelean@usdoj.gov>, "Heidi A. Feinman (DOJ)" <heidi.a.feinman@usdoj.gov>, ben <ben@stanzialelaw.com>, "Bruce S. Etterman" <BSEtterman@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

I did not consent to Mack send you those communications and reserve my rights to seek damages against Kean miller and Mack Wilson.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>

**Sent:** Monday, 16 November 2026 12:22:14
**To:** Josh Lubin <josh@tetonfunding.com>; Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>; ben <ben@stanzialelaw.com>; Bruce S. Etterman <BSEtterman@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** RE: Spin Capital Je Oil Privileged

Well now I want answers. Mr. Lubin, you are playing fast and loose. These are serious matters.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026

12:16 PM
**To:** Mack Wilson <mack@wilson-pllc.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Patricia A. Staiano <PStaiano@hlgslaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman (DOJ) <heidi.a.feinman@usdoj.gov>
**Subject:** Re: Spin Capital Je Oil Privileged
**Importance:** High

Rachel,

I been very careful not to accuse the trustee or his counsel of any misconduct via email and Mack Wilson just forwarded this email chain below. My statements were intended to be privilaged and not disclosed to the trustee.

---

**From:** Mack Wilson <mack@wilson-pllc.com>
**Sent:** Monday, 16 November 2026 12:13:36
**To:** Josh Lubin <josh@tetonfunding.com>; Eric Lockridge <eric.lockridge@keanmiller.com>

**Cc:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Hi Josh - I am forwarding this chain to Ms. Staiano.

We are Spin's lawyers in this matter, and Spin's claims are now under the control of the chapter 11 trustee in your case. I cannot discuss these matters with you without the chapter 11 trustee's knowledge and consent.

Best,
Mack

Broocks 'Mack' Wilson
direct: 713-320-8690
mack@wilsonfriery.com

**<image002.png>**
708 Main St., 10th Floor,
Houston, TX 77002
main: 281-938-0896

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 11:00 AM
**To:** Mack Wilson <mack@wilson-pllc.com>; Eric

Lockridge
<eric.lockridge@keanmiller.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Mack & Eric,

You are lawyers. You know how to read the dockets. Let me know if you want a OneDrive link to all the filings to save you money from buying it on pacer. I also have courtlistiner on my computer so most filings are available for free on courtlistiner.

---

**From:** Josh Lubin
<josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 11:52:56
**To:** Mack Wilson
<mack@wilson-pllc.com>; Eric Lockridge
<eric.lockridge@keanmiller.com>
**Subject:** Re: Spin Capital Je Oil Privileged

I am being very careful not to accuse the trustee of misconduct in other then on them through pleadings. The DOJ is looking at this very closely.

---

**From:** Josh Lubin
<josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 11:51:20
**To:** Mack Wilson
<mack@wilson-pllc.com>; Eric Lockridge
<eric.lockridge@keanmiller.com>
**Subject:** Re: Spin Capital Je Oil Privileged

The OSC did not address privilege protocol. I already filed counterclaims against the trustee for civil conspiracy, and a bunch of other claims. Look at the dockets. The trustee has serious criminal exposure.

Appellate court accepted my appeal today which is very uncommon on a OSC. Do not add the trustee to any emails.

---

**From:** Josh Lubin
<josh@tetonfunding.com>
**Sent:** Monday, 16 November 2026 11:48:38
**To:** Mack Wilson
<mack@wilson-pllc.com>; Eric Lockridge
<eric.lockridge@keanmiller.com>
**Cc:** Patricia A. Staiano
<pstaiano@hlgslaw.co

m>
**Subject:** Re: Spin Capital Je Oil Privileged

Mack,

I did not consent to waive privilege. This is a massive issue and the trustee may have to resign. Will address this formally in a few hours. I do not consent for you to add the trustee on any emails effective immediately .

The appellate court is looking very closely at this as well. It's due process ect.

Will address formerly shortly.

---

**From:** Mack Wilson <mack@wilson-pllc.com>
**Sent:** Monday, 16 November 2026 11:46:07
**To:** Josh Lubin <josh@tetonfunding.com>; Eric Lockridge <eric.lockridge@keanmiller.com>
**Cc:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Subject:** Re: Spin Capital Je Oil Privileged

Hi Josh - I'm adding Ms. Staiano. My understanding is

that Spin is under the Trustee's control, so I'm keeping the Trustee's counsel on any communications about the Jet appeal.

I have limited availability today and tomorrow but am generally open at the end of the week. I am not sure of Eric's calendar.

Best,
Mack

Broocks 'Mack' Wilson
direct: 713-320-8690
mack@wilsonfriery.com

<image002.png>
708 Main St., 10th Floor, Houston, TX 77002
main: 281-938-0896

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 16, 2026 5:36 AM
**To:** Eric Lockridge <eric.lockridge@keanmiller.com>; Mack Wilson <mack@wilson-pllc.com>
**Subject:** Spin Capital Je Oil Privileged

Eric & Mack,

What time are you available for a call today?

This email and its attachments may contain confidential and/or legally privileged information from the law firm of Hellring Lindeman Goldstein & Siegal LLP. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email and attachments is strictly prohibited and those contents should be returned to this firm immediately. Altho ugh this email and its attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, no responsibility is accepted by Hellring Lindeman Goldstein & Siegal LLP for any loss or damage arising in any way from its use. This

communication, including attachments and enclosures, is not intended to provide any tax advice, is not a substitute for a formal tax opinion, and is not sufficient to avoid tax-related penalties.